| | |
|---|---|
| 1 | BOIES, SCHILLER & FLEXNER LLP |
| | JOHN F. COVE, JR. (CA Bar No. 212213) |
| 2 | KENNETH F. ROSSMAN IV (CA Bar No. 237558) |
| | DEAN M. HARVEY (CA. Bar No. 250298) |
| 3 | 1999 Harrison St., Suite 900 |
| | Oakland, CA 94612 |
| 4 | Telephone: (510) 874-1000 |
| | Facsimile: (510) 874-1460 |
| 5 | Email:  jcove@bsfllp.com |
| |         krossman@bsfllp.com |
| 6 |         dharvey@bsfllp.com |

Attorneys for Defendant Northwest Airlines

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DONALD WORTMAN, WILLIAM ADAMS, MARGARET GARCIA**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**AIR NEW ZEALAND, ALL NIPPON AIRWAYS, CATHAY PACIFIC AIRWAYS, CHINA AIRLINES, EVA AIRWAYS, JAPAN AIRLINES INTERNATIONAL, MALAYSIA AIRLINES, NORTHWEST AIRLINES, QANTAS AIRWAYS, SINGAPORE AIRLINES, THAI AIRWAYS, UNITED AIRLINES,**<br><br>Defendants. | Case No. 07-CV-05634-CRB<br><br>**DECLARATION OF JOHN F. COVE, JR. IN SUPPORT OF JOINT STIPULATION PURSUANT TO LOCAL RULE 6-2 AND [PROPOSED] ORDER CONTINUING COURT-ORDERED DEADLINES**<br><br>The Honorable Charles R. Breyer |

DECLARATION OF JOHN F. COVE, JR. ISO JOINT STIPULATION PURSUANT TO LOCAL RULE 6-2 AND
[PROPOSED] ORDER CONTINUING COURT-ORDERED DEADLINES– CASE NO. 07-CV-05634-CRB

JOHN F. COVE, JR. hereby declares:

1. I am an attorney licensed to practice law in the State of California and a partner of the law firm Boies, Schiller & Flexner LLP, counsel for Defendant Northwest Airlines ("Defendant"). The matters set forth herein are within my personal knowledge, and if called upon and sworn as a witness I could competently testify regarding them.

2. On November 6, 2007, Donald Wortman, William Adams, and Margaret Garcia (collectively "Plaintiffs") filed this purported class action, alleging violations of the antitrust laws with regard to passenger fares and fuel surcharges on transpacific airline routes. To date, Northwest Airlines is the only one of the 12 named defendants to have appeared in this matter.

3. On November 6, 2007, Magistrate Judge Elizabeth D. Laporte issued an Order Setting Initial Case Management Conference (and the deadlines triggered by such conference) in the instant action. The first deadline occurs on January 22, 2008.

4. Since the instant case was filed, at least 12 other similar actions have been filed in this district and elsewhere, based on virtually identical factual allegations and purporting to represent virtually identical classes.

3. Plaintiffs filed a motion with the Judicial Panel on Multidistrict Litigation ("JPML"), pursuant to 28 U.S.C. § 1407: (1) transferring all pending and future cases filed asserting similar or related claims to the instant action, to the United States District Court for the Northern District of California; and (2) consolidating any similar or related cases with the instant action.

4. The JPML has scheduled a hearing on the matter for January 30, 2008.

5. Given the length of time the JPML will likely require to resolve the pending motion, the efficiency in having one case management schedule set for consolidated actions rather than proceeding separately, and the desirability of having the court to whom the matter is ultimately assigned set its own case management schedule, Plaintiffs and Defendant agree that the dates set in the November 6, 2007 Order should be continued in order to conserve party and judicial resources.

1

DECLARATION OF JOHN F. COVE, JR. ISO JOINT STIPULATION PURSUANT TO LOCAL RULE 6-2 AND [PROPOSED] ORDER CONTINUING COURT-ORDERED DEADLINES– CASE NO. 07-CV-05634-CRB

1    6.    There has been one time modification in the instant action: pursuant to a stipulated order, the Defendant's time to answer, move or otherwise plead was enlarged until the later of (1) the date when Defendant would otherwise be required to file a response pursuant to Federal Rule of Civil Procedure 12, or (2) 45 days after the JPML grants, denies, or otherwise disposes of the pending motion.  If a consolidated amended complaint is filed by all plaintiffs in a single transferee court and served on Defendant, Defendant's time to answer, move, or otherwise plead was enlarged until 45 days after such service.  (Dkt. No. 7.)

7.    The effect of continuing the Case Management Conference (and the deadlines triggered by such conference) would be to defer Case Management and ADR proceedings until after the JPML has ruled on the pending motion, and would enable the court to whom this matter and the related cases are assigned to set its own case management schedule.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of January, 2008 in Oakland, California.

                                                 /s/ John F. Cove, Jr.          .
                                                 JOHN F. COVE, JR.