Joseph W. Cotchett (36324; jcotchett@cpmlegal.com)
Nancy L. Fineman (124870; nfineman@cpmlegal.com)
Steven N. Williams (175489; swilliams@cpmlegal.com)
Nanci E. Nishimura (152621; nnishimura@cpmlegal.com)
Aron K. Liang (228936; aliang@cpmlegal.com)
Douglas Y. Park (233398; dpark@cpmlegal.com)
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:  (650) 697-6000
Facsimile:   (650) 697-0577

*Attorneys for Plaintiffs Donald Wortman, Williams Adams
and Margaret Garcia, and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION | Case No. 07-cv-05634-CRB<br><br>MDL No. 1913<br><br>**PLAINTIFFS DONALD WORTMAN, WILLIAM ADAMS AND MARGARET GARCIA'S**<br><br>**MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**<br><br>**[FED. R. CIV. P. 23(g)]**<br><br>Date:  March 28, 2008<br>Time:  10 a.m.<br>Judge: Hon. Charles R. Breyer |
| **This Document Relates to:**<br><br>ALL ACTIONS | |

**PLAINTIFFS DONALD WORTMAN, WILLIAM ADAMS AND MARGARET GARCIA'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**
Case No. 07-cv-05634-CRB; MDL No. 1913

## TABLE OF CONTENTS

**PAGES**

NOTICE OF MOTION AND MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS & AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.  INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A. Rule 23(g) Places a Premium on Experience, Knowledge, and Resources in the Selection of Interim Class Counsel. . . . . . . . . . . . . . . . . . . . . 5

    B. The Cotchett Firm is Especially Well-Qualified to Prosecute Plaintiffs' Claims Because of its Unique Knowledge and Experience as Co-Lead Counsel in *In re: International Air Transportation Surcharge Antitrust Litigation*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    C. The Cotchett Firm Possesses the Experience and Legal Acumen to Best Represent the Interests of the Class on an Efficient Basis. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    D. The Cotchett Firm will Devote Substantial Resources and Efficient Time to the Prosecution of this Action. . . . . . . . . . . . . . . . . . . . . . 11

    E. The Cotchett Firm Has Already Been Performed Substantial Work Investigating this Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    F. The Cotchett Firm will Utilize the Other Plaintiff Firms in this Litigation and are Committed to Working in a Professional and Cooperative Manner. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IV. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFFS DONALD WORTMAN, WILLIAM ADAMS AND MARGARET GARCIA'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**
Case No. 07-cv-05634-CRB; MDL No. 1913
i

# TABLE OF AUTHORITIES

**PAGES**

**FEDERAL CASES**

*Coleman v. General Motors Acceptance Corp.*,
 220 F.R.D. 64 (M.D. Tenn. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Donaldson v. Pharmacia Pension Plan*,
 2006 U.S. Dist. LEXIS 28697 (S.D. Ill. May 10, 2006). . . . . . . . . . . . . . . . . . . . 5

*In re Cardinal Health, Inc. ERISA Litigation*,
 225 F.R.D. 552 (S.D. Ohio 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Williams Cos. ERISA Litig.*,
 2002 U.S. Dist. Lexis 27691 (N.D. Ok. Oct. 28, 2002). . . . . . . . . . . . . . . . . . . . 6

*Northern Indiana Public Service Co. v. Certain Underwriters at Lloyd's London*,
 1996 WL 115466 (N.D. Ind. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Percodani v. Riker-Maxson Corp.*,
 51 F.R.D. 25 (S.D.N.Y. 1970). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States Trust Co. of New York v. Alpert*,
 163 F.R.D. 409 (S.D.N.Y. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Vincent v. Hughes Air West, Inc.*,
 557 F.2d 759 (9th Cir. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**STATUTES AND RULES**

28 U.S.C. § 1407. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Federal Rule of Civil Procedure Rule     23(G)(1)(C) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

                                                                                                23(g)(1)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

                                                                                                 23(g)(2)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**OTHER**

Author's Comments to Role of Counsel § 10.21, p. 40. . . . . . . . . . . . . . . . . . . . . . . . 12

