Michael P. Lehmann (77152; mlehmann@cmht.com)
Christopher L. Lebsock (184546; clebsock@cmht.com)
Jon T. King (205073; jking@cmht.com)
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
One Embarcadero Center
Suite 2440
San Francisco, CA 94111
Telephone: (415) 229-2080
Facsimile: (415) 986-3643

Michael D. Hausfeld (mhausfeld@cmht.com)
Charles E. Tompkins (ctompkins@cmht.com)
Andrea L. Hertzfeld (ahertzfeld@cmht.com)
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

*Attorneys for Plaintiffs Rachel Diller and Trong Nguyen and the Proposed Class*
*(Additional Counsel Listed on Signature Page)*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** | Case No. 07-cv-05634-CRB <br><br> MDL No. 1913 |
| **This Document Relates to:** <br><br> **ALL ACTIONS** | **PLAINTIFFS RACHEL DILLER AND TRONG NGUYEN'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C. AS INTERIM CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES** |

COHEN, MILSTEIN, HAUSFELD & TOLL P.L.L.C. ATTORNEYS AT LAW

PLAINTIFFS RACHEL DILLER AND TRONG NGUYEN'S MOTION FOR APPOINTMENT OF COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C. AS INTERIM CLASS COUNSEL
CASE NO. 07-CV-05634-CRB      -1-

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 28, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Charles R. Breyer of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Plaintiffs Rachel Diller and Trong Nguyen will and hereby do move the Court for an order appointing Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as interim class counsel.

This motion is brought pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. The grounds for this motion are that the undersigned proposed interim class counsel is well qualified for the position. This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities which follows, the Declaration of Michael P. Lehmann, any papers filed in reply, the argument of counsel, and all papers and records on file in this matter.

DATED: February 22, 2008      By:   */s/ Michael P. Lehmann*

        Michael P. Lehmann (77152; mlehmann@cmht.com)
        Christopher L. Lebsock (184546; clebsock@cmht.com)
        Jon T. King (205073; jking@cmht.com)
        **COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
        One Embarcadero Center
        Suite 2440
        San Francisco, CA  94111
        Telephone:  (415) 229-2080
        Facsimile:  (415) 986-3643

        Michael D. Hausfeld (mhausfeld@cmht.com)
        Charles E. Tompkins (ctompkins@cmht.com)
        Andrea L. Hertzfeld (ahertzfeld@cmht.com)
        **COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
        1100 New York Avenue, NW
        West Tower, Suite 500
        Washington, DC 20005

Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Allan Steyer (100318;
   asteyer@steyerlaw.com)
**STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP**
One California Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 421-3400
Facsimile:   (415) 421-2234

***Attorneys for Plaintiffs Rachel Diller and Trong Nguyen and the Proposed Class***

---

PLAINTIFFS RACHEL DILLER AND TRONG NGUYEN'S MOTION FOR APPOINTMENT OF COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C. AS INTERIM CLASS COUNSEL
CASE NO. 07-CV-05634-CRB

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("CMHT") seeks appointment as interim class counsel in this consolidated multidistrict litigation ("MDL") proceeding. Approximately 15 substantially similar actions are now on file, all of which arise from the alleged price-fixing of passenger fares and/or fuel surcharges for trans-Pacific air transportation to and from the United States. On February 19, 2008 the Judicial Panel on Multidistrict Litigation ("JPML") issued a Transfer Order centralizing this litigation in the Northern District of California, and assigning the actions to the present Court before the Honorable Charles R. Breyer. The appointment of class counsel is desirable here because it will assist in streamlining the conduct of this complex MDL litigation. CMHT is particularly qualified to serve as interim class counsel because it possesses exemplary qualifications, experience, and resources, all of which it has brought to bear on similar airline industry price-fixing litigations, including one before this Court, as discussed below. Furthermore, CMHT has demonstrated its commitment to advancing this litigation, investigating the claims in this matter, working cooperatively with other parties and counsel, and is supported by a substantial number of plaintiffs in this MDL proceeding.

## II. LEGAL ARGUMENT

### A. Rule 23(g) Places A Premium On Experience, Knowledge, And Resources In The Selection of Interim Class Counsel

Rule 23(g) of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). When multiple actions are filed on behalf of overlapping putative classes, the attendant multiple law firms typically begin making decisions that may result in inefficiencies and inconsistency to the detriment of class members.

