Daniel C. Girard (CA Bar No. 114826); dcg@girardgibbs.com
Elizabeth C. Pritzker (CA Bar No. 146267); ecp@girardgibbs.com
Aaron M. Sheanin (CA Bar No. 214472); ams@girardgibbs.com
Steven G. Tidrick (CA Bar No. 224760); sgt@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Attorneys for Individual and Representative
Plaintiff Mark Foy

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** | **MDL No. 1913** <br><br> **PLAINTIFF MARK FOY'S RESPONSE IN SUPPORT OF WORTMAN PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL** |
| **This Document Relates to:** <br><br> **ALL ACTIONS** | Date:  March 28, 2008 <br> Time:  10:00 a.m. <br> Judge:  Honorable Charles R. Breyer |

### I. INTRODUCTION

Plaintiff Foy supports the motion of Plaintiffs Wortman, Adams and Garcia for appointment of Cotchett, Pitre & McCarthy (the "Cotchett firm") as interim lead counsel. The Cotchett firm enjoys the support of most other plaintiffs' counsel in the litigation, including Girard Gibbs LLP, and the firm is well-qualified to lead this matter. Should the Court wish to add to the representation for any reason, however, Plaintiff Foy respectfully requests that the Court consider his counsel's qualifications to join in representing the proposed class.

Girard Gibbs brings a record of success in litigating and resolving class actions and complex litigation in a range of disciplines, including antitrust, securities, telecommunications, civil rights, consumer finance, and products liability. Girard Gibbs also brings a proven commitment to responsible advocacy in class action matters and a history of service to the federal courts. Girard Gibbs is based in San Francisco, has undertaken significant work on behalf of the plaintiffs, has substantial resources to devote to this litigation, and has worked collegially and professionally with other counsel of record. The firm also offers particular expertise in the management of complex litigation and electronic discovery practice.

### II. BACKGROUND

This litigation arises from the alleged price-fixing of tickets for passenger air travel over transpacific routes beginning in 2004. At issue in this litigation is a conspiracy among some of the world's largest air carriers to fix and raise the prices for passenger air travel over these routes by imposing surcharges in addition to their basic air fares.

Defendants were able to engage in the conspiracy alleged, because they maintained a combined dominant market share, controlling the vast majority of long haul transpacific passenger flights. Defendants' market dominance precluded customers from shopping for long haul passenger transpacific flights from other carriers. Plaintiffs allege that defendants entered into agreements amongst themselves and with others to raise surcharges at the same times and in the same amounts. In doing so, defendants ensured that their customers would have no choice but to pay the inflated surcharges, as no other lower-cost flights were available. As a result, defendants were able to reap substantial profits from the imposition of surcharges on these flights.

In 2006, the U.S. Department of Justice ("DOJ") began an investigation into air passenger surcharge conspiracies worldwide. The investigation focused on transatlantic routes and transpacific routes to and from the West Coast. The DOJ and European Union authorities have identified several airlines, including many of the defendants, as targets of investigations into air transportation surcharge price fixing.

In fall 2007, the DOJ secured guilty pleas from airlines in connection with criminal charges for price-fixing of air transportation over transpacific routes. In addition, several Asian airlines are preparing for possible fines in connection with government investigations into price fixing by setting aside substantial financial reserves to pay potential fines and damages.

Beginning on November 6, 2007, class actions alleging antitrust violations by air carriers were filed in this and other judicial districts on behalf of purchasers of passenger airline tickets over transpacific routes. Mark Foy purchased a ticket for passenger travel between San Francisco and Shanghai, China and paid surcharges on that ticket. On December 7, 2007, Mr. Foy filed a class action complaint in this Court (*Mark Foy v. Air New Zealand*, Case No. 07-6219 (CRB) (N.D. Cal.)), on behalf of a class of persons who purchased international air passenger transportation services for long haul transpacific flights at any time from 2004 to August 2007, and who paid a surcharge on their tickets. On February 19, 2008, the Judicial Panel on Multidistrict Litigation issued an order centralizing the *In re Transpacific Passenger Air Transportation Antitrust Litigation*, MDL No. 1913, in this judicial district.

### III. ARGUMENT

#### A. Appointment of Interim Lead Counsel to Represent the Class is Appropriate

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A). *See also Parkinson v. Hyundai Motor America*, 2006 U.S. Dist. LEXIS 59055 at *5 (N. D. Cal. Aug. 7, 2006). In appointing interim lead counsel under Rule 23(g), the Court must determine whether the applicant firm will fairly and adequately represent

the interests of the proposed class. *See* Fed. R. Civ. P. 23(g)(1)(B). The Court's determination of that question is informed by the criteria set forth in Rule 23(g)(1)(C):

> In appointing class counsel, the court (i) must consider: the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; and the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(C). "If more than one adequate applicant seeks appointment as class counsel, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2)(B). *See also Parkinson*, 2006 U.S. Dist. LEXIS 59055, at *6.

