Michael P. Lehmann (77152; mlehmann@cmht.com)
Christopher L. Lebsock (184546; clebsock@cmht.com)
Jon T. King (205073; jking@cmht.com)
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
One Embarcadero Center
Suite 2440
San Francisco, CA 94111
Telephone: (415) 229-2080
Facsimile: (415) 986-3643

Michael D. Hausfeld (mhausfeld@cmht.com)
Charles E. Tompkins (ctompkins@cmht.com)
Andrea L. Hertzfeld (ahertzfeld@cmht.com)
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

*Attorneys for Plaintiffs Rachel Diller and Trong Nguyen and the Proposed Class*
*(Additional Counsel Listed on Signature Page)*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION**<br><br>**This Document Relates to:**<br><br>**ALL ACTIONS** | **Case No. 07-cv-05634-CRB**<br><br>**MDL No. 1913**<br><br>**PLAINTIFFS RACHEL DILLER AND TRONG NGUYEN'S REPLY IN SUPPORT OF THEIR MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**<br><br>Date: March 28, 2008<br>Time: 10:00 a.m.<br>Judge: Hon. Charles E. Breyer |

Plaintiffs Rachel Diller and Trong Nguyen ("Plaintiffs") hereby submit their reply in support of their motion to appoint the law firm of Cohen Milstein Hausfeld & Toll P.L.L.C. ("CMHT") as Interim Lead Counsel pursuant to Fed. R. Civ. P. 23(g).

The only opposition to Plaintiffs' motion was filed by Donald Wortman, William Adams and Margaret Garcia ("Wortman Group"), who seek to have the law firm of Cotchett, Pitre & McCarthy ("CPM") appointed as *sole* Interim Lead Counsel for the putative plaintiff class in these cases. As explained in "Plaintiffs Rachel Diller and Trong Nguyen's Response to Plaintiffs Donald Wortman, William Adams, and Margaret Garcia's Motion for Appointment of Interim Lead Counsel" (March 7, 2008), Plaintiffs do not oppose the appointment of CPM as one of two Co-Interim Lead Counsel, but do oppose CPM serving alone in that capacity. Instead, Plaintiffs contend that the preferable Interim Lead Counsel structure here would be the combination of CMHT and CPM, the same leadership structure that the Court approved in *In re International Air Transportation Surcharge Antitrust Litig.*, MDL No. 1793 (N.D. Cal. ) ("*Air Passengers*").

The Wortman Group has nothing adverse to say about CMHT's qualifications, which is hardly surprising, since, as noted in Plaintiffs' moving papers, Joseph Cotchett of CPM recently extolled the work of CMHT in *Air Passengers*, particularly with respect to resolution of foreign claims. One of the other briefs submitted in support of the Wortman Group has also noted that CMHT "deserve[s] substantial credit for the job they did as co-lead counsel" in *Air Passengers*. "Joinder of Plaintiffs Franklyn Ajaye, Ming-Chun Wu Chen, Tzu Chiao Chen, Rayna Rusenko, Titi Tran, Boris Zimmerman and Galina Zimmerman In Motion to Appoint Interim Lead Class Counsel by Plaintiffs Wortman, et al.", p. 2 (March 7, 2008).[1] The Court's experience with

[1] One plaintiff has commented that CMHT has only recently opened a branch office in San Francisco, is regarded as an "East Coast-based firm" and thus would have great difficulties in acting as sole Interim Lead Counsel here. "Plaintiff Brendan G. Maloof's Notice of Support for Motion for Appointment of Interim Lead Counsel by Plaintiffs Donald Wortman, William Adams and Margaret Garcia," p. 2 (March 7, 2008). There are several responses to this point.

CMHT in *Air Passengers* can presumably inform its assessment of whether that firm should be appointed as Interim Co-Lead Counsel here.

Thus, the real issue here is this: is it better to have one Interim Lead Counsel in this case (plus a Steering Committee) or two (plus a Steering Committee)?[2]

As has been noted before, this is a case involving as many as a dozen airlines, at least ten of which (Air New Zealand, All Nippon Airways, Cathay Pacific Airways, China Airlines, Eva Airways, Japan Airlines International, Malaysia Airways, Qantas Airlines, Singapore Airlines and Thai Airways) are based overseas. Activities in foreign countries are at issue, and foreign legal claims may be implicated, just as they were in *Air Passengers*. The one airline surcharge case even remotely comparable in terms of scope and number of defendants is *In re Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775 (E.D.N.Y.) ("*Air Cargo*"), where a total of eight Interim Co-Lead Counsel (four for direct purchasers and four for indirect purchasers) were appointed. In *In re Korean Air Lines Co., Ltd. Antitrust Litig.*, MDL No. 1891 (C.D. Cal.) ("*Korean Air*"), where there are only two defendants, the Court recently appointed three Interim Co-Lead Counsel. And in *Air Passengers*, where only four defendants were sued, the Court appointed CMHT and CPM as Interim Co-Lead Counsel, noting the value of having an

First, CMHT is now endorsing a Interim Co-Lead Counsel structure that includes CPM. Second, CMHT is a *nationally* based law firm with offices in Washington, D.C., New York, Philadelphia, Chicago, and San Francisco (as well as an international office in London). Third, the partner in charge of its San Francisco office—Michael P. Lehmann—has practiced for 30 years in San Francisco.

