ROBERT B. HAWK, BAR NO. 118054
J. CHRISTOPHER MITCHELL, BAR NO. 215639
HOGAN & HARTSON, LLP
525 University Avenue, 4th Floor
Palo Alto, California 94301
Telephone:    (650) 463-4000
Facsimile:    (650) 463-4199
Email: rbhawk@hhlaw.com
       jcmitchell@hhlaw.com

MEGAN DIXON, BAR NO. 162895
BENJAMIN T. DIGGS, BAR NO. 245904
HOGAN & HARTSON, LLP
4 Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone:    (415) 374-2301
Facsimile:    (415) 374-2499
Email:  mdixon@hhlaw.com
        btdiggs@hhlaw.com

*Attorneys for Defendant*
Vietnam Airlines Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | File No.  3:07-cv-05634-CRB<br><br>MDL No. 1913<br><br>~~ADMINISTRATIVE MOTION AND [PROPOSED]~~ **ORDER PERMITTING VIETNAM AIRLINES CORPORATION TO FILE FIFTEEN PAGE OPENING MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Hon. Charles R. Breyer<br><br>**(Civil L.R. 7-11)** |

ADMINISTRATIVE MOTION OF VIETNAM        C-07-CV-05634-CRB
AIRLINES CORPORATION

HOGAN & HARTSON,
LLP
ATTORNEYS AT LAW

\\\083517/000003 - 37185 v4

## I.     INTRODUCTION

Pursuant to Civil Local Rule 7-11, Defendant Vietnam Airlines Corporation ("VNA") brings this Administrative Motion to request five pages more than previously stipulated (for a total of 15 pages) for the memorandum in support of its Motion to Dismiss the Consolidated Class Action Complaint ("CAC"), to be filed by November 23, 2009. In the course of investigating the allegations of the CAC and its potential defenses, VNA discovered a number of facts that differently situate it from its co-defendants and that relate directly to important pleadings defenses VNA intends to raise in its Motion to Dismiss. These issues unique to VNA will not be covered in the defendants' joint 50-page brief, and cannot be fully treated within the stipulated 10-page allotment for individual defendants' briefs. Accordingly, VNA asks the Court for leave to brief the matter in accordance with its Standing Order, limiting opening and opposition briefs to 15 pages, and reply briefs to 10 pages.

## II.     REASONS FOR MOTION

On September 14, 2009, plaintiffs and the majority of defendants in this matter (including VNA) filed a joint stipulation regarding the briefing of the motions to dismiss, setting a briefing schedule and page limitations (Dkt. No. 233). Declaration of Megan Dixon ("Dixon Decl.) ¶ 2. The Court signed that stipulation into Order on September 17, 2009 (Dkt. No. 238). Dixon Decl. ¶ 3. By the terms of that Order, defendants are permitted to file: (1) a joint brief not longer than 50 pages on issues common to all defendants; (2) briefs not longer than 20 pages on issues common to more than one but fewer than all defendants; and (3) *a brief not longer than 10 pages by any individual defendant on issues unique to that defendant*. *Id*. It is the limit prescribed in this category (3) from which VNA seeks relief through this motion, for the simple reason that two critical facts unique to VNA alone cannot be adequately addressed, along with VNA's fundamental Rule 8(a) arguments, in a ten-page memorandum.

First, VNA is, to the best of its understanding, the only one of the defendant airlines that does not—and cannot, as presently permitted by U.S. regulatory authorities—operate flights into or out of the United States. Dixon Decl. ¶ 4. As will be elaborated upon in its brief, this fact not surprisingly raises important defenses in a case about an alleged conspiracy to fix prices of

*transpacific* air passenger transportation. It also puts VNA in a unique position with respect to the arguments it needs to make about, for example, pleading standards under Rule 8(a) and federal subject matter jurisdiction under the Foreign Trade Antitrust Improvements Act ("FTAIA"). Although both pleading and FTAIA arguments will be addressed in joint briefing, VNA cannot rely on that common argument alone to address its situation. VNA's factual situation requires independent treatment, and thus the few requested additional pages.

Second, as will be shown through judicially noticeable documentation in VNA's briefing on the motion to dismiss, VNA is a wholly state-owned enterprise, 100% owned and directly managed by the government of the Socialist Republic of Vietnam. Dixon Decl. ¶ 5. Again, VNA feels that these facts are important to its defenses in the case, and that Vietnam's position in this regard justifies permitting it the number of pages normally allowed defendants for opening briefs in this Court.

Because it was neither named in any of the earlier actions that have been consolidated before this Court nor has it been implicated in any of the numerous worldwide air transportation investigations, at the time the above-referenced stipulation on briefing was signed, VNA had not had the opportunity to explore how facts particular to it would affect the important defenses it will raise in support of its Motion to Dismiss. Dixon Decl. at ¶ 6. When it became apparent that more space would be needed for full argument, counsel for VNA approached plaintiffs' counsel and asked that they stipulate to extending the page limitations relevant to VNA's individual motion to comply with Judge Breyer's Standing Order. *Id*. at ¶ 7. Plaintiffs' counsel expressed no opposition to the Court granting the additional pages, and indicated that it would file no opposition to this motion. *Id*. at ¶ 8.

### III.   CONCLUSION

For the foregoing reasons, VNA respectfully requests that this Court permit briefing of issues unique to it to be conducted in accordance with Judge Breyer's Standing Order, permitting 15 pages for both opening and opposition briefs, and 10 pages for a reply brief.

HOGAN & HARTSON,
LLP
ATTORNEYS AT LAW

ADMINISTRATIVE MOTION OF VIETNAM
AIRLINES CORPORATION

2

C-07-CV-05634-CRB

\\\083517/000003 - 37185 v4

1  Dated: November 17, 2009                    HOGAN & HARTSON, LLP

3                                               By: /S/ Robert B. Hawk
                                                    ROBERT B. HAWK

                                                Attorneys for Defendant
                                                VIETNAM AIRLINES CORPORATION

HOGAN & HARTSON, LLP
ATTORNEYS AT LAW

ADMINISTRATIVE MOTION OF VIETNAM
AIRLINES CORPORATION

3

C-07-CV-05634-CRB

\\\083517/000003 - 37185 v4

...

# ~~PROPOSED~~ ORDER

The Administrative Motion of Vietnam Airlines Corporation for additional pages is **GRANTED.**

It is hereby ordered that the page limits for briefing on issues unique to Vietnam Airlines Corporation will comply with Judge Breyer's Standing Order and will be as follows:

1. Vietnam Airlines Corporation may file an opening brief on issues unique to it not to exceed **15 pages**;
2. Plaintiffs may file a brief in opposition not to exceed **15 pages**;
3. Vietnam Airlines Corporation may file a reply brief not to exceed **10 pages**.

IT IS SO ORDERED.

Dated: ____November 18__, 2009     _____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

