1  JOSEPH W. COTCHETT (36324)
   jcotchett@cpmlegal.com
2  STEVEN N. WILLIAMS (175489)
   swilliams@cpmlegal.com
3  NANCI E. NISHIMURA (152621)
   nnishimura@cpmlegal.com
4  ARON K. LIANG (228936)
   aliang@cpmlegal.com
5  MATTHEW K. EDLING (250940)
   medling@cpmlegal.com
6  **COTCHETT PITRE & McCARTHY**
   840 Malcolm Road, Suite 200
7  Burlingame, CA 94010
   Tel: (650) 697-6000
8  Fax: (650) 697-0577

9  MICHAEL D. HAUSFELD             MICHAEL P. LEHMANN (77152)
   mhausfeld@hausfeldllp.com       mlehmann@hausfeldllp.com
10 **HAUSFELD LLP**                CHRISTOPHER L. LEBSOCK (184546)
   1700 k Street, N.W., Suite 650  clebsock@hausfeldllp.com
11 Washington, D.C. 20006          JON T. KING (205073)
   Tel: (202) 540-7200             jking@hausfeldllp.com
12 Fax: (202) 540-7201             **HAUSFELD LLP**
                                   44 Montgomery Street, Suite 3400
13                                 San Francisco CA  94104
                                   Tel: (415) 633-1903
14                                 Fax: (415) 358-4980

15 Attorneys for Plaintiffs and the Class

16                    **UNITED STATES DISTRICT COURT**

17                FOR THE NORTHERN DISTRICT OF CALIFORNIA

18 In Re TRANSPACIFIC PASSENGER AIR ) Civil Case No. 3:07-cv-05634-CRB
   TRANSPORTATION ANTITRUST        )
19 LITIGATION                      ) MDL No. 1913
                                   )
20 _____  ) **PLAINTIFFS' MEMORANDUM OF POINTS**
   This Document Relates to:       ) **AND AUTHORITIES IN SUPPORT OF**
21                                 ) **OPPOSITION TO ALL NIPPON AIRWAYS**
         All Actions               ) **CO., LTD'S MOTION TO DISMISS**
22                                 ) **CONSOLIDATED CLASS ACTION**
                                   ) **COMPLAINT**
23                                 )
                                   )
24                                 ) Date:  March 12, 2010
                                   ) Time:  10:00 a.m.
25                                 ) Ctrm:  8, 19th Floor
                                   ) Judge: The Honorable Charles R. Breyer
26                                 )
                                   )
27

28 
   PLAINTIFFS' MPA IN SUPPORT OF OPPOSITION TO ALL NIPPON AIRWAYS CO.,
   LTD'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT

**TABLE OF CONTENTS**

Page(s)

STATEMENT OF ISSUES TO BE DECIDED ...................................................................1

I. INTRODUCTION ....................................................................................................1

II. THE FILED RATE DOCTRINE DOES NOT BAR PLAINTIFFS' CLAIMS AGAINST ANA .........................................................................................2

    A. The Filed Rate Doctrine Does Not Apply to Rates Filed With Foreign Governments...............................................................................2

    B. ANA Has Not Established That It Filed Its Rates With the MLIT and DOT ...............................................................................................4

    C. The Filed Rate Doctrine Also Fails Because the MLIT and DOT Did Not Review Any Rates Filed by ANA .................................................5

III. PLAINTIFFS HAVE PLAUSIBLY ALLEGED THAT ANA WAS A MEMBER OF AN ILLEGAL PRICE-FIXING CONSPIRACY .............................9

IV. CONCLUSION.......................................................................................................10

PLAINTIFFS' MPA IN SUPPORT OF OPPOSITION TO ALL NIPPON AIRWAYS CO., LTD'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Airline Pilots' Association, International v. TACA International Airlines,*
  748 F.2d 965 (5th Cir. 1984) .................................................................................. 8

*Ark. La. Gas Co. v. Hall,*
  453 U.S. 571 (1981) .................................................................................................. 4

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ....................................................................................... 1, 9, 10

*Brown v. Ticor Title Ins. Co.,*
  982 F.3d 386 (9th Cir. 1992) ..................................................................................... 6

*California Retail Liquor Dealers Ass'n. v. Midcal Aluminum, Inc.,*
  445 US 97 (1980) ...................................................................................................... 4

*Credit Suisse Securities (USA) LLC v. Billing,*
  551 U.S. 264 (2007) .................................................................................................. 1

*E. & J. Gallo Winery v. Encana Corp.,*
  503 F.3d 1027 (9th Cir. 2007) ........................................................................... 2, 5, 6

*In re Air Cargo Shipping Services Antitrust Litigation,*
  2009 U.S. Dist. LEXIS 97365 (E.D.N.Y. Aug. 21, 2009) ........................................ 8

*Keogh v. Chicago & Northwestern Railway,*
  260 U.S. 156 (1922) ....................................................................................... 2, 3, 4, 5

*Kraus v. Presidio Trust Facilities Division/Residential Management Branch,*
  572 F.3d 1039 (9th Cir. 2009) ................................................................................... 5

*Laker Airways Limited v. Sabena, Belgian World Airlines,*
  731 F.2d 909 (D.C. Cir. 1984) ............................................................................... 7, 8

