JOSEPH W. COTCHETT (36324)
jcotchett@cpmlegal.com
STEVEN N. WILLIAMS (175489)
swilliams@cpmlegal.com
NANCI E. NISHIMURA (152621)
nnishimura@cpmlegal.com
ARON K. LIANG (228936)
aliang@cpmlegal.com
MATTHEW K. EDLING (250940)
medling@cpmlegal.com
**COTCHETT PITRE & McCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577

MICHAEL D. HAUSFELD
mhausfeld@hausfeldllp.com
**HAUSFELD LLP**
1700 k Street, N.W., Suite 650
Washington, D.C. 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

MICHAEL P. LEHMANN (77152)
mlehmann@hausfeldllp.com
CHRISTOPHER L. LEBSOCK (184546)
clebsock@hausfeldllp.com
JON T. KING (205073)
jking@hausfeldllp.com
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco CA  94104
Tel: (415) 633-1903
Fax: (415) 358-4980

Attorneys for Plaintiffs and the Class

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In Re TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>All Actions | Civil Case No. 3:07-cv-05634-CRB<br><br>MDL No. 1913<br><br>**PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:      March 12, 2010<br>Time:     10:00 a.m.<br>Ctrm:     8, 19th Floor<br>Judge:    The Honorable Charles R. Breyer |

**PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

Page(s)

I.    STATEMENT OF ISSUES TO BE DECIDED .................................................................1

II.   INTRODUCTION .......................................................................................................1

III.  ARGUMENT...............................................................................................................2

    A.   The Filed Rate Doctrine Does Not Bar Plaintiffs' Claims .....................................2

        1.   The Filed Rate Doctrine Does not Apply to Filings with Foreign
            Regulatory Agencies. ...................................................................................2

        2.   Cathay Pacific Fails to Establish that Its Filings with the DOT
            Support Applying the Filed Rate Doctrine to Plaintiffs' Claims................4

    B.   Plaintiffs Have Properly Pleaded A Conspiracy Under *Twombly* and *Iqbal* ...........7

IV.   CONCLUSION...........................................................................................................10

**PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

1

## TABLE OF AUTHORITIES

2

Page(s)

3

## CASES

4
*Al-Kidd v. Ashcroft,*
580 F.3d 949 (9th Cir. 2009) ............................................................................................7, 9

5

6
*Ashcroft v. Iqbal,*
129 S.Ct. 1937 (2009)........................................................................................................7, 9

7
*Bell Atlantic v. Twombly,*
550 U.S. 544 (2007) ("*Twombly*")..................................................................................... *passim*

8

9
*Brown v. Ticor Title Ins. Co.,*
982 F.2d 386 (9th Cir. 1992), ...................................................................................................6

10
*Carnation Co. v. Pacific Westbound Conference,*
383 U.S. 213 (1966)..................................................................................................................4

11

12
*Chicago Professional Sports Ltd. Partnership v. National Basketball Association,*
961 F.2d 669 (7th Cir. 1992) ....................................................................................................4

13
*Cost Management Services, Inc. v. Washington Natural Gas Company,*
99 F.3d 937 (9th Cir. 1996) ......................................................................................................8

14

15
*DiMella v. Gray Lines of Boston, Inc.,*
836 F.2d 718 (1st Cir. 1988)......................................................................................................4

16
*E.&J. Gallo Winery v. Encana Corp.,*
503 F.3d 1027 (9th Cir. 2007) ..................................................................................................2

17

18
*Erickson v. Pardus,*
551 U.S. 89 (2007)....................................................................................................................7

19
*In re Flash Memory Antitrust Litig.,*
643 F. Supp. 2d 1133 (N.D. Cal. 2009) ....................................................................................8

20

21
*In re Static Random Access Memory Antitrust Litig.,*
580 F. Supp.2d 896 (N.D.Cal. 2008). ......................................................................................8

22
*Knevelbaard Dairies v. Kraft Foods, Inc.,*
232 F.3d 979 (9th Cir. 2000) ................................................................................................7, 9

23

24
*Quillen v. Barclay's American Credit, Inc.,*
727 F.2d 1067 (11th Cir. 1984) ................................................................................................4

25
*Shaw v. Dallas Cowboys Football Club Ltd.,*
172 F.3d 299 (3d Cir. 1999); ....................................................................................................4

26

27
*Silvas v. E\*Trade Mortg. Corp.,*
514 F.3d 1001 (9th Cir. 2008) ..................................................................................................9

28

ii

**PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO
DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

*Starr v. Sony BMG Entertainment,*
   No. 08-5637-cv, 2010 U.S. App. LEXIS 768 (2d Cir. Jan. 13, 2010)..........................................8

*U.S. v. Gosselin World Wide Moving, N.V.,*
   411 F.3d 502 (4th Cir. 2005) ......................................................................................................4

