JOSEPH W. COTCHETT (36324)
PAUL N. "PETE" MCCLOSKEY (024541)
STEVEN N. WILLIAMS (175489)
NANCI E. NISHIMURA (152621
ARON K. LIANG (228936)
MATTHEW K. EDLING (250940)
**COTCHETT PITRE & McCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577
jcotchett@cpmlegal.com
pmccloskey@cpmlegal.com
swilliams@cpmlegal.com
nnishimura@cpmlegal.com
aliang@cpmlegal.com
medling@cpmlegal.com

MICHAEL D. HAUSFELD
mhausfeld@hausfeldllp.com
**HAUSFELD LLP**
1700 k Street, N.W., Suite 650
Washington, D.C. 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

MICHAEL P. LEHMANN (77152)
mlehmann@hausfeldllp.com
CHRISTOPHER L. LEBSOCK (184546)
clebsock@hausfeldllp.com
JOHN T. KING (205073)
jking@hausfeldllp.com
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco CA 94104
Tel: (415) 633-1908
Fax: (415) 358-4980

Attorneys for Plaintiffs and the Class

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION | Civil Case No. 3:07-cv-05634-CRB |
| | MDL No. 1913 |
| This Document Relates to: | **JOINT NOTICE OF SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANT JAPAN AIRLINES INTERNATIONAL, LTD.** |
| All Actions | |

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD:**

Please take notice that Plaintiffs and Defendant Japan Airlines International, Ltd. ("JAL"), by and through their counsel, entered into the attached Settlement Agreement on July 6, 2010.

Pursuant to Section 16.2 of the Settlement Agreement, JAL expressly represents that it has obtained all required approvals from its management and trustees for this Settlement Agreement. JAL further represents that the Tokyo District Court overseeing its corporate reorganization has approved the Settlement Agreement and that notice of this Settlement Agreement will be filed in the Chapter 15 proceeding captioned *In Re Japan Airlines Corporation et al.*, Case No. 10-10198 (JMP) which is currently pending before The Honorable James M. Peck in the United States Bankruptcy Court for the Southern District of New York.

Subject to any direction provided by the Court, Plaintiffs intend to seek an order preliminarily approving the Settlement Agreement at an appropriate time convenient to the Court and counsel for the parties.

Dated: July 20, 2010           Respectfully submitted,

By: /s/Christopher L. Lebsock
Michael P. Lehmann (77152; mlehmann@hausfeldllp.com)
Christopher L. Lebsock (184546;
    clebsock@hausfeldllp.com.com)
Jon T. King (205073; jking@hausfeldllp.com.com)
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile: (415) 358-4980

Michael D. Hausfeld (mhausfeld@hausfeldllp.com)
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

By: /s/Steven N. Williams
Joseph W. Cotchett (36324; jcotchett@cpmlegal.com)
Paul N. "Pete" McCloskey (024541;
pmccloskey@cpmlegal.com)
Nanci E. Nishimura (152621; nnishimura@cpmlegal.com)
Steven N. Williams (175489; swilliams@cpmlegal.com)
Aron K. Liang (228936; aliang@cpmlegal.com)

1

JOINT NOTICE OF SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANT JAPAN AIRLINES INTERNATIONAL, LTD.

1    Matthew K. Edling (250940; medling@cpmlegal.com)
     **COTCHETT, PITRE & MCCARTHY**
2    San Francisco Airport Office Center
     840 Malcolm Road, Suite 200
3    Burlingame, CA 94010
     Telephone:  (650) 697-6000
4    Facsimile:   (650) 697-0577

5    ***Counsel for Plaintiffs and Settlement Class Counsel***

6    By:_/s/William Karas
     William Karas
7    Kenneth Ewing
     **STEPTOE & JOHNSON LLP**
8    1330 Connecticut Avenue, NW
     Washington, D.C. 20036
9    Telephone:  (202) 429-8126
     Facsimile:  (202) 429-8126
10

11   ***Counsel for Japan Airlines International Company, Ltd.***

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        2
     JOINT NOTICE OF SETTLEMENT BETWEEN PLAINTIFFS AND DEFENDANT JAPAN AIRLINES
     INTERNATIONAL, LTD.

CONFIDENTIAL – FRE 408

Joseph W. Cotchett (36324; jcotchett@cpmlegal.com)
Paul N. McCloskey (024541; pmccloskey@cpmlegal.com)
Steven N. Williams (175489; swilliams@cpmlegal.com)
Nanci E. Nishimura (152621; nnishimura@cpmlegal.com)
Aron K. Liang (228936; aliang@cpmlegal.com)
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Michael P. Lehmann (77152; mlehmann@hausfeldllp.com)
Christopher Lebsock (184546; clebsock@hausfeldllp.com)
**HAUSFELD LLP**
44 Montgomery Street
San Francisco, CA 94111
Telephone: (415) 633-1908
Facsimile: (415) 358-4980

