1  William R. Sherman (admitted *Pro Hac Vice*)
   Charles R. Price (admitted *Pro Hac Vice*)
2  LATHAM & WATKINS LLP
   555 Eleventh Street, N.W., Suite 1000
3  Washington, D.C.  20004-1304
   Telephone: +1.202.637.2200
4  Facsimile:  +1.202.637.2201
   Email: william.sherman@lw.com
5
   *Attorneys for Defendant Singapore Airlines Ltd.*
6
   See signature page for complete list of counsel
7

8           **UNITED STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA**

10            **SAN FRANCISCO DIVISION**

11 | IN RE TRANSPACIFIC PASSENGER AIR | **CASE NO.  07-CV-5634-CRB** |
   | TRANSPORTATION ANTITRUST |
12 | LITIGATION | MDL No. 1913 |

13 |  | CLASS ACTION |

14 | **This Document Relates to:** |
   | **ALL ACTIONS** | **JOINT CASE MANAGEMENT** |
15 |  | **CONFERENCE STATEMENT** |

16 |  | Date:       November 1, 2010 |
17 |  | Time:       1:00 p.m. |
   |  | Location:   Courtroom 8, 19th Floor |
18 |  | Judge:      Hon. Charles R. Breyer |

19

20

21

22

23

24

25

26

27

28  CASE NO. 07-CV-5634-CRB          **JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Pursuant to the Federal Rules of Civil Procedure, the Court's Standing Order and the Court's Local Civil Rules, Plaintiffs and Defendants in the above-captioned litigation hereby submit this Case Management Conference Statement in advance of the November 1, 2010 Case Management Conference.

**1.    Jurisdiction and Service**

    a.    <u>Subject Matter Jurisdiction</u>

Defendants contest subject matter jurisdiction, including but not limited to, on grounds that pursuant to the Foreign Trade Antitrust Improvements Act (FTAIA), 15 U.S.C. §6a, the Court lacks jurisdiction over Plaintiffs' claims with respect to air travel purchased in markets outside the United States.  Certain defendants also contend that the Court lacks subject matter jurisdiction under the FTAIA because those defendants do not operate flights on trans-Pacific routes to or from the United States.

    b.    <u>Personal Jurisdiction</u>

No issue to address.

    c.    <u>Service</u>

No issue to address.

**2.    Facts**

    a.    <u>Plaintiffs' Statement</u>

Plaintiffs allege a conspiracy to fix the price of air passenger travel between the United States and Asia/Oceania, restrain trade in the market for passenger air transportation, and illegally coordinate carrier fares with other carriers.  Plaintiffs' allegations are supported by detailed information provided by one of the participants in the conspiracy as well as the additional investigation of counsel.  The pending complaint includes 321 paragraphs of detailed allegations describing specific documents evidencing the conspiracy, meetings at which the conspiracy was discussed, participants at such meetings, and actions taken in furtherance of the conspiracy.  The sufficiency of the allegations of a plausible conspiracy was affirmed in the denial of the motion to dismiss filed by defendant Continental Airlines, Inc.  In large part, Defendants do not deny that they

engaged in the acts alleged by Plaintiffs; instead, they argue that Plaintiffs' claims are barred by certain legal doctrines.  These arguments are the subject of pending motions to dismiss.  For the reasons set forth in the oppositions to these motions filed by Plaintiffs, the motions to dismiss should be denied.

b.    Defendants' Statement

Contrary to Plaintiffs' Statement above, Defendants deny Plaintiffs' allegations of any conspiracy or coordination.  This case is at the motions to dismiss stage, where the non-conclusory facts that Plaintiffs have alleged must be taken as true.  Defendants intend to vigorously contest Plaintiffs' factual allegations at the appropriate time in this case, should any claims survive defendants' motions to dismiss.  Although Plaintiffs claim that this action stems from an alleged conspiracy to fix the prices of air passenger service on Transpacific flights, the Consolidated Amended Complaint ("CAC") contains nothing more than conclusory and formulaic allegations of an unspecified "agreement" and contains no well-pled allegations about any Defendant.  Moreover, Plaintiffs ask this Court to infer the existence of a massive global price-fixing agreement by 26 airlines, most of which fly completely different routes and do not compete on most transpacific flights.  Some do not even fly transpacific routes, or to the U.S. at all.  Plaintiffs' theory encompasses at least sixteen countries, the oversight of government regulators, and numerous international organizations of the air travel industry.  The CAC fails to allege plausibly how the purported conspiracy could have operated over such an extended period of time involving virtually the entire universe of international passenger aviation.  Plaintiffs also fail to acknowledge or account for the fact that the fares and surcharges that they claim were set through collusion were either filed with or subject to oversight by the U.S. Department of Transportation, as well as foreign governmental oversight and approval of such fares.

