1  Joseph W. Cotchett (36324)
   Niall P. McCarthy (160175)
2  Paul N. "Pete" McCloskey (024541)
   Steven N. Williams (175489)
3  Nanci E. Nishimura (152621)
   Niki B. Okcu (229345)
4  Eric J. Buescher (271323)
   **COTCHETT, PITRE & McCARTHY, LLP**
5  San Francisco Airport Office Center
   840 Malcolm Road, Suite 200
6  Burlingame, CA 94010
   Telephone: 650-697-6000
7  Facsimile:  650-697-0577
   jcotchett@cpmlegal.com
8  nmccarthy@cpmlegal.com
   swilliams@cpmlegal.com
9  nnishimura@cpmlegal.com
   nokcu@cpmlegal.com
10 ebuescher@cpmlegal.com

11 Michael D. Hausfeld                    Michael P. Lehmann (77152)
   **HAUSFELD LLP**                       Christopher L. Lebsock (184546)
12 1700 k Street, N.W., Suite 650         **HAUSFELD LLP**
   Washington, D.C. 20006                 44 Montgomery Street, Suite 3400
13 Tel: (202) 540-7200                    San Francisco CA 94104
   Fax: (202) 540-7201                    Tel: (415) 633-1908
14 mhausfeld@hausfeldllp.com              Fax: (415) 358-4980
                                          mlehmann@hausfeldllp.com
15                                        clebsock@hausfeldllp.com

16 *Interim Class Counsel for the Putative Class*

17 See signature page for complete list of Counsel

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION<br><br>_____<br><br>This Document Relates to:<br><br>All Actions<br><br>_____ | Civil Case No. 3:07-cv-05634-CRB<br><br>MDL No. 1913<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PORTIONS OF THE FIRST AMENDED CONSOLIDATED COMPLAINT BASED ON THE FOREIGN TRADE ANTITRUST IMPROVEMENTS ACT**<br><br>Date:      September 30, 2011<br>Time:      10:00 a.m.<br>Location:  Courtroom 6, 17th Floor<br>Judge:     Hon. Charles R. Breyer |

**TABLE OF CONTENTS**

**Page(s)**

I.   INTRODUCTION. ...................................................................................................................1

II.  PROCEDURAL BACKGROUND. ........................................................................................1

III. ARGUMENT. ..........................................................................................................................2

IV.  CONCLUSION. ......................................................................................................................5

i

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PORTIONS OF FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT BASED ON FTAIA, Case No. 3:07-cv-05634 CRB

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Cook Perkiss & Leihe v. Northern Calif. Collection Serv.*,
  911 F.2d 242 (9th Cir. 1990) ...................................................................................................5

*Dee-K Enters. Inc. v. Heveafil Sendirian Berhad*,
  299 F.3d 281 (4th Cir. 2002) ...................................................................................................3

*Doe v. United States*,
  58 F.3d 494 (9th Cir. 1995) .....................................................................................................5

*F. Hoffman-LaRoche Ltd. v. Empagran, S.A.*, 542 U.S. 155 (2004) ...........................................2, 3

*In re Rubber Chems. Antitrust Litig.*,
  504 F.Supp.2d 777 (N.D. Cal. 2007) .......................................................................................3

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
  No. 07-md-1819, 2010 WL 5477313 (N.D. Cal. Dec. 30, 2010) ............................................4

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  No. M 07-1827 SI, C 09-55609 SI, 2010 WL 2629728 (N.D. Cal. June 29, 2010) ................3

*Lopez v. Smith*,
  203 F.3d 1122 (9th Cir. 2000) (*en banc*) ................................................................................5

*McLafferty v. Deutsche Lufthansa AG*,
  No. 08-1706, 2009 WL 3365881 (E.D. Pa. Oct. 16, 2009) .....................................................3

*Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd.*,
  No. 08-cv-42 (JG)(VVP) 2011 U.S. Dist. LEXIS 51330 (E.D.N.Y. Jan. 4, 2011) ..................4

*Turicentro, S..A. v. American Airlines, Inc.*,
  303 F.3d 393 (3d Cir. 2002) ....................................................................................................4

**STATUES AND RULES**

15 U.S.C. §6a..................................................................................................................................1

Fed. R. Civ. P. 15(b) ......................................................................................................................5

