Joseph W. Cotchett (36324)
Niall P. McCarthy (160175)
Steven N. Williams (175489)
Niki B. Okcu (229345)
Eric J. Buescher (271323)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile:   650-697-0577
jcotchett@cpmlegal.com
nmccarthy@cpmlegal.com
swilliams@cpmlegal.com
nokcu@cpmlegal.com
ebuescher@cpmlegal.com

Michael D. Hausfeld
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile:   202-540-7201
mhausfeld@hausfeldllp.com

Michael P. Lehmann (77152)
Christopher L. Lebsock (184546)
Jon T. King (205073)
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA  94104
Telephone: 415-633-1908
Facsimile:   415-358-4980
mlehmann@hausfeldllp.com
clebsock@hausfeldllp.com
jking@hausfeldllp.com

*Interim Class Counsel for the Putative Class*

See signature page for complete list of Counsel

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA,  SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 07-CV-5634-CRB, MDL No. 1913<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS' MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:      September 30, 2011<br>Time:      10:00 a.m.<br>Location: Courtroom 6, 17th Floor<br>Judge:    Hon. Charles R. Breyer |

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS' MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 07-cv-05634-CRB; MDL No. 1913**

**TABLE OF CONTENTS**

**Page(s)**

**I.    INTRODUCTION AND SUMMARY OF ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . 1

**II.   BACKGROUND.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**III.  ARGUMENT.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    The Federal Discovery Rule is Applicable to Plaintiffs' Claims . . . . . . . . . . . . . . 2

      B.    Because Plaintiffs May Properly Invoke the Discovery Rule, they Need not "Relate Back" In Order to Toll the Statute of Limitations. . . . . . . . . . . . . . . 4

      C.    Even If Plaintiffs Were Required to Satisfy the Rule 15(c) Requirements, Plaintiffs Do So Because They Only Received Notice of the European Carrier's Potential Identity as Defendants From a Cooperating Defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      D.    Plaintiffs Have Adequately Pled Fraudulent Concealment . . . . . . . . . . . . . . . . . . 7

**IV.   CONCLUSION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7



LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS'
MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT, Case No. 07-cv-05634-CRB; MDL No. 1913                                    i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brink v. First Credit Resources*
    57 F. Supp. 2d 858 (D. Ariz. 1999)................................................................ 6

*Conmar Corp. v. Mitsui & Co. (U.S.A.), Inc.*,
    858 F.2d 499 (9th Cir. 1988)
    *cert. denied sub nom. VSL, Inc. v. Conmar Corp.*, 488 U.S. 1010 (1989) .......... 3, 4, 7

*E.W. French & Sons, Inc. v. General Portland, Inc.*,
    885 F.2d 1392 (9th Cir. 1989) ........................................................ 4

*Hobson v. Wilson*,
    737 F.2d 1 (D.C. Cir. 1984)............................................................ 3

*In re Aftermarket Filters Antitrust Litig.*,
    No. 08 C 4883, 2009 WL 3754041 (N.D. Ill. Nov. 5, 2009) ........................ 3

*In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*,
    782 F. Supp. 487 (C.D. Cal. 1991) ................................................ 3, 4

*In re Copper Antitrust Litig.*,
    436 F.3d 782 (7th Cir. 2006)......................................................... 3

*In re Ready-Mixed Concrete Price Fixing Litig.*,
    No. 1:05-CV-00979-SEB-VS, 2006 WL 2849711 (S.D. Ind. Sept. 29, 2006) .......... 3

*In re Rubber Chems. Antitrust Litig.*,
    504 F. Supp. 2d 777 (N.D. Cal. 2007) ............................................... 4

*In re Sulfuric Acid Antitrust Litig.*,
    743 F.Supp.2d 827 (N.D. Ill. 2010) ................................................... 3

*In re Vitamins Antitrust Litig.*,
    No. 99-197 (TFH), 2000 U.S. Dist. LEXIS 7397 (D.D.C. May 9, 2000) .............. 3

*Kilkenny v. Arco Marine, Inc.*,
    800 F.2d 853 (9th Cir. 1986) ....................................................... 5, 6

*Korn v. Royal Caribbean Cruise Line, Inc.*,
    724 F.2d 1397 (9th Cir. 1984) ........................................................ 5

*Mangum v. Action Collection Serv., Inc.*,
    575 F.3d 935 (9th Cir. 2009).......................................................... 2

