UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION,

_____/

No. C-07-05634 CRB (DMR)

**ORDER RE PLAINTIFFS' MOTION TO COMPEL [Docket Nos. 601 and 610]**

The parties filed two joint letters setting forth a discovery dispute between Plaintiffs and various Defendants. Plaintiffs and Defendant All Nippon Airways Co., Ltd. ("ANA") submitted a letter on November 30, 2011. [Docket No. 601.] Plaintiffs and several non-ANA Defendants submitted a December 14, 2011 letter discussing the same dispute and its potential impact on non-ANA Defendants.[1] [Docket No. 610.] The court conducted a hearing on January 12, 2012. This Order summarizes the rulings made by the court on the record during the hearing.

The parties' discovery dispute concerns materials previously produced by ANA in parallel multi-district litigation entitled *In re Air Cargo Shipping Services Antitrust Litigation ("Air Cargo")*, Case No. 06-1775-JGG, currently pending in the Eastern District of New York. These materials include documents previously produced by ANA to the Department of Justice or other

---

[1] All remaining defendants except Japan Airlines International and United Airlines joined in the second letter.

1  governmental or foreign regulatory authorities in connection with investigations into alleged anti-
2  competitive conduct in the air cargo and air passenger industries. The materials also include
3  documents concerning the relationship between the pricing of passenger fares and cargo rates,
4  including surcharges (collectively, the "*Air Cargo* materials").

5  The *Air Cargo* materials comprise approximately 1.1 million documents. ANA produced
6  them to the *Air Cargo* Plaintiffs approximately one year ago. As the same counsel represent the
7  plaintiffs in both this matter and in the *Air Cargo* litigation, Plaintiffs' counsel already have the
8  requested materials in their possession. However, there is a protective order in place in *Air Cargo*
9  that prevents Plaintiffs from using the documents in this case absent an order from the court or an
10 agreement by ANA. Therefore, Plaintiffs seek an order deeming the *Air Cargo* materials produced
11 in this case.

12 Plaintiffs argue for wholesale production of all 1.1 million of the *Air Cargo* materials. They
13 point to the broad scope of discovery under Federal Rule of Civil Procedure 26, and argue further
14 that such discovery is particularly broad in antitrust actions. Plaintiffs also generally assert that
15 documents produced in *Air Cargo* are relevant in this case because, as alleged in their complaint,
16 ANA's conspiratorial conduct to fix air cargo rates is "intertwined" with its conspiratorial conduct in
17 the air passenger market. Finally, they point to notes from a 2004 Board of Airline Representatives
18 ("BAR") meeting in Thailand which are suggestive of anti-competitive behavior regarding fuel
19 surcharges for air cargo pricing that may have become a model for similar behavior for air passenger
20 fares.

21 ANA objects to the production of the documents on the grounds of relevance, arguing that
22 the cargo and passenger transportation markets are completely separate, with separate pricing
23 practices, and therefore documents regarding cargo transportation are irrelevant to the issues in this
24 litigation. The non-ANA Defendants object that the production of the *Air Cargo* materials in this
25 case would be extremely burdensome, as each Defendant would incur millions of dollars in fees and
26 costs for loading and hosting the documents on a joint defense database, and then reviewing and
27 analyzing the documents.

28

1       Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . [r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, Rule 26 also requires that the court limit the frequency or extent of discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

      Here, Plaintiffs primarily have relied on general, broad-brush statements to support their argument that all 1.1 million documents in the *Air Cargo* materials are relevant to this case. However, the court has little idea about what those materials actually are. Without more specific information the court cannot determine which, if any, of the *Air Cargo* materials should be produced in this litigation. Plaintiffs' allegations, along with the Thai BAR meeting notes, suggest that there may well be *Air Cargo* materials which should be produced in this case. The scope of relevance in discovery in antitrust actions is indeed broad. *See FTC v. Lukens Steel Co.*, 444 F. Supp. 803, 805 (D.D.C. 1977) ("The discovery rules should normally be liberally construed to permit discovery in antitrust cases."). Where allegations of conspiracy or monopolization are involved, broad discovery may be needed to uncover evidence of design, pattern, or intent. *Id.* Accordingly, the court concludes that Plaintiffs should be given the opportunity to review and select relevant *Air Cargo* materials for use in this case.

      Therefore, the parties shall meet and confer regarding a process by which Plaintiffs may review and select *Air Cargo* materials for possible use in this case. The parties shall use the review and selection procedure described in the June 29, 2011 Order in *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-5944-SC (Docket No. 952) as a starting point. The process must include a mechanism by which Defendant ANA may object to Plaintiffs' selection of documents for production on the basis of relevance, as well as a procedure requiring the parties to meet and confer to resolve any disputes prior to submitting them to the undersigned for resolution well in advance of a party's attempted use of *Air Cargo* materials in this litigation. In this way, Plaintiffs have an

3

opportunity to identify relevant *Air Cargo* materials, other parties have a chance to object and argue otherwise, and Defendants will not be burdened by being forced to review each and every one of the 1.1 million documents. By no later than January 19, 2012, the parties shall submit a joint stipulated proposal regarding the review and production process to the undersigned.

IT IS SO ORDERED.

Dated: January 18, 2012

DONNA M. RYU
United States Magistrate Judge

4