UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>All Actions | Case No. 07-cv-5634 CRB (DMR)<br><br>MDL No. 1913<br><br>**ORDER RE PRODUCTION OF AIR CARGO DOCUMENTS** |

Plaintiffs have moved to compel the production of certain documents. On January 12, 2012, the court conducted a hearing. On January 18, 2012, the court entered a written order (Dkt. 621) summarizing the rulings made by the court on the record during the hearing. The court directed the parties to meet and confer on an agreed stipulation and order modeled on the stipulation and order in the action *In re Cathode Ray Tube Antitrust Litigation*, Case No. 07-5944 –SC (Dkt. No. 952). The parties have met and conferred but report that they have been unable to reach agreement. Having considered the record on this motion and the submissions of the parties the court orders:

1. Plaintiffs may commence their review of the documents produced by those Defendants in this action who are also defendants in the *In re Air Cargo Shipping Services Antitrust Litigation*, E.D.N.Y. Case No. 06-MD-1775 (JG) (VVP) ("*Air Cargo*") upon entry of the order set forth below, and shall conduct such review in the database constructed for the plaintiffs in the *Air Cargo* litigation, or on such other platform at their discretion. The terms of this order do not apply to any *Air Cargo* documents which Plaintiffs obtain through means other than the terms of this order, *e.g.,* documents produced by any settling party, documents obtained by virtue of any third-party subpoena or Freedom of Information Act Request, or documents that become publicly available.

2. Plaintiffs may designate not more than 20 *Air Cargo* documents per deposition at least 21 days prior to the commencement of the deposition. Plaintiffs shall provide copies of these documents to Defendants at the time of designation. Defendants shall have 10 days to object to such designations. Any document as to which no objections are made shall be deemed produced herein.

3. In the event that Defendants have objections to any designated documents, the parties shall meet and confer regarding such objections. Objections that cannot be resolved via the meet and confer process shall be presented to the court in the joint letter brief format outlined in the Honorable Donna M. Ryu's Standing Order (dated February 22, 2011). The parties shall file the referenced documents with the court when they submit their joint letter briefs. If such objections remain unresolved at the time of the deposition for which the documents have been designated, they may be used at the deposition, but the objection will remain subject to resolution by the court. In other words, if the Court later rules that an Air Cargo document is not discoverable in this case, deposition testimony relating to the document may be stricken.

4. Plaintiffs may designate a reasonable number of additional documents from the *Air Cargo* production for use in the above captioned litigation for purposes of providing them for review by Plaintiffs' consultants and/or experts on a rolling basis. Plaintiffs shall designate such documents at least 35 days prior to the date they wish to provide the document(s) to a consultant and/or expert. Defendants shall have 14 days to object to such designations. Objections that

cannot be resolved via the meet and confer process shall be presented to the Court in the joint letter brief format within seven (7) days of Defendants' objections to the designation(s). Documents designated by Plaintiffs for review by Plaintiffs' consultants and/or experts to which Defendants object may not be shared with Plaintiffs' consultants and/or experts unless and until the Court issues a ruling overruling Defendants' objection(s). *Air Cargo* documents that have been designated and deemed produced, either because Defendants have not objected or because the Court has overruled Defendants' objections, may be shared with Plaintiffs' consultants and/or experts.

5. Plaintiffs may designate a reasonable number of additional documents from the *Air Cargo* production for use in the above captioned litigation not later than sixty days before the non-expert discovery cut-off. The parties shall meet and confer regarding a schedule for objections by Defendants to such designations. The timeframe for such objections shall depend on the volume of Plaintiffs' designation production. Plaintiffs will use best efforts to avoid over-designation. Any document as to which no objections are made shall be deemed produced herein

6. If the Court sustains any objection by Defendants to documents identified by Plaintiffs, such documents shall not be used in this litigation. Any ruling allowing Plaintiffs' designations will be without prejudice to later objections to use of such documents at a hearing, trial, or any other proceeding.

7. All *Air Cargo* documents reviewed by Plaintiffs shall be handled in conformity with the Protective Order entered in the above captioned litigation (Dkt. 404, 415) and the Protective Order in the *Air Cargo* matter (Dkt. 552, 599). To the extent that there is any inconsistency between the terms of those two orders, the order entered in this case shall govern. The confidentiality designations made by Defendants with respect to their *Air Cargo* productions shall be deemed to have been made by Defendants pursuant to the Protective Order entered in this matter. Challenges to confidentiality, if any, shall be governed by the Protective Order in this matter (Dkt. 404, 415).

8. This order may be modified by subsequent order of the Court on a showing of good cause.

**IT IS SO ORDERED.**

DATED: February 14, 2012

_____
DONNA M. RYU
United States Magistrate Judge