UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WORTMAN, | No. C 07-05634 CRB (DMR) |
| Plaintiffs, | **ORDER REGARDING AUGUST 28, 2012 JOINT DISCOVERY LETTER** |
| v. | |
| AIR NEW ZEALAND, | |
| Defendants. | |

On August 28, 2012, Plaintiffs and Defendant Philippine Airlines, Inc. ("PAL") filed a joint discovery letter. [Docket No. 658 (joint letter).] The court finds that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b).

On May 18, 2012, Plaintiffs and PAL filed a joint letter asking the court to determine whether PAL may invoke Philippine Presidential Decree No. 1718 (the "Blocking Statute") to refuse to produce documents, information, and transaction data responsive to Plaintiffs' discovery, but located solely in the Philippines. [Docket No. 642.] On August 9, 2012, the court held a hearing. On August 14, 2012, the court issued an Order on the joint letter in which the court held that the Blocking Statute was not a complete bar to production of such materials. The court ordered the parties to meet and confer further "to determine whether each discovery request calls for information that is directly relevant to Plaintiffs' claims, whether each request is sufficiently specific, and

whether specific, alternative means exist for Plaintiffs to secure the information that they seek." [Docket No. 655.]

On August 28, 2012, after meeting and conferring as ordered, Plaintiffs and PAL filed the present joint letter in which they request a determination of the issue of whether the Blocking Statute should be applied to documents relating to ex-Asia[1] originating travel created prior to 2004. The parties represent that once the threshold issue of the temporal scope of discovery for documents located in the Philippines has been determined, they will be able to proceed with negotiations regarding the scope of Plaintiffs' discovery requests.

Defendant indicates that it will assert the Blocking Statute "only as to documents that *both* relate[] exclusively to ex-Asia flights *and* pre-date[] 2004, the first year where PAL was alleged to have violated the antitrust laws." (Joint Letter 9) (emphasis in original). In other words, PAL will not assert the protections of the Blocking Statute for a six-year period, 2004-2009, which it claims coincide with Plaintiffs' more specific allegations against PAL. (Joint Letter 10.)

Plaintiffs argue that the Blocking Statute should not preclude the discovery of ex-Asia documents prior to 2004. Plaintiffs argue that they are entitled to such discovery because they have pled specific points concerning PAL's role in the conspiracy prior to 2004. (Joint Letter 1.) Specifically, Plaintiffs have alleged that in 2002, PAL's CEO made a statement addressing airline industry challenges and stated "in order to survive, competition must be replaced by cooperation." (Pls.' 1st Am. Consolidated Compl. ¶ 65; Joint Letter 5.) Arguing that the scope of discovery in antitrust cases is broad and that their requests seek relevant documents, Plaintiffs seek an order

> (1) clarifying that the relevant period for discovery against PAL shall be January 1, 1998 for transactional data and January 1, 1999 for liability evidence, and (2) holding that this discovery period applies to documents and information located in the Philippines and to passenger fares and fuel surcharges for ex-Asia originating travel.

(Joint Letter 6.)

---

[1] "Ex-Asia" refers to flights that originate in Asia, go to the United States, and return to Asia, in contrast to "ex-U.S." flights that originate in the United States. (Joint Letter 7.) Judge Breyer has ruled that only ex-U.S. flights can be the subject of damages allegations in this matter. [Docket No. 467 (Order Granting in Part and Denying in Part Motions to Dismiss) 12.]

2

**United States District Court**
For the Northern District of California

After considering the parties' arguments, and mindful of the comity balancing test set forth by the Supreme Court in *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522, 544 n.27 (1987), the court concludes that Plaintiffs may discover ex-Asia documents located in the Philippines from 2002. Although 2004 was the first year PAL was alleged to have violated antitrust laws, Plaintiffs should be afforded limited discovery of documents pre-dating those allegations. However, Plaintiffs have not adequately shown that the scope of discovery of these documents should extend all the way back to 1998. If, during the course of discovery, information comes to light that suggests that Plaintiffs should be entitled to discovery of ex-Asia documents located in the Philippines that pre-date 2002, Plaintiffs may ask the court to re-examine the question of temporal scope in light of such new information.

IT IS SO ORDERED.

Dated: September 14, 2012

_____
DONNA M. RYU
United States Magistrate Judge

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Donna M. Ryu]*