Joseph W. Cotchett (36324)
Paul N. "Pete" McCloskey (024541)
Steven N. Williams (175489)
Adam J. Zapala (245748)
Eric J. Buescher (271323)
Gene W. Kim (279549)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: 650-697-6000
Fax: 650-697-0577
jcotchett@cpmlegal.com
swilliams@cpmlegal.com
azapala@cpmlegal.com
ebuescher@cpmlegal.com
gkim@cpmlegal.com

Michael D. Hausfeld (*pro hac vice*)
Megan E. Jones (*pro hac vice*)
**HAUSFELD LLP**
1700 K Street, N.W., Suite 650
Washington, D.C. 20006
Tel: (202) 540-7200
Fax: (202) 540-7201
mhausfeld@hausfeldllp.com
mjones@hausfeldllp.com

Michael P. Lehmann (77152)
Christopher L. Lebsock (184546)
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco CA 94104
Tel: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeldllp.com
clebsock@hausfeldllp.com

*Interim Co- Lead Counsel for the Putative Class*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION**<br><br>_____<br><br>**This Document Relates to:**<br><br>**ALL ACTIONS**<br>_____ | Civil Case No. 3:07-cv-05634-CRB-DMR<br><br>MDL No. 1913<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO EXTEND BRIEFING AND DISCOVERY SCHEDULE** |

Pursuant to N.D. Cal. L.R. 7-11 and this Court's Standing Order (Rev. 4/29/13), ¶4, Plaintiffs hereby move for an order amending the current schedule for discovery cut-off and class certification briefing. Counsel for all parties agree that the current class certification schedule, which requires Plaintiffs to file their motion for class certification on September 16, 2013, is not achievable. Defendants will not have completed their document productions to Plaintiffs until, at the earliest, August 15, 2013. Thus, both sides have proposed competing schedules. *See* Exhibit A. Plaintiffs request that this Court adopt Plaintiffs' scheduling proposal to ensure sufficient time for necessary depositions and preparing the motion for class certification and related hearing.

## I. BACKGROUND

On November 29, 2012, this Court entered its Class Certification and Discovery Scheduling Order (Dkt. No. 665). That Order set the deadline for Class Certification for September 16, 2013, and the close of fact discovery on October 31, 2013. At the time of that Order, the parties were still meeting and conferring about discovery requests, and the majority of defendants had *not* made substantial document productions (as seen below).

On January 24, 2013, Judge Ryu signed a Stipulation and Order re Interim Discovery Deadlines (Dkt. No. 683). All parties were ordered to 1) conclude conferring by February 14, 2013, 2) make a substantial production by May 15, 2013, with 3) a complete production by June 14, 2013 of all pending discovery that was not subject to briefing, with all parties agreeing "in good faith to produce a rolling production as soon as such production is practicable." *See* Dkt. No. 683 at ¶ 4. The timing of Defendants' production to date is set forth graphically below:

**Number of Pages Produced by Defendants**
December 2012 - present

As is apparent, Defendants produced over 2 million pages to Plaintiffs in June 2013. Just prior to the deadline set by Judge Ryu, Defendants contacted Plaintiffs to inform us that they would be unable to meet the Court's order to "complete" document production by June 13, 2013, and instead asked for 60 days to complete their productions by August 15, 2013. *See* Lebsock Decl. at ¶2. To date, no defendant has asked for relief from Judge Ryu's complete production deadline.

In light of Defendants' default, they do not oppose a short extension of the discovery and briefing schedule, but will only agree to extend the existing schedule by sixty days,[1] ignoring the fact that 2 million pages were produced less than two months ago. The effect of Defendants' schedule would require Plaintiffs to file their class certification brief just *three months* after Defendants' production is completed: Defendants' last production would be on August 15, 2013, and Plaintiffs' class certification brief would be due on November 16, 2013. Defendants' schedule is not reasonable, wholly unsupported by antitrust class action precedent, and should be rejected.

