1   Scott D. Cunningham, Esq.
    CONDON & FORSYTH LLP
2   1901 Avenue of the Stars, Suite 850
    Los Angeles, California  90067
3   Tel: (310) 557-2030
    Fax: (310) 557-1299
4   scunningham@condonlaw.com

5   Michael J. Holland, Esq.
    Jean Cooper Rose, Esq.
6   CONDON & FORSYTH LLP
    7 Times Square
7   New York, New York  10036
    Tel:  (212) 490-9100
8   Fax:  (212) 370-4482
    mholland@condonlaw.com
9   jrose@condonlaw.com

10  *Counsel for Defendant Air New Zealand*

11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15

16  _____ )

17  **IN RE TRANSPACIFIC PASSENGER**   )   **No. 07-CV-5634-CRB**
    **AIR TRANSPORTATION**             )
18  **ANTITRUST LITIGATION**           )   **MDL No. 1913**
                                       )
19                                     )   **DEFENDANTS' OPPOSITION TO**
                                       )   **PLAINTIFFS' ADMINISTRATIVE**
20                                     )   **MOTION TO EXTEND THE**
                                       )   **BRIEFING AND DISCOVERY**
21  _____   )   **SCHEDULE**
                                       )
22  **This Document Relates to:**      )
                                       )
23                                     )
    **ALL ACTIONS**                    )
24  _____ )

25          Pursuant to N.D. Cal. L. R. 7-11 and the parties' Stipulation to Extend Briefing (Dkt. 716)

26  filed on August 15, 2013, Defendants respectfully submit this opposition to Plaintiffs'

27  Administrative Motion (Dkt. 715), filed on August 9, 2013, seeking to extend the factual

28

discovery and class certification briefing schedule in this case until March 4, 2015, over one and a half years from now. Such a lengthy extension is unjustified and extraordinary in this case.

## ARGUMENT

### A.     The Court Should Impose a January 31, 2014 Fact Discovery Deadline

This case commenced on November 6, 2007. Plaintiffs' proposed February 20, 2015 fact discovery deadline is more than seven years after the initial Complaint was filed and nearly a year and a half beyond the current discovery cutoff of October 31, 2013. The substantial discovery burdens that have already been placed on the Defendants in this litigation weigh against any such extension. Defendants ask for an end to this prolonged litigation. Defendants have expended enormous sums of time, energy and money in responding to the discovery that Plaintiffs have served to date (including three sets of interrogatories, three sets of requests for production, 30(b)(6) depositions to Defendants, and depositions of settled defendant employees). Indeed, Defendants have already produced over two million pages of documents and a substantial quantity of transaction data in this case. For example, Air New Zealand alone has produced 2,564,575 items of transaction data. Defendants are concerned that, if Plaintiffs' request is granted, Defendants will be required to further disrupt the business activities of their clients and to invest far greater sums into discovery into the year 2015.

Plaintiffs argue that they revised their discovery proposal after it came apparent that they were unable to review and code all the documents produced by Defendants. However, Plaintiffs should not be permitted to use the discovery processes that they initiated as both a sword and a shield. Each Defendant invested a tremendous amount of time and effort in meet and confer sessions with Plaintiffs to determine the list of custodian's records to be searched and the search terms to be used during the discovery process. This process was lengthy because Plaintiffs kept

insisting on more custodians from Defendants and more expansive search terms.[1]   Defendants communicated to Plaintiffs time and time again that their slash and burn method of obtaining discovery would only yield a tremendous amount of documents with little or no value to the claims and defenses asserted in this action.   However, Plaintiffs insisted on proceeding in this vein and now attempt to rationalize an extraordinary extension of the discovery and class certification briefing schedule based upon a process of their own making.

Defendants instead ask that the Court impose a reasonable January 31, 2014 fact discovery cutoff deadline in order to alleviate the financial burden associated with pretrial discovery in this case.   Defendants' proposed January 31, 2014 deadline affords all of the parties the time needed to complete fact discovery.[2]   It gives both sides an additional three months of fact discovery beyond the Court's current fact discovery deadline.   In fact, Plaintiffs previously agreed that all parties would serve all additional discovery requests or interrogatories by September 30, 2013 in contemplation that fact discovery would be concluded by January 31, 2014.

**B.     Plaintiffs' Delay in Serving Discovery Does Not Warrant An Extension of the Class Certification Deadline**

While this case undoubtedly involves a large number of parties (there are currently nine defendants remaining in the litigation) and involves a substantial number of documents produced by Defendants (more than two million pages to date), there is no basis for seeking to delay Plaintiffs' motion for class certification.   Defendants actually produced the transactional data that

---

[1] For example, in the case of ANZ, Plaintiffs originally requested that 43 custodian files be searched.  After extensive meet and confers this number was diminished to 22.  Likewise, on January 13, 2012 Plaintiffs' circulated a list of 89 search terms.  ANZ did not finalize their meet and confer sessions on the search terms with Plaintiffs until May 15, 2013, one month before discovery should have been completed pursuant to the Stipulation and Order re Interim Discovery Deadlines (Dkt. No. 683).

[2] Defendants note that Plaintiffs' Motion and Exhibit A thereto contained an incorrect recitation of Defendants' final position on the fact discovery and class certification deadlines.  The deadlines that Defendants actually proposed were submitted by Plaintiffs to the Court as attachment B to the Lebsock declaration (as an attachment to William R. Sherman's July 3, 2013 letter to Plaintiffs).

Plaintiffs requested for their class certification expert(s)' opinion(s) nearly six months ago, per the parties' stipulated discovery timetable (*see* Dkt. No. 683).

