Steven N. Williams (175489)
Adam J. Zapala (245748)
Elizabeth Tran (280502)
**COTCHETT, PITRE & MCCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
azapala@cpmlegal.com
etran@cpmlegal.com

Michael D. Hausfeld
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeldllp.com

Christopher L. Lebsock (184546)
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: 415-633-1908
Facsimile: 415-358-4980
clebsock@hausfeldllp.com

*Interim Class Counsel for the Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION**<br><br>**This Document Relates to:**<br><br>**ALL ACTIONS** | No. 07-CV-5634-CRB<br><br>MDL No. 1913<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUBSTITUTE PLAINTIFFS AND FOR LEAVE TO AMEND FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>**Hearing Date:** November 22, 2013<br><br>**Hearing Time**: 10:00 am |

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUBSTITUTE PLAINTIFFS AND FOR LEAVE TO AMEND FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 22, 2013 at 10:00 am, or as soon thereafter as the matter can be heard, before the Honorable Charles R. Breyer of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, the Plaintiffs, through the undersigned counsel, will and hereby do move for an order granting Plaintiffs' Motion to Substitute Plaintiffs and For Leave to Amend the First Amended Consolidated Class Action Complaint.

Pursuant to Federal Rule of Civil Procedure 21, Plaintiffs move the Court to substitute named Plaintiffs as class representatives and seek leave to amend their First Amended Consolidated Class Action Complaint to make it consistent with the changes to the class representatives. This motion is based on this notice of motion and motion, the supporting memorandum of points and authorities, the accompanying declaration of Steven N. Williams, any papers filed in reply, the argument of counsel, and all papers and records on file in this matter.

Date: October 15, 2013                                      Respectfully submitted,

                                                                                  */s/ Steven N. Williams*
                                                                                   Steven N. Williams

                                                                            Steven N. Williams (175489)
                                                                            Adam J. Zapala (245748)
                                                                            Elizabeth Tran (280502)
                                                                            **COTCHETT, PITRE & MCCARTHY**
                                                                            San Francisco Airport Office Center
                                                                            840 Malcolm Road, Suite 200
                                                                            Burlingame, CA 94010
                                                                            Telephone: (650) 697-6000
                                                                            Facsimile: (650) 697-0577
                                                                            swilliams@cpmlegal.com
                                                                            azapala@cpmlegal.com
                                                                            etran@cpmlegal.com

---

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUBSTITUTE PLAINTIFFS AND FOR LEAVE TO AMEND FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**                                                                                                                1

Michael D. Hausfeld
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeldllp.com

Christopher L. Lebsock (184546)
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: 415-633-1908
Facsimile: 415-358-4980
clebsock@hausfeldllp.com

*Interim Class Counsel for the Putative Class*

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUBSTITUTE PLAINTIFFS AND FOR LEAVE TO AMEND FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**   v   2

# TABLE OF CONTENTS

**Page**

I. ISSUE TO BE DECIDED ........................................................................................ 1

II. INTRODUCTION ................................................................................................... 1

III. STATEMENT OF FACTS ...................................................................................... 1

IV. ARGUMENT .......................................................................................................... 3

    A. Substituting Class Representatives is Routinely Permitted in Class Action Litigation .................................................................................................... 3

    B. Substitution Will Not Prejudice Defendants ....................................................... 5

    C. Under Rule 15(a), the Court Should Permit Plaintiffs to Amend the Complaint .................................................................................................... 5

V. CONCLUSION ....................................................................................................... 6

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUBSTITUTE PLAINTIFFS AND FOR LEAVE TO AMEND FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abels v. JBC Legal Group, P.C.*,
　229 F.R.D. 152 (N.D.Cal. 2005) .................................................................................... 5, 6

*DCD Programs, Ltd. v. Leighton*,
　833 F.2d 183 (9th Cir. 1987) ......................................................................................... 1, 5

*Eminence Capital, LLC v. Aspeon, Inc.*,
　316 F.3d 1048 (9th Cir. 2003) ........................................................................................... 5

*Foman v. Davis*,
　371 U.S. 178 (1962) ........................................................................................................... 5

*Ford v. Air Line Pilots Ass'n Int'l*,
　268 F. Supp. 2d 271 (E.D.N.Y. 2003) ............................................................................... 3

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
　2006 U.S. Dist. LEXIS 20575 (S.D.N.Y. Apr. 17, 2006 .................................................. 1, 3

*Miller v. Rykoff-Sexton, Inc.*,
　845 F.2d 209 (9th Cir. 1988) ............................................................................................. 6

*Morongo Band of Mission Indians v. Rose*,
　893 F.2d 1074 (9th Cir. 1990) ....................................................................................... 1, 5

*Phillips v. Ford Motor Co.*,
　435 F.3d 785 (7th Cir. 2006) ............................................................................................. 3

