| | |
|---|---|
| 1 | LATHAM & WATKINS LLP |
| | William R. Sherman (admitted *Pro Hac Vice*) |
| 2 | 555 Eleventh Street, N.W., Suite 1000 |
| | Washington, D.C. 20004-1304 |
| 3 | Telephone: +1.202.637.2200 |
| | Facsimile: +1.202.637.2201 |
| 4 | Email: william.sherman@lw.com |
| 5 | Ashley M. Bauer (SBN 231626) |
| | 505 Montgomery Street, Suite 2000 |
| 6 | San Francisco, CA 94111-6538 |
| | Telephone: +1.415.391.0600 |
| 7 | Facsimile: +1.415.395.8095 |
| | Email: ashley.bauer@lw.com |
| 8 | |
| | *Counsel for Defendant Singapore Airlines Limited* |
| 9 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** | Case No. 07-CV-05634-CRB |
| | MDL No. 1913 |
| | Class Action |
| **This Document Relates to:** | |
| **ALL ACTIONS** | **DECLARATION OF ASHLEY M. BAUER IN SUPPORT OF STIPULATION AND [PROPOSED] ORDER REGARDING BRIEFING SCHEDULE FOR SINGAPORE AIRLINES LIMITED'S MOTION FOR SUMMARY JUDGMENT RE: FILED RATE ISSUES** |
| | The Honorable Charles R. Breyer |
| | **[CIV. L.R. 6-2]** |

I, Ashley M. Bauer, declare as follows:

1. I am a partner at the law firm of Latham & Watkins LLP, and counsel for defendant Singapore Airlines Limited ("Singapore Airlines") in this matter.

2. Pursuant to Civil Local Rules 6-2 and 7-12, I submit this declaration in support of the accompanying Stipulation and [Proposed] Order Regarding Briefing Schedule for Singapore Airlines Limited's Motion for Summary Judgment Re: Filed Rate Issues.

3. I have personal knowledge of the matters set forth herein and would competently testify to them if requested to do so.

**Previous Time Modifications:**

4. This Court has previously modified the schedule for submissions or hearings in this case. *See* Dkt. Nos. 238, 239, 276, 376, 398, 412, 538, 555, 584, 623, 638, 651, 657, 665, 683, 708, 710, 712, 720.

5. On September 24, 2013, Plaintiffs and Defendants filed a joint stipulation and proposed order setting a briefing schedule for Plaintiffs' responses to Defendants' motions for summary judgment on filed rate issues. (Dkt. No. 732.) The joint briefing schedule did not set a deadline for Defendants to file their motions for summary judgment on filed rate issues. The Court's October 4, 2013 Order set a deadline for Plaintiffs' responses to Defendants' motions for summary judgment on filed rate issues and for Defendants' replies based on the date that the last motion for summary judgment on filed rate issues is filed. (Dkt. No. 734.) At the hearing on Friday, November 22, 2013 concerning Plaintiffs' Motion to Substitute Plaintiffs and Leave to Amend Class Complaint, the Court ordered Defendants to file any remaining motions concerning the Filed Rate Doctrine within 14 days, or by December 6, 2013. (Dkt. No. 742.)

**Reasons for Requested Change in Time**:

6. Although Singapore Airlines has been working diligently on its filed rate motion for summary judgment, Singapore Airlines' counsel learned on Sunday, November 24, 2013 that Singapore Airlines' intended fact declarant is currently on leave and is unavailable until

2

December 10, four days after the deadline set by the Court for filing the motion for summary judgment. (*See* Dkt. 742.)

7. Upon learning that Singapore Airlines' fact declarant was unavailable, I contacted co-lead counsel for Plaintiffs, who have agreed to a brief extension of time, until December 17, 2013, for Singapore Airlines to file its motion. Plaintiffs and Singapore Airlines have further agreed to extend the deadline for Plaintiffs to take Singapore Airlines' filed rate declarant's deposition until 60 days after the date that Singapore Airlines files its motion for summary judgment on filed rate issues.

8. Counsel for Singapore Airlines will endeavor to file its motion as soon as possible after its intended declarant returns to work.

**Effect of Requested Time Modification on Case Schedule**:

9. Per the Court's Order Setting Briefing Schedule for Defendants' Summary Judgment Motions Based on the Filed Rate Doctrine and Modifying the Schedule for Briefing on Class Certification, Plaintiffs have "60 days after Defendants' counsel notify Plaintiffs via e-mail that all of the summary judgment motions that Defendants intend to file based on the Filed Rate Doctrine have in fact been filed" to respond to all of Defendants' motions. (Dkt. No. 734).

10. The small change in the due date for Singapore Airlines' motion for summary judgment on filed rate issues would extend Plaintiffs' deadline to respond to all of the Defendants' motions for summary judgment based on the filed rate doctrine by a commensurate number of days (*e.g.*, if Singapore Airlines files its motion for summary judgment on December 12 instead of December 6, 2013, Plaintiffs' response will be due February 10 instead of February 4, 2014, giving Plaintiffs an additional six days to respond).

11. Singapore Airlines intends to endeavor to file its motion as soon as possible after its intended declarant returns to work and will notify Plaintiffs' counsel via email as soon as Defendant Singapore Airlines' motion has been filed, thereby starting the 60-day clock for Plaintiffs to take the declarant's deposition and file their responses to Defendants' motions.

12. No hearing date on Defendants' motions for summary judgment has been set. Therefore, Singapore Airlines' request for an extension will not impact any hearing date.

13. If Singapore Airlines' request is not granted, Singapore Airlines will not be able to file its fact declarations in support of its motion for summary judgment, thereby severely prejudicing Singapore Airlines' defense.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 27, 2013 in San Francisco, California.

By: /s/ Ashley M. Bauer
Ashley M. Bauer