UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION,<br><br>_____/ | No. C-07-05634 CRB (DMR)<br><br>**ORDER RE JOINT DISCOVERY LETTERS [Docket Nos. 756, 757, 758, 774]** |

Before the court are four joint letters setting forth discovery disputes between Plaintiffs and Defendants Air New Zealand ("ANZ"), China Airlines ("CAL"), and Philippine Airlines, Inc. ("PAL"). [Docket Nos. 756 (ANZ Letter), 757 (CAL Letter), 758 (PAL Letter), 774 (ANZ Suppl. Letter).] The parties' disputes center around whether Plaintiffs may compel Defendants' employees to appear for depositions in the United States or whether Plaintiffs must conduct the depositions in the countries in which the employees work.

The court conducted a hearing on the joint letters on December 18, 2013. At the hearing, the court denied Plaintiffs' request to compel CAL's employees to appear for deposition in the United States and ordered Plaintiffs and Defendants ANZ and PAL to submit supplemental information by 10:00 a.m. on December 20, 2013. On December 19 and 20, 2013, the parties submitted letters in which they indicated that Plaintiffs and Defendants ANZ and PAL had reached agreement regarding

the location of depositions of Defendants' current employees.[1]  [Docket Nos. 794, 797.]
Accordingly, Plaintiffs' requests to compel the appearance of Defendants ANZ and PAL's
employees to appear for deposition in the United States are denied as moot.

This order summarizes the ruling made by the court on the record during the hearing
regarding Plaintiffs' dispute with CAL.

## I. Background

This action arises out of an alleged long-running, international conspiracy by Defendants and their unnamed co-conspirators to fix, raise, maintain, and/or stabilize air passenger travel, including associated surcharges, for international flights involving at least one flight segment between the United States and Asia/Oceania in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. Plaintiffs allege that Defendants began imposing air fare increases, including fuel surcharge increases, on international air passengers and that the timing and amount of the defendants' increases were the product of a collusive agreement to fix, raise, maintain, and stabilize the prices of base passenger fares and fuel surcharges on international flights.

Discovery in this action is drawing to a close, with all fact discovery due by January 31, 2014. Plaintiffs recently identified four current CAL employees that they seek to depose and ask the court to order them to appear for deposition in the United States. CAL has agreed to produce one of the employees, its declarant in support of its motion for summary judgment, in the United States. The three remaining employees are Sharon Hsu, who works at CAL's headquarters in Taiwan, and Kenji Doi and Katsutaka Fujii, both of whom work in CAL's Tokyo office.  (CAL Letter 6.)  CAL argues that they are not officers, directors, or managing agents and so may not be compelled to appear for deposition in the United States, and proposes making all three witnesses available for deposition in Taiwan.  (CAL Letter 6.)

## II. Legal Standards

---

[1] Defendant ANZ has agreed to make its New Zealand-based current employees available for voluntary depositions in New Zealand and to provide a conference room for any deposition upon request.  [Docket No. 797.]  Defendant PAL has agreed to make its three Manila, Philippines-based employees and one Singapore-based employee available for voluntary depositions in Manila.  [Docket No. 794.]

Pursuant to Federal Rule of Civil Procedure 30, a party may request the deposition of another party to the litigation by serving a notice upon that party. Fed. R. Civ. P. 30(b)(1). If the party to be deposed is a corporation, the party seeking the deposition may either designate an appropriate individual or describe "with reasonable particularity" the subject matter of the deposition and allow the corporation to designate any persons to testify on its behalf under Rule 30(b)(6). Fed. R. Civ. P. 30(b)(1), (b)(6); *Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 631 (D. Idaho 2012). If the person seeking discovery designates a particular witness within the corporation, the person must be an "officer, director, or managing agent" of the corporation. *Id*. If the person is not an officer, director, or managing agent, he or she is not subject to deposition by notice. *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994). Instead, the party seeking the deposition must subpoena the witness pursuant to Rule 45. If the witness is located in another country, the party seeking the deposition must utilize the procedures of the Hague Convention or other applicable treaty. *Id*. It is the burden of the party seeking discovery to prove that a witness is an officer, director, or managing agent of a corporation, although this is a "modest" burden and all doubts are to be resolved in favor of the party seeking the deposition. *Calderon*, 287 F.R.D. at 632-22; *Afram*, 159 F.R.D. at 413.

The general presumption is that the depositions of a corporation through its agents should be conducted at the corporation's principal place of business. *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008). However, district courts have broad discretion to establish the time and place of depositions. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). When making this determination, courts consider the relative convenience of and hardships to the parties. *Id.*; *see also Fausto*, 251 F.R.D. at 429. Given the court's discretion to designate the site of a deposition, "the presumption appears to be merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other." *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (N.D. Ind. 2000) (citation omitted). When determining whether a corporate defendant should be deposed somewhere other than the location of its principal place of business, courts consider factors such as the expense involved, the location of counsel for the parties, the number of representatives a party seeks to depose, the likelihood of significant discovery

3

disputes arising which would necessitate resolution by the forum court, whether the persons sought to be deposed often travel for business purposes, and the equities with regard to the nature of the claim and the parties' relationship. *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 629 (C.D. Cal. 2005).

