JOSEPH W. COTCHETT (36324)
STEVEN N. WILLIAMS (175489)
NANCY L. FINEMAN (124870)
ADAM J. ZAPALA (245748)
ELIZABETH TRAN (280502)
**COTCHETT PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577
jcotchett@cpmlegal.com
swilliams@cpmlegal.com
nfineman@cpmlegal.com
azapala@cpmlegal.com
etran@cpmlegal.com

MICHAEL D. HAUSFELD                     MICHAEL P. LEHMANN (77152)
SETH GASSSMAN                           CHRISTOPHER L. LEBSOCK (184546)
**HAUSFELD LLP**                        **HAUSFELD LLP**
1700 K Street, N.W., Suite 650          44 Montgomery Street, Suite 3400
Washington, D.C. 20006                  San Francisco CA 94104
Tel: (202) 540-7200                     Tel: (415) 633-1903
Fax: (202) 540-7201                     Fax: (415) 358-4980
mhausfeld@hausfeldllp.com               mlehmann@hausfeldllp.com
sgassman@hausfeldllp.com                clebsock@hausfeldllp.com

*Interim Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** | **Case No. 3:07-cv-05634-CRB**<br>**MDL No. 1913**<br><br>**DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE** |
| **This Document Relates to:**<br>**ALL ACTIONS** | **Date:  TBD**<br>**Time:  TBD**<br>**Courtroom:  6, 17th Floor** |

*REDACTED – PUBLIC VERSION*

I, Jonathan Schwartz, declare as follows:

## I.   QUALIFICATIONS AND ASSIGNMENT

1. I am a principal economist at Nathan Associates Inc., an economic and financial consulting firm that provides research and analysis to public and private clients in the United States and abroad.

2. Prior to joining Nathan Associates in 2007, I was employed by UHY Advisors and Glassman-Oliver Economic Consultants.  I have a master's degree in economics from the University of California, Los Angeles and am a Chartered Financial Analyst charterholder.  In the 12 years that I have spent working for consulting firms, I have provided economic analysis related to antitrust, intellectual property and commercial litigation.  As part of my consulting assignments, I often have access to large complex databases.  I spend considerable time investigating these databases to understand the information contained prior to incorporating the information from them into my economic analysis.  Through the course of my work on this matter, I have spent significant time studying the airline industry.  My resume is attached as Appendix A.

3. I have been provided access to part of the Airline Tariff Publishing Company's ("ATPCO") Fare Manager online database.  Specifically, I have been granted access to certain relevant features of databases within the Government Filing System ("GFS") of Fare Manager and the Service Fees Analysis tool containing Carrier Imposed (YQ/YR) Fees ("YQ/YR database"), which I define below.  GFS is the system through which ATPCO maintains certain public and private databases.  A portion of the data maintained by ATPCO in GFS is presented to the United States Department of Transportation ("DOT"), but only if the data is required to be filed by DOT and is marked for presentation to DOT.

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

2

4.  I have been asked by counsel for plaintiffs to review the declarations submitted in support of the summary judgment motions defendants filed in 2013,[1] and to focus on statements in the declarations related to the ATPCO and GFS, as well as the relationship between the ATPCO databases and the submission, or lack thereof, of certain fare information to DOT.

5.  With respect to the declarations that I understand were submitted with the motion filed by All Nippon Airways ("ANA"), I have been asked to focus my analysis on statements regarding certain ANA private fares.

6.  I have been further asked to use my access to ATPCO to:

    a.  describe the ATPCO GFS and YQ/YR database, as well as document the relationship between these ATPCO databases and submissions of fare and fuel surcharge information to DOT;

    b.  document fuel surcharges for transpacific fares[2] of each defendant that were not submitted to DOT; and

    c.  document transpacific fares for each defendant contained in the ATPCO GFS system that were not submitted to DOT.

