# EXHIBIT 3

Joseph W. Cotchett (36324; jcotchett@cpmlegal.com)
Steven N. Williams (175489; swilliams@cpmlegal.com)
Adam J. Zapala (245748; azapala@cpmlegal.com)
Joanna W. LiCalsi (288771; jlicalsi@cpmlegal.com)
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile:   650-697-0577

Michael P. Lehmann (77152; mlehmann@hausfeldllp.com)
Christopher L. Lebsock (184546; clebsock@hausfeldllp.com)
HAUSFELD LLP
44 Montgomery Street
San Francisco, CA 94111
Telephone: (415) 633-1908
Facsimile: (415) 358-4980

Michael D. Hausfeld (mhausfeld@hausfeldllp.com)
HAUSFELD LLP
1700 K Street, Suite 650
Washington, D.C. 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

*Interim Co-Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION | Case No. 3:07-cv-05634-CRB-DMR |
| | MDL No. 1913 |
| This Document Relates to: | Honorable Charles R. Breyer |
| ALL ACTIONS | AMENDED SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED |

1    This Settlement Agreement, dated July 9____, 2014 (the "Settlement Agreement"), is

2  made and entered into by and among defendant Vietnam Airlines Company Limited ("VN") and

3  Meor Adlin, Franklin Ajaye, Andrew Barton, Lori Barrett, Rachel Diller, Scott Frederick, David

4  Kuo, Dickson Leung, Brendan Maloof, David Murphy, and Donald Wortman ("Plaintiffs"),

5  individualy and as representatives of the class of similarly situated plaintiffs as more specifically

6  defined below, in the MDL class action In re Transpacific Passenger Air Transportation Antitrust

7  Litigation, 07-cv-5634-CRB, MDL No. 1913, currently pending before the Honorable Charles R.

8  Breyer in the United States District Court for the Northern District of California, San Francisco

9  Division.

10    WHEREAS, Plaintiffs have filed a complaint alleging, among other things, that VN

11  participated in an unlawful conspiracy or conspiracies to restrain trade, pursuant to which VN and

12  other defendants ("Defendants") agreed to fix, raise, maintain, and/or stabilize prices for air

13  passenger travel, including associated surcharges, for international flights involving at least one

14  flight segment between the United States and Asia/Oceania.

15    WHEREAS, Interim Class Counsel have concluded, after an investigation into the facts

16  and the law, and after carefully considering the circumstances of claims made by Plaintiffs and

17  the Class, and the possible legal and factual defenses thereto, that it is in the best interests of

18  Plaintiffs and the Settlement Class to enter into this Settlement Agreement with VN to avoid the

19  uncertainties and risks of litigation, and that the Settlement set forth herein is fair, reasonable,

20  adequate and in the best interests of the Settlement Class.

21    WHEREAS, VN has concluded, despite its belief that there is no legal or factual basis for

22  its liability in this matter, and that it has good defenses with respect to Plaintiffs' claims, that it is

23  in its best interests to enter into this Settlement Agreement to avoid the burden and costs of

24  litigation.

25    WHEREAS, Plaintiffs and VN agree that neither this Settlement Agreement nor any

26  statement made in the negotiation thereof shall be deemed or construed to be an admission by or

27

28  AMENDED SETTLEMENT AGREEMENT BETWEEN
   PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

\\083517/000003 - 1055724 v3

1  evidence against VN or any of its alleged co-conspirators or evidence of the truth of any of

2  Plaintiffs' allegations;

3       WHEREAS, Interim Class Counsel and VN have engaged in arm's-length settlement

4  negotiations and have reached this Settlement Agreement, which embodies all of the terms and

5  conditions of the Settlement between Plaintiffs and VN, subject to approval of the Court.

6       NOW, THEREFORE, in consideration of the promises, mutual promises, covenants,

7  agreements and releases set forth herein and for other good and valuable consideration, and

8  incorporating the above recitals herein, it is agreed by the undersigned, on behalf of VN,

9  Plaintiffs, and the Settlement Class, that the Actions and all claims of Plaintiffs and the

10  Settlement Class that have been or could be asserted in the Actions be settled, compromised and

11  dismissed on the merits and with prejudice as to VN and, except as hereinafter provided, without

12  costs as to Plaintiffs, the Settlement Class or VN, subject to court approval, on the following

13  terms and conditions:

14  **1.  Definitions**

15      1.1.   "Actions" means the class action captioned <u>In re Transpacific Passenger Air</u>

16  <u>Transportation Antitrust Litigation</u>, 07-cv-5634-CRB, MDL No. 1913, currently pending before

17  the Honorable Charles R. Breyer in the United States District Court for the Northern District of

18  California, San Francisco Division, and all actions relating to the claims alleged in "Plaintiffs'

19  First Amended Consolidated Class Action Complaint" filed in that litigation that were originally

20  filed in the United States District Court for the Northern District of California, those that have

21  been or are subsequently filed in or transferred for coordinated pretrial proceedings to such court

22  by the Judicial Panel on Multidistrict Litigation as part of MDL No. 1913, and all actions that are

23  otherwise based on the conduct alleged in the above-captioned litigation.

