# EXHIBIT 4

1  Joseph W. Cotchett (36324; jcotchett@cpmlegal.com)
   Steven N. Williams (175489;swilliams@cpmlegal.com)
2  Adam J. Zapala (245748; azapala@cpmlegal.com)
   Joanna W. LiCalsi (288771;jlicalsi@cpmlegal.com)
3  **COTCHETT, PITRE & McCARTHY, LLP**
   San Francisco Airport Office Center
4  840 Malcolm Road, Suite 200
   Burlingame, CA 94010
5  Telephone: 650-697-6000
   Facsimile: 650-697-0577
6
   Michael P. Lehmann (77152;mlehmann@hausfeldllp.com)
7  Christopher L. Lebsock (184546; clebsock@hausfeldllp.com)
   **HAUSFELD LLP**
8  44 Montgomery Street, Suite 3400
   San Francisco CA  94104
9  Tel: (415) 633-1908
   Fax: (415) 358-4980
10
   Michael D. Hausfeld (mhausfeld@hausfeldllp.com)
11 **HAUSFELD LLP**
   1700 k Street, N.W., Suite 650
12 Washington, D.C. 20006
   Tel: (202) 540-7200
13 Fax: (202) 540-7201
14 *Interim Co-Lead Counsel for Plaintiffs*
15                **UNITED STATES DISTRICT COURT**
              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
16                    **SAN FRANCISCO DIVISION**
17
18 | **IN RE TRANSPACIFIC PASSENGER** | **Civil Case No. 3:07-cv-05634-CRB-DMR** |
   | **AIR TRANSPORTATION ANTITRUST** | |
   | **LITIGATION** | **MDL No. 1913** |
19 | | |
   | | **Honorable Charles R. Breyer** |
20 | **This Document Relates to:** | |
   | | **SETTLEMENT AGREEMENT BETWEEN** |
21 | **All Actions** | **PLAINTIFFS AND THAI AIRWAYS** |
   | | **INTERNATIONAL PUBLIC CO., LTD.** |
22
23
24
25
26
27
28
---
SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND THAI AIRWAYS INTERNATIONAL
PUBLIC CO., LTD.; CASE NO. 3:07-cv-05634 CRB-DMR

July 9, 2014

1    This Settlement Agreement (the "Settlement Agreement"), dated ~~December ___, 2013~~ (the

2    "Settlement Agreement Execution Date"), is made and entered into by and among defendant Thai

3    Airways International Public Co., Ltd. ("THAI AIRWAYS") and Meor Adlin, Franklin Ajaye,

4    Andrew Barton, Rachel Diller, Scott Frederick, David Kuo, Dickson Leung, Brendan Maloof,

5    Donald Wortman, Harley Oda, Roy Onomura, Shinsuke Kobayashi, Donald Patricia Lee, Nancy

6    Kajiyama, Della Ewing Chow, and James Kawaguchi (collectively, "Plaintiffs"), both

7    individually and as representatives of a class of similarly situated persons who purchased air

8    passenger transportation to or from the United States from THAI AIRWAYS or any of the other

9    defendants ("Defendants") in the Action, as defined herein, in the MDL class action In re

10   Transpacific Passenger Air Transportation Antitrust Litigation, 07-cv-5634-CRB, MDL No.

11   1913, currently pending before the Honorable Charles R. Breyer in the United States District

12   Court for the Northern District of California, San Francisco Division.

13       WHEREAS, Plaintiffs have filed a complaint alleging, among other things, that THAI

14   AIRWAYS participated in an unlawful conspiracy or conspiracies to restrain trade, pursuant to

15   which THAI AIRWAYS and other Defendants agreed to fix, raise, maintain, and/or stabilize

16   prices for air passenger travel, including associated surcharges, for international passenger air

17   transportation involving at least one flight segment between the United States and

18   Asia/Oceania;

19       WHEREAS, THAI AIRWAYS denies Plaintiffs' allegations and has asserted a

20   number of defenses to Plaintiffs' Claims;

21       WHEREAS, Settlement Class Counsel have concluded, after an investigation into the

22   facts and the law, and after carefully considering the circumstances of claims made by Plaintiffs

23   and the Class, and the possible legal and factual defenses thereto, that it is in the best interests of

24   Plaintiffs and the Settlement Class to enter into this Settlement Agreement with THAI

25   AIRWAYS to avoid the uncertainties and risks of litigation, and that the Settlement set forth

26   herein is fair, reasonable, adequate and in the best interests of the Settlement Class;

27

28

SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND THAI AIRWAYS INTERNATIONAL
PUBLIC CO., LTD.; CASE NO. 3:07-cv-05634 CRB-DMR                                                    1

1    WHEREAS, THAI AIRWAYS, despite its belief that it has good defenses with respect to

2  the Claims alleged, has nevertheless agreed to enter into this Settlement Agreement to avoid the

3  expense, inconvenience, and the distraction of potentially burdensome and protracted litigation;

4    WHEREAS, Plaintiffs and THAI AIRWAYS agree that neither this Settlement

5  Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be

6  an admission by or evidence against THAI AIRWAYS or any of its alleged co-conspirators or

7  evidence of the truth of any of Plaintiffs' allegations; and

8    WHEREAS, Settlement Class Counsel and THAI AIRWAYS have engaged in arm's-

9  length settlement negotiations and have reached this Settlement Agreement, which, subject to

10  approval of the Court, embodies all of the terms and conditions of the Settlement between

11  Plaintiffs and THAI AIRWAYS.

12    NOW, THEREFORE, in consideration of the promises, mutual promises, covenants,

13  agreements and releases set forth herein and for other good and valuable consideration, and

14  incorporating the above recitals herein, it is agreed by the undersigned, on behalf of THAI

15  AIRWAYS, Plaintiffs, and the Settlement Class, that the Claims of Plaintiffs and the Settlement

16  Class that have been or could be asserted in the Action be settled, compromised and dismissed on

17  the merits and with prejudice as to THAI AIRWAYS and, except as hereinafter provided, without

18  costs as to Plaintiffs, the Settlement Class or THAI AIRWAYS, subject to the approval of the

19  Court, on the following terms and conditions:

20  **1.    Definitions**

21    1.1.    "Action" means the class action captioned In re Transpacific Passenger Air

22  Transportation Antitrust Litigation, 07-cv-5634-CRB, MDL No. 1913 (N.D. Cal.), currently

23  pending before the Honorable Charles R. Breyer in the United States District Court for the

24  Northern District of California, San Francisco Division, and all actions relating to the claims

25  alleged in "Plaintiffs' First Amended Consolidated Class Action Complaint" filed in that

26  litigation that were originally filed in the United States District Court for the Northern District of

27  California, those that have been or are subsequently filed in or transferred for consolidation

28

1  and/or coordination pretrial proceedings to the Northern District of California by the Judicial

2  Panel on Multidistrict Litigation as part of MDL No. 1913, all actions pending such transfer

3  (including but not limited to "tag-along" actions), and all actions that may be transferred in the

4  future, or are otherwise based on the conduct alleged in the above-captioned litigation.

