1  Joseph W. Cotchett (36324)
2  jcotchett@cpmlegal.com
   Pete N. McCloskey (024541)
3  pmccloskey@cpmlegal.com
   Steven N. Williams (175489)
4  swilliams@cpmlegal.com
5  **COTCHETT, PITRE & McCARTHY**
   San Francisco Airport Office Center
6  840 Malcolm Road, Suite 200
   Burlingame, CA 94010
7  Telephone: (650) 697-6000
   Facsimile: (650) 697-0577
8

9  Michael P. Lehmann (77152)                Michael D. Hausfeld
   mlehmann@hausfeldllp.com                  mhausfeld@hausfeldllp.com
10 Christopher Lebsock (184546)              Seth R. Gassman
   clebsock@hausfeldllp.com                  sgassman@hausfeldllp.com
11 **HAUSFELD LLP**                          **HAUSFELD LLP**
   44 Montgomery Street                      1700 K Street, Suite 650
12 San Francisco, CA 94111                   Washington, D.C. 20006
   Telephone: (415) 633-1908                 Telephone: (202) 540-7200
13 Facsimile: (415) 358-4980                 Facsimile: (202) 540-7201
14
   *Interim Co-Lead Counsel for Plaintiffs*
15
                    **UNITED STATES DISTRICT COURT**
16                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                         **SAN FRANCISCO DIVISION**
17

18 **IN RE TRANSPACIFIC PASSENGER**          ) Civil Case No. 3:07-cv-05634-CRB
   **AIR TRANSPORTATION ANTITRUST**          )
19 **LITIGATION**                            ) MDL No. 1913
                                             )
20 _____    ) **PLAINTIFFS' REPLY MEMORANDUM IN**
                                             ) **SUPPORT OF MOTION FOR**
21 This Document Relates to:                 ) **PRELIMINARY APPROVAL OF**
                                             ) **SETTLEMENTS WITH DEFENDANTS**
22 All Actions                               ) **JAPAN AIRLINES INTERNATIONAL**
                                             ) **COMPANY, LTD; SOCIETE AIR FRANCE;**
23                                           ) **VIETNAM AIRLINES COMPANY, LTD;**
                                             ) **THAI AIRWAYS INTERNATIONAL**
24                                           ) **PUBLIC COMPANY, LTD; AND**
                                             ) **MALAYSIAN AIRLINE SYSTEMS**
25                                           ) **BERHAD**
                                             )
26                                           ) Hearing Date:  Friday, August 8, 2014
                                             ) Judge:         Hon. Charles R. Breyer
27                                           ) Time:          10:00 a.m.
   _____    ) Courtroom:     6, 17th Floor
28

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................................ 1

II.    THE NON-SETTLING DEFENDANTS LACK STANDING TO OBJECT .................... 2

III.   THERE IS NO PRECEDENT FOR THE REQUESTED DELAY .................................... 4

IV.    DEFERRING PROVISIONAL CERTIFICATION IS INAPPROPRIATE....................... 5

V.     CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Agretti v. ANR Freight Sys., Inc.*,
 982 F.2d 242 (7th Cir. 1992) ............................................................................................. 2, 3

*Allen v. Dairy Farmers of Am., Inc.*,
 No. 5:09-cv-230, 2011 WL 1706778 (D. Vt. May 4, 2011) ............................................ 3, 5, 6

*Alumax Mill Prods., Inc. v. Congress Fin. Corp.*,
 912 F.2d 996 (8th Cir. 1990) ................................................................................................. 2

*Amchem Prods. v. Windsor*,
 521 U.S. 591 (1997) ............................................................................................................... 5

*Armco, Inc. v. N. Atl. Ins. Co.*,
 No. 98 Civ. 6084 (AGS), 1999 WL 173579 (S.D.N.Y. Mar. 29, 1999) ................................. 3

*Columbus Drywall & Insulation, Inc. v. Masco Corp.*,
 258 F.R.D. 545 (N.D. Ga. 2007) ................................................................................... 3, 8, 9

