Joseph W. Cotchett (36324)
jcotchett@cpmlegal.com
Pete N. McCloskey (024541)
pmccloskey@cpmlegal.com
Steven N. Williams (175489)
swilliams@cpmlegal.com
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

Michael P. Lehmann (77152)
mlehmann@hausfeldllp.com
Christopher Lebsock (184546)
clebsock@hausfeldllp.com
**HAUSFELD LLP**
44 Montgomery Street
San Francisco, CA 94111
Telephone: (415) 633-1908
Facsimile: (415) 358-4980

Michael D. Hausfeld
mhausfeld@hausfeldllp.com
Seth R. Gassman
sgassman@hausfeldllp.com
**HAUSFELD LLP**
1700 K Street, Suite 650
Washington, D.C. 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

*Interim Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION**<br><br>**This Document Relates To:**<br><br>**All Actions** | Civil Case No. 3:07-CV-05634-CRB<br><br>MDL 1913<br><br>**AMENDED DECLARATION OF CHRISTOPHER L. LEBSOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS JAPAN AIRLINES INTERNATIONAL COMPANY, LTD.; SOCIETE AIR FRANCE; VIETNAM AIRLINES COMPANY, LTD.; THAI AIRWAYS INTERNATIONAL PUBLIC COMPANY, LTD.; MALAYSIAN AIRLINE SYSTEMS BERHAD; AND CATHAY PACIFIC AIRWAYS LIMITED** |

AMENDED DECLARATION OF CHRISTOPHER L. LEBSOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS

MASTER FILE NO. CV-07-5634-CRB

I, Christopher Lebsock, declare as follows:

1. I am an attorney licensed to practice before the courts of the State of California, and a partner of the law firm Hausfeld LLP, Interim Co-Lead Class Counsel for the putative classes. I make this Declaration in Support of Plaintiffs' Motion for Preliminary Approval of Settlements with Japan Airlines International Company, Ltd. ("JAL"); Societe Air France ("Air France"); Vietnam Airlines Company, Ltd. ("VN"); Thai Airways International Public Company, Ltd. ("Thai Airways"); and Malaysian Airline Systems Berhad ("Malaysian Air"); and Cathay Pacific Airways Limited ("CX"). I have personal knowledge of the facts stated in this Declaration and, if called as a witness, I could and would testify competently to them.

2. The first cases in this multidistrict litigation were filed in November 2007. The Judicial Panel on Multidistrict Litigation transferred these proceedings to this Court on February 26, 2008.

3. Counsel for Plaintiffs and counsel for JAL, the first Settling Defendant, commenced settlement negotiations in 2008. In late 2008, JAL and Plaintiffs mediated their dispute before the Honorable Daniel Weinstein. Following the mediation, JAL filed for bankruptcy protection under the laws of Japan and sought and was granted a stay of this litigation against it. In mid-2010, while bankruptcy proceedings were still pending, JAL and the Plaintiffs executed a settlement agreement. Thereafter, JAL sought and obtained approvals of the applicable Japanese authorities and the Japanese bankruptcy court for the JAL Settlement Agreement. The stay entered by the bankruptcy court in the Southern District of New York was then modified to reflect the existence of the settlement. The settlement agreement was amended on June 18, 2014; the amended settlement agreement is attached as Exhibit 1 ("JAL Settlement Agreement").

4. Plaintiffs' counsel deliberated carefully and at arm's length before entering the settlement with JAL and believe that the settlement is in the best interests of the Class. The JAL Settlement Agreement provides for a payment to the Class defined therein of $10 million, and substantial cooperation with Plaintiffs' counsel.

5. The amount of the settlement with JAL was premised on the following facts: (1)

AMENDED DECLARATION OF CHRISTOPHER L. LEBSOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS

1

MASTER FILE NO. CV-07-5634-CRB

JAL's bankruptcy, (2) its agreement to provide cooperation to Plaintiffs' counsel, (3) its cooperation with the Department of Justice and the likelihood that it would receive the benefit of substantial damages reductions under the Antitrust Criminal Penalty Enhancement and Reform Act ("ACPERA"), and (4) the evidence of its participation in the conspiracy alleged and its legal defenses.

6.   Commencing in 2009 and continuing to the present, JAL provided information to counsel for the Plaintiffs as required by the Settlement Agreement. This information provided one of the bases for the allegations contained in the current version of the complaint, and assisted Plaintiffs' counsel in evaluating the other Settling Defendants' positions and obtaining the best settlement possible for the Classes.

7.   In or about mid-2012, Plaintiffs' counsel engaged in settlement negotiations with counsel for Air France. These settlement negotiations resulted in the execution of a settlement agreement with Air France on November 15, 2012; that settlement agreement was amended on April 15, 2014. The amended settlement agreement is attached as Exhibit 2 ("Air France Settlement Agreement").

8.   Plaintiffs' counsel deliberated carefully and at arm's length before entering the settlement with Air France and believe that the settlement is in the best interests of the Class. The Air France Settlement Agreement provides for a payment to the Class defined therein of $876,000, and cooperation with counsel for the Plaintiffs.

9.   The amount of the settlement with Air France was premised on the following facts: (1) the evidentiary record as of the date of the settlement, (2) Air France's agreement to provide cooperation to Plaintiffs' counsel, (3) Air France's volume of U.S. originating travel during the class period, and (4) Air France's legal defenses.

10.   In or about mid- 2013, Plaintiffs' counsel engaged in settlement negotiations with counsel for VN. These settlement negotiations resulted in the execution of a settlement agreement with VN on July 1, 2013; that settlement agreement was amended on April 15, 2014. The amended settlement agreement is attached as Exhibit 3 ("VN Settlement Agreement").

