# EXHIBIT 1

Joseph W. Cotchett (36324; jcotchett@cpmlegal.com)
Steven N. Williams (175489; swilliams@cpmlegal.com)
Adam J. Zapala (245748; azapala@cpmlegal.com)
Elizabeth Tran (280502; etran@cpmlegal.com)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  650-697-6000
Facsimile: 650-697-0577

Michael P. Lehmann (77152; mlehmann@hausfeldllp.com)
Christopher L. Lebsock (184546; clebsock@hausfeldllp.com)
**HAUSFELD LLP**
44 Montgomery Street
San Francisco, CA 94111
Telephone: (415) 633-1908
Facsimile: (415) 358-4980

Michael D. Hausfeld (mhausfeld@hausfeldllp.com)
Seth R. Gassman (sgassman@hausfeldllp.com)
**HAUSFELD LLP**
1700 K Street, Suite 650
Washington, D.C. 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

*Interim Co-Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** | **Case No. 3:07-cv-05634-CRB-DMR** |
| | **MDL No. 1913** |
| | **Honorable Charles R. Breyer** |
| **This Document Relates to:** | **SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND QANTAS AIRWAYS LIMITED** |
| **ALL ACTIONS** | |

1    This Settlement Agreement, dated August 8, 2014, is made and entered into by and among

2  defendant Qantas Airways Limited ("Qantas") and Meor Adlin, Franklin Ajaye, Andrew Barton,

3  Rachel Diller, Scott Frederick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman,

4  Harley Oda, Roy Onomura, Shinsuke Kobayashi, Patricia Lee, Nancy Kajiyama, Della Ewing

5  Chow, and James Kawaguchi  ("Plaintiffs"), individually and as representatives of the class of

6  similarly situated plaintiffs as more specifically defined below, in the MDL class action <u>In re</u>

7  <u>Transpacific Passenger Air Transportation Antitrust Litigation</u>, 07-cv-5634-CRB, MDL No.

8  1913, currently pending before the Honorable Charles R. Breyer in the United States District

9  Court for the Northern District of California, San Francisco Division (the "Settlement

10  Agreement").

11    WHEREAS, Plaintiffs have filed a complaint alleging, among other things, that Qantas

12  participated in an unlawful conspiracy or conspiracies to restrain trade, pursuant to which Qantas

13  and other defendants ("Defendants") agreed to fix, raise, maintain, and/or stabilize prices for air

14  passenger travel, including associated surcharges, for international flights involving at least one

15  flight segment between the United States and Asia/Oceania.

16    WHEREAS, Interim Class Counsel have concluded, after an investigation into the facts

17  and the law, and after carefully considering the circumstances of claims made by Plaintiffs and

18  the Class, and the possible legal and factual defenses thereto, that it is in the best interests of

19  Plaintiffs and the Settlement Class to enter into this Settlement Agreement with Qantas to avoid

20  the uncertainties and risks of litigation, and that the settlement set forth herein is fair, reasonable,

21  adequate and in the best interests of the Settlement Class.

22    WHEREAS, Qantas has concluded, despite its belief that there is no legal or factual basis

23  for its liability in this matter, and that it has good defenses with respect to Plaintiffs' claims, that

24  it is in its best interests to enter into this Settlement Agreement to avoid the burden and costs of

25  litigation.

26

27

28

SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND QANTAS AIRWAYS LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

1       WHEREAS, Plaintiffs and Qantas agree that neither this Settlement Agreement nor any

2   statement made in the negotiation thereof shall be deemed or construed to be an admission by or

3   evidence against Qantas or evidence of the truth of any of Plaintiffs' allegations;

4       WHEREAS, Interim Class Counsel and Qantas have engaged in arm's-length settlement

5   negotiations and have reached this Settlement Agreement, which embodies all of the terms and

6   conditions between Plaintiffs and Qantas, subject to approval of the Court.

7       NOW, THEREFORE, in consideration of the promises, mutual promises, covenants,

8   agreements and releases set forth herein and for other good and valuable consideration, and

9   incorporating the above recitals herein, it is agreed by the undersigned, on behalf of Qantas,

10   Plaintiffs, and the Settlement Class, that the Actions and all claims of Plaintiffs and the

11   Settlement Class that have been or could be asserted in the Actions be settled, compromised and

12   dismissed on the merits and with prejudice as to Qantas and, except as hereinafter provided,

13   without costs as to Plaintiffs, the Settlement Class or Qantas, subject to court approval, on the

14   following terms and conditions:

15   **1.      Definitions**

16       1.1.    "Actions" means the class action captioned In re Transpacific Passenger Air

17   Transportation Antitrust Litigation, 07-cv-5634-CRB, MDL No. 1913, currently pending before

18   the Honorable Charles R. Breyer in the United States District Court for the Northern District of

19   California, San Francisco Division, and all actions relating to the claims alleged in "Plaintiffs'

20   Second Amended Consolidated Class Action Complaint" filed in that litigation that were

21   originally filed in the United States District Court for the Northern District of California, those

22   that have been or are subsequently filed in or transferred for coordinated pretrial proceedings to

23   such court by the Judicial Panel on Multidistrict Litigation as part of MDL No. 1913, and all

24   actions that are otherwise based on the conduct alleged in the above-captioned litigation.

