# EXHIBIT 2

1  Joseph W. Cotchett (36324; jcotchett@cpmlegal.com)
   Steven N. Williams (175489; swilliams@cpmlegal.com)
2  Adam J. Zapala (245748; azapala@cpmlegal.com)
   Elizabeth Tran (280502; etran@cpmlegal.com)
3  **COTCHETT, PITRE & McCARTHY, LLP**
   San Francisco Airport Office Center
4  840 Malcolm Road, Suite 200
   Burlingame, CA 94010
5  Telephone: 650-697-6000
   Facsimile:  650-697-0577
6
   Michael P. Lehmann (77152; mlehmann@hausfeldllp.com)
7  Christopher L. Lebsock (184546; clebsock@hausfeldllp.com)
   **HAUSFELD LLP**
8  44 Montgomery Street
   San Francisco, CA 94111
9  Telephone: (415) 633-1908
   Facsimile: (415) 358-4980
10
   Michael D. Hausfeld (mhausfeld@hausfeldllp.com)
11 **HAUSFELD LLP**
   1700 K Street, Suite 650
12 Washington, D.C. 20006
   Telephone: (202) 540-7200
13 Facsimile: (202) 540-7201

14 *Interim Co-Lead Counsel for Plaintiffs*

15              **UNITED STATES DISTRICT COURT**
            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
16                   **SAN FRANCISCO DIVISION**

17 **IN RE TRANSPACIFIC PASSENGER**      Case No. 3:07-cv-05634-CRB-DMR
18 **AIR TRANSPORTATION ANTITRUST**
   **LITIGATION**                        **MDL No. 1913**
19 ─────────────────────────            **Honorable Charles R. Breyer**
20 **This Document Relates to:**         **SETTLEMENT AGREEMENT**
                                         **BETWEEN PLAINTIFFS AND**
21 **ALL ACTIONS**                       **SINGAPORE AIRLINES**
                                         **LIMITED**
22
23
24
25
26
27
28

1       This Settlement Agreement, dated *August 13*, 2014 (the "Settlement Agreement"), is

2 made and entered into by and among defendant Singapore Airlines Limited ("SQ") and Meor

3 Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller, Scott Frederick, David Kuo, Dickson

4 Leung, Brendan Maloof, Donald Wortman, Harley Oda, Roy Onomura, Shinsuke Kobayashi,

5 Patricia Lee, Nancy Kajiyama, Della Ewing Chow, and James Kawaguchi ("Plaintiffs"),

6 individually and as representatives of the class of similarly situated plaintiffs as more specifically

7 defined below, in the MDL class action In re Transpacific Passenger Air Transportation Antitrust

8 Litigation, 07-cv-5634-CRB, MDL No. 1913, currently pending before the Honorable Charles R.

9 Breyer in the United States District Court for the Northern District of California, San Francisco

10 Division.

11       WHEREAS, Plaintiffs have filed a complaint alleging, among other things, that SQ

12 participated in an unlawful conspiracy or conspiracies to restrain trade, pursuant to which SQ and

13 other defendants ("Defendants") agreed to fix, raise, maintain, and/or stabilize prices for air

14 passenger travel, including associated surcharges, for international flights involving at least one

15 flight segment between the United States and Asia/Oceania.

16       WHEREAS, Interim Class Counsel have concluded, after an investigation into the facts

17 and the law, and after carefully considering the circumstances of claims made by Plaintiffs and

18 the Class, and the possible legal and factual defenses thereto, that it is in the best interests of

19 Plaintiffs and the Settlement Class to enter into this Settlement Agreement with SQ to avoid the

20 uncertainties and risks of litigation, and that the Settlement set forth herein is fair, reasonable,

21 adequate and in the best interests of the Settlement Class.

22       WHEREAS, SQ has concluded, despite its belief that there is no legal or factual basis for

23 its liability in this matter, and that it has good defenses with respect to Plaintiffs' claims, that it is

24 in its best interests to enter into this Settlement Agreement to avoid the burden and costs of

25 litigation.

26

27

28 SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND SINGAPORE AIRLINES LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

1   WHEREAS, Plaintiffs and SQ agree that neither this Settlement Agreement nor any

2   statement made in the negotiation thereof shall be deemed or construed to be an admission by or

3   evidence against SQ or any of its alleged co-conspirators or evidence of the truth of any of

4   Plaintiffs' allegations;

5   WHEREAS, Interim Class Counsel and SQ have engaged in arm's-length settlement

6   negotiations and have reached this Settlement Agreement, which embodies all of the terms and

7   conditions of the Settlement between Plaintiffs and SQ, subject to approval of the Court.

