Joseph W. Cotchett (36324)
jcotchett@cpmlegal.com
Steven N. Williams (175489)
swilliams@cpmlegal.com
Adam J. Zapala (245748)
azapala@cpmlegal.com
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile:  (650) 697-0577

| | |
|---|---|
| Michael P. Lehmann (77152)<br>mlehmann@hausfeldllp.com<br>Christopher Lebsock (184546)<br>clebsock@hausfeldllp.com<br>**HAUSFELD LLP**<br>44 Montgomery Street<br>San Francisco, CA 94111<br>Telephone: (415) 633-1908<br>Facsimile:  (415) 358-4980 | Michael D. Hausfeld<br>mhausfeld@hausfeldllp.com<br>Seth R. Gassman<br>sgassman@hausfeldllp.com<br>**HAUSFELD LLP**<br>1700 K Street, Suite 650<br>Washington, D.C. 20006<br>Telephone: (202) 540-7200<br>Facsimile:  (202) 540-7201 |

*Interim Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION**<br><br>**This Document Relates To:**<br><br>**All Actions** | Civil Action No. 3:07-CV-05634-CRB<br><br>MDL No: 1913<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENTS WITH DEFENDANTS QANTAS AIRWAYS LIMITED AND SINGAPORE AIRLINES LIMITED** |

Plaintiffs have moved the Court for Preliminary Approval of Class Action Settlements with Settling Defendants Qantas Airways Limited ("Qantas") and Singapore Airlines Limited ("SQ") (collectively, the "Settling Defendants") and provisional certification of the Settlement Classes. The Court, having reviewed the motion, the Settlement Agreements, the pleadings and other papers on file in this action, and the statements of counsel and the parties, hereby finds that the motion should be GRANTED.

IT IS HEREBY ORDERED THAT:

1. The Proposed Settlements with the Settling Defendants are preliminarily approved, subject to a final approval hearing of the Proposed Settlements (the "Fairness Hearing"). The Court finds that the Proposed Settlements fall within the range of possible final approval. The Court further finds that there is a sufficient basis for notifying Class members of the Proposed Settlements.

2. The following Classes are provisionally certified for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

QANTAS SETTLEMENT CLASS
All persons and entities that purchased passenger air transportation that included at least one flight segment between the United States and Asia or Oceania from Defendants, or any predecessor, subsidiary or affiliate thereof, at any time between January 1, 2000 and the Effective Date. Excluded from the class are purchases of passenger air transportation between the United States and the Republic of South Korea purchased from Korea Air Lines, Ltd. and/or Asiana Airlines, Inc. Also excluded from the class are government entities, Defendants, former defendants in the Actions, any parent, subsidiary, or affiliate thereof, and Defendants' officers, directors, employees, and immediate families.

SQ SETTLEMENT
All persons and entities that purchased passenger air transportation that included at least one flight segment between the United States and Asia or Oceania from Defendants or their co-conspirators, or any predecessor, subsidiary or affiliate thereof, at any time between January 1, 2000 and the Effective Date. Excluded from the class are purchases of passenger air transportation between the United States and the Republic of South Korea purchased from Korea Air Lines, Ltd. and/or Asiana Airlines, Inc. Also excluded from the class are governmental entities, Defendants, former defendants in the Actions, any parent, subsidiary or affiliate thereof, and Defendants' officers, directors, employees and immediate families.

3. The Court finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes by each of the above-described Classes in that:

 a) there are hundreds of thousands of putative Class members, making joinder of all members impracticable;

 b) there are questions of fact and law that are common to all members of the Classes;

 c) the claims of the Class Representatives are typical of those of the absent members of the Classes; and

 d) Plaintiffs Meor Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller, Scott Fredrick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman, Harley Oda, Roy Onomura, Shinsuke Kobayashi, Patricia Lee, Nancy Kajiyama, Della Ewing Chow, and James Kawaguchi have and will fairly and adequately protect the interests of the absent members of the Classes and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately advance the interests of the Classes.

4. The Court finds that this action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) for settlement because: (i) questions of fact and law common to the Class members predominate over any questions affecting only the claims of individual Class members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

5. The Court finds that the Settlement Agreements fall within the range of possible approval. The Court further finds that there is a sufficient basis for notifying the Classes of the proposed settlements, and for enjoining Class members from proceeding in any other action pending the conclusion of the Fairness Hearing.

6. The Court hereby appoints the Interim Co-Lead Counsel, Cotchett, Pitre & McCarthy, LLP and Hausfeld LLP, to serve as Settlement Class Counsel.

7. The Court hereby appoints Plaintiffs Meor Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller, Scott Fredrick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman,

Harley Oda, Roy Onomura, Shinsuke Kobayashi, Patricia Lee, Nancy Kajiyama, Della Ewing Chow, and James Kawaguchi to serve as Class Representatives on behalf of the Settlement Classes.

8. The Court hereby provisionally establishes a litigation expense fund in the amount of $3 million to reimburse Plaintiffs for expenses that will be incurred prosecuting this action against Non-Settling Defendants after the final approval of the settlements. The Court further provisionally awards the class representatives $7,500 each for the time and effort that they have expended prosecuting this litigation on behalf of the classes.

9. The Court will conduct a Fairness Hearing on a date to be set following notice to the Class, which will determine the following:

    a) Whether the proposed settlements are fair, reasonable, and adequate and should be granted final approval;

    b) Whether final judgment should be entered dismissing the claims of the classes against Settling Defendants, with prejudice as required by the Settlement Agreements; and

    c) Such other matters as the Court may deem appropriate.

**IT IS SO ORDERED.**

Dated: _____, 2014

                                                _____
                                                HON. CHARLES R. BREYER
                                                United States District Judge