Joseph W. Cotchett (36324)
jcotchett@cpmlegal.com
Steven N. Williams (175489)
swilliams@cpmlegal.com
Adam J. Zapala (245748)
azapala@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile:  (650) 697-0577

Michael P. Lehmann (77152)
mlehmann@hausfeldllp.com
Christopher Lebsock (184546)
clebsock@hausfeldllp.com
**HAUSFELD LLP**
44 Montgomery Street
San Francisco, CA 94111
Telephone: (415) 633-1908
Facsimile:  (415) 358-4980

Michael D. Hausfeld
mhausfeld@hausfeldllp.com
Seth R. Gassman
sgassman@hausfeldllp.com
**HAUSFELD LLP**
1700 K Street, Suite 650
Washington, D.C. 20006
Telephone: (202) 540-7200
Facsimile:  (202) 540-7201

*Interim Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** | Civil Case No. 3:07-CV-05634-CRB<br>MDL 1913<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPROVAL OF NOTICE PROGRAM, NOTICE FORMS, AND PLAN OF ALLOCATION; AND MEMORANDUM IN SUPPORT THEREOF**<br><br>Hearing Date: Friday December 12, 2014<br>Judge:           Hon. Charles R. Breyer<br>Time:            10:00 a.m.<br>Courtroom:   6, 17th Floor |
| **This Document Relates To:**<br><br>**All Actions** | |

## NOTICE OF MOTION AND MOTION

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Friday December 12, 2014 at 10:00 a.m., before the Honorable Charles R. Breyer, United States District Court for the Northern District of California, 450 Golden Gate Ave., Courtroom 6, 17th Floor, San Francisco, California, Plaintiffs will move the Court, pursuant to Federal Rule of Civil Procedure 23(c), for the entry of an Order approving use of the notice program, forms, and preliminarily approving the plan of allocation and claim form set forth in this Motion.

The Motion should be granted because the robust and comprehensive proposed notice program and forms will fairly apprise potential class members of the existence of the class settlements in this action and their rights under those settlements, and are consistent with, and in fact exceed, the requirements of Rule 23 and due process. Plaintiffs' plan of allocation should also be approved because it is fair and adequate to the Classes. This Motion is supported by: (i) this Notice of Motion and Motion, (ii) the supporting Memorandum of Points and Authorities, (iii) the accompanying Declaration of Christopher L. Lebsock, (iv) the accompanying Declaration of Dr. Shannon R. Wheatman and its exhibits; (v) any further papers filed in support of this motion, (vi) the argument of counsel, and (vii) all matters of record in this action.

# TABLE OF CONTENTS

STATEMENT OF ISSUES TO BE DECIDED ............................................................................. v

SUMMARY OF ARGUMENT ..................................................................................................... 1

I.   OVERVIEW OF PLAINTIFFS' NOTICE PROGRAM ................................................... 2

    A.   Plaintiffs Have Retained a Renowned Notice Expert Specializing in the Provision of Class Action Notification Programs ................................................... 2

    B.   The Proposed Notice Program Combines Publication Through Paid and Earned Media, Online Advertising and Social Media, and Internet Notice ....................... 3

        1.   Domestic and International Notice Publication ........................................ 4

        2.   Press Release Notice Publication .............................................................. 5

        3.   Online Banner Advertisements and Social Media .................................... 5

        4.   Website Publication ................................................................................... 6

        5.   Toll Free Customer Service Line .............................................................. 6

II.  PLAINTIFFS' PROPOSED NOTICE PROGRAM COMPORTS WITH THE REQUIREMENTS OF RULE 23 AND DUE PROCESS ...................................................... 6

III. PLAINTIFFS' PROPOSED PLAN OF ALLOCATION IS FAIR AND REASONABLE ... 8

IV.  CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Four in One Co. V. S.K. Foods, L.P.*,
　2:08-CV-3017 KJM EFC, 2014 WL 4078232 (E.D. Cal. Aug. 14, 2014) .............................. 8

*In re Agent Orange Prod. Liab. Litig.*,
　818 F.2d 145 (2d Cir.1987)...................................................................................................7

