Theodore H. Frank (SBN 196332)
Anna St. John (*pro hac vice*)
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW
No. 236
Washington, DC 20036
Voice: (703) 203-3848
Email: tfrank@gmail.com
Email: annastjohn@gmail.com

Aaron Dawson (SBN 283990)
**ALECTO LAW**
300 Lakeside Drive, Suite 403
Oakland, CA  94612
Voice: (415) 534-5346
Email: adawson@alectolaw.biz

*Attorneys for Objector Amy Yang*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION | Case No. 3:07-cv-05634-CRB<br><br>**MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE DECLARATION OF THEODORE H. FRANK** |
| AMY YANG,<br><br>Objector. | Date:        May 22, 2015<br>Time:        10:00 a.m.<br>Courtroom:   6<br>Judge:       Hon. Charles R. Breyer |

Case No. 3:07-cv-05634-CRB

MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE DECLARATION OF THEODORE H. FRANK

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Objector Yang hereby does move the Court pursuant to N.D. Cal. Civil Local Rule 7-11 for an order granting Objector Yang's request for leave to file the accompanying Declaration of Theodore H. Frank (attached as Exhibit 1). In accordance with Local Rule 7.11(c), the motion is deemed submitted for immediate determination without hearing on the day after the opposition is due.

This motion is based on the following memorandum of points and authorities, and such other materials as the Court may consider.

PLEASE TAKE FURTHER NOTICE that, in accordance with the Local Rules 7-2 and 7-11(a), a proposed Order is attached (Exhibit 2).

PLEASE TAKE FURTHER NOTICE that, in accordance with Local Rule 7-11(a), Mr. Frank's declaration explains why a stipulation could not be obtained (Exhibit 1 ¶¶ 27-30).

PLEASE TAKE FURTHER NOTICE that the undersigned consents to disposition of this motion on the papers in accordance with Local Rules 7-1(b) and 7-11(c).

## STATEMENT OF COURT ACTION SOUGHT

Objector Yang moves the Court to enter an order granting Yang leave to file the declaration attached as Exhibit 1, in response to plaintiffs' motion for final approval of settlements in which plaintiffs respond to Yang's objection (Dkt. No. 999). The plaintiffs' filing contains several factual contentions and allegations that are either misleading or demonstrably false. The filing demands correction of the record.

## MEMORANDUM OF POINTS AND AUTHORITIES

On May 8, 2015, plaintiffs filed with this Court their Motion for Final Approval of Settlements with Defendants Societe Air France, Cathay Pacific Airways Limited, Japan Airlines International Company, Ltd., Malaysian Airline System Berhad, Quantas Airways Limited, Singapore Airlines Limited, Thai Airways International Public Co., Ltd., and Vietnam Airlines Corporation (Dkt. 999)

("Pl. Resp."). That document contains disparaging and false accusations about Ms. Yang and her non-profit *pro bono* counsel. *See* Pl. Resp. 2, 9; *see generally* Ex. 1 ("Frank Decl.").

Yang and the class will be unfairly prejudiced if the Court credits any of these false allegations without giving Yang an opportunity to respond. Because Yang will not be able to attend or testify at the fairness hearing next week, nor would her counsel want to expend precious hearing time rebutting non-substantive arguments, Yang now requests the opportunity to supplement the record with a short declaration by her counsel and founder of the Center for Class Action Fairness, Theodore H. Frank. This declaration will solely respond to the new allegations in the plaintiffs' response and will not reiterate issues relating to the fairness of the settlement. *See In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig.*, No. 5:09-md-02015-JF, 2013 U.S. Dist. LEXIS 105295, at \*19-\*20 (N.D. Cal. July 2, 2013) ("Plaintiffs' application [for leave to submit additional evidence] properly should [be] presented as a motion for administrative relief pursuant to Civil Local Rule 7-11.").

