Joseph W. Cotchett (36324)
jcotchett@cpmlegal.com
Steven N. Williams (175489)
swilliams@cpmlegal.com
Adam J. Zapala (245748)
azapala@cpmlegal.com
Elizabeth Tran (280502)
etran@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile:  (650) 697-0577

Michael P. Lehmann (77152)
mlehmann@hausfeldllp.com
Christopher Lebsock (184546)
clebsock@hausfeldllp.com
**HAUSFELD LLP**
44 Montgomery Street
San Francisco, CA 94111
Telephone: (415) 633-1908
Facsimile:  (415) 358-4980

Michael D. Hausfeld
mhausfeld@hausfeldllp.com
Seth R. Gassman
sgassman@hausfeldllp.com
**HAUSFELD LLP**
1700 K Street, Suite 650
Washington, D.C. 20006
Telephone: (202) 540-7200
Facsimile:  (202) 540-7201

*Interim Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION**<br><br>**This Document Relates To:**<br><br>**All Actions** | Civil Action No. 3:07-CV-05634-CRB<br><br>MDL No: 1913<br><br>**FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANT CATHAY PACIFIC AIRWAYS LIMITED** |

This matter has come before the Court to determine whether there is any just reason for delay of the entry of this final judgment with respect to the class action settlement with Defendant Cathay Pacific Airways Limited (sometimes referred to herein as "Defendant"). The Court, having reviewed the Motion for Final Approval of certain settlements (*see* ECF No. 999) and Plaintiffs' Fees Motion (*see* ECF No. 986), and having held argument on the motion on May 22, 2015 and having issued an Order Granting Motion For Final Approval And Granting Motion For Fees (*see* ECF No. 1009), and finding no just reason for delay, hereby directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to members of the Settlement Class and Cathay Pacific Airways Limited, pursuant to the Settlement Agreement Between Plaintiffs and Cathay Pacific Airways Limited (the "Settlement Agreement") (*see* ECF No. 999-7):

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, the "Action") and over the parties to the Settlement Agreement, including all members of the Settlement Class and Defendant.

2. The following class is certified for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> CATHAY PACIFIC SETTLEMENT CLASS:
> All persons and entities that purchased passenger air transportation that included at least one flight segment between the United States and Asia or Oceania from Defendants, or any predecessor, subsidiary or affiliate thereof, at any time between January 1, 2000 and the Effective Date. Excluded from the class are purchases of passenger air transportation between the United States and the Republic of South Korea purchased from Korean Air Lines, Ltd. and/or Asiana Airlines, Inc. Also excluded from the class are governmental entities, Defendants, former defendants in the Actions, any parent, subsidiary or affiliate thereof, and Defendants' officers, directors, employees and immediate families.

3. This settlement class in the Settlement Agreement shall be referred to herein as the "Settlement Class."

4. For purposes of this Order, the terms "Defendants," "Effective Date," "Released Claims," "Releasing Parties," and "Released Parties" shall be defined as set forth in the Settlement

Agreement.

5.   The Court finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes by each of the Settlement Classes in that:

    a. there are hundreds of thousands of putative members of the Settlement Class, making joinder of all members impracticable;

    b. there are questions of fact and law that are common to all members of the Settlement Class;

    c. the claims of the Class Representatives are typical of those of the absent members of the Settlement Class; and

    d. Plaintiffs Meor Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller, Scott Fredrick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman, Harley Oda, Roy Onomura, Shinsuke Kobayashi, Patricia Lee, Nancy Kajiyama, Della Ewing Chow and James Kawaguchi (the "Class Representatives") have and will fairly and adequately protect the interests of the absent members of the Settlement Class and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately advance the interests of the Settlement Class.

6.   The Court finds that this Action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) for settlement because: (i) questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only the claims of individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

7.   Pursuant to Fed. R. Civ. P. 23(g), the Court hereby confirms that Cotchett, Pitre & McCarthy and Hausfeld LLP are appointed as Settlement Class Counsel, and that Plaintiffs Meor Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller, Scott Fredrick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman, Harley Oda, Roy Onomura, Shinsuke Kobayashi, Patricia Lee, Nancy Kajiyama, Della Ewing Chow and James Kawaguchi are appointed to serve as Class

Representatives on behalf of the Settlement Class.

8. The person identified on Exhibit B to the Declaration of Joel Botzet in support of Plaintiffs' motion for final approval of the Class Settlements (*see* ECF No. 999-19) has timely and validly requested exclusion from the Settlement Class and, therefore, is excluded. Such person is not included in or bound by this final judgment.

9. Upon the Effective Date, all Releasing Parties shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any Released Claim against any of the Released Parties.

10. The Court has finally approved a total of eight settlements between the Class Representatives and Japan Airlines Company, Ltd., Société Air France, Vietnam Airlines Company Limited, Thai Airways International Public Co., Ltd. ("Thai Airways"), Malaysian Airline System Berhad, Qantas Airways Limited ("Qantas"), Cathay Pacific Airways, Ltd. ("Cathay Pacific"), and Singapore Airlines Limited (collectively the "Settlement Agreements") in the total amount of $39,502,000.00, approved an award of attorneys' fees in the amount of $9,000,000.00, approved reimbursement to Class Counsel of expenses in the amount of $2,807,699.73, approved a litigation fund of $3,000,000.00, and approved an award of $7,500.00 for each of the Class Representatives (collectively the "Approved Fees and Costs") (*see* ECF No. 1009).

11. There were no objections lodged with respect to the settlement between the Class Representatives and Cathay Pacific Airways Limited (*see* ECF No. 1001, Order Granting Stipulation Regarding Partial Withdrawal of Objection of Amy Yang).

12. The Approved Fees and Costs shall be allocated pro-rata to each of the Settlement Agreements.

13. This Court hereby dismisses on the merits and with prejudice all claims in the Action against Cathay Pacific Airways Limited, with each party to bear its own costs and attorneys' fees.

14. Without affecting the finality of this final judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the terms of the Settlement Agreement and any distribution to members of the Settlement Class pursuant to further orders of this Court; (b) hearing and ruling on any matters relating to the plan of allocation of the settlement proceeds; and

1   (c) all parties to the Action and Releasing Parties, for the purpose of enforcing and administering
2   the Settlement Agreement and the mutual releases and other documents contemplated by, or
3   executed in connection with the Settlement Agreement.

**IT IS SO ORDERED**.

Dated  June 11, 2015

_____
HON. CHARLES R. BREYER
United States District Court Judge