IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS<br>_____/ | No. C 07-05634 CRB<br><br>**ORDER GRANTING FEE AWARD** |

Before the Court is Objector Amy Yang's Motion for Attorneys' Fees. See Mot. (dkt. 1029). Yang's Motion makes three requests. First, Yang requests that the Court award the Center for Class Action Fairness ("CCAF") $644,270 in attorneys' fees, but that any amount over $90,000 be added to the Settlement Fund. Id. at 2. Second, Yang requests a $7,500 incentive payment, and that such payment be made directly to the Settlement Fund. Id. at 8. Third, Yang requests that her incentive payment and fee award be paid from Class Counsel's fee award, rather than the Settlement Fund. Id. at 5. The Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), VACATES the hearing currently set for Friday, August 14, 2015, and GRANTS the Motion, as modified below.

"Under certain circumstances, attorneys for objectors may be entitled to attorneys' fees from the fund created by class action litigation." Rodriguez v. Disner (Rodriguez II), 688 F.3d 645, 658 (9th Cir. 2012). In order to receive an award of attorneys' fees, objectors must show that they increased the fund or "substantially enhanced the benefits to the class"

under the settlement. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1052 (9th Cir. 2002). Generally, objectors who "do not add any new legal argument or expertise, and do not participate constructively in the litigation" are not entitled to attorneys' fees. Rodriguez II, 688 F.3d at 659. See also Reynolds v. Beneficial Nat'l Bank, 288 F.3d 277, 288–89 (7th Cir. 2002) (affirming denial of fee award to objectors who offered no unique arguments). On appeal, the Court's determination as to the propriety and amount of objector fee awards is entitled to "broad deference." Rodriguez II, 688 F.3d at 653.

The Court finds that Yang is entitled to attorneys' fees reflecting a benefit to the class of $1,021,882.28. Yang alerted the Court to the untimely addition of $1,021,882.28 in expenses, and the Court disallowed those expenses. See Final Approval Order (dkt. 1009) at 3 n.3 ("[A]s Objector Amy Yang noted at the motion hearing. . . .").[1] Yang therefore substantially benefitted the class by increasing the amount in the Settlement Fund. See Rodriguez II, 688 F.3d at 658 (stating that objectors can claim entitlement to fees where they increased the common fund); Vizcaino, 290 F.3d at 1051–52; Reynolds, 288 F.3d at 288 (explaining that objectors who produce an "improvement in the settlement more than the fee they are seeking" conferred a substantial benefit and are entitled to attorneys' fees).

Given Yang's contribution to the Settlement Fund, the Court finds that an award of $90,000—less than 10% of the benefit she conferred—is appropriate here. That award is less than CCAF's lodestar of $107,872.50, see St. John Decl. (dkt. 1029-1) at 5, but not considerably less, which the Court finds appropriate. See Frank Decl. (dkt. 1060) (conceding that "very little" of CCAF's time was spent identifying the untimely addition of the $1,021,882.28 in expenses, but arguing persuasively that "it would have been quite impossible for Ms. Yang to raise the Rule 23(h)(1) violation with the Court if her attorneys

---

[1] The Court overruled all of Yang's other objections to the settlement, aside from her objection that the requested attorneys' fees were too high. See Final Approval Order at 4. On that subject, while Yang advanced some ideas that the Court agreed with (like using the net rather than the gross settlement to calculate attorneys' fees), courts in this district generally do not award objectors attorneys' fees where the "court did not rely on the Objectors' arguments in issuing its decision." See Rose v. Bank of Am. Corp., No. 5:11-CV-02390-EJD, 2015 WL 2379562, at *2 (N.D. Cal. May 18, 2015). The Court did not rely on Yang's arguments. See Final Approval Order at 2 (citing "longstanding preference for using the net").

2

1  had not spent the initial 200+ hours preparing a timely objection and defending Ms. Yang
2  from . . . discovery"); see also In re Apple Inc. Sec. Litig., No. 5:06-CV-05208-JF HRL,
3  2011 WL 1877988, at *5 (N.D. Cal. May 17, 2007) (citing Wininger v. SI Management L.P.,
4  301 F.3d 1115, 1127 (9th Cir. 2002)) ("[w]hen the percentage recovery for objectors'
5  counsel would either be too small or too large in light of the hours devoted to the case, the
6  benchmark percentage should be adjusted . . . by the lodestar calculation."); Mot. at 4 (Yang
7  argued for 12.5% of the benefit she secured for the class).

8      The Court nonetheless rejects Yang's request that her fees be paid from Class
9  Counsel's award, rather than the Settlement Fund.  See Mot. at 5-6 (citing to several cases
10 outside this circuit).  Courts in this circuit "commonly award objectors fees and expenses
11 from the common fund." Sobel v. Hertz Corp., 53 F. Supp. 3d 1319, 1333–34 (D. Nev.
12 2014); see also In re Riverstone, 256 F. App'x 168, 169 (9th Cir. 2007).  This is because
13 "objectors may claim entitlement to fees on the same equitable principles as class counsel,"
14 whose fees are typically paid from the class fund.  See Rodriguez II, 688 F.3d at 658.

15     Incentive awards also typically come from the class fund.  See, e.g., Clayton v. Knight
16 Transp., No. 1:11-cv-00735 SAB, 2014 WL 1154098, at *7 (E.D. Cal. Mar. 21, 2014)
17 (awarding an incentive payment "from the settlement funds"); Briggs v. United States, No.
18 C07-05760 WHA, 2012 WL 476348, at *1 (N.D. Cal. Feb. 14, 2012) (approving an incentive
19 payment to the class representative "from the class fund").  Because awarding an incentive
20 payment in this case would mean removing money from the Settlement Fund only to
21 immediately pay it back, the Court declines Yang's request for an incentive award.

22     For the foregoing reasons, the Court GRANTS Yang's Motion for Attorneys' Fees
23 and awards CCAF $90,000 from the Settlement Fund.

24     **IT IS SO ORDERED.**

25 Dated: August 13, 2015

26     CHARLES R. BREYER
27     UNITED STATES DISTRICT JUDGE

28

*United States District Court*
*For the Northern District of California*