**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
JUN 26 2017
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION, <br><br>------------------------------ <br><br> DONALD WORTMAN, individually and on behalf of all others similarly situated, <br><br>   Plaintiff-Appellee, <br><br> v. <br><br> AMY YANG, <br><br>   Objector-Appellant, <br><br> v. <br><br> SOCIETE AIR FRANCE; MALAYSIAN AIRLINE SYSTEM BERHAD; SINGAPORE AIRLINES LIMITED; VIETNAM AIRLINES COMPANY LIMITED; JAPAN AIRLINES COMPANY, LTD., <br><br>   Defendants-Appellees. | No.   15-16280 <br><br> D.C. Nos.   3:07-cv-05634-CRB <br>             3:08-md-01913-CRB <br><br> MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted April 21, 2017
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and LOGAN,[**] District Judge.

Appellant Amy Yang ("Yang") appeals the grant of Donald Wortman's motion for final approval of eight class action settlement agreements with Defendants-Appellees. We review for abuse of discretion. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 940 (9th Cir. 2011). We affirm.

1. The district court properly certified the settlement class and was not obligated to create subclasses for purchasers of U.S.-originating travel and direct purchasers of airfare. Federal Rule of Civil Procedure 23(a) does not require a district court to weigh the prospective value of each class member's claims or conduct a claim-by-claim review when certifying a settlement class. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 823 (9th Cir. 2012) (reasoning that it would be "onerous" and "impossible" to attribute a specific monetary value to each of the class members' asserted claims).

---

[**] The Honorable Steven Paul Logan, United States District Judge for the District of Arizona, sitting by designation.

Yang argues that purchasers of foreign-originating travel and indirect purchasers of airfare should not be entitled to an equal *pro rata* share of the settlement funds, in light of *Illinois Brick* and the Foreign Trade Antitrust Improvements Act. *See* 15 U.S.C. § 6a (barring claims arising out of foreign injury); *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 728–29 (1977) (providing that only customers who purchase directly from defendants may recover under federal antitrust law). But, at the time of settlement, Defendants-Appellees had not raised these affirmative defenses, and the district court had not ruled on them. Subclasses may not be created "on the basis of speculative" conflicts of interests. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th Cir. 2015) (internal citation and quotation marks omitted); *see also Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 305 (3d Cir. 2011) (establishing that "a district court has limited authority to examine the merits when conducting the [class] certification inquiry").

2. The settlements provided sufficient notice to class members under Rule 23. *See* Fed. R. Civ. P. 23(c)(2)(B), 23(e)(1), & 23(e)(5). Potential class members were notified of the opportunity to opt out or object to the settlements no later than thirty-five days before the fairness hearing. While the class membership period has remained open for the duration of this appeal, "the class as a whole" was given sufficient notice to "flush out whatever objections might reasonably be raised to

the settlement[s]." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). Indeed, Defendants-Appellees implemented a comprehensive notice program that has reached approximately eighty-percent of potential class members in the United States, and at least seventy-percent in Japan.

**AFFIRMED.**