FILED

JUN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

***Wortman v. Yang*, Case No. 15-16280**
**Rawlinson, Circuit Judge, dissenting:**

I respectfully dissent. In my view, the district court abused its discretion when it certified a settlement class containing members with divergent interests.

Rule 23 of the Federal Rules of Civil Procedure provides in pertinent part:

> One or more members of a class may sue or be sued as representative parties on behalf of all members *only if . . . the representative parties will fairly and adequately protect the interests of the class*.

Fed. R. Civ. P. 23(a)(4) (emphasis added).

The settlement class certified by the district court ignored the requirements of Rule 23 by lumping together class members with fundamentally different interests. The Japan Airlines Company, Ltd. (JAL) settlement lumps together purchasers of domestic travel and purchasers of foreign travel for the same *pro rata* distribution of settlement proceeds, despite the fact that the Foreign Trade Antitrust Improvements Act (FTAIA) precludes federal courts from exercising jurisdiction over claims of overcharges associated with foreign travel. *See* 15 U.S.C. 6a (providing that the prohibitions against monopolies and restraint of trade do not apply to "trade or commerce . . . with foreign nations"). With such an apparent conflict within the class, it is virtually impossible for the class representatives to adequately represent a class that includes members who may be

1

entitled to absolutely no recovery. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 627 (1997) ("[T]he adversity among subgroups requires that the members of each subgroup *cannot be bound to a settlement* except by consents given by those who understand that their role is to represent solely the members of their respective subgroups.") (citation omitted) (emphasis added); *see also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999) ("[I]t is obvious after *Amchem* that a [divided] class requires . . . homogenous subclasses under Rule 23(c)(4)(B), with separate representation to eliminate conflicting interests of counsel. *See Amchem*, 521 U.S. at 627, 117 S. Ct. 2231 (class settlements must provide 'structural assurance of fair and adequate representation for the diverse groups and individuals affected. . . .'") (citations omitted).

In a similar vein, the settlement agreement lumped together passengers who purchased tickets directly from the airlines and passengers who purchased tickets through an intermediary, such as a travel agent or ticket broker. We have explicitly recognized that the "indirect purchaser rule" articulated by the United States Supreme Court in *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 746-47 (1977) "bars suits for antitrust damages by customers who do not buy directly from a defendant." *Somers v. Apple, Inc.*, 729 F.3d 953, 961 (9th Cir. 2013). And we have defined "indirect purchasers of airline tickets" as individuals who "did not

purchase tickets directly from [the airlines] but instead bought them from direct purchasers such as travel agents and consolidators." *In re Korean Air Lines Co., Ltd. Antitrust Litig.*, 642 F.3d 685, 689 (9th Cir. 2011). Yet again, these disparate claims prevent adequate representation of the class. *See Amchem Prods.*, 521 U.S. at 627; *see also Hesse v. Sprint Corp.*, 598 F.3d 581, 589 (9th Cir. 2010) (concluding that representation of class was inadequate and conflicting when "one group within a larger class possesse[d] a claim that is neither typical of the rest of the class nor shared by the class representative") (citing *Amchem*, 521 U.S. at 625-27).

In sum, the district court abused its discretion by lumping together disparate claimants, failing to comply with Rule 23 and our governing precedent. *See Zonowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017) (noting that the district court abuses its discretion when it commits an error of law). Unfortunately, the district court took the easy way out rather than sorting through the various claims and claimants. *See Ortiz*, 527 U.S. at 856 (requiring "division into homogenous subclasses" when there are conflicting claims within the class).

Rather than affirming, I would reverse and remand for the district court to create the necessary subgroups to ensure adequate representation of all claimants. *See Amchem*, 521 U.S. at 627.

Because I would reverse on the class certification issue, I would not address the notice issue. However, as my colleagues in the majority have included that issue in their discussion, I simply note that it is patently unreasonable to end the notice period before all prospective class members are identified, thereby completely depriving those class members of any notice. *See* Fed. R. Civ. P. 23(c)(2)(B), (e)(1) (requiring reasonable notice to prospective class members).

I respectfully dissent.