Joseph W. Cotchett (36324)
Niall P. McCarthy (160175)
Adam J. Zapala (245748)
Elizabeth T. Castillo (280502)
Ana Gardea (280797)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Tel: (650) 697-6000
Fax: (650) 697-0577
jcotchett@cpmlegal.com
nmccarthy@cpmlegal.com
azapala@cpmlegal.com
ecastillo@cpmlegal.com
agardea@cpmlegal.com

Michael P. Lehmann (77152)
Christopher L. Lebsock (184546)
Seth R. Gassman (311702)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
clebsock@hausfeld.com
sgassman@hausfeld.com

*Interim Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION | Case No. 3:07-cv-05634-CRB<br><br>**PLAINTIFFS' OPPOSITION TO ALL NIPPON AIRWAYS CO., LTD'S ADMINISTRATIVE MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

1  Defendant All Nippon Airways Co., Ltd.'s ("ANA") last-minute attempt to "supplement
2 the record" with four-year-old deposition testimony from its own employee one day before oral
3 argument on its summary judgment motion should be denied.[1]

4  Administrative motions are intended for requests regarding "miscellaneous administrative
5 matters" if the other parties are provided at least four days to oppose the requested relief; they are
6 not intended for last-minute record supplementation immediately prior to the very hearing on
7 which the Court will hear argument related to the record the moving party is attempting to
8 supplement. *See* Civil L. R. 7-11. Further, ANA offered no explanation for why it failed to file the
9 material with either its opening or reply memoranda of law. The deposition testimony in question
10 is more than *four years old*, and of ANA's own employee. ANA should not be provided relief
11 from its own apparent inability to read a transcript.

12  Moreover, the request is futile because the testimony merely highlights that there is a
13 sharp, genuine issue of material fact precluding entry of summary judgment. Specifically, the
14 deposition testimony that ANA seeks to add to the record purportedly "further support[s]" the
15 view that JCAB "convened 'three-way communications' among JCAB, ANA, and JAL." ECF
16 No. 1179 at 1. But Plaintiffs filed substantial, direct evidence that contradicts ANA's *post-hoc*
17 litigation position and shows that ANA and JAL conspired to set fuel surcharges on flights from
18 the United States to Japan and hid their collusion from JCAB without JCAB's involvement. *See,*
19 *e.g.*, ECF No. 1163-2, Spero Decl., Ex. L, Gen Yamasaki Dep. Tr. at 27:19-21 (testifying that
20 "JAL and ANA agreed upon the condition of fuel surcharges before both companies filed the
21 surcharges with JCAB"); *id.* at 111:13-16 (testifying that JCAB did not direct JAL to coordinate
22 its fuel surcharges with ANA); *id.* at 129:12-13 (testifying that JCAB "didn't ask JAL to consult
23 with ANA with regard to fuel surcharges"); *id.* at 28:5-10 (testifying that ANA and JAL agreed
24 that JAL would file for approval of fuel surcharge with JCAB first and that ANA would follow);

---

[1] The hearing on ANA's summary judgment motion is currently scheduled for June 15, 2018, at 10 a.m. ANA filed the administrative motion to supplement the record at issue at 3:54 p.m. on June 13, 2018 – less than 48 hours before the summary judgment hearing. ANA did *not* contact Plaintiffs prior to filing the present motion; instead, ANA emailed Plaintiffs more than half a day *after* it filed the motion (on the morning of June 14) in order to belatedly request a stipulation.

**Plaintiff's Opposition to All Nippon's Administrative Motion for Leave to Supplement the Record ISO Its Motion for Summary Judgment; Case No. 3:07-cv-05634-CRB**   1

Spero Decl., Ex. N, ANA-00541607-10 (internal ANA email showing that parties would stagger their filing dates with JCAB so as not to arouse JCAB's suspicion regarding collusion on fuel-charge increase applications by ANA and JAL: "[i]t can be seen as being too excessive for 2 companies to be cooperating in increasing fares on the same day, so I would like it if our company delayed things by 1 day").  ANA's litigation position even contradicts its own internal, contemporaneous documents, which explained that the reason it had the same fuel surcharge level as JAL was because of independent action on ANA's part, not because it was directed to collude by JCAB. *See, e.g.*, ECF No. 1163-2, Spero Decl., Ex. O, ANA-00510685. Thus, direct testimony from JAL refutes ANA's version of events: JAL's witnesses clearly testified that (a) JCAB did not want JAL and ANA to collude on surcharges; (b) JCAB never instructed ANA and JAL to collude; (c) JCAB did not require JAL and ANA to have the same fuel surcharge; and (d) ANA and JAL agreed to stagger the filing dates on their submissions to JCAB so as not to arouse its suspicion that the conspirators *had* colluded, among other direct evidence. No amount of additional, self-serving testimony from ANA's own witnesses can change JAL's testimony, which demonstrates a sharp factual dispute that cannot be resolved at summary judgment.[2] Supplementing the record as ANA desires, therefore, serves no purpose.

ANA cites a single authority in its motion to support its improper request, but that authority shows precisely why ANA's motion should be denied. *See* ECF No. 1179 at 1 (citing *Acco Brands, Inc. v. PC Guardian Anti-Theft Prod., Inc.*, No. C 04-03526 SI, 2008 WL 2168379, at *2 n.2 (N.D. Cal. May 22, 2008)). In *Acco Brands*, the court allowed the filing of a deposition transcript in support of a motion after the reply was filed because the deposition at issue took place *nine days* before the hearing on that motion. 2008 WL 2168379, at *2 n.2 (N.D. Cal. May 22, 2008).

For any of the reasons set forth above, Plaintiffs respectfully request that the Court deny ANA's administrative motion.

---

[2] Of course, all of the foregoing presumes that the *Noerr-Pennington* doctrine could be applicable in this scenario in the first instance, which Plaintiffs dispute.  But even assuming *arguendo* that the defense is available in this scenario, it cannot entitle ANA to judgment because of these disputed factual issues.

Dated: June 14, 2018                                      Respectfully submitted,

/s/ *Adam J. Zapala*                                              /s/ *Christopher L. Lebsock*
Adam J. Zapala (245748)                                    Michael D. Hausfeld
azapala@cpmlegal.com                                       mhausfeld@hausfeld.com
Elizabeth Castillo (280502)                                Michaela Spero (310070)
ecastillo@cpmlegal.com                                     mspero@hausfeld.com
Ana Gardea (280797)                                        **HAUSFELD LLP**
agardea@cpmlegal.com                                       1700 K Street, Suite 650
**COTCHETT, PITRE & McCARTHY**                             Washington, D.C. 20006
San Francisco Airport Office Center                        Telephone: (202) 540-7200
840 Malcolm Road, Suite 200                                Facsimile: (202) 540-7201
Burlingame, CA 94010
Telephone: (650) 697-6000                                  Michael P. Lehmann (77152)
Facsimile: (650) 697-0577                                  mlehmann@hausfeld.com
                                                           Christopher Lebsock (184546)
                                                           clebsock@hausfeld.com
                                                           Seth R. Gassman (311702)
                                                           sgassman@hausfeld.com
                                                           **HAUSFELD LLP**
                                                           600 Montgomery Street, Suite 3200
                                                           San Francisco, CA 94111
                                                           Telephone: (415) 633-1908
                                                           Facsimile: (415) 358-4980

*Interim Co-Lead Counsel for Plaintiffs*