Ankur Kapoor
Gary J. Malone
Harrison J. McAvoy
Yo W. Shiina
Matthew Vaccaro
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
Telephone:   (212) 350-2700
Facsimile:    (212) 350-2701
Email: akapoor@constantinecannon.com

Douglas E. Rosenthal
CONSTANTINE CANNON LLP
1001 Pennsylvania Avenue, N.W., Suite 1300N
Washington, DC 20004
Telephone:   (202) 204-3510
Facsimile:    (202) 204-3501
Email: drosenthal@constantinecannon.com

Jesse W. Markham, Jr.
1 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone: 415-422-4473
Email: jmarkhamlaw@gmail.com

*Counsel for Defendant All Nippon Airways Co., Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Master File No. C 07-5634 CRB<br><br>MDL NO. 1913<br><br>**CLASS ACTION**<br><br>**DEFENDANT ALL NIPPON AIRWAYS CO., LTD'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION REGARDING TRIAL SCHEDULE AND CLASS NOTICE PROGRAM**<br><br>Judge:   The Honorable Charles R. Breyer |

CONSTANTINE CANNON LLP
335 MADISON AVE., FL 9
NEW YORK, NY 10017

DEFENDANT ALL NIPPON AIRWAYS CO., LTD'S ADMINISTRATIVE MOTION TO TEMPORARILY STAY THE ORDER ON CLASS CERTIFICATION PENDING A WRITTEN ORDER – MASTER FILE NO. C 07-5634 CRB/MDL NO. 1913

On August 24, 2018, Plaintiffs filed an Administrative Motion Regarding Proposed Trial Schedule and Class Notice Program (ECF No. 1231).  Defendant All Nippon Airways Co., Ltd. ("ANA") agrees with almost the entirety of the trial schedule laid out in Plaintiffs' motion.  However, ANA opposes two items which unduly burden ANA and the Court or which do not accord with the Civil Local Rules.  ANA also objects to Plaintiffs' class notice program and notice forms.

First, the schedule for merits expert reports sensibly should be that the party bearing the burden of proof on a claim or defense should submit its expert report(s) bearing on that claim or defense before the other party's rebuttal expert report.  Plaintiffs' proposal—that each side guess what the other's expert will opine, and submit its rebuttal on the same day—is unduly burdensome and inefficient.  It would require each side to submit two expert reports instead of one:  one report addressing what each side guesses the other's expert will say; and a second report responding to what the other's expert actually says.

Second, ANA does not agree to Plaintiffs' elimination of replies to oppositions to motions in limine.

Third, Plaintiffs' counsel's class notice program is misleading and exhibits improper gamesmanship.  Plaintiffs' counsel has repeatedly argued to this Court that the passenger-plaintiffs are the direct purchasers from the airlines, and that travel agents are not:  "You have the fact that travel agents don't purchase airline tickets at all."; "THE COURT:  . . . [I]s there circuit law that supports the proposition that the travel agents or people similarly situated as travel agents wouldn't have a direct purchaser claim?  MR. ZAPALA:  Yes." (Jun. 15, 2018, Hr'g Tr. 19:05-06, 42:21-43:03.)  This Court accepted that argument in denying ANA's motion for summary judgment that passengers who purchased through travel agents were indirect purchasers from the airlines.  Yet now Plaintiffs' counsel intend to send their proposed class notice to travel agencies as direct purchasers, giving the lie to their argument on summary judgment.  Plaintiffs' notice also misleads class members, improperly implying liability by associating both the Japan Class and the Satogaeri Class with ANA's plea agreement.

CONSTANTINE CANNON LLP
1301 K STREET, NW
WASHINGTON, DC 20005

1
DEFENDANT ALL NIPPON AIRWAYS CO., LTD'S ADMINISTRATIVE MOTION TO TEMPORARILY STAY THE ORDER ON CLASS CERTIFICATION PENDING A WRITTEN ORDER – MASTER FILE NO. C 07-5634 CRB/MDL NO. 1913

**1. On the date for opening expert reports, the party bearing the burden of proof on a claim or defense should submit its expert report(s) bearing on that claim or defense.**

Plaintiffs have the burden of proving liability and damages, and may submit an expert report containing economic theories and evidence. In order to prepare an informed and comprehensive response, ANA needs to know Plaintiffs' expert's theories and on what evidence Plaintiffs' expert relies. It would be unduly burdensome and inefficient for ANA to guess the contents of Plaintiffs' expert report(s) and submit a response(s) which could be off-point to the extent ANA guesses wrong or which would add nothing to the extent ANA guesses right, because, under Plaintiffs' proposal, ANA would submit a rebuttal anyway after receiving Plaintiffs' report(s).

In *Plumbers & Pipefitters Local 572 Pension Funds v. Cisco Systems, Inc.*, 2005 WL 1459572 (N.D. Cal. Jun. 21, 2005), simultaneous disclosure was found to prejudice the party without the burden of proof, as a "needless waste of resources" insomuch as "Defendants would have to respond to all of Plaintiffs' possible theories" instead of focusing on the actual "theories relied upon by Plaintiffs." *Id*. at *2. The Advisory Committee Notes to the 1993 amendments to Federal Rule of Civil Procedure 26(a)(2) also state, "In most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue."

Here, Plaintiffs' proposed simultaneous exchange would result in exactly the "needless waste" which should be avoided. Instead, Plaintiffs should serve their merits expert report(s) on November 5, 2018, and ANA should serve its rebuttal expert report(s) on December 31, 2018. That eliminates the inefficient and costly requirement that ANA first speculate and respond to what it thinks Plaintiffs' economic theories will be before subsequently drafting an additional response once Plaintiffs' actual theories are known. ANA's expert report(s) on ANA's affirmative defenses should also be due on November 5, with Plaintiffs' rebuttal(s) due on December 31.

