1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION**

Case No.  07-cv-05634-CRB

**ORDER GRANTING DEFENDANT'S REQUEST FOR A HEARING RE: PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLASS NOTICE PROGRAM**

The Court, having considered Plaintiffs' Administrative Motion Regarding Class Notice Program ("Administrative Motion"), Defendant All Nippon Airways Co., Ltd's ("ANA") Opposition to Plaintiffs' Administrative Motion, Plaintiffs' Reply in Support of Administration Motion, and all supporting papers, hereby **GRANTS** Plaintiffs' Leave to File Reply in Support of Administration Motion and **GRANTS** Defendant ANA's request for a hearing regarding the Administrative Motion.  See Mot. (dkt. 1231); Opp. to Mot. (dkt. 1232); Reply to Mot. (dkts. 1239, 1239-2).

Civil Local Rule 7–11 pertains to "administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge."  Fed. Civ. L.R. 7–11.  This Rule was not meant to include a motion for approval of a class notice program, which is governed by Federal Rule of Civil Procedure 23(c)(2).  See id.; Fed. R. Civ. P. 23(c)(2).  Plaintiffs readily acknowledge that the notice program must comply with the requirements of Rule 23(c)(2).  See Mot. at 2-3; Reply to Mot. at 6.  However, instead of focusing on Local Rule 7–11's explicit language that administrative matters do not include matters governed by the Federal Rules, Plaintiffs argue that nothing in Rule

23(c)(2) precludes the use of administrative motions.  <u>See</u> Reply to Mot. at 6.  Further,

Plaintiffs consider "the approval of the Notice Program to be a 'miscellaneous

administrative matter' under Local Rule 7.11."  <u>See id.</u>  Plaintiffs do not cite to any

authority supporting their use of Local Rule 7–11 as a device to request approval of the

class notice program.  <u>See id.</u>  Instead, Plaintiffs focus on the Court's previous approvals

of prior proposed class notice programs.  <u>Id.</u>  What Plaintiffs fail to mention is that both

previous proposals are distinguishable from the current notice program because they (1)

included accompanying hearings where parties were able to argue the adequacy of the

notice program and (2) involved notice programs designed for settlement purposes.  <u>See</u>

Minute Entry for Apr. 7, 2018 Hearing (dkt. 1146); Minute Entry for Dec. 12, 2014

Hearing (dk.t 967).  Moreover, Plaintiffs argue that they filed an administrative motion

because "[t]here is no reason to delay issuance of class notice based on this issue alone."

<u>Id.</u>  Courts in this District do not allowed parties to file administrative motions on non-

administrative matters, even for the purpose of expediting proceedings.  <u>See, e.g.</u>, <u>Dister v.</u>

<u>Apple-Bay East, Inc.</u>, No. C 07-01377 SBA, 2007 WL 4045429, at *3–4 (N.D. Cal. Nov.

15, 2007) ("The plaintiff offers no authority to support his use of Local Rule 7–11 as a

device to speed up the briefing schedule for a motion to stay based upon the need to

preserve 'time and resources.'"); <u>Morgenstein v. AT&T Mobility LLC</u>, No. CV 09-3173

SBA, 2009 WL 3021177, at *2 (N.D. Cal. Sept. 17, 2009) ("Defendant AT&T's request

for a stay of this instant action 'is hardly the sort of minor administrative matter that is

appropriate for treatment under Civil L.R. 7–11.'").  The Court thus finds that Plaintiffs'

use of Local Rule 7–11 is improper.

Rather than reject Plaintiffs' class notice program, however, in the interest of

judicial efficiency, the Court **GRANTS** Defendant ANA's request for a hearing on the

issue of notice on **September 14, 2018 at 10:00 a.m.**  <u>See</u> Opp. to Mot. at 4.

**IT IS SO ORDERED.**

Dated: Sept. 6, 2018



CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California