| | |
|---|---|
| Joseph W. Cotchett (36324) | Michael P. Lehmann (77152) |
| Adam J. Zapala (245748) | Christopher L. Lebsock (184546) |
| Elizabeth T. Castillo (280502) | Seth R. Gassman (311702) |
| **COTCHETT, PITRE & McCARTHY, LLP** | **HAUSFELD LLP** |
| 840 Malcolm Road | 600 Montgomery Street, Suite 3200 |
| Burlingame, CA 94010 | San Francisco, CA 94111 |
| Phone: (650) 697-6000 | Phone: (415) 633-1908 |
| Fax: (650) 697-0577 | Fax: (415) 358-4980 |
| jcotchett@cpmlegal.com | mlehmann@hausfeld.com |
| azapala@cpmlegal.com | clebsock@hausfeld.com |
| ecastillo@cpmlegal.com | sgassman@hausfeld.com |

*Interim Co-Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION**<br><br>**This Document Relates To:**<br><br>**ALL ACTIONS** | Civil Case No. 3:07-cv-05634-CRB<br><br>MDL No. 1913<br><br>[~~PROPOSED~~] **FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO DEFENDANT PHILIPPINE AIRLINES, INC.** |

This matter has come before the Court to determine whether there is any just reason for delay of the entry of this final judgment with respect to the class action settlement with Defendant Philippine Airlines, Inc. ("PAL") (sometimes referred to herein as "Defendant"). The Court, having reviewed Plaintiffs' Motion for Final Approval of Settlements with Defendants PAL, Air New Zealand Limited ("ANZ"), China Airlines, Ltd. ("CAL"), and EVA Airways Corporation ("EVA") ("Final Approval Motion") and Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Incentive Awards (ECF No. 1227-29), having held argument on said motions on September 14, 2018, and finding no just reason for delay, hereby directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to members of the Settlement Class and PAL pursuant to the Settlement Agreement Between Plaintiffs and PAL ("Settlement Agreement") (see ECF No. 1112-2):

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, "Action") and over the parties to the Settlement Agreement, including all members of the Settlement Class and Defendant.

2. The following class is certified for settlement purposes only, pursuant to Federal Rule of Civil Procedure ("Rule") 23:

> PAL SETTLEMENT CLASS: All persons and entities that purchased passenger air transportation originating in the United States that included at least one flight segment to Asia or Oceania, from Defendants or their co-conspirators, or any predecessor, subsidiary, or affiliate thereof, at any time between January 1, 2000 and December 1, 2016. Excluded from the class are governmental entities, Defendants, former Defendants in the Action, any parent, subsidiary or affiliate thereof, and Defendants' officers, directors, employees and immediate families.

3. This settlement class in the Settlement Agreement shall be referred to herein as the "Settlement Class."

4. For purposes of this Order, the terms "Defendants," "Effective Date," "Released Claims," "Releasing Parties," and "Released Parties" shall be defined as set forth in the Settlement Agreement.

5. The Court finds the prerequisites to a class action under Rule 23(a) have been

[Proposed] Final Judgment of Dismissal With Prejudice As to Defendant Philippine Airlines, Inc.
Case No. 3:07-cv-05634 CRB

2

satisfied for settlement purposes by each of the Settlement Classes in that:

    a.    There are hundreds of thousands of putative members of the Settlement Class, making joinder of all members impracticable;

    b.    There are questions of fact and law that are common to all members of the Settlement Class;

    c.    The claims of the Class Representatives are typical of those of the absent members of the Settlement Class; and

    d.    Plaintiffs Meor Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller, Scott Fredrick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman, Harley Oda, Roy Onomura, Shinsuke Kobayashi, Patricia Lee, Nancy Kajiyama, Della Ewing Chow, James Kawaguchi ("Class Representatives") have and will fairly and adequately protect the interests of the absent members of the Settlement Class and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately advance the interests of the Settlement Class.

6. The Court finds that this Action may be maintained as a class action under Rule 23(b)(3) for settlement because: (i) questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only the claims of individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

7. Pursuant to Rule 23(g), the Court hereby confirms that Cotchett, Pitre & McCarthy, LLP and Hausfeld LLP are appointed as Settlement Class Counsel and that Plaintiffs Meor Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller, Scott Fredrick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman, Harley Oda, Roy Onomura, Shinsuke Kobayashi, Patricia Lee, Nancy Kajiyama, Della Ewing Chow, and James Kawaguchi are appointed to serve as Class Representatives on behalf of the Settlement Class.

8. The person identified in **Exhibit A** to this Final Judgment has timely and validly requested exclusion from the Settlement Classes and, therefore, is excluded. Such person is not

[Proposed] Final Judgment of Dismissal With Prejudice As to Defendant Philippine Airlines, Inc.
Case No. 3:07-cv-05634 CRB

3

included in or bound by this final judgment.

9. Upon the Effective Date, all Releasing Parties shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any Released Claim against any of the Released Parties.

10. The Court has finally approved a total of four settlements between the Class Representatives and PAL, ANZ, CAL, and EVA (collectively, "Settlement Agreements") in the total amount of $50,650,000.

11. The award of attorneys' fees, reimbursement of litigation expenses, and incentive payment to a Class Representative granted by the Court in connection with the PAL, ANZ, CAL, and EVA settlements shall be allocated pro-rata to each of the Settlement Agreements.

12. This Court hereby dismisses on the merits and with prejudice the Action against Defendant, with each party to bear its own costs and attorneys' fees.

13. Without affecting the finality of this final judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the terms of the Settlement Agreement and any distribution to members of the Settlement Class pursuant to further orders of this Court; (b) hearing and ruling on any matters relating to the plan of allocation of the settlement proceeds; and (c) all parties to the Action and Releasing Parties, for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other documents contemplated by, or executed in connection with the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: October 11, 2018

_____
**THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE**

[Proposed] Final Judgment of Dismissal With Prejudice As to Defendant Philippine Airlines, Inc.
Case No. 3:07-cv-05634 CRB

4

# EXHIBIT A

## TRANSPACIFIC AIR PASSENGER EXCLUSION REQUESTS

| SEQ | Name1 | Name2 | Exclusion Request Timely |
|---|---|---|---|
| 1 | Elaine K Gano | | Yes |