1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

11

12

13

14

15

16

17

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** | Civil Case No. 3:07-cv-05634-CRB<br><br>MDL No. 1913 |
| **This Document Relates To:**<br><br>**ALL ACTIONS** | **[PROPOSED]** ORDER GRANTING FINAL APPROVAL OF SETTLEMENTS WITH DEFENDANTS PHILIPPINE AIRLINES, INC., AIR NEW ZEALAND LIMITED, CHINA AIRLINES, LTD., AND EVA AIRWAYS CORPORATION |

18

19

20

21

22

23

24

25

26

27

28

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlements with Philippine Airlines, Inc. ("PAL"), Air New Zealand Limited ("ANZ"), China Airlines, Ltd. ("CAL"), and EVA Airways Corporation ("EVA") (collectively, "Settling Defendants"). The Court, having reviewed the motion, the Settlement Agreements, the pleadings and other papers on file in this litigation, and the statements of counsel and the parties, including at the September 14, 2018 final approval hearing, hereby finds that: (1) the settlements should be finally approved, and (2) that there is no just reason for delay of the entry of this Final Judgment approving these Settlement Agreements. Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Agreements. Good cause appearing therefore:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, "Action"), and over the parties to the Settlement Agreements, including all members of the Settlement Class and the Settling Defendants.

2.      The Court hereby finally approves and confirms the settlements set forth in the Settlement Agreements between the Class Representatives and the Settling Defendants, and finds that said settlements are, in all respects, fair, reasonable and adequate to the Settlement Classes pursuant to Federal Rules of Civil Procedure ("Rule") 23.

3.      The following Classes are certified for settlement purposes, pursuant to Rule 23:

**PAL SETTLEMENT CLASS**
All persons and entities that purchased passenger air transportation originating in the United States that included at least one flight segment to Asia or Oceania, from Defendants or their co-conspirators, or any predecessor, subsidiary, or affiliate thereof, at any time between January 1, 2000 and December 1, 2016. Excluded from the class are governmental entities, Defendants, former Defendants in the Action, any parent, subsidiary or affiliate thereof, and Defendants' officers, directors, employees and immediate families.

**ANZ SETTLEMENT CLASS**
All persons and entities that purchased passenger air transportation originating in the United States that included at least one flight segment to Asia or Oceania, from Defendants or their alleged co-conspirators, or any predecessor, subsidiary, or

affiliate thereof, at any time between January 1, 2000 and December 1, 2016. Excluded from the class are governmental entities, Defendants, former Defendants in the Action, any parent, subsidiary or affiliate thereof, and Defendants' officers, directors, employees and immediate families.

**CAL SETTLEMENT CLASS**
All persons and entities that purchased passenger air transportation originating in the United States that included at least one flight segment to Asia or Oceania, from Defendants, or any predecessor, subsidiary, or affiliate thereof, at any time between January 1, 2000 and December 1, 2016. Excluded from the class are governmental entities, Defendants, former Defendants in the Action, any parent, subsidiary or affiliate thereof, and Defendants' officers, directors, employees and immediate families.

**EVA SETTLEMENT CLASS**
All persons and entities that purchased passenger air transportation originating in the United States that included at least one flight segment to Asia or Oceania, from Defendants, or any predecessor, subsidiary, or affiliate thereof, at any time between January 1, 2000 and December 1, 2016. Excluded from the class are governmental entities, Defendants, former Defendants in the Action, any parent, subsidiary or affiliate thereof, and Defendants' officers, directors, employees and immediate families.

4.      These settlement classes shall be referred to herein as the Settlement Classes.

5.      For purposes of these Settlement Classes, the term Defendants shall be defined as set forth in each of the respective Settlement Agreements. Where co-conspirators are referenced in a settlement class definition, the term co-conspirators means: American Airlines; Asiana Airlines; British Airways; Continental Airlines; Delta Airlines; Korean Air Lines; KLM Royal Dutch Airlines; Lufthansa; Northwest Airlines; Scandinavian Airlines System; Swiss International; United Airlines; and Virgin Atlantic Airways.

6.      The Court finds the prerequisites to a class action under Rule 23(a) have been satisfied for settlement purposes by each of the Settlement Classes in that:

        a.      There are hundreds of thousands of putative members of the Settlement Classes, making joinder of all members impracticable;

        b.      There are questions of fact and law that are common to all members of the Settlement Classes;

c.       The claims of the Class Representatives are typical of those of the absent members of the Settlement Classes; and

d.       Plaintiffs Meor Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller, Scott Fredrick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman, Harley Oda, Roy Onomura, Shinsuke Kobayashi, Patricia Lee, Nancy Kajiyama, Della Ewing Chow, James Kawaguchi, and Sharon Christian ("Class Representatives") have and will fairly and adequately protect the interests of the absent members of the relevant Settlement Class or Classes and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately advance the interests of the Settlement Classes.

