# CONSTANTINE CANNON LLP

**Gary J. Malone**
212-350-2744
gmalone@constantinecannon.com

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

November 14, 2018

**VIA EMAIL**

Charles E. Enloe
Office of Litigation and Enforcement
Office of the General Counsel
U.S. Department of Transportation
1200 New Jersey Avenue SE, Room W94-205
Washington, DC 20590
charles.enloe@dot.gov

> Re: *Request for Declaration from the U.S. Department of Transportation Pursuant to 49 CFR Part 9*

Dear Mr. Enloe:

I am writing as counsel for All Nippon Airways Co., Ltd. ("ANA") in reply to the letter dated November 5, 2018, from Michael P. Lehmann and Adam J. Zapala ("Plaintiffs' Counsel"), asking the United States Department of Transportation ("DOT") to deny ANA's outstanding request ("ANA's Request") that the DOT submit a declaration discussing certain relevant issues in the pending litigation of *In re Transpacific Passenger Air Transportation Antitrust Litigation*, Case No. C 07-5634-CRB ("*Transpacific*").

Plaintiffs' Counsel's primary argument is that ANA's Request is "tardy" because fact discovery in *Transpacific* closed on January 31, 2014. Plaintiffs' Counsel, however, ignore the fact that subsequent to that discovery cut-off, the Ninth Circuit, in its decision issued on April 14, 2017, "urge[d] the parties to solicit the DOT's views regarding its regulatory authority on the various rates here at issue." *Wortman v. All Nippon Airways*, 854 F.3d 606, 617 (9th Cir. 2017). Thus—notwithstanding the discovery cut-off—the Ninth Circuit directed the parties to make the request that ANA has now submitted to the DOT.

After the Ninth Circuit issued its decision, however, ANA timely sought review of that decision, including by filing a petition for certiorari. If ANA had been successful in this effort, it would have been granted summary judgment on all of plaintiffs' claims—obviating the need for any declaration by the DOT. As Plaintiffs' Counsel concede, the Supreme Court did not deny

335 MADISON AVENUE, NEW YORK, NY 10017   TELEPHONE: (212) 350-2700   FACSIMILE: (212) 350-2701   WWW.CONSTANTINECANNON.COM
A LIMITED LIABILITY PARTNERSHIP

428971v.1

## CONSTANTINE CANNON LLP

Charles E. Enloe
November 14, 2018
Page 2

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

ANA's petition for certiorari until March 19, 2018. It was not until that date that it became clear that ANA would need to solicit the views of the DOT.

As you know, ANA then began communicating with the DOT in early April 2018 regarding the possibility of obtaining testimony from the DOT regarding its regulatory authority. ANA initially asked for the DOT's permission to interview Paul Gretch, a former DOT employee, to ascertain whether he or some other DOT witness would have sufficient knowledge to offer testimony on the factual issues identified by the district and appellate courts. After a series of communications, you informed ANA's counsel in July 2018 that Mr. Gretch had informed the DOT that he had been retained to provide testimony for the plaintiffs in the *Transpacific* action and wanted to know if that was okay. You stated that you believed this would be expert testimony, but that you were not certain. You also told ANA's counsel that DOT had not approved any such possible testimony, had informed Mr. Gretch that DOT needed to be informed of the details of any such possible testimony, and had instructed Mr. Gretch to tell plaintiffs' attorneys to send something to the DOT to review.

It appears that plaintiffs' attorneys never complied with the DOT's request that it be given the opportunity to review the details of any proposed testimony, given that Plaintiffs' Counsel inform the DOT in their November 5 letter of the fact that Mr. Gretch has already filed a sworn declaration with the court in the *Transpacific* action.

After learning of the possibility of Mr. Gretch providing testimony on behalf of the plaintiffs, I contacted plaintiffs' attorneys in an effort to confirm whether they had retained Mr. Gretch as a potential expert witness. Plaintiffs' attorneys refused to confirm whether they had retained Mr. Gretch on the ground that the deadline for revealing expert witness had not yet occurred. Given plaintiffs' attorneys' refusal to confirm whether they had retained Mr. Gretch as an expert, I informed them that I planned to contact Mr. Gretch. Plaintiffs' attorneys did not object. ANA's counsel then called Mr. Gretch but he stated that he did not want to talk to them.

Given that Mr. Gretch could no longer be considered an impartial witness, ANA's counsel then contacted the DOT and indicated that ANA was considering seeking a deposition of the DOT pursuant to 49 CFR Part 9 and Rule 30(b)(6) of the Federal Rules of Civil Procedure, which provides for entities, such as the DOT, to designate witnesses to testify about specified topics. As you know, after several communications with the DOT concerning such a possible deposition, you suggested that it might be more appropriate for the DOT to issue a written statement addressing the relevant factual issues. Given DOT's suggestion, ANA then submitted a request for a declaration pursuant to 49 CFR Part 9.

