1  Joseph W. Cotchett (36324)
   Adam J. Zapala (245748)
2  Elizabeth Castillo (280502)
   **COTCHETT, PITRE & McCARTHY, LLP**
3  San Francisco Airport Office Center
   840 Malcolm Road, Suite 200
4  Burlingame, CA 94010
   Tel: (650) 697-6000
5  Fax: (650) 697-0577
   jcotchett@cpmlegal.com
6  azapala@cpmlegal.com
   ecastillo@cpmlegal.com
7
   Michael P. Lehmann (77152)
8  Christopher L. Lebsock (184546)
   Seth R. Gassman (311702)
9  **HAUSFELD LLP**
   600 Montgomery Street, Suite 3200
10 San Francisco, CA 94111
   Tel: (415) 633-1908
11 Fax: (415) 358-4980
   mlehmann@hausfeld.com
12 clebsock@hausfeld.com
   sgassman@hausfeld.com
13
   *Co-Lead Counsel for the Plaintiff Class*
14
15              **UNITED STATES DISTRICT COURT**
           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
16                 **SAN FRANCISCO DIVISION**

17 | **IN RE TRANSPACIFIC PASSENGER** | Civil Case No. 3:07-cv-05634-CRB-DMR |

18 **AIR TRANSPORTATION ANTITRUST** | MDL No. 1913

19 **LITIGATION** | **Honorable Charles R. Breyer**

20 **This Document Relates to:** | **MOTION FOR LEAVE TO TAKE**

21 | **VIDEOTAPED TRIAL DEPOSITION OF**
   | **FUSAKO CAHILL AND JOAN KAMEI**
   **All Actions**
22
23 | Date: December 21, 2018
   | Time: 10:00 a.m.
24 | Judge: Hon. Charles R. Breyer
   | Courtroom: No. 6, 17th Floor
25
26
27
28

1

## NOTICE OF MOTION AND MOTION

2 TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

3          PLEASE TAKE NOTICE that on Friday, December 21, 2018, or as soon thereafter as the

4 matter may be heard, in the courtroom of the Honorable Charles R. Breyer, United States District

5 Court for the Northern District of California, 450 Golden Gate Ave., Courtroom 6, 17th Floor,

6 San Francisco, California, Plaintiffs will move for leave to take videotaped depositions of

7 Fusako Cahill and Joan Kamei where they reside in order to present their videotaped testimony

8 at trial.

9          The motion is based on (a) this Notice of Motion and Motion; (b) the accompanying

10 Memorandum; (c) the accompanying Declaration of Christopher L. Lebsock dated November 20,

11 2018 (the "Lebsock Decl."); (d) any argument as may be presented; and (e) such further evidence

12 and argument as the Court may permit.

13

14 Dated: November 20, 2018                              Respectfully submitted,

15 /s/ *Adam J. Zapala*                                      /s/ *Christopher L. Lebsock*
    Adam J. Zapala (245748)                       Christopher Lebsock (184546)
16 azapala@cpmlegal.com                          clebsock@hausfeld.com
    Elizabeth Castillo (280502)                     Michael P. Lehmann (77152)
17 ecastillo@cpmlegal.com                         mlehmann@hausfeld.com
    **COTCHETT, PITRE & McCARTHY**       Seth R. Gassman (311702)
18 San Francisco Airport Office Center           sgassman@hausfeld.com
    840 Malcolm Road, Suite 200                  **HAUSFELD LLP**
19 Burlingame, CA 94010                          600 Montgomery Street, Suite 3200
    Telephone: (650) 697-6000                      San Francisco, CA 94111
20 Facsimile: (650) 697-0577                       Telephone: (415) 633-1908
                                                              Facsimile: (415) 358-4980
21

22                                                               Michael D. Hausfeld
                                                               mhausfeld@hausfeld.com
23                                                             **HAUSFELD LLP**
                                                               1700 K Street, Suite 650
24                                                             Washington, D.C. 20006
                                                               Telephone: (202) 540-7200
25                                                             Facsimile: (202) 540-7201

26          *Co-Lead Counsel for the Plaintiff Class*

27

28

## <u>STATEMENT OF ISSUE PRESENTED</u>

1.      Whether it is appropriate for the Court to grant leave to allow for the videotaped depositions of Fusako Cahill and Joan Kamei where they reside in order to present their videotaped testimony at trial, given the hardship it would impose on each witness to travel to testify live at trial and that neither witness will be employed by any party to this action at the time of trial.

