1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** | Civil Action No. 3:07-CV-05634-CRB |
| | MDL No: 1913 |
| **This Document Relates To:** **All Actions** | **[PROPOSED] SECOND AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANT ALL NIPPON AIRWAYS CO., LTD AND OF NOTICE PROGRAM, NOTICE FORMS, AND PLAN OF ALLOCATION** |

1    Plaintiffs have moved the Court for Preliminary Approval of a Class Action Settlement

2  with Settling Defendant All Nippon Airways Co., Ltd. ("ANA"), as well as for Approval of the

3  Notice Program, the Notice Forms, and the Plan of Allocation. The Court, having reviewed the

4  motion and related documents, the ANA Settlement Agreement, the pleadings and other papers

5  on file in this action, and the statements of counsel and the parties, hereby finds that the motion

6  should be GRANTED.

7    IT IS HEREBY ORDERED THAT:

8    1.    The proposed settlement with ANA is preliminarily approved, subject to a final

9  approval hearing of the proposed settlement (the "Fairness Hearing"). The Court finds that the

10  proposed settlement falls within the range of possible final approval. The Court further finds that

11  there is a sufficient basis for notifying members of the classes of the proposed settlement.

12    2.    The following Settlement Classes are provisionally certified for settlement

13  purposes, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

14
15  Settlement Class I ("Japan Settlement Class"): All persons and entities that
    directly purchased tickets for passenger air transportation from JAL or ANA,
    or any predecessor, subsidiary or affiliate thereof, that originated in the
16  United States and included at least one flight segment from the United States
    to Japan between the period beginning February 1, 2005 and ending
17  December 31, 2007. Excluded from the class are any tickets that did not
    include a fuel surcharge. Excluded from the class are any antitrust
18  immunized fares agreed upon at IATA "Tariff Coordinating Conferences."
    Excluded from the class are tickets exclusively acquired through award or
19  reward travel or any tickets acquired for infant travel with a 90% discount.
    Also excluded from the class are purchases by government entities,
20  Defendants, any parent subsidiary or affiliate thereof, and Defendants' or any
    other commercial airline's officers, directors, employees, agents, and
21  immediate families.
22
23  Settlement Class II ("*Satogaeri* Settlement Class"): All persons and entities
    that directly purchased *Satogaeri* fares from JAL or ANA or any predecessor,
24  subsidiary or affiliate thereof that originated in the United States an included
    at least one flight segment to Japan and does not include travel to countries
25  other than the United States and Japan between the period beginning January
    1, 2000 and ending April 1, 2006. Excluded from the class are purchases by
26  government entities, Defendants, any parent subsidiary or affiliate thereof,
    and Defendants' officers, directors, employees and immediate families. Also
27  excluded are purchases of "Satogaeri Special" and maerui satogaeri fares.
28

Settlement Class III: All persons and entities that directly purchased passenger air transportation originating in the United States that included at least one flight segment to Asia or Oceania, from or on any of the Defendants, or any predecessor, subsidiary, or affiliate thereof, at any time between January 1, 2000 and December 1, 2016. Excluded from the class are governmental entities, Defendants, former Defendants in the Action, any parent, subsidiary or affiliate thereof, and Defendants' officers, directors, employees and immediate families.

3.      The Court finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes in that:

a)  there are thousands of putative Class members, making joinder of all members impracticable;

b)  there are questions of fact and law that are common to all members of each Class;

c)  the claims of the Class Representatives are typical of those of the absent members of each Class;

d)  Meor Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller, Scott Fredrick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman, Harley Oda, Roy Onomura, Shinsuke Kobayashi, Patricia Lee, Nancy Kajiyama, Della Ewing Chow, James Kawaguchi, and Sharon Christian have and will fairly and adequately protect the interests of the absent members of the Class and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately advance the interests of the Classes.

4.      The Court finds that this action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) for settlement because: (i) questions of fact and law common to the members of each Class predominate over any questions affecting only the claims of individual Class members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

5.      The Court finds that the Settlement Agreement falls within the range of possible approval. The Court further finds that there is a sufficient basis for notifying the Classes of the proposed settlement, and for enjoining members of the Classes from proceeding in any other action pending the conclusion of the Fairness Hearing.

6.      The Court hereby appoints the Interim Co-Lead Counsel, Cotchett, Pitre & McCarthy and Hausfeld LLP, to serve as Settlement Class Counsel.

7.      The Court hereby appoints Plaintiffs Meor Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller, Scott Fredrick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman, Harley Oda, Roy Onomura, Shinsuke Kobayashi, Patricia Lee, Nancy Kajiyama, Della Ewing Chow, James Kawaguchi, and Sharon Christian to serve as Class Representatives on behalf of the Settlement Classes.

8.      The Court approves the proposed Notice Program, including the updated Long Form Notice and the updated Short Form Notice attached to the Notice of Revised Notice Forms as well as the letter to travel agents attached to the Declaration of Dr. Shannon R. Wheatman in support of Plaintiffs' Motion for Approval of Notice Program, Notice Forms, and Plan of Allocation. The Court further approves the claim form attached to the Joint Declaration filed in support of Plaintiffs' motion. The Court also preliminarily approves the proposed Plan of Allocation described in Plaintiffs' Motion for Approval of Notice Program, Notice Forms, and Plan of Allocation. The Court finds that the manner of notice proposed constitutes the best practicable notice under the circumstances as well as valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of the Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution. The Court further finds that the Plan of Allocation is fair, reasonable, and adequate under the circumstances and fairly compensates class members based upon the scope of the releases provided by ANA.

