UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** | Civil Case No. 3:07-cv-05634-CRB <br><br> MDL No. 1913 |
| **This Document Relates To:** <br><br> **ALL ACTIONS** | [~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT WITH DEFENDANT ALL NIPPON AIRWAYS CO., LTD. |

This matter has come before the Court to determine whether there is any cause why this Court should not grant final approval of the settlement with All Nippon Airways Co., Ltd. ("ANA"). The Court, having reviewed the motion for final approval, the ANA Settlement Agreement, the pleadings and other papers on file in this litigation, and the statements of counsel and the parties, including at the October 18, 2019 final approval hearing, hereby finds that: (1) the ANA settlement should be finally approved, and (2) that there is no just reason for delay of the entry of the Final Judgment approving the ANA Settlement Agreement. Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Agreement. Good cause appearing therefore:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, "Action"), and over the parties to the Settlement Agreement, including all members of the Settlement Classes and ANA.

2. The Court hereby finally approves and confirms the settlement set forth in the Settlement Agreement between the Class Representatives and ANA, and finds that said settlement is, in all respects, fair, reasonable and adequate to the Settlement Classes pursuant to Federal Rules of Civil Procedure ("Rule") 23.

3. The following classes are certified for settlement purposes, pursuant to Rule 23:

> Settlement Class I ("Japan Settlement Class"): All persons and entities that directly purchased tickets for passenger air transportation from JAL or ANA, or any predecessor, subsidiary or affiliate thereof, that originated in the United States and included at least one flight segment from the United States to Japan between the period beginning February 1, 2005 and ending December 31, 2007. Excluded from the class are any tickets that did not include a fuel surcharge. Excluded from the class are any antitrust immunized fares agreed upon at IATA "Tariff Coordinating Conferences." Excluded from the class are tickets exclusively acquired through award or reward travel or any tickets acquired for infant travel with a 90% discount. Also excluded from the class are purchases by government entities, Defendants, any parent subsidiary or affiliate thereof, and

Defendants' or any other commercial airline's officers, directors, employees, agents, and immediate families.

<u>Settlement Class II</u> ("*Satogaeri* Settlement Class"): All persons and entities that directly purchased *Satogaeri* fares from JAL or ANA or any predecessor, subsidiary or affiliate thereof that originated in the United States an included at least one flight segment to Japan and does not include travel to countries other than the United States and Japan between the period beginning January 1, 2000 and ending April 1, 2006. Excluded from the class are purchases by government entities, Defendants, any parent subsidiary or affiliate thereof, and Defendants' officers, directors, employees and immediate families. Also excluded are purchases of "Satogaeri Special" and maerui satogaeri fares.

<u>Settlement Class III</u>: All persons and entities that directly purchased passenger air transportation originating in the United States that included at least one flight segment to Asia or Oceania, from or on any of the Defendants, or any predecessor, subsidiary, or affiliate thereof, at any time between January 1, 2000 and December 1, 2016. Excluded from the class are governmental entities, Defendants, former Defendants in the Action, any parent, subsidiary or affiliate thereof, and Defendants' officers, directors, employees and immediate families.

4. These settlement classes shall be referred to herein as the Settlement Classes.

5. The Court finds the prerequisites to a class action under Rule 23(a) have been satisfied for settlement purposes by each of the Settlement Classes in that:

    a. There are thousands of putative members of the Settlement Classes, making joinder of all members impracticable;

    b. There are questions of fact and law that are common to all members of the Settlement Classes;

    c. The claims of the Class Representatives are typical of those of the absent members of the Settlement Classes; and

    d. Plaintiffs Meor Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller, Scott Fredrick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman, Harley Oda, Roy Onomura, Shinsuke Kobayashi, Patricia Lee,

[Proposed] Order Granting Final Approval of Settlement With Defendant All Nippon Airways Co., Ltd.
Case No. 3:07-cv-05634-CRB

2

Nancy Kajiyama, Della Ewing Chow, James Kawaguchi, and Sharon Christian ("Class Representatives") have and will fairly and adequately protect the interests of the absent members of the relevant Settlement Class or Classes and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately advance the interests of the Settlement Classes.

6. The Court finds that this Action may be maintained as a class action under Rule 23(b)(3) for settlement because: (i) questions of fact and law common to the members of the Settlement Classes predominate over any questions affecting only the claims of individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

7. Pursuant to Rule 23(g), the Court hereby confirms that Cotchett, Pitre & McCarthy, LLP and Hausfeld LLP are appointed as Settlement Class Counsel, and that Plaintiffs Meor Adlin, Franklin Ajaye, Andrew Barton, Rachel Diller, Scott Fredrick, David Kuo, Dickson Leung, Brendan Maloof, Donald Wortman, Harley Oda, Roy Onomura, Shinsuke Kobayashi, Patricia Lee, Nancy Kajiyama, Della Ewing Chow, James Kawaguchi, and Sharon Christian are appointed to serve as Class Representatives on behalf of the Settlement Classes.

8. No one has either excluded themselves from, or objected to, the settlement with ANA, any of the Settlement Classes, or Class Counsel's request for fees and reimbursement of expenses.

9. This Court hereby dismisses on the merits and with prejudice the Actions against ANA, with each party to bear their own costs and attorneys' fees.

10. All persons and entities who are Releasing Parties under the terms of the Settlement Agreement are hereby barred and enjoined from commencing, prosecuting or continuing, either directly or indirectly, against ANA, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have or in the future may have arising out of or related to any of the settled claims as defined in the Settlement Agreement.

[Proposed] Order Granting Final Approval of Settlement With Defendant All Nippon Airways Co., Ltd.
Case No. 3:07-cv-05634-CRB

3

11. The Released Parties as defined in the Settlement Agreement are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasing Parties had or have arising out of or related to any of the settled claims as defined in the Settlement Agreement.

12. The notice given to the Settlement Classes of the settlement set forth in the Settlement Agreement, and as approved by the Court at the time of preliminary approval, was the best notice practicable under the circumstances, including a multi-part notice program through paid media, earned media, press releases, online media and the establishment of a toll-free number. Said notice provided due and adequate notice of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(l) and the requirements of due process.

13. Without affecting the finality of the Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any distribution to members of the Settlement Classes pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) determining attorneys' fees, costs, expenses, and interest; (d) the Action until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the ANA Settlement Agreement; (e) hearing and ruling on any matters relating to distribution of settlement proceeds; and (f) all parties to the Action and Releasing Parties, for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other documents contemplated by, or executed in connection with the Agreement.

**IT IS SO ORDERED.**

Dated: December 3, 2019

_____
**THE HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE**

[Proposed] Order Granting Final Approval of Settlement With Defendant All Nippon Airways Co., Ltd.
Case No. 3:07-cv-05634-CRB

4