| | |
|---|---|
| Joseph W. Cotchett (36324) | Michael P. Lehmann (77152) |
| Adam J. Zapala (245748) | Christopher L. Lebsock (184546) |
| Elizabeth T. Castillo (280502) | Seth R. Gassman (311702) |
| **COTCHETT, PITRE & McCARTHY, LLP** | **HAUSFELD LLP** |
| 840 Malcolm Road | 600 Montgomery Street, Suite 3200 |
| Burlingame, CA 94010 | San Francisco, CA 94111 |
| Phone: (650) 697-6000 | Phone: (415) 633-1908 |
| Fax: (650) 697-0577 | Fax: (415) 358-4980 |
| jcotchett@cpmlegal.com | mlehmann@hausfeld.com |
| azapala@cpmlegal.com | clebsock@hausfeld.com |
| ecastillo@cpmlegal.com | sgassman@hausfeld.com |

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** <br><br> **This Document Relates To:** <br><br> **ALL ACTIONS** | Civil Case No. 3:07-cv-05634-CRB <br><br> MDL No. 1913 <br><br> **PLAINTIFFS' SUPPLEMENTAL FILING RELATED TO REQUEST FOR REIMBURSEMENT OF EXPENSES** |

Pursuant to the Court's November 26, 2019 Order Granting Attorneys' Fees and Expenses (the "Order"), Plaintiffs respectfully submit this supplemental filing regarding their application for reimbursement of expenses. *See* ECF No. 1314.

In the Order, the Court granted Plaintiffs' request for fees for the "reduced amount of $14,126,576.635 (25% of the round three net settlement fund)" and granted the requested expenses "pending provision" of certain information. *See* Order, at 14.

Plaintiffs hereby respectfully submit the requested information.

## I. DETAILS REGARDING LITIGATION VENDOR DISPUTE

*First*, the Court requested information detailing the litigation vendor dispute that resulted in a $1.25 million payment to Class Counsel.

Plaintiffs originally hired Epiq Ediscovery Solutions ("Epiq") to serve as a vendor for this case. In that role, Epiq hosted documents produced in the litigation on a web-accessible platform that enabled the review of the produced material. Among other capabilities, the platform allowed Plaintiffs to create attorney work product regarding documents in the case. After discovery was complete, but before Plaintiffs filed their class certification motion on January 26, 2018 (ECF No. 1119), Plaintiffs discovered that Epiq had accidentally deleted Plaintiffs' attorney work-product. In exchange for not pursuing legal action against the vendor, Plaintiffs agreed to accept $1.25 million.

Plaintiffs ultimately decided that the settlement money was best applied as an offset against expenses accrued. *See* ECF No. 1297, at 15 (preliminary approval motion announcing intention of offsetting expenses with $1.25 million received from vendor following dispute); ECF No. 1307, at 2-3 (motion for fees and reimbursement of expenses reiterating offset). By using the $1.25 million to offset expenses, the settlement fund will not have to provide that same $1.25 million to reimburse expenses.

## II. FEBRUARY 27, 2015 NATHAN ASSOCIATES, INC. INVOICE

*Second*, the Court inquired whether the list of litigation fund expenses included a February

27, 2015 invoice from Nathan Associates, Inc. for $914,938.09 (the "Nathan Invoice").

When reporting expenses for this final request for reimbursement, Plaintiffs applied a cumulative approach, to ensure that all reasonable expenses accrued over the duration of the entire case were reimbursed in the final accounting. Accordingly, the Nathan Invoice was included as part of the total expenses paid to Nathan Associates, Inc., as listed in Exhibit 6 to the Joint Declaration in Support of Plaintiffs' Motion for Award of Attorneys' Fees and Reimbursement of Expenses. *See* ECF No. 1307-2, Exhibit 6 (listing $3,775,722.84 in total expenses paid to Nathan Associates, Inc.). Plaintiffs intended to make it clear that all outstanding expenses, including the Nathan Invoice, were included in the fee petition.