*Manual for Complex Litigation* (Third) § 20.224 (1995)). . . . . . . . . . . . . . . . . . . . . . . 6

*Manual for Complex Litigation* (4th ed. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Manual on Complex Litigation (Fourth)* ¶10.221. . . . . . . . . . . . . . . . . . . . . . . . . . . 13

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFFS DONALD WORTMAN, WILLIAM ADAMS AND MARGARET GARCIA'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**
**Case No. 07-cv-05634-CRB; MDL No. 1913**                                                                                                    ii

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on **March 28, 2008** at **10:00 a.m.** or as soon as the matter may be heard before the Honorable Charles R. Breyer of the United States District Court, Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California, Plaintiffs Donald Wortman, William Adams and Margaret Garcia will and hereby do move the Court an order appointing the law firm of Cotchett, Pitre & McCarthy as Interim Lead Class Counsel for the putative class in this action.

This motion is brought pursuant to Rule 23(g) of the Federal Rules of Civil Procedure as the appointment of Interim Lead Class Counsel is appropriate at this time to "fairly and adequately represent the interests of the class." This complex case will benefit from the appointment of a law firm with over 40 years of antitrust and trial experience to serve as Interim Lead Class Counsel. The law firm of Cotchett, Pitre & McCarthy filed the **first case** and has done extensive investigation into the allegations of the complaint. It is committed to this litigation as it has substantial resources to devote to the prosecution of the claims. Cotchett, Pitre & McCarthy has the support of the majority of the other law firms representing the tag along cases[1] to serve as Interim Lead Counsel and significant preliminary efforts have already been made to develop a cooperative structure with other firms to prosecute this complex multiparty MDL action in an efficient and effective manner.

This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities which follows, the Declaration of Joseph W. Cotchett, any papers filed in reply, and all papers and records on file in this matter.

DATED: February 20, 2008         **COTCHETT, PITRE & McCARTHY**

By: _____/S/_____
JOSEPH W. COTCHETT
*Attorneys for Plaintiffs and the Proposed Class*

---

[1] The MDL Panel identified the WORTMAN case as the first case pending in the Northern District and the BARTON case as the first case pending in the Central District, with others treated as potential tag-along cases.

## MEMORANDUM OF POINTS & AUTHORITIES

### I.

### INTRODUCTION

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the law firm of Cotchett, Pitre & McCarthy ("The Cotchett Firm") seeks appointment to serve as Interim Lead Class Counsel for the putative plaintiff class in the cases involving allegations of price-fixing **Transpacific** passenger flights by Air New Zealand, All Nippon Airways, Cathay Pacific Airways, China Airlines, Eva Airways, Japan Airlines International, Malaysia Airlines, Northwest Airlines, Qantas Airways, Singapore Airlines, Thai Airways and United Airlines. *In Re Transpacific Passenger Air Transportation Antitrust Litigation*, MDL No. 1913.

The appointment of Interim Lead Class Counsel is appropriate here because it will assist in streamlining the conduct of this complex litigation. The Cotchett firm is more than qualified to serve as Interim Lead Class Counsel because the firm possesses the qualifications and experience as antitrust litigators, and the resources and manpower to devote to a litigation of this magnitude and complexity. The Cotchett firm filed the <u>first case</u> in the matter, after extensive investigation. The firm has developed working relationships with both the plaintiffs and defense firms that will be actively litigating this case, and is prepared to develop an efficient structure for prosecuting this case on behalf of the putative class members. The Cotchett firm has been on the forefront of the investigation and litigation of claims against the airline industry for their practice of conspiring to increase the prices of international passenger ticket prices and increasing fuel surcharges.

The Cotchett firm presently serves as Co-Lead Counsel in the first class action case involving price-fixing of air passenger surcharges filed in <u>June of 2006</u> in the British Air and Virgin Atlantic cases. The initial case involved similar allegations of price-fixing of air passenger flights between the United States and the United Kingdom.[2/] In addition, Cotchett

---

[2] While similar in antitrust theory, the cases are dramatically different in the conduct of the alleged conspiracy.