Furthermore, defense counsel need points of contact on the plaintiffs' side that can make binding decisions in the myriad negations necessary to advance complex litigation. Formal appointment of interim counsel is thus desirable in circumstances such as the present ones. The Federal Rules Advisory Committee (the "Advisory Committee") further explained the need for such an appointment as follows:

> [Rule 23] authorizes the court to designate interim counsel during the pre-certification period as necessary to protect the interest of the putative class . . . Before the Class certification, however, it will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It also may be important to make or respond to motions before certification. Settlement may be discussed before certification. Ordinarily, such work is handled by the lawyer who filed the action. In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate. Rule 23 . . . authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made . . . Whether or not formally designated interim counsel, an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole. For example, an attorney who negotiates a pre-certification settlement must seek a settlement that is fair, reasonable, and adequate for the class.

Advisory Committee's Notes (2003 Amendments).

Rule 23 is silent on the criteria for the appointment of interim class counsel, as opposed to class counsel, but courts typically borrow the criteria articulated in Rule 23(g) for the appointment of class counsel. Attorneys appointed to serve as class counsel "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In selecting class counsel, a court must consider the following factors: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A). No single factor is determinative; all factors must be considered. *See* Advisory Committee's Notes (2003 amendments).

**B.     CMHT Will Fairly And Adequately Represent The Interests Of The Class**

CMHT is highly qualified to serve as a co-lead of this case involving the alleged fixing of air passenger fuel surcharges by as many as a dozen airlines, most of which are foreign-owned. As the Court is aware, CMHT is one of the direct purchaser co-leads in the *Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775 (E.D.N.Y.) ("*Air Cargo*").  *See* "Practice & Procedure Order No. 2" (Dec. 4, 2006) in *Air Cargo*, attached as Exhibit 1 to the accompanying "Declaration of Michael P. Lehmann" ("Lehmann Decl."). CMHT was principally responsible for negotiating an $85 million settlement with Lufthansa AG and related entities with respect to the fixing of fuel surcharges for air cargo shipments.

By an order of the Court in that case, CMHT was also made "the Co-Lead principally responsible for the prosecution of all foreign purchaser claims, including those by any subclasses of foreign purchasers." "Practice & Procedure Order No. 4," p.1 (March 6, 2007) in *Air Cargo*, attached as Exhibit 2 to the Lehmann Decl. A number of defendants in the present litigation (including All Nippon Airways Co., Ltd.; Cathay Pacific Airways, Ltd.; Air China Ltd.; Japan Airlines International Co.; Airways Corp. of New Zealand, Ltd.; Singapore Airlines Ltd., and Thai Airways International Public Co., Ltd.) are also named as defendants in *Air Cargo*.

CMHT is also a co-lead (along with the firm of Cotchett, Pitre & McCarthy ("CPM")), in *In re International Air Transportation Surcharge Antitrust Litig.*, MDL No. 1793 (N.D. Cal.) ("*Air Passengers*"), now pending before this Court. In the order appointing CMHT as co-lead in *Air Passengers*, this Court noted that "the Court believes its involvement in and knowledge of related litigation will be an asset to the plaintiff class in this litigation. Finally, not all the class counsel law firms are from California; Cohen Millstein has offices around the country." "Order Appointing Interim Class Counsel," p. 1 (Dec. 18, 2006) in *Air Passengers*, attached as Exhibit 3 to the Lehmann Decl.

In *Air Passengers*, CMHT was instrumental in negotiating a proposed settlement valued at approximately $210 million (exclusive of attorneys' fees and costs) that will provide monetary relief to air passengers subject to allegedly collusive fuel surcharges imposed by British Airways plc and Virgin Atlantic Airways Ltd. in both the United States and the United Kingdom. As Joseph Cotchett of CPM has acknowledged, it was CMHT who was principally responsible for advocating successfully redress for passengers from the United Kingdom as part of this settlement. CMHT believes that the expertise and experience it displayed in *Air Passengers* in settling foreign claims will be potentially useful in this litigation.[1]

CMHT now has 78 attorneys in six offices; it opened offices in San Francisco and London during 2007. It also maintains offices in Washington, D.C., New York, Philadelphia, and Chicago. Additionally, and of particular note here, CMHT also has numerous affiliated offices around the world, including in Australia and Korea, in relative close proximity to defendants located in Australia, New Zealand, Japan, and China. Moreover, CMHT's Washington D.C. office is a particularly valuable asset in this case, given that the principal attorneys representing Defendants All Nippon Airways, Cathay Pacific Airways, China Airlines, EVA Airlines, Japan Airlines, Quantas Airlines, Singapore Airlines and United Airlines all are located in Washington D.C. CMHT's expansive domestic and international presence will benefit the class by facilitating meetings, conferences, and depositions, and allowing it to utilize local resources in its continued investigation and prosecution of this matter.