The Cotchett firm was the first to file in this litigation and is knowledgeable about the anticompetitive practices in the airline industry. Having successfully litigated the *In re International Air Transportation Surcharge Antitrust Litigation*, MDL No. 1793 (CRB) (N.D. Cal.), the Cotchett firm has great experience with critical issues in this case. The class would be well-served by the appointment of the Cotchett firm as interim co-lead counsel.

While there are distinct advantages to appointing a single firm to lead a proposed class action through the initial stages, given the scope and complexity of this matter, courts have frequently approved multi-firm leadership structures in complex antitrust litigation. *See, e.g., In re Hydrogen Peroxide Antitrust Litig.*, 240 F.R.D. 163, 177 (E.D. Pa. 2007) (appointing four-firm structure as lead counsel); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 58-59 (E.D.N.Y. 2006) (establishing four-firm co-lead structure by appointing one firm from each of four applicant groups).

Should the Court wish to appoint additional counsel to represent the Class, Girard Gibbs is well-qualified to manage this litigation in conjunction with the Cotchett firm.

**B. <u>Girard Gibbs Will Fairly and Adequately Represent the Interests of the Proposed Indirect Purchaser Class</u>**

**1. Girard Gibbs is Experienced in Handling Class Actions, Antitrust Claims, and Complex, Multi-District Litigation**

Girard Gibbs has extensive experience in prosecuting multidistrict litigation and class actions in state and federal courts throughout the country. Since the firm was founded in 1995, Girard Gibbs

3
**PLAINTIFF MARK FOY'S RESPONSE IN SUPPORT OF WORTMAN PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**
MDL No. 1913

has represented a broad range of clients in complex litigation. These clients include some of the largest pension funds in the United States, including the California Public Employees Retirement System, California State Teachers' Retirement System, the Kansas Public Employees Retirement System, the State of Wisconsin Investment Board, the Louisiana Teachers' Retirement System, the Louisiana State Employees Retirement System, and the Los Angeles County Employees Retirement Association.

The firm's attorneys have substantial experience litigating class and non-class antitrust actions involving allegations of price-fixing, monopolization, predatory pricing and group boycott under the Sherman Act, Clayton Act, California Cartwright Act and unfair competition statutes of other states. Girard Gibbs and its attorneys have served in antitrust cases as court-appointed liaison counsel (*e.g., In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.)), as discovery committee co-chair (*e.g., In re Natural Gas Antitrust Cases*, JCCP Nos. 4221, 4224, 4226 and 4228 (Cal. Super. Ct. San Diego County), and as a member of the plaintiffs' steering committee (*e.g.*, *In re Flash Memory Antitrust Litigation*, Case No. 07-0086 (SBA) (N.D. Cal.)). The firm's antitrust practice has involved a variety of industries including high technology (memory chips), energy (natural gas), and consumer goods (digital music). The firms' attorneys have engaged in all aspects of antitrust motion practice including class certification, summary judgment, and discovery motions. Girard Gibbs has ample experience in antitrust litigation to serve as interim lead counsel.

Girard Gibbs's significant antitrust experience, considered in conjunction with the firm's proven ability to generate favorable outcomes in a broad range of complex matters, and the firm's demonstrated commitment to the responsible and efficient management of complex litigation and service to the federal courts qualifies the firm for appointment as interim co-lead counsel in this matter. The firm has the talent, expertise, and capital to contribute to the litigation in a leadership capacity, and is prepared to work with the other plaintiffs' counsel should the Court conclude that a multi-firm leadership structure or steering committee is appropriate.

Girard Gibbs proposes to staff this litigation with the following attorneys:

### a. Daniel C. Girard

Daniel C. Girard, the founder and managing partner of Girard Gibbs, coordinates the prosecution of all legal matters handled by the firm. He has practiced exclusively in the areas of class action and complex litigation since 1987. He has prosecuted cases in such diverse fields as securities, antitrust, corporate governance, partnership, civil rights and telecommunications.