2 Although CMHT is advocating for two Interim Co-Lead Counsel to manage these cases, if the Court disagrees with its analysis and determines that only one Interim Lead Counsel is needed, then it would alternatively ask the Court to appoint it as that counsel. To the extent a majority of other firms have supported CPM's position here, the Court is respectfully requested to keep in mind the admonition of the *Manual on Complex Litigation (Fourth)*, §10.224 at 27 (2004) that "[d]eferring to proposals by counsel without independent examination, even those that seem to have the concurrence of a majority of those affected" may be problematic.

experienced national law firm like CMHT as one of those counsel.[3]

If one looks to recent antitrust cases involving the electronics industry prosecuted in this district, the majority of courts have appointed more than one Interim Lead Counsel. In *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, MDL No. 1486 (N.D. Cal.) ("*DRAM*"), for example, the court appointed seven Interim Co-Lead Counsel, three for direct purchasers (who were ultimately appointed as Class Counsel for that class) and four for indirect purchasers. Likewise, in *In re TFT-LCD Flat Panel Antitrust Litig.*, MDL No. 1827 (N.D. Cal.) ("*LCDs*"), and *In re Flash Memory Antitrust Litig.*, No. C07-0086 SBA (N.D. Cal.) ("*Flash Memory*"), the respective courts appointed two Interim Co-Lead Counsel each for direct and indirect purchasers.[4] All of these cases support the notion that having more than one Interim Lead Counsel is preferable.

The Wortman Group asserts that the complexity of this case mandates having a single firm as Interim Lead Counsel. However, it never adequately justifies this position. The argument is counterintuitive. If, as one brief states, "[t]his case will involve numerous complex issues involving the various routes at issue .... [because] [e]ach of these routes will function almost as its own case" ("Joinder In Request for Interim Class Counsel," p. 3 (March 10, 2008) ("Murphy-Kuo Brief")), that fact militates in favor of *more* than one Interim Class Counsel. The Murphy-Kuo Brief asserts that a "good model" for the leadership structure here is what happened in *Natural Gas Antitrust Cases I, II, III, and IV*, J.C.C.P. Nos. 4221, 4224, 4226 & 4228 (San Diego

---

3 The value of having two co-leads is exemplified by what happened at the hearing before the Judicial Panel on Multidistrict Litigation concerning these cases. At that hearing, the undersigned supplied Mr. Cotchett with a case assignment order that he used as the centerpiece for his brief oral argument to the Panel.

4 Interestingly, in *Flash Memory*, CPM sought to be sole Interim Lead Counsel for indirect purchasers and was opposed by the Zelle Hofmann and Gustafson Gluek firms. Just shortly before the hearing in that case, an agreement was reached to present two Interim Lead Counsel for indirect purchasers: Zelle Hofmann and CPM.

Super. Ct.) (Murphy-Kuo Brief, p. 3), but there, the price indexing cases were managed by *two* co-lead counsel (the Lieff Cabraser and Engstrom Lack firms) plus a Steering Committee, so that example *supports* CMHT's position.

If one considers the federal cases cited above, *Air Cargo*, *DRAM*, *LCDs*, and *Flash Memory* are as equally complex as this case (many defendants, certain of which are foreign; lengthy class periods; and complex industries), yet more than one Interim Lead Counsel was appointed in those cases. *Korean Air* and *Air Passengers* are less complex in the sense that they involve fewer defendants and relatively shorter class periods. Yet, there too, more than one Interim Lead Counsel was appointed. Nor is the need to delegate tasks to other counsel a justification for having only one Interim Lead Counsel here.[5] The division of responsibilities for specific airlines and countries among counsel in this case is a concept with which CMHT concurs and, if it is appointed as Interim Co-Lead Counsel with CPM, it plans to join in establishing a Steering Committee to which specific tasks may be assigned. Thus, delegation can be conducted just as efficiently with two Interim Lead Counsel as it can with one.

The Wortman Group also points to its ability to work cooperatively with other firms, but CMHT can do so as well. Indeed, it *is* working closely with firms like Pearson, Simon, Soter, Warshaw & Penny and Saveri & Saveri in cases such as *LCDs* and *Flash Memory* and with the Zelle Hofmann firm in a number of cases.[6]

For the foregoing reasons, if the Court agrees that two Interim Lead Counsel are appropriate here, Plaintiffs ask that the Court appoint CMHT as one of those counsel.

---

5/ In the most recent appointment of Interim Lead Counsel in a transportation surcharge case, in *In re Rail Fuel Freight Surcharge Antitrust Litig.*, MDL No. 1869 (D.D.C.), the court appointed on March 13, 2008 two co-leads, one of which is CMHT.

6 The Zelle Hofmann firm has notably not supported the position that CPM should be sole Interim Lead Counsel here.

Dated: March 14, 2008

Respectfully submitted,

By: /s/ Michael P. Lehmann

Michael P. Lehmann (Cal. Bar No. 77152; mlehmann@cmht.com)
Christopher L. Lebsock (Cal. Bar No. 184546; clebsock@cmht.com)
Jon T. King (Cal. Bar No. 205073; jking@cmht.com)
**COHEN MILSTEIN HAUSFELD & TOLL, P.L.L.C.**
One Embarcadero Center
Suite 2440
San Francisco, CA 94111
Telephone: (415) 229-2080
Facsimile: (415) 986-3643

Michael D. Hausfeld (mhausfeld@cmht.com)
Charles E. Tompkins (ctompkins@cmht.com)
Andrea L. Hertzfeld (ahertzfeld@cmht.com)
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.**
1100 New York Avenue, NW
West Tower, Suite 500
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Allan Steyer (Cal. Bar No. 100318; asteyer@steyerlaw.com)
**STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP**
One California Street, Third Floor
San Francisco, CA 94104
Telephone: (415) 421-3400
Facsimile: (415) 421-2234

***Attorneys for Plaintiffs Rachel Diller and Trong Nguyen***