*Mississippi Power & Light v. Mississippi ex rel. Moore,*
  487 U.S. 354 (1988) .................................................................................................. 4

*Nantahala Power and Light Co. v. Thornburg,*
  476 U.S. 953 (1986) .............................................................................................. 3, 4

*Southern Motor Carriers Rate Conference, Inc. v. United States,*
  471 US 48 (1985) ...................................................................................................... 4

*Square D Co. v. Niagara Frontier Tariff Bureau, Inc.,*
  476 U.S. 409 (1986) .......................................................................................... 3, 4, 5

*U.S.-Japan Service Case,*
  1990 DOT Av. LEXIS 90 (D.O.T.) ........................................................................... 5

*Wileman Bros. & Elliott, Inc. v. Giannini*,
  909 F.2d 332 (9th Cir. 1990) ............................................................................................6

**STATUTES**

49 U.S.C.

  § 41301 *et seq.* .................................................................................................................8

  § 41308 ..............................................................................................................................8

§ 41510..................................................................................................................................9

**OTHER AUTHORITIES**

49 U.S.C. § 41510..................................................................................................................6

DOT Order, 1999 DOT Av. LEXIS 147.................................................................................6

Leg. history for Air Transportation Competition Act of 1979...............................................8

**STATEMENT OF ISSUES TO BE DECIDED**

(1) Whether this Court should grant antitrust immunity to ANA even though it fails to demonstrate that it files rates with the U.S. Department of Transportation and the Japanese Ministry of Land, Infrastructure and Transport that those rates have been duly reviewed and authorized, and that ANA actually charges those rates.

(2) Whether the Foreign Trade Antitrust Improvement Act bars antitrust claims involving air transportation involving at least one flight segment involving travel between the United States and Asia/Oceania.

(3) Whether the detailed allegations of the Consolidated Amended Complaint raise a plausible inference of an illegal price-fixing conspiracy under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

(4) Whether Air Transportation Agreements between Japan and the United States, which grant both countries authority to enforce their own domestic laws, implicitly preclude U.S. enforcement of its antitrust laws affecting U.S. commerce.

(5) Whether this court should hold that a wholly foreign regulatory scheme impliedly preempts the Sherman Act pursuant to *Credit Suisse Securities (USA) LLC v. Billing*, 551 U.S. 264 (2007).

**I.   INTRODUCTION**

All Nippon Airway Co., Ltd.'s ("ANA") motion to dismiss the Consolidated Amended Complaint ("CAC") makes five arguments: (1) the filed rate doctrine immunizes ANA from antitrust liability; (2) the Foreign Trade Antitrust Improvement Act ("FTAIA") precludes jurisdiction over claims against ANA for routes originating outside the United States; (3) the CAC fails to raise a plausible inference that ANA was part of an illegal price-fixing conspiracy under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("*Twombly*"); (4) the state action doctrine bars Plaintiffs' claims; and (5) the Japanese regulatory scheme impliedly preempts the Sherman Act pursuant to *Credit Suisse Securities (USA) LLC v. Billing*, 551 U.S. 264 (2007) ("*Credit Suisse*"). None of these arguments have merit for the reasons expressed below and in Plaintiffs' Opposition to the Japan Regulatory Brief.[1]

---

[1] Defendants designate the joint motion to dismiss filed by ANA, China Airlines and Thai Airways the "Japan Regulatory Brief". For the Court's convenience, Plaintiffs use the same designation herein.

1
PLAINTIFFS' MPA IN SUPPORT OF OPPOSITION TO ALL NIPPON AIRWAYS CO., LTD'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT

## II. THE FILED RATE DOCTRINE DOES NOT BAR PLAINTIFFS' CLAIMS AGAINST ANA

### A. The Filed Rate Doctrine Does Not Apply to Rates Filed With Foreign Governments

ANA's argument that the Court should dismiss Plaintiffs' claims because the Japanese government required ANA to file its rates with Japan's Ministry of Land, Infrastructure, and Transport ("MLIT") fails because: (1) no court has ever applied the filed rate doctrine to rates filed with a foreign government; and (2) the principles underlying the filed rate doctrine do not support such an extension.[2]

ANA argues that the Court should extend the filed rate doctrine – which U.S. courts have only applied to rates filed with U.S. federal and state agencies – to immunize rates filed with a *foreign* government. ANA does not and cannot cite a single case in which a court has extended the filed rate doctrine to rates filed with a foreign government. Moreover, as with ANA's state action doctrine argument, this is unsurprising because an analysis of the grounds underlying the filed rate doctrine does not support such an extension.