*Union Labor Life Ins. Co. v. Pireno,*
   458 U.S. 119 (1982)....................................................................................................................3

*Wileman Bros. & Elliott, Inc.v. Giannini,*
   909 F.3d 332 (9th Cir. 1990) ......................................................................................................6

## STATUTES AND RULES

14 C.F.R. § 221.2(a)..........................................................................................................................5

14 C.F.R. § 221.3 ..............................................................................................................................5

## OTHER AUTHORITIES

Jim Rossi, Lowering the Tariff Shield: Judicial Enforcement for a Deregulatory Era, 56 Vand. L.
   Rev. 1591, 1599 (2003) (quoting *New York, New Haven & Hartford R.R. v. Interstate
   Commerce Comm'n*, 200 U.S. 361 (1906)...................................................................................2

DOT Order 99-4-19, 1999 D.O.T. Av. LEXIS 147 (D.O.T. April 29, 1999)....................................5

IA P. Areeda & H. Hovenkamp, *Antitrust Law* ¶ 242b at p.32 (2d ed. 2000) ...................................7

PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO
DISMISS CONSOLIDATED CLASS ACTION COMPLAINT

1    **I.    STATEMENT OF ISSUES TO BE DECIDED**

2    (1)    Whether this Court should grant antitrust immunity to Cathay Pacific even though it
3            fails to demonstrate that it files rates with the U.S. Department of Transportation and
             the Hong Kong Civil Aviation Department that those rates have been duly reviewed
4            and authorized and that Cathay Pacific actually charged those rates.

5    (2)    Whether the detailed allegations of the Consolidated Amended Complaint raise a
             plausible inference of an illegal price-fixing conspiracy under *Bell Atlantic Corp. v.*
6            *Twombly*, 550 U.S. 544, 556 (2007).

7

8    **II.    INTRODUCTION**

9            Defendant Cathay Pacific Airways Ltd.'s ("Cathay Pacific") motion to dismiss should be

10   denied.[1]   Cathay Pacific asserts that Plaintiffs' claims against it should be dismissed under the

11   filed rate doctrine because it supposedly is required to file "tariffs" with the Hong Kong Civil

12   Aviation Department ("CAD") and the U.S. Department of Transportation ("DOT") concerning

13   its air passenger service between Hong Kong and the United States. Cathay Pacific does not

14   provide any reason or authority for extending the filed rate doctrine to filings with foreign

15   agencies, and there is none. The underlying considerations of the filed rate doctrine do not

16   comport with applying the doctrine to filings in other countries. Nor does the filed rate doctrine

17   argument apply as a matter of law to Cathay Pacific's filings with the DOT, the scope and details

18   of which have not been established. Even if the filed rate doctrine were applicable to Defendant's

19   antitrust violations, important questions of fact that can only be determined through discovery

20   must be answered before any such determination could be made.

21           Cathay Pacific's challenge to the sufficiency of Plaintiffs' Consolidated Class Action

22   Complaint ("CAC") should be rejected because the CAC contains detailed and specific fact

23   allegations that demonstrate Cathay Pacific's participation in a wide-ranging conspiracy to fix the

24   price of passenger air transportation between the United States and Asia/Oceania. These

25

26

27   [1] This Opposition incorporates by reference Plaintiffs' Opposition to Defendants' Joint Motion to
     Dismiss, which Cathay Pacific joins by reference.

28                                                     1
     **PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO
     DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

1  allegations are far more detailed and specific than is required under *Bell Atlantic v. Twombly,* 550

2  U.S. 544 (2007) ("*Twombly*").

3  **III.   ARGUMENT**

4    **A.   The Filed Rate Doctrine Does Not Bar Plaintiffs' Claims**

5      **1.   The Filed Rate Doctrine Does not Apply to Filings with Foreign
           Regulatory Agencies.**

6

7    Cathay Pacific's argument that tariffs filed with the Hong Kong CAD bar Plaintiffs'

8  antitrust claims under the filed rate doctrine would, if accepted, create an entirely new and

9  unwarranted exception to U.S. antitrust laws.  No court has ever applied the filed rate doctrine to

10  filings made with a foreign regulator.  Cathay Pacific does not cite any authority supporting such

11  an extension of the filed rate doctrine, and does not provide any reason for this Court to extend

12  this doctrine to filings in other countries.