Michael D. Hausfeld (mhausfeld@hausfeldllp.com)
**HAUSFELD LLP**
1700 K Street, Suite 650
Washington, D.C. 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

*Interim Co-Lead Counsel*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION | Case No. 07-cv-05634-CRB<br><br>MDL No. 1913<br><br><br>Honorable Charles R. Breyer |
| This Document relates to:<br><br>ALL ACTIONS | SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND JAPAN AIRLINES INTERNATIONAL COMPANY, LTD. |

CONFIDENTIAL -- FRE 408

This Settlement Agreement, dated July 6, 2010 (the "Settlement Agreement"), is made
and entered into by and among defendant Japan Airlines International Company, Ltd. ("JAL")
and Meor Adlin, Franklin Ajaye, Andrew Barton, Lori Barrett, Larry Chen, Rachel Diller, Scott
Frederick, David Kuo, Dickson Leung, Brendan Maloof, David Murphy, Titi Tran, and Donald
Wortman ("Plaintiffs"), individually and as representatives of the class of similarly situated
plaintiffs as more specifically defined below, in the MDL class action In re Transpacific
Passenger Air Transportation Antitrust Litigation, 07-cv-5634-CRB, MDL No. 1913, currently
pending before the Honorable Charles R. Breyer in the United States District Court for the
Northern District of California, San Francisco Division.

WHEREAS, Plaintiffs have filed a complaint alleging, among other things, that JAL
participated in an unlawful conspiracy or conspiracies to restrain trade, pursuant to which JAL
and other defendants ("Defendants") agreed to fix, raise, maintain, and/or stabilize prices for air
passenger travel, including associated surcharges, for international flights involving at least one
flight segment between the United States and Asia/Oceania

WHEREAS, Interim Class Counsel have concluded, after an investigation into the facts
and the law, and after carefully considering the circumstances of claims made by Plaintiffs and
the Class, and the possible legal and factual defenses thereto, that it is in the best interests of
Plaintiffs and the Settlement Class to enter into this Settlement Agreement with JAL to avoid the
uncertainties and risks of litigation, and that the Settlement set forth herein is fair, reasonable,
adequate and in the best interests of the Settlement Class.

WHEREAS, JAL has concluded, despite its belief that its conduct did not cause any
consumer harm and that it has good defenses with respect to Plaintiffs' claims for damages, that

CONFIDENTIAL – FRE 408

it is in its best interests to enter into this Settlement Agreement to avoid the uncertainties, risks and costs of litigation..

WHEREAS, Interim Class Counsel and JAL have engaged in arm's-length settlement negotiations with the assistance of a Mediator, and have reached this Settlement Agreement, which embodies all of the terms and conditions of the Settlement between Plaintiffs and JAL, subject to approval of the Court.

WHEREAS, there has been a corporate reorganization filing in Japan and related Chapter 15 filing in U.S. Bankrupcty Court for the Southern District of New York by JAL (and certain related parties).

NOW, THEREFORE, it is agreed by the undersigned, on behalf of JAL, Plaintiffs, and the Settlement Class, that the Actions and all claims of Plaintiffs and the Settlement Class be settled, compromised and dismissed on the merits and with prejudice as to JAL and, except as hereinafter provided, without costs as to Plaintiffs, the Settlement Class or JAL, subject to court approval, on the following terms and conditions:

1.   **Definitions**

1.1.   "Actions" means the class action captioned In re Transpacific Passenger Air Transportation Antitrust Litigation, 07-cv-5634-CRB, MDL No. 1913, currently pending before the Honorable Charles R. Breyer in the United States District Court for the Northern District of California, San Francisco Division, and all actions relating to the same claims alleged in Plaintiffs' Consolidated Class Action Complaint filed in that litigation that were originally filed in the United States District Court for the Northern District of California and those that have been or are subsequently transferred to such court by the Judicial Panel on Multidistrict Litigation as part of MDL No. 1913.

CONFIDENTIAL – FRE 408

1.2. "Court" means the United States District Court for the Northern District of California.

1.3. "Effective Date" means the earliest date on which all of the events and conditions specified in paragraph 7 herein have occurred or have been met.

1.4. "Judgment" means a final order of judgment, dismissal, and approval of the Settlement, to be rendered by the Court substantially in the form of Attachment A.

1.5. "Mediator" means Hon. Daniel H. Weinstein (Ret.).

1.6. "Parties" means Plaintiffs, Settlement Class Members, and JAL.

1.7. "Defendants" means Air France, Air New Zealand, All Nippon Airways Company, Limited, Cathay Pacific Airways Limited, China Airlines Limited, Continental Airlines, Inc., Deutsche Lufthansa AG, EVA Airways Corporation, KLM Royal Dutch Airline, Malaysian Airline System Berhad, Philippine Airlines, Inc., Qantas Airways Limited, SAS AB, Singapore Airlines Limited, Swiss International AG, Thai Airways International Public Co., Ltd., and Vietnam Airlines.

1.8. "Person" means an individual or an entity.