3.    **Legal Issues**

a.    Plaintiffs' Statement

i.    Whether Defendants' conduct violated the United States antitrust laws;

ii.   Whether Defendants' conduct caused antitrust damages to the class members;

iii.  Whether there is any legal bar to the right of the class to recover damages;

iv.  Whether impact to plaintiffs can be demonstrated on a class-wide basis.

v.   Whether Defendants actively concealed their conduct in violation of the antitrust laws from the Plaintiffs and class members;

vi.  Whether Plaintiffs reasonably failed to discover the existence of the conspiracy until shortly before the complaint and/or amended complaint was filed.

b.      Defendants' Statement

Defendants respectfully suggest that the legal issues to be decided include, but are not limited to:

i.     Whether, under the FTAIA, this Court lacks subject matter jurisdiction over Plaintiffs' claims based on conduct affecting prices for passenger travel purchased in markets outside the United States;

ii.    Whether Plaintiffs' request for money damages is barred by the filed rate doctrine and/or similar legal doctrines, because the fares challenged in the Complaint were filed with or subject to review by the U.S. Department of Transportation or regulatory agencies in foreign countries;

iii.   Whether Plaintiffs have failed to allege facts that raise a plausible inference that each Defendant participated in a conspiracy under Section 1 of the Sherman Act, and therefore, the Court must dismiss the Complaint pursuant to *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007);

iv.    Whether any class of purchasers of air transportation that included at least one flight segment between the United States and Asia or Oceania (defined by Plaintiffs as "transpacific flights") may be certified;

v.     Whether Defendants engaged in a contract, combination or conspiracy to fix, raise, maintain or stabilize the prices of transpacific flights;

vi.     What are the relevant product and geographic markets for transpacific air passenger purchases;

vii.    Whether the conduct of Defendants that is allegedly unlawful under the applicable laws caused prices of transpacific flights to be supracompetitive;

viii.   Whether the allegedly unlawful conduct of Defendants resulted in injury to each putative class member and, if so, the appropriate measure of damages; and

ix.     Whether Plaintiffs' claims are barred by *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977).

**4.     Motions**

a.      Motion to Stay Proceedings

On January 28, 2010, the United States Bankruptcy Court for the Southern District of New York issued an Order Granting Preliminary Injunction in the Japan Airlines Chapter 15 bankruptcy matter. On February 17, 2010, the Bankruptcy Court entered its final order ("Injunction").  On February 18, 2010, Defendants filed a Motion Pursuant to L.R. 7-11 to Stay Proceedings Upon Notice of Injunction in *In re: Japan Airlines*. (Dkt. 344).  Defendants' motion argued that the present action should be stayed due to the Injunction because the language of the stay enjoined any proceeding "involving or against the debtors . . . ."  (Injunction at 4).  Defendants further argued in the Motion that there are compelling reasons why this particular matter should not proceed in the face of the Injunction, namely the central role JAL plays in the instant litigation, inasmuch as JAL has been cooperating with Plaintiffs (now resulting in JAL's settlement of the claims against it) and is the source of information included in the CAC.  Defendants therefore requested that this Court stay this matter.  On February 22, 2010, Plaintiffs filed an Opposition to Defendants' motion, arguing that the Injunction did not apply to non-debtors and that Defendants had failed to establish any other basis to stay the action in accordance with Ninth Circuit Law.  (Dkt. 369). On February 23, 2010, Defendants filed a Reply. (Dkt. 370).

On March 9, 2010, the Court issued an Order Vacating March 12, 2010 Hearing, stating that the hearing was vacated "[i]n light of the motions now pending before the Bankruptcy Court for the