## I. INTRODUCTION

Defendants have filed a motion to dismiss portions of Plaintiffs' "First Amended Consolidated Class Action Complaint" (July 14, 2011) (Dkt. No. 493) ("FAC") on the premise that it contains claims for "foreign injury" barred by the Foreign Trade Antitrust Improvement Act (15 U.S.C. §6a) ("FTAIA") as interpreted by this Court in *In re Transpacific Passenger Air Transportation Antitrust Litig*., No. C 07-05634 CRB, 2011 WL 1753738 (N.D. Cal. May 9, 2010) ("*TP*"). That is simply not the case. The FAC is confined to claims for domestic injury caused by the alleged conspiracy and such claims are clearly permitted by the FTAIA and case law interpreting it, including this Court's prior orders. Defendants' motion should therefore be denied.

## II. PROCEDURAL BACKGROUND

In its prior order, the Court dismissed "foreign injury claims on FTAIA grounds" and ruled that "Plaintiffs do not have standing to bring antitrust claims based on their foreign injury." *TP*, 2011 WL 1753738 at *8, *9. It did not rule that claims based on domestic injury were so barred and allowed those claims to proceed. In denying the European Carriers' motion for reconsideration, the Court made this clear, saying that while "Plaintiffs' "foreign injury" against them were dismissed remaining claims not based on such injury were still in the case. "Order Denying Leave To File Motion To Reconsider," p. 1 (May 27, 2011) (Dkt. No. 483).

In response to the Court's prior order, the Plaintiffs filed the FAC. In that complaint, they: (a) added allegations of fraudulent concealment ordered by the Court (2011 WL 1753738 at *21, *22) (b) deleted allegations with respect to certain defendants who had been dropped from the case; (c) updated the facts with respect to certain of the governmental investigations and (d) conformed their allegations to the Court's ruling on "foreign injury."

The proposed class was limited as follows to reflect the Court's order:

> All persons and entities that purchased passenger air transportation *in the United States* at rates that were not immunized by the United States Department of Transportation *for single or multi-segment travel between the United States and Asia or Oceania* from Defendants or their co-conspirators, or any predecessor, subsidiary or affiliate thereof, at any time between January 1, 2000 and the present. Excluded from the class are purchases of passenger air

1

> transportation directly between the United States and the Republic of South Korea purchased from Korean Air Lines, Ltd. and/or Asiana Airlines, Inc. Also excluded from the class are governmental entities, Defendants, any parent, subsidiary or affiliate thereof, and Defendants' officers, directors, employees and immediate families.

FAC ¶391 (emphases added).

### III. ARGUMENT

The Defendants in their motion largely ignore what is domestic, as opposed to foreign, injury within the meaning of the FTAIA. That statute, by its terms, *does not apply* to federal antitrust claims based on *domestic injury, a fact that numerous courts have recognized*.

This conclusion is directly supported by the United States Supreme Court's opinion construing the FTAIA in *F. Hoffman-LaRoche Ltd. v. Empagran, S.A.*, 542 U.S. 155 (2004) ("*Empagran*"). The dismissal reviewed in that case involved the antitrust claims of "the *foreign* purchasers (the respondents here), five foreign vitamin distributors located in Ukraine, Australia, Ecuador, and Panama, each of which bought vitamins from petitioners for delivery outside the United States." *Id*. at 159 (emphasis in original). The question raised was whether such foreign purchasers, who claimed to have suffered adverse foreign effects from a worldwide vitamin price-fixing conspiracy that were presumed to be independent of adverse domestic effects in the United States, could nonetheless sue under the Sherman Act to recover alleged overcharges on their foreign vitamin purchases. The Court held that they could not and, in so doing, distinguished between Sherman Act claims to redress domestic injury caused by foreign conduct from Sherman Act claims to redress solely independent foreign injury caused by foreign conduct:

> No one denies that America's antitrust laws, when applied to foreign conduct, can interfere with a foreign nation's ability independently to regulate its own commercial affairs. *But our courts have long held that application of our antitrust laws to foreign anticompetitive conduct is nonetheless reasonable, and hence consistent with principles of prescriptive comity, insofar as they reflect a legislative effort to redress domestic antitrust injury that foreign anticompetitive conduct has caused.* …
>
> ****
>
> But why is it reasonable to apply those laws to foreign conduct *insofar as that conduct causes independent foreign harm and that foreign harm alone gives rise to the plaintiff's claim?* Like the former case, application of those laws creates a

2

1
2
>serious risk of interference with a foreign nation's ability independently to regulate its own commercial affairs. But, unlike the former case, the justification for that interference seems insubstantial.