*Norman-Bloodsaw v. Lawrence Berkeley Lab.*,
    135 F.3d 1260 (9th Cir. 1998) ........................................................ 2

*Percy v. San Francisco General Hospital*,
    841 F.2d 975 (9th Cir. Cal. 1988)..................................................... 5

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS' MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 07-cv-05634-CRB; MDL No. 1913**   ii

*Schwartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007)................................................... 3

*Trotter v. Int'l Long-shoremen's & Warehousemen's Union*,
    704 F.2d 1141 (9th Cir. 1983)................................................. 2

*Wells v. HBO & Co.*,
    813 F. Supp. 1561 (N.D. Ga. 1992)............................................. 6

**STATUTES AND RULES**

Fed. R. Civ. Proc.

    Rule 15(c)................................................................ 1, 5, 6

    Rule 23(g)............................................................... 1

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS' MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 07-cv-05634-CRB; MDL No. 1913**     iii

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

The discovery rule precludes dismissal of any Plaintiffs' claims against the European Carriers, and to the extent that the discovery rule does not apply Plaintiffs have adequately pled fraudulent concealment in accordance with the Court's direction.  Moreover, Plaintiffs' allegations are otherwise sufficient to satisfy the relation back doctrine and the requirements of Federal Rule of Civil Procedure 15(c).  Plaintiffs were not aware, and could not have been aware, of the facts giving rise to their claims against the European Carrier defendants Societe Air France, KLM Royal Dutch Airlines, and SAS AB (collectively the "European Carrier Defendants") until a participant in the conspiracy came forth and provided a proffer of information.  The conspiracy alleged by Plaintiffs was carried out in secret, and there was no way that any Plaintiff could have discovered the nature and extent of the conspiracy, and the European Carriers' role in the conspiracy, without information provided by the cooperating Defendant.  For these reasons, the European Carrier's  Motion should be denied.

## II. BACKGROUND

The first of the actions which became this MDL proceeding was filed in this Court on November 6, 2007.  *Wortman et al. v. Air New Zealand Et al.*, N.D. Cal. case no. 07-cv-05634 CRB (DMR) (Dkt. No. 1).  That complaint date did not name the European Carriers as Defendants.  Additional Complaints were filed in this Court and other United States District Courts, and the Judicial Panel on Multidistrict Litigation ordered the cases consolidated before this Court.  On March 28, 2008, this Court appointed interim co-lead counsel for the class pursuant to Fed. R. Civ. Proc. 23(g).  (Dkt. No. 130).  A short time later, initial discussions commenced between a participant in the conspiracy and interim co-lead counsel.  Over the next sixteen months, information was provided by this participant which confirmed many of the allegations made in the Original Complaint and provided information about the conspiracy, including information about additional participants in the conspiracy, that had previously been unknown to Plaintiffs.  The information provided by the cooperating Defendant was the basis of many of the allegations of the Consolidated Amended Complaint filed on August 6, 2009 (Dkt.

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS' MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 07-cv-05634-CRB; MDL No. 1913       1

No. 200) ("CAC"). The CAC included numerous additional allegations about the conspiracy and included the European Carriers as Defendants. The European Carriers were included as Defendants based upon information provided to interim co-lead counsel by the cooperating Defendant which had, until its disclosure by the cooperating Defendant, been unknown to interim co-lead counsel. Plaintiffs could not otherwise gain knowledge of this information through the exercise of due diligence. In response to the CAC, the Defendants filed thirteen motions to dismiss. Defendants Philippine Airlines, Inc. and Vietnam Airlines Corp. filed a motion to dismiss based upon relation back grounds (Dkt. No. 287). The European Carriers *did not* file such a motion, although they filed separate motions to dismiss and joined in the joint motion to dismiss.

## III.   ARGUMENT

### A.   The Federal Discovery Rule is Applicable to Plaintiffs' Claims

The Ninth Circuit has made it clear that the discovery rule applies to statutes of limitations in federal litigation. As stated in *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009):

> We have made it clear that, in general, the discovery rule applies to statutes of limitations in federal litigation, that is, "[f]ederal law determines when the limitations period begins to run, and the general federal rule is that 'a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1266 (9th Cir. 1998) (quoting *Trotter v. Int'l Long-shoremen's & Warehousemen's Union*, 704 F.2d 1141, 1143 (9th Cir. 1983)).