## II. ARGUMENT

### A. PLAINTIFFS' PROPOSED DISCOVERY SCHEDULE IS SUPPORTED BY PRECEDENT AND THE FACTS OF THIS MATTER

In recent years, antitrust courts have routinely recognized that discovery is complex and requires an extended period of time to be completed. *See In re Railroads Antitrust Litigation* (Case 1:07-mc-00489) (production deadline by November 2009, and discovery closed October 31, 2010) at Dkt. No. 296; *see In re Fresh and Process Potatoes Antitrust Litigation* (No. 10-md-2186) (production deadline by March 1, 2013, and fact discovery closes March 3, 2014) at Dkt No. 239; *In re Polyurethane Foam Antitrust Litigation* (No. 1:10-md-02196) (production deadline by November 30, 2012; fact discovery closes December 19, 2013) at Dkt. No. 417. Notably, all of the preceding cases were productions of English documents; no foreign language documents were at issue. In this District, discovery has spanned over four years in *In re Cathode Ray Tube*

---

[1] Defense counsel proposed a longer schedule, but withdrew it when Plaintiffs did not accept it as proposed. *See* Lebsock Affidavit at ¶ 8 ("If plaintiffs reject the attached proposal, the extensions set forth therein will be withdrawn."); *see also id.* (counsel for Defendants telling Plaintiffs unequivocally that "We have no intention of working towards dates between your proposal and [defendants'] schedule").

PLAINTIFFS' ADMINISTRATIVE MOTION TO EXTEND BRIEFING & DISCOVERY SCHEDULE;
CASE NO.07-CV-5634-CRB                                                                                       2

*(CRT) Antitrust Litig*. N.D. Cal. Case No. C07-5944 SC ("*CRTs*"), a similarly complicated multi-defendant international conspiracy. *See* Dkt. No. 379 (limited discovery began on September 12, 2008) and Dkt. 1674 (class certification papers were filed on May 14, 2013). Further, in the related case, *In Re Air Cargo Shipping Services Antitrust Litig.*, E.D.N.Y. Case No. CV-03-3209, the Plaintiffs and Defendants have repeatedly asked for extensions of various discovery and class certification deadlines because the earlier deadlines proved unworkable.[2]

Acknowledging this antitrust precedent, Plaintiffs proposed that discovery close on February 15, 2015, approximately 16 months after the date that Defendants complete their document productions on September 30, 2013.[3] In addition to antitrust precedent, several reasons support adoption of Plaintiffs' longer schedule. *First*, hundreds of thousands of Defendants' documents produced to date are in a foreign language (*e.g.,* Chinese, Japanese) and are presently being reviewed by Plaintiffs' counsel conversant in Mandarin and Japanese. A number of these documents have been and will be translated into English for use in deposition, which takes time. *Second*, 2 million pages of English language documents were recently produced to Plaintiffs in June 2013 that must be reviewed and coded, which will take an extended period of time to complete, with more to come (an unknown quantity of new documents will be produced on August 15, 2013, including Air New Zealand's *entire* production (it has yet to produce *any* merits documents). *Third*, the scheduling of depositions will take time as well. Many of the Defendants' employees are located in foreign countries, the depositions of whom will be time consuming to schedule and complete. *Fourth*, a number of discovery disputes have been previously presented to Judge Ryu for resolution, and many more have been resolved through informal negotiation by

---

[2] *See Air Cargo* Dkt. Nos. 1030 (11/12/09) (initial scheduling order); 1283 (10/11/10) (extension); 1506 (6/10/11); 1513 (6/20/11) (extension); 1646 (2/7/12) (extension); 1722 (6/28/12) (extension of deadlines following filing of class certification motion); 1766 (11/05/12) (further extension of deadlines following filing of class motion); 1790 (12/20/12); and 1812 (3/1/13) (same).

[3] Defendants will likely point out in their opposition that Plaintiffs' proposal changed dramatically from our initial schedule. At the time the parties began discussing the extension in June, Plaintiffs had not received and loaded Defendants' June productions into their database and were not aware of the volume of documents involved. Once Plaintiffs' database consultants loaded these documents, resolved technical issues, and ran reports (which took several weeks) it became obvious that more time was going to be needed to analyze the production and complete discovery. Plaintiffs promptly informed Defendants of the need to revisit the schedule based on the changed circumstances. *See* Lebsock Decl. at ¶5.

the parties. Plaintiffs assume that additional discovery-related matters will require time to resolve as the parties proceed with discovery and any proposed schedule should permit time for this reality, which Plaintiffs' schedule does.[4]

During the negotiations between the parties concerning modification of the existing schedule, Defendants argued that the length of time this case has been on file justified their truncated schedule. Many of the reasons for the length of this litigation, however, are outside of Plaintiffs' control, and include, among other things, long and complicated motions to dismiss filed by the Defendants, a lengthy proffer process with the Department of Justice's amnesty applicant and an intervening bankruptcy filing by Japan Airlines (which Defendants argued stayed discovery in this case and resulted in a 15 month pause in the proceedings) (*see* Dkt. Nos. 344, 379, 381, 382, and 467). Plaintiffs have attempted to move this case forward despite the delay and the fact remains that Defendants did not make a substantial production until June 2013. For all of these reasons, Plaintiffs suggest that this Court adopt their proposed schedule.