Plaintiffs have served on certain defendants as recently as June 3, 2013 (almost six years after the case was filed), an additional (third) set of interrogatories and a further request to produce certain cost-related documents. Plaintiffs claim this discovery is "an integral part" of class certification briefing, but Plaintiffs served these requests approximately two and a half months before their class certification papers were due and almost six years after they filed the case. Plaintiffs should not be permitted to use the late service of these discovery requests as a platform to further extend the class certification briefing schedule.

Defendants served Responses and Objections to Plaintiffs' June 3 discovery requests on August 15, 2013 and documents in support of Defendants' Responses will be served by September 30, 2013. This schedule was agreed to by all parties. There is no reason why Plaintiffs cannot assess the data obtained from these Responses well in advance of the Defendants' proposed February 3, 2014 class certification briefing deadline.[3]

## CONCLUSION

This case has now been pending for nearly six years, and, if Plaintiffs have their way, it will be close to eight years before discovery is completed. Even given the complexities of antitrust litigation, this is far too long a time period and the Defendants respectfully request that the Court adopt the following case schedule:

- Fact discovery concluded by January 31, 2014;

- Plaintiffs file their class certification brief and related expert report(s) by February 3, 2014;

---

[3] Contrary to Plaintiffs' assertion that "The effect of Defendants' schedule would require Plaintiffs to file their class certification brief just three months after Defendants' production is completed: Defendants' last production would be on August 15, 2013, and Plaintiffs' class certification brief would be due on November 16, 2013", Defendants proposed a February 2014 class certification briefing deadline, not a November 16, 2013 deadline.

1    • Defendants serve class certification opposition papers and related expert report(s)
2      by August 2, 2014;

3    • Plaintiffs' serve class certification reply papers and any reply expert report(s),
       which shall respond to Defendants' opposition briefs and/or report(s) by October
4      2, 2014; and
     • If Defendants are granted leave to file a sur-reply by the Court and/or if
5      Defendants file further expert report(s) responding to Plaintiffs' reply papers
       and/or report(s), such papers shall be filed on or before December 2, 2014.
6

7          Defendants respectfully submit that their proposed schedule, is a far more reasonable and

8    practical solution for bringing this matter, which has been pending before the Court for many

9    years, to an expeditious conclusion.

10   Dated: August 20, 2013

11
                                         **CONDON & FORSYTH LLP**
12                                       Michael J. Holland
                                         Jean Cooper Rose
13                                       Scott D. Cunningham

14

15                                       By:  /s/Michael J. Holland
16                                            Michael J. Holland
                                              *Counsel for Defendant Air New Zealand*
17

18                                       **LATHAM & WATKINS LLP**
                                         William R. Sherman
19

20

21                                       By:  /s/William R. Sherman
                                              William R. Sherman
22                                            *Counsel for Defendant Singapore Airlines Limited*

23

24                                       **JESSE W. MARKHAM, JR.**

25

26                                       By:  /s/Jesse W. Markham, Jr.
                                              Jesse W. Markham, Jr.
27                                            *Counsel for Defendant All Nippon Airways*

28

Defendants' Opposition to Plaintiffs' Administrative Motion to
Extend Briefing and Discovery Schedule                          CASE NO. 07-CV-5634-CRB

- 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONSTANTINE CANNON LLP**
Douglas E. Rosenthal
Ankur Kapoor
Gary J. Malone
Alysia Solow
Aymeric Dumas-Eymard


By:   /s/Ankur Kapoor
       Ankur Kapoor
*Counsel for Defendant All Nippon Airways*

**DLA PIPER LLP**
David H. Bamberger
Deana L. Cairo


By:   /s/David H. Bamberger
       David H. Bamberger
*Counsel for Defendant Cathay Pacific Airways*

**SQUIRE SANDERS (US) LLP**
James V. Dick


By:   /s/James V. Dick
       James V. Dick
*Counsel for Defendant China Airlines*

**KIRKLAND & ELLIS LLP**
Tammy A. Tsmoumas


By:   /s/Tammy A. Tsmoumas
       Tammy A. Tsmoumas
*Counsel for Defendant EVA Airways*

**BAKER & MILLER PLLC**
W. Todd Miller
Kimberly N. Shaw


By:   /s/W. Todd Miller
       W. Todd Miller
*Counsel for Defendant Qantas Airways*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COVINGTON & BURLING LLP**
Anita Stork
Michael Fanelli


By:   /s/Anita Stork
        Anita Stork
*Counsel for Defendant Philippine Airlines*

**CRAVATH, SWAINE & MOORE LLP**
Rowan D. Wilson


By:   /s/Rowan D. Wilson
        Rowan D. Wilson
*Counsel for Defendant Thai Airways International*
*Public Company Limited*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION | ) ) ) ) | No. 07-CV-5634-CRB MDL No. 1913 |
| This Document Relates to: | ) ) | |
| ALL ACTIONS | ) ) ) | |

Proof of Service

I hereby certify that a copy of the foregoing Defendants' Opposition to Plaintiffs' Administrative Motion to Extend the Briefing and Discovery Schedule was served this 20th day of August, 2013 on the following Interim Class Counsel via electronic mail:

Steven N. Williams, Esq.
Cotchett, Pitre & McCarthy
840 Malcolm Road
Suite 200
Burlingame, CA  94010
swilliams@cpmlegal.com

Michael D. Hausfeld, Esq.
Hausfeld LLP
1700 K Street, NW.
Suite 650
Washington, DC 20006
mhausfeld@hausfeldllp.com

Christopher L. Lebsock
Hausfeld LLP
44 Montgomery Street
Suite 3400
San Francisco, CA  94104
clebsock@hausfeldllp.com

Dated:  August 20, 2013

/s/Michael J. Holland
Michael J. Holland