*Robichaud v. Speedy PC Software*,
　2013 WL 818503 (N.D. Cal. March 5, 2013) ................................................................... 3

*Siren Inc. v. Firstline Sec., Inc.*,
　2001 WL 3257440 (D. Ariz. May 17, 2006) ..................................................................... 3

*Solomon v. North Am. Life & Cas. Ins. Co.*,
　151 F.3d 1132 (9th Cir. 1998) ........................................................................................... 6

**Statutes**

15 U.S.C. § 1 ............................................................................................................................ 2

Fed. R. Civ. Proc.
　Rule 21 .......................................................................................................................... 1, 3
　Rule 23 ............................................................................................................................... 5

**Other Authorities**

1 Newberg on Class Actions § 2:17 (5th ed. 2011) ................................................................. 3

Manual for Complex Litigation (Fourth) § 21.26 (2011) ........................................................ 3

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUBSTITUTE PLAINTIFFS AND FOR LEAVE TO AMEND FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

v
ii

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     ISSUE TO BE DECIDED**

Whether Plaintiffs should be permitted to amend the complaint to substitute certain named plaintiffs?

**II.    INTRODUCTION**

Plaintiffs seek leave of Court to substitute certain named Plaintiffs. This Court should grant the motion because the request is consistent with Federal Rule of Civil Procedure 21, there is no prejudice to the Defendants, and the proposed substitution will not require a modification to the present case schedule.

Under Fed. R. Civ. Proc. 21, courts permit substitution of class representatives where the amendment results in no significant change in the scope of the claims against defendants. *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 2006 U.S. Dist. LEXIS 20575, *17 (S.D.N.Y. Apr. 17, 2006 ("*In re MTBE*"). The proposed substitution in this case is appropriate because certain named class representatives do not wish to continue in that capacity. The claims stated, injuries suffered, and remedies sought by the new proposed class representatives are the same as the named Plaintiffs in the First Amended Consolidated Class Action Complaint ("FCAC"). Amending the FCAC to substitute the new proposed Plaintiffs, therefore, does not cause Defendants prejudice, especially in light of the fact that no class representative depositions have taken place.[1] In light of the Ninth Circuit's liberal policy favoring amendment, this Court should grant Plaintiffs' motion. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) ("*Morongo Band*"); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("*DCD Programs*").

**III.   STATEMENT OF FACTS**

This antitrust class action alleges a long-running, international conspiracy by the Defendants and their co-conspirators to fix, raise, maintain, and/or stabilize prices for air passenger travel, including associated surcharges, for international flights involving at least one flight segment

---

[1] Plaintiffs have already searched for and collected the relevant documentary evidence responsive to Defendants' extant discovery requests for the new Plaintiffs seeking intervention and substitution. Within 5 business days of entry of Plaintiffs' [proposed] order permitting the substitution sought herein, Plaintiffs will provide Defendants with that discovery.

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUBSTITUTE PLAINTIFFS AND FOR LEAVE TO AMEND
FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT          1

originating in the United States and traveling to Asia/Oceania[2] in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1.

On July 14, 2011, Plaintiffs filed their FCAC naming the following persons as class representatives ("Named Plaintiffs"): Meor Adlin; Franklin Ajaye; Andrew Barton; Larry Chen; Rachel Diller; Scott Frederick; David Kuo; Dickson Leung; Brendan Maloof; David Murphy; Titi Tran; and Donald Wortman. ECF No. 493.

Three Named Plaintiffs have requested to be removed as class representatives and seven other plaintiffs have agreed to be added as class representatives ("New Plaintiffs"). Declaration of Steven N. Williams in Support of Plaintiffs' Motion ¶¶ 4-5 ("Williams Decl."). Plaintiffs seek to remove the following Named Plaintiffs and add the following New Plaintiffs as class representatives:

| Named Plaintiffs | New Plaintiffs |
|---|---|
| Larry Chen | Harley Oda |
| David Murphy | Roy Onomura |
| Titi Tran | Shinsuke Kobayashi |
|  | Patricia Lee |
|  | Nancy Kajiyama (on her own behalf and on behalf of Noboru Kajiyama [deceased] for claims assigned to her by him) |
|  | Della Ewing Chow |
|  | James Kawaguchi |

The proposed Second Amended Class Action Complaint ("SCAC") simply adds new paragraphs to the complaint in the "Plaintiffs" section. Each of the New Plaintiffs is a member of the putative class. Williams Decl. ¶ 4. During the Class Period, each of the New Plaintiffs was a purchaser of air transportation services in the United States from one of more of the Defendants that included at least one flight segment originating in the United States and traveling to Asia/Oceania and suffered injury as a result of Defendants' unlawful conduct. *Id.* The addition of the New

---

[2] Oceania is defined as Australia, New Zealand, and the Pacific Islands. *See* http://www.airnewzealand.com/gateway.jsp.