### III. Discussion

CAL first argues that none of the three proposed deponents are officers, directors, or managing agents, and so cannot be compelled to give deposition testimony in the United States. Instead, their testimony may be obtained "only through compulsory process," which means that their testimony must be taken in the countries in which they reside. *See, e.g., Calderon*, 287 F.R.D. at 631 (noting that the procedures of the Hague Convention or other applicable treaty apply to a foreign witness who is not an officer, director, or managing agent of a corporate party). According to CAL, none of the three witnesses are high-level corporate representatives or high-ranking employees; "their responsibilities are parochial [and] they are not corporate policy makers." (CAL Letter 7.)

Plaintiffs did not respond to this argument in the joint letter. Instead, Plaintiffs' sole argument is that the circumstances weigh in favor of compelling CAL's employees to appear for deposition in the United States. First, both Plaintiffs' counsel and CAL's counsel are located in the Northern District. Plaintiffs argue that conducting the depositions in Japan and Taiwan, where the witnesses work, would be significantly more expensive than in the United States, because all counsel, including counsel for other Defendants wishing to attend the depositions, support staff, stenographers, and videographers will be required to travel to Asia. In contrast, Plaintiffs argue, CAL is an international airline which could easily provide its employees with air travel to the United States. Therefore, Plaintiffs contend that the time and expense required to travel to Japan and Taiwan far outweighs the time and expense required for a three witnesses to travel to the United States. Plaintiffs also assert that depositions in Japan and Taiwan require the payment of certain fees and costs that are not applicable in the United States, although they do not provide an estimate of the additional costs. Plaintiffs also describe the onerous legal and procedural requirements required to take depositions in Japan, and the somewhat less onerous Taiwanese requirements. (CAL Letter 3-

4.) Finally, Plaintiff argue that disputes may arise during the depositions necessitating intervention by the court, which will be virtually impossible given the sixteen- to seventeen-hour time difference between California and Japan and Taiwan.

CAL argues that the factors considered to determine whether the general presumption regarding the location of corporate depositions applies weigh in favor of depositions in Asia. Specifically, CAL argues that in these MDL proceedings, Plaintiffs will be deposing "tens if not scores of witnesses who live and work in Asia." (CAL Letter 8.) Therefore, Plaintiffs should coordinate all of the Asian depositions so that they can be taken in one trip for maximum efficiency. CAL asserts that none of the three witnesses travel to the United States for business purposes, and argues that the business disruption and inconvenience its employees would experience if forced to travel to the United States would be substantial. In contrast, "[s]erial depositions of witnesses in Asia would impose a relatively smaller burden on U.S. antitrust counsel for whom travel is an integral part of his or her job." (CAL Letter 9.)

CAL acknowledges that the "'burden of procedures required to conduct a deposition in Japan are daunting' and can 'constitute a substantial obstacle to the smooth conduct of proceedings.'" (CAL Letter 9 (quoting *Dean Foods Co. v. Eastman Chem. Co.*, No. C 00-4379 WHO, C 00-4402 WHO (JL), 2001 U.S. Dist. LEXIS 25447, at *23-24 (N.D. Cal. Aug. 13, 2001)).) Therefore, it offers to make Mr. Doi and Mr. Fujii (along with Ms. Hsu, who works in Taiwan) available for deposition in Taiwan, where CAL is headquartered and where they travel for business purposes. According to CAL, there are no legal impediments to conducting a voluntary deposition in a private U.S. civil action in Taiwan. CAL previously made witnesses available for deposition in Taiwan in a parallel multi-district litigation entitled *In re Air Cargo Shipping Services Antitrust Litigation ("Air Cargo")*, Case No. 06-1775-JGG, currently pending in the Eastern District of New York. In those depositions, the parties stipulated at the start of each deposition that the deposition would have the same force and effect as if taken in the United States and was subject to the Federal Rules of Civil Procedure. In addition, CAL represented that there is no need to fly court reporters from the United States to Taiwan to record depositions as a U.S.-based court reporter service has offices in Asia.

The court notes that whether an individual is a managing agent for purposes of deposition is a highly factual inquiry, *see Calderon*, 287 F.R.D. at 632, and CAL has provided very little information about the witnesses' responsibilities and roles within CAL. However, it is Plaintiffs' burden to prove that the witnesses are managing agents, and Plaintiffs did not set forth any facts or argument in the letter to rebut CAL's position. Therefore, as Plaintiffs have not met their burden to prove that the witnesses are managing agents, the court may not order them to appear in the United States for deposition. *See id.* CAL's offer to make all three witnesses available for deposition in Taiwan, subject to the parties' agreement that the depositions will have the same force and effect as if taken in the United States, eliminates procedural hurdles to this discovery and somewhat lessens the burden of conducting these depositions overseas. Further, the time and expense to take these depositions can be mitigated by coordinating a defense deposition schedule in Asia to maximize efficiency. Accordingly, Plaintiffs' request for an order compelling CAL to produce Ms. Hsu, Mr. Doi, and Mr. Fujii for deposition in the United States is denied.

## IV. Conclusion

Plaintiffs' request for an order compelling current CAL employees Ms. Hsu, Mr. Doi, and Mr. Fujii to appear for deposition in the United States is denied. CAL shall produce these witnesses for deposition in Taiwan according to a schedule agreed upon by the parties.

IT IS SO ORDERED.

Dated: December 20, 2013



DONNA M. RYU
United States Magistrate Judge