---

[1] I understand that motions were filed by All Nippon Airways, with declarations from Joanna C. Bryant ("Bryant Declaration"), Yusaku Osumi ("Osumi Declaration"), Isao Ono ("Ono Declaration"), Ami Kariyone ("Kariyone Declaration"), Mina Ko ("Ko Declaration"), and Suzuko Shibata ("Shibata Declaration"); Air New Zealand, with a declaration from Robyn Brown ("Brown Declaration"); Cathay Pacific Airways, with declarations from Fanny Chan ("Chan Declaration") and Yan Man Chi Shirley ("Yan Declaration"); China Airlines, with a declaration from Hsiao Sui Wu ("Wu Declaration") ; EVA Airways, with a declaration from Tina Kuo ("Kuo Declaration"); Philippine Airlines, with a declaration from Anna Mae Lynn Ang ("Ang Declaration); and Qantas Airways, with a declaration from Carolina Galicia Day ("Day Declaration"); Singapore Airlines, with a declaration from Judy Ku Leung ("Leung Declaration").  I also understand that there was a joint brief submitted on behalf of defendants.

[2] Transpacific Fares are fares between the United States and Asia/Oceania.

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

3

This declaration summarizes the results of my review for each defendant.  Nathan Associates is compensated at a rate of $325 per hour for the time that I spent preparing this declaration.

7.  In addition to reviewing data that I accessed from ATPCO, I have also reviewed the motions for summary judgment filed by each defendant; the declarations submitted in support of these motions; and relevant deposition transcripts.  A list of the full materials upon which I relied is provided in Appendix B.

## II.    OVERVIEW OF ATPCO AND DOT

### A.    ATPCO Database

8.  ATPCO is a company jointly owned by several airlines that provides a centralized means for airlines to distribute fare information.  Airlines submit fare information to ATPCO including fares,[3] fare rules,[4] fare footnotes[5] and general rules.[6]  ATPCO distributes this data to global distribution systems ("GDS") and computer reservation systems ("CRS").  The

[3] ████████████████████████████████████████████████████████ Fares always have a fare rule assigned to them and can have a fare footnote assigned to them as well.

[4] ████████████████████████████████████████████████████ Every fare is assigned a fare rule.

[5] ████████████████████████████████████████████████ Not all fares are assigned a footnote.

[6] ████████████ The general rule can also contain fuel surcharges.

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

4

GDSs and CRSs then redistribute the fare information from ATPCO to their travel agent subscribers.[7]

10. GFS contains information related to at least two separate databases – a public database and a private database.

11. The public database in GFS is available to any entity that has access to APTCO data, such as certain airlines, GDSs and CRSs.  The fact that a fare is in the public database does not indicate that it has been submitted to DOT for review.

12. The private database in GFS contains fares that are only distributed to certain entities that have been granted the right to view or sell the fares.  For example, the private fares described in the Osumi declaration are only able to be sold by travel agencies selected by ANA.  Other examples of fares in the private database include fares that were negotiated between large corporations and the airlines to provide discounts on business travel.

13                                                   The table below provides examples of these fares.

---

[7] http://training.atpco.net/fmhelp/WebHelp/Welcome_to_FareManager.htm.

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

5

1



14. GFS is also used to submit relevant fare information to certain governments, including the United States 

15. ATPCO also has the YQ/YR database, which is not part of GFS in its Fare Manager system. The YQ/YR database gives airlines the ability to specify carrier-imposed fees or surcharges that are distributed to the GDSs and CRSs coded as YQ and YR.[10] I understand that the YQ/YR database was often used by defendants to record fuel surcharges.
As described below, defendants can only submit fuel surcharges to DOT through the general rule.

---

[10] http://www.atpco net/atpco/products/yqyr_dc.shtml.

[11] "Carrier-Imposed (YQ/YR) Fees and Ticketing Fees Coding Training Manual" from ATPCO Reference Library, https://applications.atpco.net/extranet/library/pdf/tng_servicefees_yq_tktg.pdf  p. 41.

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

6

**B.     DOT Passenger Tariff Submission Requirements**

**1.     Fuel Surcharges**

16. In order to submit its general rule to a government regulatory body such as DOT, an airline is required to indicate the government or governments to which the general rule should be sent.  An airline uses the ATPCO system to designate which countries will receive the general rule ████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

17. It is my understanding that submitting fuel surcharges through the general rule is the only way to submit fuel surcharges to DOT, something DOT did not allow until October 2004, when it changed its policy to allow airlines to implement fuel surcharges in the general rule.[13]

18. ████████████████████████████████████████████████████
████ ████ ████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████

_____

[13] ATPCO-SUB-0000099; Letter from Paul L. Gretch, Director Office of International Aviation dated October 14, 2004.