24      1.2.   "Court" means the United States District Court for the Northern District of

25  California.

26

27

28  AMENDED SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR
\\083517/000003 - 1055724 v3

1.3.   "Effective Date" means the earliest date on which all of the events and conditions specified in paragraph 8 herein have occurred or have been met.

1.4.   "Judgment" means a final order of judgment, dismissal, and approval of the Settlement, to be rendered by the Court.

1.5.   "Parties" means Plaintiffs, Settlement Class Members, and VN.

1.6.   "Defendants" means Air France, Air New Zealand, All Nippon Airways Company, Limited, Cathay Pacific Airways Limited, China Airlines Limited, Continental Airlines, Inc., EVA Airways Corporation, Japan Airlines International Company, Ltd. ("JAL"); Malaysian Airline System Berhad, Philippine Airlines, Inc., Qantas Airways Limited, Singapore Airlines Limited, Thai Airways International Public Co., Ltd., and Vietnam Airlines Company Limited.

1.7.   "Person" means an individual or an entity.

1.8.   "Plaintiffs" means Meor Adlin, Franklin Ajaye, Andrew Barton, Lori Barrett, Rachel Diller, Scott Frederick, David Kuo, Dickson Leung, Brendan Maloof, David Murphy, and Donald Wortman, and any other plaintiffs designated by the Court as class representatives, individually and on behalf of the Settlement Class.

1.9.   "Preliminary Approval Order" means an order preliminarily approving the Settlement, to be rendered by the Court.

1.10.   "Released Claims" means any and all claims, demands, actions, suits, and causes of action, whether class, individual, or otherwise, damages, and liabilities of any nature, including without limitation claims for costs, expenses, penalties, and attorneys' fees, that the Releasing Parties, or any one of them, ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, against the Released Parties or any of them, whether such claims are based on federal, state, local, statutory, or common law, or any other law, code, rule, or regulation of any country or other jurisdiction worldwide, regardless of whether such claims are known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, regardless of legal theory,

1    and regardless of the type or amount of relief or damages claimed, or claims that have been, could
2    have been, or in the future might have in law or in equity, on account of, arising out of, resulting
3    from, or in any way related to any conduct regardless of where it occurred at any time prior to the
4    Effective Date, concerning the pricing of one-way and round-trip passenger air transportation
5    between the United States and Asia/Oceania (but only to the extent such transportation originated
6    in the United States) by VN or Defendants or their alleged co-conspirators, including, without
7    limitation, pricing of fares or fuel surcharges or any other element of, component of, or surcharge
8    upon such pricing, or with respect to the facts, occurrences, transactions or other matters that
9    were alleged or could have been alleged in the First Amended Consolidated Class Action
10   Complaint in the above-captioned matter or in the complaints in any of the Actions.

11        1.11.   "Released Parties" means, jointly and severally, individually and collectively: VN,
12   its present and former parents, subsidiaries, divisions and affiliates, each of their respective past
13   and present officers, directors, employees and agents, attorneys, representatives and the
14   predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.
15   As used in this definition, "affiliates" means entities controlling, controlled by or under common
16   control with any of the other Released Parties.

17        1.12.   "Releasing Parties" means, jointly and severally, and individually and collectively:
18   Plaintiffs and all Settlement Class Members who do not exclude themselves from the Settlement
19   Class in the manner directed by the Court in its order preliminarily approving this Settlement,
20   their present and former parents, subsidiaries, divisions and affiliates, each of their respective past
21   and present officers, directors, employees and agents, attorneys, representatives and the
22   predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

23        1.13.   "Settlement Class Counsel" means the law firms of Cotchett Pitre & McCarthy,
24   LLP, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, CA 94010 and
25   Hausfeld, LLP, 44 Montgomery Street, San Francisco, CA, 94104 and 1700 K Street, Suite 650,
26   Washington, DC 20006.

27

28   AMENDED SETTLEMENT AGREEMENT BETWEEN
     PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR
     4
     \\083517/000003 - 1055724 v3

1       1.14. "Settlement Class Members" means, collectively, all members of the Settlement

2 Class as defined in paragraph 3.1 herein.

3       1.15. "Settlement Fund" shall mean those monies representing the consideration to be

4 paid by VN pursuant to paragraph 11.1 of this Agreement and any interest or earnings relating to

5 such consideration as provided for herein.