5        1.2.   "Claims" shall mean any and all actions, suits, claims, rights, demands,

6  assertions, allegations, causes of action, controversies, proceedings, losses, damages, injuries,

7  attorneys' fees, costs, expenses, debts, liabilities, judgments, or remedies, whether equitable or

8  legal, concerning the pricing of one-way and round-trip passenger air transportation between

9  the United States and Asia/Oceania.

10        1.3.   "Court" means the United States District Court for the Northern District of

11  California.

12        1.4.   "Defendants" means any party named as a defendant in Plaintiffs' First

13  Amended Consolidated Class Action Complaint in the Action, including Air New Zealand, All

14  Nippon Airways Company, Limited, Cathay Pacific Airways Limited, China Airlines Limited,

15  Continental Airlines, Inc., EVA Airways Corporation, Japan Airlines International Company,

16  Ltd. ("JAL"), Malaysian Airline System Berhad, Philippine Airlines, Inc., Qantas Airways

17  Limited, Singapore Airlines Limited, THAI AIRWAYS, and Vietnam Airlines, or named

18  thereafter as a defendant in the Action up to and including the Preliminary Approval Date, and

19  also including Air France, KLM Royal Dutch Airlines, and Scandinavian Airlines System.

20        1.5.   "Document" is defined to be synonymous in meaning and equal in scope to the

21  usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure.  A draft or nonidentical

22  copy is a separate document within the meaning of this term.

23        1.6.   "Effective Date" means the earliest date on which all of the events and

24  conditions specified in Paragraph 8 herein have occurred or have been met.

25        1.7.   "Escrow Account" means the Agreement Among Citibank, N.A. as "Escrow

26  Agent", Cotchett, Pitre & McCarthy, LLP & Hausfeld LLP as "Settlement Class Counsel", and

27

28

1  Japan Airlines Co., Ltd. as "Settling Defendant," account number 25D078455768, as

2  subsequently amended on September 3, 2013.

3      1.8.    "Judgment" means a final order of judgment by the Court dismissing the Action

4  as to any Released Party and approving the Settlement Agreement under Rule 23(e) of the

5  Federal Rules of Civil Procedure, as described in Paragraph 7.1 herein.

6      1.9.    "Opt-Out Percentage" means the dollar amount of Opt-Out Sales as defined in

7  Paragraph 1.11 divided by THAI AIRWAYS' total revenue from purchases of passenger air

8  travel between the United States and Asia made in the United States during the Class Period if

9  such data is reasonably available or during some other period as agreed by the Parties.

10     1.10.   "Opt-Out Plaintiff" means a person, otherwise qualifying as a member of the

11  Settlement Class that has validly elected to be excluded from the Settlement Class pursuant to

12  Paragraph 6.1 herein.

13     1.11.   "Opt-Out Sales" means the dollar amount of purchases of passenger air travel

14  between the United States and Asia by Opt-Out Plaintiffs during the Class Period if such data is

15  reasonably available or some other period as agreed by the Parties.

16     1.12.   "Parties" means Plaintiffs, Settlement Class Members, and THAI AIRWAYS.

17     1.13.   "Person" means an individual or an entity.

18     1.14.   "Plaintiffs" means Meor Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller,

19  Scott Frederick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman, Harley Oda,

20  Roy Onomura, Shinsuke Kobayashi, Donald Patricia Lee, Nancy Kajiyama, Della Ewing Chow,

21  and James Kawaguchi.

22     1.15.   "Preliminary Approval Order" means an order preliminarily approving the

23  settlement, to be rendered by the Court.

24     1.16.   "Released Claims" means any and all claims, demands, actions, suits, and causes of

25  action, damages, and liabilities of any nature, including without limitation claims for costs,

26  expenses, penalties, and attorneys' fees, whether class, individual or otherwise, that the Releasing

27  Parties, or any of them, ever had, now has, or hereafter can, shall, or may have, directly,

28

SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND THAI AIRWAYS INTERNATIONAL
PUBLIC CO., LTD.; CASE NO. 3:07-cv-05634 CRB-DMR                                           4

1   representatively, derivatively, or in any other capacity, against the Released Parties or any of them,

2   which arise under any antitrust, unfair competition, unfair practices, price discrimination, unitary

3   pricing, trade practice, consumer protection, unjust enrichment, or civil conspiracy law, whether

4   such claims are based on federal, state, local, statutory, or common law, or any other law, code,

5   rule, or regulation of any country or other jurisdiction worldwide, regardless of legal theory,

6   regardless of the type or amount of damages claimed, whether such claims are known or unknown,

7   suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent,

8   liquidated or unliquidated, regardless of legal theory, and regardless of the type or amount of relief

9   or damages claimed, or claims that have been, could have been, or in the future might have, in law

10   or in equity, on account of, arising out of, resulting from, or in any way related to any conduct

11   regardless of where it occurred at any time prior to the Effective Date, concerning the pricing of

12   one-way and round-trip passenger air transportation between the United States and Asia/Oceania

13   (but only to the extent such transportation originated in the United States), including, without

14   limitation, pricing of fares or fuel or insurance surcharges or any other element of, component of,

15   or surcharge upon such pricing, or claims brought or that could have been brought based in whole

16   or in part on the facts, occurrences, transactions or other matters that were alleged or could have

17   been alleged in the First Amended Consolidated Class Action Complaint in the above-captioned

18   matter or otherwise the subject of that litigation, or in the complaints in the Action.

19       1.17.   "Released Parties" means, jointly and severally, individually and collectively:

20   THAI AIRWAYS, its present and former parents, subsidiaries, divisions, affiliates, and

21   departments, its respective past and present officers, directors, employees, agents, attorneys,

22   servants, representatives of each of the aforesaid entities, and the predecessors, successors, heirs,

23   executors, administrators, and assigns of each of the foregoing. As used in this definition,

24   "affiliates" means entities controlling, controlled by or under common control with any of the

25   Released Parties.

26       1.18.   "Releasing Parties" means, jointly and severally, and individually and

27

28

---

1  collectively: Plaintiffs and all Class Members who do not exclude themselves from the Settlement

2  Class in the manner directed by the Court in its Preliminary Approval Order, their predecessors,

3  successors, present and former parents, subsidiaries, divisions, affiliates, and departments, each of

4  their respective past and present officers, directors, employees, agents, attorneys, servants, and

5  representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of

6  each of the foregoing.  As used in this definition, "affiliates" means entities controlling,

7  controlled by or under common control with any of the Releasing Parties.