*Curiale v. Lenox Group, Inc.*,
 Civ. No. 07-1432, 2008 WL 4899474 (E.D. Pa. Nov. 14, 2008) ........................................... 4

*DuFour v. Be LLC*,
 291 F.R.D. 413 (N.D. Cal. 2013), *leave to appeal denied* (July 11, 2013) ............................ 5

*Eichenholtz v. Brennan*,
 52 F.3d 478 (3d Cir. 1995) .................................................................................................... 2

*Fraley* v. *Facebook, Inc.*,
 No. CV-11-01726 RS, 2012 WL 6013427 (N.D. Cal. Dec. 3, 2012) .................................... 7

*Gardner v. GC Servs., LP*,
 No. 10-CV-0997, 2011 WL 5244378 (S.D. Cal. Nov. 1, 2011) ............................................ 7

*Gates v. Rohm and Haas Co.*,
 248 F.R.D. 434 (E.D. Pa. 2008) ............................................................................................ 9

*Halliburton Co.* v. *Erica P. John Fund, Inc.*,
 134 S. Ct. 2398 (2014) .......................................................................................................... 5

*In re Asbestos Sch. Litig.*,
 No. 83-0268, 1986 WL 10105 (E.D. Pa. Sept. 15, 1986) ...................................................... 3

*In re Beef Indus. Antitrust Litig.*,
 607 F.2d 167 (5th Cir. 1979) .............................................................................................. 2, 4

*In re Delphi Corp. Sec. Derivative & ERISA Litig.*,
    248 F.R.D. 483 (E.D. Mich. 2008) .............................................................................................. 5

*In re First Commodity Corp. of Boston Customer Accounts Litig.*,
    119 F.R.D. 301 (D. Mass. 1987) .................................................................................................. 5

*In re High-Tech Employee Antitrust Litig.*,
    985 F. Supp. 2d 1167 (N.D. Cal. 2013) ....................................................................................... 5

*In re Hydrogen Peroxide Antitrust Litig.*,
    552 F.3d 305 (3d Cir. 2008)......................................................................................................... 5

*In re Integra Realty Res.*,
    262 F.3d 1089 (10th Cir. 2001).................................................................................................... 2

*In re Marine Hose Antitrust Litig.*,
    No. 08-MDL-1888, 2009 U.S. Dist. LEXIS 71020 (S.D. Fla. July 31, 2009).......................... 3

*In re Nissan Motor Corp. Antitrust Litig.*,
    552 F.2d 1088 (5th Cir. 1977)...................................................................................................... 3

*In Re Optical Disk Drive Antitrust Litig.*,
    No. 3:10-md-2143 (N.D. Ca. Mar. 21, 2013) ................................................................... 1, 4, 8

*In re Packaged Ice Antitrust Litig.*,
    No. 08-MD-01952, 2010 WL 3070161 (Aug. 2, 2010).................................................... 3, 4, 8

*In re Qwest Comms. Int'l, Inc. Securities Litig.*,
    No. 01-cv-01451-REB-CBS, 2006 U.S. Dist. LEXIS 71039 (D. Colo. Sept. 28, 2006).......... 9

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
    725 F.3d 244 (D.C. Cir. 2013) ..................................................................................................... 5

*In re School Asbestos Litig.*,
    921 F.2d 1330,1332-33 (3d Cir. 1990) ....................................................................................... 2

*In re Tableware Antitrust Litig.*,
    484 F. Supp. 2d 1078 (N.D. Cal. 2007) ...................................................................................... 6

*Morgan v. Walter*,
    758 F. Supp. 597 (D. Idaho 1991) .............................................................................................. 4

*Professional Liability Ins. Co. v. Pollack*,
    827 F. Supp. 736 (M.D. Fla. 1993) .............................................................................................4