11.   Plaintiffs' counsel deliberated carefully and at arm's length before entering the

AMENDED DECLARATION OF CHRISTOPHER L. LEBSOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS

2

MASTER FILE NO. CV-07-5634-CRB

settlement with VN and believe that the settlement is in the best interests of the Class.  The VN Settlement Agreement provides for a payment to the Class defined therein of $735,000, and cooperation with counsel for the Plaintiffs.

12. The amount of the settlement with VN was premised on the following facts: (1) the evidentiary record as of the date of the settlement, (2) VN's agreement to provide cooperation to Plaintiffs' counsel, (3) VN's traffic volume for U.S. originating travel, and (4) VN's legal defenses.

13. In or about mid-2013, Plaintiffs' counsel engaged in settlement negotiations with counsel for Thai Airways.  These settlement negotiations resulted in the execution of a settlement agreement with Thai Airways on December 23, 2013. The settlement agreement is attached as Exhibit 4 ("Thai Airways Settlement Agreement").

14. Plaintiffs' counsel deliberated carefully and at arm's length before entering the settlement with Thai Airways and believe that the settlement is in the best interests of the Class. The Thai Airways Settlement Agreement provides for a payment to the Class defined therein of $9,700,000, and cooperation with counsel for the Plaintiffs.

15. The amount of the settlement with Thai Airways was premised on the following facts: (1) the evidentiary record as of the date of the settlement, (2) Thai Airways' agreement to provide cooperation to Plaintiffs' counsel, (3) Thai Airways' traffic volume for U.S. originating travel, and (4) Thai Airways' legal defenses.

16. In or about mid-2012, Plaintiffs' counsel engaged in settlement negotiations with counsel for Malaysian Air.  These settlement negotiations resulted in the execution of a settlement agreement with Malaysian Air on June 11, 2013. The settlement agreement is attached as Exhibit 5 ("Malaysian Air Settlement Agreement").

17. Plaintiffs' counsel deliberated carefully and at arm's length before entering the settlement with Malaysian Air and believe that the settlement is in the best interests of the Class. The Malaysian Air Settlement Agreement provides for a payment to the Class defined therein of $950,000, and cooperation with counsel for the Plaintiffs.

18. The amount of the settlement with Malaysian Air was premised on the following

AMENDED DECLARATION OF CHRISTOPHER L. LEBSOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS

3

MASTER FILE NO. CV-07-5634-CRB

facts: (1) the evidentiary record as of the date of the settlement, (2) Malaysian Air's agreement to provide cooperation to Plaintiffs' counsel, (3) Malaysian Air's traffic volume for U.S. originating travel, and (4) Malaysian Air's legal defenses.

19. In or about mid-2014, Plaintiffs' counsel engaged in mediated settlement negotiations with counsel for CX before Judge James Robertson, Ret., United States District Court in and for the District of Columbia. These settlement negotiations resulted in the execution of a settlement agreement with CX on July 22, 2014. The settlement agreement is attached as Exhibit 6 ("CX Settlement Agreement").

20. Plaintiffs' counsel deliberated carefully and at arm's length before entering the settlement with CX and believe that the settlement is in the best interests of the Class. The CX Settlement Agreement provides for a payment to the Class defined therein of $7,500,000, and cooperation with counsel for the Plaintiffs.

21. The amount of the settlement with CX was premised on the following facts: (1) the evidentiary record as of the date of the settlement, (2) CX's agreement to provide cooperation to Plaintiffs' counsel, (3) CX's traffic volume for U.S. originating travel, and (4) CX's legal defenses.

22. As a result of these Settlement Agreements, together the Settling Defendants will pay a combined $29,752,000, with JAL paying $10 million, Air France paying $867,000, VN paying $735,000, Thai Airways paying $9,700,000 million, Malaysian Air paying $950,000, and CX paying $7,500,000.

23. Additionally, each Settling Defendant has agreed to cooperate with Plaintiffs in the prosecution of this action by providing information relating to Plaintiffs' allegations, including through (1) attorney proffers; (2) interviews of persons with knowledge regarding the conspiratorial conduct alleged in Plaintiffs' SAC; (3) the production of relevant documents, including assistance in establishing the admissibility of the documents produced; and (4) for all settlements other than with Malaysian Air, one or more witnesses to establish the foundation of documents or data necessary for summary judgment and/or trial.

24. Negotiations between Plaintiffs' counsel and counsel for JAL, Air France, VN,

AMENDED DECLARATION OF CHRISTOPHER L. LEBSOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS

4

MASTER FILE NO. CV-07-5634-CRB

Thai Airways, Malaysian Air, and CX all occurred over a period of months or years. These negotiations were sharply contested and conducted in the utmost good faith. Settlement discussions took place in one or more of the following ways: through formal mediation (as to JAL and CX only) and/or through in-person meetings of counsel and/or via telephone communications. All negotiations included exchanges of documents and other information, including data concerning commerce and/or liability evidence.

25. Due to principles of joint and several liability in antitrust matters, the commerce of JAL, Air France, VN, Thai Airways, Malaysian Air, and CX may remain in the case for purposes of any damages that might be awarded against the remaining defendants.

26. Settlement funds owed pursuant to the Settlement Agreements with JAL, Air France, VN, Malaysian Air, and CX have been (or will be) deposited in an escrow account at Citibank, N.A. in a manner and at a time that conforms to the Settlement Agreements.

27. Each of the current representative plaintiffs represent the interests of the Settlement Classes, and have participated in this litigation. The current representatives have responded to discovery and sat for a deposition. Each has assisted Plaintiffs' counsel prepare this matter for class certification and has pledged willingness to continue to do so.

28. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 5th day of August, 2014.

/s/ Christopher L. Lebsock
Christopher L. Lebsock