25       1.2.    "Court" means the United States District Court for the Northern District of

26   California.

27

28

SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND QANTAS AIRWAYS LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

1.3.   "Effective Date" means the earliest date on which all of the events and conditions specified in paragraph 8 herein have occurred or have been met.

1.4.   "Judgment" means a final order of judgment, dismissal, and approval of the settlement, to be rendered by the Court.

1.5.   "Parties" means Plaintiffs, Settlement Class Members, and Qantas.

1.6.   "Defendants" means Air France, Air New Zealand Limited, All Nippon Airways Company, Limited, British Airways plc, Cathay Pacific Airways Limited, China Airlines Limited, Continental Airlines, Inc., Deutsche Lufthansa AG, EVA Airways Corporation, Japan Airlines International Company, Ltd. ("JAL"), KLM Royal Dutch Airline, Malaysian Airline System Berhad, Philippine Airlines, Inc., Qantas Airways Limited, SAS AB, Singapore Airlines Limited, Swiss International AG, Thai Airways International Public Co., Ltd., and Vietnam Airlines Company Limited.

1.7.   "Person" means an individual or an entity.

1.8.   "Plaintiffs" means Meor Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller, Scott Frederick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman, Harley Oda, Roy Onomura, Shinsuke Kobayashi, Patricia Lee, Nancy Kajiyama, Della Ewing Chow, and James Kawaguchi, and any other plaintiffs designated by the Court as class representatives, individually and on behalf of the Settlement Class.

1.9.   "Preliminary Approval Order" means an order preliminarily approving the Settlement Agreement, to be rendered by the Court.

1.10.   "Released Claims" means any and all claims, demands, actions, suits, and causes of action, whether class, individual, or otherwise, damages, and liabilities of any nature, including without limitation claims for costs, expenses, penalties, and attorneys' fees, that the Releasing Parties, or any one of them, ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, against the Released Parties or any of them, which arise under any antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, consumer protection, unjust enrichment, or civil conspiracy law, or

1  whether such claims are based on federal, state, local, statutory, or common law, or any other law,

2  code, rule, or regulation of any country or other jurisdiction worldwide, regardless of whether

3  such claims are known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or

4  unforeseen, actual or contingent, liquidated or unliquidated, regardless of legal theory, and

5  regardless of the type or amount of relief or damages claimed, or claims that have been, could

6  have been, or in the future might have been brought in law or in equity, on account of, arising out

7  of, resulting from, or in any way related to any conduct regardless of where it occurred at any

8  time prior to the Effective Date, concerning the pricing, marketing or sales of passenger air

9  transportation (but only to the extent such transportation originated in the United States) by

10  Qantas or Defendants, including, without limitation, pricing of fares or fuel, insurance, baggage

11  or security surcharges or any other element of, component of, or surcharge upon such pricing, or

12  concerning commissions or incentives, or concerning any involvement by Qantas in the

13  International Air Transport Association (IATA) or any Board of Airlines Representatives (BAR)

14  association (wherever located), or concerning the facts, occurrences, transactions or other matters

15  that were alleged or could have been alleged in the Second Amended Consolidated Class Action

16  Complaint in the above-captioned matter or in the complaints in any of the Actions.

17       1.11.   "Released Parties" means, jointly and severally, individually and collectively:

18  Qantas, its present and former parents, subsidiaries, divisions and affiliates, each of their

19  respective past and present officers, directors, employees and agents, attorneys, representatives

20  and the predecessors, successors, heirs, executors, administrators, and assigns of each of the

21  foregoing.  As used in this definition, "affiliates" means entities controlling, controlled by or

22  under common control with any of the other Released Parties.

23       1.12.   "Releasing Parties" means, jointly and severally, and individually and collectively:

24  Plaintiffs and all Settlement Class Members who do not exclude themselves from the Settlement

25  Class in the manner directed by the Court in its order preliminarily approving this settlement,

26  their present and former parents, subsidiaries, divisions and affiliates, each of their respective past

27

28

and present officers, directors, employees and agents, attorneys, representatives and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

1.13. "Settlement Class Counsel" means the law firms of Cotchett Pitre & McCarthy, LLP, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, CA 94010 and Hausfeld, LLP, 44 Montgomery Street, San Francisco, CA, 94104 and 1700 K Street, Suite 650, Washington, DC 20006.

1.14. "Settlement Class Members" means, collectively, all members of the Settlement Class as defined in paragraph 3 herein.

1.15. "Settlement Fund" shall mean those monies representing the consideration to be paid by Qantas pursuant to paragraph 11.1 of this Settlement Agreement and any interest or earnings relating to such consideration as provided for herein.