8   NOW, THEREFORE, in consideration of the promises, mutual promises, covenants,

9   agreements and releases set forth herein and for other good and valuable consideration, and

10  incorporating the above recitals herein, it is agreed by the undersigned, on behalf of SQ,

11  Plaintiffs, and the Settlement Class, that the Actions and all claims of Plaintiffs and the

12  Settlement Class that have been or could be asserted in the Actions be settled, compromised and

13  dismissed on the merits and with prejudice as to SQ and, except as hereinafter provided, without

14  costs as to Plaintiffs, the Settlement Class or SQ, subject to court approval, on the following terms

15  and conditions:

16  **1.    Definitions**

17  1.1.    "Actions" means the class action captioned In re Transpacific Passenger Air

18  Transportation Antitrust Litigation, 07-cv-5634-CRB, MDL No. 1913, currently pending before

19  the Honorable Charles R. Breyer in the United States District Court for the Northern District of

20  California, San Francisco Division, and all actions relating to the claims alleged in "Plaintiffs'

21  Second Amended Consolidated Class Action Complaint" filed in that litigation that were

22  originally filed in the United States District Court for the Northern District of California, those

23  that have been or are subsequently filed in or transferred for coordinated pretrial proceedings to

24  such court by the Judicial Panel on Multidistrict Litigation as part of MDL No. 1913, all actions

25  that may be transferred or filed in the future, and all actions that are otherwise based on the

26  conduct alleged in the above-captioned litigation.

27

28  SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND SINGAPORE AIRLINES LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

2

1    1.2.    "Court" means the United States District Court for the Northern District of

2    California.

3    1.3.    "Effective Date" means the earliest date on which all of the events and conditions

4    specified in paragraph 8 herein have occurred or have been met.

5    1.4.    "Judgment" means a final order of judgment, dismissal, and approval of the

6    Settlement, to be rendered by the Court.

7    1.5.    "Parties" means Plaintiffs, Settlement Class Members, and SQ.

8    1.6.    "Defendants" means Air France, Air New Zealand, All Nippon Airways Company,

9    Limited, Cathay Pacific Airways Limited, China Airlines Limited, Continental Airlines, Inc.,

10    EVA Airways Corporation, Japan Airlines International Company, Ltd. ("JAL"); Malaysian

11    Airline System Berhad, Philippine Airlines, Inc., Qantas Airways Limited, Singapore Airlines

12    Limited, Thai Airways International Public Co., Ltd., and Vietnam Airlines Company Limited.

13    1.7.    "Person" means an individual or an entity.

14    1.8.    "Plaintiffs" means Meor Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller,

15    Scott Frederick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman, Harley Oda,

16    Roy Onomura, Shinsuke Kobayashi, Patricia Lee, Nancy Kajiyama, Della Ewing Chow, and

17    James Kawaguchi, and any other plaintiffs designated by the Court as class representatives,

18    individually and on behalf of the Settlement Class.

19    1.9.    "Preliminary Approval Order" means an order preliminarily approving the

20    Settlement, to be rendered by the Court.

21    1.10.    "Released Claims" means any and all claims, demands, actions, suits, and causes

22    of action, whether class, individual, or otherwise, damages, and liabilities of any nature, including

23    without limitation claims for costs, expenses, penalties, and attorneys' fees, that the Releasing

24    Parties, or any one of them, ever had, now has, or hereafter can, shall, or may have, directly,

25    representatively, derivatively, or in any other capacity, against the Released Parties or any of

26    them, whether such claims are based on federal, state, local, statutory, or common law, or any

27

28    SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND SINGAPORE AIRLINES LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

3

1   other law, code, rule, or regulation of any country or other jurisdiction worldwide, regardless of

2   whether such claims are known or unknown, suspected or unsuspected, asserted or unasserted,

3   foreseen or unforeseen, actual or contingent, liquidated or unliquidated, regardless of legal theory,

4   and regardless of the type or amount of relief or damages claimed, or claims that have been, could

5   have been, or in the future might have in law or in equity, on account of,  arising out of, resulting

6   from, or in any way related to any conduct regardless of where it occurred at any time prior to the

7   Effective Date, concerning the purchase of passenger air transportation between the United States

8   and Asia/Oceania, including but not limited to the pricing, selling, discounting, or marketing of

9   one-way and round-trip passenger air transportation between the United States and Asia/Oceania

10  (but only to the extent such transportation originated in the United States) by SQ or Defendants or

11  their alleged co-conspirators, including, without limitation, pricing of fares or fuel surcharges or

12  any other element of, component of, or surcharge upon such pricing, or with respect to the facts,

13  occurrences, transactions or other matters that were alleged or could have been alleged in the

14  Second Amended Consolidated Class Action Complaint in the above-captioned matter or in the

15  complaints in any of the Actions.

16       1.11.   "Released Parties" means, jointly and severally, individually and collectively: SQ,

17  its present and former parents, subsidiaries, divisions and affiliates, each of their respective past

18  and present officers, directors, employees and agents, attorneys, representatives and the

19  predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

20  As used in this definition, "affiliates" means entities controlling, controlled by or under common

21  control with any of the Released Parties.

22       1.12.   "Releasing Parties" means, jointly and severally, and individually and collectively:

23  Plaintiffs and all Settlement Class Members who do not exclude themselves from the Settlement

24  Class in the manner directed by the Court in its order preliminarily approving this Settlement,

25  their present and former parents, subsidiaries, divisions and affiliates, each of their respective past

26  and present officers, directors, employees and agents, attorneys, representatives and the

27

28

1   predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.

2   As used in this definition, "affiliates" means entities controlling, controlled by or under common

3   control with any of the Releasing Parties.