*In re Citric Acid Antitrust Litig.*,
　145 F. Supp. 2d 1152 (N.D. Cal. 2001) .............................................................................. 8, 9

*In re Dynamic Random Memory Antitrust Litig.*,
　MDL No. 1486 (N.D. Cal.) ....................................................................................................2

*In re Holocaust Victims Assets Litig.*,
　No. CV 96-4849 (E.D.N.Y.) ..................................................................................................2

*In re International Air Transportation Surcharge Antitrust Litig.*,
　No. 06-cv-01793-CRB (N.D. Cal.) ........................................................................................1

*In re Katrina Canal Breaches Consolidated Litig.*,
　No. 05-4182 (E.D. La.) ..........................................................................................................3

*In re Omnivision Technologies, Inc.*,
　559 F. Supp. 2d 1036 (N.D. Cal. 2008) .................................................................................8

*In re Owens Corning*, Chapter 11, No 00-03837 (Bankr. D. Del.)................................................2

*In re Prudential Ins. Co. of Amer. Sales Prac. Litig.*,
　177 F.R.D. 216 (D.N.J. 1997)................................................................................................7

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
　MDL No. 1827 (N.D. Cal.) ....................................................................................................2

*In re Western Union Money Transfer Litigation*,
　Master File No. CV 01 0335 (E.D.N.Y.) ...............................................................................2

*In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*,
　MDL No. 2179 (E.D. La.)......................................................................................................2

*Kramer v. B2Mobile, LLC*,
　No. 10-cv-02722 (N.D. Cal.) .................................................................................................2

*Lamb v. Bitech, Inc.*,
    No. 3:11-cv-05583-EDL MED, 2013 WL 4013166 (N.D. Cal. Aug. 5, 2013) ........................ 8

*Lockwood v. Certegy Check Services, Inc.*
    No. 8:07CV-1434 (M.D. Fla.) ............................................................................................. 3

*Ross v. Trex Co.*,
    No. 09-00670-JSW, 2013 WL 791129 (N.D. Cal. Mar. 4, 2013) ........................................... 7

**RULES**

Fed. R. Civ. P. 23(b)(3) ................................................................................................................. 6

Fed. R. Civ. P. 23(c) ..................................................................................................................... 1

Fed. R. Civ. P. 23(c)(2)(B) ........................................................................................................... 7

**OTHER AUTHORITIES**

4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions, § 11:53 .................................. 8

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether the proposed notice plan and forms fairly apprise potential class members of the existence of the settlements in this action and their rights under them?

2. Whether the proposed notice plan and forms conform to the requirements of Federal Rule of Civil Procedure 23 and due process?

3. Whether Plaintiffs' proposed plan of allocation is fair and adequate?

**SUMMARY OF ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 23(c) and the Court's August 13, 2014 Order granting Plaintiffs' Amended Motion for Preliminary Approval of Settlements, *see* ECF Nos. 924, Plaintiffs move the Court for an Order (1) approving the proposed notice program and forms ("Notice Program") attached to the accompanying Declaration of Dr. Shannon R. Wheatman as Exhibits; (2) approving the claim form attached to the accompanying Declaration of Christopher L. Lebsock; and (3) preliminarily approving Plaintiffs' proposed plan of allocation ("Plan of Allocation"). The Notice Program sets forth a robust, multifaceted approach to deliver plain and easy-to-understand information regarding the settlements reached between Plaintiffs and Defendants Cathay Pacific Airways Limited, Japan Airlines International Company, Ltd., Malaysian Airline Systems Berhad, Qantas Airways Limited, Singapore Airlines Limited, Societe Air France, Thai Airways International Public Company, Ltd., and Vietnam Airlines Company, Ltd. (collectively, the "Settling Defendants," and with Plaintiffs, the "Settling Parties").