There is good cause for granting Yang's motion. "It is well accepted that raising of new issues and submission of new facts in [a] reply brief is improper." *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) (quoting *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)).[1] Where "new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz*, 102 F.3d at 1483 (9th Cir. 1996) (quoting *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990) (alteration in original)).[2] "Each time the moving party is permitted to raise new arguments or present

---

[1] Although the plaintiffs' response to Yang's objection is not a formal "reply" memorandum or brief in support of a motion, the same principle applies here because the Court's schedule-setting with respect to the preliminary approval order makes the plaintiffs' response the last word. If indeed plaintiffs' response were considered a "reply," then this filing should likewise be construed as a valid Objection to Reply Evidence under N.D. Cal. Civil L.R. 7-3(d)(1). But it need not be so construed, because as common sense would suggest, the acceptable universe of L.R. 7-11 motions is much broader than that allowed under L.R. 7-3(d). *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011).

[2] Though the fairness hearing does not present a motion for summary judgment, the motion for final settlement approval would be a dispositive motion that should not be treated any differently.

new evidence in reply, absent the Court granting leave for the non-moving party to file a sur-reply brief, the non-moving party is essentially deprived of the opportunity to address these new contentions." *Stickle v. SCI Western Mkt. Support Ctr., L.P.*, No. 08-083-PHX-MHM, 2009 U.S. Dist. LEXIS 97735, at *13 (D. Ariz. Sept. 30, 2009). The alternative would be a motion to strike the new and scurrilous allegations—but sur-replies are a preferred remedy to a motion to strike the offending portions of the filing. *See Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 726 (7th Cir. 2006) ("If a material misrepresentation comes in the adversary's reply brief, the appellee may ask for leave to file a supplemental statement.").

Yang thus requests leave to file the attached 9-page declaration, responding to the false and unfair accusations levied against her and her attorneys.

## CONCLUSION

Plaintiffs have submitted false factual assertions and insinuations in their response to Yang's objections. Fundamental fairness and Ninth Circuit precedent demands that, unless the Court is to ignore these allegations out of hand,[3] Yang be permitted to supplement the record.

---

[3] And they should be rejected out of hand. Even if all the personal calumnies were true, the Ninth Circuit wisely holds that the litigation history and motives of parties are not germane to the merits of their claims. *Antoninetti v. Chipotle Mexican Grill*, 643 F.3d 1165, 1175 (9th Cir. 2010) (courts should "tread carefully" when making inferences from party's litigation history). *Accord True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1079 (C.D. Cal. 2010) (history of representing objectors "has no greater bearing on the merits of objections raised than a plaintiffs counsel's experience in filing class action suits speaks to the merits of claims he brings.").

Case No: 3:07-cv-05634-CRB                                                                                          3
MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE DECLARATION OF THEODORE H. FRANK

Dated: May 15, 2015                    Respectfully submitted,

/s/ *Anna St. John*
Theodore H. Frank (SBN 196332)
Anna St. John (*pro hac vice*)
**CENTER FOR CLASS ACTION FAIRNESS**
1718 M Street NW
No. 236
Washington, DC 20036
Email: tfrank@gmail.com
Email: annastjohn@gmail.com
Voice: (703) 203-3848

Aaron Dawson (SBN 283990)
**ALECTO LAW**
300 Lakeside Drive, Suite 403
Oakland, CA  94612
Email: adawson@alectolaw.biz
Voice: (415) 534-5346

*Attorneys for Objector Amy Yang*

**CERTIFICATE OF SERVICE**

I, Anna St. John, declare that I am over the age of eighteen and not a party to the entitled action. I am an attorney with the Center for Class Action Fairness, and my office address is 1718 M Street NW, No. 236, Washington, DC 20036.

On May 15, 2015, I caused to be served a true and correct copy of the following:

**1)   MOTION FOR ADMNISTRATIVE RELIEF FOR LEAVE TO FILE DECLARATION OF THEODORE H. FRANK**

**2)   DECLARATION OF THEODORE H. FRANK**

**3)   [PROPOSED] ORDER GRANTING MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE DECLARATION OF THEODORE H. FRANK**

**4)   CERTIFICATE OF SERVICE**

with the Clerk of the Court using the Official Court Electronic Document Filing System which served copies on all interested parties registered for electronic filing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 15, 2015, in Washington, DC.

*/s/ Anna St. John*
Anna St. John