Constantine Cannon LLP
1301 K Street, NW
Washington, DC 20005

2

DEFENDANT ALL NIPPON AIRWAYS CO., LTD'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION REGARDING TRIAL SCHEDULE AND CLASS NOTICE PROGRAM – MASTER FILE NO. C 07-5634 CRB/MDL NO. 1913

In the alternative, ANA would agree to serving its rebuttal report on November 5 if the Court limits Plaintiffs to Dr. Mangum's existing class report without modification. That would eliminate the need for guesswork in ANA's rebuttal, and would be efficient.

**2. The parties should be afforded replies on motions in limine, consistent with the Civil Local Rules.**

The parties have agreed to exchange motions in limine on December 17, 2018. Consistent with Civil Local Rules 7-3(a) and 7-3(c), ANA proposes 14 days to oppose and 7 days to exchange replies. Plaintiffs have proposed 21 days to exchange oppositions and the elimination of replies altogether.

Given the availability of time to fully brief each motion, ANA can find no reason to deviate from the rules. ANA should be afforded a full opportunity to reply to any issue raised in Plaintiffs' opposition briefs. Additionally, Plaintiffs will face no prejudice as they have already contemplated the entire briefing schedule to total three weeks. Therefore, in accordance with the Local Rules, ANA proposes the exchange of opposition briefs on December 31, 2018, and the exchange of reply briefs on January 7, 2019.

**3. Plaintiffs' Class Notice Program is misleading and should be rejected.**

Plaintiffs' improper class notice misleads its audience and contains statements which contradict the holdings of this Court.

First, the notice should not be sent to travel agencies as stated in paragraph 15.d of the Wheatman Declaration. This Court has held that the plaintiff-passengers are the direct purchasers on behalf of similarly situated passengers, in reliance on Plaintiffs' counsel's repeated argument that passengers are direct purchasers and travel agents are not. There are no travel-agent plaintiffs representing any class of travel agents. Sending the notice to travel agents would mislead them into thinking that their claims are being adjudicated.

Second, the notice should not refer to ANA's plea agreement. Plaintiffs have not established that the plea agreement concerns either the Japan Class or the Satogaeri Class. As the notice properly states, "The Court has not decided that ANA did anything wrong; rather, the

3

CONSTANTINE CANNON LLP
1301 K STREET, NW
WASHINGTON, DC 20005

DEFENDANT ALL NIPPON AIRWAYS CO., LTD'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION REGARDING TRIAL SCHEDULE AND CLASS NOTICE PROGRAM – MASTER FILE NO. C 07-5634 CRB/MDL NO. 1913

case is currently scheduled to go to trial." Referring to the plea agreement would give class members the misimpression that the plea agreement establishes liability or otherwise strengthens Plaintiffs' case.

Third, Exhibit 4 to the Wheatman Declaration states, in the second bullet point on page 1, "Lawsuits involving the price of transpacific airline tickets have been settled…." The bullet point incorrectly refers to multiple "lawsuits." It should be corrected to read, "The lawsuit involving the price of transpacific airline tickets has been settled…." That accords with the third bullet point, "The lawsuit is continuing against the remaining defendants …."

ANA also objects to the improper use of an administrative motion for approval of class notice. Civil Local Rule 7-11 provides that a motion for administrative relief is appropriate for resolving "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule, or standing order." Plaintiffs' request for approval of class notice is governed by Federal Rule of Civil Procedure 23(c)(2), and therefore not properly made via administrative motion. ANA requests a hearing on its objections to the notice, on September 14, 2018, when the Court has scheduled the final-approval hearing on the other Defendants' settlements. Absent that, Plaintiffs' class notice program should be rejected.

## CONCLUSION

For the foregoing reasons, ANA respectfully requests the Court to approve ANA's annexed Proposed Order Setting the Trial Schedule. ANA also requests that Plaintiffs' class notice program be rejected or, in the alternative, that the Court schedule a hearing on ANA's objections to the notice on September 14, 2018.

Dated: August 28, 2018           **CONSTANTINE CANNON LLP**

*/s/ Ankur Kapoor*
Ankur Kapoor
Gary J. Malone
Harrison McAvoy
Yo. W. Shiina
Matthew Vaccaro
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
Telephone: (212) 350-2700

CONSTANTINE CANNON LLP
1301 K STREET, NW
WASHINGTON, DC 20005

DEFENDANT ALL NIPPON AIRWAYS CO., LTD'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION REGARDING TRIAL SCHEDULE AND CLASS NOTICE PROGRAM – MASTER FILE NO. C 07-5634 CRB/MDL NO. 1913

4

Facsimile: (212) 350-2701
Email: akapoor@constantinecannon.com

Douglas E. Rosenthal
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave., NW, Suite 1300 North
Washington, DC 20004
Telephone: (202) 204-3500
Facsimile: (202) 204-3501
Email: drosenthal@constantinecannon.com

**Jesse W. Markham, Jr.**
1 Embarcadero Center, 5th Floor
San Francisco, CA 94111
Telephone: (415) 422-4473
Email: jmarkhamlaw@gmail.com

*Counsel for Defendant All Nippon Airways Co., Ltd.*

CONSTANTINE CANNON LLP
1301 K STREET, NW
WASHINGTON, DC 20005

5

DEFENDANT ALL NIPPON AIRWAYS CO., LTD'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION REGARDING TRIAL SCHEDULE AND CLASS NOTICE PROGRAM – MASTER FILE NO. C 07-5634 CRB/MDL NO. 1913