7.       The Court finds that this Action may be maintained as a class action under Rule 23(b)(3) for settlement because: (i) questions of fact and law common to the members of the Settlement Classes predominate over any questions affecting only the claims of individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

8.       Pursuant to Rule 23(g), the Court hereby confirms that Cotchett, Pitre & McCarthy, LLP and Hausfeld LLP are appointed as Settlement Class Counsel, and that Plaintiffs Meor Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller, Scott Fredrick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman, Harley Oda, Roy Onomura, Shinsuke Kobayashi, Patricia Lee, Nancy Kajiyama, Della Ewing Chow, and James Kawaguchi are appointed to serve as Class Representatives on behalf of the Settlement Classes. In addition to the foregoing, Sharon Christian is also appointed to serve as a Class Representative for the EVA Settlement Class.

9.       Attached hereto and incorporated herein by reference as **Exhibit A** is a list of those settlement class members who have opted out of the foregoing settlements. The sole opt-out to this round of settlements has timely and validly requested exclusion from the Settlement Classes and, therefore, is excluded. Such person is not included in or bound by the Final Judgments. Such

[Proposed] Order Granting Final Approval of Class Action Settlements
Case No. 3:07-cv-05634-CRB

3

1    person is not entitled to any recovery of the settlement proceeds obtained through these Class

2    Settlements.

3         10.    One individual, Bruce Wheatley, filed a timely objection to the Class Settlements.

4    Mr. Wheatley's objection failed to comply with the long form notice provided on the website

5    established by Kinsella Media (www.airlinesettlement.com) because it did not attach any

6    documents concerning his purchases of transpacific passenger air transportation that would

7    constitute proof of membership in the Settlement Classes. Assuming his assertions that

8    "[b]etween 2009 and 2017, [he] traveled via Philippine Airlines, between Los Angeles California

9    and Manila, Philippines" and that he made "15 round trip flights" are true (ECF No. 1203),

10   however, Mr. Wheatley would be a class member, and the Court considers his objection in

11   connection with all four settlements. After a thorough review of his arguments, and Plaintiffs'

12   responses thereto, the Court finds his objection to be meritless. Accordingly, Mr. Wheatley's

13   objection is hereby overruled.

14        11.    This Court hereby dismisses on the merits and with prejudice the Actions against

15   the Settling Defendants, with each party to bear their own costs and attorneys' fees.

16        12.    All persons and entities who are Releasing Parties under the terms of the

17   Settlement Agreements are hereby barred and enjoined from commencing, prosecuting or

18   continuing, either directly or indirectly, against the Settling Defendants, in this or any other

19   jurisdiction, any and all claims, causes of action or lawsuits, which they had, have or in the future

20   may have arising out of or related to any of the settled claims as defined in the Settlement

21   Agreements.

22        13.    The Released Parties as defined in the Settlement Agreements are hereby and

23   forever released and discharged with respect to any and all claims or causes of action which the

24   Releasing Parties had or have arising out of or related to any of the settled claims as defined in

25   the Settlement Agreements.

26        14.    The notice given to the Settlement Classes of the settlements set forth in the

27   Settlement Agreements, and as approved by the Court at the time of preliminary approval, was

28   the best notice practicable under the circumstances, including a multi-part notice program through

paid media, earned media, press releases, online media and the establishment of a toll-free number. According to the notice expert retained by Class Counsel, direct notice via postcard reached 97.65 percent of all class members who filed a claim for the previous settlements; direct notice via email reached potential class members with a 95.8 percent delivery success rate; paid media delivery reached an estimated 70 percent of U.S. Foreign Travelers an average estimated frequency of 2.3 times; and the nationwide press release was viewed 749 times. Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlements set forth in the Settlement Agreements, to persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(l) and the requirements of due process.

15.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of these settlements and any distribution to members of the Settlement Classes pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) determining attorneys' fees, costs, expenses, interest and Class Representative incentive awards; (d) the Action until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreements; (e) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and (f) all parties to the Action and Releasing Parties, for the purpose of enforcing and administering the Settlement Agreements and the mutual releases and other documents contemplated by, or executed in connection with the Agreement.

**IT IS SO ORDERED.**


Dated: _____          _____
                                     **THE HONORABLE CHARLES R. BREYER**
                                     **UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

## TRANSPACIFIC AIR PASSENGER EXCLUSION REQUESTS

| SEQ | Name1 | Name2 | Exclusion Request Timely |
|-----|-------|-------|--------------------------|
| 1 | Elaine K Gano | | Yes |