# CONSTANTINE CANNON LLP

Charles E. Enloe
November 14, 2018
Page 3

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

In light of the above, Plaintiffs' Counsel's suggestion that ANA's request should for a declaration should be denied as "tardy" is meritless.

Plaintiffs' Counsels' argument that ANA is seeking the DOT's "guidance on issues not in dispute" is equally meritless. The district court's and the Ninth Circuit's rulings have established that the DOT's level of regulation of ANA's fares was sufficient to require application of the filed-rate doctrine to those fares. Under these rulings, however, there is a factual issue as to whether the DOT's level of regulation of ANA's fuel surcharges reached that same level of regulation so as to require application of that doctrine. As the nine topics listed in ANA's Request indicate, ANA seeks to prevail on this issue by showing that ANA's fares and fuel surcharges were subject to equal levels of regulation by the DOT. As Plaintiffs' Counsel indicate in their November 5 letter, plaintiffs seek to prevail on this issue by arguing that DOT lacked the ability to "effectively monitor" fuel surcharges. Obviously, the regulatory facts that support ANA's argument are relevant to this case. Moreover, ANA's nine topics were drafted to be broad enough cover the issues raised by both ANA and plaintiffs. For example, Topic 2 and Topic 3 broadly ask the DOT to "[d]escribe the extent to which the DOT regulated" fares and fuel surcharges, which would encompass both ANA's and plaintiffs' arguments.

Plaintiffs' Counsel also argue that the DOT should not submit a declaration on DOT's regulation prior to 2008 because it is unlikely that any current employee has personal knowledge of the DOT's regulation during the relevant period. Leaving aside Plaintiffs' Counsel's unsupported speculation that the DOT has no employees who have worked there for more than a decade, current DOT employees would have personal knowledge of DOT's written records of its regulation of the rates at issue, which would provide a basis for the requested declaration. *See, e.g.*, *Rosemann v. Roto-Die, Inc.*, 377 F.3d 897, 903 (8th Cir. 2004) (even though current president of corporation had no "personal knowledge" of signing of agreement in 1978, he could testify because he had personal knowledge of corporation's interpretation of contract); *Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 403 (3d Cir. 1980) ("personal knowledge of appellant's balance sheets acquired by … accountant was clearly sufficient under Rule 602 to qualify him as a witness eligible under Rule 701 to testify to his opinion of how lost profits could be calculated and to inferences that he could draw from his perception of … books").

Moreover, as noted above, ANA submitted its request for a declaration only after the DOT indicated a preference for providing its views on the relevant issues by way of a written statement instead of the Rule 30(b)(6) deposition suggested by ANA. If the DOT did reject ANA's request for a declaration, ANA would have to return to seeking a Rule 30(b)(6) deposition. Rule 30(b)(6) imposes a duty on an entity to educate a witness about relevant topics even if there are no current employees with personal knowledge.

428971v.1

## CONSTANTINE CANNON LLP

Charles E. Enloe
November 14, 2018
Page 4

NEW YORK | WASHINGTON | SAN FRANCISCO | LONDON

Finally, Plaintiffs' Counsel make the absurd argument that ANA has no need of DOT's neutral and independent views about the factual issues identified by the Ninth Circuit now that Plaintiffs' Counsel are paying Mr. Gretch to testify about those issues as plaintiffs' expert witness. It is clear beyond peradventure that in urging the parties to seek the DOT's views on the relevant factual issues, the Ninth Circuit was contemplating a noninterested discussion of the DOT's regulation. Now that Mr. Gretch has agreed to plaintiffs' offer to pay him for his testimony, Mr. Gretch is clearly disqualified from playing that role.

Finally, Plaintiffs' Counsel's argument that ANA's Request for a declaration should be denied under the terms of 49 CFR Part 9 is untenable. For example, those regulations provide that a former DOT employee "shall not testify as an expert or opinion witness with regard to any matter arising out of the employee's official duties or the functions of the [DOT]." 49 CFR §§ 9.3(j), 9.9(d). Mr. Gretch has provided such purported expert testimony in his declaration. As discussed above, plaintiffs' attorneys apparently failed to give the DOT the opportunity to review Mr. Gretch's testimony that it requested. Plaintiffs' Counsel's argument that the DOT should deny ANA's request for a declaration now that it has paid Mr. Gretch for testimony that was not approved by the DOT is contrary to both the spirit and letter of 49 CFR Part 9.

To put it bluntly, Plaintiffs' Counsels' argument that the DOT should not provide its views is directly contrary to the Ninth Circuit's urging that the parties "solicit the DOT's views regarding its regulatory authority on the various rates here at issue." *Wortman*, 854 F.3d at 617. Accordingly, ANA respectfully requests that the DOT submit the requested declaration.

Very truly yours,

Gary J. Malone

cc: Adam J. Zapala (azapala@cpmlegal.com)
Michael P. Lehmann (mlehmann@hausfeld.com)

428971v.1