Pursuant to Federal Rules of Civil Procedure 16(b), Plaintiffs, by and through co-lead counsel, submit this memorandum of points and authorities in support of their motion for leave to take videotaped depositions of Fusako Cahill and Joan Kamei where they reside in order to present their videotaped testimony at trial

## I.   INTRODUCTION

Plaintiffs have listed Fusako Cahill (a former employee of Japan Airlines International Co., Ltd. ("JAL")) and Joan Kamei (a soon to be retired employee of JAL), as trial witnesses in this matter.  Neither Ms. Cahill nor Ms. Kamei have been previously deposed, but both have submitted a declaration in this case.  *See* Cahill Decl., ECF No. 1118-16; Kamei Decl., ECF No. 1118-31.

Prior to issuing any trial subpoena to Ms. Cahill and Ms. Kamei, Plaintiffs contacted JAL's counsel in order advise them of their intentions.  Lebsock Decl. ¶ 2.  Counsel for JAL informed Plaintiffs that, while Ms. Cahill resides in the Los Angeles, California area, she is 72 years old, seldom travels due to her advanced age, and is retired from JAL.  *Id*. ¶ 3.  As to Ms. Kamei, counsel for JAL informed Plaintiffs that Ms. Kamei was responsible for carrying for her elderly mother who suffers from declining mental health and who requires close supervision, so it would be exceedingly difficult for Ms. Kamei to leave her mother to travel to San Francisco for trial.  *Id*. ¶ 6.  Further, Ms. Kamei is retiring from JAL in January 2019, so would not be a current employee at the time of trial.  *Id*.  Counsel for JAL indicated that both Ms. Cahill and Ms. Kamei requested this accommodation, permitting them to provide their trial testimony via videotaped deposition.  *Id*. ¶¶ 3, 6.

Plaintiffs are amenable to this request. Defendant All Nippon Airways ("ANA"), however, is not. *See* Lebsock Decl., Exs. 1 & 4.  ANA does not argue that it would be prejudiced from having this testimony presented through video recording instead of in person.  And Plaintiffs have made clear their willingness to accommodate ANA's scheduling needs by taking the depositions in January, which allows ANA both sufficient time to prepare for the depositions and sufficient time between the depositions and trial.  *Id*.  But ANA remains unmoved (even upon direct appeal from counsel for JAL), perhaps motivated by the hope that Ms. Cahill and

Ms. Kamei—who have offered detailed evidence of ANA's price fixing in their declarations[1]—will not appear at trial at all.  Lebsock Decl., Ex. 2.

Accordingly, pursuant to Fed. R. Civ. P. 16(b), Plaintiffs request leave to take a videotaped deposition of Ms. Cahill and Ms. Kamei where they reside (with time for ANA to conduct its cross-examination) in order to present their videotaped testimony at trial. Good cause supports Plaintiffs' request.

## II.    ARGUMENT

ANA refuses to accommodate Ms. Cahill and Ms. Kamei's request and argues that they are both available trial witnesses pursuant to Fed. R. Civ. P. 45(c)(1)(B)(ii).  Lebsock Decl., Ex. 1.  It is true that, while Ms. Cahill is a non-party and she is no longer under JAL's control, and Ms. Kamei will become a non-party by the date of the trial, they could both still be "commanded to attend a trial" because they reside within California—albeit over 300 miles away.  As an initial matter, there is no live subpoena to either witness, and Plaintiffs understand each witness's expressed reservations for traveling to San Francisco in March.  Even if there were live subpoenas, "[t]he decision whether to issue or enforce a subpoena is left to the discretion of the district court." *United States v. Pac. Gas & Elec. Co.*, No. 14-CR-00175-TEH, 2016 WL 3365754, at *2 (N.D. Cal. June 17, 2016).  This Court should exercise that discretion and not force witnesses to travel to the District for trial when such travel would cause undue burden and harm, particularly given the ability to easily capture their testimony for the jury through other means and in light of the fact that much of the testimony at trial will be provided by videotaped testimony.  Fed. R. Civ. P. 45(d)(3)(A)(iv) (requiring court to quash subpoena when it subjects nonparty to "undue burden").  Moreover, Rule 45 places a "duty" on Plaintiffs—who are propounding the subpoena in this case—to '*take reasonable steps to avoid* imposing undue burden or expense on a person subject to the subpoena . . . .'" *Kenney, Becker LLP v. Kenney*, No. 06 CIV. 2975 (JSR), 2008 WL 681452, at *3 n.5 (S.D.N.Y. Mar. 10, 2008) (quoting Fed. R.

---

[1] *See* Cahill Decl., ECF No. 1118-16; Kamei Decl., ECF No. 1118-31(describing unlawful communications between ANA and JAL related to *Satogaeri* fares).

1    Civ. P. 45(d)(1)) (emphasis in original).[2]  That is precisely what Plaintiffs are seeking to

2    accomplish through this Motion.

3         Plaintiffs proposed pre-trial depositions as an alternative to forcing Ms. Cahill and Ms.

4    Kamei to travel.  Pursuant to Fed. R. Civ. P. 32(a)(4) a witness is deemed unavailable for trial

5    such that her deposition can be used at trial for "any purpose" if she resides "more than 100

6    miles from the place of hearing or trial or is outside the United States, unless it appears that the

7    witness's absence was procured by the party offering the deposition."  Fed. R. Civ. P.