9.      On or before July 8, 2019, Settlement Class Counsel shall cause the notice, in substantially the same form as Exhibits referenced above, to be published in the manner and in and through the media outlets and other mediums enumerated in the Notice Program and publication schedules attached as Exhibits to the Declaration of Dr. Shannon R. Wheatman. Settlement Class Counsel shall also provide a copy of the notice to all persons who request it and shall post a copy of the notice on the internet at the address identified in the notice. Settlement Class Counsel shall notify Settling Defendant of all class members who elect to opt out of the settlement or object to the settlement within five business days of the deadline for the same.

1   10.    At least ten (10) days before the date fixed by this Court for the Final Fairness

2   Hearing, Settlement Class Counsel shall cause to be filed with the Clerk of this Court a

3   declaration by the person under whose general direction the publication of notice was made,

4   showing that publication was made in accordance with this Order.

5   11.    A hearing (the "Final Fairness Hearing") shall be held by this Court on October 18,

6   2019 at 10:00 a.m. before the Honorable Charles R. Breyer at the United States District Court for

7   the Northern District of California, 450 Golden Gate Ave., Courtroom 6, 17th Floor, San

8   Francisco, California, 94102 to make a final determination as to whether the proposed settlement

9   is fair, adequate, and reasonable to the settlement classes and should be approved by the Court,

10  and whether Settling Defendant should be released from claims as provided in the settlement

11  agreement. The Court may adjourn this Final Fairness Hearing without further notice to members

12  of the settlement classes.

13  12.    Any member of a settlement class may request to be excluded from the settlement

14  class; such request of exclusion must be made no later than thirty-five days before the date of the

15  Final Fairness Hearing, and must otherwise comply with the requirements set forth in the long

16  form notice provided on the website established by Kinsella Media ("Settlement Website"). Any

17  member of a settlement class who does not timely seek exclusion from said class or who wishes

18  to object to the terms of the relevant proposed settlement must do so no later than 35 days before

19  the date of the Final Fairness Hearing and in conformity with the requirements set forth in the

20  long form notice provided on the Settlement Website.

21  13.    In the event that the proposed settlement is approved by the Court after the Final

22  Fairness Hearing, the deadline for class members to submit claims will be the later of one

23  hundred twenty (120) days after the Effective Date of the settlement (as that term is defined in the

24  Settlement Agreement) or the date upon which entry of judgment against ANA is final and any

25  appeal as to any judgment has been resolved.

26  14.    Settlement Class Counsel shall file with the Court their motion for final approval of

27  the proposed settlement agreement at least fourteen days (14) days prior to the date of the Final

28

Fairness Hearing. Settlement Class Counsel shall post a copy of any motion and supporting papers on the Settlement Website within twenty-four hours of filing.

15.     Settlement Class Counsel shall file any motion concerning the payment of and/or distribution of attorneys' fees, costs, and/or incentive awards thirty-five (35) days prior to the deadline to opt out or object to the settlement. Settlement Class Counsel shall post a copy of any motion for attorneys' fees and supporting papers on the website within twenty-four hours after it is filed with the Court. Comments and/or objections to any motion for attorneys' fees or to the settlement itself must be made in writing and comply with the requirements set forth in the long form notice posted on the Settlement Website, and must be filed with the Court, at least thirty-five (35) days prior to the Final Fairness Hearing.

16.     Settlement Class Counsel are authorized to pay out of the Settlement Fund sums actually invoiced by Kinsella Media/Rust for notice and administration.

17.     The above-referenced events and dates are set forth in the schedule below:

| Event | Date |
|---|---|
| Notice Program begins | Monday, July 8, 2019 |
| Plaintiffs to submit their motion for attorneys' fees, costs, and incentive awards<br><br>Plaintiffs to post a copy of the motion and supporting papers on the Settlement Website within 24 hours of filing | Friday, August 9, 2019 |
| Notice Program ends | Sunday, August 11, 2019 |
| Deadline for class members to exclude themselves from proposed settlement with ANA | Friday, September 13, 2019 |
| Deadline for class members to object to proposed settlement with ANA, or to object to motion for attorneys' fees | Friday, September 13, 2019 |
| Plaintiffs to notify ANA of all class members who excluded themselves from, or objected to, the settlement with ANA | Monday, September 16, 2019 |
| Plaintiffs to submit their motion for final approval of the proposed settlement with ANA<br><br>Plaintiffs to post a copy of the motion and supporting papers on the Settlement Website within 24 hours of filing | Friday, October 4, 2019 |

| | |
|---|---|
| Notice provider to submit declaration showing that publication was made in accordance with this Order | Friday, October 4, 2019 |
| Final Fairness Hearing | Friday, October 18, 2019 at 10:00 a.m. |

**IT IS SO ORDERED.**

Dated: ___May 29_____, 2019

_____
HON. CHARLES R. BREYER
United States District Judge