Plaintiffs believe their approach to be consistent with the Court's prior two orders granting expenses, which Plaintiffs understood to reflect a concern regarding the timing of the invoice—that is, that in the first round of settlements Plaintiffs sought more for reimbursement of litigation expenses than what was in the class notice.[1] The Nathan Invoice was for expenses incurred to further the litigation. It involved expert work that established foundational principles upon which Plaintiffs relied throughout the case, including in litigating against All Nippon Airways Co., Inc ("ANA"), the last Defendant to settle. In particular, the work Nathan Associates, Inc. conducted in the early part of the case, including work captured in the Nathan Invoice, was critical to the class certification and summary judgment briefing that would come years later, when only ANA remained in the case. *See In re Capacitors Antitrust Litig.*, No. 3:14-CV-03264-JD, 2018 WL

---

[1] The first order granting reimbursement of expenses excluded reimbursement for this invoice because it caused the cumulative reimbursement request to exceed the request that was included in the class notice. *See* ECF No. 1009, at n.3 (explaining that Plaintiffs should have submitted the Nathan Invoice with the initial declaration rather than with a supplemental declaration and that the timing of the supplemental submission did not permit class members to determine whether to opt out or object based on the additional expense). And while the second order on fees noted that the Court did not grant reimbursement for the Nathan Invoice, the Court also noted that the litigation fund, which was to be used to continue litigating the case, was sufficient even without the reimbursement for the Nathan Invoice—suggesting to Plaintiffs that the Court's concern was one of timing rather than fact of reimbursement. *See* ECF No. 1252, at 3. None of these issues now exist.

4790575, at *6 (N.D. Cal. Sept. 21, 2018) ("Under the common fund doctrine, plaintiffs' counsel should receive reimbursement of all reasonable out-of-pocket expenses and costs in prosecution of the claims and in obtaining a settlement."). Plaintiffs therefore believe it is necessary to include the Nathan Invoice in the cumulative reimbursement information provided to the Court.

### III.   ITEMIZED LIST OF TRAVEL EXPENSES FROM HAUSFELD LLP

*Finally*, the court requested further detail from Hausfeld LLP regarding two categories of submitted expenses: 1) Travel (Airfare and Ground Travel), which totaled $11,746 for the reporting period of May 17, 2018 through July 31, 2019; and 2) Travel (Meals and Lodging), which totaled $17,309.31 for the same reporting period. *See* Order, at 13-14 (citing ECF No. 1307-2, Exhibits 7 and 8).

Accordingly, attached hereto as Exhibit A to the Declaration of Christopher L. Lebsock ("Lebsock Declaration") is a detailed printout of Travel (Airfare and Ground Travel) for Hausfeld LLP between May 17, 2018 through July 31, 2019. Attached hereto as Exhibit B to the Lebsock Declaration is a detailed printout of Travel (Meals and Lodging) for Hausfeld LLP between May 17, 2018 through July 31, 2019.

Dated: December 10, 2019                      Respectfully submitted,

*/s/ Adam J. Zapala*                                    */s/ Christopher L. Lebsock*
Joseph W. Cotchett (36324)                   Michael P. Lehmann (77152)
Adam J. Zapala (245748)                       Christopher L. Lebsock (184546)
Elizabeth T. Castillo (280502)                 Seth R. Gassman (311702)
**COTCHETT, PITRE & McCARTHY, LLP**   **HAUSFELD LLP**
840 Malcolm Road                                 600 Montgomery Street, Suite 3200
Burlingame, CA 94010                           San Francisco, CA 94111
Phone: (650) 697-6000                          Phone: (415) 633-1908
Fax: (650) 697-0577                               Fax: (415) 358-4980
jcotchett@cpmlegal.com                        mlehmann@hausfeld.com
azapala@cpmlegal.com                          clebsock@hausfeld.com
ecastillo@cpmlegal.com                          sgassman@hausfeld.com

*Co-Lead Counsel for Plaintiffs*