**PLAINTIFFS DONALD WORTMAN, WILLIAM ADAMS AND MARGARET GARCIA'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**
Case No. 07-cv-05634-CRB; MDL No. 1913                                                    2

was one of the first law firms in the country to bring an antitrust action against Korean Air and Asiana Airlines, Inc. for alleging fixing the price of air passenger flights between the United States and the Republic of Korea. The Korean Air cases involves the same industry and substantially similar antitrust allegations as the allegations being made in this litigation. Airline passenger pricing and the interplay between sales price and surcharges is a complicated issue. The Cotchett firm's experience as class counsel in the *In re International Air Transportation Surcharge Antitrust Litigation* (N.D. Cal. Case No. 06-1793 (CRB), MDL No. 1793) provides it with a built-in knowledge base regarding the industry that other counsel would need to develop, at substantial cost to the class, in order to be equally capable of serving the best interests of the class. The investigation of the conduct of the transpacific airlines is markedly different.

The Cotchett firm is well-suited to handle the factual and legal issues that will arise in the Transpacific Air Passenger price-fixing cases as a result of this investigation. With a national reputation as a law firm of trial attorneys and decades of experience in managing and leading complex multidistrict litigation, the firm offers skilled lawyers that will be able to serve the interests of the putative plaintiff class. The firm has a plan to efficiently handle discovery and other pretrial matters, and is already working with other plaintiffs' firms in a cooperative manner to develop a structure for conducting discovery. Appointing the Cotchett firm as Interim Lead Counsel at this time will insure that the putative plaintiff class will be represented by a law firm with experience in prosecuting complex antitrust class actions in federal court, especially in the Northern District of California.

## II.

## BACKGROUND

In August of 2007, certain airlines entered a plea of guilty to resolve criminal antitrust charges relating to the price of air transportation on Asian routes. The scheme was conducted through the coordinated imposition of price increases dubbed "surcharges." A number of Asian airlines have announced that they are setting aside reserves to pay potential costs and damages as part of a probe of price-fixing activities between Asian air passenger carriers. Combined, the

1  Defendants in this litigation control virtually the entire market in air passenger travel between
2  **Asia and the United States**.  By conspiring together to increase fuel surcharges, the
3  Defendants were able to jointly and improperly raise the price of transpacific air passenger
4  tickets to the detriment of air passengers.
5        On November 6, 2007, the Cotchett firm filed the first complaint against certain air
6  carriers in the transpacific routes after a full investigation.  *Donald Wortman, et. al. v. Air New*
7  *Zealand, et. al.*, Case No. 06-5634 EDL ("*Wortman*").  Attached as Exhibit A to the Declaration
8  of Joseph W. Cotchett ("Cotchett Decl.") is a copy of the *Wortman* complaint.  Over the next
9  two months, over a dozen identical or similar complaints were filed in the Northern District of
10 California or the Central District of California characterized by the MDL Panel as tag-along
11 cases. San Francisco International Airport (SFO) is a major international hub for transpacific
12 passenger flights and the Bay Area has one of the largest Asian communities in the United
13 States.
14       On November 15, 2007, the Cotchett firm filed the Motion for Transfer and
15 Consolidation of Related Actions to the Northern District of California Pursuant to 28 U.S.C. §
16 1407.  Three other plaintiffs filed joinders to the Cotchett firm's motion to transfer the
17 Transpacific Air Passenger cases to the Northern District of California.
18       On February 19, 2008, the Judicial Panel of Multidistrict Litigation ("JPML") issued a
19 Transfer Order.   In the JPML's Transfer Order, the JPML found that all of the putative class
20 actions relating the alleged transpacific air passenger conspiracy  involved common questions of
21 fact, and centralization under 28 U.S.C. § 1407 in the Northern District of California would
22 serve the convenience of the parties and witnesses and promote the just and efficient conduct of
23 this litigation.  According to the JPML Transfer Order, the Transpacific Air Passenger class
24 action consists of a lead case filed in the Northern District of California and a lead case filed in
25 the Central District of California, as well as numerous tag-along cases.  The JPML found that
26 centralization of these actions would eliminate duplicative discovery, prevent inconsistent
27 pretrial rulings and conserve the resources of the parties, their counsel and the judiciary and
28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFFS DONALD WORTMAN, WILLIAM ADAMS AND MARGARET GARCIA'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**
Case No. 07-cv-05634-CRB; MDL No. 1913                                           4