---

[1]     Additionally, CMHT is also working closely with the three co-leads appointed by the Honorable James S. Otero in *In re Korean Air Lines Co., Ltd. Antitrust Litig.*, MDL No. 1891 (C.D. Cal.), another matter involving foreign airline defendants and alleged price-fixing of passenger fares and/or fuel surcharges. Moreover, CMHT has expertise and experience with fuel surcharges arising in multiple transportation sectors. It has sought, or will seek, interim co-lead appointments in *In re LTL Shipping Servs. Antitrust Litig.*, MDL No. 1895 (N.D. Ga.) (allegations of collusive use of fuel surcharges by less-than-truckload truckers) and *In re Rail Fuel Freight Surcharge Antitrust Litig.*, MDL No. 1869 (D.D.C.) (allegations of collusive use of fuel surcharges by rail freight carriers).

Among those who will work on this case are CMHT attorneys Michael Hausfeld and Charles Tompkins. Messrs. Hausfeld and Tompkins both have substantial involvement with *Air Cargo* and *Air Passengers*, including on the recent $210 million settlement negotiated and presented to this Court in *Air Passengers*, and the $85 million settlement obtained in *Air Cargo.*

Mr. Hausfeld is regarded as one of the country's top civil litigators. He was recently recognized as one of the "Top 100 Influential Lawyers in America," by the *National Law Journal*. Chief Judge Edward Korman of the Eastern District of New York has stated that Mr. Hausfeld is one of the two "leading class action lawyers in the United States." Furthermore, the *New York Times* has referred to Mr. Hausfeld as one of the "most prominent antitrust lawyers" in the nation. Mr. Hausfeld is featured in *Done Deal* (Platinum Press 2005) as one of the world's best negotiators. In 2003, Mr. Hausfeld was the only private attorney permitted to attend the European Commission's closed hearings in the Microsoft antitrust investigation, where he represented the interests of consumers worldwide.

CMHT's San Francisco office is managed by Michael Lehmann, an attorney with 30 years of antitrust experience who has worked on both the *Air Passengers* and *Air Cargo* cases. Mr. Lehmann is also prepared to devote significant time to this matter.

The current CV of CMHT is attached as Exhibit 4 to the Lehmann Decl. It details the biographies of Messrs. Hausfeld, Tompkins and Lehmann, and lists the many antitrust class actions where CMHT has served as co-lead counsel. Those include *Rubber Chemicals Antitrust Litig.*, No. C-04-1648 MJJ (N.D. Cal.), where settlements of $320 million were ultimately obtained, and *Domestic Air Transportation Antitrust Litig.*, MDL No. 861 (N.D. Ga.), where settlements of travel discounts and cash valued at $458 million were ultimately obtained.

CMHT has more than 35 years of experience litigating some of the nation's most complicated antitrust cases and recovering billions of dollars in overpayments made by its clients

to monopolists, price-fixers, and other violators of the antitrust laws. *See* Lehmann Decl., Ex. 4. In 2002 and 2003, the *National Law Journal* named CMHT one of the top 25 plaintiffs' firms in the nation, and in 2006, named CMHT as one of the top 11 plaintiffs' firms in the nation.

A substantial portion of CMHT's practice – indeed, its largest practice group – is devoted to antitrust class actions. CMHT has served or is serving as lead counsel in many important antitrust cases, including the following:

**In re Vitamins Antitrust Litig.**, MDL No. 1285 (D.D.C.)
CMHT served as co-lead counsel for two certified classes of direct purchasers. Chief Judge Hogan approved four major settlements between certain defendants and class plaintiffs, including a landmark partial settlement of $1.1 billion. In a later trial before Chief Judge Hogan concerning the unsettled claims, a jury unanimously found the defendants liable for participating in the conspiracy and ordered them to pay $49,539,234, before trebling. The *National Law Journal* ranked this the 12th highest jury verdict for 2003.

**Pease v. Jasper Wyman & Son, Inc.**, Case No. 00-015 (Me. Super. Ct., Knox City)
CMHT served as co-lead counsel on behalf of a class of wild blueberry growers. In 2003, a Maine state court jury found three blueberry processing companies liable for participating in a four-year price-fixing and non-solicitation conspiracy that artificially lowered the prices defendants paid to approximately 800 growers of wild blueberries and awarded &18.68 million in damages. After mandatory trebling under Maine's antitrust law, judgment was entered for approximately $56 million.