Mr. Girard has successfully prosecuted over 75 class action matters and held leadership positions in a number of precedent-setting cases. He was appointed interim class counsel in the *In re H&R Block, Inc., Express IRA Marketing Litigation*, MDL No. 1786 (W.D. Mo.), and co-lead counsel in the *In re American Express Financial Advisors Securities Litigation*, 04-cv-01773 (S.D.N.Y.), in which a settlement for over $100 million was approved in 2007. He is the lead attorney in *Odom v. Microsoft*, a class action for consumers who were "crammed" with charges for MSN service. The Odom litigation has been certified on a nationwide basis and is scheduled for trial in King County, Washington in 2008. *See Odom v. Microsoft Corp.*, No. 04-35468, 2007 U.S. App. LEXIS 10519 (9th Cir. May 4, 2007) (en banc decision establishing 9th Circuit standard for pleading "association-in-fact enterprise" under RICO). Mr. Girard served in a leadership role in the *In re Prison Realty Securities Litigation*, Case No. 99-cv-0452, 2000 U.S. Dist. LEXIS 12575 (M.D. Tenn. Feb. 16, 2000) (co-lead counsel) ($134 million settlement); *In re i2 Technologies Securities Litigation*, Case No. 3:02-CV-418-H (N.D. Tex.) (co-lead counsel) ($88 million settlement); *In re Digex Litigation*, Consol. Case No. 18336 (Del. Ch. Ct.), one of the largest class action settlements in Delaware Chancery Court (counsel to co-lead plaintiff Kansas Public Employees Retirement System) ($165 million in cash and stock, and non-cash benefits valued at $450 million); *MCI Non-Subscriber Rates Litigation*, MDL No. 1275 (S.D. Ill.) (lead counsel) ($90 million settlement, one of the largest all-cash settlements in a telecommunications class action); and *Mitchell v. American Fair Credit Association*, 99 Cal. App. 4th 1345 (2002) (trial counsel) (predatory lending) (largest settlement under California Credit Services Act of 1984).

Mr. Girard also served as the lead attorney in *Ho v. San Francisco Unified School District*. The *Ho* litigation settled on the first day of trial when the SFUSD agreed to a comprehensive injunction prohibiting the unlawful use of race and ethnicity in San Francisco public school admissions. The *Ho* litigation was widely followed, and has been discussed in a number of law review articles.

Mr. Girard was appointed to the United States Judicial Conference Advisory Committee on Civil Rules, beginning October 1, 2004. He participated in the development of the electronic discovery amendments to the Federal Rules of Civil Procedure and currently serves on an Advisory Committee Task Force on expert witness discovery. He is a member of the American Law Institute and the Sedona Conference Antitrust Working Group. He is past Chair of the American Bar Association Business Law Section Subcommittee on Class Actions, Co-Chair of the Business and Corporate Litigation Committee's Task Force on Litigation Reform and Rule Revision, and Vice-Chair of the Business and Corporate Litigation Committee. Mr. Girard was recently voted a Northern California "Super Lawyer," a distinction reserved for the top 5% of practicing attorneys.

### b.    Elizabeth C. Pritzker

Elizabeth C. Pritzker has extensive experience in complex litigation matters, including the prosecution of consumer, antitrust, product liability, and securities class actions. Ms. Pritzker serves as court-appointed liaison counsel on behalf of the direct purchaser class in the *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal). She contributed to the firms' litigation of the in *In re Natural Gas Antitrust Cases I, II, III & IV*, JCCP Nos. 4221, 4224, 4226 and 4228 (Cal. Super. Ct. San Diego County), and had an active role in *CalSTRS v. Qwest Communications et al.*, Case No. 415566 (Cal. Super. Ct. San Francisco County), an opt-out securities fraud case resulting in a $46.5 million settlement for California school teachers. Ms. Pritzker currently serves as lead counsel in *In Re General Motors Cases*, JCCP No. 4396 (Cal. Super. Ct. Los Angeles County), a certified class action against General Motors alleging violations of California's "Secret Warranty" law, California Civil Code § 1794.90 *et seq.* Previously, Ms. Pritzker served as co-lead counsel in coordinated consumer class action litigation against Apple Computer, Inc., *In re iPod Cases*, JCCP No. 4355 (Cal. Super. Ct. San Mateo County). Ms. Pritzker also served as litigation counsel for the San Francisco Unified School District in a False Claim Act lawsuit against Progress Energy Corp. and its subsidiary Progress Energy Solutions, Inc. that resulted in a $43 million settlement for the District.

Ms. Pritzker represents working journalists, print and broadcast media, and not-for-profit organizations in First Amendment-related litigation. She served as a lead defense attorney for the publishers of *Consumer Reports* in *Sharper Image v. Consumers Union of the United States, Inc.*, 2004

U.S. Dist. LEXIS 24484 (N.D. Cal. 2004), which resulted in the dismissal of a libel action against the publisher stemming from a product review of the Sharper Image "Ionic Breeze" line of products.