Under the filed rate doctrine, where Congress has given a U.S. regulatory agency authority over rates in a particular area, private plaintiffs may not challenge a rate duly filed with and approved by that agency or argue that they should have paid a different rate. *E. & J. Gallo Winery v. Encana Corp.*, 503 F.3d 1027, 1040 (9th Cir. 2007) ("*Gallo*"). This doctrine applies in certain circumstances, such as when the regulatory agency has not abdicated its authority and/or the defendants actually charge customers the rate that has been filed. *Keogh v. Chicago & Northwestern Railway*, 260 U.S. 156, 161 (1922) ("*Keogh*"), held that a private shipper could not recover treble damages against railway companies that had duly filed their rates with the Interstate Commerce Commission ("ICC") under the Interstate Commerce Act ("ICA"). Courts have subsequently applied the doctrine to the Natural Gas Act to bar some but not all claims, *see Gallo, supra* and the Federal Power Act, *see also Nantahala Power and Light Co. v. Thornburg,*

---

[2] Plaintiffs also incorporate by reference the arguments and authorities set forth in Plaintiffs' Opposition to Defendants' Joint Brief.

2
PLAINTIFFS' MPA IN SUPPORT OF OPPOSITION TO ALL NIPPON AIRWAYS CO., LTD'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT

476 U.S. 953 (1986) ("*Nantahala*"). In *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 476 U.S. 409 (1986) ("*Square D*"), the U.S. Supreme Court affirmed the doctrine on *stare decisis* grounds, despite acknowledging criticism of the doctrine.[3] *Id.* at 423; *see also Cost Management*, 99 F.3d at 944-945.

ANA cannot cite any case applying the filed rate doctrine to rates filed with a *foreign* government. The only filed-rate case that ANA cites is *Square D*, which applied the filed rate doctrine to bar antitrust damages against domestic motor carriers because they had filed their rates with the ICC. 476 U.S. at 410. ANA nevertheless claims that the filed rate doctrine bars Plaintiffs' claims "[b]ecause ANA has been subject to comprehensive tariff filing requirements in . . . Japan . . . ." (ANA Br., p. 2). Although in the Japan Regulatory Brief ANA attempts to establish that the Japanese government required ANA to file its rates with the MLIT, ANA completely omits this necessary, threshold step in its argument. This is not surprising, because an analysis of the rationale behind the filed rate doctrine shows that it is based on principles of separation of powers under the U.S. Constitution, which obviously does not support the extension of the filed rate doctrine to rates filed with a *foreign* government.

The filed rate doctrine is based primarily on the separation of powers rationale that a U.S. court should defer to a U.S. agency when Congress has delegated to that agency the authority to set or approve rates that are reasonable and non-discriminatory. *See, e.g., Keogh*, 260 U.S. at 162; *Square D*, 476 U.S. at 417 (the filed rate doctrine preserves the rate-making authority of federal agencies that has been delegated to them by Congress). The filed rate doctrine is based on

---

[3] The Supreme Court, in fact, "assume[d] that petitioners are correct in arguing that the *Keogh* decision was unwise as a matter of policy[.]" *Square D*, 476 U.S. at 420; *see also Cost Management Services, Inc. v. Washington Natural Gas Company*, 99 F.3d 937,, 944 (9th Cir. 1996) ("*Cost Management*"), in which the Ninth Circuit noted:

> The *Keogh* doctrine has been vigorously criticized by a number of leading observers. Professor Hovenkamp, for one, has argued that "[n]one of these arguments had much to be said for them at the time they were originally made, and they are even less sensible today." *Federal Antitrust Policy, supra* § 19.6 at 660; *see also* P. Areeda & H. Hovenkamp, *Antitrust Law: An Analysis of Antitrust Principles and Their Application* ¶ 227.2a, at 267-69 (Supp.1994) (arguing that modern legal developments have undermined rationales for *Keogh* doctrine).

PLAINTIFFS' MPA IN SUPPORT OF OPPOSITION TO ALL NIPPON AIRWAYS CO., LTD'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT

deference to a congressional scheme of uniform regulation. *Ark. La. Gas Co. v. Hall*, 453 U.S. 571, 579 (1981). The doctrine prevents courts from usurping a function of a co-equal branch of government. *Id see also Mississippi Power & Light v. Mississippi ex rel. Moore*, 487 U.S. 354, 371 (1988); *Nantahala*, 476 U.S. at 964 ("the doctrine is . . . designed to ensure that federal courts respect the decisions of federal administrative agencies").

Thus, the filed rate doctrine is based both on the nature of the entity to which the legislature has delegated authority – another entity within a co-equal branch of the U.S. government – and the nature of the delegated authority set forth in the U.S. statute – to set and approve reasonable and non-discriminatory rates. Neither of these rationales supports extension of the filed rate doctrine to rates filed with the Japanese government. Obviously, Japan is not a branch of the U.S. government, and does not subscribe to a "national policy in favor of competition," *California Retail Liquor Dealers Ass'n. v. Midcal Aluminum, Inc.*, 445 U. S. 97, 106 (1980), and "unfettered competition in the marketplace," *Southern Motor Carriers Rate Conference, Inc. v. United States*, 471 US 48, 61 (1985).[4] Not surprisingly, the Ninth Circuit has refused similar invitations to extend the filed-rate doctrine's reach beyond its original premise. *See Cost Management*, 99 F.3d at 945 (refusing to extend the filed rate doctrine to preclude rate-related suits brought by competitors, as opposed to customers, of regulated entities; "[t]he fact that *Square D's* endorsement of *Keogh* was only lukewarm is of particular importance here, because WNG is essentially asking us to extend *Keogh*").