13    The underlying considerations for the filed rate doctrine do not support its application to

14  foreign filings.  "The doctrine is a judicial creation that arises from decisions interpreting federal

15  statutes that give federal agencies exclusive jurisdiction to set rates for specified utilities,

16  originally through rate-setting procedures involving filing of rates with the agencies.  The filed

17  rate doctrine was first applied to rates filed with the Interstate Commerce Commission under the

18  Interstate Commerce Act."  *E.&J. Gallo Winery v. Encana Corp.*, 503 F.3d 1027, 1033 (9th Cir.

19  2007) ("*Gallo*").   It was originally designed to "ensure equality of rates to all and destroy

20  favoritism."[2]  The underlying considerations for the filed rate doctrine, as it evolved, include

21  deference to a congressional scheme of uniform rate regulation, concern with potential usurpation

22  of a function that Congress has assigned to a regulatory body in contravention of the Supremacy

23  Clause and designated agencies' rate-making authority to set "reasonable, nondiscriminatory

24  rates."[3]  Such deference to the designated regulatory bodies is not only grounded in the separation

25
26  [2] Jim Rossi, Lowering the Tariff Shield: Judicial Enforcement for a Deregulatory Era, 56 Vand. L. Rev. 1591, 1599 (2003) (quoting *New York, New Haven & Hartford R.R. v. Interstate Commerce Comm'n*, 200 U.S. 361 (1906)).

27
28  [3] *Arkansas Louisiana Gas Co. v. Hall*, 453 U.S. 571, 579-80 (1980) ("*Arkla*"). *See also Square D Co. v. Niagara Frontier Tariff Bureau, Inc.*, 476 U.S. 409, 417 (1986) ("*Square D*") (the filed rate

2

**PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO
DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

1   of powers, but also a presumption that legislatively appointed regulatory bodies have institutional

2   competence to address rate-making issues. [4]

3        These underlying considerations for the filed rate doctrine do not support application of

4   the doctrine to filings made with foreign agencies.  Congress has not entrusted any foreign agency

5   with rate-setting authority, and therefore there is no concern with the Supremacy Clause,

6   separation of powers, or undermining a congressional scheme of uniform rate regulation.  There

7   is no basis to assume that foreign agencies are competent to set "reasonable, nondiscriminatory

8   rates."  Likewise, there is no reason to assume that foreign agencies administer and enforce

9   filings in a way that is consistent with the filed rate doctrine, or that foreign agencies can be

10  entrusted with the responsibility of maintaining the fundamental United States policy of

11  protecting competition and consumers.  In fact, as Cathay Pacific admits: "[t]hroughout the time

12  of the events alleged in the CAC, Hong Kong had no comprehensive competition or antitrust

13  statute.  That remains the case today."  Memorandum of Points and Authorities in Support of

14  Cathay Pacific Airways Ltd.'s Motion to Dismiss ("Cathay Pacific Br.") at 3 n. 3.  The

15  Agreement between the Government of Hong Kong and the Government of the United States of

16  America Concerning Air Services, which Cathay Pacific cites, was to provide "the framework for

17  air services between Hong Kong and the United States of America."  It does not provide a

18  mechanism for consumers to resolve any claims they may have with the airlines with respect to

19  overcharges.

20       The application of the filed rate doctrine to this case would be an unprecedented

21  expansion of the doctrine, which courts repeatedly have cautioned against.  As the Supreme Court

22  has stated, "our precedents consistently held that exemptions from the antitrust laws must be

23  construed narrowly."  *Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119, 126 (1982). *See also*

24

25  doctrine preserves the rate-making authority of federal agencies that has been delegated by
    Congress).

26  [4] The filed rate doctrine has been "vigorously criticized." *Cost Management Servs. v. Washington*
27  *Natural Gas Co.*, 99 F.3d 937, 944 (9th Cir. 1996) ("*Cost Management*") . Although the Supreme
    Court agreed that the doctrine "was unwise as a matter of policy," it concluded an overruling of
28  the filed rate must come from the Congress and not it. *Square D*, 476 U.S. at 420, 424.

                                              3
**PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO
DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

1 | *Square D* , 476 U.S. at 421; *U.S. v. Gosselin World Wide Moving, N.V.*, 411 F.3d 502, 508 (4th

2 | Cir. 2005) ("*Gosselin*"); *Shaw v. Dallas Cowboys Football Club Ltd.*, 172 F.3d 299, 301 (3d Cir.

3 | 1999); *Chicago Professional Sports Ltd. Partnership v. National Basketball Association*, 961

4 | F.2d 669, 671-672 (7th Cir. 1992). "This narrow construction of antitrust immunity is

5 | appropriate because the robust marketplace competition that antitrust laws protect is a

6 | fundamental national economic policy." *Gosselin*, 411 F.3d at 508 (quoting *Carnation Co. v.*

7 | *Pacific Westbound Conference*, 383 U.S. 213, 218 (1966)).

8
9

**2.   Cathay Pacific Fails to Establish that Its Filings with the DOT
Support Applying the Filed Rate Doctrine to Plaintiffs' Claims**

10 | This portion of Cathay Pacific's brief duplicates the joint brief filed by all defendants, and

11 | Plaintiffs' respectfully refer the Court to their opposition to the defendants' joint brief for a more

12 | complete discussion of why the filed rate doctrine does not bar Plaintiffs' claims.