1.9. "Plaintiffs" means Meor Adlin, Franklin Ajaye, Andrew Barton, Lori Barrett, Larry Chen, Rachel Diller, Scott Frederick, David Kuo, Dickson Leung, Brendan Maloof, David Murphy, Titi Tran, and Donald Wortman, and any other plaintiffs designated by the Court as class representatives, individually and on behalf of the Settlement Class.

1.10. "Preliminary Approval Order" means an order preliminarily approving the Settlement, to be rendered by the Court.

1.11. "Released Claims" means any and all claims, demands, actions, suits, and causes of action, whether class, individual, or otherwise in nature, that the Releasing Parties, or any one

CONFIDENTIAL – FRE 408

of them, ever had, now has, or hereafter can, shall, or may have, directly, representatively,

derivatively, or in any other capacity, against the Released Parties, on account of, arising from,

or in any way related to, the pricing of passenger air transportation by JAL or Defendants,

without limitation, with respect to such pricing or fuel surcharges or any other element of,

component of, or surcharge upon such pricing, and with respect to the facts, occurrences,

transactions or other matters that were alleged or could have been alleged in the Consolidated

Class Action Complaint in the above-captioned matter or in the complaints in any of the Actions

arising out of the conspiracy or conspiracies between JAL and Defendants to fix the prices of

passenger air transportation, whether such claims are based on federal, state, local, statutory, or

common law, or any other law, code, rule, or regulation of any country or other jurisdiction

worldwide, regardless of whether such claims are known or unknown, suspected or unsuspected,

asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated,

regardless of legal theory, and regardless of the type or amount of relief or damages claimed.

    1.12. "Released Parties" means, jointly and severally, individually and collectively:

JAL, its present and former parents, subsidiaries, divisions and affiliates, each of their respective

past and present officers, directors, employees and agents, and the predecessors, successors,

heirs, executors, administrators, and assigns of each of the foregoing ("JAL Releasees").

Released Parties does not include any defendant in this action other than JAL.

    1.13. "Releasing Parties" means, individually and collectively: Plaintiffs and all

Settlement Class Members who do not exclude themselves from the Settlement Class in the

manner directed by the Court in its order preliminarily approving this Settlement.

    1.14. "Settlement Class Counsel" means the law firms of Cotchett Pitre & McCarthy,

San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, CA 94010 and

CONFIDENTIAL – FRE 408

Hausfeld, LLP, 44 Montgomery Street, San Francisco, CA, 94104 and 700 K Street, Suite 650, Washington, DC 20006.

1.15. "Settlement Class Members" means, collectively, all members of the Settlement Class as defined in paragraph 2.1 herein.

1.16. "Settlement Fund" shall mean those monies representing the consideration to be paid by JAL pursuant to paragraph 10.1 of this Agreement and any interest or earnings relating to such consideration as provided for herein.

## 2. Class Certification

In connection with Plaintiffs' motion for preliminary approval of the Settlement, pursuant to paragraph 3.1 herein, the Parties shall seek certification of the following Settlement Class:

Settlement Class: All persons and entities that purchased passenger air transportation at rates that were not immunized by the United States Department of Transportation and which included at least one flight segment between the United States and Asia or Oceania from Defendants or their co-conspirators, or any predecessor, subsidiary or affiliate thereof, at any time between January 1, 2000 and February 1, 2010. Excluded from the class are purchases of passenger air transportation directly between the United States and the Republic of South Korea purchased from Korean Air Lines, Ltd. and/or Asiana Airlines, Inc. Also excluded from the class are governmental entities, Defendants, any parent, subsidiary or affiliate thereof, and Defendants' officers, directors, employees and immediate families.

CONFIDENTIAL – FRE 408

**3. Motion for Preliminary Approval**

3.1. Plaintiffs shall file with the Court a motion, which shall be supported by JAL, requesting entry of a Preliminary Approval Order, *inter alia*:

    (a)    preliminarily approving the Settlement;

    (b)    scheduling a hearing (the "Fairness Hearing") to consider (i) whether the Settlement should be approved as fair, reasonable, and adequate to Settlement Class Members, and whether the Judgment should be entered dismissing the claims of Plaintiffs and all Settlement Class Members on the merits and with prejudice; and (ii) whether to approve any application by Settlement Class Counsel for an award of attorneys' fees and payment of costs and expenses;

    (c)    certifying the Settlement Class, and finding that each element for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure is met;

    (d)    approving the Parties' proposed methods for giving notice of the Settlement and the Fairness Hearing to Settlement Class Members;

    (e)    approving the Parties' proposed forms of notice;

    (f)    setting the date by which any Settlement Class Member who seeks exclusion from a Settlement Class must submit a Request for Exclusion, which shall, subject to the Court's approval, be a date no earlier than forty-five (45) days after notice is given to Settlement Class Members, and no later than fourteen (14) days prior to the Fairness Hearing;

    (g)    setting the date by which any Settlement Class Member may serve written objections to the Settlement or to any application by Settlement Class Counsel for

CONFIDENTIAL – FRE 408

> attorneys' fees and expenses, which shall, subject to the Court's approval, be
> fourteen (14) days prior to the Fairness Hearing; and
>
> (h) enjoining initiation, commencement, or prosecution of any action or claim
> that is subject to the release and dismissal contemplated by this Settlement, by any
> Releasing Party.