Southern District of New York to clarify the intended scope of the Bankruptcy Court's injunction." (Dkt. 376). The Order instructed the parties to "advise this Court of the Bankruptcy Court's decision on their motions within five days from the date the decision is issued." *Id*. On March 30, a hearing on this issue was held before the United States Bankruptcy Court for the Southern District of New York. Defendants in this and another action argued that the Bankruptcy Court's Injunction stayed other civil actions against non-debtor defendants. The Hon. James M. Peck, United States Bankruptcy Judge, rejected all of the non-debtor defendants' arguments, ruling that the stay entered by his court only applied to JAL and was never intended to apply to any non-debtor defendant, and that any party desiring to seek relief from the possible prejudice arising from the stay should seek it in their respective civil actions, including this case. Judge Peck entered an Order Overruling Objections to Stipulated Order and Approving Stipulated Order. On March 30, 2010, Plaintiffs filed a Report to Court re: Bankruptcy Hearing on Scope of Stay, attaching a transcript of the hearing and a copy of the order entered by the Bankruptcy Court. (Dkt. 379). Defendants' motion for a stay of this action is fully briefed and remains pending.

      b.    <u>Motions to Dismiss</u>

      Defendants filed a total of 13 motions to dismiss on November 23, 2009. Briefing on these motions was completed on February 19, 2010. Oral argument on the motions is scheduled for hearing on November 1, 2010.

            i.    **Joint Motion**: All Defendants filed a motion to dismiss on the following bases: (1) that the Court lacks subject matter jurisdiction over Plaintiffs' foreign injury claims pursuant to the FTAIA; (2) Plaintiffs' damage claims are barred by the filed rate doctrine; and (3) the CAC does not raise a plausible inference of conspiracy.

            ii.    **Motion of European Carriers**: Deutsche Lufthansa AG, KLM Royal Dutch Airlines, Scandinavian Airlines System AG, Société Air France and Swiss International Air Lines Ltd. (the "European Carriers") filed a separate

motion to dismiss because they are not alleged to fly the trans-Pacific routes on which Plaintiffs' claims are based, and thus (1) Plaintiffs fail to allege a plausible conspiracy involving the European Carriers and (2) Plaintiffs' claims against the European Carriers are barred in their entirety pursuant to the FTAIA.

iii.      **Motion of All Nippon Airways, China Airlines, and Thai Airways International Public Company Limited ("Thai Airways")**: All Nippon Airways Co., Ltd., China Airlines, Ltd., and Thai Airways filed a motion to dismiss on the grounds that (1) Japan, pursuant to executive and treaty air services agreements with the United States and with other governments, and its own law and regulatory regime, all as accepted by and concurrently administered by the United States, has a clearly articulated policy to displace competition in, and actively supervises conduct with respect to flights to, from, and through Japan; and (2) by these means exercises such close and extensive regulatory supervision of such flights that the regulation of private sector actors by U.S. antitrust courts is precluded.

iv.      **Motion of Vietnam Airlines and Thai Airways**:  Vietnam Airlines and Thai Airways filed a motion to dismiss on the basis that the act of state doctrine compels dismissal of all claims against them.

v.      **Motion of Philippine Airlines and Vietnam Airlines**:  Philippine Airlines and Vietnam Airlines filed a motion to dismiss the complaint on relation back grounds.

vi.      **Motion of Air New Zealand and Malaysia Airlines:** Air New Zealand and Malaysia Airlines filed a motion to (joined by EVA) dismiss plaintiffs' allegations of fraudulent concealment in the complaint on the grounds that the allegations have not been pled with sufficient particularity to satisfy the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

vii.    **All Nippon Airways Individual Motion**: All Nippon Airways Co., Ltd. filed a motion to dismiss on the grounds that (1) the filed rate doctrine bars damages against ANA because ANA was legally required to file tariffs for its fares and surcharges in both the United States and Japan throughout the relevant time period; (2) the Court lacks subject matter jurisdiction over claims based on flights originating outside the United States; (3) Plaintiffs fail to allege facts sufficient to establish subject matter jurisdiction or to raise an entitlement to relief; and (4) Japan's policy to displace competition in and actively supervise  international air services, as formally accepted and concurrently administered by the U.S. Government, precludes antitrust enforcement in the courts.

viii.    **Cathay Pacific Airways Ltd. Individual Motion**:  Cathay Pacific Airways Ltd. filed a motion to dismiss on the following grounds: (1) the filed rate doctrine bars Plaintiffs' damages claims, based on tariffs filed with the U.S. Department of Transportation and the Hong Kong Civil Aviation Department and (2) the Consolidated Amended Complaint fails to adequately plead a plausible conspiracy claim against Cathay Pacific.

ix.    **EVA Airways Corp. Individual Motion**:  EVA Airways filed a motion to dismiss on the basis that the complaint fails to allege that EVA Airways joined or participated in an alleged conspiracy.