3   *Id.* at 165; emphases partly in original.

4   Other courts, including several in this district, have made a similar point. *Dee-K Enters.*
5   *Inc. v. Heveafil Sendirian Berhad*, 299 F.3d 281, 292 (4th Cir. 2002) ("in every case involving
6   direct sales to the United States in which our antitrust laws condemn an activity *per se*, however
7   foreign the conduct, United States courts would have jurisdiction without any showing
8   whatsoever of an effect on United States commerce"); *In re Rubber Chems. Antitrust Litig.*, 504
9   F.Supp.2d 777, 790 (N.D. Cal. 2007) ("[p]laintiffs may proceed with their Sherman Act claims to
10  the extent they seek to recover damages for domestic injury, *i.e.*, the purchase of rubber chemicals
11  at allegedly inflated prices in the domestic market or for use within the United States" );  *In re*
12  *TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, C 09-55609 SI, 2010 WL 2629728 at
13  *3 (N.D. Cal. June 29, 2010) ("[t]he Court finds that, as reframed in plaintiffs' opposition,
14  plaintiffs' claims are not barred by the FTAIA because plaintiffs are seeking damages only for
15  domestic purchases ....").

16  In all of these cases, "domestic injury" was equated with *purchases in the United States*.
17  It is Plaintiffs' position that purchases within the United States for single or multi-segment travel
18  to Asia or Oceania establish domestic injury not within the ambit of the FTAIA.

19  As narrowed by this court, this case now involves plaintiffs seeking to represent a putative
20  class of direct purchasers of Transpacific airline tickets *in the United States*.  Those tickets were
21  sold *in this country*, the purchases were made *here*, and the injury (in the form of collusively-
22  inflated prices) was felt *here*.  As narrowed by the Court, this case does *not* involve foreign
23  plaintiffs using the United States antitrust laws to seek recovery for injuries brought about by
24  *foreign purchases* of Transpacific airline tickets.  The FAC was amended to reflect this change.

25  The Defendants argue that the site of purchases is immaterial, relying primarily on a
26  single case:  *McLafferty v. Deutsche Lufthansa AG*, No. 08-1706, 2009 WL 3365881 (E.D. Pa.
27  Oct. 16, 2009) ("*McLafferty*"). Defendants' Motion To Dismiss Potions of Plaintiffs' First
28  Amended Class Action Consolidated Complaint And Memorandum of Points And Authorities In

3

Support Thereof," p. 8 & n. 5 (Aug. 15, 2011) (Dkt. No. 516) ("Defs' Br."). [1] However, that case is not controlling precedent that this Court must follow and is inapposite as well. In *McLafferty*, the named plaintiff bought her tickets in the United States for a trip that was *solely between Europe and Japan*. 2009 WL 3365881 at *1. There was no allegation that the trip in question involved any landing in the United States. Moreover, the plaintiff alleged a conspiracy hatched and carried out in Geneva, Switzerland; there were no allegations, unlike here, that any acts in the United States were committed in furtherance of that conspiracy. *Id*. Indeed, the court noted that defendants' conduct was "located wholly outside the United States." *Id*. at *4. The decision in *McLafferty* has been distinguished by other courts on these bases. *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-1819, 2010 WL 5477313 at *5 (N.D. Cal. Dec. 30, 2010); *Precision Assocs., Inc. v. Panalpina World Transport (Holding) Ltd.*, No. 08-cv-42 (JG)(VVP) 2011 U.S. Dist. LEXIS 51330 (E.D.N.Y. Jan. 4, 2011) (Dkt. No. 468) ("*Precision Assoc.*"). As noted there, "Unlike *McLafferty*..., the conduct for which the plaintiffs seek relief directly affected the United States because they have alleged that each surcharge was connected to freight forwarding services for the transport of goods between the United States and other countries." *127.