The Seventh Circuit has spoken to the application of the federal discovery rule to antitrust claims:

> [I]n the absence of a contrary directive from Congress this rule is qualified by the discovery rule, which "postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured." *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). "This principle is based on the general rule that accrual occurs when the plaintiff discovers that 'he has been injured and who caused the injury.'" *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004) (quoting *United States v. Duke*, 229 F.3d 627, 630 (7th Cir. 2000) (emphasis in original).

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS' MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 07-cv-05634-CRB; MDL No. 1913    2

*In re Copper Antitrust Litig.*, 436 F.3d 782, 789 (7th Cir. 2006). *See also In re Sulfuric Acid Antitrust Litig.*, 743 F.Supp.2d 827, 854 (N.D. Ill. 2010) ("*Sulfuric Acid*"); *In re Aftermarket Filters Antitrust Litig.*, No. 08 C 4883 2009 WL 3754041, *4 (N.D. Ill. Nov. 5, 2009) ("*Aftermarket Filters*"); *In re Ready-Mixed Concrete Price Fixing Litig.*, No. 1:05-CV-00979-SEB-VS, 2006 WL 2849711, *2 (S.D. Ind. Sept. 29, 2006).

  In this case, Plaintiffs have pled sufficient facts to invoke the discovery rule. *Schwartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Plaintiffs adequately allege that they did not, and could not have had, actual or constructive knowledge of the conspiracy until the DOJ announced the charges against KAL, and that further, secret and confidential information that could only be obtained from a member of the conspiracy was not made available until just before the filing of the First Amended Consolidated Class Action Complaint ("FAC"). FAC ¶¶ 282-287. Constructive knowledge exists when a plaintiff "should have been alerted to facts that, following duly diligent inquiry, could have advised it of its claim." *Conmar Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 858 F.2d 499, 502 (9th Cir. 1988), *cert. denied sub nom. VSL, Inc. v. Conmar Corp.*, 488 U.S. 1010 (1989) ("*Conmar*"). "However, knowledge of facts relevant to their claim will not amount to constructive knowledge if those facts were not of a type to prompt investigation." *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig.*, 782 F. Supp. 487, 493 (C.D. Cal. 1991) ("*Petroleum Products*") (citing *Conmar*, 858 F.2d at 504-05). In fact, "notice in the context of fraudulent concealment is close to actual notice, not 'the kind of notice – based on hints, suspicions, hunches or rumors – that requires a plaintiff to make such inquiries in the exercise of due diligence but not to file suit.'" *In re Vitamins Antitrust Litig.*, No. 99-197 (TFH), 2000 U.S. Dist. LEXIS 7397, at *32-33 (D.D.C. May 9, 2000) (quoting *Hobson v. Wilson*, 737 F.2d 1, 35 (D.C. Cir. 1984)). In addition, "public access to information does not incontrovertibly establish constructive knowledge of one's claims." *Petroleum Products*, 782 F. Supp. at 493 (citing *Conmar*, 858 F.2d at 504). "Even where a plaintiff actually knows of public speculation, constructive knowledge cannot be established,

///

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS' MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 07-cv-05634-CRB; MDL No. 1913**   3

absent 'awareness of 'some evidence tending to support it.'" *Id*. (quoting *E.W. French & Sons, Inc. v. General Portland, Inc.*, 885 F.2d 1392, 1400 (9th Cir. 1989) ("French")).

In *Conmar*, the Ninth Circuit held that general issues of material fact existed as to whether, as a matter of law, the publication of articles in major newspapers describing an investigation into the same violations alleged in the complaint, as well as an indictment, were sufficient to put the plaintiff on notice. 858 F.2d at 504-05. This was so even though the plaintiff relied on the indictments in its complaint. *Id*. at 502. Similarly, in *Petroleum Products*, the district court held that media coverage of federal grand jury investigations into antitrust violations similar to those alleged by the plaintiff was not, as a matter of law, sufficient to prompt plaintiffs to investigate their claims. 782 F. Supp. at 496-97. *See also French*, 885 F.2d at 1400 (existence of earlier law suit charging the named defendants with price fixing is "not tantamount to actual or constructive knowledge of the price-fixing claims"); *In re Rubber Chems. Antitrust Litig.*, 504 F. Supp. 2d 777, 788 (N.D. Cal. 2007) ("*Rubber Chems.*") (allegations that the defendants engaged in a self-concealing conspiracy that involved secret meetings to set prices, agreements not to disclose the collusion, destruction of documents, and pretextual justifications for inflated prices would not, if true, "give rise to any information that would 'excite the inquiry of a reasonable person' and thereby require Plaintiffs to engage in affirmative steps to attempt to discover the conspiracy.") For these reasons, Plaintiffs' allegations are sufficient to invoke the discovery rule.