### B. COST DATA IS AN INTEGRAL PART OF PLAINTIFFS' CLASS CERTIFICATION BRIEF

Defendants will produce cost data on August 15, 2013. Plaintiffs intend to provide Defendants' cost data to our expert for his consideration for use in his opinion on class certification. Depending on the sufficiency of the data, our expert may rely on such data in forming such an opinion to support class certification. Thus, it is important that Plaintiffs receive such information with sufficient time to evaluate and use it for class certification purposes. As is often the case, experts also typically have follow up questions about a defendant's data structure and definition, which requires a back and forth among the parties. In this case, given that many Defendants have international corporate structures, it often takes months to get answers to Plaintiffs' questions about data. For example, Defendant ANA took <u>four</u> months to respond to Plaintiffs' April 2, 2013, written inquiries about transactional data. ANZ took <u>two</u> months to

---

[4] For example, the parties have been working through discovery issues involving the cross-designation of certain documents from the *Air Cargo* case and Plaintiffs' continued access to a database of air passenger fare filings maintained by ATPCO. Motion practice might be needed to resolve some aspects of these discovery disputes, but negotiation continues (and has proven successful in narrowing the disputed points).

respond to Plaintiffs' March 4, 2013, inquiry about source data.  If past is prologue, there will be additional delays associated with understanding and analyzing the Defendants' cost data that the proposed schedule should accommodate.   Plaintiffs' schedule does so.

### C. BECAUSE ANTITRUST CASES REQUIRE BROADER REVIEW OF BUSINESS EVIDENCE,  MORE TIME FOR DISCOVERY IS REQUIRED

As they did in negotiations, Defendants ignore the fact that antitrust cases often involve large volumes of business documents and data.  *See, e.g., In re Transpacific Passenger Air Transp. Antitrust Litig.*, 2012 U.S. Dist. LEXIS 5648, 15-16 (N.D. Cal. Jan. 18, 2012) ("Where allegations of conspiracy . . . are involved, broad discovery may be needed to uncover evidence of design, pattern, or intent."); *see also In re Auto. Refinishing Pain Antitrust Litig.*, 2004 U.S. Dist. Lexis 29160, at *8 (E.D. Pa. Oct. 29, 2004) ("the existence of a conspiracy frequently can be established only through circumstance evidence, such as business documents and other records").  Here, the volume of documents is not unusual given the number of Defendants involved (13).

Instead, Defendants blame Plaintiffs' "expansive search terms" for the resulting volume of documents (*see* Lebsock Decl.,¶ 2).  However, Plaintiffs negotiated with each Defendant individually about ESI search terms to use.  Each side made suggestions and/or deletions to the proposed list of terms and to whose files they should be applied.  These individual negotiations lasted *months*, involved technical experts, and resulted in **an agreed upon list of terms**.  The collaborative approach the parties took here is widely accepted.  *See e.g., William A. Gross Const. Associates, Inc. v. Am. Mfrs. Mut. Ins. Co*., 256 F.R.D. 134, 134 (S.D.N.Y. 2009).  Defendants cannot use the search terms that *they agreed to* as both a shield and a sword.  No party sought relief from Court before running the terms.  Only now do Defendants claim that Plaintiffs' terms were too "expansive" and additional time should be denied for review of the resulting documents.  Defendants' argument is meritless and should be rejected.

More time is also needed to review evidence in a conspiracy case because one defendant's documents may have notes that reflect conspiratorial conduct that another defendant's documents do not.  Thus, Plaintiffs must at least have time to understand the basic content of each defendants' production (*e.g*., meeting notes v. data) before starting liability depositions.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiffs' proposed schedule should be adopted.

DATED: August 9, 2013

*/s/ Christopher Lebsock*

Michael P. Lehmann (77152)
Christopher Lebsock   (184546)
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA  94104
Telephone:  (415) 633-1908
Facsimile:  (415) 358-4980

Michael D. Hausfeld (*pro hac vice)*
Megan E. Jones (*pro hac vice*)
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone:  (202) 540-7200
Facsimile:    (202) 540-7201

Joseph W. Cotchett (36324)
Paul N. "Pete" McCloskey (024541)
Steven N. Williams (175489)
Adam J. Zapala (245748)
Eric J. Buescher (271323)
Gene W. Kim (279549)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  650-697-6000
Facsimile:    650-697-0577

***Interim Co- Lead Counsel for the Putative Class***