Plaintiffs will not alter the factual or legal basis of the claims against Defendants. The New Plaintiffs' claims arise from the same course of conduct as the class claims and are based on the same legal theories alleged in the FCAC. Aside from including new paragraphs for the new class representatives, the proposed SCAC does not contain any changes to the substantive allegations. *Id.* ¶ 3.[3]

## IV. ARGUMENT

### A. Substituting Class Representatives is Routinely Permitted in Class Action Litigation

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "The power to drop or add parties is vested to the sound discretion of the court." *Siren Inc. v. Firstline Sec., Inc.,* 2001 WL 3257440, *3 (D. Ariz. May 17, 2006); *see also Ford v. Air Line Pilots Ass'n Int'l*, 268 F. Supp. 2d 271, 295 (E.D.N.Y. 2003) ("Rule 21 grants the court 'broad discretion to permit a change in the parties at any stage of a litigation.'"). If there is no substantial alteration in the scope of the claims against defendants, courts "routine[ly]" permit substitution of new class representatives. *In re MTBE.,* 2006 U.S. Dist. LEXIS 20575 at *17; *see also Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) (Posner, J.) ("Substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation both in the federal courts and in [state court]."); *Robichaud v. Speedy PC Software*, 2013 WL 818503, *8 (N.D. Cal. March 5, 2013) ([C]ourts regularly allow or order plaintiffs' counsel to substitute a representative plaintiff."); 1 Newberg on Class Actions § 2:17 (5th ed. 2011) (noting that "intervention by absentee members is freely allowed in order to substitute them as class representatives."); Manual for Complex Litigation (Fourth) § 21.26 (2011) (providing that substitution may be appropriate when the named plaintiff "is no longer pursuing the litigation.").

---

[3] Nor will substitution affect the briefing schedule for purposes of Defendants' motions for summary judgment based on the "filed-rate" doctrine. ECF Nos. 724, 725, 728, 731. First, not all Defendants have filed their motion and as a result, the date for filing Plaintiffs' oppositions has not been set yet. ECF No. 734. Second, Defendants' motions do not require discovery from any of the named class representatives. The motions instead focus on Defendants' conduct.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUBSTITUTE PLAINTIFFS AND FOR LEAVE TO AMEND FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT — 3

LAW OFFICES COTCHETT, PITRE & MCCARTHY, LLP

Indeed, several courts within the Ninth Circuit, including Northern District courts, have permitted substitution of new class representatives as a matter of course. *See e.g., In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2009 U.S. Dist. LEXIS 17792, *10 (N.D. Cal. March 3, 2009); *Morgan v. Laborers Pension Trust Fund for Northern California*, 81 F.R.D. 669, 673-675 (N.D. Cal. 1979) (permitting plaintiffs to add new class representatives); *Nat'l Fed'n of Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1209 (N.D. Cal. 2007) (ordering plaintiffs to substitute class representatives); *Wiener v. Dannon Co., Inc.*, 255 F.R.D. 658, 673 (C.D. Cal. 2009) (substituting plaintiffs who failed typicality requirement); *Slaughter v. Uponor, Inc.,* 2002 WL 2780049 (D. Nev. July 9, 2012) (allowing substitution of class representatives where there was a statutory bar to the previous representatives continuing as named plaintiffs); *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 476 (C.D. Cal. 2012) (permitting substitution of class representatives); *Hernandez v. Balakian*, 251 F.R.D. 488 (E.D. Cal. 2008) (permitting additional time for class counsel to find an appropriate plaintiff); *Kremens v. Bartley,* 431 U.S. 119, 134-35 (1977) (ordering "substitution of class representatives with live claims" where named plaintiffs' claims were determined to be moot).

Here, the three Named Plaintiffs seeking dismissal do not wish to continue as class representatives. As demonstrated above, the six Named Plaintiffs seeking to serve as class representatives have claims that arise out of the same transaction or occurrence as the original Plaintiffs. Williams Decl. ¶ 4. The proposed class representatives' claims, injuries suffered, and remedies sought are identical to those outlined in the FCAC. The New Plaintiffs seek to assert antitrust claims arising from their purchases of air transportation services in the United States from one of more of the Defendants that included at least one flight segment originating in the United States to Asia/Oceania during the Class Period. *Id.* ¶¶ 4-5. Their claims, which arise from the same price-fixing conspiracy alleged in the FCAC, satisfy the "same transaction, occurrence, or series of transactions or occurrences" requirement for intervention or joinder. *Id.* Substitution provides an expedient and efficient means for this Court to manage the litigation. The motion should be granted.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUBSTITUTE PLAINTIFFS AND FOR LEAVE TO AMEND FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