[14] ████████████████████████████████████████████████

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

7

19. ████████████████████████████████
████████████████████████████████████
████████████████████

### 2. Fares

20. In 1999, DOT implemented a system that grouped countries into three categories for the purpose of submitting international airfare tariffs, Category A, Category B and Category C. DOT determined the appropriate category for a country based on, among other factors, the existence of air service agreements between the United States and the country to be designated and the level of oversight provided by the foreign government on U.S. carrier fares.[15]

21. All fares for travel to and from Category C countries were to be submitted to DOT. In addition, all fares for travel on airlines that are nationals of Category C countries were to be submitted to DOT.[16]

22. All "normal" one-way economy fares to and from Category B countries were also to be submitted to DOT.[17] Normal fares are those with Economy Restricted ("ER") and Economy Unrestricted ("EU") fare types. These fares are a small subset of the economy fares, and have the fewest restrictions on them.[18] No other fares to and from Category B countries were to be submitted to DOT other than from airlines that are nationals of Category C countries.

---

[15] 14 CFR 293.10; Bryant Declaration Exhibit 3.

[16] Bryant Declaration Exhibit 6.

[17] Bryant Declaration Exhibit 6.

[18] An EU fare cannot have any restrictions, while an ER fare cannot have restrictions on minimum or maximum stay, advanced purchase requirements or passenger eligibility. *See*, www.atpco net/atpco/products/pdf/AppB_FareMatrix_C.pdf.

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C 07-5634 CRB

8

23. No fares to and from Category A countries were to be submitted to DOT, other than from airlines that are nationals of Category C countries.[19]

24. ████████████████████████████████████████████

25. The classifications of countries as Category A, B or C changed in 2005, 2008 and 2012 – with more countries moving away from Category C as the system evolved.  The following table lists the classifications of selected countries relevant to this declaration starting in October 1999, September 2005, April 2008 and October 2012.  As shown in the table, South Korea, Singapore, Taiwan, Fiji and New Zealand have always been Category A countries.  The Philippines is a Category B country.  Australia, Thailand and Vietnam were Category B countries until 2008, at which point they were reclassified as Category A countries.  Hong Kong is a Category C country.  Japan was Category C country until 2008, at which point it became a Category B country.  In 2012 Japan became a Category A country.

---

[19] Bryant Declaration Exhibit 6.

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

9

**Tariff-Filing Status Over Time Per DOT Bulletins For Selected Countries**

| Country | Starting October 7th, 1999 | Starting September 15th, 2005 | Starting April 8th, 2008 | Starting October 10th, 2012 |
|---|---|---|---|---|
| Australia | B | B | A* | A |
| Fiji | A | A | A | A |
| Hong Kong | C | C | C | C |
| Japan | C | C | B* | A* |
| Korea | A | A | A | A |
| New Zealand | A | A | A | A |
| Philippines | B | B | B | B |
| Singapore | A | A | A | A |
| Taiwan | A | A | A | A |

Source: Exhibits 1 through 5 of the Bryant Declaration.

*Indicates change in status from previous filing.  None of the countries on this list changed status in the 2005 change.

## III.    REVIEW OF DEFENDANT DECLARATIONS

### A.    All Nippon Air

26. I have reviewed the declarations that I understand have been submitted in support of ANA's summary judgment motion, including the declarations of Yusaku Osumi, Isao Ono, Ami Kariyone and Mina Ko.

27. Kariyone states that ANA's fares for all of its US originating travel were filed with DOT through GFS.[20]  Ko concurs with Kariyone's statement.[21] █████████████████ ██████████████████████

28. The Osumi declaration claims that certain private fares were priced as discounts to public fares, and that the public fares were submitted to DOT.  It is my understanding that ANA

---

[20] Kariyone Declaration ¶6.

[21] Ko Declaration ¶4.