6 **2.**    **Cooperation and Effectuation of this Agreement**

7       Plaintiffs and VN shall use all reasonable efforts to effectuate this Agreement, including

8 cooperating in Plaintiffs' efforts to obtain the Court's approval of procedures (including the

9 giving of class notice under Rules 23(c) and 23(e) of the Federal Rules of Civil Procedure) and to

10 secure certification of the Settlement Class for settlement purposes only and the prompt,

11 complete, and final dismissal with prejudice of the Actions as to VN. At least 5 court days prior

12 to the filing of any motions or other papers in connection with the Settlement, including without

13 limitation, the motions for preliminary approval of the Settlement (as contemplated in paragraph

14 4.1 of this Agreement) and for final approval of the Settlement (as contemplated in paragraph 7.1

15 of this Agreement), Plaintiffs will send these papers to VN.

16 **3.**    **Class Certification**

17       In connection with Plaintiffs' motion for preliminary approval of the Settlement,

18 pursuant to paragraph 4.1 herein, Plaintiffs shall seek certification of the following Settlement

19 Class:

20       <u>Settlement Class:</u> All persons and entities that purchased passenger air transportation that

21       included at least one flight segment between the United States and Asia or Oceania from

22       Defendants or their co-conspirators, or any predecessor, subsidiary or affiliate thereof, at

23       any time between January 1, 2000 and the Effective Date. Excluded from the class are

24       purchases of passenger air transportation between the United States and the Republic of

25       South Korea purchased from Korean Air Lines, Ltd. and/or Asiana Airlines, Inc. Also

26       excluded from the class are governmental entities, Defendants, former defendants in the

27

28 AMENDED SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

\\083517/000003 - 1055724 v3

1      Actions, any parent, subsidiary or affiliate thereof, and Defendants' officers, directors,

2      employees and immediate families.

3  **4.**    **Motion for Preliminary Approval**

4      4.1.   Plaintiffs, with the cooperation of VN, shall file with the Court a motion

5  requesting entry of a Preliminary Approval Order, *inter alia*:

6          (a)    preliminarily approving the Settlement;

7          (b)    scheduling a hearing (the "Fairness Hearing") to consider (i) whether the

8      Settlement should be approved as fair, reasonable, and adequate to Settlement

9      Class Members, and whether the Judgment should be entered dismissing the

10     claims of Plaintiffs and all Settlement Class Members on the merits and with

11     prejudice; and (ii) whether to approve any application by Settlement Class Counsel

12     for an award of attorneys' fees and payment of costs and expenses;

13         (c)    certifying the Settlement Class for settlement purposes only, and finding

14     that each element for certification of the Settlement Class pursuant to Rule 23 of

15     the Federal Rules of Civil Procedure is met;

16         (d)    approving the Parties' proposed methods for giving notice of the

17     Settlement and the Fairness Hearing to Settlement Class Members;

18         (e)    approving the Parties' proposed forms of notice;

19         (f)    setting the date by which any Settlement Class Member who seeks

20     exclusion from a Settlement Class must submit a Request for Exclusion, which

21     shall, subject to the Court's approval, be a date no earlier than forty-five (45) days

22     after notice is given to Settlement Class Members, and no later than fourteen (14)

23     days prior to the Fairness Hearing;

24         (g)    setting the date by which any Settlement Class Member may serve written

25     objections to the Settlement or to any application by Settlement Class Counsel for

26

27

28  AMENDED SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

\\083517/000003 - 1055724 v3

1     attorneys' fees and expenses, which shall, subject to the Court's approval, be

2     fourteen (14) days prior to the Fairness Hearing; and

3          (h)     enjoining initiation, commencement, or prosecution of any action or claim

4          that is subject to the release and dismissal contemplated by this Settlement, by any

5          Releasing Party.

6     4.2.    Plaintiffs shall seek, and VN shall support, certification solely for purposes of this

7     Settlement of the Settlement Class as defined herein, and appointment of Settlement Class

8     Counsel as lead counsel for purposes of this Settlement Agreement.

9     **5.     Notice to Settlement Class Members**

10    5.1.    In accordance with the requirements of Federal Rule of Civil Procedure 23 and

11    due process, individual notice shall be given to Settlement Class Members for whom VN

12    currently has email or physical addresses, such Settlement Class Members having been

13    determined by the Parties to be those whom the Parties can identify with reasonable effort, in

14    accordance with Federal Rule of Civil Procedure 23 and to the extent not prohibited by law.  In

15    addition, in order to provide notice of the settlement to those Settlement Class Members who do

16    not receive individual notice pursuant to paragraph 5.1 herein, notice shall be given by

17    publication in such manner and scope as is reasonable, and consistent with the requirements of

18    Federal Rule of Civil Procedure 23.  Plaintiffs shall develop, with the cooperation of VN, the

19    details of the publication notice program.  Plaintiffs shall submit an agreed publication notice

20    program to the Court or, in the absence of agreement upon the publication notice program,

21    Plaintiffs shall submit their proposed publication notice program to the Court and VN shall

22    submit any objections within 10 days thereafter.