8      1.19.   "Settlement Amount" means nine million seven hundred thousand dollars

9  ($9,700,000.00) in United States currency.

10      1.20.   "Settlement Class Counsel" means the law firms of Cotchett Pitre & McCarthy,

11  LLP, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, CA 94010 and

12  Hausfeld, LLP, 44 Montgomery Street, San Francisco, CA, 94104 and 1700 K Street, Suite 650,

13  Washington, DC 20006.

14      1.21.   "Settlement Class Member" means each member of the Settlement Class as

15  defined in Paragraph 3 herein, who does not timely and validly elect to be excluded from the

16  Settlement Class.

17      1.22.   "Settlement Fund" shall mean those monies representing the consideration to be

18  paid by THAI AIRWAYS in settlement of the Action pursuant to Paragraph 11.1 of this

19  Settlement Agreement and income earned on those amounts.

20  **2.      Cooperation and Effectuation of this Settlement Agreement**

21      Plaintiffs and THAI AIRWAYS shall use all reasonable efforts to effectuate this

22  Settlement Agreement, including cooperating in Plaintiffs' efforts to obtain the Court's approval

23  of procedures (including the giving of class notice under Rules 23(c) and 23(e) of the Federal

24  Rules of Civil Procedure), and to secure certification of the Settlement Class for settlement

25  purposes only and the prompt, complete, and final dismissal with prejudice of the Action as to

26  THAI AIRWAYS. Prior to the filing of any motions or other papers in connection with the

27  Settlement, including without limitation, the motions for preliminary approval of the Settlement

28

1  (as contemplated in Paragraph 4.1 of this Settlement Agreement) and for final approval of the

2  Settlement (as contemplated in Paragraph 7.1 of this Settlement Agreement), Plaintiffs will send

3  these papers to THAI AIRWAYS.

4  **3.    Class Certification**

5         The parties to this Settlement Agreement hereby stipulate for purposes of this settlement

6  only that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are

7  satisfied, and, subject to Court approval, the following class shall be certified for settlement

8  purposes as to THAI AIRWAYS:

9         <u>Settlement Class:</u> All persons and entities that purchased passenger air transportation that

10        included at least one flight segment between the United States and Asia or Oceania from

11        Defendants, or any predecessor, subsidiary or affiliate thereof, at any time between

12        January 1, 2000 and the Effective Date. Excluded from the class are governmental

13        entities, Defendants, former Defendants in the Action, any parent, subsidiary or affiliate

14        thereof, and Defendants' officers, directors, employees and immediate families.

15 **4.    Motion for Preliminary Approval**

16        4.1.    Promptly after the Execution Date of this Settlement Agreement, Plaintiffs, with

17 the cooperation of THAI AIRWAYS, shall file with the Court a motion requesting entry of a

18 Preliminary Approval Order, *inter alia*:

19        (a)    finding the settlement proposed in the Settlement Agreement has been

20        negotiated at arm's length, and preliminarily approving the settlement as fair,

21        reasonable, and adequate, and in the best interests of the Settlement Class;

22        scheduling a hearing to consider (i) whether the proposed settlement should be

23        approved as fair, reasonable, and adequate to Settlement Class Members, and

24        whether the Judgment should be entered dismissing the claims of Plaintiffs and all

25        Settlement Class Members against THAI AIRWAYS on the merits and with

26        prejudice; and (ii) whether to approve any application by Settlement Class Counsel

27

28

for an award of attorneys' fees and payment of costs and expenses (the "Fairness Hearing");

(b)     certifying the Settlement Class for settlement purposes only, designating Class representatives and Settlement Class counsel as defined herein, and finding that each element for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure is met, on the condition that the certification and designations shall be automatically vacated in the event the Settlement Agreement is terminated pursuant to its terms or is not approved by the Court of any appellate court;

(c)     approving the Parties' proposed methods and forms for giving notice of the Settlement and the Fairness Hearing to Settlement Class Members, and finding the Class Notice meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practical under the circumstances for settlement purposes;

(d)     setting the date by which any Settlement Class Member who seeks exclusion from a Settlement Class must submit a Request for Exclusion, which shall, subject to the Court's approval, be a date no earlier than forty-five (45) days after notice is given to Settlement Class Members, and no later than thirty-five (35) days prior to the Fairness Hearing;

(e)     setting the date by which any Settlement Class Member may serve written objections to the Settlement or to any application by Settlement Class Counsel for attorneys' fees and expenses, which shall, subject to the Court's approval, be thirty-five (35) days prior to the Fairness Hearing; and

(f)     enjoining initiation, commencement, or prosecution of any action or proceeding asserting any Claims released in Paragraph 9 by any Releasing Party.

4.2.     Plaintiffs shall seek, and THAI AIRWAYS shall support, certification solely for purposes of this Settlement of the Settlement Class as defined herein, and appointment of Settlement Class Counsel as lead counsel for purposes of this Settlement Agreement.

**5.     Notice to Settlement Class Members**

5.1.     After preliminary approval of this Settlement Agreement and submission to the Court and approval of a program to provide notice to the Class in accordance with the requirements of Federal Rule of Civil Procedure 23 and due process, individual notice shall be given to those Settlement Class Members whom the Parties can identify with reasonable effort, including those identified as persons for whom THAI AIRWAYS has current email or physical addresses, in accordance with Federal Rule of Civil Procedure 23 and to the extent not prohibited by law. Settlement Class Counsel shall provide those Settlement Class Members identified with notice of the settlement and the date of the Fairness Hearing in a manner to be approved by the Court.

5.2.     Upon approval by the Court of a program to provide notice to the Class, in order to provide notice of the settlement to those Settlement Class Members who do not receive individual notice pursuant to Paragraph 5.1 herein, Settlement Class Counsel shall cause a summary notice of the settlement to be published in such manner and scope as is reasonable, and consistent with the requirements of Federal Rule of Civil Procedure 23. Plaintiffs shall develop, with the cooperation of THAI AIRWAYS and any other settling defendant, the details of the publication notice program. Plaintiffs shall submit a publication notice program, the text of which shall be provided to THAI AIRWAYS by Plaintiffs before submission to the Court. THAI AIRWAYS shall submit any objections to the proposed notice within 10 days after Settlement Class Counsel submits the notice to the Court.