*Smith v. Arthur Andersen LLP*,
    421 F.3d 989 (9th Cir. 2005)........................................................................................................ 2

*Stanger v. Mellon Bank, N. A.*,
    No. 88-73, 1989 WL 56402 (W.D. Pa. May 23, 1989)............................................................. 3

Case 3:07-cv-05634-CRB   Document 906   Filed 07/16/14   Page 5 of 16

*Tex. Indus., Inc. v. Radcliff Materials, Inc.*,
    451 U.S. 630 (1981) .................................................................................................... 4

*Vasquez* v. *Coast Valley Roofing, Inc.*,
    670 F. Supp. 2d 1114 (E.D. Cal. 2009) ...................................................................... 7

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011) ................................................................................................ 5

*Waller v. Fin.Corp. of Am.*,
    828 F.2d 579 (9th Cir. 1987) .............................................................................. 1, 2, 3, 4

*Zupnick v. Fogel*,
    989 F.2d 93 (2d Cir. 1993) .......................................................................................... 2

**OTHER AUTHORITIES**

Wright, Miller & Cooper, *Federal Practice & Procedure* § 1797.4 (3d ed. 2004) ........................ 2

## I.  INTRODUCTION

On June 25, 2014, Plaintiffs filed a motion for the preliminary approval of settlements they reached with Defendants Japan Airlines International Company, Ltd ("JAL"), Societe Air France ("Air France"), Vietnam Airlines Company, Ltd ("VN"), Thai Airways International Public Company, Ltd ("Thai Airways"), and Malaysian Airline System Berhad ("Malaysian Air") (collectively, "Settling Defendants"). Such early settlements are routinely approved and are encouraged before motion practice on whether to certify a litigation class, irrespective of whether additional defendants remain in the litigation. Six of the remaining Defendants nevertheless filed the sole opposition to Plaintiffs' motion (the "Non-Settling Defendants"),[1] requesting a *de facto* stay of both the approval of the settlements and certification of the settlement classes until the motion for class certification is fully briefed before the Court. Non-Settling Defendants' request should be denied. Indeed, their argument flatly contradicts well-established law, seeks to override the desires of Plaintiffs and the Settling Defendants to resolve claims, and would deny members of the putative classes the benefits of the settlements.

It is axiomatic that parties such as the Non-Settling Defendants here lack standing to object to settlement agreements to which they are neither a signatory nor an affected party. *See Waller v. Fin.Corp. of Am.*, 828 F.2d 579 (9th Cir. 1987); *see also In Re Optical Disk Drive Antitrust Litig.*, No. 3:10-md-2143 (N.D. Ca. Mar. 21, 2013) (Order Granting Motion for Preliminary Approval of Partial Settlement, Dkt. No. 793) ("*ODDs*"). As the Ninth Circuit recognized in *Waller*, Non-Settling Defendants' objection is contrary to the goal of encouraging settlement, and ignores the type of inquiry courts engage in with respect to a motion for preliminary approval of a proposed settlement in a class action. The Non-Settling Defendants do not even cite, much less analyze or distinguish, *Waller*, the controlling authority in the Ninth Circuit.

And while Non-Settling Defendants attempt to minimize the impact of their proposed

---

[1] The Non-Settling Defendants, for purposes of the opposition, appear to include Defendants Air New Zealand, All Nippon Airways Co., Ltd, Cathay Pacific Airways, China Airlines, EVA Airways Corporation, and Philippine Airlines, Inc.

1  postponement, the delay could be – indeed, is likely to be – many months under the existing
2  scheduling order. The extensive briefing and expert discovery that will coincide with Plaintiffs'
3  motion to certify a litigation class will not even commence until after the Court decides
4  Defendants' motions for summary judgment – motions for which briefing is not yet complete and
5  for which oral argument has yet to be scheduled. What Non-Settling Defendants seek here, then,
6  is not some *de minimis* extension of the schedule for preliminary approval, but a stay of
7  indeterminate length. Such an unprecedented delay should not be permitted, even assuming Non-
8  Settling Defendants had standing to bring their request to the Court, which they do not.