**2.     Cooperation and Effectuation of this Settlement Agreement**

Plaintiffs and Qantas shall use all reasonable efforts to effectuate this Settlement Agreement, including cooperating in Plaintiffs' efforts to obtain the Court's approval of procedures (including the giving of class notice under Rules 23(c) and 23(e) of the Federal Rules of Civil Procedure) and to secure certification of the Settlement Class for settlement purposes only and the prompt, complete, and final dismissal with prejudice of the Actions as to Qantas. At least two (2) court days prior to the filing of any motions or other papers in connection with the settlement, including without limitation, the motions for preliminary approval of the settlement (as contemplated in paragraph 4.1 of this Settlement Agreement) and for final approval of the settlement (as contemplated in paragraph 7.1 of this Settlement Agreement), Plaintiffs will send these papers to Qantas.

**3.     Class Certification**

In connection with Plaintiffs' motion for preliminary approval of the settlement, pursuant to paragraph 4.1 herein, Plaintiffs shall seek certification of the following Settlement Class:

Settlement Class: All persons and entities that purchased passenger air transportation that included at least one flight segment between the United States and Asia or Oceania from

Defendants, or any predecessor, subsidiary or affiliate thereof, at any time between January 1, 2000 and the Effective Date.  Excluded from the class are purchases of passenger air transportation between the United States and the Republic of South Korea purchased from Korean Air Lines, Ltd. and/or Asiana Airlines, Inc.  Also excluded from the class are governmental entities, Defendants, former defendants in the Actions, any parent, subsidiary or affiliate thereof, and Defendants' officers, directors, employees and immediate families.

## 4.    Motion for Preliminary Approval

4.1.    Plaintiffs, with the cooperation of Qantas, shall file with the Court a motion requesting entry of a Preliminary Approval Order, the text of which shall be agreed upon by Plaintiffs and Qantas before submission to the Court, *inter alia*:

(a)    preliminarily approving the Settlement Agreement;

(b)    scheduling a hearing (the "Fairness Hearing") to consider (i) whether the Settlement Agreement should be approved as fair, reasonable, and adequate to Settlement Class Members, and whether the Judgment should be entered dismissing the claims of Plaintiffs and all Settlement Class Members on the merits and with prejudice; and (ii) whether to approve any application by Settlement Class Counsel for an award of attorneys' fees and payment of costs and expenses;

(c)    certifying the Settlement Class for settlement purposes only, and finding that each element for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure is met, on the condition that the certification shall be automatically vacated in the event the Settlement Agreement is terminated pursuant to its terms or is not approved by the Court or by any appellate Court;

(d)    approving the Parties' proposed methods for giving notice of the Settlement Agreement and the Fairness Hearing to Settlement Class Members;

(e)    approving the Parties' proposed forms of notice;

SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND QANTAS AIRWAYS LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

6

(f)     setting the date by which any Settlement Class Member who seeks exclusion from a Settlement Class must submit a Request for Exclusion, which shall, subject to the Court's approval, be a date no earlier than forty-five (45) days after notice is given to Settlement Class Members, and no later than fourteen (14) days prior to the Fairness Hearing;

(g)     setting the date by which any Settlement Class Member may serve written objections to the Settlement Agreement or to any application by Settlement Class Counsel for attorneys' fees and expenses, which shall, subject to the Court's approval, be fourteen (14) days prior to the Fairness Hearing; and

(h)     enjoining initiation, commencement, or prosecution of any action or claim that is subject to the release and dismissal contemplated by this Settlement Agreement by any Releasing Party.

4.2.    Plaintiffs shall seek, and Qantas shall support, certification solely for purposes of this Settlement of the Settlement Class as defined herein, and appointment of Settlement Class Counsel as lead counsel for purposes of this Settlement Agreement.

**5.    Notice to Settlement Class Members**

5.1.    In accordance with the requirements of Federal Rule of Civil Procedure 23 and due process, individual notice shall be given to Settlement Class Members for whom other Defendants have email or physical addresses, such Settlement Class Members having been determined by the Parties to be those whom the Parties can identify with reasonable effort, in accordance with Federal Rule of Civil Procedure 23 and to the extent not prohibited by law. Qantas represents that the email or physical addresses or other contact information for Settlement Class Members are not reasonably available to Qantas.  In addition, in order to provide notice of the settlement to those Settlement Class Members who do not receive individual notice pursuant to paragraph 5.1 herein, notice shall be given by publication in such manner and scope as is reasonable, and consistent with the requirements of Federal Rule of Civil Procedure 23.

5.2.   If any other settlement class is certified by the Court in these Actions, the parties to this Settlement Agreement agree that the notice program to be implemented pursuant to this Settlement Agreement will be combined with notice of such other settlement class(es) as may be certified by the Court.  Specifically, Plaintiffs, with the explicit permission of Qantas, shall include notice of this Settlement Agreement, pending approval from the Court of the notice program and the inclusion of Qantas therein.

5.3.   Qantas shall contribute U.S.D. $100,000.00 towards the costs and expenses associated with providing notice of the settlement to members of the Settlement Class pursuant to the Court-approved notification plan, and Qantas shall have no further obligation to pay for the costs and expenses of providing notice of the Settlement Agreement to members of the Settlement Class. In the event that the settlement is not approved, Qantas shall not be entitled to any sums spent or owing for purposes of the notice program as approved by the Court but shall be entitled to a refund of any amounts that were not spent or are not owing at the time that the Court declines to approve the settlement.