4         1.13.   "Settlement Class Counsel" means the law firms of Cotchett Pitre & McCarthy,

5   LLP, San Francisco Airport Center, 840 Malcolm Road, Suite 200, Burlingame, CA 94010 and

6   Hausfeld, LLP, 44 Montgomery Street, San Francisco, CA, 94104 and 1700 K Street, Suite 650,

7   Washington, DC 20006.

8         1.14.   "Settlement Class Members" means, collectively, all members of the Settlement

9   Class as defined in paragraph 3 herein.

10        1.15.   "Settlement Fund" shall mean those monies representing the consideration to be

11  paid by SQ pursuant to paragraph 11.1 of this Agreement and any interest or earnings relating to

12  such consideration as provided for herein.

13  **2.    Cooperation and Effectuation of this Agreement**

14        Plaintiffs and SQ shall use all reasonable efforts to effectuate this Agreement, including

15  cooperating in Plaintiffs' efforts to obtain the Court's approval of procedures (including the

16  giving of class notice under Rules 23(c) and 23(e) of the Federal Rules of Civil Procedure) and to

17  secure certification of the Settlement Class for settlement purposes only and the prompt,

18  complete, and final dismissal with prejudice of the Actions as to SQ.  At least 5 court days prior

19  to the filing of any motions or other papers in connection with the Settlement, including without

20  limitation, the motions for preliminary approval of the Settlement (as contemplated in paragraph

21  4.1 of this Agreement) and for final approval of the Settlement (as contemplated in paragraph 7.1

22  of this Agreement), Plaintiffs will send these papers to SQ.  The text of any proposed form of

23  order approving the Settlement Agreement shall be agreed upon by Plaintiffs and SQ before it is

24  submitted to the Court.

25  **3.    Class Certification**

26        In connection with Plaintiffs' motion for preliminary approval of the Settlement,

27

28  SETTLEMENT AGREEMENT BETWEEN
    PLAINTIFFS AND SINGAPORE AIRLINES LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR
    5

1   pursuant to paragraph 4.1 herein, Plaintiffs shall seek certification of the following Settlement

2   Class:

3        Settlement Class:  All persons and entities that purchased passenger air transportation that

4        included at least one flight segment between the United States and Asia or Oceania from

5        Defendants or their co-conspirators, or any predecessor, subsidiary or affiliate thereof, at

6        any time between January 1, 2000 and the Effective Date.  Excluded from the class are

7        purchases of passenger air transportation between the United States and the Republic of

8        South Korea purchased from Korean Air Lines, Ltd. and/or Asiana Airlines, Inc.  Also

9        excluded from the class are governmental entities, Defendants, former defendants in the

10        Actions, any parent, subsidiary or affiliate thereof, and Defendants' officers, directors,

11        employees and immediate families.

12   **4.**    **Motion for Preliminary Approval**

13        4.1.   Plaintiffs, with the cooperation of SQ, shall file with the Court a motion requesting

14   entry of a Preliminary Approval Order, *inter alia*:

15           (a)    preliminarily approving the Settlement;

16           (b)    scheduling a hearing (the "Fairness Hearing") to consider (i) whether the

17           Settlement should be approved as fair, reasonable, and adequate to Settlement

18           Class Members, and whether the Judgment should be entered dismissing the

19           claims of Plaintiffs and all Settlement Class Members on the merits and with

20           prejudice; and (ii) whether to approve any application by Settlement Class Counsel

21           for an award of attorneys' fees and payment of costs and expenses;

22           (c)    certifying the Settlement Class for settlement purposes only, and finding

23           that each element for certification of the Settlement Class pursuant to Rule 23 of

24           the Federal Rules of Civil Procedure is met;

25           (d)    approving the Parties' proposed methods for giving notice of the

26           Settlement and the Fairness Hearing to Settlement Class Members;

27

28   SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND SINGAPORE AIRLINES LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

(e)     approving the Parties' proposed forms of notice;

(f)     setting the date by which any Settlement Class Member who seeks exclusion from a Settlement Class must submit a Request for Exclusion, which shall, subject to the Court's approval, be a date no earlier than forty-five (45) days after notice is given to Settlement Class Members, and no later than fourteen (14) days prior to the Fairness Hearing;

(g)     setting the date by which any Settlement Class Member may serve written objections to the Settlement or to any application by Settlement Class Counsel for attorneys' fees and expenses, which shall, subject to the Court's approval, be fourteen (14) days prior to the Fairness Hearing; and

(h)     enjoining initiation, commencement, or prosecution of any action or claim that is subject to the release and dismissal contemplated by this Settlement, by any Releasing Party.

4.2.     Plaintiffs shall seek, and SQ shall support, certification solely for purposes of this Settlement of the Settlement Class as defined herein, and appointment of Settlement Class Counsel as lead counsel for purposes of this Settlement Agreement.

**5.     Notice to Settlement Class Members**

5.1.     In accordance with the requirements of Federal Rule of Civil Procedure 23 and due process, individual notice shall be given to those Settlement Class Members whom the Parties can identify with reasonable effort, in accordance with Federal Rule of Civil Procedure 23 and to the extent not prohibited by law.  In addition, in order to provide notice of the settlement to those Settlement Class Members who do not receive individual notice pursuant to paragraph 5.1 herein, notice shall be given by publication in such manner and scope as is reasonable, and consistent with the requirements of Federal Rule of Civil Procedure 23.  Plaintiffs shall develop, with the cooperation of SQ, the details of the publication notice program.  Plaintiffs shall submit an agreed publication notice program to the Court or, in the absence of agreement upon the publication

1  notice program, Plaintiffs shall submit their proposed publication notice program to the Court and

2  SQ shall submit any objections within ten (10) days thereafter.

3      5.2.     If any other settlement class is certified by the Court in these Actions, the parties

4  to this Settlement Agreement agree that the notice program to be implemented pursuant to this

5  Settlement Agreement may be combined with notice of such other settlement class(es) as may be

6  certified by the Court.