Plaintiffs have retained a recognized notice expert, Kinsella Media, which has designed a notice scheme that squarely and comprehensively addresses the specific nature of the settlements and the settlement classes in this action. *See generally* Wheatman Decl.; *see also* Lebsock Decl. ¶¶ 2-3. Kinsella Media prepared the highly successful notice program approved by this Court in *In re International Air Transportation Surcharge Antitrust Litig.*, No. 06-cv-01793-CRB (N.D. Cal.). *See* Wheatman Decl. ¶ 6.

The Notice Program combines the provision of: (1) multiple and targeted publications of the class notice in those domestic and international paid media outlets most likely to inform potential class members about the settlements; (2) press releases (i.e., earned media) that are uniquely targeted towards potential class members; (3) placement of the class notice on internet banner advertisements, including through the social media outlet Facebook; (4) establishment of a website that provides notice of the settlements; and (5) a toll free telephone support line to service class members' inquiries regarding the notice, which in turn will allow them to request a

1  copy of the notice delivered via direct mail.

2       As set forth in more detail *infra*, Plaintiffs' Notice Program will fairly apprise potential class members of the existence of the settlement agreements in this action and their options under them. *See* Wheatman Decl. ¶¶ 5, 13-16, 19, 29, 35, 37, 48-52; *see also* Lebsock Decl. ¶¶ 2-4. The proposed Plan of Allocation would fairly compensate class members based on the scope of the release provided by each of the Settling Defendants. Lebsock Decl. ¶ 5. Accordingly, the Court should approve dissemination of class notice and preliminarily approve the allocation of settlement funds and claim form in the manner and form proposed herein.

## I.    OVERVIEW OF PLAINTIFFS' NOTICE PROGRAM

### A.    Plaintiffs Have Retained a Renowned Notice Expert Specializing in the Provision of Class Action Notification Programs

Plaintiffs have retained Dr. Shannon R. Wheatman, the President of Kinsella Media, LLC ("Kinsella Media"), a firm that specializes in the design and implementation of legal notification programs. Wheatman Decl. ¶ 1. Dr. Wheatman developed the Notice Program in conjunction with Katherine Kinsella, Kineslla Media's founder and a court-recognized notice expert with twenty-one years of experience in the design and execution of legal notice programs. *Id.* ¶¶ 2-4. Kineslla Media is renowned for devising notice programs to apprise class members of their rights, including extensive notice programs in foreign countries, such as *In re Holocaust Victims Assets Litig.*, No. CV 96-4849 (E.D.N.Y.); *In re Owens Corning*, Chapter 11, No 00-03837 (Bankr. D. Del.) (involving publication notice in 57 countries); and *In re Western Union Money Transfer Litigation*, Master File No. CV 01 0335 (E.D.N.Y.) (involving publication notice in 83 countries). *Id.* ¶ 6.

Dr. Wheatman has personally been involved in some of the largest and most complex notice programs in the country, including *In re Dynamic Random Memory Antitrust Litig.*, MDL No. 1486 (N.D. Cal.) (involving tens of millions of consumers); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827 (N.D. Cal.) (involving tens of millions of consumers); *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010,* MDL No. 2179 (E.D. La.); *Kramer v. B2Mobile, LLC*, No. 10-cv-02722 (N.D. Cal.) (text messaging case

involving 40 million consumers); *In re Katrina Canal Breaches Consolidated Litig.*, No. 05-4182 (E.D. La.) (settlement obtained for Hurricane Katrina and Rita survivors); *Lockwood v. Certegy Check Services, Inc.* No. 8:07CV-1434 (M.D. Fla.) (data theft settlement involving over 37 million consumers). *Id.* ¶ 10. Dr. Wheatman has been recognized as an expert in legal notice by courts evaluating class action notice programs, *id.* ¶¶ 7-8, developed the Federal Judicial Center's illustrative model notice forms, *id.* ¶ 11, and published extensively on various aspects of legal notice, *id.* ¶ 12. She has substantial experience administering notice programs with international and foreign language elements. *Id.* ¶ 9.

Dr. Wheatman has leveraged this expertise and experience to design a notice program that provides the best notice practicable to members of the settlement classes, in light of the class members' demographics and the mechanism by which they can best be reached. *Id.* ¶¶ 13-52.