8    32(a)(4)(B).  This same section further states that a deposition may be used if "the witness

9    cannot attend or testify because of age, illness, infirmity, or imprisonment."  Fed. R. Civ. P.

10   32(a)(4)(C).  A party may offer deposition testimony in lieu of live testimony if any one of these

11   circumstances is met.  *See Phoenix Techs. Ltd. v. VMware, Inc*., No. 15-CV-01414-HSG, 2017

12   WL 8069609, at *2 (N.D. Cal. June 7, 2017).  Ms. Cahill's and Ms. Kamei's respective

13   situations satisfy both of these prongs.

14        A trial deposition beyond the discovery cutoff is appropriate under these circumstances,

15   as courts around the country have allowed parties to take trial depositions of unavailable

16   witnesses in order to preserve and present testimony at trial.  *See Charles v. Wade*, 665 F.2d 661,

17   664 (5th Cir. 1982) ("Although the discovery period had indeed closed . . . the requested

18   deposition would not have been taken for purposes of discovery but as the testimony of a witness

19   unavailable for trial . . . . The distinction is a valid one."); *Spangler v. Sears, Roebuck & Co*., 138

20   F.R.D. 122, 124 (S.D. Ind. 1991) (holding that even though discovery was closed, parties could

21   depose witnesses who were expected to be unavailable for trial).  As one court noted:

22             [L]awyers do not always know during the discovery phase which
23             witnesses will actually be needed for trial, and whether the
               testimony of some of these witnesses will need to be presented at
24             trial by means of depositions. Once those decisions are made by
               attorneys, courts cannot ignore a party's need to preserve testimony
25

26

27   _____
     [2] Indeed, a trial subpoena would very likely result in a motion to quash, which would leave the
28   parties in precisely the situation they are in now—with Plaintiffs seeking permission to depose
     the witnesses and present their testimony via videotape.

1                   for trial, as opposed to the need to discover evidence, simply because
2                   the period for discovery has expired.

3   *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 355 (D. Colo. 2001).

4         Good cause exists to reopen discovery for this limited purpose.  Fed. R. Civ. P. 16(b)(4).

5 *First,* because of the long-standing nature of this litigation, it would have been impossible for

6 Plaintiffs to anticipate that Ms. Cahill and Ms. Kamei, due to their own personal circumstances,

7 would become potentially unavailable to travel to testify at trial.  This case has been pending

8 since 2007, and formal discovery has been closed since 2014.  *Second*, Plaintiffs promptly

9 alerted ANA of each witness's concerns upon learning of them.  Lebsock Decl.  ¶¶ 3-4, 6-7.

10 *Third*, trial in this matter will not commence for another 3.5 months and thus there is plenty of

11 time for both sides' respective interests to be protected.  *Fourth*, both Ms. Cahill and Ms. Kamei

12 have direct knowledge of Plaintiffs' price-fixing claims, and each has previously submitted a

13 declaration on the subject.  *See* Cahill Decl., ECF No. 1118-16; Kamei Decl., ECF No. 1118-31.

14 ANA will have ample opportunity to prepare for the depositions, as they would be scheduled for

15 several months from now, and ANA will be able to cross-examine each witness just as it would

16 in live testimony.  Plaintiffs' request is well within this Court's "broad discretion to manage

17 discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila*

18 *v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011).

19 **III.    CONCLUSION**

20         For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs

21 leave to take videotaped depositions of Ms. Cahill and Ms. Kamei for use at trial.

22 Dated: November 20, 2018              Respectfully submitted,

23 /s/ *Adam J. Zapala*               /s/ *Christopher L. Lebsock*
    Adam J. Zapala (245748)           Christopher Lebsock (184546)
24     azapala@cpmlegal.com            clebsock@hausfeld.com
    Elizabeth Castillo (280502)         Michael P. Lehmann (77152)
25     ecastillo@cpmlegal.com           mlehmann@hausfeld.com
    **COTCHETT, PITRE & McCARTHY**    Seth R. Gassman (311702)
26     San Francisco Airport Office Center    sgassman@hausfeld.com
    840 Malcolm Road, Suite 200       **HAUSFELD LLP**
27     Burlingame, CA 94010           600 Montgomery Street, Suite 3200
    Telephone: (650) 697-6000        San Francisco, CA 94111
28     Facsimile: (650) 697-0577        Telephone: (415) 633-1908

Facsimile: (415) 358-4980

Michael D. Hausfeld
mhausfeld@hausfeld.com
**HAUSFELD LLP**
1700 K Street, Suite 650
Washington, D.C. 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

*Co-Lead Counsel for the Plaintiff Class*