1  ordered all actions consolidated in the Northern District of California before this Court. Attached as Exhibit B to the Cotchett Decl. is a copy of the JPML Transfer Order.

The Cotchett firm has the support of law firms across the United States that have extensive experience prosecuting antitrust actions. This is a complex multiparty litigation involving a dozen global airlines and the Cotchett firm possesses the ability to manage a complex litigation of this scope. The firm has a plan to develop a cooperative structure with other law firms to successfully litigate this case. As such, appointment of the Cotchett firm as interim lead counsel in the Transpacific Air Passenger actions will best represent the interests of class members as the firm will dedicate substantial resources to the prosecution of this litigation, utilize its established knowledge of the airline industry, and use its extensive experience in antitrust law to litigate for the best possible result for the class.

## III.

## LEGAL ARGUMENT

**A. Rule 23(g) Places a Premium on Experience, Knowledge, and Resources in the Selection of Interim Class Counsel**

The ability of the court to select lead counsel is firmly established. *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 774 (9th Cir. 1977). Rule 23(g) of the Federal Rules of Civil Procedure provides that a court "may designate *interim* counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A) (emphasis added). Where, as here, there are numerous class actions pending, "appointment of class counsel is necessary to protect the interests of class members." *Donaldson v. Pharmacia Pension Plan*, 2006 U.S. Dist. LEXIS 28697, *2-3 (S.D. Ill. May 10, 2006); *see also In re Cardinal Health, Inc. ERISA Litigation*, 225 F.R.D. 552, 554 (S.D. Ohio 2005). The goal of the Court in considering this motion is to determine who will best represent the interests of the class, and who will best be able to accomplish the class action goals of efficiency and economy in doing so. *See Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004).

**PLAINTIFFS DONALD WORTMAN, WILLIAM ADAMS AND MARGARET GARCIA'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**
Case No. 07-cv-05634-CRB; MDL No. 1913                                                              5

"An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).  As explained by the court *In re Williams Cos. ERISA Litig.*, 2002 U.S. Dist. Lexis 27691 (N.D. Ok. Oct. 28, 2002), the overriding interest of the court in appointing lead counsel is the vigorous protection of the class:

> In appointing lead counsel, "the overriding interest of the Court . . . is the vigorous protection of the rights of the . . . class." *United States Trust Co. of New York v. Alpert*, 163 F.R.D. 409, 423 (S.D.N.Y. 1995) (quoting *Percodani v. Riker-Maxson Corp.*, 51 F.R.D. 25 (S.D.N.Y. 1970)).  Courts generally consider:
>
>> the attorney's experience; the attorney's skills and acumen; the attorney's resources, including staff; the attorney's reputation in the field; and the attorney's performance through the litigation to date. In addition, counsel's adequate representation of a class in the past is good evidence that she will adequately represent the class now.
>
> *United States Trust Co.*, 163 F.R.D. at 422-23 (citations omitted). Attorneys who are appointed or approved by the court to serve as designated counsel must have the "resources, commitment, and the qualifications to accomplish the assigned tasks." *Manual for Complex Litigation* (Third) § 20.224 (1995).

*Id.* at *7-8.  Federal Rule of Civil Procedure Rule 23(G)(1)(C) also provides the factors the Court must consider in appointing lead counsel:

> (I) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources counsel will commit to representing the class.

No single factor is determinative; all factors must be weighed to determine who can best represent the class.  Advisory Committee Notes (2003 Amendments).