**In re Relafen Antitrust Litig.**, Case No. 01-12239 (D. Mass.)
CMHT served as co-lead counsel on behalf of a class of direct purchasers alleging that the defendant drug manufacturer unlawfully extended its monopoly in the U.S. market for Relafen and its generic equivalents by fraudulently procuring an invalid patent and using it to prevent generic competition. The case settled for $175 million.

**Kruman v. Christie's International plc**, Case No. 01-7309 (S.D.N.Y.)
CMHT served as one of three lead counsel on behalf of foreign plaintiffs and obtained a $40 million settlement. This case marked the first time that claims based on foreign transactions were resolved in U.S. court under the U.S. antitrust law.

**In re Vitamin C Antitrust Litig.**, Case NO. 06-178 (E.D.N.Y.)
This antitrust class action filed against major Chinese manufacturers of vitamin C is pending before Judge Trager. CMHT alleges claims of price-fixing and the case implicates significant issues of international law.

**In re Intel Corp. Microprocessor Antitrust Litigation**, MDL No. 1717 (D. Del.)
CMHT is on of the four co-lead counsel in this major antitrust class action involving alleged illegal monopolization of the worldwide x86 microprocessor market.

    **C.**    **CMHT Has A Demonstrated History Of Working Cooperatively With Other Counsel**

CMHT has established good working relations with counsel for both plaintiffs and defendants. CMHT is committed to litigating this case in a cooperative manner with counsel for plaintiffs in all of the coordinated and consolidated cases by establishing an Executive Committee of plaintiffs' counsel to ensure that all of the attorneys' thoughts and ideas are included in the various decisions that will be made as the litigation progresses. The use of this type of committee structure is encouraged in large cases where disparate interests need to be represented. *See Manual on Complex Litigation* (Fourth), §10.221 (2004).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs Rachel Diller and Trong Nguyen respectfully request that the Court enter an Order appointing Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as interim class counsel for these coordinated and consolidated proceedings.

Dated: February 22, 2008            Respectfully submitted,

By: */s/ Michael P. Lehmann*

Michael P. Lehmann (77152; mlehmann@cmht.com)
Christopher L. Lebsock (184546; clebsock@cmht.com)
Jon T. King (205073; jking@cmht.com)
**COHEN MILSTEIN HAUSFELD & TOLL, P.L.L.C.**
One Embarcadero Center
Suite 2440
San Francisco, CA  94111
Telephone:  (415) 229-2080
Facsimile:  (415) 986-3643

Michael D. Hausfeld (mhausfeld@cmht.com)
Charles E. Tompkins (ctompkins@cmht.com)
Andrea L. Hertzfeld (ahertzfeld@cmht.com)
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
1100 New York Avenue, NW
West Tower, Suite 500

PLAINTIFFS RACHEL DILLER AND TRONG NGUYEN'S MOTION FOR APPOINTMENT OF COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C. AS INTERIM CLASS COUNSEL CASE NO. 07-CV-05634-CRB      -4-

| | |
|---|---|
| 1 | Washington, DC 20005 |
| 2 | Telephone: (202) 408-4600<br>Facsimile: (202) 408-4699 |
| 3 | Allan Steyer (Cal. Bar No. 100318;<br>asteyer@steyerlaw.com) |
| 4 | **STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP** |
| 5 | One California Street, Third Floor |
| 6 | San Francisco, CA 94104<br>Telephone: (415) 421-3400 |
| 7 | Facsimile: (415) 421-2234 |
| 8 | *Attorneys for Plaintiffs Rachel Diller and Trong Nguyen and the Proposed Class* |

(Lines 9 through 28 blank)

## TABLE OF AUTHORITIES

**Page(s)**

**OTHER AUTHORITIES**

*Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775 .................................................................5

*Domestic Air Transportation Antitrust Litig.*, MDL No. 861 ...............................................................7

*Done Deal* (Platinum Press 2005)..........................................................................................................7

Fed. R. Civ. P. 23(g)(1)(A) ....................................................................................................................4

Fed. R. Civ. P. 23(g)(1)(B) ....................................................................................................................4

Fed. R. Civ. P. 23(g)(3)..........................................................................................................................3

Rule 23(g) of the Federal Rules of Civil Procedure ..............................................................................3

*New York Times* ....................................................................................................................................7

"Order Appointing Interim Class Counsel," p. 1 (Dec. 18, 2006).........................................................5

Practice & Procedure Order No. 2 .........................................................................................................5

Practice & Procedure Order No. 4 .........................................................................................................5

*Rubber Chemicals Antitrust Litig.*, No. C-04-1648 ..............................................................................7

Rule 23 ...................................................................................................................................................4

**Rule 23(g)**....................................................................................................................................3, 4