Ms. Pritzker is a frequent speaker on civil litigation matters, including discovery, pre-trial and class action procedures, for the Continuing Education of the Bar, the State Bar of California, and other professional attorney groups. She is a member of the American Bar Association, the Association of Trial Lawyers of America, California Women Lawyers, and Consumer Attorneys of California. Ms. Pritzker also serves as a Board Member for the Legal Aid Society of San Mateo County.

### c.     Aaron M. Sheanin

Aaron M. Sheanin's practice focuses on antitrust actions, securities fraud cases and complex consumer litigation. He serves as co-chair of the Discovery Committee in *In re Natural Gas Anti-Trust Cases I, II, III, & IV*, JCCP 4221, 4224, 4226 and 4228 (Cal. Super. Ct. San Diego County), antitrust litigation against numerous natural gas companies for manipulating the California natural gas market, which has achieved settlements of $153 million to date. Mr. Sheanin represents plaintiffs *In re Flash Memory Antitrust Litigation*, 07-cv-0086 (SBA) (N.D. Cal.); *In re Korean Airlines Co., Ltd. Antitrust Litigation*, MDL No. 1891 (SJO) (C.D. Cal.); *In re Chocolate Confectionary Antitrust Litigation*, MDL No. 1935 (transfer motion pending); *In re Digital Music Antitrust Litigation*, MDL No. 1780 (LAP) (S.D.N.Y.), *In re International Air Transportation Surcharge Antitrust Litigation*, MDL No. 1793 (CRB) (N.D. Cal.), and *In re Static Random Access Memory (SRAM) Antitrust Litigation*, MDL No. 1819 (CW) (N.D. Cal.). He currently serves as lead counsel in *Brennan v. AT&T Corp.*, Case No. 04-433-DRH (S.D. Ill.), a nationwide class action challenging AT&T's practice of assessing long distance telephone service charges to non-customers, pending in the United States District Court for the Southern District of Illinois. Mr. Sheanin is a member of the American Bar Association Section on Antitrust.

### d.     Steven G. Tidrick

Steven G. Tidrick has extensive experience in managing and litigating large scale complex cases, including actions arising under the antitrust, securities, and consumer protection laws. Mr. Tidrick joined Girard Gibbs from Boies, Schiller & Flexner LLP, where he litigated several nationwide class actions in federal court alleging violations of the Sherman Act and consumer protection laws, including cases involving allegations of per se and rule of reason price-fixing and group boycott. He has

experience in federal motion practice and in briefing substantive and procedural issues in large complex antitrust class actions, including class certification briefing. He is a member of the American Bar Association Section on Antitrust and the State Bar of California Section on Antitrust and Unfair Competition, and is Vice President of the California Bar Foundation.

### 2. Girard Gibbs Has Done Substantial Work And Has Taken Significant Steps to Advance the Litigation

Girard Gibbs has investigated the facts alleged in the *Foy* complaint, and has continued to research and develop the claims at issue in the action. The firm's pre-filing investigation included review of public source documents, including public reports and governmental filings, published media reports, and materials drawn from related litigation. Girard Gibbs has also undertaken an analysis of the airline industry, identified market participants and analyzed available market and pricing data.

### 3. Girard Gibbs Will Commit Significant Resources to Litigating this Case

Girard Gibbs is prepared to devote significant human and financial resources to representing the interests of the proposed class. The firm's fourteen attorneys have developed substantial expertise in managing complex litigation, and particularly in electronic discovery. The firm is prepared to commit the professionals and resources necessary to take this case through pre-trial, trial and any appeals that may arise. The firm has substantial technology resources to support the litigation and the facilities to accommodate large meetings of counsel. Girard Gibbs has also demonstrated its willingness and ability to fund long term, complex litigation in the past, and is prepared to do so here.

Girard Gibbs has worked collegially with many of the firms representing plaintiffs including the Cotchett firm across a broad spectrum of cases including antitrust actions. In addition, Girard Gibbs has worked professionally with the majority of the firms representing the defendants to streamline and resolve complex cases. Girard Gibbs is well-qualified to represent the Class in conjunction with the Cotchett firm and other participating plaintiffs' counsel.

//
//
//

## IV. CONCLUSION

For each of the foregoing reasons, Mark Foy respectfully supports the motion of the Wortman Plaintiffs for appointment of the Cotchett firm as interim lead counsel.

DATED: March 7, 2008                    Respectfully submitted,

**GIRARD GIBBS LLP**

By:  */s/ Daniel C. Girard*
       Daniel C. Girard

Elizabeth C. Pritzker
Aaron M. Sheanin
Steven G. Tidrick
601 California Street, 14th Floor
San Francisco, California  94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Attorneys for Individual and Representative
Plaintiff Mark Foy