### B. ANA Has Not Established That It Filed Its Rates With the MLIT and DOT

Even if the Court were inclined to extend the filed rate doctrine to rates filed with a foreign government, ANA's argument that the filed rate doctrine bars Plaintiffs' Sherman Act claims fails because while ANA requests judicial notice of voluminous documents purporting to

---

[4] For example, a 2008 report by the Office of the United States Trade Representative states, "[B]id rigging remains a continuing problem, and bold measures are needed to address this matter effectively, including by preventing government officials from assisting in bid rigging activities. The United States urges Japan to take measures to improve further Japan's competition environment." http://www.ustr.gov/sites/default/files/2008-2009-Regulatory-Reform-Recommendations.pdf, at p. 6. *See* Request for Judicial Notice ("RJN") at F.

4
PLAINTIFFS' MPA IN SUPPORT OF OPPOSITION TO ALL NIPPON AIRWAYS CO., LTD'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT

show that the MLIT and DOT required ANA to file its rates with them, ANA has not demonstrated that it actually filed its rates with the MLIT or DOT. The filed rate doctrine applies to rates that are filed, not rates that should have been filed. *See, e.g., Keogh*, 260 U.S. at 160; *Square D*, 476 U.S. at 417 ("the respondents' rates, established in the tariffs that had been filed with the ICC, . . . were . . . duly submitted, lawful rates under the Interstate Commerce Act"). As to the MLIT, none of the documents ANA requests the Court to judicially notice demonstrate that ANA filed its rates. As to the DOT, ANA proffers only one document purporting to show that it actually filed any rates, and that document lists no base fares but only a $3.20 insurance surcharge for tickets issued on/after February 3, 2005 and a $24.00 fuel surcharge for tickets issued from February 3, 2005 through September 30, 2005.[5] (CFS Text Menu Rule Category Text Display, Exh. 21 to ANA's, China Airlines' and Thai Airways' Request for Judicial Notice).[6] The filed rate doctrine is an affirmative defense; therefore the burden is on ANA to show that it applies. *See Gallo*, 503 F.3d at 1039, fn. 11. *see also Kraus v. Presidio Trust Facilities Division/Residential Management Branch*, 572 F.3d 1039 (9th Cir. 2009). Moreover, whether ANA actually filed its rates with the MLIT and/or DOT is a factual issue that is inappropriate for disposition in a Rule 12(b)(6) motion and requires further discovery. *See Gallo*, 503 F.3d at 1049 (summary judgment denied where there were factual issues concerning the existence of the *Keogh* defense).

### C. The Filed Rate Doctrine Also Fails Because the MLIT and DOT Did Not Review Any Rates Filed by ANA

Even if ANA had filed some of its rates with the MLIT, the DOT has held that "tariff filings, particularly ex-Japan, are often meaningless because of heavy discounting and other features of the distribution system in Japan[.]" *U.S.-Japan Service Case*, 1990 DOT Av. LEXIS 90 (D.O.T.) at *159. The DOT held that "fares posed by the [Japanese] airlines are rarely the

---

[5] The class period extends from January 1, 2000 to the present. CAC ¶ 1.

[6] ANA admits that since April 2008, the DOT has not required ANA to file any tariffs except for: (1) one-way coach travel between the United States and Japan; and (2) tariffs for all travel between the United States and points beyond Japan. (ANA Brief, p.2 n.2).

selling fares in the market" and that the practice is to have "high posetd prices and unposted selling fares." *Id.* at *28-29.

Furthermore, assuming that ANA filed some of its rates with the DOT, the filed rate doctrine does not apply where the regulator has "effectively abdicated its rate-making authority." *Gallo*, 503 F.3d at 1040; *see also Brown v. Ticor Title Ins. Co.*, 982 F.3d 386, 394 (9th Cir. 1992) ("*Brown*") (filed rate doctrine will not immunize rates that were the product of unlawful activity before they were filed and that were never subjected to meaningful regulatory review; "the act of filing does not legitimize a rate arrived at by improper action"); *Wileman Bros. & Elliott, Inc. v. Giannini*, 909 F.2d 332, 337-38 (9th Cir. 1990) ("*Wileman*"). As explained in more detail in Plaintiffs' Opposition to Defendants' Joint Brief, there is substantial evidence that the DOT has intentionally abdicated its regulatory authority over filed rates in an effort to promote free competition. *See, e.g.*, DOT Order, 1999 DOT Av. LEXIS 147 at *9 ("[f]or many years, the Department has consistently declined as a matter of discretion to take any action against sellers who give rebates on international air transportation in violation of 49 U.S.C. § 41510").[7] Defendants cannot point to any instance in which the DOT has ever undertaken any meaningful review of any rates filed by any defendant because no such review takes place.[8]

---

[7] Congress mandated this policy of abdication. As the DOT explained:

> After the passage of the Airline Deregulation Act of 1978 and the International Air Transportation Competition Act of 1979, many of the traditional tariff-adherence rules were recast or repealed to accommodate the pro-competitive policies of these statutes. Tariffs were eliminated altogether for domestic transportation. Many of the rules have been altered by exemption, some by legal interpretation. As a consequence, many payments and services provided to consumers in foreign air transportation are no longer considered to be proscribed rebates. Moreover, those arrangements that still technically constitute rebates are subject to a restricted enforcement policy.