13 | The filed rate doctrine is an affirmative defense. *Gallo*, 503 F.3d at 1039, fn. 11.  Such a

14 | defense cannot be the basis of a motion to dismiss unless the complaint itself supplies the basis.

15 | *See Quillen v. Barclay's American Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984); *DiMella v.*

16 | *Gray Lines of Boston, Inc.*, 836 F.2d 718, 720 (1st Cir. 1988).

17 | To meet its burden, Cathay Pacific must establish that on its face, the CAC shows that: (1)

18 | Cathay Pacific is required to and has indeed filed all its base fares and fuel surcharges with the

19 | DOT for its transpacific passenger transportation services; and (2) the DOT has conducted

20 | meaningful review of all filings of fares and fuel surcharges during the Class Period. This burden

21 | has not been met.  Cathay Pacific cannot establish as a matter of law that it has in fact filed the

22 | fares and especially the fuel surcharges at issue in this case, and that such fares and fuel surcharge

23 | filings, if any, were meaningfully reviewed and approved by the DOT.

24 | On the face of the statute, Cathay Pacific is required to file with the DOT only fares and

25 | baggage charges, not fuel surcharges. Cathay Pacific is required to "file with the [DOT], and

26 | provide and keep open to public inspection, *tariffs showing all fares, and charges* for foreign air

27 | transportation between points served by it … and showing… all classifications, rules, regulations,

28

4

**PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO
DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

1   practices, and services in connection with such foreign transportation." 14 C.F.R. § 221.2(a)

2   (italics added). "Passenger tariff means a tariff containing fares, charges, or governing provisions

3   applicable to the foreign air transportation of persons and their baggage." 14 C.F.R. § 221.3.

4   "Fare means the amount of per passenger or group of persons stated in the applicable tariff for the

5   air transportation thereof and includes baggage unless the context otherwise requires." *Id.*

6   "Charge means the amount charged for baggage, in excess of the free allowance, accompanying

7   or checked by a passenger or for any other service ancillary to the passenger's carriage." *Id.*

8   Notably, *fuel* surcharges are not included in the definitions of "passenger tariff," "fare" and

9   "charge."

10      It is telling that Defendants, including Cathay Pacific, unsuccessfully attempted to obtain

11   immunity from the DOT for their joint proposal for a collective fuel surcharge, in the name of a

12   "Special Enabling Resolution" of IATA. CAC, ¶¶ 184-185. The DOT did not act on this request.

13   CAC, ¶¶ 182-90. Indeed, the DOT has stated that it does not and cannot review fuel surcharges,

14   explaining: "the desire of carriers to pass on the higher costs of certain expenses discretely, such

15   as insurance and fuel, has led to such expenses being filed separately from the 'base' fare in

16   tariffs, a situation that the Department *cannot effectively monitor*."[5] Therefore, these

17   unauthorized and unmonitored fuel surcharges are outside the scope of the filed rate doctrine. *See*

18   *Gallo*, 503 F. 3d at 1048 (lack of enforcement by agency precludes application of filed rate

19   doctrine to non- FERC-authorized rates).

20      There is indication that Cathay Pacific and the other defendants have not strictly complied

21   with the applicable tariff filings in their sales. Cathay Pacific routinely sells below tariff pricings.

22   *See* DOT Order 99-4-19, 1999 D.O.T. Av. LEXIS 147 (D.O.T. April 29, 1999). The DOT has

23   declined to prosecute instances of rebating unless there is clear evidence of consumer fraud or

24

25

26   [5] Notice of Disclosure of Higher Prices for Airfare Purchased over Telephone Reservation Centers
    or at Airline Ticket Offices, and Surcharges that May Be Listed Separately in Fare
27   Advertisement, 69 Fed. Reg. 219, 65677 (D.O.T. Nov. 15, 2004), Request for Judicial Notice
    ("RJN") Exhibit DD.

28

5

**PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO
DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

1   deception, discrimination or violation of antitrust laws.[6]  Where there is routine discounting from
2   the tariff rates, the tariff rates are just a maximum amount the carriers can charge and the carrier
3   has wide discretion to choose the rate at the time of service.  The filed rate doctrine does not
4   apply in such circumstances.  *Sec. Servs. V. Kmart Corp.*, 511 U.S. 431, 444 (1994).

5        There are important fact questions that need to be resolved through discovery before
6   applying the filed rate doctrine, including whether Cathay Pacific's transpacific fares and fuel
7   surcharges at issue in this case have been filed, and whether there has been "meaningful" review
8   of Cathay Pacific's rates.  Even if Cathay Pacific submitted filings with the DOT, the true extent
9   of its filed rate defense can only be appropriately evaluated through discovery.  *See Gallo*, 503
10  F.3d at 1049 (summary judgment denied where there were factual issues concerning the existence
11  of the *Keogh* defense).