3.2. Plaintiffs shall seek, and JAL shall support, certification solely for purposes of
this Settlement of the Settlement Class as defined herein, and appointment of Settlement Class
Counsel as lead counsel for purposes of this Settlement Agreement.

3.3. JAL shall have the right to review Plaintiffs' draft motion for preliminary
approval at least three (3) business days in advance of such filing being made.

## 4. Notice to Settlement Class Members

4.1. In accordance with the requirements of Federal Rule of Civil Procedure 23 and
due process, individual notice shall be given to Settlement Class Members for whom JAL
currently has email or physical address, such Settlement Class Members having been determined
by the Parties to be those whom the Parties can identify with reasonable effort, in accordance
with Federal Rule of Civil Procedure 23. In addition, in order to provide notice of the settlement
to those Settlement Class Members who do not receive individual notice pursuant to paragraph
4.1 herein, notice shall be given by publication in such manner and scope as is reasonable, and
consistent with the requirements of Federal Rule of Civil Procedure 23, and may include direct
notice to be provided to class members who purchased travel from other defendants in this action
based upon contact information to be provided by those defendants, including but not limited to
through frequent flyer program information concerning such class members. Plaintiffs shall
develop, with the cooperation of JAL, the details of the publication notice program. The Parties

CONFIDENTIAL – FRE 408

shall submit an agreed publication notice program to the Court or, in the absence of agreement upon the publication notice program, Plaintiffs shall submit their proposed publication notice program to the Court and JAL shall submit any objections within 10 days thereafter.

    4.2.    If any other class is certified by the Court in these Actions, the parties to this Settlement Agreement agree that the notice program to be implemented pursuant to this Settlement Agreement may be combined with notice of such other class(es) as may be certified by the Court.

    4.3.    The costs and expenses associated with providing notice of the settlement to members of the Settlement Class pursuant to the Court-approved notification plan shall be paid from the Settlement Fund and JAL shall have no further obligation to pay for the costs and expenses of providing notice of the Settlement to members of the Settlement Class.

**5.    Requests for Exclusion**

    5.1.    Any Person that wishes to seek exclusion from the Settlement Class must timely submit a written request for exclusion as provided in this paragraph (a "Request for Exclusion"). Any Person who timely submits a Request for Exclusion shall be excluded from the Settlement Class, shall have no rights with respect to this Settlement Agreement, and shall receive no benefits as provided in this Settlement Agreement. A Request for Exclusion must be in writing and state the name, address, and telephone number of the Person(s) seeking exclusion. A Request for Exclusion must be mailed to Settlement Class Counsel at the address provided in the notices to Settlement Class Members and postmarked (or mailed by overnight delivery) no later than fourteen (14) days prior to the date set for the Fairness Hearing or any other date set by the Court.

CONFIDENTIAL -- FRE 408

     5.2.     Settlement Class Counsel shall forward each Request for Exclusion to JAL's counsel within three (3) business days of receipt.

## 6.    Fairness Hearing

     6.1.     At the Fairness Hearing, Plaintiffs and JAL shall jointly seek entry of a Judgment *inter alia*:

     (a)     finally approving the Settlement and its terms as being fair, reasonable, and adequate, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing its consummation according to its terms;

     (b)     determining that the notices to Settlement Class Members constituted, under the circumstances, the most effective and practicable notice of this Settlement Agreement and the Fairness Hearing, and constituted due and sufficient notice for all other purposes to all Persons entitled to receive notice;

     (c)     directing that, as to JAL, the Actions be dismissed with prejudice and, except as provided for in this Settlement Agreement, without costs;

     (d)     permanently barring and enjoining the institution, commencement, or prosecution, by any of the Releasing Parties, of any action asserting any Released Claim against the Released Parties, in any local, state, federal, or other court of any nation, or in any agency or other authority or arbitral or other forum wherever located;

     (e)     providing that any Settlement Class Member who fails to object in the manner prescribed in the Settlement Agreement shall be deemed to have waived any objections to the settlement and the Settlement Agreement and will forever be

CONFIDENTIAL – FRE 408

> barred from making any such objections to the Settlement or the Settlement
> Agreement;
>
> (f)    retaining exclusive jurisdiction over the settlement and this Settlement
> Agreement, including the administration and consummation of the settlement; and
>
> (g)    determining under Federal Rule of Civil Procedure 54(b) that there is no
> just reason for delay and directing that the judgment of dismissal as to JAL shall
> be final and entered forthwith.