x.    **Malaysia Airlines Individual Motion**: Malaysia Airlines filed a motion to dismiss the complaint on the grounds that the Air Transport Agreement between the United States and Malaysia bars plaintiffs' action against Malaysia Airlines.

xi.    **Philippine Airlines Individual Motion**:  Philippine Airlines filed a motion to dismiss on the following grounds:  (1) the Air Transport Agreement between the governments of the United States and the Philippines supersedes

plaintiffs' claims and (2) the comprehensive nature of the Philippines regulatory scheme requires dismissal of plaintiffs' claims on various grounds, including the Noerr-Pennington doctrine, the Filed Rate Doctrine, implied preclusion, and the State Action Doctrine.

xii.     **Thai Airways Individual Motion**:  Thai Airways filed a motion to dismiss on the following bases:  (1) the Air Transportation Agreements between the United States and Thailand provide the exclusive remedy for fare disputes; (2) the filed rate doctrine bars Plaintiffs' damages claims based on tariffs filed in Thailand, Japan and Hong Kong; (3) the state action doctrine bars Plaintiffs' claims against Thai Airways; and (4) the implied preclusion doctrine bars Plaintiffs' claims against Thai Airways.

xiii.     **Vietnam Airlines Individual Motion**:  Vietnam Airlines filed a motion to dismiss on the following bases: (1) Plaintiffs' allegations with respect to Vietnam Airlines fail to meet minimum pleading standards and support no inference that Vietnam Airlines is involved in the conspiracy alleged; (2) the FTAIA bars Plaintiffs' claims in their entirety against Vietnam Airlines; (3) a treaty between the U.S. and Vietnam bars this Court's adjudication of the claims asserted against Vietnam Airlines; and (4) Filed Rate, State Action, and Implied Preclusion doctrines all bar the claims against Vietnam Airlines.

xiv.     **Other Motions**:  By order entered November 17, 2009, the Court denied a motion to dismiss by individual defendant Continental Airlines for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Procedure 12(b)(6).  Continental argued that the CAC failed to plead a plausible conspiracy as to Continental.

**5.     Amendment of Pleadings**

 a. <u>Plaintiffs' Statement</u>

Plaintiffs have no present intention to amend the CAC.  In the event that Plaintiffs determine that additional amendments are warranted, they will comply with all applicable local rules concerning amendment.

 b. <u>Defendants' Statement</u>

In 2007 and 2008, Plaintiffs filed 28 individual complaints that were later consolidated before this Court.  In March 2008, Plaintiffs told the Court that they intended to amend the complaint.  The CAC was filed on August 6, 2009.  Defendants do not believe that any further amendment of the pleadings should be necessary or allowed, except to conform with any rulings by the Court on Defendants' motions to dismiss.

**6.     Evidence Preservation**

 a. <u>Plaintiffs' Statement</u>

Plaintiffs are mindful of the obligations to preserve relevant information within the scope of discovery pursuant to the Federal Rules of Civil Procedure and governing case law, as well as the orders of this Court.  Plaintiffs, through their counsel, have advised their clients of their obligations to preserve relevant information and have gathered, assembled, and/or are preserving all documents and materials which they reasonably believe to be within the scope of discovery in light of the allegations of the complaint.  As Defendants have yet to answer the CAC or participate in a Rule 26(f) conference, there may be issues which Defendants intend to raise but which Plaintiffs have not anticipated.

 b. <u>Defendants' Statement</u>

Plaintiffs' statement to the effect that defendants have not participated in a Rule 26(f) conference is belied by the many discussions between the parties, both by email and in telephone conferences, addressing numerous issues covered by Fed. R. Civ. P. 26(f).  Among other things, the parties attempted to negotiate a preservation agreement and cutoff date in late 2009 and early 2010.  However, Plaintiffs were unwilling to agree to a cutoff date beyond which Defendants could return

to their normal document retention procedures, and therefore the parties have not entered into any stipulation regarding preservation.

In the meantime, each Defendant has taken steps to comply with its preservation obligations under the Federal Rules of Civil Procedure and the Local Rules, and will continue to do so pending agreement between the parties and/or an order of the Court.  One of Plaintiffs' pending interrogatories asks each Defendant to describe the steps that they have taken to preserve potentially relevant evidence, and Defendants have agreed to serve responses to those interrogatory requests within 15 days after the Court rules on Defendants' motion to stay, if the Court rules that the case should proceed.  Accordingly, Defendants believe that it is inappropriate and unnecessary to include in this CMC Statement 16 individualized statements from the Defendants describing their preservation efforts to date.