This point also disposes of Defendants' contention (Defs' Br., pp. 4-6) that the FAC is violative of the law of the case established by the Court's prior orders. In fact, this Court's orders preserve domestic injury claims and the FAC defines those claims consistently with both this Court's prior rulings and with prior caselaw, including the United States Supreme Court's ruling in *Empagran* and multiple decisions from courts in this district.

As for the argument that this Court did not give permission to Plaintiffs to make these amendments, and that they thus are in violation of Fed. R. Civ. P. 15(b), it is nonsensical. The passage from the Court's prior dismissal opinion that Defendants cite (Defs' Br., p. 6) dealt only

---

[1] Defendants also cite this Court's prior reference to *Turicentro, S.A. v. American Airlines, Inc.*, 303 F.3d 393 (3d Cir. 2002) (cited in 2011 WL 1753738 at *4) (Defs' Br., p. 8), but that citation is disingenuous on this point. This Court cited the Third Circuit's decision in the context of deciding the applicability of the "import commerce" exception to the FTAIA, not on the issue of whether this case as currently situated involves domestic commerce not regulated by the FTAIA.

4

with the specifics of the fraudulent concealment claims to be added against Air New Zealand and Malaysian airlines (2011 WL 1753738 at *21), and cannot fairly be read to prohibit Plaintiffs from correcting their complaint with subsequent new facts or to conform their complaint to the Court's prior order.  Indeed, had they just left the FTAIA and class definition discussion in the FAC as before, Defendants would undoubtedly now be moving to dismiss the FAC on that ground.  Just as with Plaintiffs' updating of certain allegations of the initial amended complaint to reflect intervening developments, they should be permitted to modify portions of the FAC to reflect this Court's prior partial dismissal ruling.[2]

### IV.    CONCLUSION

For all the foregoing reasons, Defendants' motion to dismiss based on the FTAIA should be denied.

Dated:  August 29, 2011                    Respectfully submitted,

By:  */s/* Michael P. Lehmann
Michael P. Lehmann
Christopher L. Lebsock
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA  94104
Telephone:  (415) 633-1908
Facsimile:  (415) 358-4980

Michael D. Hausfeld
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone:  (202) 540-7200
Facsimile:   (202) 540-7201

/ / /

---

[2]    Indeed, the Ninth Circuit has said repeatedly that leave to amend should be freely granted *even where no request to amend has been made*. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*); *Doe v. United States*, 58 F.3d 494, (9th Cir. 1995); *Cook Perkiss & Leihe v. Northern Calif. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).

By: /s/Steven N. Williams
Joseph W. Cotchett
Niall P. McCarthy
Paul N. "Pete" McCloskey
Steven N. Williams
Nanci E. Nishimura
Niki B. Okcu
Eric J. Buescher
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  650-697-6000
Facsimile:   650-697-0577

*Interim Class Counsel for the Putative Class*

Daniel C. Girard
Elizabeth C. Pritzker
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: 415-981-4800
Fax: 415-981-4846
dcg@girardgibbs.com
ecp@girardgibbs.com

Walter J. Lack
Elizabeth L. Crooke
Richard P. Kinnan
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica Boulevard, 12th Floor
Los Angeles, CA 90067
Tel:  310-552-3800
Fax: 310-552-9434
wlack@elllaw.com
bcrooke@elllaw.com
rkinnan@elllaw.com

Guido Saveri
Richard Alexander Saveri
Cadio R. Zirpoli
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Tel:  415-217-6810
Fax: 415-217-6813
guido@saveri.com
rick@saveri.com
cadio@saveri.com

Garrett D. Blanchfield, Jr.
Mark Reinhardt
REINHARDT WENDORF & BLANCHFIELD
East 1250 First National Bank Building
322 Minnesota Street
St. Paul, MN 55101
Tel: 651-287-2100
Fax: 651-287-2103
g.blanchfield@rwblawfirm.com
m.reinhardt@rwblawfirm.com

Thomas Girardi
Graham B.LippSmith
GIRARDI & KEESE
1126 Wilshire Blvd.
Los Angeles, CA 90017
Tel: (213) 977-0211
Fax: (213) 481-1554
tgirardi@girardikeese.com
glippsmith@girardikeese.com

Bruce L. Simon
Will Newsom
PEARSON SIMON WARSHAW & PENNY
44 Montgomery St, Suite 2450
San Francisco, CA 94104
Tel:  415-433-9000
Fax: 415-433-9008
bsimon@pswplaw.com
wnewsom@pswplaw.com