**B.   Because Plaintiffs May Properly Invoke the Discovery Rule, they Need not "Relate Back" In Order to Toll the Statute of Limitations**

Although Defendants filed many reams of paper in support of the thirteen motions to dismiss the CAC, the European Carriers did not at that time raise the arguments they now seek to raise. When the European Carriers filed their previous motions, all of the facts and claims pertinent to the Court's determination of the instant motion were already contained within Plaintiffs' Complaint. Accordingly, Defendants should be deemed to have waived the argument. But even if Plaintiffs did not name the European Carriers in the first filed complaint, the record

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS' MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 07-cv-05634-CRB; MDL No. 1913**          4

bears no indication that allowing Plaintiffs to proceed with their claims against the European Carriers would contravene the purpose of Rule 15(c). Where a party seeks to add a new defendant under Rule 15(c) due to a mistake, the Ninth Circuit has stated that a court's main objective is "'avoiding prejudice to the party to be added.'" *Percy v. San Francisco General Hospital*, 841 F.2d 975, 978 (9th Cir. Cal. 1988). In such circumstances, the "district court is called upon to exercise its discretion in deciding whether the circumstances of a given case are such that it would be unfair to permit the plaintiff to add a new defendant." *Id*. Here adding the European Carriers as Defendants to this matter would not result in prejudice to the European Carriers, who cannot persuasively argue that they were not on notice of this litigation so as to preserve any defenses.

In moving for dismissal of Plaintiffs' claims against them, the European Carriers rely chiefly on Federal Rule 15(c). The European Carriers insist that Plaintiffs' claims should be dismissed because Plaintiffs have not offered a reason as to why the European Carriers were not named in the first filed complaint. For support as to this argument, Defendants rely on *Kilkenny v. Arco Marine, Inc.,* 800 F.2d 853 (9th Cir. 1986) for the unremarkable proposition that Federal Rule of Civil Procedure 15(c) is intended only protect a plaintiff who mistakenly names a party and then discovers the identity of the proper party after the statute of limitations has run. Defendants miss the point. Of course, Rule 15(c) "is the only vehicle through which a plaintiff may amend his complaint, after a statute of limitation period has run, to accurately name a defendant who was not ***correctly*** named in the pleading before the limitation period had run." *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1399 (9th Cir. 1984) (emphasis added). Here, however, the reason why the European Carriers were not named as Defendants in the first filed complaint was not the result of a "mistake" as to the European Carriers' names in the plain and ordinary meaning of the word, or a result of mistaking their identities for that of another Defendant who was mistakenly and actually named. Instead, Plaintiffs did not name the European Carriers as Defendants in the first filed complaint because it was not until a cooperating member of the conspiracy identified the European Carriers as participants that

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS'
MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT, Case No. 07-cv-05634-CRB; MDL No. 1913**         5

1 Plaintiffs were able to plead, consistent with the Federal Rules of Civil Procedure, a claim
2 against the European Carriers. Accordingly, the issue of whether Plaintiffs' claims against the
3 European Carriers relate back to the Original Complaint under Rule 15(c) is irrelevant. Rather,
4 as discussed above, the pertinent determination is whether Plaintiffs' claims against the European
5 Carriers should be tolled under the Discovery Rule. For these reasons, the European Carriers'
6 instant motion should be denied.

       **C.    Even If Plaintiffs Were Required to Satisfy the Rule 15(c) Requirements, Plaintiffs Do So Because They Only Received Notice of the European Carrier's Potential Identity as Defendants From a Cooperating Defendant**