4

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

### B. Substitution Will Not Prejudice Defendants

In determining whether to permit intervention of additional class representatives, courts look at the prejudice suffered by defendants. *See Almeida v. Google, Inc.*, 2009 WL 3809808, *3, fn 2 (N.D. Cal., Nov. 13, 2009). Here, Defendants cannot plausibly claim that they will be prejudiced by substituting Plaintiffs. Defendants have yet to depose *any* of the class representatives. Williams Decl. ¶ 7. As discussed above, the New Plaintiffs will provide Defendants with all documents and information in their possession, custody, and control that are responsive to the discovery previously served by Defendants on the present class representatives within 5 business days of this Court's order granting the Motion. *Id.* ¶ 8. The New Plaintiffs will make themselves available for deposition at mutually convenient times upon notice by Defendants. *Id.* ¶ 9. Because substitution of the named Plaintiffs is consistent with the Ninth Circuit's policy permitting liberal amendment of the pleadings and there is no prejudice to Defendants, the motion should be granted.

### C. Under Rule 15(a), the Court Should Permit Plaintiffs to Amend the Complaint

Plaintiffs respectfully request leave to file the proposed SCAC to add paragraphs solely related to the New Plaintiffs. The policy favoring amendments "is to be applied with extreme liberality" in the Ninth Circuit. *Morongo Band*, 893 F.2d at 1079. "The four factors commonly used to determine the propriety of a motion for leave to amend are bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152, 155-156 (N.D.Cal. 2005) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs*, 833 F.2d at 186). Of these factors, prejudice to the party opposing an amendment carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing an amendment "'bears the burden of showing prejudice.'" *Id.* (citing *DCD Programs*, 833 F.2d at 186-187).

The facts in this case support leave to amend for all four reasons. First, Plaintiffs seek to add New Plaintiffs to ensure the vigorous and adequate representation of the Class and to protect the interests of absent Class members. Plaintiffs are therefore acting in good faith by filing this motion to further the goals of Rule 23.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUBSTITUTE PLAINTIFFS AND FOR LEAVE TO AMEND FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

5

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

Second, Plaintiffs bring this motion in a timely fashion.[4]  No depositions of present class representatives have taken place yet.   Moreover, the fact that the discovery deadline has not yet passed weighs in favor of allowing leave to add the New Plaintiffs.  *See Abels*, 229 F.R.D. at 156 (citing *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998)) (denying leave to amend on the eve of the discovery deadline).  The proposed amendment will not alter the established case schedule in any manner.

Third, as discussed above, the filing of the proposed SCAC will not prejudice Defendants.  The proposed amendment does not change the nature of the claims asserted, revise the factual or legal questions presented, or alter the liability exposure or obligations of any Defendant.  As Defendants' opposition to Plaintiffs' motion for class certification is not due until August 2, 2014, Defendants have ample time to take discovery from the New Plaintiffs under the current schedule and, in any event, are not prejudiced because they have yet to depose a single class representative.

Fourth, because the proposed SCAC merely substitutes parties — it does not amend substantive allegations or theories of liability — the proposed pleading cannot and does not assert futile claims.  *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.").  All of the substantive claims in the proposed SCAC have been upheld by this Court.  Plaintiffs should be permitted to file an amended complaint including allegations for the newly added Plaintiffs.

## V. CONCLUSION

Plaintiffs respectfully request that this Court grant their motion to remove three Named Plaintiffs and add seven New Plaintiffs, and for leave to file the proposed SCAC to include the New Plaintiffs as class representatives.

/ / /

---

[4] Because Rule 15 does not mandate a time limit for amendment, delay by itself does not provide grounds for denying leave to amend. *Abels*, 229 F.R.D. at 156.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUBSTITUTE PLAINTIFFS AND FOR LEAVE TO AMEND FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** — 6

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

| | | |
|---|---|---|
| 1 | Dated: October 15, 2013 | Respectfully submitted, |
| 2 | | */s/ Steven N. Williams* |
| 3 | | Steven N. Williams |

Steven N. Williams (175489)
Adam J. Zapala (245748)
Elizabeth Tran (280502)
**COTCHETT, PITRE & MCCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
swilliams@cpmlegal.com
azapala@cpmlegal.com
etran@cpmlegal.com

Michael D. Hausfeld
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: 202-540-7200
Facsimile: 202-540-7201
mhausfeld@hausfeldllp.com

Christopher L. Lebsock (184546)
**HAUSFELD LLP**
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: 415-633-1908
Facsimile: 415-358-4980
clebsock@hausfeldllp.com

*Interim Class Counsel for the Putative Class*

v
LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUBSTITUTE PLAINTIFFS AND FOR LEAVE TO AMEND FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**

7