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

10

claims the discounted fare is "filed" with DOT because the price of the private fare is discounted off of a public fare that ANA contends is "filed".[22]   The private fares appear in the private database of GFS, while the public fares Osumi references appear in the public database of GFS ███████████████████████████

████████████████████████████████████████████████████████

████

29. For example, Exhibit A to the Osumi declaration is a fare sheet listing various Satogaeri fares. ███████████████████████████████████████

██████████████████████████   I have reviewed several of these fares in the ATPCO database.  The first set of fares listed on the fare sheet is what Osumi refers to as "M-Class Satogaeri Fares".

a. ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

b. ████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

██████████████████████

30 ████████████████████████████████████████████

████████████████████████████   A comparison of the rules reveals that each

---

[22] ANA Motion for Summary Judgment p. 2.

██ ████████████████████████████████

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

11



has restrictions that are not in the other. ████████████████████████

31. Another set of fares listed in Exhibit A to the Osumi declaration is what Osumi refers to as "B-Class Satogaeri Fares". ████████████████████

a.

b.

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C 07-5634 CRB

12

1

2

3

4   32.   A comparison of the rules for these two fares reveals that each contains restrictions that

5   are not in the other.

6

7

8

9

10

11

12

13

14

15

16

17

18

19   33.   Exhibit B to the Osumi declaration is a fare sheet listing "Business Discount" fares using

20   the fare basis codes CXRT and CRT.

21

22   a.

23

24

25

26

27

28

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY
JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

13

b. █████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
██████████

34.  A comparison of the rules for these two fares reveals differences in the

restrictions. ████████████████████████████████
████████████████████████████████████
████████████████████████████████████
████████████████████████████████████
███████████████████████

35. Like the Osumi Declaration, the Ono declaration claims that certain fares were priced as

discounts to public fares that were submitted to DOT.  These discounted fares appear in the

private database of GFS while the public fares Ono references appear in the public database

of GFS.  I have reviewed the information about these fares available in GFS and have found

that there are restrictions in the private fares that are not present in the public fares.

36. For example, Exhibit B of the Ono declaration is a fare sheet listing various M-Class Satogaeri fares for travel from April 2005 through March 2006.

a. ██████████████████████████████████████
██████████████████████████████████████
████████████████████████████████
██████████████████████████████████
████████████████████████

b. ████████████████████████████
██████████████████████████████████████
████████████████████████████████████
██████████████████████████████████████
██████████████████

37 ████████████████████████████████████
████████████████████ A comparison of the rules reveals that each has restrictions that are not in the other. ████████████████████
████████████████████████████████████
██████████████████████████████████

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

15

38. Exhibit C to the Ono declaration is a fare sheet listing various "Business Value" fares for travel from April 2004 to September 2004.

a.

b.

39. A comparison of the two rules reveals differences in the restrictions

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C 07-5634 CRB

16



40.  Not all of ANA's fuel surcharges were submitted to ATPCO when they were

implemented ████████████████████████████████████████

████████████████████████████████████

████████  ████

**B.      China Airlines**

41. I have reviewed the declaration submitted by Hsiao Sui Wu, which I understand was

submitted in support of China Airlines' summary judgment motion.  Wu states that China

Airlines was required to submit all of its fares and surcharges to DOT for travel from the

U.S. to Category C countries and its one-way economy fares and surcharges for travel from

the U.S. to Category B countries,[25] including all of its tariffs from Honolulu to Japan from


████████████████████████████████████████████

[25] Wu Declaration ¶4.

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

17

2000 until April 2008;[26] all of its one-way economy fares tariffs from Honolulu to Japan from April 2008 through 2009;[27] and its fares and surcharges from the U.S. to the Philippines from 2000 to 2009.[28]

### 1. Fuel surcharges

42. China Airlines did not submit all of its fuel surcharges to DOT.

43.

44.

---

[26] Wu Declaration ¶6.

[27] Wu Declaration ¶6.

[28] Wu Declaration ¶18.

[29] See discussion of justification box, above.

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

18

[REDACTED]

### 2. Fares

45. As a national of a Category A country (Taiwan), China Airlines only had to submit fares for travel to Category C countries and for select travel to Category B countries.

46. Wu's claim that China Airlines was required to submit all of its one-way economy fares for flights from Honolulu to Tokyo from April 2008 through 2009 is incorrect.[32] Japan was a Category B country during this time period, and only one-way normal economy fares would have been submitted to DOT. As discussed above, normal economy fares include only a small subset of the economy fares with few or no restrictions on them.