23    5.2.    If any other settlement class is certified by the Court in these Actions, the parties

24    to this Settlement Agreement agree that the notice program to be implemented pursuant to this

25    Settlement Agreement may be combined with notice of such other settlement class(es) as may be

26    certified by the Court.

27

28    AMENDED SETTLEMENT AGREEMENT BETWEEN
      PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR
      7
      \\083517/000003 - 1055724 v3

1      5.3.    The costs and expenses associated with providing notice of the settlement to

2    members of the Settlement Class pursuant to the Court-approved notification plan shall be paid

3    from the Settlement Fund, and VN shall have no further obligation to pay for the costs and

4    expenses of providing notice of the Settlement to members of the Settlement Class. In the event

5    that the settlement is not approved, VN shall not be entitled to any sums spent or owing for

6    purposes of the notice program as approved by the Court.

7    **6.     Requests for Exclusion**

8      6.1.    Any Person that wishes to seek exclusion from the Settlement Class must timely

9    submit a written request for exclusion as provided in this paragraph (a "Request for Exclusion").

10   Any Person who timely submits a Request for Exclusion shall be excluded from the Settlement

11   Class, shall have no rights with respect to this Settlement Agreement, and shall receive no

12   benefits as provided in this Settlement Agreement.  A Request for Exclusion must be in writing

13   and state the name, address, and telephone number of the Person(s) seeking exclusion.  A Request

14   for Exclusion must be mailed to Settlement Class Counsel at the address provided in the notices

15   to Settlement Class Members and postmarked (or mailed by overnight delivery) no later than

16   fourteen (14) days prior to the date set for the Fairness Hearing or any other date set by the Court.

17     6.2.    Settlement Class Counsel shall forward a list of all Requests for Exclusion to VN's

18   counsel within three (3) business days of the expiration of the time for requesting exclusion from

19   the Class.

20   **7.     Fairness Hearing**

21     7.1.    At the Fairness Hearing, Plaintiffs shall seek entry of a Judgment *inter alia*:

22              (a)     finally approving the Settlement and its terms as being fair, reasonable, and

23                      adequate, within the meaning of Rule 23 of the Federal Rules of Civil Procedure,

24                      and directing its consummation according to its terms;

25              (b)     determining that the notices to Settlement Class Members constituted,

26                      under the circumstances, the best practicable notice of this Settlement Agreement

27

28   AMENDED SETTLEMENT AGREEMENT BETWEEN
     PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

\\083517/000003 - 1055724 v3

1     and the Fairness Hearing, and constituted due and sufficient notice for all other

2     purposes to all Persons entitled to receive notice;

3     (c)    directing that, as to VN, the Actions be dismissed with prejudice and,

4     except as provided for in this Settlement Agreement, without costs;

5     (d)    permanently barring and enjoining the institution, commencement, or

6     prosecution, by any of the Releasing Parties, of any action asserting any Released

7     Claim against any Released Party, in any local, state, federal, or other court of any

8     nation, or in any agency or other authority or arbitral or other forum wherever

9     located;

10    (e)    providing that any Settlement Class Member who fails to object in the

11    manner prescribed in the Settlement Agreement shall be deemed to have waived

12    any objections to the settlement and the Settlement Agreement and will forever be

13    barred from making any such objections to the Settlement or the Settlement

14    Agreement;

15    (f)    retaining exclusive jurisdiction over the settlement and this Settlement

16    Agreement, including the administration and consummation of the settlement; and

17    (g)    determining under Federal Rule of Civil Procedure 54(b) that there is no

18    just reason for delay and directing that the judgment of dismissal as to VN shall be

19    final and entered forthwith.

20    7.2.    Any Settlement Class Member who has not requested exclusion from the

21   Settlement Class and who objects to the Settlement may appear at the Fairness Hearing in person

22   or through counsel, at their own expense, to present any evidence or argument with respect to the

23   settlement, to the extent permitted by the Court.  Written objections must be filed with the Court

24   no later than fourteen (14) days prior to the date set for the Fairness Hearing, and mailed to

25   Settlement Class Counsel and VN's counsel, postmarked no later than fourteen (14) days prior to

26   the date of the Fairness Hearing.  Any Settlement Class Member who fails to object in the manner

27

1  prescribed herein shall be deemed to have waived any objections to the Settlement and this
2  Settlement Agreement and will forever be barred from making any such objections to the
3  Settlement or this Settlement Agreement.