5.3.     The parties to this Settlement Agreement agree that the notice program to be implemented pursuant to this Settlement Agreement may be combined with notice of such other settlement class(es) as may be certified by the Court. The parties to this Settlement Agreement agree that to the extent that any notice program approved by the Court differs from any

1  description of the program to give notice to the class described in this Settlement Agreement, the

2  orders of the Court shall govern and no variation between such Court order and the terms of this

3  Settlement Agreement shall be deemed a breach of this Settlement Agreement, nor give rise to

4  any right of any party to void or withdraw from this Settlement Agreement.

5     5.4. The costs and expenses associated with providing notice of the settlement to

6  members of the Settlement Class pursuant to the Court-approved notification plan shall be paid

7  from the Settlement Fund, and THAI AIRWAYS shall have no obligation to pay for the costs

8  and expenses of providing notice of the settlement to members of the Settlement Class. THAI

9  AIRWAYS agrees that Settlement Class Counsel may withdraw funds as necessary from the

10  Settlement Fund for the purpose of providing notice to the class of the settlement as described

11  herein. In the event that the settlement is not approved, THAI AIRWAYS shall not be entitled to

12  any sums spent or owing for purposes of the notice program as approved by the Court.

13  **6. Requests for Exclusion**

14     6.1. Any Person that wishes to seek exclusion from the Settlement Class must timely

15  submit a written request for exclusion as provided in this Paragraph (a "Request for Exclusion").

16  Any Person who timely submits a Request for Exclusion shall be excluded from the Settlement

17  Class, shall have no rights with respect to this Settlement Agreement, and shall receive no

18  benefits as provided in this Settlement Agreement. A Request for Exclusion must be in writing

19  and state the name, address, and telephone number of the Person(s) seeking exclusion. Each

20  request must also contain a signed statement that "I/we hereby request that I/we be excluded

21  from the proposed Settlement Class in the *In re Transpacific Passenger Air Transportation*

22  *Antitrust Litigation*." Settlement Class Counsel and THAI AIRWAYS' counsel shall jointly

23  request that the deadline for submitting exclusions from this Action be set thirty-five (35) days

24  prior to the Fairness Hearing. A Request for Exclusion that does not include all of the foregoing

25  information, that does not contain a proper signature, that is sent to an address other than the

26  one designated in the Class Notice, or that is not sent within the time specified, shall be invalid,

27  and the Person(s) serving such an invalid request shall be Settlement Class members and shall

28

be bound by this Settlement Agreement, if approved. Any Person that has properly excluded

itself from the Settlement Class shall be permitted to apply to the Court for good cause shown to

re-enter the Settlement Class, with the same rights and obligations under this Settlement

Agreement as the Settlement Class Members.

6.2.     Settlement Class Counsel shall promptly forward copies of all Requests for

Exclusions, as they are received, to THAI AIRWAYS' counsel. Settlement Class Counsel shall

also forward a list of all Requests for Exclusion to THAI AIRWAYS's counsel no later than

thirty (30) days prior to the Fairness Hearing.

**7.     Fairness Hearing**

7.1.     At the Fairness Hearing, Plaintiffs shall seek entry of a Judgment, the text of

which shall be agreed upon by Plaintiffs and THAI AIRWAYS before submission to the

Court, *inter alia*:

   (a)     approving the Settlement Agreement and its terms as being fair, reasonable,

   and adequate as to the Settlement Class, within the meaning of Rule 23 of the

   Federal Rules of Civil Procedure, and directing its consummation according to its

   terms;

   (b)     determining that the notices to Settlement Class Members constituted, under the

   circumstances, the best practicable notice of this Settlement Agreement and the Fairness

   Hearing, and constituted due and sufficient notice for all other purposes to all Persons

   entitled to receive notice;

   (c)     dismissing the Action with prejudice as the Released Parties, except as provided for

   in this Settlement Agreement, without costs;

   (d)     permanently barring and enjoining the institution, commencement, or prosecution,

   by any of the Releasing Parties, of any action asserting any Released Claim against any

   Released Party, in any local, state, federal, or other court of any nation, or in any agency

   or other authority or arbitral or other forum wherever located;

(e)     providing that any Settlement Class Member who fails to object in the manner prescribed in the Settlement Agreement shall be deemed to have waived any objections to the settlement and the Settlement Agreement and will forever be barred from making any such objections to the Settlement or the Settlement Agreement;

(f)     requiring Settlement Class Counsel to file with the Clerk of the Court a record of potential members of the Settlement Class who timely and validly exclude themselves from the Settlement Class, and to provide a copy of the record to counsel for THAI AIRWAYS;

(g)     retaining exclusive jurisdiction over the settlement and this Settlement Agreement, including the administration and consummation of the settlement; and

(h)     determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to THAI AIRWAYS shall be final and entered forthwith.

7.2. Any Person who has not requested exclusion from the Settlement Class and who objects to the settlement may appear, at that Person's own expense, at the Fairness Hearing in person or through counsel, to present any evidence or argument with respect to the settlement, to the extent permitted by the Court. However, no such Person shall be heard, and no papers, briefs, pleadings, or other documents shall be received and considered by the Court unless such Person properly submits a written objection that includes (a) notice of intention to appear, (b) proof of membership in the Settlement Class, and (c) the specific grounds for the objection and any reasons why such Person desires to appear and be heard, as well as all documents or writings that such Person desires the Court to consider. Such a written objection must be both filed with the Court no later than thirty-five (35) days prior to the date set for the Fairness Hearing, and mailed to Settlement Class Counsel and THAI AIRWAYS's counsel at the addresses provided in the notices to the Settlement Class, postmarked (or mailed by overnight delivery) no later than thirty-five (35) days prior to the date of the Fairness Hearing. Any Person who fails to object in the manner prescribed herein shall be deemed to have waived any

1  objections to the settlement and this Settlement Agreement and will forever be barred from

2  making any such objections to the settlement or this Settlement Agreement in the Action or in

3  any other action or proceeding, unless otherwise permitted for good cause shown as determined

4  by the Court.