## II. THE NON-SETTLING DEFENDANTS LACK STANDING TO OBJECT

The non-settling defendants do not have standing to seek a stay of, obstruct, or otherwise object to, the proposed settlement. This is well-settled as a matter of law. *See* 7B Wright, Miller & Cooper, *Federal Practice & Procedure* § 1797.4 (3d ed. 2004) (courts typically will not consider objections by non-settling defendants, as they have no standing to object to a settlement). The Ninth Circuit in *Waller* has endorsed the position that "a non-settling defendant, in general, lacks standing to object to a partial settlement." 828 F.2d at 581-83. And other circuit courts have adopted a similar rule, citing *Waller. See, e.g.*, *In re Integra Realty Res.*, 262 F.3d 1089, 1102 (10th Cir. 2001); *Zupnick v. Fogel*, 989 F.2d 93, 98 (2d Cir. 1993); *Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 246-47 (7th Cir. 1992)*; In re School Asbestos Litig.*, 921 F.2d 1330,1332-33 (3d Cir. 1990); *Alumax Mill Prods., Inc. v. Congress Fin. Corp.*, 912 F.2d 996, 1001-02 (8th Cir. 1990).

The reasons for Non-Settling Defendants' lack of standing are straightforward. First, this "rule advances the policy of encouraging the voluntary settlement of lawsuits." *See Waller*, 828 F.2d at 581-83. And second, non-settling defendants normally cannot claim to be prejudiced by another defendant's settlement. *See, e.g.*, *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 998 (9th Cir. 2005) (general rule is that non-settling defendant lacks standing to object to settlement; the exception requires legal prejudice); *Eichenholtz v. Brennan*, 52 F.3d 478, 482 (3d Cir. 1995) (general rule is that non-settling defendants lack standing to challenge partial settlement because they are ordinarily not affected by such settlement); *In re Beef Indus. Antitrust Litig.*, 607 F.2d

1  167, 172-73 (5th Cir. 1979) (non-settling defendant not prejudiced by settlement has no standing
2  to object); *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1103 n.17 (5th Cir. 1977)
3  (non-settling defense counsel not permitted to attend approval hearing because "they were not
4  entitled to object to the merits of the proposed settlement"); *In re Packaged Ice Antitrust Litig.*,
5  No. 08-MD-01952, 2010 WL 3070161, at *4 (Aug. 2, 2010) ("In the case of a partial settlement,
6  involving only certain defendants, the non-settling defendants have no standing to object to a
7  class settlement with the settling defendants, absent a claim of legal prejudice."); *In re Marine
8  Hose Antitrust Litig.*, No. 08-MDL-1888, 2009 U.S. Dist. LEXIS 71020, at *40 (S.D. Fla. July
9  31, 2009) ("Significantly, however, a non-settling defendant has no standing to complain about a
10 settlement"); *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 258 F.R.D. 545, 552 (N.D.
11 Ga. 2007) (absent showing of "plain legal prejudice," non-settling defendant does not have
12 standing to object to class settlement); *In re Asbestos Sch. Litig.*, No. 83-0268, 1986 WL 10105,
13 at *2 (E.D. Pa. Sept. 15, 1986) (non-settling defendants' procedural allegations objecting to a
14 proposed settlement "do not by themselves" satisfy the requirements necessary for standing to
15 object).
16      While the Ninth Circuit in *Waller* recognized an "exception to the general principle
17 barring objections by non-settling defendants to permit a non-settling defendant to object where it
18 can demonstrate that it will sustain some formal legal prejudice as a result of the settlement," 828
19 F.2d at 583, this exception only arises in "rare circumstances," *Allen v. Dairy Farmers of Am.,
20 Inc.*, No. 5:09-cv-230, 2011 WL 1706778, at *4 (D. Vt. May 4, 2011); *Armco, Inc. v. N. Atl. Ins.
21 Co.*, No. 98 Civ. 6084 (AGS), 1999 WL 173579, at *1 (S.D.N.Y. Mar. 29, 1999). A "tactical
22 disadvantage" to non-settling defendants does not trigger the exception. *Agretti*, 982 F.2d at 247;
23 *Allen*, 2011 WL 1706778, at *4; *Stanger v. Mellon Bank, N. A.*, No. 88-73, 1989 WL 56402, at *2
24 (W.D. Pa. May 23, 1989). Instead, "formal legal prejudice" to the non-settling defendants –
25 where, for example, a partial settlement invalidates the contract rights of a non-participant or
26 strips away a legal claim of a non-participant, such as a claim for contribution – is necessary.
27 *Waller*, 828 F.2d at 583. These types of injuries are not present here, nor do Non-Settling
28 Defendants so contend. No Non-Settling Defendant has identified any contractual right allegedly