**6.   Requests for Exclusion**

6.1.   Any Person who wishes to seek exclusion from the Settlement Class must timely submit a written request for exclusion as provided in this paragraph (a "Request for Exclusion"). Any Person who timely submits a Request for Exclusion shall be excluded from the Settlement Class, shall have no rights with respect to this Settlement Agreement, and shall receive no benefits as provided in this Settlement Agreement.  A Request for Exclusion must be in writing and state the name, address, and telephone number of the Person(s) seeking exclusion.  A Request for Exclusion must be mailed to Settlement Class Counsel at the address provided in the notices to Settlement Class Members and postmarked (or mailed by overnight delivery) no later than fourteen (14) days prior to the date set for the Fairness Hearing or any other date set by the Court.

6.2.   Settlement Class Counsel shall forward a list of all Requests for Exclusion to Qantas' counsel within three (3) business days of the expiration of the time for requesting exclusion from the Class.

1   **7.     Fairness Hearing**

2       7.1.    At the Fairness Hearing, Plaintiffs shall seek entry of a Judgment, the text of

3   which shall be agreed upon by Plaintiffs and Qantas before submission to the Court, *inter alia*:

4               (a)     finally approving the Settlement Agreement and its terms as being fair,

5               reasonable, and adequate, within the meaning of Rule 23 of the Federal Rules of

6               Civil Procedure, and directing its consummation according to its terms;

7               (b)     determining that the notices to Settlement Class Members constituted,

8               under the circumstances, the best practicable notice of this Settlement Agreement

9               and the Fairness Hearing, and constituted due and sufficient notice for all other

10              purposes to all Persons entitled to receive notice;

11              (c)     directing that, as to Qantas, the Actions be dismissed with prejudice and,

12              except as provided for in this Settlement Agreement, without costs;

13              (d)     permanently barring and enjoining the institution, commencement, or

14              prosecution, by any of the Releasing Parties, of any action asserting any Released

15              Claim against any Released Party, in any local, state, federal, or other court of any

16              nation, or in any agency or other authority or arbitral or other forum wherever

17              located;

18              (e)     providing that any Settlement Class Member who fails to object in the

19              manner prescribed in the Settlement Agreement shall be deemed to have waived

20              any objections to the settlement and the Settlement Agreement and will forever be

21              barred from making any such objections to the settlement or the Settlement

22              Agreement;

23              (f)     requiring Settlement Class Counsel to file with the Clerk of the Court a

24              record of potential members of the Settlement Class who timely and validly

25              exclude themselves from the Settlement Class, and to provide a copy of the record

26              to counsel for Qantas;

27

28

SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND QANTAS AIRWAYS LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

(g)     retaining exclusive jurisdiction over the settlement and this Settlement

Agreement, including the administration and consummation of the settlement; and

(h)     determining under Federal Rule of Civil Procedure 54(b) that there is no

just reason for delay and directing that the judgment of dismissal as to Qantas shall

be final and entered forthwith.

7.2.     Any Settlement Class Member who has not requested exclusion from the

Settlement Class and who objects to the Settlement Agreement may appear at the Fairness

Hearing in person or through counsel, at their own expense, to present any evidence or argument

with respect to the settlement, to the extent permitted by the Court.  Written objections must be

filed with the Court no later than fourteen (14) days prior to the date set for the Fairness Hearing,

and mailed to Settlement Class Counsel and Qantas' counsel, postmarked no later than fourteen

(14) days prior to the date of the Fairness Hearing.  Any Settlement Class Member who fails to

object in the manner prescribed herein shall be deemed to have waived any objections to the

Settlement and this Settlement Agreement and will forever be barred from making any such

objections to the Settlement or this Settlement Agreement.

**8.      Effective Date of Agreement**

This Settlement Agreement shall become final and effective on the earliest date on which

all of the following events and conditions have occurred or have been met (the "Effective Date"):

(a)     the Court has entered the Judgment, following notice to the Settlement Class and

the Fairness Hearing, approving this Settlement Agreement under Rule 23(e) of the

Federal Rules of Civil Procedure and dismissing the Actions against Qantas with

prejudice as to all Settlement Class Members, and without costs except as specified

herein; and

(b)     the time for appeal or to seek permission to appeal from the Judgment has expired

or, if appealed, approval of this Settlement Agreement and the Judgment has been

affirmed in its entirety by the court of last resort to which such appeal has been taken and

such affirmance has become no longer subject to further appeal or review.  It is agreed

1    that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All

2    Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated

3    times.

4    **9.      Release and Covenant not to Sue**

5        9.1.    Upon the Effective Date, and in consideration of the good and valuable

6    consideration set forth in this Settlement Agreement, the sufficiency and receipt of which is

7    hereby acknowledged, each of the Releasing Parties shall be deemed to have, and by operation of

8    the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all

9    Released Claims against the Released Parties, shall have covenanted not to sue any of the

10   Released Parties with respect to any such Released Claims, and shall be permanently barred and

11   enjoined from instituting, commencing, prosecuting or asserting any such Released Claim against

12   any of the Released Parties.