7      5.3.     The costs and expenses associated with providing notice of the settlement to

8  members of the Settlement Class pursuant to the Court-approved notification plan shall be paid

9  from the Settlement Fund, and SQ shall have no further obligation to pay for the costs and

10  expenses of providing notice of the Settlement to members of the Settlement Class.

11  **6.     Requests for Exclusion**

12      6.1.     Any Person that wishes to seek exclusion from the Settlement Class must timely

13  submit a written request for exclusion as provided in this paragraph (a "Request for Exclusion").

14  Any Person who timely submits a Request for Exclusion shall be excluded from the Settlement

15  Class, shall have no rights with respect to this Settlement Agreement, and shall receive no

16  benefits as provided in this Settlement Agreement. A Request for Exclusion must be in writing

17  and state the name, address, and telephone number of the Person(s) seeking exclusion. A Request

18  for Exclusion must be mailed to Settlement Class Counsel at the address provided in the notices

19  to Settlement Class Members and postmarked (or mailed by overnight delivery) no later than

20  fourteen (14) days prior to the date set for the Fairness Hearing or any other date set by the Court.

21      6.2.     Settlement Class Counsel shall forward a list of all Requests for Exclusion to SQ's

22  counsel within three (3) business days of the expiration of the time for requesting exclusion from

23  the Class.

24  **7.     Fairness Hearing**

25      7.1.     At the Fairness Hearing, Plaintiffs shall seek entry of a Judgment *inter alia*:

26

27

28  SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND SINGAPORE AIRLINES LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

(a)   finally approving the Settlement and its terms as being fair, reasonable, and adequate, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing its consummation according to its terms;

(b)   determining that the notices to Settlement Class Members constituted, under the circumstances, the best practicable notice of this Settlement Agreement and the Fairness Hearing, and constituted due and sufficient notice for all other purposes to all Persons entitled to receive notice;

(c)   directing that, as to SQ, the Actions be dismissed with prejudice and, except as provided for in this Settlement Agreement, without costs;

(d)   permanently barring and enjoining the institution, commencement, or prosecution, by any of the Releasing Parties, of any action asserting any Released Claim against any Released Party, in any local, state, federal, or other court of any nation, or in any agency or other authority or arbitral or other forum wherever located;

(e)   providing that any Settlement Class Member who fails to object in the manner prescribed in the Settlement Agreement shall be deemed to have waived any objections to the settlement and the Settlement Agreement and will forever be barred from making any such objections to the Settlement or the Settlement Agreement;

(f)   retaining exclusive jurisdiction over the settlement and this Settlement Agreement, including the administration and consummation of the settlement; and

(g)   determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal as to SQ shall be final and entered forthwith.

7.2.   Any Settlement Class Member who has not requested exclusion from the Settlement Class and who objects to the Settlement may appear at the Fairness Hearing in person

1  or through counsel, at their own expense, to present any evidence or argument with respect to the

2  settlement, to the extent permitted by the Court. Written objections must be filed with the Court

3  no later than fourteen (14) days prior to the date set for the Fairness Hearing, and mailed to

4  Settlement Class Counsel and SQ's counsel, postmarked no later than fourteen (14) days prior to

5  the date of the Fairness Hearing. Any Settlement Class Member who fails to object in the manner

6  prescribed herein shall be deemed to have waived any objections to the Settlement and this

7  Settlement Agreement and will forever be barred from making any such objections to the

8  Settlement or this Settlement Agreement.

9  **8.    Effective Date of Agreement**

10        This Settlement Agreement shall become final and effective on the earliest date on which

11  all of the following events and conditions have occurred or have been met (the "Effective Date"):

12        (a)    the Court has entered the Judgment, following notice to the Settlement Class and

13              the Fairness Hearing, approving this Settlement Agreement under Rule 23(e) of the

14              Federal Rules of Civil Procedure and dismissing the Actions against SQ with prejudice as

15              to all Settlement Class Members, and without costs except as specified herein; and

16        (b)    the time for appeal or to seek permission to appeal from the Judgment has expired

17              or, if appealed, approval of this Settlement Agreement and the Judgment has been

18              affirmed in its entirety by the court of last resort to which such appeal has been taken and

19              such affirmance has become no longer subject to further appeal or review. It is agreed

20              that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All

21              Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated

22              times.

23  **9.    Release and Covenant not to Sue**

24        9.1.    Upon the Effective Date, and in consideration of the good and valuable

25  consideration set forth in this Settlement Agreement, the sufficiency and receipt of which is

26  hereby acknowledged, each of the Releasing Parties shall be deemed to have, and by operation of

27

28  SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND SINGAPORE AIRLINES LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

1    the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all

2    Released Claims against the Released Parties, shall have covenanted not to sue any of the

3    Released Parties with respect to any such Released Claims, and shall be permanently barred and

4    enjoined from instituting, commencing, prosecuting or asserting any such Released Claim against

5    any of the Released Parties.