### B. The Proposed Notice Program Combines Publication Through Paid and Earned Media, Online Advertising and Social Media, and Internet Notice

Kinsella Media has created a comprehensive five part notification program that employs multiple platforms to reach members of the settlement classes,[1] including:

(1) Domestic and international notice publication through paid media in English, Japanese, and Chinese, including dissemination in newspapers, and consumer magazines such as Time, National Geographic, and People, reaching potential class members in at least fifteen different countries;

(2) press releases uniquely targeted towards potential class members, including PR Newswire's National and Pan Asia Wires, and similar distributions in Western Europe, the Philippines, Vietnam, and New Zealand, in English, Chinese, Bahasa Indonesian, Japanese, Korean, Malay, Thai, and Vietnamese;

(3) online banner advertisements through popular websites and social media outlets including Google, Bing, Advertising.com, Facebook, Specific Media, and Xaxis in Bahasa Indonesian, Chinese, English, Japanese, Korean, Malay, Thai, and

---

[1] The settlement classes are composed of individuals who purchased transpacific air passenger flights, principally for leisure, visiting family and friends. *See* Wheatman Decl. Ex. 1 at 13. A minority of class members purchased transpacific air passenger flights for business purposes. *Id.* 50% of the members of the classes reside in the United States, 19% in Japan, and 31% outside of the United States and Japan. *See id.* ¶ 18.

Vietnamese;

(4) the maintenance of a website, www.AirlineSettlement.com, that includes the class notices and provides other information about the class settlements in those languages in which notice is otherwise disseminated; and

(5) establishment of toll-free phone numbers allowing the members of the settlement classes to call and request that a Notice be mailed to them and listen to answers to frequently asked questions in those languages in which notice is otherwise disseminated, as well as the establishment of a post office box to allow members of the settlement classes to contact Settlement Class by mail with any specific written requests or questions.

*See* Wheatman Decl. ¶¶ 15, 17-50. Because passenger mailing lists are not available from Defendants, this combination of Internet and publication notice is an appropriate mechanism to reach the settlement classes. *Id.* ¶¶ 15, 22. The "Notice Program was designed to reach the greatest practicable number of class members, ensuring that they will be exposed to the Notice and able to see, review, and understand it[,]" *id.* ¶ 13, the notice is "clear, concise, and in plain, easily understood language[,]" *id.* ¶ 14, and the program "represents the best notice practicable," *id.* ¶ 16.

### 1.     Domestic and International Notice Publication

The Notice Program calls for a paid media program including publication in the United States and fourteen other countries. Wheatman Decl. ¶ 17. The program also will distribute the notice in seventeen major cities spanning thirteen countries, representing over 100,000 flight itineraries included in the settlements. *Id.*

Domestically, the Notice Program calls for publication in consumer magazines, newspapers, and a newspaper supplement in order to reach the broadest audience practicable. *Id.* ¶ 22. The Notice Program includes circulation in Parade, a newspaper supplement inserted into the Sunday editions of 750 newspapers, with an estimated circulation of 32,000,000, as well as National Geographic (circulation of 3,500,000), People (3,475,000), Time (3,250,000), and 32 newspapers across the United States in Chinese, English, and Japanese. *Id.* ¶¶ 23-25.

Internationally, the Notice Program calls for publication in Japanese newspapers,

including, *inter alia*, Yomiuri Shimbun, Asahi Shimbun, and Japan News, with a combined circulation exceeding 18,160,000, *id.* ¶ 33, as well as dissemination in 29 other foreign newspapers, spanning 17 cities across 13 other countries, s*ee id.* ¶¶ 36-37; *see also id.* Ex. 1, Ex. A (detailing the full list of foreign newspapers, the countries in which they are distributed, and their circulations). Finally, notice targeted at business travelers will be published in the Global Edition of the Wall Street Journal, reaching an estimated audience of 1,624,000 in the US, Asia, and Europe. *Id.* ¶ 40.