**B.    The Cotchett Firm is Especially Well-Qualified to Prosecute Plaintiffs' Claims Because of its Unique Knowledge and Experience as Co-Lead Counsel in *In re: International Air Transportation Surcharge Antitrust Litigation***

The Cotchett firm is especially well-qualified to serve as lead counsel in the transpacific air passenger antitrust litigation because of their unique experience and knowledge.  Joseph W. Cotchett serves as lead counsel in the *In re: International Air Transportation Surcharge*

*Antitrust Litigation*, another MDL proceeding which involves similar allegations of price-fixing relating to passenger airfares between the United States and the United Kingdom. On June 22, 2006, the Cotchett firm filed the first class action alleging price-fixing between British Airways and Virgin Atlantic Airways over surcharges and the pricing of airline tickets between the United States and the United Kingdom. The circumstances are similar to the situation here where major airlines dominate passenger traffic over a well-traveled route, however the facts are different as to the transpacific carriers.

On October 25, 2006, the *International Air Transportation Surcharge Antitrust Litigation* was consolidated and transferred to the Northern District of California and assigned to the Honorable Charles R. Breyer. On December 18, 2006, Judge Breyer appointed the Cotchett firm as one of two Co-Lead Class Counsel for the plaintiff class, finding that the Cotchett firm was "best able to represent the interests of the class." Since being appointed as interim co-lead counsel in the *International Air Transportation Surcharge Antitrust Litigation*, the Cotchett firm has developed a strong institutional knowledge base regarding the airline industry and the relationship between surcharges and airline ticket prices. The Cotchett firm has been active in prosecuting the action against both British Airways and Virgin Atlantic. Cotchett was also the first law firm to file a complaint against Korean Air and Asiana relating to their conspiracy to fix the price of airline tickets and fuel surcharges for flights between the United States and the Republic of Korea. The firm's extensive knowledge of the industry, terminology and of the interplay between surcharges and ticket prices will prove invaluable in the investigation and identification of key factual and legal issues in the transpacific case.

**C.    The Cotchett Firm Possesses the Experience and Legal Acumen to Best Represent the Interests of the Class on an Efficient Basis**

The Cotchett firm has more than 40 years of litigation and trial experience, and is widely recognized as one of the top trial firms in the United States. The Cotchett firm specializes in the prosecution of difficult and complex antitrust, securities, and consumer fraud class action cases, and the firm has extensive experience in multidistrict litigation. The firm has taken hundreds of cases to trial, and its attorneys are widely-recognized for their trial experience. Cotchett Decl.

**PLAINTIFFS DONALD WORTMAN, WILLIAM ADAMS AND MARGARET GARCIA'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**
Case No. 07-cv-05634-CRB; MDL No. 1913                                                                                  7

The Cotchett firm and its members have long practiced in the Northern District and have been selected as lead or co-lead counsel in the following **antitrust** cases now <u>finalized</u>:

- ***Kopies, Inc. et al v. Eastman Kodak Co.*** (N.D. Cal. Case No. 94-524 (SBA)).  This antitrust class action by copier service firms against a parts manufacturer for illegal tying of products and services resulted in a successful settlement for the class.

- ***In re Citric Acid Antitrust Litigation*** (N.D. Cal. Master Case No.95-2963 (FMS), MDL No. 1092).  This antitrust class action for fixing prices of citric acid resulted in a substantial recovery for the direct purchasers of this food-additive product.

- ***In re Sodium Gluconate Antitrust Litigation*** (N.D. Cal. Case Nos. 97-4142 and 98-70 (CW), MDL No. 1226). This antitrust class action for price fixing of sodium gluconate, an industrial cleaning agent, resulted in a settlement on behalf of the class.

- ***In re Methionine Antitrust Litigation*** (N.D. Cal. Master Case No. 00-1311 (CRB), MDL No. 1311).  This antitrust class action involving a conspiracy to fix prices for methionine resulted in settlements for the class.