*See* DOT Statement Of Enforcement Policy On Rebating, 53 Fed. Reg. 41353 (Oct. 21, 1988).

[8] ANA's argument that the filed rate doctrine also applies to unfiled rates, which ANA incorporates by reference from Defendants' Joint Brief, also fails. Plaintiffs incorporate by reference their response to that argument in their Opposition to Defendants' Joint Brief. For example, the Ninth Circuit has rejected the argument that the mere existence of a regulatory agency confers antitrust immunity under the filed rate doctrine except where it is shown that Congress specifically intended to preclude such claims. *Phonetele, Inc. v. AT&T*, 664 F.2d 716, 729 (9th Cir. 1981) ("[t]here is no general presumption that Congress intends the antitrust laws to be displaced whenever it gives an agency regulatory powers over an industry . . . . The zones of

1 The very documents proffered by Defendants to support their claims militate against application of the filed rate doctrine. The Memorandum of Understanding Between the United States and Japan (March 14, 1998) provides:

> ***Nothing in this 1998 MOU shall be construed to limit the rights of either Party to enforce its domestic competition laws*** and other laws and regulations on such issues as safety, security and environment against any airline operating services under this 1998 MOU or any of the prior agreements following an appropriate proceeding, so long as such laws and regulations do not discriminate on the basis of nationality or any other improper or inappropriate basis.

(Exh. 5 to ANA's, China Airlines' and Thai Airways' Request for Judicial Notice, at p. 26, ¶ X.C.2, emphasis added).

Defendants' argument also must fail in light of the authorities holding that foreign air carriers are not immune from antitrust liability. For example, in *Laker Airways Limited v. Sabena, Belgian World Airlines*, 731 F.2d 909 (D.C. Cir. 1984) ("*Laker Airways*"), the court of appeal held that foreign air carriers are subject to U.S. antitrust laws and are not immunized from liability simply by virtue of their governments' entry into air transportation agreements like those that ANA relies on here. The court held:

> The landing rights granted to [KLM and Sabena] are permits to do business in this country. Foreign airlines fly in the United States on the prerequisite of obeying United States law. They have offices and employees within the United States, and conduct substantial operations here. By engaging in this commercial business they subject themselves to the in personam jurisdiction of the host country's courts. They waive either expressly or implicitly other objections that might otherwise be raised in defense.

---

application of each doctrine in specific cases may be quite different, depending particularly on the specific regulatory history preceding a given lawsuit."). *See also Security Services, Inc. v. Kmart*, 511 U.S. 431, 439 (1994) ("*Kmart*") (carrier could not rely on filed rate doctrine where "in effect it had no rates on file"; because carrier is not legally "bound" to a "mutable rate[]" the doctrine does not apply); *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1237 (10th Cir. 2007) ("the failure to file a required tariff has been held to defeat the application of the filed rate doctrine"); *Lewis v. Mitchell Co.*, 1993 U. S. Dist. LEXIS 10925, *9-10 (D. Kan. July 6, 1993) (filed rate doctrine inapplicable where carrier fails to file tariff); *Chen v. Mayflower Transit, Inc.*, 315 F. Supp. 2d 886, 916 (N.D. Ill. 2004) (statutory obligation to "publish" fare does not give rise to filed rate defense where no obligation to "file" the fare with governmental agency. Most of the authority that ANA relies on concerning unfiled rates is from cases involving industries where Congress has explicitly provided for broad, exclusive power on the part of regulatory agencies, such as FERC in the wholesale electricity context. The filed rate doctrine does not apply in the same manner in the air transportation industry. *See, e.g., Aloha Airlines, Inc. v. Hawaiian Airlines, Inc.*, 489 F.2d 203 (9th Cir. 1973).

*Id.* at 924-25, 932 ("KLM and Sabena have no claim to antitrust immunity under their air service treaties"); *see also Airline Pilots' Association, International v. TACA International Airlines*, 748 F.2d 965, 969 (5th Cir. 1984) ("[t]he express language of the Air Transportation Agreement reflects that the parties did not intend the agreement to replace relevant domestic labor law."). In fact, Congress has specifically enacted legislation concerning the antitrust obligations of foreign air carriers that want to gain access to the U.S. market. 49 U.S.C. § 41301 *et seq.* establishes the framework in which foreign air carriers are able to obtain permits to operate in the U.S. Within this overarching regulatory framework, 49 U.S.C. § 41308 provides a limited antitrust exemption for foreign air carriers "[w]hen the Secretary of Transportation determines that it is in the public interest . . . ."

The Defendants are well aware that the U.S. Department of Transportation ("DOT") rarely grants antitrust immunity:

> Board decisions have emphasized that a grant of immunity is extraordinary relief, appropriate only upon a strong showing by the proponents that it is necessary to permit the transaction to proceed or that it is required in the public interest. *Antitrust exposure is a normal risk of doing business in an unregulated competitive environment and is consistent with our policy of reliance on competition to the maximum extent possible.*

*Braniff South American Route-Transfer Case*, 1983 C.A.B. LEXIS 288 at *28-29 (C.A.B.) (emphases added); *see also* S. Rep. 96-329, 1979 WL 10388, *7 (Leg. history for Air Transportation Competition Act of 1979) ("The antitrust laws remain fully applicable to . . . foreign air transportation").