12       Whether the DOT has conducted "meaningful" review of filings is important to the
13  determination of the applicability of the filed rate doctrine in this case and can only be ascertained
14  through discovery.  In *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 393 (9th Cir. 1992), the Ninth
15  Circuit addressed whether insurance rates filed with Arizona and Wisconsin regulatory agencies
16  were entitled to protection under the filed rate doctrine.  In both states, insurance companies were
17  required to file their insurance rates with state regulatory agencies that had the power to
18  disapprove the rates.  The Court observed that the "absence of meaningful state review allows the
19  insurers to file any rates they want." 982 F.3d at 394.  "[I]f those rates were the product of
20  unlawful activity prior to their being filed and were not subject to meaningful review by the state,
21  then the fact they were filed does not make them immune from challenge." *Id. see also Wileman*
22  *Bros. & Elliott, Inc.v. Giannini*, 909 F.3d 332, 337-338 (9th Cir. 1990) ("[t]he mere fact of failure
23  [by the Secretary of Agriculture] to disapprove [rates], however, does not legitimize otherwise
24  anti-competitive conduct.").[7]

25  _____
26  [6] Statement of Enforcement Policy on Rebating, 53 Fed. Reg. 41353, 41354 (D.O.T. Oct. 21, 1988). RJN, Exhbit EE.

27  [7] In a recent Ninth Circuit decision on the filed rate doctrine, Judge Fletcher in a concurring
28  opinion cautioned against expanding the application of the filed rate doctrine to situations where
regulatory agencies do not have a standard for the determination of just and reasonable rates or

6
**PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO
DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

1    Plaintiffs respectfully submit that this Court need not determine these questions now to

2    rule on Cathay Pacific's motion to dismiss. Cathay Pacific has not proffered factual support for

3    its filed rate argument and the CAC does not supply the basis

4    **B.    Plaintiffs Have Properly Pleaded A Conspiracy Under *Twombly* and *Iqbal*[8]**

5        The CAC contains well over two hundred paragraphs of detailed fact allegations

6    concerning the existence and scope of the Transpacific Passenger Air conspiracy, and Cathay

7    Pacific's participation in that conspiracy. CAC ¶¶ 53-294. These detailed allegations are far

8    beyond the "plausibility" required under *Twombly* and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)

9    ("*Iqbal*"). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

10   factual allegations." *Twombly*, 550 U.S. at 555. Plaintiffs are only required to plead in general

11   terms "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal

12   agreement." *Id.* at 556. Two weeks after issuing *Twombly*, the Supreme Court clarified that

13   *Twombly* did not signal a switch to fact-pleading in the federal courts: "Specific facts are not

14   necessary; the statement need only give the defendant[s] fair notice of what … the claim is and

15   the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

16   *Iqbal* did not make this standard any stricter, but simply clarified that it applies to all civil actions,

17   not just antitrust cases. *See Al-Kidd v. Ashcroft*, 580 F.3d 949 (9th Cir. 2009) ("*Al-Kidd*") (*Iqbal*

18   effectuated no sea change in the law).

19       Antitrust cases should not be subject to a higher pleading standard than other cases.

20   *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000) ("*Knevelbaard*

21   *Dairies*"). An antitrust plaintiff "need only allege sufficient facts from which the court can

22   discern the elements of an injury resulting from an act forbidden by the antitrust laws." *Id.*

23

24   have not exercised active oversight. *Gallo*, 503 F.3d at 1049-50. *See also* IA P. Areeda & H.
     Hovenkamp, *Antitrust Law* ¶ 242b at p.32 (2d ed. 2000) ("[w]hen the agency merely rubber-
25   stamps private proposals or permits regulated firms to engage in anticompetitive practices with no
     substantial oversight, then antitrust immunity cannot be claimed for those practices.")

26
     [8] Cathay Pacific makes the same arguments as set forth in Defendants' Joint Motion to Dismiss.
27   Plaintiffs hereby incorporate by reference the entirety of their Oppositions to Defendants' Joint
     Motion to Dismiss.

28
                                            7
     **PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO
     DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

1   (quoting *Cost Management Services*, 99 F.3d at 944).  Post-*Twombly* decisions from this district

2   and elsewhere confirm that notice pleading is still the applicable standard for antitrust complaints.

3   *See e.g., Starr v. Sony BMG Entertainment,* No. 08-5637-cv, 2010 U.S. App. LEXIS 768 at *7-*8

4   (2d Cir. Jan. 13, 2010); *In re Flash Memory Antitrust Litig.,* 643 F. Supp. 2d 1133 (N.D. Cal.

5   2009); *In re Static Random Access Memory Antitrust Litig.*, 580 F. Supp.2d 896, 900 (N.D.Cal.

6   2008).

7       Plaintiffs have far more than met this threshold by proffering specific evidence of "price

8   coordination" efforts between Cathay Pacific and other defendants.  The allegations of the CAC

9   describe not only lockstep price changes but also explicit agreements and collusive

10  communications.  Specifically:

11      • Cathay Pacific participated in the conspiracy by sharing commercially sensitive

12          information through its code sharing agreements with competitors.  CAC ¶¶ 54-56.