6.2.    Any Settlement Class Member who has not requested exclusion from the
Settlement Class and who objects to the Settlement may appear at the Fairness Hearing in person
or through counsel, at their own expense, to present any evidence or argument with respect to the
settlement, to the extent permitted by the Court. However, no such Settlement Class Member
shall be heard, and no papers, briefs, pleadings, or other documents shall be received and
considered by the Court unless such Settlement Class Member properly submits a written
objection that includes (a) notice of their intention to appear, (b) proof of membership in a
Settlement Class, and (c) the specific grounds for the objection. Such a written objection must
be filed with the Court no later than fourteen (14) days prior to the date set for the Fairness
Hearing, and mailed to Settlement Class Counsel and JAL's counsel, postmarked no later than
fourteen (14) days prior to the date of the Fairness Hearing. Any Settlement Class Member who
fails to object in the manner prescribed herein shall be deemed to have waived any objections to
the settlement and this Settlement Agreement and will forever be barred from making any such
objections to the Settlement or this Settlement Agreement.

CONFIDENTIAL – FRE 408

7.    **Effective Date of Agreement**

This Settlement Agreement shall become final and effective on the earliest date on which all of the following events and conditions have occurred or have been met (the "Effective Date"):

(a)    The Settlement Agreement has been approved, to the extent required, by (i) the trustee supervising JAL's corporate reorganization in Japan, (ii) the Japanese court having jurisdiction over JAL's corporate reorganization, and (iii) the United States Bankruptcy Court for the Southern District of New York (*In re Japan Airlines Corporation, et al.*, Case No. 10-10198 (JMP));

(b)    the Court has entered the Judgment, following notice to the Settlement Class and the Fairness Hearing, approving this Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and dismissing the Actions against JAL with prejudice as to all Settlement Class Members, and without costs except as specified herein; and

(c)    the time for appeal or to seek permission to appeal from the Judgment has expired or, if appealed, approval of this Settlement Agreement and the Judgment has been affirmed in its entirety by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review. It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times.

8.    **Release and Covenant not to Sue**

8.1.    Upon the Effective Date, and in consideration of the good and valuable consideration set forth in this Settlement Agreement, the sufficiency and receipt of which is hereby acknowledged, each of the Releasing Parties shall be deemed to have, and by operation of

CONFIDENTIAL – FRE 408

the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all
Released Claims against the Released Parties, shall have covenanted not to sue any of the
Released Parties with respect to all such Released Claims, and shall be permanently barred and
enjoined from instituting, commencing, prosecuting or asserting any such Released Claim
against any of the Released Parties.

8.2.W     ith respect to any and all Released Claims, the Parties stipulate and agree that,
upon the Effective Date, Plaintiffs shall expressly waive, and, upon the Release Date, each of
the Releasing Parties shall be deemed to have waived, and by operation of the Judgment shall
have waived, the provisions, rights, and benefits of California Civil Code Section 1542 and
South Dakota Codified Laws Section 20-7-11 (to the extent either or both of them apply to the
Actions), each of which provides that "[a] general release does not extent to claims which the
creditor does not know or suspect to exist in his favor at the time of executing the release, which
if known by him must have materially affected his settlement with the debtor," and of any
similar provision, statute, regulation, rule, or principle of law or equity of any other state or
territory of the United States or any other applicable jurisdiction. Plaintiffs and Releasing
Parties expressly acknowledge that they may hereafter discover facts in addition to or different
from those that any of them or their counsel now knows or believes to be true with respect the
subject matter of the Released Claims or otherwise, but upon the Effective Date each Plaintiff
shall expressly have, and, upon the Release Date, each Releasing Party shall be deemed to have,
and by operation of the Judgment shall have, fully, finally, and forever settled and released any
and all Released Claims, known or unkown, suspected or unsuspected, contingent or non-
contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon
any theory of law or equity now existing or coming into existence in the future, including, but

CONFIDENTIAL – FRE 408

not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery of existence of such different or additional facts. Plaintiffs acknowledge, and the Releasing Parties shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

    8.3.    Upon the Effective Date, and as part of the Judgment, JAL will waive any claim for indemnity or contribution, however denominated, against any of the defendants in the Actions other than JAL, arising out of or related to the claims or allegations asserted by Plaintiffs in the Actions, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, and whether asserted in the Actions, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, or elsewhere, and all such claims shall be deemed extinguished, discharged, satisfied and unenforceable.

**9.    Reservation of Settlement Class Members' Rights Against Other Defendants**

    All rights of any Settlement Class Member against any co-conspirator or any other Person other than the Released Parties are specifically reserved by Plaintiffs and the Settlement Class Members. The sales of passenger air transportation by JAL shall, to the extent permitted and/or authorized by U.S. law, remain in the case against any other future defendants in the Actions as a potential basis for damage claims and shall be part of any joint and several liability claims against future defendants in the Actions or other persons or entities other than the Released Parties.