**7.    Initial Disclosures**

The parties have agreed that they will provide Rule 26 initial disclosures within 15 days after the Court rules on Defendants' motion to stay, if the Court rules that the case should proceed.

**8.    Other Discovery**

The Parties have agreed that Defendants will provide responses and objections to Plaintiffs' First Set of Interrogatories and Plaintiffs' First Set of Document Requests, as well as written responses to Plaintiffs' Notices of 30(b)(6) depositions, within 15 days after the Court rules on Defendants' motion to stay, if the Court rules that the case should proceed.  The Parties have also continued to discuss and negotiate other discovery issues not immediately affected by the pending stay motion, including the scope of expert discovery and a protective order governing discovery. The parties agreed to an Expert Stipulation regarding expert discovery, which was ordered by the Court on July 20, 2010. (Dkt. 403)  The parties also agreed to a Stipulation and [Proposed] Protective Order, which Order was entered by the Court on July 20, 2010. (Dkt. 404).

a.    Plaintiffs' Statement

In December of 2009, the Court ordered that discovery was to commence forthwith. Plaintiffs have sought an initial round of discovery which is designed to determine what relevant

materials are in Defendants' possession, how the materials are maintained, how they may be most efficiently used for purposes of this case, and how the production of key information can be expedited. This initial round of discovery will frame future discovery going forward, and Plaintiffs understand Defendants to have agreed to provide this discovery.

Once this round of discovery is complete, Plaintiffs intend to move this case forward in accordance with the Court's order and the Fed. R. Civ. Proc. by commencing appropriate discovery to further substantiate the claims made by Plaintiffs and to rebut the defenses raised by Defendants so that this case may be made ready for class certification and trial. Plaintiffs do not believe that the Court has imposed any stay on discovery, nor do Plaintiffs believe that any stay of discovery is (or ever was) appropriate. To the extent that Defendants have any issues with any discovery which is to be served in the future, the parties will meet and confer in accordance with the applicable rules and, if disputes remain, present the disputes to the Court for resolution.

Plaintiffs and third-party ATPCO (a statutory agent of Defendants and an organization that maintains Defendants' extensive fare pricing and rules data for each of them and their co-conspirators) reached an agreement concerning a discovery protocol concerning data production in September 2010. Pursuant to the agreement, a former ATPCO employee retained by Plaintiffs has been granted access to the ATPCO database and is downloading responsive information. Defendants have demanded that Plaintiffs share this information. Plaintiffs have suggested that the parties split the cost of data collection since all have an interest in it. Defendants have rejected this proposal. Plaintiffs, therefore, take the position that despite the inefficiency created, Defendants' outside counsel should proceed to negotiate access to this data directly with ATPCO and download whatever portions of it that they deem relevant. Plaintiffs' initial assessment was that it will take approximately 90 days to download the responsive files due to network access limitations requested by ATPCO.

      b.    <u>Defendants' Statement</u>

Defendants are cognizant of the Court's Order of December 15, 2009, and have met and conferred with Plaintiffs on discovery issues. Defendants have agreed with Plaintiffs that the parties

shall serve responses and objections to pending discovery requests, as well as Rule 26 disclosures, within 15 days of the Court's ruling on Defendants' motion to stay, if the Court allows the case to proceed.  Plaintiffs have never approached defendants about modifying this agreement.  Defendants believe that the extent and nature of further discovery will depend upon the Court's rulings on the pending motions to dismiss.

Defendants also disagree with Plaintiffs' Statement that the discovery propounded merely seeks "what relevant materials are in Defendants' possession, how the materials are maintained, how they may be most efficiently used for purposes of this case, and how the production of key information can be expedited."  Some of plaintiffs' requests for production seek all or nearly all documents that go directly to substantive issues alleged in the CAC.

**9.    Class Actions**

a.    <u>Plaintiffs' Statement</u>

This is a class action on behalf of

> All persons and entities that purchased air transportation at rates that were not immunized by the United States Department of Transportation and which included at least one flight segment between the United States and Asia or Oceania from Defendants or their co-conspirators, or any predecessor, subsidiary, or affiliate thereof, at any time between January 1, 2000 and the present.  Excluded from the class are purchases of passenger air transportation directly between the United States and the Republic of South Korea purchased from Korea Air Lines, Ltd and/or Asiana Airlines, Inc.  Also excluded from the class are governmental entities, Defendants, any parent, subsidiary, or affiliate thereof, and Defendants' officers, directors, employees and immediate families.