Jack Wing Lee
Brad Yamauchi
Sean Tamuro-Sato
Derek Howard
MINAMI TAMAKI LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel:  415-788-9000
Fax: 415-398-3887
jlee@minamitamaki.com
byamauchi@minamitamaki.com
seant@minamitamaki.com
dhoward@minamitamaki.com

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Allan Steyer
D. Scott Macrae
Jayne A. Peeters
Dana Andreoli
STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP
One California Street, 3d Floor
San Francisco, CA 94111
Tel: 415-421-3400
Fax: 415-421-2234
asteyer@steyerlaw.com
smacrae@steyerlaw.com
jpeeters@steyerlaw.com
dandreoli@steyerlaw.com

Brian S. Kabateck
Richard Kellner
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA 90017
Tel:  213-217-5000
Fax:  213-217-5010
bsk@kbklawyers.com
rlk@kbklawyers.com

Rober Eisler
GRANT & EISENHOFER P.A.
1201 N. Market Street
Suite 2100
Wilmington, DE 19801
Tel:  302-622-7030
Fax:  302-622-7100
reisler@gelaw.com

Steven A. Kanner
Billy London
FREED, KANNER, LONDON
& MILLEN, LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Tel: 224-632-4500
Fax: 224-632-4519
skanner@fklmlaw.com
blondon@fklmlaw.com

Craig C. Corbitt
ZELLE HOFMANN VOELBEL
& MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Tel:  415-693-0700
Fax: 415-693-0770
ccorbitt@zelle.com

| | |
|---|---|
| 1 | Jeff S. Westerman |
| | MILBERG LLP |
| 2 | One California Plaza |
| | 300 S. Grand Avenue, Suite 3900 |
| 3 | Los Angeles, CA 90071 |
| | Tel:  213-617-1200 |
| 4 | Fax: 213-617-1975 |
| | jwesterman@milberg.com |
| 5 | |
| | Peter G.A. Safirstein |
| 6 | MILBERG LLP |
| | One Pennsylvania Plaza, 49th Floor |
| 7 | New York, NY 10119-0165 |
| | Tel: 212-594-5300 |
| 8 | Fax: 212-868-1229 |
| | psafirstein@milberg.com |
| 9 | |
| | Robert Kaplan |
| 10 | Laurence D. King |
| | KAPLAN FOX & KILSHEIMER LLP |
| 11 | 350 Sansome Street. Suite 400 |
| | San Francisco, CA 94104 |
| 12 | Tel:  415-772-4700 |
| | Fax: 415-772-4707 |
| 13 | rkaplan@kaplanfox.com |
| | lking@kaplanfox.com |
| 14 | |
| | W. Joseph Bruckner |
| 15 | LOCKRIDGE GRINDAL NAUEN PLLP |
| | 100 Washington Avenue S, Suite 2200 |
| 16 | Minneapolis, MN 55401 |
| | Tel:  612-339-6900 |
| 17 | Fax: 612-339-0981 |
| | wjbruckner@locklaw.com |
| 18 | |
| | Michael Buchman |
| 19 | J. Douglas Richards |
| | POMERANTZ HAUDEK BLOCK |
| 20 |      GROSSMAN & GROSS |
| | 100 Park Avenue |
| 21 | New York, NY 10019 |
| | Tel: 212-661-1100 |
| 22 | Fax: 212-661-8665 |
| | mbuchman@pomlaw.com |
| 23 | drichards@pomlaw.com |
| 24 | Eugene A. Spector |
| | SPECTOR ROSEMAN |
| 25 | KODROFF & WILLIS PC |
| | 1818 Market Street, 25th Floor |
| 26 | Philadelphia, PA 19103 |
| | Tel:  215-496-0300 |
| 27 | Fax: 215-496-6611 |
| | espector@srkw-law.com |
| 28 | |

9

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PORTIONS OF FIRST AMENDED
CONSOLIDATED CLASS ACTION COMPLAINT BASED ON FTAIA, Case No. 3:07-cv-05634 CRB

1
2
3
4

Jennie Lee Anderson
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Tel: 415-986-1400
Fax: 415-986-1474
jennie@andrusanderson.com

5
6

*Additional Counsel for Plaintiffs*

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28