9 Even if the Court determined that Plaintiffs are required to satisfy the Rule 15(c)
10 requirements, Plaintiffs' allegations are more than sufficient to do so. As articulated in *Brink v.*
11 *First Credit Resources*, "[t]he cases in which a plaintiff seeks to add a defendant after the statute
12 of limitations has run follow three patterns." 57 F. Supp. 2d 858, 856-57 (D. Ariz. 1999). In one
13 scenario, a plaintiff seeks to add defendants "when the information about the additional
14 defendant's identity is within the defendants' control but the defendants are not forthcoming."
15 *Id*. at 856. This scenario is distinguished from the second scenario where a plaintiff knows a
16 defendant's identity but is uncertain as to whether that defendant may be liable. *Id*. (citing *Wells*
17 *v. HBO & Co.*, 813 F. Supp. 1561, 1567 (N.D. Ga. 1992)). And in a third scenario, a plaintiff is
18 unaware of a potential defendant's identity, learns of the pertinent identity within the statute of
19 limitations, and later seeks to amend his complaint after the statute of limitations has expired.
20 *Brink*, 57 F. Supp. 2d at 856 (citing *Kilkenny*, 800 F.2d at 857). Unlike the first scenario, which
21 is similar to the case at hand, a plaintiff's failure to add a potential defendant in the latter two
22 scenarios "cannot be characterized as a 'mistake concerning identity' because the plaintiff was
23 aware of the new party's identity before the statute of limitations had run.'" *Id*. at 856. This
24 results from the proposition, established by the Ninth Circuit, that "Rule 15(c) was never
25 intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to <u>notice of a</u>
26 <u>potential party</u>." *Kilkenny*, 800 F.2d at 857.
27 / / /
28

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS' MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 07-cv-05634-CRB; MDL No. 1913**   6

In this case, Plaintiffs were not aware of the European Carriers' identity as a potential party prior to the filing of the first filed complaint, and otherwise did not have notice that the European Carriers were a potential party prior to receiving knowledge through the disclosures of the cooperating Defendant, as noted above. This is sufficient to constitute a mistake concerning the identity of the European Carriers. Accordingly, in such circumstances where Plaintiffs were not aware of the European Carriers' identity as a potential defendant in this litigation, the allegations presented in the FAC are sufficient to relate back to the Original Complaint. Defendants' instant Motion should be denied for this additional reason.

### D.  Plaintiffs Have Adequately Pled Fraudulent Concealment

Nonetheless, the European Carriers' briefly argue that Plaintiffs' FAC fails to allege fraudulent concealment with sufficient particularity, citing *Conmar*, 858 F.2d at 505, and join in the separate motion to dismiss fraudulent concealment allegations. The European Carriers are mistaken for the reasons set forth in Plaintiffs' Opposition to the Motion to Dismiss Fraudulent Concealment allegations, and Plaintiffs respectfully refer the Court to the separately field opposition to that motion.

## IV.  CONCLUSION

For the foregoing reasons, the European Carriers' motion should be dismissed.

Dated: August 29, 2011               Respectfully submitted,

**COTCHETT, PITRE & McCARTHY, LLP**

By:  _____/s/ Steven N. Williams_____

Joseph W. Cotchett (36324)
Niall P. McCarthy (160175)
Paul N. "Pete" McCloskey (024541)
Steven N. Williams (175489)
Nanci E. Nishimura (152621)
Niki B. Okcu (229345)
Eric J. Buescher (271323)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  650-697-6000
Facsimile:   650-697-0577

LAW OFFICES
COTCHETT, PITRE, & McCARTHY, LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS' MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 07-cv-05634-CRB; MDL No. 1913        7

Michael D. Hausfeld
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile:   202-540-7201

Michael P. Lehmann (77152)
Christopher L. Lebsock (184546)
Jon T. King (205073)
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA  94104
Telephone: 415-633-1908
Facsimile:   415-358-4980

*Interim Class Counsel for the Putative Class*

Daniel C. Girard
Elizabeth C. Pritzker
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: 415-981-4800
Fax: 415-981-4846
dcg@girardgibbs.com
ecp@girardgibbs.com

Walter J. Lack
Elizabeth L. Crooke
Richard P. Kinnan
**ENGSTROM, LIPSCOMB & LACK**
10100 Santa Monica Boulevard, 12th Floor
Los Angeles, CA 90067
Tel:  310-552-3800
Fax: 310-552-9434
wlack@elllaw.com
bcrooke@elllaw.com
rkinnan@elllaw.com

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS' MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 07-cv-05634-CRB; MDL No. 1913**    8

Guido Saveri
Richard Alexander Saveri
Cadio R. Zirpoli
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, CA 94111
Tel: 415-217-6810
Fax: 415-217-6813
guido@saveri.com
rick@saveri.com
cadio@saveri.com

Garrett D. Blanchfield, Jr.
Mark Reinhardt
**REINHARDT WENDORF & BLANCHFIELD**
East 1250 First National Bank Building
322 Minnesota Street
St. Paul, MN 55101
Tel: 651-287-2100
Fax: 651-287-2103
g.blanchfield@rwblawfirm.com
m.reinhardt@rwblawfirm.com