47. Wu claims that China Airlines' fares and surcharges from the United States to Manila were filed with DOT.[33]  Because the Philippines was a Category B country and China Airlines was a national of a Category A country (Taiwan) throughout the class period, the only fares to Manila that would be submitted to DOT are one-way normal economy fares.

[REDACTED]

[32] Wu Declaration ¶¶5-6.

[33] Wu Declaration ¶18.

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

19

## C.     EVA Airways

48. I have reviewed the declaration of Tina Kuo, which I understand was submitted in support of EVA Airways' motion for summary judgment.

### 1.     Fuel Surcharges

49. Kuo claims that EVA submits fuel surcharges to the YQ/YR database.[34] ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮  The only way of transmitting a fuel surcharge to DOT is through the general rule.[36] ▮▮▮▮▮▮

▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

### 2.     Fares

50. Kuo claims that EVA submitted, via ATPCO, all of its passenger fares, regardless of whether it was required by DOT to do so.[38] ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮

---

[34] Kuo Declaration ¶8.

[35] "Carrier-Imposed (YQ/YR) Fees and Ticketing Fees Coding Training Manual" from ATPCO Reference Library, https://applications.atpco.net/extranet/library/pdf/tng_servicefees_yq_tktg.pdf  p. 41.

[36] ATPCO-SUB-0000099.

▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[38] Kuo Declaration ¶6.

▮ ▮▮▮▮▮▮▮▮

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

20

51. Kuo claims that Exhibit A to her declaration demonstrates the submission of a fare from Los Angeles to Taipei. In the top panel of Exhibit A to her declaration, Kuo draws a red box around a fare from Los Angeles to Taipei that was effective on May 22, 2008.  In the bottom panel, Kuo draws a red box around a statement purportedly showing approval.  However, this fare from Los Angeles to Taipei was not submitted to DOT, and thus was not approved.  The blank "Gov" column in the top panel shows that no action was taken by DOT. ██████████████████████████████████████████████

██████████████████

52. In paragraph 12 of her declaration, Kuo states that EVA is required by DOT to submit all one-way passenger fares for travel to Category B countries.  This is incorrect.  Only the one-way normal economy fares would be submitted pursuant to DOT regulation.  The example fare that Kuo presents in Exhibit C was submitted in 1997, prior to the implementation of DOT's Category A, Category B and Category C regime.

**D.     Cathay Pacific**

53. I have reviewed declarations which I understand were submitted in support of Cathay Pacific's summary judgment motion, including the declaration of Fanny Chan.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ Yan claims that this fuel surcharge, submitted on October 29, 2004, was acknowledged by DOT. ████████████████

████████████████████████████    ████████████████████

_____

[41] Yan Declaration ¶8 and Exhibit B-10.

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

21

1 ███████████████████████████████████████████████

2 ███████████████████████████████████████████

3 ███████████████████

4

**E.     Qantas Airlines**

5

6 55. I have reviewed the declaration of Carolina Galicia Day, which I understand was submitted

7     in support of Qantas's motion for summary judgment.  Day claims that Qantas submitted

8     fuel surcharges to DOT.[42]  Day also claims that Qantas was required to submit all one-way

9     economy fares and surcharges between the U.S. and Australia.[43]

10

11     **1.     Fuel Surcharges**

12

13 █████████████████████████████████████████████████

14     ███████████████████████████████████████████████

15     ████████████████████████████████████████████████████

16     ███████████████████████████████████████████████

17     ████████████████████████████████████████████████

18     ███████████████████████████████████████████

19     ████████ Furthermore, while Day states that fuel surcharges were present in the YQ

20     database,[45] ██████████████████████████

21

22

23 _____

24 [42] Day Declaration ¶¶9,14.

25 [43] Day Declaration ¶14.

26 █████████████████████████████████████

27 [45] Day Declaration ¶18.

28

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

22

### 2.      Fares

57. Day wrongly states that all one-way economy fares to Category B countries need to be submitted to DOT.[46]  The fares "YOX" and "Y1" that Day provides as examples are both one-way normal economy fares, and are the only fares for travel from the U.S. to Australia for which submission to DOT would have occurred.

## F.      Philippine Airlines

58. I have reviewed the declaration submitted by Anna Mae Lynn Ang in support of Philippine Airlines' motion for summary judgment.  In her declaration, Ang claims that all of Philippine Airlines' fuel surcharges were submitted to DOT via ATPCO beginning in 2004.