4  **8.     Effective Date of Agreement**

5      This Settlement Agreement shall become final and effective on the earliest date on which
6  all of the following events and conditions have occurred or have been met (the "Effective Date"):

7      (a)    the Court has entered the Judgment, following notice to the Settlement Class and
8      the Fairness Hearing, approving this Settlement Agreement under Rule 23(e) of the
9      Federal Rules of Civil Procedure and dismissing the Actions against VN with prejudice as
10     to all Settlement Class Members, and without costs except as specified herein; and

11     (b)    the time for appeal or to seek permission to appeal from the Judgment has expired
12     or, if appealed, approval of this Settlement Agreement and the Judgment has been
13     affirmed in its entirety by the court of last resort to which such appeal has been taken and
14     such affirmance has become no longer subject to further appeal or review.  It is agreed
15     that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All
16     Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated
17     times.

18  **9.     Release and Covenant not to Sue**

19     9.1.    Upon the Effective Date, and in consideration of the good and valuable
20  consideration set forth in this Settlement Agreement, the sufficiency and receipt of which is
21  hereby acknowledged, each of the Releasing Parties shall be deemed to have, and by operation of
22  the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all
23  Released Claims against the Released Parties, shall have covenanted not to sue any of the
24  Released Parties with respect to any such Released Claims, and shall be permanently barred and
25  enjoined from instituting, commencing, prosecuting or asserting any such Released Claim against
26  any of the Released Parties.

27

28

9.2.    With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and, upon the Effective Date, each of the Releasing Parties shall be deemed to have waived, and by operation of the Judgment shall have waived, the provisions, rights, and benefits of California Civil Code Section 1542 and South Dakota Codified Laws Section 20-7-11 (to the extent either or both of them apply to the Actions), each of which provides that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor," and of any similar provision, statute, regulation, rule, or principle of law or equity of any other state or territory of the United States or any other applicable jurisdiction. Plaintiffs and Releasing Parties expressly acknowledge that they may hereafter discover facts in addition to or different from those that any of them or their counsel now knows or believes to be true with respect the subject matter of the Released Claims or otherwise, but upon the Effective Date each Plaintiff shall expressly have, and, upon the Effective Date, each Releasing Party shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery of existence of such different or additional facts. Plaintiffs acknowledge, and the Releasing Parties shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

9.3.    Upon the Effective Date, and as part of the Judgment, VN will waive any claim for indemnity or contribution, however denominated, against any of the Defendants in the Actions

1  other than VN, arising out of or related to the claims or allegations asserted by Plaintiffs in the

2  Actions, whether arising under state, federal, or foreign law as claims, cross-claims,

3  counterclaims, or third-party claims, and whether asserted in the Actions, in this Court, in any

4  federal or state court, or in any other court, arbitration proceeding, administrative agency, or other

5  forum in the United States, or elsewhere, and all such claims shall be deemed extinguished,

6  discharged, satisfied and unenforceable.

7  **10.    Reservation of Settlement Class Members' Rights**

8          All rights of any Settlement Class Member against any co-conspirator or any other

9  Person other than the Released Parties are specifically reserved by Plaintiffs and the Settlement

10  Class Members.  Sales of passenger air transportation by VN shall to the extent permitted and/or

11  authorized by U.S. law, remain in the case against any other future defendants in the Actions as a

12  potential basis for damage claims and shall be part of any joint and several liability claims against

13  future defendants in the Actions or other persons or entities other than the Released Parties, to the

14  extent permitted and/or authorized by U.S. law.

15

16

17

18

19

20

21

22

23

24

25

26

27

28  AMENDED SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

12

\\083517/000003 - 1055724 v3

1   11.    Settlement Consideration

2        11.1.   The total monetary amount payable by VN (comprising payment to the class, costs

3   of class notice and administration, and attorneys' fees and costs) in settlement of all claims

4   relating to the Actions, whether purchased in the United States or outside the United States, is

5   U.S.D. $735,000.00.  Within sixty (60) calendar days after the execution of this Agreement, VN

6   will deposit the sum identified in paragraph 11.1 into an escrow account (the "Escrow Account")

7   established by Plaintiffs.  The deposited sum shall be held in the Escrow Account until there is an

8   order from the District Court concerning distribution or use of the sum identified in paragraph

9   11.1.  The Escrow Account will be established at a bank located within the Northern District of

10  California, with such Bank serving as escrow agent ("Escrow Agent") subject to escrow

11  instructions mutually acceptable to Settlement Class Counsel and VN, such escrow to be

12  administered under the Court's continuing supervision and control.

13       11.2.   The Escrow Agent shall cause the funds deposited in the Escrow Account to be

14  invested in instruments backed by the full faith and credit of the United States Government or

15  fully insured by the United States Government or an agency thereof, or money market funds

16  invested substantially in such instruments, and shall reinvest any income from these instruments

17  and the proceeds of these instruments as they mature in similar instruments at their then-current

18  market rates.

19       11.3.   All funds held in the Escrow Account shall be deemed and considered to be in

20  custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such

21  time as such funds shall be distributed pursuant to this Settlement Agreement and/or further

22  order(s) of the Court.