5  **8.      Effective Date of Agreement**

6              This Settlement Agreement shall become final and effective on the earliest date on which

7  all of the following events and conditions have occurred or have been met (the "Effective

8  Date"): (a) the Court has entered a Judgment, following notice to the Settlement Class and the

9  Fairness Hearing, approving this Settlement Agreement under Rule 23(e) of the Federal Rules of

10  Civil Procedure and dismissing the Action as against any Released Party who is named as a

11  Defendant in the Action with prejudice as to all Settlement Class Members, and without costs

12  except as specified herein; and (b) the time for appeal or to seek permission to appeal from the

13  Court's approval of the Settlement Agreement and entry of the Judgment (as described in

14  subpart (a)) has expired or, if appealed, approval of this Settlement Agreement and the Judgment

15  has been affirmed in its entirety by the court of last resort to which such appeal has been taken

16  and such affirmance has become no longer subject to further appeal or review. Neither the

17  provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C.

18  § 1651, shall be taken into account in determining the above-stated times.

19  **9.      Release and Covenant not to Sue**

20              9.1.     Upon the occurrence of the Effective Date, and in consideration of the payment by

21  THAI AIRWAYS of the Settlement Amount set forth in Paragraph 11.1 herein, the sufficiency

22  and receipt of which is hereby acknowledged, each of the Releasing Parties shall be deemed to

23  have, and by operation of the Judgment shall have, fully, finally, and forever released,

24  relinquished, and discharged all Released Claims against the Released Parties, shall have

25  covenanted not to sue or otherwise seek to establish liability against any of the Released Parties

26  based, in whole or in part, upon any of the Released Claims, and shall be permanently barred and

27

28

1    enjoined from instituting, commencing, prosecuting or asserting any such Released Claim

2    against any of the Released Parties.

3           9.2.    With respect to any and all Released Claims, the Parties stipulate and agree that,

4    upon the Effective Date, Plaintiffs shall expressly waive, and, upon the Effective Date, each of the

5    Releasing Parties shall be deemed to have waived, and by operation of the Judgment shall have

6    waived, the provisions, rights, and benefits of California Civil Code Section 1542 and South

7    Dakota Codified Laws Section 20-7-11 (to the extent either or both of them apply to the Action),

8    each of which provides that "[a] general release does not extend to claims which the creditor does

9    not know or suspect to exist in his favor at the time of executing the release, which if known by

10   him must have materially affected his settlement with the debtor," and of any similar provision,

11   statute, regulation, rule, or principle of law or equity of any other state or territory of the United

12   States or any other applicable jurisdiction. Releasing Parties expressly acknowledge that they may

13   hereafter discover facts in addition to or different from those facts that any of them or their

14   counsel now knows or believes to be true with respect to the subject matter of the Settlement

15   Agreement, but upon the Effective Date each Plaintiff shall expressly have, and, upon the

16   Effective Date, each Releasing Party shall be deemed to have, and by operation of the Judgment

17   shall have, fully, finally, and forever settled and released any and all Released Claims, known or

18   unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or

19   hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing

20   or coming into existence in the future, including, but not limited to, conduct that is negligent,

21   reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard

22   to the subsequent discovery of existence of such different or additional facts. Plaintiffs

23   acknowledge, and the Releasing Parties shall be deemed to have acknowledged, and by operation

24   of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained

25   for and a key element of the settlement of which this release is a part.

26

27

28

9.3.    Upon the occurrence of the Effective Date, and as part of the Judgment, THAI AIRWAYS will waive any claim for indemnity or contribution, however denominated, against any of the Defendants in the Action other than THAI AIRWAYS, arising out of or related to the claims or allegations asserted by Plaintiffs in the Action, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, and whether asserted in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, or elsewhere, and all such claims shall be deemed extinguished, discharged, satisfied and unenforceable.

**10.    Reservation of Settlement Class Members' Rights**

All rights of any Settlement Class Member against any Person other than the Released Parties are specifically reserved by Plaintiffs and the Settlement Class Members. The sales of passenger air transportation by THAI AIRWAYS shall, to the extent permitted and/or authorized by U.S. law, remain in the case against any other future Defendants in the Action as a potential basis for damage claims and shall be part of any joint and several liability claims against future Defendants in the Action or other persons or entities other than Released Parties.

**11.    Settlement Consideration**

11.1.    The total monetary amount payable by THAI AIRWAYS (comprising class damages, costs of class notice and administration, and attorneys' fees and costs) in settlement of all claims relating to the Action, whether purchased in the United States or outside the United States, is nine million seven hundred thousand dollars and no cents ($9,700,000.00) in U.S. currency (the "Settlement Amount"). Within twenty (20) business days after the Execution Date, THAI AIRWAYS will deposit the sum of four million eight hundred and fifty thousand dollars ($4,850,000) into the Escrow Account established by Plaintiffs. On or before August 31, 2014, THAI AIRWAYS will deposit the additional sum of four million eight hundred and fifty thousand dollars ($4,850,000) into the Escrow Account. The deposited sums shall be held in the Escrow Account until there is an order from the District Court concerning distribution or use of the Settlement Amount. The Escrow Account Agent shall be subject to escrow instructions

1    mutually acceptable to Settlement Class Counsel and THAI AIRWAYS, such escrow to be

2    administered under the Court's continuing supervision and control.

3         11.2.   The Escrow Agent shall cause the funds deposited in the Escrow Account to be

4    invested in instruments backed by the full faith and credit of the United States Government or

5    fully insured by the United States Government or an agency thereof, or money market funds

6    invested substantially in such instruments, and shall reinvest any income from these

7    instruments and the proceeds of these instruments as they mature in similar instruments at their

8    then-current market rates.

9         11.3.   All funds held in the Escrow Account shall be deemed and considered to be in

10   *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until

11   such time as such funds shall be distributed pursuant to this Settlement Agreement and/or

12   further order(s) of the Court.

13        11.4.   Plaintiffs and THAI AIRWAYS intend for the Settlement Fund to be treated as

14   being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In

15   addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out

16   the provisions of Paragraph 11.6, including the "relation-back election" (as defined in Treas. Reg.

17   § 1.468B1) so as to enable the Settlement Fund to be treated as a "qualified settlement fund" from

18   the earliest date possible. Such elections shall be made in compliance with the procedures and

19   requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to

20   timely and properly prepare and deliver the necessary documentation for signature by all

21   necessary parties, and thereafter to cause the appropriate filing to occur.

22        11.5.   For the purpose of § 468B of the Internal Revenue Code of 1986, as amended,

23   and the regulations promulgated thereunder the "administrator" shall be the Escrow Agent. The

24   Escrow Agent shall timely and properly file all informational and other tax returns necessary or

25   advisable with respect to the Settlement Fund (including without limitation the returns described

26   in Treas. Reg. § 1.468B-2(k)(1)). Such returns (as well as the elections described in Paragraph

27   11.4) shall be consistent with Paragraph 11.7.