invalidated by the proposed settlements. And alleged antitrust co-conspirators have no right of contribution. *Tex. Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 646 (1981).[2]

Thus, relying on *Waller*, Judge Seeborg recently rejected an attempt from non-settling defendants to oppose the preliminary approval of a settlement with another defendant. *ODDs*, No. 3:10-md-2143 (N.D. Ca. Mar. 21, 2013) (Order Granting Motion for Preliminary Approval of Partial Settlement, Dkt. No. 793). The court held that the non-settling defendants lacked standing to object to the proposed settlement "absent a sufficient showing of potential prejudice to them," which, as here, the non-settling defendants were unable to make. *Id.*

## III. THERE IS NO PRECEDENT FOR THE REQUESTED DELAY

The Non-Settling Defendants are asking this Court to break new ground and issue an order contrary to well-established principles for approval of class settlements. The result would delay settlements that have been reached between a number of parties to this litigation, slow resolution of this case, subject Settling Defendants to continued litigation and uncertainty, and delay resolution for the Plaintiffs.

The Non-Settling Defendants do not point to a single case demonstrating that a stay is proper here. As the Non-Settling Defendants should know well, courts routinely approve class settlements before deciding whether certification of a litigation class is appropriate. *See, e.g.*, *ODDs.*, No. 3:10-md-2143 (N.D. Ca. Mar. 21, 2013); *Packaged Ice*, 2010 WL 3070161, at *5-6 (preliminarily approving pre-certification settlement); *Beef Indus.*, 607 F.2d 167, 170-71, 183 (5th Cir. 1979) (affirming pre-certification settlement approval); *Curiale v. Lenox Group, Inc.*, Civ. No. 07-1432, 2008 WL 4899474, at *5, *11 (E.D. Pa. Nov. 14, 2008) ("These economic gains [of early settlement] multiply when settlement also avoids the costs of litigating class status – often a

---

[2] *See also Professional Liability Ins. Co. v. Pollack*, 827 F. Supp. 736, 737 (M.D. Fla. 1993) ("[o]nly where a partial settlement agreement invalidates a non-settling defendant's contract rights or the right to assert an *in pari delicto* defense, does formal legal prejudice exist." (citation omitted)); *Morgan v. Walter*, 758 F. Supp. 597, 600 (D. Idaho 1991) ("[A] non-settling defendant does *not* have standing to object to a settlement wherein its co-defendant agrees to cooperate with plaintiffs in future litigation against the non-settling defendant . . . the approval of a settlement agreement to which all but one party has stipulated does not prejudice that non-stipulating party where the settlement does not dispose of its claims or impose duties or obligations on it." (citations omitted) (emphasis in original)).

complex litigation within itself." (internal citation omitted)); *In re Delphi Corp. Sec. Derivative & ERISA Litig.*, 248 F.R.D. 483, 488-89, 507 (E.D. Mich. 2008) (approving class action settlement reached while Rule 12(b) motions to dismiss were still outstanding); *In re First Commodity Corp. of Boston Customer Accounts Litig.*, 119 F.R.D. 301, 306-07, 314 (D. Mass. 1987) ("Classic among those benefits [of settlement], and existing here, is the fact that money that might otherwise be spent contesting Rule 23 certification may be made available to provide additional benefits to the class.").