13       9.2.    With respect to any and all Released Claims, the Parties stipulate and agree that,

14   upon the Effective Date, Plaintiffs shall expressly waive, and, upon the Effective Date, each of

15   the Releasing Parties shall be deemed to have waived, and by operation of the Judgment shall

16   have waived, the provisions, rights, and benefits of California Civil Code Section 1542 and

17   South Dakota Codified Laws Section 20-7-11 (to the extent either or both of them apply to the

18   Actions), each of which provides that "[a] general release does not extend to claims which the

19   creditor does not know or suspect to exist in his favor at the time of executing the release, which

20   if known by him must have materially affected his settlement with the debtor," and of any

21   similar provision, statute, regulation, rule, or principle of law or equity of any other state or

22   territory of the United States or any other applicable jurisdiction.  Plaintiffs and Releasing

23   Parties expressly acknowledge that they may hereafter discover facts in addition to or different

24   from those that any of them or their counsel now knows or believes to be true with respect to the

25   subject matter of the Released Claims or otherwise, but upon the Effective Date each Plaintiff

26   shall expressly have, and, upon the Effective Date, each Releasing Party shall be deemed to

27   have, and by operation of the Judgment shall have, fully, finally, and forever settled and released

28

SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND QANTAS AIRWAYS LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

1    any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-

2    contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon

3    any theory of law or equity now existing or coming into existence in the future, including, but

4    not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach

5    of any duty, law, or rule, without regard to the subsequent discovery of existence of such

6    different or additional facts.  Plaintiffs acknowledge, and the Releasing Parties shall be deemed

7    to have acknowledged, and by operation of the Judgment shall have acknowledged, that the

8    foregoing waiver was separately bargained for and a key element of the Settlement Agreement of

9    which this release is a part.

10         9.3.    Upon the Effective Date, and as part of the Judgment, Qantas will waive any claim

11   for indemnity or contribution, however denominated, against any of the Defendants in the Actions

12   other than Qantas, arising out of or related to the claims or allegations asserted by Plaintiffs in the

13   Actions, whether arising under state, federal, or foreign law as claims, cross-claims,

14   counterclaims, or third-party claims, and whether asserted in the Actions, in this Court, in any

15   federal or state court, or in any other court, arbitration proceeding, administrative agency, or other

16   forum in the United States, or elsewhere, and all such claims shall be deemed extinguished,

17   discharged, satisfied and unenforceable.

18   **10.    Reservation of Settlement Class Members' Rights**

19         All rights of any Settlement Class Member against any Person other than the Released

20   Parties are specifically reserved by Plaintiffs and the Settlement Class Members.  Sales of

21   passenger air transportation by Qantas shall, to the extent permitted and/or authorized by U.S.

22   law, remain in the case against any other Defendants in the Actions as a potential basis for

23   damage claims and shall be part of any joint and several liability claims against Defendants in the

24   Actions or other persons or entities other than the Released Parties, to the extent permitted and/or

25   authorized by U.S. law.

26

27

28

**11.     Settlement Consideration**

11.1.    Except for those funds to be paid under paragraph 5.3 above, the total monetary amount payable by Qantas (comprising payment to the class, costs of class notice and administration, and attorneys' fees and costs) in settlement of all claims relating to the Actions, whether purchased in the United States or outside the United States, is U.S.D. $550,000.00. Within thirty (30) calendar days after the execution of this Settlement Agreement, Qantas will deposit the sum identified in paragraph 11.1 into an escrow account (the "Escrow Account") established by Plaintiffs.  The deposited sum shall be held in the Escrow Account until there is an order from the District Court concerning distribution or use of the sum identified in paragraph 11.1.  The Escrow Account will be established at a bank located within the Northern District of California, with such Bank serving as escrow agent ("Escrow Agent") subject to escrow instructions mutually acceptable to Settlement Class Counsel and Qantas, and such escrow to be administered under the Court's continuing supervision and control.

11.2.    The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, or money market funds invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then-current market rates.

11.3.    All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Settlement Agreement and/or further order(s) of the Court.

11.4.    Plaintiffs and Qantas intend for the Settlement Fund to be treated as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of paragraph 11.6, including the "relation-back election" (as defined in Treas. Reg.

1   1.468B-I) back to the earliest permitted date. Such elections shall be made in compliance with

2   the procedures and requirements contained in such regulations. It shall be the responsibility of

3   the Escrow Agent to timely and properly prepare and deliver the necessary documentation for

4   signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

5          11.5.   For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and

6   the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The

7   Escrow Agent shall timely and properly file all informational and other tax returns necessary or

8   advisable with respect to the Settlement Fund (including without limitation the returns described

9   in Treas. Reg. § 1.468B-2(k)(1)). Such returns (as well as the election described in paragraph 11.

10  4) shall be consistent with paragraph 11.6 and in all events shall reflect that all Taxes, as defined

11  below (including any estimated Taxes, interest or penalties), on the income earned by the

12  Settlement Fund shall be paid out of the Settlement Fund as provided in paragraph 11.8 hereof.

13         11.6.   All (i) taxes (including any estimated taxes, interest or penalties) arising with

14  respect to the income earned by the Settlement Fund, including any taxes or tax detriments that

15  may be imposed upon Qantas or any other Released Party with respect to any income earned by

16  the Settlement Fund for any period during which the Settlement Fund does not qualify as a

17  "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (ii) expenses

18  and costs incurred in connection with the operation and implementation of paragraphs 11. 6

19  through 11. 8 (including, without limitation, expenses of tax attorneys and/or accountants and

20  mailing and distribution costs and expenses relating to filing (or failing to file) the returns

21  described in paragraph 11.7 ("Tax Expenses")), shall be paid out of the Settlement Fund.