6           9.2.     With respect to any and all Released Claims, the Parties stipulate and agree that,

7    upon the Effective Date, Plaintiffs shall expressly waive, and, upon the Effective Date, each of

8    the Releasing Parties shall be deemed to have waived, and by operation of the Judgment shall

9    have waived, the provisions, rights, and benefits of California Civil Code Section 1542 and

10   South Dakota Codified Laws Section 20-7-11 (to the extent either or both of them apply to the

11   Actions), each of which provides that "[a] general release does not extend to claims which the

12   creditor does not know or suspect to exist in his favor at the time of executing the release, which

13   if known by him must have materially affected his settlement with the debtor," and of any

14   similar provision, statute, regulation, rule, or principle of law or equity of any other state or

15   territory of the United States or any other applicable jurisdiction.  Plaintiffs and Releasing

16   Parties expressly acknowledge that they may hereafter discover facts in addition to or different

17   from those that any of them or their counsel now knows or believes to be true with respect to the

18   subject matter of the Released Claims or otherwise, but upon the Effective Date each Plaintiff

19   shall expressly have, and, upon the Effective Date, each Releasing Party shall be deemed to

20   have, and by operation of the Judgment shall have, fully, finally, and forever settled and released

21   any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-

22   contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon

23   any theory of law or equity now existing or coming into existence in the future, including, but

24   not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach

25   of any duty, law, or rule, without regard to the subsequent discovery of existence of such

26   different or additional facts.  Plaintiffs acknowledge, and the Releasing Parties shall be deemed

27

28   SETTLEMENT AGREEMENT BETWEEN
     PLAINTIFFS AND SINGAPORE AIRLINES LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

1  to have acknowledged, and by operation of the Judgment shall have acknowledged, that the

2  foregoing waiver was separately bargained for and a key element of the Settlement of which this

3  release is a part.

4      9.3.    Upon the Effective Date, and as part of the Judgment, SQ will waive any claim for

5  indemnity or contribution, however denominated, against any of the Defendants in the Actions

6  other than SQ, arising out of or related to the payment set forth in paragraph 11.1 and the

7  settlement of the claims or allegations asserted by Plaintiffs in the Actions, whether arising under

8  state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, and

9  whether asserted in the Actions, in this Court, in any federal or state court, or in any other court,

10 arbitration proceeding, administrative agency, or other forum in the United States, or elsewhere,

11 and all such claims shall be deemed extinguished, discharged, satisfied and unenforceable.

12 **10.    Reservation of Settlement Class Members' Rights**

13     All rights of any Settlement Class Member against any co-conspirator or any other

14 Person other than the Released Parties are specifically reserved by Plaintiffs and the Settlement

15 Class Members.  Sales of passenger air transportation by SQ shall, to the extent permitted and/or

16 authorized by U.S. law, remain in the case against any other future defendants in the Actions as a

17 potential basis for damage claims and shall be part of any joint and several liability claims against

18 future defendants in the Actions or other persons or entities other than the Released Parties.

19 **11.    Settlement Consideration**

20     11.1.    The total monetary amount payable by SQ (comprising payment to the class, costs

21 of class notice and administration, and attorneys' fees and costs) in settlement of all claims

22 relating to the Actions, whether purchased in the United States or outside the United States, is

23 U.S.D. $9,200,000.00.  Within sixty (60) calendar days after the execution of this Agreement, SQ

24 will deposit the sum identified in paragraph 11.1 into an escrow account (the "Escrow Account")

25 established by Plaintiffs.  The deposited sum shall be held in the Escrow Account until there is an

26 order from the District Court concerning distribution or use of the sum identified in paragraph

27

28 SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND SINGAPORE AIRLINES LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

1   11.1.  The Escrow Account will be established at a bank located within the Northern District of

2   California, with such Bank serving as escrow agent ("Escrow Agent") subject to escrow

3   instructions mutually acceptable to Settlement Class Counsel and SQ, such escrow to be

4   administered under the Court's continuing supervision and control.

5        11.2.   The Escrow Agent shall cause the funds deposited in the Escrow Account to be

6   invested in instruments backed by the full faith and credit of the United States Government or

7   fully insured by the United States Government or an agency thereof, or money market funds

8   invested substantially in such instruments, and shall reinvest any income from these instruments

9   and the proceeds of these instruments as they mature in similar instruments at their then-current

10   market rates.

11        11.3.   All funds held in the Escrow Account shall be deemed and considered to be in

12   custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such

13   time as such funds shall be distributed pursuant to this Settlement Agreement and/or further

14   order(s) of the Court.

15        11.4.   Plaintiffs and SQ intend for the Settlement Fund to be treated as being at all times

16   a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1.  In addition, the

17   Escrow Agent shall timely make such elections as necessary or advisable to carry out the

18   provisions of paragraph 11.6, including the "relation-back election" (as defined in Treas. Reg.

19   1.468B-I) back to the earliest permitted date.  Such elections shall be made in compliance with

20   the procedures and requirements contained in such regulations.  It shall be the responsibility of

21   the Escrow Agent to timely and properly prepare and deliver the necessary documentation for

22   signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

23        11.5.   For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and

24   the regulations promulgated thereunder the "administrator" shall be the Escrow Agent. The

25   Escrow Agent shall timely and properly file all informational and other tax returns necessary or

26   advisable with respect to the Settlement Fund (including without limitation the returns described

27

28   SETTLEMENT AGREEMENT BETWEEN
    PLAINTIFFS AND SINGAPORE AIRLINES LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

1    in Treas. Reg. § 1.468B-2(k)(1)). Such returns (as well as the election described in paragraph 11.