### 2.     Press Release Notice Publication

In addition to paid media, Kineslla Media also proposes distributing notice through targeted press releases (i.e., earned media), which highlight the toll-free telephone number and website address so that members of the settlement classes can obtain complete information about their rights. Wheatman Decl. ¶ 43. The press release will be distributed on PR Newswire's US1 National and Pan Asia Wires, as well as counterparts in the Philippines, Vietnam, and New Zealand. *Id.* Distribution will extend to Europe as well. *Id.*

### 3.     Online Banner Advertisements and Social Media

Notice will also be published through Internet advertising, to afford members of the settlement classes opportunities beyond the print program set forth in Sections I.B.1 and 2, *supra*. *See* Wheatman Decl. ¶¶ 27-28, 34, 40-41. The proposed Internet advertising delivers immediate messages and allows the viewer of an advertisement to instantly click through to the settlement website (described *infra*) for further information. *Id.* Online banner advertisements targeted at United States class members will appear on a rotating basis on Advertising.com, Specific Media, Xaxis, and social media outlet Facebook. *Id.* Banner advertisements targeted at foreign class members will appear on a rotating basis on Yahoo! Japan, Xaxis, the Wall Street Journal's global websites, and Google Display Network's global sites. *Id.* Banner advertisements will run in Chinese, English, Indonesian, Japanese, Korean, Thai, and Vietnamese. *Id.* ¶ 41.

As a complement to these online banner advertisements, the Notice Program also calls for sponsored keywords and phrases with major search enginges Google (including Google, AOL, and Ask.com) and Bing (including Bing/MSN and Yahoo!); these functions display a sponsored

links to the settlement website when users search for one of the specified search terms of phrases. *Id.* ¶ 42. These keyword searches will be sponsored in Bahasa Indonesian, English, Japanese, Korean, Malay, Chinese, Thai, and Vietnamese. *Id.*

### 4. Website Publication

Notice will also be disseminated on a website, www.AirlineSettlement.com, which will include additional information about the settlements and the litigation, including pertinent pleadings, motion papers, and orders, as well as updates on the litigation. Wheatman Decl. ¶ 46. This long form notice will be available on the website in Bahasa Indonesian, Chinese, English, Japanese, Korean, Malay, Thai, and Vietnamese. *Id.* ¶ 52. The toll-free service lines will also be displayed on the class notices, banner advertisements, and the website (discussed *infra*). *Id.*

### 5. Toll Free Customer Service Line

Lastly, the Notice Program provides toll-free service lines that will allow members of the settlement classes to call and (a) request that a notice be mailed to them and (b) listen to answers to frequently asked questions in Indonesian, English, Japanese, Khmer, Korean, Malay, Chinese, Thai, and Vietnamese. Wheatman Decl. ¶ 45. Class members can also leave a message and their call with be returned during business hours of the chosen country in the requested language. *Id.* A post office box will also be established allowing members of the settlement classes to contact settlement class counsel by mail with specific requests or questions, providing class members additional avenues to obtain pertinent information about their rights. *Id.* ¶ 46.

## II. PLAINTIFFS' PROPOSED NOTICE PROGRAM COMPORTS WITH THE REQUIREMENTS OF RULE 23 AND DUE PROCESS

In the context of Rule 23(b)(3) actions, "the court must direct to class members the best notice that is practicable under the circumstances," and that notice "must clearly and concisely state in plain, easily understood language:"

 (i) the nature of the action;
(ii) the definition of the class certified;
(iii) the class claims, issues, or defenses;
(iv) that a class member may enter an appearance through an attorney if the member so desires;
(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and
(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). It is well-settled that notice by publication is appropriate where, as here,[2] "class members' names and addresses cannot be determined with reasonable efforts." *Ross v. Trex Co.*, No. 09-00670-JSW, 2013 WL 791129, at *2 (N.D. Cal. Mar. 4, 2013) (quoting *Juris v. Inamed Corp.*, 685 F.3d 1294, 1321 (11th Cir. 2012)); *see also In re Agent Orange Prod. Liab. Litig.,* 818 F.2d 145, 168–69 (2d Cir.1987) (finding that unidentified absent class members that could not be located through reasonable efforts did not need to be provided with individual, mailed notice in order to be bound).