Cotchett Decl.

Cotchett and firm members served on the plaintiffs' Steering Committee in:

- ***In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*** (N.D. Cal. Master Case No. 02-1486 (PJH), MDL No. 1486).  This antitrust class action involving DRAM memory chip price-fixing resulted in more than $300 million in settlements for the class.

Cotchett Decl.

Cotchett is also currently acting as lead or co-lead counsel in several pending **antitrust** cases, such as:

- ***In re International Air Transportation Surcharge Antitrust Litigation*** (N.D. Cal. Case No. 06-1793 (CRB), MDL No. 1793). An MDL class action challenging the price-fixing of air passenger tickets.  Cotchett is Co-lead Counsel.

- ***In re Air Cargo Shipping Services Litigation*** (E.D.N.Y. Case No. 06-1775 (CBA), MDL No. 1775).  An MDL class action challenging the price-fixing of air cargo shipments.  Cotchett is Co-lead Counsel for the indirect purchaser class.

- ***In re SRAM Antitrust Litigation*** (N.D. Cal. Case No. 06-6511 (CW), MDL No. 1819). An MDL class action challenging the price-fixing of SRAM memory chips.  Cotchett is Interim Lead Class Counsel for the direct purchaser class.



LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFFS DONALD WORTMAN, WILLIAM ADAMS AND MARGARET GARCIA'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**
**Case No. 07-cv-05634-CRB; MDL No. 1913**                                                                                          8

- ***In re Flash Memory Antitrust Litigation*** (N.D. Cal. Case No. 07-0086 (SBA), MDL No. 0086). An MDL class action challenging the price-fixing of Flash memory. CPM is Interim Co-lead Counsel for the indirect purchaser class.

Cotchett Decl.

Cotchett is acknowledged by its peers for handling cases efficiently, effectively, and swiftly. This is a reason why large public institutional investors, such as the California State Teachers Retirement System and other pensions, have selected the firm as counsel in some of their most important cases. Cotchett Decl.

*The National Law Journal* has reported that the firm and its members are regarded by both plaintiff and defense attorneys as some of the foremost trial lawyers in the nation and has been repeatedly named one of the 100 most effective lawyers in the nation. The individuals working on the case would be people of excellent experience in the antitrust field with detailed knowledge of the local rules.

**Joseph W. Cotchett**, the author of this Memorandum would head-up and supervise the team of attorneys at the Cotchett law firm. His background is set forth in his Declaration filed contemporaneously herein.

The following individuals would also be working on the case:

Partner **Nancy L. Fineman**, has over 20 years of experience litigating and trying complex cases. She holds leadership roles in the coordinated Natural Gas Antitrust Litigation brought by many of California's counties, universities, and cities pending in the San Diego Superior Court and major litigation against Wachovia pending in the Central District of California. She serves as class counsel on behalf of the California State Teachers' Retirement System and the class in litigation against Homestore.com, and served as class counsel for cities and counties in lawsuits against PG&E arising out of franchise fee underpayments. She was on the Plaintiffs' Executive Committee for the Fen-Phen litigation and has represented numerous individuals and companies in both the prosecution and defense of complex cases. Cotchett Decl.

PLAINTIFFS DONALD WORTMAN, WILLIAM ADAMS AND MARGARET GARCIA'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL
Case No. 07-cv-05634-CRB; MDL No. 1913                                                                                     9

Partner **Steven N. Williams** has many years of experience litigating antitrust, securities, and consumer class actions. He has served as lead or co-counsel in several nationwide class actions, including *Kopies Inc., et al. v. Eastman Kodak Co.*, one of the first antitrust class action in the Northern District of California, *In re Air Cargo Shipping Services Litigation*, an MDL price-fixing class action pending in the Eastern District of New York in which the firm is Co-Lead Counsel for the indirect purchaser class, as well as serving as co-lead counsel in *In re International Air Transportation Surcharge Antitrust Litigation*, the British air passenger antitrust action currently pending in the Northern District of California. Williams has also played a leading role in complex natural gas antitrust litigation in state and federal courts in California . He has represented the California State Teachers' Retirement System, helping recover investment losses suffered by California's public school teachers, and has represented the Chief Justice of California, Ronald M. George, as well as the California Judicial Council and counties and cities throughout California in the N.Y. Stock Exchange case. Cotchett Decl.