Similarly, the U.S. Department of Justice ("DOJ") does not recognize the existence of air transport agreements as a limitation on its ability to prosecute violations of the antitrust laws. *See* http://www.justice.gov/opa/pr/2009/April/09-at-324.html, RJN (P) (referencing guilty pleas of 15 foreign air carriers in the related air cargo/air passenger price-fixing investigation); CAC ¶ 293. Nor has the existence of air transport agreements affected the pleading motions in *In re Air Cargo Shipping Services Antitrust Litigation*, 2009 U.S. Dist. LEXIS 97365 (E.D.N.Y. Aug. 21, 2009), *aff'g* 2008 U.S. Dist. LEXIS 107882 (E.D.N.Y. Sept. 26, 2008). In light of this strong, consistent

authority against immunizing foreign air carriers from antitrust immunity, this Court should reject ANA's filed rate defense.

### III. PLAINTIFFS HAVE PLAUSIBLY ALLEGED THAT ANA WAS A MEMBER OF AN ILLEGAL PRICE-FIXING CONSPIRACY

Plaintiffs incorporate by reference the *Twombly* argument and authorities contained in Plaintiffs' Opposition to Defendants' Joint Motion to Dismiss.

ANA's anticompetitive conduct is described in great detail in the CAC. Plaintiffs allege the following: (1) ANA entered into a multitude of code-sharing agreements under which ANA shared commercially sensitive information (CAC ¶¶ 56-57); (2) the European Competition Authority has stated that code-sharing agreements "may significantly dampen competition" *(Id.* ¶ 56); (3) ANA is a member of, and active participant in, trade organizations, including the IATA and AAPA, that have "a long history of emphasizing collusion over competition" *(id.* ¶¶ 68-74); (4) ANA participated in meetings at which IATA-immunized fares were agreed upon, and subsequently benchmarked non-immunized fares off of those prices (*id.* ¶¶ 83-110); and (5) ANA communicated with its competitors and agreed to coordinate fares *(id.* ¶¶ 111-181). These allegations include the ANA employees who participated in the communications, the specific dates on which the communications took place, and the content of the anticompetitive communications. *Id.*

Moreover, the CAC includes detailed charts showing the virtually identical pricing of ANA flights and the flights of its competitors, Thai Airways and Japan Airlines International, Ltd. ("JAL"), a phenomenon that, as alleged in the CAC, is not indicative of a competitive market. *Id.* ¶¶ 106-07. With respect to fuel surcharges, the CAC includes specific details regarding communications between ANA and its competitors in which fuel surcharges were coordinated (*Id.* ¶¶ 225-35) and provides examples of how ANA and JAL raised and lowered fuel surcharges in unison, in sharp contrast to the conduct that occurred before the class period. *Id.* ¶¶ 191-203, 232.

Accordingly, ANA's argument that Plaintiffs fail to sufficiently plead facts that give rise to a plausible inference that ANA was a member of an illegal price-fixing conspiracy fail because Plaintiffs' claims easily meet the plausibility requirements set forth by the U.S. Supreme Court in *Twombly*.

## IV.  CONCLUSION

ANA's argument that the filed rate doctrine immunizes ANA from antitrust liability fails because: (1) no court has ever extended the filed rate doctrine to apply to rates filed with *foreign* entities; (2) the rationales underlying the doctrine do not support such an extension; (3) even if the Court is willing to make that leap, ANA has not met its burden of showing that it filed its rates with the MLIT and/or the DOT; and (4) even if ANA filed some of its rates, the MLIT and DOT did not review ANA's rates.[9] Accordingly, Plaintiffs respectfully submit that the Court should deny ANA's motion to dismiss.

Dated: January 22, 2010

Respectfully submitted,

By: /s/ *Michael P. Lehmann*

Michael P. Lehmann
Christopher L. Lebsock
Jon T. King
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA  94104
Telephone: (415) 633-1908
Facsimile: (415) 358-4980

Dated: January 22, 2010

Respectfully submitted,

By: /s/ *Michael D. Hausfeld*

Michael D. Hausfeld
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile:  (202) 540-7201

---

[9] ANA's other arguments fail for the reasons set forth in Plaintiffs' Opposition to Defendants' Joint Brief.