13      • Cathay Pacific participated directly or indirectly in industry meetings that have been

14          deemed to be inherently anticompetitive by antitrust officials in the U.S., Europe and

15          Australia. CAC ¶¶ 66-71, 85, 89-99.

16      • Cathay Pacific and other defendants participated in meetings hosted by regional trade

17          associations in which anticompetitive conduct was encouraged or tolerated. CAC ¶¶

18          72-76.

19      • Cathay Pacific and other defendants participated in meetings at which agreements to

20          coordinate increased base passenger fares were reached. CAC ¶¶ 111-80.

21      • Cathay Pacific and other defendants participated in meetings at which passenger fares

22          were discussed and the use of IATA fares for benchmarking non-immunized fares was

23          agreed upon. CAC ¶¶ 83-105.

24      • Cathay Pacific and other defendants participated directly or indirectly in meetings at

25          which agreements to coordinate fuel surcharges were reached. CAC ¶¶ 185, 188, 204-

26          235.

27

28

8

**PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

1         • Cathay Pacific and other defendants raised fares and surcharges more than the

2             amounts necessary to offset increased costs, and in a manner inconsistent with a

3             competitive market. CAC ¶¶ 237-44.

4         • Cathay Pacific instituted surcharges in close proximity to those of its competitors, in

5             sharp contrast to conduct that occurred period to the Class Period. CAC ¶¶ 191-203.

6         • Cathay Pacific participated in discussions with its competitors on fares and fuel

7             surcharges. CAC Exhibits B-G.

8         • Criminal charges were filed against Cathay Pacific by government enforcement

9             agencies in the Untied States, Australia, and New Zealand for its participation in an

10           international cartel to fix air cargo fares and surcharges. CAC ¶¶ 275-77, 282, 289.

11           Cathay Pacific pleaded guilty to price-fixing and paid a $60 million fine in 2008 after

12           the U.S. Department of Justice commenced criminal investigation of air cargo rates on

13           international flights to and from the United States. CAC ¶275.

14       A plausible claim that satisfies scrutiny of dismissal motions "pleads factual content that

15 allows the court to draw the reasonable inference that the defendant is liable for the misconduct

16 alleged." *Iqbal*, 129 S.Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). "'Asking for plausible

17 grounds to infer' the existence of a claim for relief 'does not impose a probability requirement at

18 the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery

19 will reveal evidence' to prove that claim." *Al-Kidd*, 580 F.3d at 977, (quoting *Twombly*, 550 U.S.

20 at 556). "All allegations of material fact are taken as true and construed in the light most

21 favorable to the nonmoving party." *Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1003 (9th

22 Cir. 2008). The Court must consider the complaint as it has been alleged; the defendants may not

23 ignore or recast plaintiffs' allegations. *Knevelbaard Dairies*, 232 F.3d at 989-90. Moreover, "a

24 well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those

25 facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556

26 (citation omitted).

27

28

9

**PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

1    Cathay Pacific ignores the substantial and detailed factual allegations of explicit

2    agreements and collusive communications in the CAC. *See e.g.* CAC ¶¶ 111-79 (coordination of

3    base fare prices); ¶¶ 204-35 (coordination of fuel surcharges). Cathay Pacific has previously

4    admitted guilt and apologized for anticompetitive conduct that took place in the closely related air

5    cargo market on routes between Hong Kong and the United States during the Class Period. *Id.* ¶¶

6    275-76. These averments, taken as a whole, cannot be read narrowly to infer only parallel

7    pricing.

8    This Court denied Continental Airlines' motion to dismiss the CAC based on *Twombly.* It

9    noted that *Twombly* does not impose a probability standard, and stated that the allegations of the

10    CAC are "not illogical" and do not "defy common sense." Transcript of Hearing of November

11    13, 2009, at 10-11. Plaintiffs respectfully submit that the same conclusion should be drawn here.

12    **IV.    CONCLUSION**

13    Cathay Pacific's motion to dismiss should be denied.

14

15    Dated:  January 22, 2010                    Respectfully submitted,

16                                                By:  _/s/ Michael P. Lehmann_

17                                                Michael P. Lehmann
                                                   Christopher L. Lebsock
18                                                 Jon T. King
                                                   **HAUSFELD LLP**
19                                                 44 Montgomery Street, Suite 3400
                                                   San Francisco, CA  94104
20                                                 Telephone:  (415) 633-1908
                                                   Facsimile:  (415) 358-4980
21

22    Dated:  January 22, 2010                    Respectfully submitted,

23                                                By:  _/s/ Michael D. Hausfeld_

24                                                Michael D. Hausfeld
                                                   **HAUSFELD LLP**
25                                                 1700 K Street, NW, Suite 650
                                                   Washington, DC 20006
26                                                 Telephone:  (202) 540-7200
                                                   Facsimile:   (202) 540-7201
27