CONFIDENTIAL – FRE 408

**10.    Settlement Consideration**

10.1.    The total monetary amount payable by JAL (comprising class damages, costs of class notice and administration, and attorneys fees and costs) in settlement of all claims relating to the Actions, whether purchased in the United States or outside the United States, will be determined as follows:

> A.    U.S.D. $10 million, if any damages claims against any defendant headquartered in Japan survives the currently pending motions to dismiss filed in the Actions on November 23, 2009; or

> B.    nothing, if no damages claims against any defendant headquartered in Japan survive the motions to dismiss currently pending in MDL 1913.

10.2.    Whether damages claims as described in paragraph 10.1(A) and (B) have survived will be determined 30 days after the occurrence of the last of the following events (should they take place):  (1) entry of an order by the  Court on the currently pending motions to dismiss, including the entry of any order on a motion for reconsideration of the order on the currently pending motions to dismiss, (2) the entry of an order by the District Court denying any request by any defendant headquartered in Japan or Plaintiffs for permission to petition for interlocutory appeal pursuant to 28 U.S.C. §1292(b) from the District Court's order on the currently pending motions to dismiss, (3) the entry of an order by the Court of Appeals denying any defendant headquartered in Japan  or the Plaintiffs' petition for interlocutory appeal of the District Court's order on the currently pending motions to dismiss, or (4) the filing of an opinion on the merits by the Court of Appeals concerning the District Court's order on the currently pending motions to dismiss.  In order for the events identified in (2)-(4) to delay the determination of whether any defendant headquartered in Japan has survived the currently pending motions to dismiss, the

CONFIDENTIAL – FRE 408

District Court must enter an order permitting either any defendant headquartered in Japan or the Plaintiffs to petition for interlocutory appeal pursuant to 28 U.S.C. §1292(b) within 30 days after entry of the order by the District Court on the currently pending motions to dismiss, or either any defendant headquartered in Japan or the Plaintiffs must request such permission in writing within 30 days after entry of the District Court's order on the currently pending motions to dismiss. In the event that the District Court's order on the currently pending motions to dismiss would trigger JAL's obligations under paragraph 10.1(A), but a delay occasioned by one of the events identified in (2)-(4) of this paragraph has occurred, JAL will immediately deposit the sum identified in paragraph 10.1(A) into an escrow account (the "Escrow Account") established by Plaintiffs. The deposited sum shall be held in the Escrow Account until either the delaying events identified in (2)-(4) of this paragraph are resolved in Plaintiffs' favor and there is an order from the District Court concerning distribution or use of the sum identified in paragraph 10.1(A), or in the event that it is determined that the damages claims against any defendant headquartered in Japan do not survive the currently pending motions to dismiss, then the sum deposited in the Escrow Account will be returned to JAL immediately. For the avoidance of doubt, paragraph 10.1(A) shall apply even if some damages claims against any defendant headquartered in Japan survive the motions to dismiss (and any interlocutory appeal therefrom) but are subsequently dismissed at a later stage in the proceedings. For the further avoidance of doubt, paragraph 10.2(B) shall apply if all claims for damages against any defendant headquartered in Japan are dismissed but claims for injunctive relief survive.

    10.3.   The Escrow Account will be established at a bank located within the Northern District of California, with such Bank serving as escrow agent ("Escrow Agent") subject to

CONFIDENTIAL – FRE 408

escrow instructions mutually acceptable to Settlement Class Counsel and JAL, such escrow to be administered under the Court's continuing supervision and control.

10.4.    The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, or money market funds invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then-current market rates.

10.5.    All funds held in the Escrow Account shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Settlement Agreement and/or further order(s) of the Court.

10.6.    Plaintiffs and JAL agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph 10.6, including the "relation-back election" (as defined in Treas. Reg. 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

10.7.    For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or

CONFIDENTIAL – FRE 408

advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(1)). Such returns (as well as the election described in paragraph 10. 6) shall be consistent with paragraph 10. 6 and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in paragraph 10.8 hereof.

10.8. All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon JAL or any other JAL Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of paragraphs 10. 6 through 10. 8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in paragraph 10.7 ("Tax Expenses")), shall be paid out of the Settlement Fund.

10.9. Neither JAL nor any other JAL Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2 (1)(2)). Neither JAL nor any other JAL Releasee is responsible nor shall they have

CONFIDENTIAL – FRE 408

any liability therefor. Plaintiff and JAL agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of paragraphs 10.3 through 10.-9.

10.10. If this Agreement does not receive final Court approval, or if the Actions are not certified as a class action for settlement purposes, then all amounts paid by JAL into the Settlement Fund (other than costs that may already have been incurred or expended in accordance with paragraphs 4.3 and 11) shall be promptly returned to JAL from the Escrow Account by the Escrow Agent along with any interest accrued thereon.

10.11. If, after all costs (including notice costs), attorneys' fees, and any other expenses have been paid from the Settlement Fund, there are any remaining funds, they shall be distributed pro-rata to the Settlement Class, or in Settlement Class Counsel's reasonable judgment, be made the subject of an application to the Court by Plaintiffs for *cy pres* distribution in accordance with governing standards in the Ninth Circuit.