The action is maintained pursuant to Fed. R. Civ. Proc. 23(b)(2) and (3).  Each of the Plaintiffs purchased air transportation from defendants at prices which Plaintiffs allege were inflated as a result of Defendants' conspiracy.  Whether the alleged conspiracy violated the antitrust laws, and whether the alleged conspiracy caused there to be higher prices, are questions of law and fact that are common to the class.  It is presently estimated that there are many millions of class members and it would be impracticable to join all members of the class in this action.  The representative plaintiffs will fairly and adequately protect the interests of the class, and are represented by court appointed interim lead co-counsel and

other counsel who are experienced in complex, complex antitrust class actions and who will adequately protect the interests of the class.

There are many questions of law and fact which are common to the claims of Plaintiffs and the Class they seek to represent, including but not limited to:

Whether Defendants engaged in a combination or conspiracy with their co-conspirators to fix, raise, maintain, and/or stabilize the prices for passenger air transportation, including surcharges;

Whether the purpose and/or effect of the acts and omissions alleged herein was to restrain trade, or to affect, fix, control, and/or maintain the prices for passenger air transportation, including surcharges;

Whether Defendants violated Section 1 of the Sherman Act (15 U.S.C. § 1);

Whether Defendants fraudulently concealed the alleged conspiracy so as to equitably toll any applicable statute of limitations;

Whether Plaintiffs could have reasonably discovered the existence of the conspiracy until shortly before they filed their complaint and/or amended complaint.

Whether Defendants' agents, officers, employees, or representatives participated in correspondence and meetings in furtherance of the illegal conspiracy alleged herein, and, if so, whether such agents, officers, employees, or representatives were acting within the scope of their authority and in furtherance of Defendants' business interests;

Whether, and to what extent, the conduct of Defendants caused injury to Plaintiffs and members of the Class, and, if so, the appropriate measure of damages; and

Whether Plaintiffs and members of the Class are entitled to injunctive relief to prevent the continuation or furtherance of the violation of Section 1 of the Sherman Act and/or foreign laws.

b.  **Defendants' Statement**

Defendants believe that this case is inappropriate for class certification and intend to oppose any motion by Plaintiffs to certify a class in this action, should some or all of Plaintiffs' claims

survive Defendants' motions to dismiss.  Defendants believe that it would be premature to address either substantive or scheduling issues related to class certification until the Court has ruled on Defendants' pending motions.

**10.    Related Cases**

Except for the recently filed case *Joy v. Air France et al.*, N.D. Cal. Case No. 10-cv-04137 (CRB) ("*Joy*"), the Parties are not aware of any related case within the meaning of Local Rule 3-12(a).  Counsel for Defendants and *Joy* have agreed that the *Joy* case will be bound by all rulings in the main proceeding.

**11.    Relief**

a.    <u>Plaintiffs' Statement</u>

Plaintiffs seek that:

The Court determine that the action may be maintained as a class action, and direct that reasonable notice of the action be given to members of the class.

The Court determine that defendants' conduct constitutes a *per se* unreasonable restraint of trade in violation of Section 1 of the Sherman Act.

That the Court enter judgment against Defendants, jointly and severally, in favor of Plaintiffs and the Class and award Plaintiffs and the Class treble damages.

That the Court award Plaintiffs and the Class attorneys' fees and costs as well as pre-judgment and post-judgment interest as permitted by law.

That the Court permanently enjoin and restrain Defendants and their co-conspirators, their respective successors, assigns, parents, subsidiaries, affiliates and transferees, and their respective officers, directors, agents, and employees, and all other persons acting or claiming to act on behalf of Defendants or their co-conspirators, or in concert with them from in any manner, directly or indirectly, continuing, maintaining or renewing the combination, conspiracy, agreement, understanding, or concert of action, or adopting any practice, plan, program, or design having a similar purpose or affect in restraining competition.

b.      Defendants' Statement

Defendants deny that Plaintiffs are entitled to any of the relief sought.

**12.     Settlement and ADR**

The Parties do not believe that any alternative dispute resolution is appropriate at this time.

**13.     Consent to Magistrate Judge For All Purposes**

The Parties have not so consented.

**14.     Other References**

a.      Plaintiffs' Statement

While Plaintiffs believe that discovery matters are best handled by this Court, they do not object to referral of discovery matters *only* to a Magistrate Judge.

b.      Defendants' Statement

Defendants consent to referral of this matter to a Magistrate Judge for resolution of discovery and other pretrial matters, if the case is to proceed.