Thomas Girardi
Graham B.LippSmith
**GIRARDI & KEESE**
1126 Wilshire Blvd.
Los Angeles, CA 90017
Tel: (213) 977-0211
Fax: (213) 481-1554
tgirardi@girardikeese.com
glippsmith@girardikeese.com

Bruce L. Simon
Will Newsom
**PEARSON SIMON WARSHAW & PENNY**
44 Montgomery St, Suite 2450
San Francisco, CA 94104
Tel: 415-433-9000
Fax: 415-433-9008
bsimon@pswplaw.com
wnewsom@pswplaw.com

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS' MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 07-cv-05634-CRB; MDL No. 1913        9

Jack Wing Lee
Brad Yamauchi
Sean Tamuro-Sato
Derek Howard
**MINAMI TAMAKI LLP**
360 Post Street, 8th Floor
San Francisco, CA 94108
Tel:  415-788-9000
Fax: 415-398-3887
jlee@minamitamaki.com
byamauchi@minamitamaki.com
seant@minamitamaki.com
dhoward@minamitamaki.com

Allan Steyer
D. Scott Macrae
Jayne A. Peeters
Dana Andreoli
**STEYER LOWENTHAL BOODROOKAS ALVAREZ & SMITH LLP**
One California Street, 3d Floor
San Francisco, CA 94111
Tel: 415-421-3400
Fax: 415-421-2234
asteyer@steyerlaw.com
smacrae@steyerlaw.com
jpeeters@steyerlaw.com
dandreoli@steyerlaw.com

Brian S. Kabateck
Richard Kellner
**KABATECK BROWN KELLNER LLP**
644 South Figueroa Street
Los Angeles, CA 90017
Tel:  213-217-5000
Fax:  213-217-5010
bsk@kbklawyers.com
rlk@kbklawyers.com

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS' MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 07-cv-05634-CRB; MDL No. 1913                    10

Rober Eisler
**GRANT & EISENHOFER P.A.**
1201 N. Market Street
Suite 2100
Wilmington, DE 19801
Tel: 302-622-7030
Fax: 302-622-7100
reisler@gelaw.com

Steven A. Kanner
Billy London
**FREED, KANNER, LONDON
& MILLEN, LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Tel: 224-632-4500
Fax: 224-632-4519
skanner@fklmlaw.com
blondon@fklmlaw.com

Craig C. Corbitt
**ZELLE HOFMANN VOELBEL
& MASON LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Tel: 415-693-0700
Fax: 415-693-0770
ccorbitt@zelle.com

Jeff S. Westerman
**MILBERG LLP**
One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Tel: 213-617-1200
Fax: 213-617-1975
jwesterman@milberg.com

Peter G.A. Safirstein
**MILBERG LLP**
One Pennsylvania Plaza, 49th Floor
New York, NY 10119-0165
Tel: 212-594-5300
Fax: 212-868-1229
psafirstein@milberg.com

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS' MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 07-cv-05634-CRB; MDL No. 1913       11

Robert Kaplan
Laurence D. King
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street. Suite 400
San Francisco, CA 94104
Tel:  415-772-4700
Fax: 415-772-4707
rkaplan@kaplanfox.com
lking@kaplanfox.com

W. Joseph Bruckner
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Tel:  612-339-6900
Fax: 612-339-0981
wjbruckner@locklaw.com

Michael Buchman
J. Douglas Richards
**POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS**
100 Park Avenue
New York, NY 10019
Tel: 212-661-1100
Fax: 212-661-8665
mbuchman@pomlaw.com
drichards@pomlaw.com

Eugene A. Spector
**SPECTOR ROSEMAN KODROFF & WILLIS PC**
1818 Market Street, 25th Floor
Philadelphia, PA 19103
Tel:  215-496-0300
Fax: 215-496-6611
espector@srkw-law.com

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS'
MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S FIRST AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT, Case No. 07-cv-05634-CRB; MDL No. 1913        12

Jennie Lee Anderson
**ANDRUS ANDERSON LLP**
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Tel: 415-986-1400
Fax: 415-986-1474
jennie@andrusanderson.com

*Additional Counsel for Plaintiffs*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO EUROPEAN CARRIERS' MOTION TO DISMISS CERTAIN PORTIONS OF PLAINTIFF'S FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 07-cv-05634-CRB; MDL No. 1913**                    13