### 1.      Fuel Surcharges

[46] Day Declaration ¶14.

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

23

1

2

3

4

5

### 2.      Fares

60. Contrary to the claims made by Ang,[47] Philippine Airlines was only required to submit a small subset of its one-way economy fares for travel to the Philippines, because the Philippines was a Category B country.

6

7

### G.      Singapore Airlines

61. I have reviewed the declaration of Judy Ku Leung that I understand was submitted in connection with Singapore Airlines' motion for summary judgment.  In her declaration, Leung claims that all fuel surcharges have been submitted to DOT as General Rules since June 2004,[48] and that all required fares have been submitted to DOT since 1999.[49]

8

9

10

11

12

13

### 1.      Fuel Surcharges

14

15

16



17

18

19

20

### 2.      Fares

21

22

23

24

63. As an example of a fare that was submitted to DOT, Leung describes a round-trip fare from Los Angeles to Sydney that was submitted in 1999.  However, this fare was submitted prior to the implementation by DOT of the Category A, Category B and Category C

25

[47] Ang Declaration ¶6.

26

[48] Leung Declaration ¶27.

27

[49] Leung Declaration ¶9.

28

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY
JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

24

regime.  None of Singapore Airline's fares to Australia during the class period have been submitted to or approved by DOT since none of these fares were one-way normal economy fares.

**H.     Air New Zealand**

64. I have reviewed the declaration of Robyn Brown that I understand was submitted in support of Air New Zealand's motion for summary judgment, as well as Air New Zealand's memorandum in support of the motion.  In the memorandum, Air New Zealand claims "ATPCO files [all of Air New Zealand's] fares and surcharges with the Department of Transportation."[50]

**1.     Fuel Surcharge**

65. As discussed above, fuel surcharges are only submitted to DOT if they are included in the general rule ███████████████████████████████████████████████

██████████████████████████████████████████████████████

████████ █████████████████████████████████████

███████ █████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████ █

---

[50] Air New Zealand Memorandum of Points and Authorities p. 2.

[51] Brown ¶12 and ███████████

█ ████████████████████████████████████

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

25

### 2.  Fares

66. Air New Zealand's claim that all of its fares were submitted to DOT is incorrect. No fares from the United States to Category A countries are submitted to DOT from carriers that are not from Category C countries.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 10, 2014 in Arlington, VA.

Jonathan Schwartz

DECLARATION OF JONATHAN SCHWARTZ REGARDING PLAINTIFFS' OPPOSITION TO  DEFNDANTS' MOTIONS FOR SUMMARY JUDGMENT BASED ON THE FILED RATE DOCTRINE; MDL Docket No. 1913; Master File No. C  07-5634 CRB

26

# Appendix A

# JONATHAN SCHWARTZ, CFA



## CURRENT POSITIONS

Principal Economist, Nathan Associates Inc.

## EDUCATION

Chartered Financial Analyst (CFA) charterholder

M.A., Economics, University of California, Los Angeles, 2003

B.A., Economics (with honors), University of Maryland, 1999

## SPECIALIZED EXPERIENCE, RESEARCH, OR INTEREST

Antitrust, financial markets, intellectual property, valuation, econometric damage calculations, estimates of damage incidence

## PAST POSITIONS

| | | |
|---|---|---|
| 2010-2012 | Managing Economist, Nathan Associates Inc. | Arlington, VA |
| 2007-2009 | Senior Economist, Nathan Associates Inc. | Arlington, VA |
| 2005-2007 | Manager, UHY Advisors Inc. | Washington, DC |
| 2004-2005 | Senior Consultant, UHY Advisors Inc. | Washington, DC |
| 2004 | Senior Analyst, Glassman-Oliver Economic Consultants | Washington, DC |
| 2002-2003 | Research Assistant, UCLA Department of Economics | Los Angeles, CA |
| 1999-2001 | Research Analyst, Glassman-Oliver Economic Consultants | Washington, DC |

## SELECTED CONSULTING EXPERIENCE

*Antitrust*

- Submitted declaration regarding claims methodology for indirect purchasers of DRAM.

- Assisted in the preparation of an expert report at the class certification stage of a class action involving alleged price fixing of optical disk drives.