23       11.4.   Plaintiffs and VN intend for the Settlement Fund to be treated as being at all times

24  a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, the

25  Escrow Agent shall timely make such elections as necessary or advisable to carry out the

26  provisions of paragraph 11.6, including the "relation-back election" (as defined in Treas. Reg.

27

28  AMENDED SETTLEMENT AGREEMENT BETWEEN
    PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR
    13
    \\083517/000003 - 1055724 v3

1.468B-I) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

11.5.   For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(1)). Such returns (as well as the election described in paragraph 11. 4) shall be consistent with paragraph 11. 6 and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in paragraph 11.8 hereof.

11.6.   All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon VN or any other Released Party with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of paragraphs 11. 6 through 11. 8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in paragraph 11.7 ("Tax Expenses")), shall be paid out of the Settlement Fund.

11.7.   Neither VN nor any other Released Party nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid, subject to Court approval, by the Escrow Agent out of the Settlement Fund. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to

AMENDED SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

14

\\083517/000003 - 1055724 v3

1   withhold from distribution to any claimants authorized by the Court any funds necessary to pay

2   such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses

3   (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2 (1)(2)).

4   Neither VN nor any other Released Party is responsible nor shall they have any liability therefor.

5   Plaintiff and VN agree to cooperate with the Escrow Agent, each other, and their tax attorneys

6   and accountants to the extent reasonably necessary to carry out the provisions of paragraphs 11.3

7   through 11.10.

8       11.8.   If this Agreement does not receive final Court approval, or if the Actions are not

9   certified as a class action for settlement purposes, or if this Agreement is terminated or voided for

10  any reason, then all amounts paid by VN into the Settlement Fund (other than costs that may

11  already have reasonably been incurred or expended in accordance with paragraphs 5.3 and 11)

12  shall be returned to VN from the Escrow Account by the Escrow Agent, along with any interest

13  accrued thereon, within ten (10) business days after such order becomes final and non-appealable

14      11.9.   Following final approval of this Agreement by the Court, Class Counsel may use,

15  subject to prior approval of the Court, up to $500,000 of the Settlement Fund for expenses

16  incurred for prosecution of the Action on behalf of the Class against non settling defendants.

17      11.10.  If, after all costs (including notice costs), attorneys' fees, and any other expenses

18  have been paid from the Settlement Fund, there are any remaining funds, they shall be distributed

19  pro-rata to the Settlement Class, or in Settlement Class Counsel's reasonable judgment, be made

20  the subject of an application to the Court by Plaintiffs for *cy pres* distribution in accordance with

21  governing standards in the Ninth Circuit.

22  **12.   Administration of the Settlement**

23      The costs and expenses of administration of the settlement pursuant to the terms of this

24  Settlement Agreement shall be paid out of the Settlement Fund.  The Claims Administrator(s)

25  shall, on a monthly basis, submit invoices, with appropriate supporting documentation, to

26  Settlement Class Counsel for payment from the Escrow Account.  To the extent practicable, the

27

28  AMENDED SETTLEMENT AGREEMENT BETWEEN
    PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

    \\083517/000003 - 1055724 v3

1   administration of this Settlement shall be coordinated with the administration of other aspects of

2   these Actions, including, but not limited to, any other settlement(s) entered into between Plaintiffs

3   and any other settling defendant(s) and/or the administration of any recovery obtained on behalf

4   of the class by summary judgment or trial.

5   **13.     Withdrawal From or Modification of the Settlement**

6          If the Court declines to approve this Settlement Agreement or any material part hereof, or

7   if such approval is materially modified or set aside on appeal, or if the Court does not enter the

8   Judgment, or if the Court enters the Judgment and appellate review is sought and, on such review,

9   such Judgment is not affirmed or is materially modified, then VN and Plaintiffs shall each, in

10  their respective sole discretion, have the option to rescind this Settlement Agreement in its

11  entirety.  If for any reason (including a party's exercise of a valid right to rescind this Settlement

12  Agreement), the Settlement Agreement does not receive final Court approval, then the

13  certification of the Settlement Class shall become null and void without further Court action, and

14  shall not be used or referred to for any further purpose in the Action or in any other action or

15  proceeding, and shall not prejudice any party in arguing for or against contested class certification

16  in this Action or in any other proceeding.

17

18

19

20  **14.     Cooperation**

21         14.1.    VN agrees to perform the following acts following execution of this Agreement:

22         (a) VN will search for and produce relevant documents, following the application of a set

23             of search terms to be agreed upon by Settlement Class Counsel and counsel for

24             Vietnam, from the files of up to five (5) current VN employees, to be agreed upon by

25             Settlement Class Counsel and counsel for VN.  VN shall also respond in good faith to

26

27

28  AMENDED SETTLEMENT AGREEMENT BETWEEN
    PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR
                                              16
    \\083517/000003 - 1055724 v3

1        questions posed by Settlement Class Counsel concerning the transactional data

2        previously produced by VN.