28

11.6.    All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon THAI AIRWAYS or any other Released Party with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 11.6 through 11.9 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in Paragraph 11.5 ("Tax Expenses")), shall be paid out of the Settlement Fund.

11.7. Neither THAI AIRWAYS nor any other Released Party nor their respective counsel shall have any liability or responsibility, including filing responsibility, for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid, subject to Court approval, by the Escrow Agent out of the Settlement Fund. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes or Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2 (1l)(2)). Neither THAI AIRWAYS nor any other Released Party is responsible nor shall they have any liability therefor. Plaintiffs and THAI AIRWAYS agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 11.2 through 11.10. THAI AIRWAYS makes no representation to Plaintiffs regarding the appropriate tax treatment of the Settlement Fund, income earned on the Settlement Fund, or any distribution taken from the Settlement Fund.

11.8.    If this Settlement Agreement does not receive final Court approval, or if the Action is not certified as a class action for settlement purposes, or if this Settlement

Agreement is terminated or voided for any reason, then all amounts paid by THAI AIRWAYS into the Settlement Fund (other than costs that may already have reasonably been incurred or expended in accordance with Paragraphs 5.4 and 11) shall be promptly returned to THAI AIRWAYS from the Escrow Account by the Escrow Agent along with any interest accrued thereon.

11.9.   THAI AIRWAYS shall not be liable for any costs, fees, or expenses of any of Plaintiffs' respective attorneys, experts, advisors, agents, or representatives, but all such costs, fees, and expenses as provided for in Paragraphs 5.4 and 11 or otherwise approved by the Court may be paid out of the Settlement Fund.

11.10.   Following final approval of this Settlement Agreement by the Court, Settlement Class Counsel may use, subject to prior approval of the Court, up to five hundred thousand dollars ($500,000) of the Settlement Fund for expenses incurred for prosecution of the Action on behalf of the Settlement Class against non-settling Defendants.

11.11.   If, after all costs (including notice costs), attorneys' fees, and any other expenses have been paid from the Settlement Fund, there are any remaining funds, they shall be distributed pro-rata to the Settlement Class, or in Settlement Class Counsel's reasonable judgment, be made the subject of an application to the Court by Plaintiffs for *cy pres* distribution in accordance with governing standards in the Ninth Circuit.

**12.   Administration of the Settlement Fund**

12.1.   The costs and expenses of administration of the settlement pursuant to the terms of this Settlement Agreement shall be paid out of the Settlement Fund. The Claims Administrator(s) shall, on a monthly basis, submit invoices, with appropriate supporting documentation, to Settlement Class Counsel for payment from the Escrow Account. To the extent practicable, the administration of this Settlement shall be coordinated with the administration of other aspects of this Action, including, but not limited to, any other settlement(s) entered into between Plaintiffs and any other settling Defendant(s) and/or the administration of any recovery obtained on behalf of the class by summary judgment or trial.

12.2.   THAI AIRWAYS shall not have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such investment, distribution and administration, except as expressly otherwise provided in the Settlement Agreement.

**13.      Option to Rescind or Obtain Pro Rata Reduction**

13.1.   In the event that the Opt-Out Percentage exceeds five percent (5%), THAI AIRWAYS shall have the option to either rescind the Settlement Agreement or obtain a pro rata reduction of the settlement amount equal to the Opt-Out Percentage.

13.2.   Within twenty (20) business days of the delivery of the list described in Paragraph 6.2, THAI AIRWAYS shall provide to Settlement Class Counsel the total amount of Opt-Out Sales, the resulting Opt-Out Percentage, the Opt-Out Sales for each Opt-Out Plaintiff, and supporting data for Opt-Out Sales.

13.3.   THAI AIRWAYS shall have up to the second business day prior to the Settlement Fairness Hearing to give notice in writing to Settlement Class Counsel that they elect to exercise their option to terminate or obtain a pro rata reduction.

13.4.   If the Opt-Out Percentage exceeds five percent (5%) and THAI AIRWAYS chooses a pro rata reduction, within ten (10) business days of the determination of the Opt-Out Percentage, Plaintiffs and THAI AIRWAYS shall direct the Escrow Agent to return to THAI AIRWAYS funds equal to the pro rata reduction in the Settlement Amount (less the pro rata amount of any expenses incurred pursuant to paragraphs 5.2 and 11 corresponding to the amount of the pro rata reduction in the Settlement Amount) determined by multiplying the Settlement Amount by the Opt-Out Percentage (plus any net income attributable to the amount so calculated), from the Escrow Account.

**14.     Withdrawal From or Modification of the Settlement**

14.1.   If the Court declines to approve this Settlement Agreement or any material part hereof, or if such approval is materially modified or set aside on appeal, or if the Court does not enter the Judgment, or if the Court enters the Judgment and appellate review is sought and, on such review, such Judgment is not affirmed or is materially modified, then THAI AIRWAYS and Plaintiffs shall each, in their respective sole discretion, have the option to rescind this Settlement Agreement in its entirety.

14.2.   If THAI AIRWAYS or Plaintiffs choose to exercise the option to rescind pursuant to Paragraphs 13.1 or 14.1, any and all amounts then constituting the Settlement Fund (including all income earned thereon and excluding any reasonable expenses that have been paid or incurred associated with providing notice to the Settlement Class, administering the Settlement Fund, incurred or paid under paragraph 11.10 of this Settlement Agreement, and/or any Taxes already paid on such income), together with any amounts, including attorneys' fees, paid to Settlement Class Counsel pursuant to Paragraph 16 below (including all income earned thereon), shall be returned forthwith to THAI AIRWAYS. A modification or reversal on appeal of any amount of Settlement Class Counsel's fees and expenses awarded by the Court or any plan of allocation of the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or the Judgment.