In an attempt to find support for their unprecedented position, Non-Settling Defendants cite myriad cases irrelevant to the relief they actually seek, including *Halliburton Co.* v. *Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014), *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), *Amchem Prods. v. Windsor*, 521 U.S. 591 (1997), *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305 (3d Cir. 2008), *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 725 F.3d 244, 252 (D.C. Cir. 2013), and *In re High-Tech Employee Antitrust Litig.*, 985 F. Supp. 2d 1167 (N.D. Cal. 2013). (*See* Opp. at 2-4.) But *Halliburton*, *Wal-Mart*, *Hydrogen Peroxide*, and *Rail Freight* discuss standards for certification of a litigation class, not the standard or timing for certification of a settlement class. *See, e.g.*, *Hydrogen Peroxide*, 552 F.3d at 305; *see also DuFour v. Be LLC*, 291 F.R.D. 413, 416 (N.D. Cal. 2013), *leave to appeal denied* (July 11, 2013) (not addressing settlement, much less preliminary approval). *Amchem* does not address the timing for approval of settlement classes relative to approval of litigation classes, 521 U.S. 591, while *High Tech Employees* – where the court was addressing a motion to certify a litigation class – noted that "all parties agree that the settlements do not have any impact on Plaintiffs' Supplemental Motion for Class Certification," 985 F. Supp. 2d 1167.  That *High Tech Employees* observed that settlement class certification does not impact litigation class certification counsels *against* further delay, not for it.

IV.   **DEFERRING PROVISIONAL CERTIFICATION IS INAPPROPRIATE**

Plaintiffs' motion for preliminary approval contains a detailed explanation of the facts and law that support granting certification to the settlement classes. (Pl. Mot. at 9-12.)

The district court in *Allen* explained well the function of preliminary approval

proceedings.

> In determining whether to grant preliminary approval, the court starts with the proposition that ''there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions." *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995) (citations omitted). Settlements generally advance the public interest because they minimize the expense of litigation, avoid the expenditure of judicial resources, and ensure injured parties' recoveries without the time, expense, and inconvenience of litigation.
>
> Preliminary approval is merely the first step in a multi-step process in which the [proposed class settlement] will be scrutinized by both the court and class members. *See* Fed. R. Civ. P. 23(e). It deprives no party or non-party of any procedural or substantive rights, and provides a mechanism through which class members who object to the [settlement] can voice those objections. "Preliminary approval of a class action settlement, in contrast to final approval, 'is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness.'" *Menkes v. Stolt-Nielsen S.A.*, 270 F.R.D. 80, 101 (D. Conn. 2010) (quoting *In re Traffic Exec. Ass'n-E. R.R.s*, 627 F.2d 631, 634 (2d Cir. 1980)).
>
> Preliminary approval "is appropriate where it is the result of serious, informed, and non-collusive negotiations, where there are no grounds to doubt its fairness and no other obvious deficiencies . . . , and where the settlement appears to fall within the range of possible approval." *Reade-Alvarez* v. *Eltman, Eltman & Cooper*, *P.C.,* 237 F.R.D. 26, 33 (E.D.N.Y. 2006) (citations omitted). As one court observed:
>
>> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.
>
> *Prudential Sec. Litig.*, 163 F.R.D. at 209 (quoting Manual for Complex Litig. § 30.41 (3d ed. 1995)). After granting preliminary approval, the court remains free to reject a settlement in the event it determines that the settlement is not "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e).