22         11.7.   Neither Qantas nor any other Released Party nor their respective counsel shall

23  have any liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax

24  Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund

25  and shall be timely paid, subject to Court approval, by the Escrow Agent out of the Settlement

26  Fund. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to

27  withhold from distribution to any claimants authorized by the Court any funds necessary to pay

28

1  such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses

2  (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2 (1)(2)).

3  Neither Qantas nor any other Released Party is responsible nor shall they have any liability

4  therefor. Plaintiff and Qantas agree to cooperate with the Escrow Agent, each other, and their tax

5  attorneys and accountants to the extent reasonably necessary to carry out the provisions of

6  paragraphs 11.3 through 11.10.

7      11.8.   If this Settlement Agreement does not receive final Court approval, or if the

8  Actions are not certified as a class action for settlement purposes, or if this Settlement Agreement

9  is terminated or voided for any reason, then all amounts paid by Qantas into the Settlement Fund

10  (including all income earned thereon and other than costs that may already have reasonably been

11  incurred or expended in accordance with paragraphs 5.3 and 11) shall be returned to Qantas from

12  the Escrow Account by the Escrow Agent, along with any interest accrued thereon, within ten

13  (10) business days after such order becomes final and non-appealable.

14      11.9.   If, after all costs (including notice costs), attorneys' fees, and any other expenses

15  have been paid from the Settlement Fund, there are any remaining funds, they shall be distributed

16  pro-rata to the Settlement Class in a manner consistent with a plan of allocation prepared by

17  Settlement Class Counsel, or in Settlement Class Counsel's reasonable judgment, be made the

18  subject of an application to the Court by Plaintiffs for *cy pres* distribution in accordance with

19  governing standards in the Ninth Circuit.

20  **12.    Administration of the Settlement**

21      The costs and expenses of administration of the settlement pursuant to the terms of this

22  Settlement Agreement shall be paid out of the Settlement Fund.  The Claims Administrator(s)

23  shall, on a monthly basis, submit invoices, with appropriate supporting documentation, to

24  Settlement Class Counsel for payment from the Escrow Account.  To the extent practicable, the

25  administration of this Settlement Agreement shall be coordinated with the administration of other

26  aspects of these Actions, including, but not limited to, any other settlement(s) entered into

27

28

SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND QANTAS AIRWAYS LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

1   between Plaintiffs and any other settling defendant(s) and/or the administration of any recovery

2   obtained on behalf of the class by summary judgment or trial.

3          Qantas shall not have any responsibility, financial obligation, or liability whatsoever with

4   respect to the investment, distribution, or administration of the Settlement Fund, including, but

5   not limited to, the costs and expenses of such investment, distribution and administration, except

6   as expressly otherwise provided in the Settlement Agreement.

7   **13.     Withdrawal From or Modification of the Settlement Agreement**

8          If the Court declines to approve this Settlement Agreement or any material part hereof, or

9   if such approval is materially modified or set aside on appeal, or if the Court does not enter the

10  Judgment, or if the Court enters the Judgment and appellate review is sought and, on such review,

11  such Judgment is not affirmed or is materially modified, then Qantas and Plaintiffs shall each, in

12  their respective sole discretion, have the option to rescind this Settlement Agreement in its

13  entirety.  If for any reason (including a party's exercise of a valid right to rescind this Settlement

14  Agreement), the Settlement Agreement does not receive final Court approval, then the

15  certification of the Settlement Class shall become null and void without further Court action, and

16  shall not be used or referred to for any further purpose in the Action or in any other action or

17  proceeding, and shall not prejudice any party in arguing for or against class certification in this

18  Action or in any other proceeding.

19         A modification or reversal on appeal of any amount of Settlement Class Counsel's fees

20  and expenses awarded by the Court or any plan of allocation of the Settlement Fund shall not be

21  deemed a modification of all or a part of the terms of this Settlement Agreement or the Judgment.

22  **14.     Cooperation**

23         14.1.    Qantas agrees to perform the following acts following execution of this

24  Settlement Agreement:

25              (a) respond in good faith to questions posed by Settlement Class Counsel concerning the

26                  transactional data previously produced by Qantas.

27

28

SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND QANTAS AIRWAYS LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

(b) Provide assistance reasonably necessary to establish the admissibility of all documents it has produced, including, as reasonably necessary, producing at trial in person, by deposition or by affidavit, whichever is legally required, representatives to testify as to the genuineness, status as business records, and authenticity of documents.

(c) Making Qantas' lead counsel available for up to a total of three (3) meetings via telephone or in Washington, D.C. for reasonable consultation, including but not limited to consultation regarding the involvement of other airlines in the alleged conspiracy, the interpretation of documents, and about the airline industry in general. A meeting for the purposes of this paragraph shall last no longer than four hours.