2    4) shall be consistent with paragraph 11. 6 and in all events shall reflect that all Taxes, as defined

3    below (including any estimated Taxes, interest or penalties), on the income earned by the

4    Settlement Fund shall be paid out of the Settlement Fund as provided in paragraph 11.8 hereof.

5         11.6.    All (i) taxes (including any estimated taxes, interest or penalties) arising with

6    respect to the income earned by the Settlement Fund, including any taxes or tax detriments that

7    may be imposed upon SQ or any other Released Party with respect to any income earned by the

8    Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified

9    settlement fund" for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs

10   incurred in connection with the operation and implementation of paragraphs 11. 6 through 11. 8

11   (including, without limitation, expenses of tax attorneys and/or accountants and mailing and

12   distribution costs and expenses relating to filing (or failing to file) the returns described in

13   paragraph 11.7 ("Tax Expenses")), shall be paid out of the Settlement Fund.

14        11.7.    Neither SQ nor any other Released Party nor their respective counsel shall have

15   any liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax

16   Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund

17   and shall be timely paid, subject to Court approval, by the Escrow Agent out of the Settlement

18   Fund. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to

19   withhold from distribution to any claimants authorized by the Court any funds necessary to pay

20   such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses

21   (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2 (1)(2)).

22   Neither SQ nor any other Released Party is responsible nor shall they have any liability therefor.

23   Plaintiff and SQ agree to cooperate with the Escrow Agent, each other, and their tax attorneys and

24   accountants to the extent reasonably necessary to carry out the provisions of paragraphs 11.3

25   through 11.10.

26

27

28   SETTLEMENT AGREEMENT BETWEEN
     PLAINTIFFS AND SINGAPORE AIRLINES LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

1    11.8.   If this Agreement does not receive final Court approval, or if the Actions are not

2    certified as a class action for settlement purposes, or if this Agreement is terminated or voided for

3    any reason, then all amounts paid by SQ into the Settlement Fund (other than costs that may

4    already have reasonably been incurred or expended in accordance with paragraphs 5.3 and 11)

5    shall be returned to SQ from the Escrow Account by the Escrow Agent, along with any interest

6    accrued thereon, within ten (10) business days after such order becomes final and non-appealable.

7    11.9.   If, after all costs (including notice costs), attorneys' fees, and any other expenses

8    have been paid from the Settlement Fund, there are any remaining funds, they shall be distributed

9    pro-rata to the Settlement Class in a manner consistent with a plan of allocation prepared by

10   Settlement Class Counsel, or in Settlement Class Counsel's reasonable judgment, be made the

11   subject of an application to the Court by Plaintiffs for *cy pres* distribution in accordance with

12   governing standards in the Ninth Circuit.

13   11.10.   SQ shall not have any responsibility, financial obligation, or liability whatsoever

14   with respect to the investment, distribution, or administration of the Escrow Account, including

15   (but not limited to) the costs and expenses of such investment, distribution or administration.

16   **12.     Administration of the Settlement**

17   The costs and expenses of administration of the settlement pursuant to the terms of this

18   Settlement Agreement shall be paid out of the Settlement Fund.  The Claims Administrator(s)

19   shall, on a monthly basis, submit invoices, with appropriate supporting documentation, to

20   Settlement Class Counsel for payment from the Escrow Account.  To the extent practicable, the

21   administration of this Settlement shall be coordinated with the administration of other aspects of

22   these Actions, including, but not limited to, any other settlement(s) entered into between Plaintiffs

23   and any other settling defendant(s) and/or the administration of any recovery obtained on behalf

24   of the class by summary judgment or trial.  SQ shall not have any responsibility, financial

25   obligation, or liability whatsoever with respect to the administration of the settlement.

26

27

28   SETTLEMENT AGREEMENT BETWEEN
     PLAINTIFFS AND SINGAPORE AIRLINES LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

1 **13. Withdrawal From or Modification of the Settlement**

2       If the Court declines to approve this Settlement Agreement or any material part hereof, or

3 if such approval is materially modified or set aside on appeal, or if the Court does not enter the

4 Judgment, or if the Court enters the Judgment and appellate review is sought and, on such review,

5 such Judgment is not affirmed or is materially modified, then SQ and Plaintiffs shall each, in their

6 respective sole discretion, have the option to rescind this Settlement Agreement in its entirety. If

7 for any reason (including a party's exercise of a valid right to rescind this Settlement Agreement),

8 the Settlement Agreement does not receive final Court approval, then the certification of the

9 Settlement Class shall become null and void without further Court action, and shall not be used or

10 referred to for any further purpose in the Actions or in any other action or proceeding, and shall

11 not prejudice any party in arguing for or against contested class certification in the Actions or in

12 any other proceeding.

13 **14. Cooperation**

14       14.1.    SQ agrees to perform the following acts following execution of this Agreement:

15
16       (a) SQ's counsel shall endeavor to respond in good faith to a limited number of

17           reasonable questions posed by Settlement Class Counsel concerning the transactional

          data previously produced by SQ.