      The Notice Program proposed by Plaintiffs provides a thorough, multilayered approach to notice by publication designed to reach the members of the settlement classes, and in fact to do so multiple times. The multifaceted program is the best practicable approach available and is "adequate and reasonable under the circumstances." Wheatman Decl. ¶ 52; *see also, e.g.*, *Ross*, 2013 WL 791229, at *1 ("[A]ctual notice is not required . . . . Due Process does not entitle a class member to 'actual notice,' but rather to the best notice practicable, reasonably calculated under the circumstances to apprise him of the pendency of the class action and give him a chance to be heard.") (quoting *In re Prudential Ins. Co. of Amer. Sales Prac. Litig.*, 177 F.R.D. 216, 231 (D.N.J. 1997)) ("Courts have consistently recognized that due process does not require that every class member receive actual notice so long as the court reasonably selected a means likely to appraise interested parties"). The rigorous Notice Program proposed by Kinsella Media plainly satisfies requirements imposed by Rule 23 and the Due Process clause of the United States Constitution. *See* Section I, *supra*; *see also* Wheatman Decl. ¶ 52.

      Moreover, the contents of the notice satisfactorily inform the members of the settlement classes of their rights under the settlements. *See* Wheatman Decl. Ex. 1, Exs. E and F. The proposed notice form includes: (i) the case caption; (ii) a description of the classes; (iii) a description of the settlement agreements, including the monetary consideration provided to the settlement classes; (iv) the names of settlement class counsel; (v) a description of the releases

---

[2] *See* Wheatman Decl. ¶¶ 15, 22.

provided by the settlement classes; (vi) the Fairness Hearing date; (vii) information about the Fairness Hearing; (viii) information about the deadline for filing objections to the settlement agreements; (ix) a statement of the deadline for filing requests for exclusion from the settlement classes; (x) the consequences of exclusion or remaining in the settlement classes; (xi) how the Class Counsel will be compensated and that additional information regarding Class Counsel's fees and costs will be posted on the website prior to the deadline for objections; and (xii) how to obtain further information about the proposed settlement agreements. *See id.*; *see also* 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions, § 11:53, at 167 (notice is "adequate if it may be understood by the average class member"); *Lamb v. Bitech, Inc.*, No. 3:11-cv-05583-EDL MED, 2013 WL 4013166, at *4 (N.D. Cal. Aug. 5, 2013) (class settlement notice forms adequate where they were "reasonably calculated to adequately apprise class members" of their rights).

Accordingly, the Notice Program and accompanying forms are reasonable and adequate under the circumstances, and are fairly calculated to apprise class members of their rights under the settlements. *See* Wheatman Decl. ¶ 52.

## III. PLAINTIFFS' PROPOSED PLAN OF ALLOCATION IS FAIR AND REASONABLE

"Approval of a plan for the allocation of a class settlement fund is governed by the same legal standards that are applicable to approval of the settlement; the distribution plan must be 'fair, reasonable and adequate.'" *In re Citric Acid Antitrust Litig.*, 145 F. Supp. 2d 1152, 1154 (N.D. Cal. 2001) (internal citations omitted). When allocating funds, "[i]t is reasonable to allocate the settlement funds to class members based on the extent of their injuries or the strength of their claims on the merits." *In re Omnivision Technologies, Inc.*, 559 F. Supp. 2d 1036, 1045-46 (N.D. Cal. 2008) (internal citations omitted) (approving securities class action settlement allocation on a "per-share basis"); *Four in One Co. V. S.K. Foods, L.P.*, 2:08-CV-3017 KJM EFC, 2014 WL 4078232, at * (E.D. Cal. Aug. 14, 2014) (approving "plan of allocation providing for a pro rata distribution of the net settlement fund based on verified claimants' volume of qualifying purchases" as "fair, adequate, and reasonable").