Partner **Nanci E. Nishimura** is an experienced trial lawyer with nearly twenty years of experience practicing law. Nishimura has been a lecturer for the San Francisco Bar Association and a member of the Los Angeles County Bar Association Litigation Section Trial Practice Inn of Court. She has served in a leadership role in a number of complex class actions cases and is also one of the lead attorneys in the coordinated Natural Gas Antitrust Litigation. She serves on the State Bar Judicial Nominees Evaluation Commission and lectures on class actions for the Women Lawyers Association of Los Angeles. Cotchett Decl.

Principal **Neil Swartzberg** is an experienced antitrust lawyer with experience in criminal law who is playing a key role as part of the leadership group in complex antitrust cases such as *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation* and *In re SRAM Antitrust Litigation*. Cotchett Decl.

Principal **Douglas Y. Park** is an experienced antitrust lawyer who is playing a key role in the economic analysis of complex antitrust cases such as *In re Flash Memory Antitrust Litigation*, *In re SRAM Antitrust Litigation* and *In re: International Air Transportation*

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFFS DONALD WORTMAN, WILLIAM ADAMS AND MARGARET GARCIA'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL
Case No. 07-cv-05634-CRB; MDL No. 1913                                                                                              10

*Surcharge Antitrust Litigation*. Park has a PhD in Business from Stanford University as well as a law degree from the University of Michigan. Park has been a professor of Management at the School of Business and Management, Hong Kong University of Science and Technology prior to attending law school. Cotchett Decl.

Principal **Aron K. Liang** is an antitrust attorney who has been involved in prosecuting complex antitrust class action cases such as the *In re: In re SRAM Antitrust Litigation* and the *In re: Korean Air Lines Co., Ltd. Antitrust Litigation*. Cotchett Decl.

### D. The Cotchett Firm will Devote Substantial Resources and Efficient Time to the Prosecution of this Action

The Cotchett firm has more than 40 years of litigation experience and attorneys in offices in the Bay Area, Los Angeles, Washington D.C., and New York. Cotchett has already devoted not only the attorney time to investigate the merits of this case, but also the time and energy of their experienced investigative and support staff. The firm continues to investigate this case and possesses the resources and commitment to perform the substantial work necessary to investigate, analyze and prosecute this litigation through motion practice, discovery, class certification, and trial. The firm employs analysts and economists who work on various economic cases.

In particular, the resources that Cotchett previously committed to document review in the *In re: International Air Transportation Surcharge Antitrust Litigation* and investigating the *In re: Korean Air Lines Co., Ltd. Antitrust Litigation* will be applied, with significant efficiencies, to the discovery process in the consolidated Transpacific Air Passenger cases. The firm possesses a strong staff of lawyers, paralegals and investigators that can handle a case of this magnitude. In addition, the Cotchett firm has decades of experience practicing before the Northern District and is familiar with its rules and practices. Thus, pursuant to Fed. Rule Civ. P. 23(g), the Cotchett firm provides the knowledge, resources and skill to best represent the interests of the plaintiff class.

///

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFFS DONALD WORTMAN, WILLIAM ADAMS AND MARGARET GARCIA'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL
Case No. 07-cv-05634-CRB; MDL No. 1913         11

E.  **The Cotchett Firm Has Already Been Performed Substantial Work Investigating this Action**

The Cotchett firm has already put in substantial work towards identifying and investigating potential claims in this action, including travel to the Far East to investigate the factual background. Extensive research has been done in understanding the history, extent and nature of flight routes from the United States to the Asia Pacific region as well as learning about the relationships, trade associations and communications between the Defendants that led to the alleged conspiratorial conduct of the Defendants. Substantial effort has also been undertaken to develop and analyze the facts that led to the initiation of investigations regarding alleged conspiratorial misconduct over transpacific air passenger routes. These facts will prove that there has been the fixing of prices on air passenger flights between the United States and the Asia Pacific region on certain air routes.