Dated: January 22, 2010

Respectfully submitted,

By:    /s/ Joseph W. Cotchett
Joseph W. Cotchett
Nanci E. Nishimura
Steven N. Williams
Aron K. Liang
Matthew K. Edling
**COTCHETT, PITRE & MCCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile:  (650) 697-0577

Allan Steyer
Simon Goodfellow
**STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP**
One California Street, 3d Floor
San Francisco, CA 94111
Telephone: (415) 421-3400
Facsimile: (415) 421-2234
(On the Brief)

Daniel C. Girard
Aaron M. Sheanin
Elizabeth Cheryl Pritzker
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: 415-981-4800
Fax: 415-981-4846
E-mail: dcg@girardgibbs.com
        ams@girardgibbs.com
        ecp@girardgibbs.com

Walter J. Lack
Elizabeth Lane Crooke
Richard Pollard Kinnan
**ENGSTROM, LIPSCOMB & LACK**
10100 Santa Monica Boulevard, 12th Floor
Los Angeles, CA 90067
Telephone: 310-552-3800
Fax: 310-552-9434
E-mail: wlack@elllaw.com
E-mail: bcrooke@elllaw.com
E-mail: rkinnan@elllaw.com

Steven A. Kanner
William H. London
**FREED, KANNER, LONDON & MILLEN, LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Telephone:  (224) 632-4500
Facsimile:   (224) 632-4519
E-mail: kanner@fklmlaw.com

Derek G. Howard
**MURRAY & HOWARD LLP**
900 Larkspur Landing Circle, Suite 900
Larkspur, CA 94904
Telephone: 415-461-3200
Fax: 415-461-3208
E-mail: dhoward@murrayhowardlaw.com

Craig C. Corbitt
**ZELLE HOFMANN VOELBEL & MASON LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: 415-693-0700
Fax: 415-693-0770
E-mail: ccorbitt@zelle.com

---

11
PLAINTIFFS' MPA IN SUPPORT OF OPPOSITION TO ALL NIPPON AIRWAYS CO., LTD'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT

| | | |
|---|---|---|
| 1 | Jennie Lee Anderson<br>**ANDRUS ANDERSON LLP**<br>155 Montgomery Street, Suite 900<br>San Francisco, CA 94104<br>Telephone: 415-986-1400<br>Fax: 415-986-1474<br>E-mail: jennie@andrusanderson.com | Mario Nunzio Alioto<br>Lauren Clare Russell<br>**TRUMP ALIOTO TRUMP**<br>**& PRESCOTT LLP**<br>2280 Union Street<br>San Francisco, CA 94123<br>Telephone: 415-563-7200<br>Fax: 415-346-0679<br>E-mail: malioto@tatp.com<br>E-mail: laurenrussell@tatp.com |

Jeff S. Westerman
Peter Safirstein
**MILBERG LLP**
One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: 213-617-1200
Fax: 213-617-1975
E-mail: jwesterman@milberg.com
        psafirstein@milberg.com

Robert Kaplan
Laurence D. King
Jason A. Zweig
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street. Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Fax: 415-772-4707
E-mail: rkaplan@kaplanfox.com
        lking@kaplanfox.com
        jzweig@kaplanfox.com

Marc M. Seltzer
**SUSMAN GODFREY LLP**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: 310-789-3100
Fax: 310-789-3150
E-mail: mseltzer@susmangodfrey.com

Jack Wing Lee
Brad Yamauchi
Sean Tamura-Sato
**MINAMI TAMAKI LLP**
360 Post Street, 8th Floor
San Francisco, CA 94108
Telephone: 415/788-9000
Fax: 415-398-3887
E-mail: jlee@MinamiTamaki.com
        byamauchi@MinamiTamaki.com
        seant@MinamiTamaki.com

Terry Gross
**GROSS & BELSKY LLP**
180 Montgomery Street, Suite 2200
San Francisco, CA 94104
415-544-0200
Fax: 415-544-0201
E-mail: terry@gba-law.com

Susan Gilah Kupfer
**GLANCY BINKOW & GOLDBERG LLP**
One Embarcadero Center, Suite 760
San Francisco, CA 94111
Telephone: 415-972-8160
Fax: 415-972-8166
E-mail: skupfer@glancylaw.com

John G. Emerson
**EMERSON POYNTER LLP**
830 Apollo Lane
Houston, TX 77058
Telephone: 281-488-8854
Fax: 281-488-8867
E-mail: jemerson@emersonpoynter.com

Lawrence D. McCabe
**MURRAY FRANK & SAILER LLP**
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: 212 682-1818
Facsimile: 212-682-1892
E-mail: lmccabe@murrayfrank.com

12

PLAINTIFFS' MPA IN SUPPORT OF OPPOSITION TO ALL NIPPON AIRWAYS CO.,
LTD'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT

| | | |
|---|---|---|
| 1 | Thomas Girardi<br>Graham Bruce LippSmith<br>**GIRARDI & KEESE**<br>1126 Wilshire Boulevard<br>Los Angeles, CA 90017<br>Telephone: 213-977-0211<br>Fax: 213-481-1554<br>E-mail: tgirardi@girardikeese.com<br>          glippsmith@girardikeese.com | Brian Joseph Barry<br>**LAW OFFICES OF BRIAN BARRY**<br>1801 Avenue of The Stars, Suite 307<br>Los Angeles, CA 90067<br>Telephone: 310-788-0831<br>Fax: 310-788-0841<br>E-mail: bribarry1@yahoo.com |

1 Thomas Girardi
Graham Bruce LippSmith
2 **GIRARDI & KEESE**
1126 Wilshire Boulevard
3 Los Angeles, CA 90017
Telephone: 213-977-0211
4 Fax: 213-481-1554
E-mail: tgirardi@girardikeese.com
5           glippsmith@girardikeese.com