28                                                10
      **PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO
      DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

1   Dated: January 22, 2010                    Respectfully submitted,

2                                              By:    /s/ Joseph W. Cotchett
                                               Joseph W. Cotchett
3                                              Nanci E. Nishimura
                                               Steven N. Williams
4                                              Aron K. Liang
                                               Matthew K. Edling
5                                              **COTCHETT, PITRE & MCCARTHY**
                                               San Francisco Airport Office Center
6                                              840 Malcolm Road, Suite 200
                                               Burlingame, CA 94010
7                                              Telephone: (650) 697-6000
                                               Facsimile:  (650) 697-0577
8

9   Craig C. Corbitt                           Daniel C. Girard
    **ZELLE HOFMANN VOELBEL**                  Aaron M. Sheanin
10  **& MASON LLP**                            Elizabeth Cheryl Pritzker
    44 Montgomery Street, Suite 3400           **GIRARD GIBBS LLP**
11  San Francisco, CA 94104                    601 California Street, Suite 1400
    Telephone: 415-693-0700                    San Francisco, CA 94108
12  Fax: 415-693-0770                          Telephone: 415-981-4800
    E-mail: ccorbitt@zelle.com                 Fax: 415-981-4846
13  (On the Brief)                             E-mail: dcg@girardgibbs.com
                                                       ams@girardgibbs.com
14                                                     ecp@girardgibbs.com

15
    Walter J. Lack                             Steven A. Kanner
16  Elizabeth Lane Crooke                      William H. London
    Richard Pollard Kinnan                     **FREED, KANNER, LONDON**
17  **ENGSTROM, LIPSCOMB & LACK**              **& MILLEN, LLC**
    10100 Santa Monica Boulevard, 12th Floor   2201 Waukegan Road, Suite 130
18  Los Angeles, CA 90067                      Bannockburn, IL  60015
    Telephone: 310-552-3800                    Telephone:    (224) 632-4500
19  Fax: 310-552-9434                          Facsimile:    (224) 632-4519
    E-mail: wlack@elllaw.com                   E-mail: kanner@fklmlaw.com
20  E-mail: bcrooke@elllaw.com
    E-mail: rkinnan@elllaw.com
21
    Derek G. Howard                            Guido Saveri
22  **MURRAY & HOWARD LLP**                    Richard Alexander Saveri
    900 Larkspur Landing Circle, Suite 900     Cadio R. Zirpoli
23  Larkspur, CA 94904                         William John Heye
    Telephone: 415-461-3200                    **SAVERI & SAVERI, INC.**
24  Fax: 415-461-3208                          706 Sansome Street
    E-mail: dhoward@murrayhowardlaw.com        San Francisco, CA 94111
25                                             Telephone: 415-217-6810
                                               Fax: 415-217-6813
26                                             E-mail: guido@saveri.com
                                               E-mail: rick@saveri.com
27                                             E-mail: zirpoli@saveri.com
                                               E-mail: william@saveri.com
28
                                            11
    **PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO**
    **DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jennie Lee Anderson
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: 415-986-1400
Fax: 415-986-1474
E-mail: jennie@andrusanderson.com

Jeff S. Westerman
Peter Safirstein
**MILBERG LLP**
One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: 213-617-1200
Fax: 213-617-1975
E-mail: jwesterman@milberg.com
        psafirstein@milberg.com

Marc M. Seltzer
**SUSMAN GODFREY LLP**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: 310-789-3100
Fax: 310-789-3150
E-mail: mseltzer@susmangodfrey.com

Terry Gross
**GROSS & BELSKY LLP**
180 Montgomery Street, Suite 2200
San Francisco, CA 94104
415-544-0200
Fax: 415-544-0201
E-mail: terry@gba-law.com

John G. Emerson
**EMERSON POYNTER LLP**
830 Apollo Lane
Houston, TX 77058
Telephone: 281-488-8854
Fax: 281-488-8867
E-mail: jemerson@emersonpoynter.com

Mario Nunzio Alioto
Lauren Clare Russell
**TRUMP ALIOTO TRUMP
& PRESCOTT LLP**
2280 Union Street
San Francisco, CA 94123
Telephone: 415-563-7200
Fax: 415-346-0679
E-mail: malioto@tatp.com
E-mail: laurenrussell@tatp.com

Robert Kaplan
Laurence D. King
Jason A. Zweig
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street. Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Fax: 415-772-4707
E-mail: rkaplan@kaplanfox.com
        lking@kaplanfox.com
        jzweig@kaplanfox.com

Jack Wing Lee
Brad Yamauchi
Sean Tamura-Sato
**MINAMI TAMAKI LLP**
360 Post Street, 8th Floor
San Francisco, CA 94108
Telephone: 415/788-9000
Fax: 415-398-3887
E-mail: jlee@MinamiTamaki.com
        byamauchi@MinamiTamaki.com
        seant@MinamiTamaki.com

Susan Gilah Kupfer
**GLANCY BINKOW & GOLDBERG LLP**
One Embarcadero Center, Suite 760
San Francisco, CA 94111
Telephone: 415-972-8160
Fax: 415-972-8166
E-mail: skupfer@glancylaw.com

Lawrence D. McCabe
**MURRAY FRANK & SAILER LLP**
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: 212 682-1818
Facsimile: 212-682-1892
E-mail: lmccabe@murrayfrank.com

12
**PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO
DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thomas Girardi
Graham Bruce LippSmith
**GIRARDI & KEESE**
1126 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: 213-977-0211
Fax: 213-481-1554
E-mail: tgirardi@girardikeese.com
glippsmith@girardikeese.com

Stanley M. Grossman
Michael Buchman
Cheryl Hamer Mackell
**POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: 415-241-1480
Fax: 800-211-7194
E-mail: smgrossman@pomlaw.com
mbuchman@pomlaw.com
chmackell@pomlaw.com

Christopher T. Heffelfinger
**BERMAN DE VALERIO**
425 California Street, Suite 2100
San Francisco, CA 94104
Telephone: 415-433-3200
Fax: 415-433-6382
E-mail: heffelfinger@bermandevalerio.com

Dianne M. Nast
**RODA & NAST PC**
801 Estelle Drive
Lancaster, PA 17601
Telephone: 717-892-3000
Fax: 717-892-1200
E-mail: dnast@rodanast.com

Daniel Cohen
**CUNEO GILBERT & LADUCA, LLP**
507 C Street NE
Washington DC 20002
Telephone: 202-789-3960
Fax: 202-789-1813
E-mail: danielc@cuneolaw.com

Brian Joseph Barry
**LAW OFFICES OF BRIAN BARRY**
1801 Avenue of The Stars, Suite 307
Los Angeles, CA 90067
Telephone: 310-788-0831
Fax: 310-788-0841
E-mail: bribarry1@yahoo.com

Eugene A. Spector
William G. Caldes
**SPECTOR ROSEMAN KODROFF
& WILLIS PC**
1818 Market Street, 25th Floor
Philadelphia, PA 19103
Telephone: 215-496-0300
Fax: 215-496-6611
E-mail: espector@srkw-law.com
wcaldes@srkw-law.com

Daniel E. Gustafson
**GUSTAFSON GLUEK PLLC**
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: 612-333-8844
Fax: 612-339-6622
E-mail: dgustafson@gustafsongluek.com

W. Joseph Bruckner
**LOCKRIDGE GRINDAL
NAUEN PLLP**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: 612-339-6900
Fax: 612-339-0981
E-mail: wjbruckner@locklaw.com

Steven J. Greenfogel
**MEREDITH COHEN GREENFOGEL
& SKIRNICK, P.C.**
1521 Locust Street
8th Floor, Philadelphia, PA 19102
Telephone: 215-564-5182
Fax: 215-569-0958

13
**PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO
DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

Vincent J. Esades
**HEINS MILLS & OLSON, P.L.C.**
310 Clifton Avenue
Minneapolis, MN 55403
Telephone: (612) 338-4605
Fax: (612) 338-4692
E-mail: vesades@heinsmills.com

Hollis L. Salzman
Bernard Persky
Gregory S. Asciolla
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
E-mail: hsalzman@labaton.com
        bpersky@labaton.com
        gasciolla@labaton.com

Allan Steyer
Simon Goodfellow
**STEYER LOWENTHAL
BOODROOKAS ALVAREZ & SMITH
LLP**
One California Street, 3d Floor
San Francisco, CA 94111
Telephone: (415) 421-3400
Facsimile: (415) 421-2234

Bruce L. Simon
Esther Klisura
**PEARSON SIMON WARSHAW &
PENNY**
44 Montgomery St, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Fax:( 415) 433-9008
Email: bsimon@pswplaw.com
       eklisura@pswplaw.com

Garrett D. Blanchfield
Mark Reinhardt
**REINHARDT, WENDORF &
BLANCHFIELD**
E-1250 First National Bank Bldg.
332 Minnesota St.
St. Paul, MN 55101
Telephone: 651-287-2100
Fax: 651-287-2103

Pierce O'Donnell
Robert M Brava-Partain
**O'DONNELL & ASSOCIATES PC**
550 South Hope Street Suite 1000
Los Angeles, CA 90071
Tel: 213-347-0290
Fax: 213-347-0299
Email: pod@oslaw.com
       rpartain@oslaw.com

14
**PLAINTIFFS' OPPOSITION TO CATHAY PACIFIC AIRWAYS LTD.'S' MOTION TO
DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**