## 11. Administration of the Settlement

The costs and expenses of administration of the settlement pursuant to the terms of this Settlement Agreement shall be paid out of the Settlement Fund. The Claims Administrator(s) shall, on a monthly basis, submit invoices, with appropriate supporting documentation, to Settlement Class Counsel for payment from the Escrow Account. To the extent practicable the administration of this Settlement shall be coordinated with the administration of other aspects of these Actions, including, but not limited to, any other settlement(s) entered into between Plaintiffs and any other settling defendant(s) and/or the administration of any recovery obtained on behalf of the class by summary judgment or trial.

CONFIDENTIAL – FRE 408

## 12. Withdrawal From or Modification of the Settlement

If the Court declines to approve this Settlement Agreement or any material part hereof, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the Judgment, or .f the Court enters the Judgment and appellate review is sought and, on such review, such Judgment is not affirmed or is materially modified, then JAL and Plaintiffs shall each, in their respective sole discretion, have the option to rescind this Settlement Agreement in its entirety.

## 13. Cooperation

13.1.    JAL agrees to perform the following acts:

(a)    JAL will provide to plaintiffs copies of all documents previously made available for review by Settlement Class Counsel, solely for their use in the Actions. All those documents will be produced to Settlement Class Counsel subject to—and Settlement Class Counsel will assert during any discovery in MDL 1913—that the documents are confidential pursuant to any protective order entered by the court in the Actions. Production will take place within five business days after the signing of this Agreement.

(b)    meeting and conferring regarding any additional documents to be produced;

(c)    providing assistance reasonably necessary to establish the admissibility of all documents it has produced, including, as reasonably necessary, producing at trial in person, by deposition or by affidavit, whichever is legally required, representatives to testify as to the genuineness, status as business records, and authenticity of documents;

(e)    meeting and conferring on making available no more than than four (4) employees as declarant(s) with knowledge concerning the factual matters asserted by any defendant(s) seeking summary judgment and with the ability to authenticate documents

CONFIDENTIAL – FRE 408

relevant to the motion(s) for summary judgment. This paragraph is not intended to create any obligation on the part of JAL if JAL lacks knowledge concerning the factual basis of the defendant's motion for summary judgment;

(f)     making JAL's legal counsel available no more than forty (40) hours in aggregate for reasonable consultation, including but not limited to consultation regarding the involvement of other airlines in the alleged conspiracy, the interpretation of documents, and about the airline industry in general; and

(g)     making available, upon reasonable notice and at mutually agreed dates and locations, for interview and/or testimony in the United States (by deposition, declaration, or at trial), up to ten (10) current and/or former JAL employee witnesses to provide information about Plaintiff's substantive allegations, it being understood that as to any former employee JAL's obligation under this clause is to use reasonable efforts to make such former employee available.

(h)     providing assistance reasonably necessary to notify the class of this Settlement Agreement and the fairness hearing contemplated in Paragraph 6, above.

13.2.    All documents and information provided pursuant to paragraph 13.1 shall be confidential and shall be used only in connection with the Actions. No such documents or information may be disclosed by Plaintiffs or Settlement Class counsel to any person (other than experts and document discovery vendors retained by Plaintiffs in the course and for the purposes of the Actions), unless and until a protective order has been agreed upon by the Parties and approved by the Court ("Protective Order") and except as provided under the terms of that Protective Order. The confidentiality requirements of this paragraph shall continue to bind

CONFIDENTIAL – FRE 408

Plaintiffs and Settlement Class counsel even in the event that the Settlement Agreement is terminated or rescinded, rejected by the Court, or otherwise fails to take or remain in effect.

13.3. The cooperation set forth in paragraph 13.1 shall constitute the exclusive means by which Plaintiffs and Settlement Class counsel may obtain discovery from JAL and JAL Releasees, whether under the Federal Rules of Civil Procedure or the laws or rules of any other jurisdiction.

**14. No Admissions**

14.1. The Parties intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Actions and to compromise claims that are contested, and it shall not be deemed an admission by any party as to the merits of any claim or defense or any allegation made in the Actions.

14.2. The Parties acknowledge that JAL is entering into this Settlement to eliminate the uncertainties, burden, and expense of protracted litigation. Neither the Settlement nor this Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement or this Settlement Agreement is or may be deemed to be or may be used as an admission of, or evidence of, JAL's conduct having violated the laws of any state, country, or other jurisdiction or of having caused any harm to consumers. Neither the Settlement nor this Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement or this Settlement Agreement, shall be admissible in any proceeding for any purpose, except to consummate or enforce the terms of the Settlement, and except that the Released Parties may file this Settlement Agreement or the Judgment in any action for any purpose, including, but not limited to, in support of a defense or counterclaim based on principles of res judicata. collateral estoppel, release, good faith

settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**15. Settlement Class Counsel's Attorneys' Fees and Expenses**

15.1. The procedure for, and the allowance or disallowance by the Court of, any application by Settlement Class Counsel for attorneys' fees and expenses are not part of the Settlement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement. Any order or proceeding relating to any application for, or approval of, attorneys' fees and expenses, the pendency of any such application, or any appeal or review of an order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the Judgment. JAL shall not take a position with respect to the timing or amount of any application Settlement Class Counsel makes for an award of attorneys' fees and costs out of the Settlement Fund and hereby agrees that Settlement Class Counsel may withdraw any amount awarded by the Court for attorneys' fees and costs five days following the Court's award, subject to an appropriate financial undertaking in the event of an appeal of the Court's award of attorneys' fees and expenses.

15.2. JAL shall have no responsibility for, and no liability whatsoever with respect to, the division of attorneys' fees and expenses among Settlement Class Counsel, and any negotiation or dispute among Settlement Class Counsel in that regard shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the Judgment.

**16. Miscellaneous Provisions**

16.1. Plaintiffs will not assert that negotiating and agreeing to this Settlement Agreement, or providing any cooperation and assistance to Plaintiffs, constitutes a waiver or

CONFIDENTIAL -- FRE 408

other grounds for full or partial lifting of any litigation stay ordered by the Japanese court supervising JAL's reorganization or the U.S. bankruptcy court regarding JAL and its affiliates. JAL agrees to take all reasonably necessary steps to effectuate the terms of this Settlement Agreement, and seek approval of this agreement before all necessary courts.

16.2.   JAL expressly represents that it has obtained all required approvals from its management, and trustee(s) for this Settlement Agreement and that it shall use its best efforts to seek prompt approval of this agreement from all Japanese and United States courts from which approval is necessary.

16.3.   This Settlement Agreement shall constitute the entire agreement between the Parties pertaining to the Settlement of the Actions against JAL and supersedes any and all prior and contemporaneous undertakings of the Parties in connection therewith. All terms of the Settlement Agreement are contractual and not mere recitals. The terms of the Settlement Agreement are and shall be binding upon each of the Parties hereto, their heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto through any of the parties hereto including any Settlement Class Members.

16.4.   This Settlement Agreement may be modified or amended only by a writing executed by Plaintiffs and JAL, subject (if after preliminary or final approval by any court) to approval by the Court. Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

16.5.   None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of

CONFIDENTIAL – FRE 408

interpretation or construction that would or might cause any provision to be construed against the
drafters hereof.

16.6.    Plaintiffs and JAL acknowledge that they have been represented by counsel, and
have made their own investigations of the matters covered by this Settlement Agreement to the
extent they have deemed it necessary to do so.  Therefore, Plaintiffs and JAL and their respective
counsel agree that they will not seek to set aside any part of the Settlement Agreement on the
grounds of mistake.  Moreover, Plaintiffs and JAL and their respective counsel understand,
agree, and expressly assume the risk that any fact may turn out hereinafter to be other than,
different from, or contrary to the facts now known to them or believed by them to be true, and
further agree that the Settlement Agreement shall be effective in all respects and shall not be
subject to termination, modification, or rescission by reason of any such difference in facts.

16.7.    All terms of this Settlement Agreement shall be governed by and interpreted
according to the substantive laws of the State of California, without regard to its choice of law or
conflicts of laws principles.

16.8.    JAL, Plaintiffs and all Settlement Class Members hereby irrevocably submit to
the exclusive jurisdiction of the United States District Court for the Northern District of
California for any suit, action, proceeding or dispute arising out of or relating to this Settlement
Agreement or the applicability of this Settlement Agreement, including, without limitation, any
suit, action, proceeding or dispute relating to the release provisions herein.

16.9.    This Settlement Agreement may be executed in counterparts.  Facsimile or pdf
signatures shall be considered as valid signatures for purposes of execution of this Settlement
Agreement, but original signature pages shall thereafter be collated for filing of this Settlement
Agreement with the Court.

CONFIDENTIAL – FRE 408

16.10. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and execute, this Settlement Agreement, subject to Court approval, and the undersigned Settlement Class Counsel represent that they are authorized to execute this Settlement Agreement on behalf of Plaintiffs and the proposed Settlement Class.

(Remainder of page intentionally blank)

CONFIDENTIAL – FRE 408

IN WITNESS HEREOF, the Parties hereto through their fully authorized representatives

have agreed to this Settlement Agreement as of the date first written above.

Dated:  July 6, 2010

By: _____
Michael P. Lehmann
**Hausfeld LLP**
44 Montgomery Street
San Francisco, CA 94111
(415) 633-1908 (telephone)
(415) 358-4980 (facsimile)

By: _____
William Karas
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, D.C. 20036
(202) 429-8126
(202) 429-8126

*Co-Counsel for Plaintiffs and Settlement Class Counsel*

*Counsel for Japan Airlines International Company, Ltd.*

By: _____
Joseph W. Cotchett
**Cotchett, Pitre & McCarthy**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
(650) 697-6000 (telephone)
(650) 697-0577 (facsimile)

*Co-Counsel for Plaintiffs and Settlement Class Counsel*