**15.     Narrowing of Issues**

a.      Plaintiffs' Statement

Plaintiffs do not anticipate that the issues in this case will be substantially narrowed as a result of any of the pending motions.

b.      Defendants' Statement

Defendants anticipate that the issues will be narrowed when the Court rules on the pending motions to dismiss.

**16.     Expedited Schedule**

The Parties do not believe that this action is susceptible to an expedited schedule.

**17.     Scheduling**

a.      Plaintiffs' Statement

Because this case has been pending since 2007, Plaintiffs believe that it is appropriate to set a case management schedule.  Plaintiffs propose:

Class Certification Motion                    January 2012

Trial                                          March 2012

b.      Defendants' Statement

If any aspect of this case survives Defendants' Motions to Dismiss, Defendants propose that the Court schedule another Case Management Conference shortly after ruling on those motions in order to set a discovery schedule and a comprehensive case management schedule.  Plaintiffs' proposed dates for class certification and trial, without any reference to other events (including, e.g., a discovery cut-off, expert reports, briefing on summary judgment, etc.), and which does not even allow time for the Court to rule on class certification, is not a workable proposal.

**18.     Trial**

Plaintiffs have demanded a jury trial.  The parties are not presently in a position to address the anticipated length of trial.

**19.     Disclosure of Non-party Interested Entities or Persons**

The Parties believe that they are in compliance with the Court's rules and that all parties required to file a Certification of Interested Entities or Persons have done so.

**20.     Other Matters**

Plaintiffs have entered into a settlement agreement with Japan Airlines Co., Ltd. ("JAL") and intend to bring a motion for preliminary approval of the settlement at an appropriate time during the litigation.  The monetary component of the settlement ($10 million) was arrived at with due consideration for the fact that JAL recently filed for corporate reorganization in the Tokyo District Court.  The monetary component of the settlement is also subject to a contingency—that monetary damages claims against other airlines headquartered in Japan remain following the Court's order on the pending motions to dismiss.

Defendants contacted counsel for JAL following the settlement, seeking some assurance that JAL would provide defendants with equal access to JAL's information, in light of the settlement terms and the injunction issued by the bankruptcy court.  JAL has taken the position that they are protected from discovery by that injunction, and that defendants are thus not entitled to get any discovery or other information from JAL so long as the injunction remains in effect.

1

October 22, 2010                           Respectfully submitted,

2

DATED: October_22, 2010          **HAUSFELD, LLP**
3                                                 Michael D. Hausfeld
                                                    Michael P. Lehmann
4                                                 Christopher Lebsock

5

6                                                 By:  _____/s/ Michael P. Lehmann_____
                                                                      Michael P. Lehmann
7                                                 *Interim Co-Lead Counsel for Plaintiffs*

8       DATED: October_22, 2010          **COTCHETT, PITRE & McCARTHY**
                                                    Joseph W. Cotchett
9                                                 Steven N. Williams

10

11                                               By:  _____/s/ Steven N. Williams_____
                                                                      Steven N. Williams
12                                               *Interim Co-Lead Counsel for Plaintiffs*

13     DATED: October_22, 2010          **LATHAM & WATKINS LLP**
                                                    William R. Sherman
14                                               Charles R. Price

15

16                                               By:  _____/s/ William R. Sherman_____
                                                                      William R. Sherman
17                                               *Counsel for Defendant Singapore Airlines Ltd.*

18     DATED: October_22, 2010          **FRESHFIELDS BRUCKHAUS DERINGER
                                                    US LLP**
19                                               Paul L. Yde

20

21                                               By:  _____/s/ Paul L. Yde_____
                                                                      Paul L. Yde
22                                               *Counsel for Defendant Continental Airlines, Inc.*

23

24

25

26

27

28

1    DATED: October_22, 2010          **CONDON & FORSYTH LLP**
                                      Michael J. Holland
2                                     Scott Cunningham
                                      Roderick Margo
3

4

5                                     By:      _____/s/ Michael J. Holland_____
                                                     Michael J. Holland
6                                     *Counsel for Defendant Air New Zealand*

7    DATED: October_22, 2010          **LINKLATERS LLP**
                                      James R. Warnot, Jr.
8                                     Thomas A. McGrath

9

10                                    By:      _____/s/ James R. Warnot, Jr._____
                                                     James R. Warnot, Jr.
11                                    *Counsel for Defendant Société Air France*

12   DATED: October_22, 2010          **HOLME ROBERTS & OWEN LLP**
                                      Adam P. Brezine
13                                    Jesse W. Markham, Jr.

14

15                                    By:      _____/s/ Adam P. Brezine_____
                                                     Adam P. Brezine
16                                    *Counsel for Defendant All Nippon Airways*

17   DATED: October_22, 2010          **CONSTANTINE CANNON LLP**
                                      Douglas E. Rosenthal
18                                    Mitchell L. Stoltz
                                      Alysia Solow
19

20

21                                    By:      _____/s/ Douglas E. Rosenthal_____
                                                     Douglas E. Rosenthal
22                                    *Counsel for Defendant All Nippon Airways*

23   DATED: October_22, 2010          **DLA PIPER LLP**
                                      David H. Bamberger
24                                    Deana L. Cairo

25

26                                    By:      _____/s/ David H. Bamberger_____
                                                     David H. Bamberger
27                                    *Counsel for Defendant Cathay Pacific Airways*

28

1   DATED: October_22, 2010           **SQUIRE SANDERS & DEMPSEY, LLP**
                                       James V. Dick
2                                      Iain R. McPhie

3

4                                      By:  _____/s/ James V. Dick_____
                                                  James V. Dick
5                                      *Counsel for Defendant China Airlines*

6   DATED: October_22, 2010           **KIRKLAND & ELLIS LLP**
                                       Christopher Casamassima
7

8                                      By:  ____/s/ Christopher Casamassima____
9                                              Christopher Casamassima
                                       *Counsel for Defendant EVA Airways*
10
    DATED: October_22, 2010           **WILMER CUTLER PICKERING HALE AND
11                                     DORR LLP**
                                       Eric J. Mahr
12                                     Perry A. Lange

13

14                                     By:  _____/s/ Perry A. Lange_____
                                                  Perry A. Lange
15                                     *Counsel for Defendants Deutsche Lufthansa AG
                                       and Swiss International Air Lines Ltd.*
16
    DATED: October_22, 2010           **SKADDEN, ARPS, SLATE, MEAGHER &
17                                     FLOM LLP**
                                       Gary A. MacDonald
18

19

20                                     By:  _____/s/ Gary MacDonald_____
                                                  Gary MacDonald
21                                     *Counsel for Defendant KLM Royal Dutch Airlines*

22  DATED: October_22, 2010           **MCBREEN & SENIOR**
                                       David A. Senior
23                                     Benjamin D. Weston

24

25                                     By:  _____/s/ David A. Senior_____
                                                  David A. Senior
26                                     *Counsel for Defendant Malaysia Airlines*

27

28

1    DATED: October_22, 2010          **BAKER & MILLER PLLC**
                                      W. Todd Miller
2                                     Kimberly N. Shaw

3

4                                     By:   _____/s/ W. Todd Miller_____
5                                                  W. Todd Miller
                                      *Counsel for Defendant Qantas Airways*
6
     DATED: October_22, 2010          **COVINGTON & BURLING LLP**
7                                     Anita Stork
                                      Michael Fanelli
8

9                                     By:   _____/s/ Anita Stork_____
10                                                 Anita Stork
                                      *Counsel for Defendant Philippine Airlines*
11
     DATED: October_22, 2010          **CROWELL & MORING LLP**
12                                    George D. Ruttinger

13

14                                    By:   _____/s/ George D. Ruttinger_____
15                                                 George D. Ruttinger
                                      *Counsel for Defendant SAS AB*
16
     DATED: October_22, 2010          **CRAVATH, SWAINE & MOORE LLP**
17                                    Ronald S. Rolfe
                                      Rowan D. Wilson
18                                    Leslie A. O'Brien

19

20                                    By:   _____/s/ Ronald S. Rolfe_____
                                                   Ronald S. Rolfe
21                                    *Counsel for Defendant Thai Airways International*
                                      *Public Company Limited*
22
     DATED: October_22, 2010          **HOGAN LOVELLS**
23                                    Robert Hawk
                                      Megan Dixon
24

25                                    By:   _____/s/ Robert Hawk_____
                                                   Robert Hawk
26                                    *Counsel for Defendant Vietnam Airlines*

27

28

1

2

## **GENERAL ORDER 45 ATTESTATION**

3

4

I, William R. Sherman, hereby attest, pursuant to N.D. Cal. General Order No. 45, that concurrence to the filing of this document has been obtained from each signatory hereto.

5

6

        _/s/ William R. Sherman_
              William R. Sherman

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28