- Prepared econometric damage estimate as the consulting expert for opt-outs in a price fixing matters involving EPDM (synthetic rubber). Presented damage estimates and rebuttal to defendant damage estimates in a settlement negotiation meeting.

- Critiqued opposing expert and assisted in the preparation of expert reports at the merits stage of a class action involving alleged price fixing of oriented strand board. Assisted in claims administration process by building a database of purchases by claimant from each manufacturer. Submitted affidavit explaining my role in claims administration.

- Prepared econometric damage estimates and assisted in the preparation of expert report at the class certification stage of a class action involving alleged price fixing of plastic additives. Prepared presentation in rebuttal to defendant experts' criticisms of the econometric methodology.

- Assisted in the preparation of a rebuttal report at the class certification stage of a class action involving alleged price fixing of TDI, MDI and polyether polyols.
- Assisted in the preparation of a rebuttal report at the merits stage of a class action involving alleged price fixing of titanium dioxide.
- Assisted expert economist with preparation of report on econometric damage estimates and pass through rates for an indirect purchaser class action in the vitamins industry. Assisted attorneys with claims distribution.
- Assisted expert economist with preparation of report on econometric damage estimates and pass through rates for an indirect purchaser class action in the MSG and nucleotides markets.  Assisted attorneys with claims distribution
- Assisted in preparation of expert reports regarding class-wide damages related to an alleged market allocation agreement.
- Worked with expert economist on case involving a pharmaceutical company accused of monopolization due to alleged exclusion of potentially infringing generic competitor. Assisted in preparation of affidavit on relevant product market.
- Calculated damages and assisted in the preparation of expert reports for a computer hardware firm allegedly excluded from the mainframe computer market.

### Commercial Damages

- Submitted expert report in Michael Fourte v. Countrywide Home Loans, Inc. Countrywide Financial Corporation, Countrywide Bank Case No. 07-CV-1363 (PGS) regarding data sufficiency for calculation of damages.
- Assisted in preparation of expert reports analyzing the adverse nature of a switch in dividend policy for fixed flexible premium annuities.
- Reviewed the actuarial methodology of assigning ownership in connection with litigation involving the demutualization of a health insurance company.  Prepared analysis of alleged under-pricing of the insurance company's IPO.
- Assisted in evaluation of damage claims arising from alleged professional malpractice related to commercial development and land use.
- Assisted in damage estimation related to claims of false advertising related to medical data printer systems.
- Estimated damages in an employee breach of contract matter.
- Estimated damages and assisted in preparation of rebuttal report in a product liability matter.

### Valuation

- Used survivor curve analysis to provide an estimate of the present value of customer relationships secured in a merger for purposes of acquirer's financial statements.
- Reviewed the valuation of a multi-billion dollar contract in the health insurance industry for purposes of contract renegotiation.
- Assisted in the expert valuations of businesses owned in marital estates for purposes of divorce proceedings.

### Intellectual Property

- Assisted expert with reports related to alleged patent misuse and alleged price erosion related to patent infringement in the computer hardware industry.

- Assisted expert with reasonable royalty and lost profits damage calculations associated with patent infringement in the medical device industry

- Critiqued opposing expert's damage calculations associated with alleged patent infringement in the computer hardware industry.

### International Arbitration

- Assisted expert with report related to alleged unfair competition in the port sector in Peru.

## PROFESSIONAL MEMBERSHIPS

CFA Institute

CFA Society of Washington, DC

American Bar Association

# Appendix B

**Materials Relied Upon**

Declaration of Ami Kariyone in Support of Defendant All Nippon Aireays Co., Ltd's Motion for Summary Judgment Based on the Filed Rate Doctrine

Declaration of Anna Mae Lynn Ang in Support of Motion of Defedant Philippine Airlines, Inc., for Summary Judgment

Declaration of Carolina Galicia Day in Support of Qantas Airways Limited's Motion for Summary Judgment Based on the Filed Rate Doctrine

Declaration of Fanny Chan in Support of Motion for Summary Judgment on the Basis of the Filed Rate Doctrine

Declaration of Hsiao Sui Wu

Declaration of Isao Ono in Support of Defendant All Nippon Aireays Co., Ltd's Motion for Summary Judgment Based on the Filed Rate Doctrine

Declaration of Joanna C. Bryant

Declaration of Judy Ku Leung in Support of Defendant Singapore Airlines Limited's Motion for Summary Judgment Based on the Filed Rate Doctrine

Declaration of Mina Ko in Support of Defendant All Nippon Aireays Co., Ltd's Motion for Summary Judgment Based on the Filed Rate Doctrine

Declaration of Robyn Brown

Declaration of Suzuko Shibata in Support of Defendant All Nippon Aireays Co., Ltd's Motion for Summary Judgment Based on the Filed Rate Doctrine

Declaration of Tina Kuo in Support of Defendant EVA Airways Corp. for Summary Judgment

Declaration of Yusaku Osumi in Support of Defendant All Nippon Aireays Co., Ltd's Motion for Summary Judgment Based on the Filed Rate Doctrine

Certain Defendants Joint Memorandum of Points and Authorities In Support of Their Motions for Summary Judgment

Defendant All Nippon Airways Co., Ltd's Motion for Summary Judgment Based on the Filed Rate Doctrine

Defendant Qantas Airways Limited's Motion for Summary Judgment Based on the Filed Rate Doctrine

Notice of Motion and Motion of Defendant Air New Zealand for Summary Judgment; Memorandum of Points and Authorities in Support Thereof.

Notice of Motion and Motion of Defendant Cathay Pacific Airways Ltd. for Summary Judgment on All Claims in the First Amended Consolidated Class Action Complaint; Memorandum of Points and Authorities in Support Thereof

Notice of Motion and Motion of Defendant China Airlines, Ltd. for Summary Judgment; Memorandum of Points and Authorities in Support Thereof

Notice of Motion and Motion of Defendant EVA Airways Corp. For Summary Judgment; Memorandum of Points and Authorities in Support Thereof

Notice of Motion and Motion of Defendant Philippine Airlines, Inc., for Summary Judgment; Memorandum of Points and Authorities in Support Thereof

Notice of Motion and Motion of Defendant Singapore Airlines Limited for Summary Judgment on All Claims in the Second Amended Consolidated Class Action Complaint; Memorandum of Points and Authorities in Support Thereof

Deposition of Yosaku Osumi dated November 14, 2014

Deposition of Fanny Chan dated December 4, 2013

Deposition of Yan Man Chi Shirley dated December 5, 2013

Deposition of Hsiao-Sui Wu dated December 13, 2013

Deposition of Isao Ono dated December 16, 2013

Deposition of Carolina Galicia Day dated December 17, 2013

Deposition of Suzuko Shibata dated January 15, 2014

Deposition of Tina Kuo dated January 16, 2014

Deposition of Joanna C. Bryant dated January 17, 2014

Deposition of Hsun-Jen Hsu dated January 20, 2014

Deposition of Robyn Brown dated January 22, 2014

Deposition of Anna Mae Lynn Ang dated January 24, 2014

Deposition of Judy Ku Leung dated February 4, 2014

Transaction data provided by China Airlines

Transaction data provided by Air New Zealand

Letter from Michael Holland to Jay Cohen dated December 13, 2012.

Transaction data provided by EVA Airways

Letter from Tammy Tsoumas to Cadio Zirpoli dated November 30, 2012

Transaction data provided by All Nippon Airways

ATPCO-SUB-0000099

ATP001647-ATP002222: International Fares: Using ATPCO's New Fares System

Airline Tariff Publishing Company's FareManager accessed at
http://faremanager.atpco.net/fmhome/login.jsp

http://www.atpco.net/atpco/products/yqyr_dc.shtml

http://training.atpco.net/fmhelp/WebHelp/Welcome_to_FareManager.htm
www.atpco.net/atpco/products/pdf/AppB_FareMatrix_C.pdf
Accessing FareManager: Accessing ATPCO Systems Using FareManager

ATPCO Module titled Historical Fares—Online

"Carrier-Imposed (YQ/YR) Fees and Ticketing Fees Coding Training Manual" from
ATPCO Reference Library,
https://applications.atpco.net/extranet/library/pdf/tng_servicefees_yq_tktg.pdf

14 CFR 293.10

Letter from Paul L. Gretch, Director Office of International Aviation dated October 14,
2004

# Appendix C