3    (b) Providing assistance reasonably necessary to establish the admissibility of all

4        documents it has produced, including, as reasonably necessary, producing at trial in

5        person, by deposition or by affidavit, whichever is legally required, representatives to

6        testify as to the genuineness, status as business records, and authenticity of documents.

7    (c) Making available no more than two (2) employees as declarant(s) and/or deponents

8        with knowledge of the factual matters asserted by any Defendant(s) seeking summary

9        disposition of these Actions before trial and with the ability to authenticate documents

10       relevant to the motion(s) for summary disposition. This paragraph is not intended to

11       create any obligation on the part of VN if VN lacks knowledge concerning the factual

12       basis of the Defendants' motion(s).

13    (d) Making VN's lead counsel available for up to a total of three (3) meetings for

14       reasonable consultation, including but not limited to consultation regarding the

15       involvement of other airlines in the alleged conspiracy, the interpretation of

16       documents, and about the airline industry in general. A meeting for the purposes of

17       this paragraph shall last no longer than four hours.

18    (e) Making available, upon reasonable notice and at mutually agreed dates and locations,

19       for interview at a location or locations of VN's choice up to five (5) current and/or

20       former VN's employee witnesses, to be agreed upon by Settlement Class Counsel and

21       counsel for VN, to provide information about Plaintiffs' substantive allegations, it

22       being understood that as to any former employee VN's obligation under this clause is

23       to use reasonable efforts to make such former employee available. Upon request of

24       the witness, Plaintiffs shall provide a translator for interviews at Plaintiffs' expense. A

25       meeting for the purposes of this paragraph shall last no longer than four hours. In the

26       event that Plaintiffs believe more time is necessary for any interview conducted

27

28  AMENDED SETTLEMENT AGREEMENT BETWEEN
      PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

\\083517/000003 - 1055724 v3

1     pursuant to this paragraph, they may request additional time from VN and VN shall

2     consider such request in good faith.

3     (f) Providing assistance reasonably necessary to notify the class of this Settlement

4     Agreement and the fairness hearing contemplated in Paragraph 7, above.

5     14.2.   All documents and information provided pursuant to paragraph 14.1 shall be

6     confidential and shall be used only in connection with the Actions and only as provided under

7     the terms of the Protective Order.  The confidentiality requirements of this paragraph shall

8     continue to bind Plaintiffs and Settlement Class counsel even in the event that the Settlement

9     Agreement is terminated or rescinded, rejected by the Court, or otherwise fails to take or remain

10    in effect.

11    14.3.  The cooperation set forth in paragraph 14.1 shall constitute the exclusive means by

12    which Plaintiffs and Settlement Class counsel may obtain discovery from VN or its current or

13    former officers, directors, or employees, whether under the Federal Rules of Civil Procedure or

14    the laws or rules of any other jurisdiction.

15    **15.    No Admissions**

16    15.1.    The Parties intend the Settlement as described herein to be a final and complete

17    resolution of all disputes between them with respect to the Actions and to compromise claims

18    that are contested, and it shall not be deemed an admission by any party as to the merits of any

19    claim or defense or any allegation made in the Actions.

20    15.2.    The Parties acknowledge that VN is entering into this Settlement to eliminate the

21    burden and expense of protracted litigation.  Neither the Settlement nor this Settlement

22    Agreement, nor any act performed or document executed pursuant to or in furtherance of the

23    Settlement or this Settlement Agreement is or may be deemed to be or may be used as an

24    admission of, or evidence of, VN's conduct having violated the laws of any state, country, or

25    other jurisdiction or of having caused any harm to any Person.  Neither the Settlement nor this

26    Settlement Agreement, nor any act performed or document executed pursuant to or in

27

28    AMENDED SETTLEMENT AGREEMENT BETWEEN
      PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR
      18
      \\083517/000003 - 1055724 v3

1  furtherance of the Settlement or this Settlement Agreement, shall be admissible in any

2  proceeding for any purpose, except to consummate or enforce the terms of the Settlement, and

3  except that the Released Parties may file this Settlement Agreement or the Judgment in any

4  action for any purpose, including, but not limited to, in support of a defense or counterclaim

5  based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment

6  bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or

7  counterclaim.

8  **16.    Settlement Class Counsel's Attorneys' Fees and Expenses**

9       16.1.   The procedure for, and the allowance or disallowance by the Court of, any

10  application by Settlement Class Counsel for attorneys' fees and expenses are not part of the

11  Settlement, and are to be considered by the Court separately from the Court's consideration of the

12  fairness, reasonableness and adequacy of the Settlement. Any order or proceeding relating to any

13  application for, or approval of, attorneys' fees and expenses, the pendency of any such

14  application, or any appeal or review of an order relating thereto or reversal or modification

15  thereof, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the

16  finality of the Judgment. VN agrees that Settlement Class Counsel may withdraw from the

17  Settlement Fund any amount awarded by the Court for attorneys' fees and costs five days

18  following the Court's award, subject to an appropriate financial undertaking required by the Court

19  in the event of an appeal of the Court's award of attorneys' fees and expenses.

20       16.2.   VN shall have no responsibility for, and no liability whatsoever with respect to, the

21  division of attorneys' fees and expenses among Settlement Class Counsel, and any negotiation or

22  dispute among Settlement Class Counsel in that regard shall not operate to terminate or cancel

23  this Settlement Agreement, or affect or delay the finality of the Judgment.

24       16.3.   Except as otherwise provided herein, Plaintiffs and VN shall each be responsible

25  for bearing their own costs and fees incurred in this Action.

26

27

28  AMENDED SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR
19
\\083517/000003 - 1055724 v3

17. **Miscellaneous Provisions**

17.1.   VN expressly represents that it has obtained all required approvals from its management for this Settlement Agreement.

17.2.   This Settlement Agreement shall constitute the entire agreement between the Parties pertaining to the Settlement of the Actions against VN and supersedes any and all prior and contemporaneous undertakings of the Parties in connection therewith. The terms of the Settlement Agreement are and shall be binding upon each of the Parties hereto, their heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto through any of the parties hereto including any Settlement Class Members.

17.3.   This Settlement Agreement may be modified or amended only by a writing executed by Plaintiffs and VN, subject (if after preliminary or final approval by any court) to approval by the Court. Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

17.4.   None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafters hereof.

17.5.   Plaintiffs and VN acknowledge that they have been represented by counsel, and have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so. Therefore, Plaintiffs and VN and their respective counsel agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake. Moreover, Plaintiffs and VN and their respective counsel understand, agree, and expressly assume the risk that any fact may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree

1    that the Settlement Agreement shall be effective in all respects and shall not be subject to

2    termination, modification, or rescission by reason of any such difference in facts.

3        17.6.   All terms of this Settlement Agreement shall be governed by and interpreted

4    according to the substantive laws of the State of California, without regard to its choice of law or

5    conflicts of laws principles.

6        17.7.   VN, Plaintiffs and all Settlement Class Members hereby irrevocably submit to the

7    exclusive jurisdiction of the United States District Court for the Northern District of California

8    for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement

9    or the applicability of this Settlement Agreement, including, without limitation, any suit, action,

10    proceeding or dispute relating to the release provisions herein.

11       17.8.   This Settlement Agreement may be executed in counterparts.  Facsimile or pdf

12    signatures shall be considered as valid signatures for purposes of execution of this Settlement

13    Agreement, but original signature pages shall thereafter be collated for filing of this Settlement

14    Agreement with the Court.

15       17.9.   Each of the undersigned attorneys represents that he or she is fully authorized to

16    enter into the terms and conditions of, and execute, this Settlement Agreement, subject to Court

17    approval, and the undersigned Settlement Class Counsel represent that they are authorized to

18    execute this Settlement Agreement on behalf of Plaintiffs and the proposed Settlement Class.

19       IN WITNESS HEREOF, the Parties hereto through their fully authorized representatives

20    have agreed to this Settlement Agreement as of the date first written above.

21    Dated: 4|15 , 2014

22

23

24

25

26

27

28    AMENDED SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

21

\\083537/000003 - 1055724 v3

1  By: _____
   Christopher L. Lebsock
2  **Hausfeld LLP**
   44 Montgomery Street
3  San Francisco, CA 94111
   (415) 633-1908 (telephone)
4  (415) 358-4980 (facsimile)

5
   *Co-Counsel for Plaintiffs and Settlement*
6  *Class Counsel*

7

8  By: _____
   Steven N. Williams
9
10 **Cotchett, Pitre & McCarthy, LLP**
   San Francisco Airport Office Center
11 840 Malcolm Road, Suite 200
   Burlingame, CA 94010
12 (650) 697-6000 (telephone)
   (650) 697-0577 (facsimile)
13
   *Co-Counsel for Plaintiffs and Settlement*
14 *Class Counsel*

By: _____
Robert B. Hawk
Hogans Lovell LLP
525 University Avenue
Palo Alto, CA 94301

650-463-4000 (telephone)
650-463-4199 (facsimile)

*Counsel for Vietnam Airlines Company Limited*

15
16
17
18
19
20
21
22
23
24
25
26
27
28  AMENDED SETTLEMENT AGREEMENT BETWEEN
    PLAINTIFFS AND VIETNAM AIRLINES COMPANY LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR
    22

\\083517/000003 - 1055724 v3