14.3.   THAI AIRWAYS and Plaintiffs expressly reserve all of their rights if this Settlement Agreement does not become effective or if it is rescinded by Plaintiffs or THAI AIRWAYS pursuant to Paragraphs 13.1 or 14.1 of this Settlement Agreement. In addition, if for any reason (including a party's exercise of a valid right to rescind this Settlement Agreement), the Settlement Agreement does not receive final Court approval, then the certification of the Settlement Class shall become null and void without further Court action, and shall not be used or referred to for any further purpose in the Action or in any other action or proceeding, and shall not prejudice any party in arguing for or against contested class certification in these Actions or in any other proceeding. Further, this Agreement, whether or not it is finally approved and

1  whether or not THAI AIRWAYS or Plaintiffs elect to rescind it under Paragraphs 13.1 or 14.1 of

2  the Settlement Agreement, any and all negotiations, documents, and discussions associated with

3  it, shall not be deemed or construed to be an admission or evidence of any violation of any

4  statute or law, or of any liability or wrongdoing by THAI AIRWAYS or any Defendant, or of

5  the truth of any of the claims or allegations contained in Plaintiffs' First Amended

6  Consolidated Class Action Complaint or any other pleading filed by Plaintiffs in the Action, or

7  waiver or invalidity of any defense, and evidence thereof shall neither be discoverable nor

8  used directly or indirectly except in a proceeding to enforce or interpret the Settlement

9  Agreement.

10  **15.    Cooperation**

11       15.1.   THAI AIRWAYS agrees to perform the following acts following execution of

12  this Settlement Agreement:

13       (a)     searching for and producing relevant Documents from the files of up to three (3)

14       current or former THAI AIRWAYS employees, to be agreed upon by Settlement Class

15       Counsel and counsel for THAI AIRWAYS. THAI AIRWAYS shall also produce to

16       Plaintiffs transactional data, to the extent reasonably available or as otherwise agreed, for

17       one-way or roundtrip travel purchased in the United States for travel between the United

18       States and Asia/Oceania for the period from January 1, 2000 to August 6, 2009;

19       (b)     providing assistance reasonably necessary to establish the admissibility and

20       authenticity of all Documents, including transactional and cost data, that THAI AIRWAYS

21       (or any of its alleged co-conspirators, to the extent possible) has produced, including, as

22       reasonably necessary, producing at trial in person, by deposition or by affidavit or

23       declaration, whichever is legally required, representatives to testify as to the genuineness,

24       status as business records, and authenticity of documents; using reasonable efforts to

25       provide written declarations pursuant to Federal Rules of Evidence 902(11) and (12) with

26       respect to Documents produced by other settling Defendants for the purpose of

27

28

1    authenticating documents and establishing that they are business records within the

2    meaning of Federal Rule of Evidence 803(6).

3    (c)     meeting and conferring on making available no more than three (3) employees as

4    declarant(s) with knowledge concerning the factual matters asserted by any Defendant(s)

5    seeking summary judgment and with the ability to authenticate Documents relevant to the

6    motion(s) for summary judgment without creating any obligation on the part of THAI

7    AIRWAYS to do so if THAI AIRWAYS lacks knowledge concerning the factual basis of

8    the motion(s) for summary judgment;

9    (d)     making THAI AIRWAYS's lead counsel available for up to a total of three (3)

10   meetings for reasonable consultation, including, but not limited to, consultation regarding

11   the involvement of other airlines in the alleged conspiracy, the interpretation of

12   Documents, and the airline industry in general;

13   (e)     making available, upon reasonable notice and at mutually agreed dates and

14   locations, for interview and/or testimony (by deposition, declaration, or at trial) at

15   locations of THAI AIRWAYS's choice (except for testimony at hearings or trial, which

16   shall occur at the United States Courthouse of the United States District Court for the

17   Northern District of California), up to three (3) current and/or former THAI AIRWAYS

18   employee witnesses, to be agreed upon by Settlement Class Counsel and counsel for

19   THAI AIRWAYS, to provide information about Plaintiffs' substantive allegations. Upon

20   request of the witness, Plaintiffs shall provide an interpreter for interviews, depositions

21   and/or trial testimony at Plaintiffs' expense. An interview or deposition for purposes of

22   this Paragraph shall last no longer than seven hours (or nine hours for an interview or

23   deposition for which interpretation is necessary), including reasonable breaks and, subject

24   to reasonable limitations, may occur on more than one (1) day, but not more than two (2)

25   days; and

26

27

28

1
2
3

     (f)     providing assistance reasonably necessary to notify the class of this Settlement Agreement, as discussed in Paragraph 5, and the Fairness Hearing, as discussed in Paragraph 7.

4
5
6

     15.2.   Plaintiffs acknowledge that THAI AIRWAYS has no ability to compel former employees to cooperate. THAI AIRWAYS will make reasonable efforts to secure the cooperation of former employees where applicable.

7
8
9
10
11
12
13
14
15
16
17
18
19
20

     15.3.   In connection with its provision of information, testimony, and Documents under this Settlement Agreement, THAI AIRWAYS shall have the right to assert the attorney-client privilege, attorney work-product protection, joint defense or any other protection, privilege, or immunity available under United States law. All Documents, testimony, and information provided pursuant to Paragraph 15.1 shall be designated as "Confidential" or "Highly Confidential", at THAI AIRWAYS' discretion, in accordance with the Stipulation and Protective Order entered in this Action, and shall be used only in connection with the Action and only as provided under the terms of the Protective Order. The Documents, testimony and information described in Paragraph 15.1 may not be used to prosecute any claim against the Released Parties unless this agreement is rejected by the Court, terminated, rescinded or fails to take effect for any reason. The confidentiality requirements of this paragraph shall survive in the event that the Settlement Agreement is rejected by the Court, terminated, rescinded, or otherwise unable to take or remain in effect and shall continue to enjoy the fullest protections offered by the Protective Order.

21
22
23
24
25

     15.4.   If any Document protected by the attorney-client privilege, attorney, work-product protection, joint defense, or any other protection, privilege, or immunity is accidentally or inadvertently produced, the Document shall promptly be returned to THAI AIRWAYS, and its production shall in no way be construed to have waived any privilege or protection attached to such Document.

26
27
28

     15.5.   The cooperation set forth in Paragraph 15.1 shall constitute the exclusive means by which Plaintiffs and Settlement Class Counsel may obtain discovery from the Released

Parties whether under the Federal Rules of Civil Procedure or the laws or rules of any other jurisdiction unless this agreement is rejected by the Court, terminated, rescinded or fails to take effect for any reason.

**16.     No Representation of or Provision of Assistance to Opt-Out Plaintiffs**

16.1. Settlement Class Counsel agrees not to represent, assist, or compensate anyone else to represent or assist any Opt-Out Plaintiff in prosecuting any claims (including Released Claims) against THAI AIRWAYS by drafting any motions, pleadings, briefs, discovery requests or responses, opening or closing statements, or trial or witness outlines, or by preparing any witnesses for examination or cross-examination, in any action (or mock action) arising out of or related to the acts, events or statements referenced in the Amended Complaint. Settlement Class Counsel further agrees not to share any work product relating to the Agreement or any documents obtained pursuant to Paragraph 15 with an Opt-Out Plaintiff or its counsel except as may be required as a result of any discovery request or order of the Court.

**17.     No Admissions**

17.1.   The Parties intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Action and to compromise claims that are contested, and it shall not be deemed an admission by any party as to the merits of any claim or defense or any allegation made in the Action.

17.2.   The Parties acknowledge that THAI AIRWAYS is entering into this Settlement to eliminate the inconvenience, and the distraction of potentially burdensome and protracted litigation. Neither the Settlement nor this Settlement Agreement, nor any negotiations or act performed or document executed pursuant to or in furtherance of the Settlement or this Settlement Agreement is or may be deemed to be or may be used as an admission of, or evidence of, THAI AIRWAYS's conduct having violated the laws of any state, country, or other jurisdiction or of having caused any harm to any Person. Neither the settlement nor this Settlement Agreement, nor any act performed or document executed

1  pursuant to or in furtherance of the Settlement or this Settlement Agreement, shall be

2  admissible in any proceeding for any purpose, except to consummate or enforce the terms of

3  the Settlement, and except that the Released Parties may file this Settlement Agreement or

4  the Judgment in any action for any purpose, including, but not limited to, in support of a

5  defense or counterclaim based on principles of res judicata, collateral estoppel, release, good

6  faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue

7  preclusion or similar defense or counterclaim.

8  **18.    Settlement Class Counsel's Attorneys' Fees and Expenses**

9       18.1.    The procedure for, and the allowance or disallowance by the Court of, any

10  application by Settlement Class Counsel for attorneys' fees and expenses are not part of the

11  Settlement Agreement, and are to be considered by the Court separately from the Court's

12  consideration of the fairness, reasonableness and adequacy of the settlement. Any order or

13  proceeding relating to any application for, or approval of, attorneys' fees and expenses, the

14  pendency of any such application, or any appeal or review of an order relating thereto or reversal

15  or modification thereof, shall not operate to terminate or cancel this Settlement Agreement, or

16  affect or delay the finality of the Judgment. THAI AIRWAYS agrees that Settlement Class

17  Counsel may withdraw from the Settlement Fund any amount awarded by the Court for attorneys'

18  fees and costs five (5) days following the Court's award, subject to an appropriate financial

19  undertaking required by the Court in the event of an appeal of the Court's award of attorneys'

20  fees and expenses.

21       18.2.    THAI AIRWAYS shall have no responsibility for, and no liability whatsoever

22  with respect to, the division of attorneys' fees and expenses among Settlement Class Counsel,

23  and any negotiation or dispute among Settlement Class Counsel in that regard shall not

24  operate to terminate or cancel this Settlement Agreement, or affect or delay the finality of the

25  Judgment.

26       18.3.    Except as otherwise provided herein, Plaintiffs and THAI AIRWAYS shall

27  each be responsible for bearing their own costs and fees incurred in this Action.

28

**19.    Miscellaneous Provisions**

19.1.    THAI AIRWAYS expressly represents that it has obtained all required approvals from its management for this Settlement Agreement.

19.2.    This Settlement Agreement shall constitute the entire agreement between the Parties pertaining to the Settlement of the Action against THAI AIRWAYS and supersedes any and all prior and contemporaneous undertakings of the Parties in connection therewith. The terms of the Settlement Agreement are and shall be binding upon each of the Parties hereto, their heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto through any of the parties hereto including any Settlement Class Members.

19.3.    This Settlement Agreement may be modified or amended only by a writing executed by Plaintiffs and THAI AIRWAYS, subject (if after preliminary or final approval by any court) to approval by the Court. Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

19.4.    None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any its provisions hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafters of this Settlement Agreement.

19.5. This Agreement shall be construed and interpreted to effectuate the intent of the parties which is to provide, through this Settlement Agreement, for a complete resolution of the Released Claims with respect to the Released Parties.

19.6. Nothing expressed or implied in this Settlement Agreement is intended to or shall be construed to confer upon or give any person or entity other than Class Members, Releasing Parties, and Released Parties any right or remedy under or by reason of this Agreement.

19.7. This Agreement shall be binding upon, and inure to the benefit of, the Releasing Parties and the Released Parties.

19.8.   Plaintiffs and THAI AIRWAYS acknowledge that they have been represented by counsel, and have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so. Therefore, Plaintiffs and THAI AIRWAYS and their respective counsel agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake. Moreover, Plaintiffs and THAI AIRWAYS and their respective counsel understand, agree, and expressly assume the risk that any fact may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects and shall not be subject to termination, modification, or rescission by reason of any such difference in facts. If any provision of this Settlement Agreement is found by a court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, the remainder of this Settlement Agreement will not be affected, and, in lieu of each provision that is found illegal, invalid or unenforceable, a provision will be added as a part of this Settlement Agreement that is as similar to the illegal, invalid or unenforceable provision as may be legal, valid and enforceable.

19.9.   All terms of this Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of California, without regard to its choice of law or conflicts of laws principles.

19.10.  THAI AIRWAYS, Plaintiffs and all Settlement Class Members hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Northern District of California for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement, including, without limitation, any suit, action, proceeding or dispute relating to the release provisions herein.

19.11.  This Settlement Agreement may be executed in counterparts. Facsimile or Portable Document Format signatures shall be considered as valid signatures for purposes of execution of this Settlement Agreement, but original signature pages shall thereafter be collated for filing of this Settlement Agreement with the Court.

SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND THAI AIRWAYS INTERNATIONAL PUBLIC CO., LTD.; CASE NO. 3:07-cv-05634 CRB-DMR

19.12. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and execute, this Settlement Agreement, subject to Court approval, and the undersigned Settlement Class Counsel represent that they are authorized to execute this Settlement Agreement on behalf of Plaintiffs and the proposed Settlement Class.

IN WITNESS HEREOF, the Parties hereto through their fully authorized representatives have agreed to this Settlement Agreement as of the date first written above.

Dated: December 23, 2013

By: _____
Christopher L. Lebsock
**Hausfeld LLP**
44 Montgomery Street
San Francisco, CA 94111
(415) 633-1908 (telephone)
(415) 358-4980 (facsimile)

*Co-Counsel for Plaintiffs and Settlement Class Counsel*

By: _____
Rowan D. Wilson
**Cravath, Swaine & Moore, LLP**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
(212) 474-1000 (telephone)
(212) 474-3700 (facsimile)

*Counsel for Thai Airways International Public Co. Ltd.*

By:_____
Steven N. Williams
**Cotchett, Pitre & McCarthy, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
(650) 697-6000 (telephone)
(650) 697-0577 (facsimile)

*Co-Counsel for Plaintiffs and Settlement Class Counsel*