2011 WL 1706778, at *2-3.

This two-step process has been recognized by California federal courts and by the Federal Judicial Center. *See, e.g.*, *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079

(N.D. Cal. 2007); *Fraley* v. *Facebook, Inc.*, No. CV-11-01726 RS, 2012 WL 6013427, at *1 (N.D. Cal. Dec. 3, 2012); *Vasquez* v. *Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1125 (E.D. Cal. 2009); *Manual for Complex Litigation* (Fourth) § 13.14 at 173 ("First, the judge reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing."). It is this process Plaintiffs follow in their motion, seeking preliminary approval of the settlements and provisional certification of the settlement classes to allow for notice to the members of those classes. (Pl. Mot. at 5-6.) Such provisional certification has been and continues to be a commonly used notice mechanism. *See, e.g.*, *Gardner v. GC Servs., LP*, No. 10-CV-0997, 2011 WL 5244378, at *6 (S.D. Cal. Nov. 1, 2011) (conditionally certifying class as part of preliminary approval order). Non-Settling Defendants provide no justification to deviate from this well-accepted practice.

And while Non-Settling Defendants claim that Rule 23(e)'s requirement that notice be sent to absent class members somehow supports their position that a postponement is warranted (Opp. at 3), the opposite is true. Deferring preliminary approval will defer notice to the settlement classes, depriving absent class members of critical information about the settlements. As Non-Settling Defendants themselves concede, any concern regarding the fairness of certifying a settlement class prior to a litigation class is related to fairness to absent class members, not non-settling defendants. (Opp. at 3.)

Non-Settling Defendants additionally argue that deferring consideration of Plaintiffs' motion for preliminary approval is appropriate because it will promote judicial economy without causing prejudice. Neither proposition is correct. Plaintiffs, the Settling Defendants, and the proposed settlement classes are entitled to know with certainty where their proposed settlements stand. Preliminarily approving the proposed settlements will confer immediate benefits on the putative settlement classes. Pursuant to Plaintiffs' motion, up to $3 million of the settlement fund can be used, subject to Court approval, to reimburse Plaintiffs for litigation expenses incurred to date and pay for litigation expenses that will be incurred in the future. (Pl. Mot. at 13.) In addition to the cash component of the settlement agreements, totaling $22,252,000, the agreements call for

1  cooperation from the Settling Defendants. There is no reason Plaintiffs and prospective members
2  of the class should not be able to take advantage of these provisions now. Any deferral of
3  preliminary approval would prejudice class members in the continued prosecution of this
4  litigation.

5  The non-settling defendants in *ODDs* argued that the plaintiffs in that case had put forth
6  insufficient analysis to warrant class certification, and, at a minimum, that a delay in preliminary
7  approval proceedings was warranted.  No. 3:10-md-2143 (N.D. Ca. Mar. 21, 2013) (Order
8  Granting Motion for Preliminary Approval of Partial Settlement, Dkt. No. 793). Despite the
9  existence of "significant uncertainties" related to class certification, the court nevertheless held
10 that "those uncertainties do not preclude certification of a settlement class because" any concern
11 related to the certification of a litigation class "does not prejudice class members, and does not
12 prejudice non-settling defendants." *Id.*[3]

13 Similarly, the court in *Packaged Ice* also rejected certain non-settling defendants'
14 attempt to stay consideration of a motion for preliminary approval of a partial settlement, stating
15 that certification at the preliminary approval stage was merely provisional and that nothing in
16 that process would conclusively resolve issues relating to a litigated certification class. 2010 WL
17 3070161, at *4-5. The same approach was taken in *Columbus Drywall*, where the district court
18 proceeded to grant preliminary approval of a settlement class even though it had denied without
19 prejudice the certification of a litigation class. 258 F.R.D. 545. One non-settling defendant
20 objected to preliminary approval, arguing that certification of both types of classes had to be
21 dealt with at the same time. After noting the non-settling defendant's lack of standing to object
22 to the proposed settlement *(id.* at 552), the district court responded:

> Here, Masco[] contends that any decision by the Court on
> plaintiffs' motion for preliminary approval of the settlement class
> will impact the Court's decision regarding the amended litigation
> class definition. Thus, Masco's concerns appear to be mainly

---

[3] This is why Non-Settling Defendants' argument that their motions for summary judgment are in any way relevant to the preliminary approval of the settlements is a red herring. If all or a portion of the claims against the Non-Settling Defendants are dismissed pursuant to the filed rate doctrine, it does not alter who is entitled recover from the previously agreed-upon settlements.

> strategic. While understanding Masco's concern, the Court concludes that preliminary approval of the settlement class will not affect its decision regarding the redefined litigation class. In approving the settlement class, the Court is not endorsing any evidence or arguments that the parties will submit in connection with plaintiffs' redefined litigation class. Rather, the Court's decision regarding the settlement class rests solely on the uncontested evidence presented by plaintiffs and the settling defendants. In short, certification of the settlement class will not have preclusive effect on defendant Masco in contesting the litigation class.

*Id*, at 552-53. Similar considerations apply here.

Non-Settling Defendants effectively concede that all they really seek with their inappropriate opposition is to have language in the preliminary approval order noting that the certification of the classes for settlement purposes does not prejudice Non-Settling Defendants from contesting certification of a litigation class at a later date. (*See* Opp. at 1 n.1.) Plaintiffs do not object to such language, although they do not believe it to be necessary. *See, e.g.*, *Gates v. Rohm and Haas Co.,* 248 F.R.D. 434, 436 n.2 (E.D. Pa. 2008) (conditionally certifying settlement class over objections of non-settling defendants and noting that certification of the proposed settlement class would not prejudice any "non-settling defendants' right to challenge" certification of a litigated class at a later date); *In re Qwest Comms. Int'l, Inc. Securities Litig.*, No. 01-cv-01451-REB-CBS, 2006 U.S. Dist. LEXIS 71039 at *34 (D. Colo. Sept. 28, 2006) (granting preliminary and final approval to a partial class action settlement and ruling that the settlement was "completely without prejudice to the Non-Settling Defendants' rights to oppose class certification in this Litigation"). There is thus no reason to delay preliminary approval of the already-reached settlements to wait for the factual record to develop further.

## V.   CONCLUSION

For the forgoing reasons, the Non-Settling Defendant's opposition should be rejected and the motion for preliminary approval of the settlements should be granted.

Dated: July 16, 2014          By:     /s/ *Christopher L. Lebsock* _____
                                      Michael P. Lehmann
                                      Christopher L. Lebsock
                                      **HAUSFELD LLP**
                                      44 Montgomery Street, Suite 3400
                                      San Francisco, CA 94104

Telephone: (415) 633-1908
Facsimile: (415) 358-4980

Michael D. Hausfeld
Seth Gassman
**HAUSFELD LLP**
1700 K Street, NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile:  (202) 540-7201

Joseph W. Cotchett
Steven N. Williams
Adam J. Zapala
Elizabeth Tran
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Facsimile:  650-697-0577

*Interim Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Christopher Lebsock, declare that I am over the age of eighteen (18) and not a party to the entitled action. I am a partner at the law firm of **Hausfeld LLP**, and my office is located at 44 Montgomery Street, Suite 3400, San Francisco, California 94104.

On July 16, 2014, I caused to be served a true and correct copy of the following:

1) **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS JAPAN AIRLINES INTERNATIONAL COMPANY, LTD; SOCIETE AIR FRANCE; VIETNAM AIRLINES COMPANY, LTD; THAI AIRWAYS INTERNATIONAL PUBLIC COMPANY, LTD; AND MALAYSIAN AIRLINE SYSTEMS BERHAD;**

   **AND**

2) **CERTIFICATE OF SERVICE**

with the Clerk of the Court using the Official Court Electronic Document Filing System which served copies on all interested parties registered for electronic filing.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on July 16, 2014 at San Francisco, California.

                                                 _____/s/ Christopher Lebsock_____
                                                          Christopher Lebsock