(d) Making available, upon reasonable notice and at mutually agreed dates, for interview via telephone, or at a location or locations of Qantas' choice, up to two (2) current and/or former Qantas employees, to be agreed upon by Settlement Class Counsel and counsel for Qantas, to (i) provide information about Plaintiffs' substantive allegations or (ii) provide a declaration about factual matters asserted by any Defendant(s) seeking summary disposition of these Actions before trial or to authenticate documents, it being understood that as to any former employee, Qantas' obligation under this clause is to use reasonable efforts to make such former employee available. An interview for the purposes of this paragraph shall last no longer than four hours. In the event that Plaintiffs believe more time is necessary for any interview conducted pursuant to this paragraph, they may request additional time from Qantas and Qantas shall consider such request in good faith. Witnesses under this section shall also be made available to testify at trial as needed. This paragraph is not intended to create any obligation on the part of Qantas if Qantas lacks knowledge concerning the factual basis of any motion for summary disposition filed or about Plaintiffs' substantive allegations.

(e) Providing assistance reasonably necessary to notify the class of this Settlement Agreement and the fairness hearing contemplated in Paragraph 7, above.

(f) The cooperation obligations of Qantas under this section are to be carried out in utmost good faith for the maximum benefit of the Plaintiffs and the class they purport to represent.

(g) In connection with its provision of information and testimony under this Settlement Agreement, Qantas shall have the right to assert the attorney-client privilege, attorney work-product protection, joint defense or any other protection, privilege or immunity available under United States law.

14.2.    All documents and information provided pursuant to paragraph 14.1 shall be confidential and shall be used only in connection with the Actions and only as provided under the terms of the Protective Order.  The confidentiality requirements of this paragraph shall continue to bind Plaintiffs and Settlement Class counsel even in the event that the Settlement Agreement is terminated or rescinded, rejected by the Court, or otherwise fails to take or remain in effect.

14.3.  The cooperation set forth in paragraph 14.1 shall constitute the exclusive means by which Plaintiffs and Settlement Class counsel may obtain discovery from Qantas or the Released Parties, whether under the Federal Rules of Civil Procedure or the laws or rules of any other jurisdiction.

**15.    No Admissions**

15.1.    The Parties intend the settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Actions and to compromise claims that are contested, and it shall not be deemed an admission by any party as to the merits of any claim or defense or any allegation made in the Actions.

15.2.    The Parties acknowledge that Qantas is entering into this Settlement Agreement to eliminate the distraction, burden and expense of protracted litigation.  Neither the settlement nor this Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement or this Settlement Agreement is or may be deemed to be or may be used as an admission of, or evidence of, Qantas' conduct having violated the laws of any state,

1  country, or other jurisdiction or of having caused any harm to any Person.  Neither the settlement

2  nor this Settlement Agreement, nor any act performed or document executed pursuant to or in

3  furtherance of the settlement or this Settlement Agreement, shall be admissible in any

4  proceeding for any purpose, except to consummate or enforce the terms of the Settlement

5  Agreement, and except that the Released Parties may file this Settlement Agreement or the

6  Judgment in any action for any purpose, including, but not limited to, in support of a defense or

7  counterclaim based on principles of res judicata, collateral estoppel, release, good faith

8  settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion

9  or similar defense or counterclaim.

10  **16.    Settlement Class Counsel's Attorneys' Fees and Expenses**

11       16.1.   The procedure for, and the allowance or disallowance by the Court of, any

12  application by Settlement Class Counsel for attorneys' fees and expenses are not part of the

13  settlement, and are to be considered by the Court separately from the Court's consideration of the

14  fairness, reasonableness and adequacy of the settlement.  Any order or proceeding relating to any

15  application for, or approval of, attorneys' fees and expenses, the pendency of any such

16  application, or any appeal or review of an order relating thereto or reversal or modification

17  thereof, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the

18  finality of the Judgment.  Qantas agrees that Settlement Class Counsel may withdraw from the

19  Settlement Fund any amount awarded by the Court for attorneys' fees and costs five (5) days

20  following the Court's award, subject to an appropriate financial undertaking required by the Court

21  in the event of an appeal of the Court's award of attorneys' fees and expenses.

22       16.2.   Qantas shall have no responsibility for, and no liability whatsoever with respect to,

23  the division of attorneys' fees and expenses among Settlement Class Counsel, and any negotiation

24  or dispute among Settlement Class Counsel in that regard shall not operate to terminate or cancel

25  this Settlement Agreement, or affect or delay the finality of the Judgment.

26       16.3.   Except as otherwise provided herein, Plaintiffs and Qantas shall each be

27  responsible for bearing their own costs and fees and expenses incurred in this Action. Qantas

28

1  shall not be liable for any costs, fees, or expenses of Plaintiffs' respective attorneys, experts,

2  advisors, agents, or representatives, but all such costs, fees, and expenses may be paid out of the

3  Settlement Fund, or as provided under Paragraph 5.3, or as otherwise approved by the Court.

4  **17.     Miscellaneous Provisions**

5         17.1.   Qantas expressly represents that it has obtained all required approvals from its

6  management for this Settlement Agreement.

7         17.2.   This Settlement Agreement shall constitute the entire agreement between the

8  Parties pertaining to the settlement of the Actions against Qantas and supersedes any and all prior

9  and contemporaneous undertakings of the Parties in connection therewith.  The terms of the

10  Settlement Agreement are and shall be binding upon each of the Parties hereto, their heirs,

11  executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-

12  interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto

13  through any of the parties hereto including any Settlement Class Members.

14         17.3.   This Settlement Agreement may be modified or amended only by a writing

15  executed by Plaintiffs and Qantas, subject (if after preliminary or final approval by any court) to

16  approval by the Court.  Amendments and modifications may be made without notice to the

17  Settlement Class unless notice is required by law or by the Court.

18         17.4.   None of the Parties hereto shall be considered to be the drafter of this Settlement

19  Agreement or any provision hereof for the purpose of any statute, case law or rule of

20  interpretation or construction that would or might cause any provision to be construed against the

21  drafters hereof.

22         17.5.   Plaintiffs and Qantas acknowledge that they have been represented by counsel, and

23  have made their own investigations of the matters covered by this Settlement Agreement to the

24  extent they have deemed it necessary to do so.  Therefore, Plaintiffs and Qantas and their

25  respective counsel agree that they will not seek to set aside any part of the Settlement Agreement

26  on the grounds of mistake.  Moreover, Plaintiffs and Qantas and their respective counsel

27  understand, agree, and expressly assume the risk that any fact may turn out hereinafter to be other

28

1   than, different from, or contrary to the facts now known to them or believed by them to be true,

2   and further agree that the Settlement Agreement shall be effective in all respects and shall not be

3   subject to termination, modification, or rescission by reason of any such difference in facts.

4        17.6.   All terms of this Settlement Agreement shall be governed by and interpreted

5   according to the substantive laws of the State of California, without regard to its choice of law or

6   conflicts of laws principles.

7        17.7.   This Settlement Agreement shall be construed and interpreted to effectuate the

8   intent of the Parties which is to provide, through this Settlement Agreement, for a complete

9   resolution of the Released Claims with respect to the Released Parties.

10       17.8.   Nothing expressed or implied in this Settlement Agreement is intended to or shall

11   be construed to confer upon or give any person or entity other than Class Members, Releasing

12   Parties, and Released Parties any right or remedy under or by reason of this Settlement

13   Agreement.

14       17.9.   If any provision of this Settlement Agreement is found by a court of competent

15   jurisdiction to be illegal, invalid or unenforceable for any reason, the remainder of this Settlement

16   Agreement will not be affected, and, in lieu of each provision that is found illegal, invalid or

17   unenforceable, a provision will be added as a part of this Settlement Agreement that is as similar

18   to the illegal, invalid or unenforceable provision as may be legal, valid and enforceable.

19       17.10.  Qantas, Plaintiffs and all Settlement Class Members hereby irrevocably submit to

20   the exclusive jurisdiction of the United States District Court for the Northern District of

21   California for any suit, action, proceeding or dispute arising out of or relating to this Settlement

22   Agreement or the applicability of this Settlement Agreement, including, without limitation, any

23   suit, action, proceeding or dispute relating to the release provisions herein.

24       17.11.  This Settlement Agreement may be executed in counterparts.  Facsimile or pdf

25   signatures shall be considered as valid signatures for purposes of execution of this Settlement

26   Agreement, but original signature pages shall thereafter be collated for filing of this Settlement

27   Agreement with the Court.

28

1    17.12.  Each of the undersigned attorneys represents that he or she is fully authorized to

2    enter into the terms and conditions of, and execute, this Settlement Agreement, subject to Court

3    approval, and the undersigned Settlement Class Counsel represent that they are authorized to

4    execute this Settlement Agreement on behalf of Plaintiffs and the proposed Settlement Class.

5        IN WITNESS HEREOF, the Parties hereto through their fully authorized representatives

6    have agreed to this Settlement Agreement as of the date first written above.

7    Dated: _____, 2014

8    By: _____          By: _____

9

10   Christopher L. Lebsock                  W. Todd Miller
     Hausfeld LLP                            Baker & Miller P.L.L.C.
11   44 Montgomery Street                    2401 Pennsylvania Ave., N.W., Suite 300
     San Francisco, CA 94111                 Washington, DC 20037
12   (415) 633-1908 (telephone)              (202) 663-7820 (telephone)
     (415) 358-4980 (facsimile)              (202) 663-7849 (facsimile)

13
                                             *Counsel for Qantas Airways Limited*
14   *Co-Counsel for Plaintiffs and Settlement*
     *Class Counsel*

15   By: _____

16

17   Steven N. Williams
     Cotchett, Pitre & McCarthy, LLP
18   San Francisco Airport Office Center
     840 Malcolm Road, Suite 200
19   Burlingame, CA 94010
     (650) 697-6000 (telephone)
20   (650) 697-0577 (facsimile)

21   *Co-Counsel for Plaintiffs and Settlement*
     *Class Counsel*

22

23

24

25

26

27

28

SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND QANTAS AIRWAYS LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR
22