18
19       (b) Provide assistance reasonably necessary to establish the admissibility of all documents

20           it has produced, including, as reasonably necessary, producing at trial in person, by

21           deposition or by affidavit, whichever is legally required, representatives to testify as to

22           the genuineness, status as business records, and authenticity of documents. Plaintiffs

23           will reimburse SQ for reasonable travel expenses associated with making available

          witnesses at trial in person or by deposition.

24
25       (c) Meeting and conferring on making available no more than two (2) employees as

26           declarant(s) and/or deponents with knowledge of the factual matters asserted by any

27           Defendant(s) seeking summary disposition of these Actions before trial and with the

28

1    ability to authenticate documents relevant to the motion(s) for summary disposition.

2    This paragraph is not intended to create any obligation on the part of SQ if SQ lacks

3    knowledge concerning the factual basis of the Defendants' motion(s).

4    (d) Making SQ's lead counsel available for up to a total of three (3) meetings for

5    reasonable consultation, including but not limited to consultation regarding the

6    involvement of other airlines in the alleged conspiracy, the interpretation of

7    documents, and about the airline industry in general.  A meeting for the purposes of

8    this paragraph shall last no longer than four hours.

9    (e) Making available, upon reasonable notice and on mutually agreed dates, for interview

10    at a location or locations of SQ's choice up to two (2) current and/or former SQ

11    employee witnesses, to be agreed upon by Settlement Class Counsel and counsel for

12    SQ, to provide information about Plaintiffs' substantive allegations, it being

13    understood that as to any former employee, SQ's obligation under this clause is to use

14    reasonable efforts to make such former employee available.  Upon request of the

15    witness, Plaintiffs shall provide a translator for interviews at Plaintiffs' expense.  An

16    interview  for the purposes of this paragraph shall last no longer than four hours.  In

17    the event that Plaintiffs believe more time is necessary for any interview conducted

18    pursuant to this paragraph, they may request additional time from SQ and SQ shall

19    consider such request in good faith.

20    (f) Providing assistance reasonably necessary to notify the class of this Settlement

21    Agreement and the fairness hearing contemplated in Paragraph 7, above.

22    14.2.    All documents and information provided pursuant to paragraph 14.1 may only be

23    used in connection with the Actions and may not be used to prosecute claims against the

24    Released Parties.

25    14.3.    All documents and information provided pursuant to paragraph 14.1 shall be

26    treated as confidential under the terms of the Protective Order entered in the Actions and shall be

27

28    SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND SINGAPORE AIRLINES LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

1 | used only as provided under the terms of the Protective Order. The confidentiality

2 | requirements of this paragraph shall continue to bind Plaintiffs and Settlement Class counsel

3 | even in the event that the Settlement Agreement is terminated or rescinded, rejected by the

4 | Court, or otherwise fails to take or remain in effect.

5 |       14.4. In connection with the provision of information, testimony and documents under

6 | this Settlement Agreement, SQ shall have the right to assert the attorney-client privilege,

7 | attorney work product protection, joint defense privilege or any other protection, privilege or

8 | immunity available under United States law, and to assert the attorney-client privilege, attorney

9 | work-product protection, joint defense privilege or any similar privilege under foreign law. If

10 | any document protected by the attorney-client privilege, attorney work-product protection, joint

11 | defense privilege or any other protection, privilege or immunity is inadvertently produced it shall

12 | be promptly returned to SQ, and its production shall in no way be construed to have waived any

13 | applicable privilege or protection.

14 |       14.5. The cooperation set forth in paragraph 14.1 shall constitute the exclusive means by

15 | which Plaintiffs and Settlement Class counsel may obtain discovery and information from the

16 | Released Parties, whether informally or under the Federal Rules of Civil Procedure or the laws

17 | or rules of any other jurisdiction.

18 | **15.    No Admissions**

19 |       15.1.    The Parties intend the Settlement as described herein to be a final and complete

20 | resolution of all disputes between them with respect to the Actions and to compromise claims

21 | that are contested, and it shall not be deemed an admission by any party as to the merits of any

22 | claim or defense or any allegation made in the Actions.

23 |       15.2.    The Parties acknowledge that SQ is entering into this Settlement to eliminate the

24 | burden and expense of protracted litigation. Neither the Settlement nor this Settlement

25 | Agreement, nor any act performed or document executed pursuant to or in furtherance of the

26 | Settlement or this Settlement Agreement is or may be deemed to be or may be used as an

27 |

28 | SETTLEMENT AGREEMENT BETWEEN
PLAINTIFFS AND SINGAPORE AIRLINES LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

1   admission of, or evidence of, SQ's conduct having violated the laws of any state, country, or

2   other jurisdiction or of having caused any harm to any Person.  Neither the Settlement nor this

3   Settlement Agreement, nor any act performed or document executed pursuant to or in

4   furtherance of the Settlement or this Settlement Agreement, shall be admissible in any

5   proceeding for any purpose, except to consummate or enforce the terms of the Settlement, and

6   except that the Released Parties may file this Settlement Agreement or the Judgment in any

7   action for any purpose, including, but not limited to, in support of a defense or counterclaim

8   based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment

9   bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or

10  counterclaim.

11  **16.    Settlement Class Counsel's Attorneys' Fees and Expenses**

12         16.1.    The procedure for, and the allowance or disallowance by the Court of, any

13  application by Settlement Class Counsel for attorneys' fees and expenses are not part of the

14  Settlement, and are to be considered by the Court separately from the Court's consideration of the

15  fairness, reasonableness and adequacy of the Settlement.  Any order or proceeding relating to any

16  application for, or approval of, attorneys' fees and expenses, the pendency of any such

17  application, or any appeal or review of an order relating thereto or reversal or modification

18  thereof, shall not operate to terminate or cancel this Settlement Agreement, or affect or delay the

19  finality of the Judgment.  SQ agrees that Settlement Class Counsel may withdraw from the

20  Settlement Fund any amount awarded by the Court for attorneys' fees and costs five days

21  following the Court's award, subject to an appropriate financial undertaking required by the Court

22  in the event of an appeal of the Court's award of attorneys' fees and expenses.

23         16.2.    SQ shall have no responsibility for, and no liability whatsoever with respect to, the

24  division of attorneys' fees and expenses among Settlement Class Counsel, and any negotiation or

25  dispute among Settlement Class Counsel in that regard shall not operate to terminate or cancel

26  this Settlement Agreement, or affect or delay the finality of the Judgment.

27

28  SETTLEMENT AGREEMENT BETWEEN
    PLAINTIFFS AND SINGAPORE AIRLINES LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

16.3.   Except as otherwise provided herein, Plaintiffs and SQ shall each be responsible for bearing their own costs and fees incurred in the Actions.

**17.    Miscellaneous Provisions**

17.1.   SQ expressly represents that it has obtained all required approvals from its management for this Settlement Agreement.

17.2.   This Settlement Agreement shall constitute the entire agreement between the Parties pertaining to the Settlement of the Actions against SQ and supersedes any and all prior and contemporaneous undertakings of the Parties in connection therewith.  The terms of the Settlement Agreement are and shall be binding upon each of the Parties hereto, their heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto through any of the parties hereto including any Settlement Class Members.

17.3.   This Settlement Agreement may be modified or amended only by a writing executed by Plaintiffs and SQ, subject (if after preliminary or final approval by any court) to approval by the Court.  Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

17.4.   None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafters hereof.

17.5.   Plaintiffs and SQ acknowledge that they have been represented by counsel, and have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so.  Therefore, Plaintiffs and SQ and their respective counsel agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake.  Moreover, Plaintiffs and SQ and their respective counsel understand, agree, and expressly assume the risk that any fact may turn out hereinafter to be other than, different

1 │ from, or contrary to the facts now known to them or believed by them to be true, and further agree

2 │ that the Settlement Agreement shall be effective in all respects and shall not be subject to

3 │ termination, modification, or rescission by reason of any such difference in facts.

4 │ 　　　17.6.　All terms of this Settlement Agreement shall be governed by and interpreted

5 │ according to the substantive laws of the State of California, without regard to its choice of law or

6 │ conflicts of laws principles.

7 │ 　　　17.7.　SQ, Plaintiffs and all Settlement Class Members hereby irrevocably submit to the

8 │ exclusive jurisdiction of the United States District Court for the Northern District of California

9 │ for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement

10 │ or the applicability of this Settlement Agreement, including, without limitation, any suit, action,

11 │ proceeding or dispute relating to the release provisions herein.

12 │ 　　　17.8.　This Settlement Agreement may be executed in counterparts.  Facsimile or pdf

13 │ signatures shall be considered as valid signatures for purposes of execution of this Settlement

14 │ Agreement, but original signature pages shall thereafter be collated for filing of this Settlement

15 │ Agreement with the Court.

16 │ 　　　17.9.　Each of the undersigned attorneys represents that he or she is fully authorized to

17 │ enter into the terms and conditions of, and execute, this Settlement Agreement, subject to Court

18 │ approval, and the undersigned Settlement Class Counsel represent that they are authorized to

19 │ execute this Settlement Agreement on behalf of Plaintiffs and the proposed Settlement Class.

20 │ 　　　IN WITNESS HEREOF, the Parties hereto through their fully authorized representatives

21 │ have agreed to this Settlement Agreement as of the date first written above.

22 │ Dated:  8|13 , 2014

23 │

24 │

25 │

26 │

27 │

28 │ SETTLEMENT AGREEMENT BETWEEN
   │ PLAINTIFFS AND SINGAPORE AIRLINES LIMITED; CASE NO. 3:07-cv-05634 CRB-DMR

1 | By: _____

2 | Christopher L. Lebsock
3 | **Hausfeld LLP**
   | 44 Montgomery Street
4 | San Francisco, CA 94111
   | (415) 633-1908 (telephone)
5 | (415) 358-4980 (facsimile)

6 | *Co-Counsel for Plaintiffs and Settlement*
7 | *Class Counsel*

8 | By: _____

9 | Steven N. Williams
10 | **Cotchett, Pitre & McCarthy, LLP**
   | San Francisco Airport Office Center
11 | 840 Malcolm Road, Suite 200
   | Burlingame, CA  94010
12 | (650) 697-6000 (telephone)
   | (650) 697-0577 (facsimile)

13 | *Co-Counsel for Plaintiffs and Settlement*
14 | *Class Counsel*

By: _____

William R. Sherman
**Latham & Watkins LLP**
555 Eleventh Street, NW
Washington D.C. 20004-1304
(202) 637-2200 (telephone)
(202) 637-2201(facsimile)

*Counsel for Singapore Airlines Limited*