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPROVAL OF NOTICE PROGRAM, NOTICE FORMS, AND PLAN OF ALLOCATION

MASTER FILE NO. CV-07-5634-CRB

8

Plaintiffs' proposed Plan of Allocation will distribute settlement funds to settlement class members pro rata based upon the scope of the releases provided by the Settling Defendants. *See* Lebsock Decl. ¶ 5. For Plaintiffs' settlement with Japan Airlines Company Limited ("JAL"), class members will be compensated *pro rata* for their purchases of US originating flights and Asia/Oceania originating travel; for all other settlements that are the subject of the Notice Program, class members will be compensated *pro rata* only for US originating travel. *See id.* For all settlements other than with JAL, settlement class members "are not releasing claims for Asia/Oceania originating travel as part of the settlement agreements." *See id.* Plaintiffs' proposed claim form asks class members to identify the number of qualifying purchases that they made by airline, including the direction of travel, thereby allowing Settlement Class Counsel to accurately calculate the proper distributions to be made to class members under the settlement agreements. *See id.* This Plan of Allocation is thus "fair, adequate, and reasonable" and merits approval by the Court. *See Citric Acid*, 145 F. Supp. at 1154. The proposed claim form will allow the administrator to make the appropriate calculations. *See* Lebsock Decl., Ex. A.

Settlement Class Counsel also requests that the Court authorize it to pay the actual invoices of Kinsella Media/Rust out of the Settlement Funds for costs associated with sending notice and administering the Settlements. Kinsella Media/Rust has estimated these costs at approximately $2.4 million. *See* Lebsock Decl., Ex B. The Settlement Agreements provide that in the event that the Court does not finally approve the Settlements, the funds expended need not be refunded to the Settling Defendants.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court issue an Order approving the Notice Program and preliminarily approving the Plan of Allocation and claim form.

Dated:   October 13, 2014                                Respectfully submitted,

/s/*Steven N. Williams*                                  /s/*Christopher L. Lebsock*
Joseph W. Cotchett (36324)                               Michael P. Lehmann (77152)
jcotchett@cpmlegal.com                                   mlehmann@hausfeldllp.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Steven N. Williams (175489)
swilliams@cpmlegal.com
Adam J. Zapala (245748)
azapala@cpmlegal.com
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile:  (650) 697-0577

Christopher Lebsock (184546)
clebsock@hausfeldllp.com
**HAUSFELD LLP**
44 Montgomery Street
San Francisco, CA 94111
Telephone: (415) 633-1908
Facsimile:  (415) 358-4980

Michael D. Hausfeld
mhausfeld@hausfeldllp.com
Seth R. Gassman
sgassman@hausfeldllp.com
**HAUSFELD LLP**
1700 K Street, Suite 650
Washington, D.C. 20006
Telephone: (202) 540-7200
Facsimile:  (202) 540-7201

*Interim Co-Lead Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I, Christopher Lebsock, declare that I am over the age of eighteen (18) and not a party to the entitled action. I am a partner at the law firm of HAUSFELD LLP, and my office is located at 44 Montgomery Street, Suite 3400, San Francisco, California 94104.

On October 10, 2014, I caused to be served a true and correct copy of the following:

1) **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPROVAL OF NOTICE PROGRAM, NOTICE FORMS, AND PLAN OF ALLOCATION; AND MEMORANDUM IN SUPPPORT THEREOF**

2) **DECLARATION OF CHRISTOPHER L. LEBSOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF NOTICE PROGRAM, NOTICE FORMS, AND PLAN OF ALLOCATION**

3) **DECLARATION OF SHANNON R. WHEATMAN, PH.D. IN SUPPORT OF PLAINTIFF'S MOTION FOR APPROVAL OF NOTICE PROGRAM, NOTICE FORMS, AND PLAN OF ALLOCATION**

4) **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR APPROVAL OF NOTICE PROGRAM, NOTICE FORMS, AND PLAN OF ALLOCATION**

5) **CERTIFICATE OF SERVICE**

with the Clerk of the Court using the Official Court Electronic Document Filing System which served copies on all interested parties registered for electronic filing.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on October 10, 2014 at San Francisco, California.

          */s/ Christopher Lebsock*
          Christopher Lebsock