In addition, the Cotchett firm has already moved to serve the defendants located outside the United States through the Hague Convention (the Hong Kong defendants) and a Letter Rogatory (Taiwan). To accomplish service on the defendants, the Cotchett firm has obtained from this Court an **Order for Designation of a Placeholder Complaint and Summons** so that certain portions of the complaint can be removed to comply with foreign laws and diplomatic protocols. *See* Exhibit C to the Cotchett Decl.

F.  **The Cotchett Firm will Utilize the Other Plaintiff Firms in this Litigation and are Committed to Working in a Professional and Cooperative Manner**

Over the years, the Cotchett firm has at one time or another worked with most, if not all of the plaintiff law firms, who have filed actions in this litigation in cooperative relationships, often in complex multidistrict litigations such as this one. The Cotchett firm has developed a respectful and courteous professional relationship with many of the law firms in this litigation. Professional, courteous relations amongst plaintiffs' counsel, as well as between opposing counsel, is essential to the conduct and management of a complex multidistrict action such as this one. *See Manual for Complex Litigation* (4th ed. 2005), Author's Comments to Role of Counsel § 10.21, p. 40 citing *Northern Indiana Public Service Co. v. Certain Underwriters at*

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

PLAINTIFFS DONALD WORTMAN, WILLIAM ADAMS AND MARGARET GARCIA'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL
Case No. 07-cv-05634-CRB; MDL No. 1913                    12

1  *Lloyd's London*, 1996 WL 115466 at * 1 (N.D. Ind. 1996) ("The just and efficient resolution of
2  this case may depend in large part upon the way the attorneys comport themselves and how they
3  overcome conflicts. The added demands and burdens of complex litigation place a premium on
4  professionalism."). Furthermore, the Cotchett firm is dedicated to leading this litigation in a
5  manner that best serves the interests of the plaintiffs injured by the alleged conspiratorial
6  misconduct of the Defendants. The Cotchett firm has the support of the majority of the other
7  plaintiffs' firms in this MDL action and has already engaged in preliminary discussions with
8  many of these firms to develop a cooperative structure for prosecuting this complex multiparty
9  litigation in an efficient manner.

10    If authorized by the Court, the Cotchett firm is committed to establishing a Steering
11  Committee of plaintiffs' counsel to ensure that the class is adequately represented pursuant to
12  § 10.221 of the *Manual on Complex Litigation*. Especially in a case of this nature, involving air
13  carriers from a number of different nations and involving a number of transpacific air passenger
14  routes, the creation of a Steering Committee offers obvious advantages in assigning
15  responsibility for the prosecution of this action. In doing so, the Cotchett firm will use all
16  efforts to avoid waste and duplication in favor of efficiency. The use of both lead counsel and a
17  small steering committee are encouraged in large cases where disparate interests need to be
18  represented.

19                                **IV.**
20                            **CONCLUSION**

21    For the foregoing reasons, Plaintiffs Donald Wortman, William Adams and Margaret
22  Garcia respectfully submit that the Cotchett law firm offers a leadership structure that best
23  represents the interests of the plaintiff class. Thus, Plaintiffs Donald Wortman, William Adams
24  and Margaret Garcia respectfully request the appointment of Cotchett as interim lead class
25  counsel for the plaintiff class pursuant to Fed. R. Civ. P. 23(g).

26  DATED: February 20, 2008          **COTCHETT, PITRE & McCARTHY**

27                    By:        */S/*
                         JOSEPH W. COTCHETT
28                       *Attorneys for Plaintiffs and the Proposed Class*

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**PLAINTIFFS DONALD WORTMAN, WILLIAM ADAMS AND MARGARET GARCIA'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**
Case No. 07-cv-05634-CRB; MDL No. 1913                                            13