Brian Joseph Barry
**LAW OFFICES OF BRIAN BARRY**
1801 Avenue of The Stars, Suite 307
Los Angeles, CA 90067
Telephone: 310-788-0831
Fax: 310-788-0841
E-mail: bribarry1@yahoo.com

6 Stanley M. Grossman
Michael Buchman
7 Cheryl Hamer Mackell
**POMERANTZ HAUDEK BLOCK**
8 **GROSSMAN & GROSS LLP**
840 Malcolm Road
9 Burlingame, CA 94010
Telephone: 415-241-1480
10 Fax: 800-211-7194
E-mail: smgrossman@pomlaw.com
11           mbuchman@pomlaw.com
          chmackell@pomlaw.com
12

Eugene A. Spector
William G. Caldes
**SPECTOR ROSEMAN KODROFF
& WILLIS PC**
1818 Market Street, 25th Floor
Philadelphia, PA 19103
Telephone: 215-496-0300
Fax: 215-496-6611
E-mail: espector@srkw-law.com
          wcaldes@srkw-law.com

13 Christopher T. Heffelfinger
**BERMAN DE VALERIO**
14 425 California Street, Suite 2100
San Francisco, CA 94104
15 Telephone: 415-433-3200
Fax: 415-433-6382
16 E-mail: heffelfinger@bermandevalerio.com

Daniel E. Gustafson
**GUSTAFSON GLUEK PLLC**
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: 612-333-8844
Fax: 612-339-6622
E-mail: dgustafson@gustafsongluek.com

17 Dianne M. Nast
**RODA & NAST PC**
18 801 Estelle Drive
Lancaster, PA 17601
19 Telephone: 717-892-3000
Fax: 717-892-1200
20 E-mail: dnast@rodanast.com

21

W. Joseph Bruckner
**LOCKRIDGE GRINDAL
NAUEN PLLP**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: 612-339-6900
Fax: 612-339-0981
E-mail: wjbruckner@locklaw.com

22 Daniel Cohen
**CUNEO GILBERT & LADUCA, LLP**
23 507 C Street NE
Washington DC 20002
24 Telephone: 202-789-3960
Fax: 202-789-1813
25 E-mail: danielc@cuneolaw.com

Steven J. Greenfogel
**MEREDITH COHEN GREENFOGEL
& SKIRNICK, P.C.**
1521 Locust Street
8th Floor, Philadelphia, PA 19102
Telephone: 215-564-5182
Fax: 215-569-0958

26

27

28

---
13
PLAINTIFFS' MPA IN SUPPORT OF OPPOSITION TO ALL NIPPON AIRWAYS CO.,
LTD'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT

| | | |
|---|---|---|
| 1 | Vincent J. Esades | Hollis L. Salzman |
| | **HEINS MILLS & OLSON, P.L.C.** | Bernard Persky |
| 2 | 310 Clifton Avenue | Gregory S. Asciolla |
| | Minneapolis, MN 55403 | **LABATON SUCHAROW LLP** |
| 3 | Telephone: (612) 338-4605 | 140 Broadway |
| | Fax:  (612) 338-4692 | New York, New York 10005 |
| 4 | E-mail: vesades@heinsmills.com | Telephone: (212) 907-0700 |
| | | Facsimile:  (212) 818-0477 |
| 5 | | E-mail: hsalzman@labaton.com |
| | |          bpersky@labaton.com |
| 6 | |          gasciolla@labaton.com |
| | | |
| 7 | Guido Saveri | Bruce L. Simon |
| | Richard Alexander Saveri | Esther Klisura |
| 8 | Cadio R. Zirpoli | **PEARSON SIMON WARSHAW &** |
| | William John Heye | **PENNY** |
| 9 | **SAVERI & SAVERI, INC.** | 44 Montgomery St, Suite 2450 |
| | 706 Sansome Street | San Francisco, CA 94104 |
| 10 | San Francisco, CA 94111 | Telephone: (415) 433-9000 |
| | Telephone: 415-217-6810 | Fax:( 415) 433-9008 |
| 11 | Fax: 415-217-6813 | Email: bsimon@pswplaw.com |
| | E-mail: guido@saveri.com |          eklisura@pswplaw.com |
| 12 | E-mail: rick@saveri.com | |
| | E-mail: zirpoli@saveri.com | |
| 13 | E-mail: william@saveri.com | |
| | | |
| 14 | Garrett D. Blanchfield | Pierce O'Donnell |
| | Mark Reinhardt | Robert M Brava-Partain |
| 15 | **REINHARDT, WENDORF &** | **O'DONNELL & ASSOCIATES PC** |
| | **BLANCHFIELD** | 550 South Hope Street Suite 1000 |
| 16 | E-1250 First National Bank Bldg. | Los Angeles, CA 90071 |
| | 332 Minnesota St. | Tel: 213-347-0290 |
| 17 | St. Paul, MN 55101 | Fax: 213-347-0299 |
| | Telephone: 651-287-2100 | Email: pod@oslaw.com |
| 18 | Fax: 651-287-2103 |          rpartain@oslaw.com |

14

PLAINTIFFS' MPA IN SUPPORT OF OPPOSITION TO ALL NIPPON AIRWAYS CO.,
LTD'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT