Adam J. Zapala (245748)
Elizabeth T. Castillo (280502)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com

Michael P. Lehmann (77152)
Christopher L. Lebsock (184546)
Seth R. Gassman (311702)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
clebsock@hausfeld.com
sgassman@hausfeld.com

*Co-Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION**<br><br>**This Document Relates To:**<br><br>**ALL ACTIONS** | Case No. 3:07-cv-05634-CRB<br><br>MDL No. 1913<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AUTHORIZATION TO DISTRIBUTE NET SETTLEMENT FUNDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date: February 11, 2022<br>Judge: Hon. Charles R. Breyer<br>Time: 10 a.m.<br>Courtroom: 6, 17th Floor |

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**Pls.' Notice of Mot. and Mot. for Order Authorization to Distribute Net Settlement Funds; Mem. of Points and Authorities in Support Thereof; MDL No. 1913; Case No. 3:07-cv-05634-CRB**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT**, the Honorable Charles R. Breyer will hear this Motion at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, California on February 11, 2022 at 10 a.m.

Plaintiffs seek entry of an order authorizing distribution of the net settlement funds in connection with the settlements in this matter, all of which have received final approval by the Court. ECF Nos. 1009, 1259-1, 1318.

Plaintiffs' motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities in support thereof; the Declaration of Joel Botzet, a representative from the Court-appointed claims administrator, Rust Consulting, Inc.; the Court's files and records in this matter; and such other matters as the Court may consider.

Dated: January 4, 2022                         Respectfully Submitted,

/s/ *Adam J. Zapala*
Adam J. Zapala (245748)
Elizabeth T. Castillo (280502)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com

Michael P. Lehmann (77152)
Christopher L. Lebsock (184546)
Seth R. Gassman (311702)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
clebsock@hausfeld.com
sgassman@hausfeld.com

*Lead Class Counsel for Plaintiffs*

LAW OFFICES
COTCHETT, PITRE & MCCARTHY, LLP

**Pls.' Notice of Mot. and Mot. for Order Authorizing Distribution of Net Settlement Funds; Mem. of Points and Authorities in Support Thereof; MDL No. 1913; Case No. 3:07-cv-05634-CRB**

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ...............................................................................................................1

II.   BACKGROUND .................................................................................................................2

III.  ARGUMENT .......................................................................................................................3

IV.  CONCLUSION...................................................................................................................6

Pls.' Notice of Mot. and Mot. for Authorization to Disburse Net Settlement Funds; Mem. of Points and Authorities in Support Thereof; MDL No. 1913; Case No. 3:07-cv-05634-CRB   i

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

# TABLE OF AUTHORITIES

**Page(s)**

**Rules**

Federal Rule of Civil Procedure

Rule 23 ................................................................................................................................3

Rule 23(c)(2) .......................................................................................................................2

Rule 23(e)(l) ........................................................................................................................2

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**Pls.' Notice of Mot. and Mot. for Authorization to Disburse Net Settlement Funds; Mem. of Points and Authorities in Support Thereof; MDL No. 1913; Case No. 3:07-cv-05634-CRB**   ii

**STATEMENT OF THE ISSUE TO BE PRESENTED**

Whether the Court should authorize the distribution of the net settlement funds given that the claims administrator, Rust Consulting, Inc. ("Rust"), has processed settlement class member claims and is prepared to distribute such funds.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  INTRODUCTION

Plaintiffs have settled with all 13 Defendants: Air New Zealand Ltd., All Nippon Airways Co. Ltd., Cathay Pacific Airlines Ltd., China Airlines Ltd., EVA Airways Corp., Philippine Airlines Inc., Japan Airlines International Co. Ltd., Malaysian Airline System Berhad, Qantas Airways Ltd., Singapore Airlines Ltd., Societe Air France, Thai Airways International Public Co. Ltd., and Vietnam Airlines Co. Ltd. The Court has granted final approval of each of these settlements. ECF Nos. 1009, 1259-1, 1318. The net settlement funds total $104,388,254.38. Decl. of Joel Botzet ("Botzet Decl."), ¶ 24. Due to rounding to the nearest cent when calculating the pro rata share per qualified claim, the amount of the initial distribution will be $104,387,133.10. *Id.* The net settlement funds consist of the settlement funds plus interest earned thereon and the vendor settlement[1] and less Court-approved attorneys' fees, litigation costs and expenses, settlement notice and claims administration expenses, and class representative service awards. ECF Nos. 1009, 1252, 1314, 1321. Rust has processed and reviewed all claims submitted and has sent final determination letters to all claimants. Botzet Decl., ¶ 21. The net settlement funds are ready for distribution to class members. Accordingly, Co-Lead Class Counsel ("Class Counsel") moves the Court for an order authorizing the distribution of the net settlement funds to class members.[2] While FRS, a third-party claim filer, may argue that the claims administration process was not fair,

---

[1] As Plaintiffs informed the Court in connection with preliminary approval of the ANA settlement, following resolution of a dispute with one of Plaintiffs' litigation vendors, Plaintiffs received $1.25 million to resolve the dispute, which Plaintiffs proposed and the Court approved using to defray reimbursement of expenses. *See, e.g.*, ECF Nos. 1320, 1321.

[2] Plaintiffs understand a third-party claim filer, FRS, intends to oppose this motion in connection with its untimely filed claim forms and untimely submitted information to cure deficiencies.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Pls.' Notice of Mot. and Mot. for Authorization to Distribute Net Settlement Funds; Mem. of Points and Authorities in Support Thereof; MDL No. 1913; Case No. 3:07-cv-05634-CRB            1

reasonable, or adequate, FRS is wrong. Rust and Class Counsel have simply not made an exception for FRS to submit claims after the Court-ordered claims filing deadline.

## II. BACKGROUND

On August 6, 2009, Plaintiffs filed their Consolidated Class Action Complaint alleging that the Defendants agreed to fix the prices of airline tickets for travel between the United States and Asia/Oceania. After nearly 12 years of hard-fought litigation, Plaintiffs reached settlements with all Defendants totaling $148,152,000. ECF No. 1307 at 1. The Court granted final approval of all settlements and found that the proposed notice plan for each round of settlement was fair, adequate, and reasonable; satisfied due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e)(l); and was the best practicable under the circumstances. ECF Nos. 1009, 1259-1, 1318. The Court further stated that the plan of allocation—a *pro rata* distribution of settlement funds based on the number of tickets proffered by members for each settlement class—will fairly compensate class members for their injuries. *See*, *e.g.*, ECF No. 1297. The Court also entered final judgments of dismissal with prejudice with respect to all 13 Defendants. ECF Nos. 1014, 1016-1023, 1256-1258, 1260, 1319.

Pursuant to the Court's Order Granting Final Approval of Settlement with Defendant All Nippon Airways Co. Ltd., Rust has completed the notice plan in connection with the last settlement in the action. ECF No. 1318. Class members, as defined in the 13 settlement agreements and the orders granting final approval, have submitted claims to share in the net settlement funds. ECF Nos. 1009, 1259-1, 1318. Rust has processed and reviewed all submitted claim forms. Botzet Decl., ¶ 23. The concurrently filed Botzet Declaration confirms that claims administration in this action has strictly adhered to the process and procedures approved by the Court in granting final approval of the settlements. *See*, *generally*, Botzet Decl.

During claims administration, Rust reviewed all claim forms and notified claimants in writing of any denials to the claims they submitted. *Id.*, ¶¶ 8, 10. Rust gave all claimants whose claim(s) were not approved during the first review an opportunity to present supplemental information and contest the determination. *Id.* Rust also gave all claimants subject to an audit an opportunity to present supplemental information. *Id.*, ¶¶ 12-15. Rust accepted a variety of

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Pls.' Notice of Mot. and Mot. for Authorization to Distribute Net Settlement Funds; Mem. of Points and Authorities in Support Thereof; MDL No. 1913; Case No. 3:07-cv-05634-CRB        2

document types (*e.g.*, travel itineraries, receipts, credit card statements, affidavits/declarations) in varying formats and layouts to maximize eligibility. *Id.*, ¶ 18. In conducting both the deficiency review and audit, Rust applied fair and objective criteria in evaluating all claim forms. *Id.*, ¶¶ 8-20. The criteria applied by Rust in performing these reviews (described below and in the accompanying Botzet Declaration) were uniformly applied to ensure the net settlement funds would be distributed fairly to verified class members. *Id.*

Rust has now completed the deficiency review and subsequent audit. *See*, *generally*, Botzet Decl. The claims process has therefore come to an end, and Plaintiffs are eager to disburse settlement funds to settlement class members expeditiously. Plaintiffs respectfully request entry of an order authorizing distribution of the net settlement funds on a pro rata basis based on settlement class (*e.g.*, Japan Airlines, Thai Airways) and number of tickets as reflected in Exhibit C the Botzet Declaration (Transpacific Air Settlement Distribution and Calculation Summary).

The net settlement funds total $104,388,254.38 after adding accrued interest and the vendor settlement and deducting Court-approved attorneys' fees, litigation costs and expenses, settlement notice and claims administration expenses, and class representative service awards. ECF Nos. 1009, 1252, 1314, 1321; Botzet Decl., ¶ 24. The amount of the initial distribution will be $104,387,133.10 due to rounding to the nearest cent when calculating the pro rata share per qualified claim. Botzet Decl., ¶ 24.

### III.     ARGUMENT

The court should approve distribution of the net settlement funds. Class members should receive prompt distribution of the net settlement funds due to them. It is consistent with Federal Rule of Civil Procedure 23 and in furtherance of the interests of justice to distribute the net settlement funds to class members that have submitted timely and valid claims. Plaintiffs therefore request that the Court approve distribution of the net settlement funds.

The claims administration process was fair and reasonable. Claims administration is complete and the net settlement funds may now be distributed pro rata to class members that have submitted valid claims. Rust has received and processed all 96,133 claim forms from potential

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**Pls.' Notice of Mot. and Mot. for Authorization to Distribute Net Settlement Funds; Mem. of Points and Authorities in Support Thereof; MDL No. 1913; Case No. 3:07-cv-05634-CRB**     3

settlement class members received, which represent 66,370 unique, potential class members in accordance with the Court's orders and the underlying settlement agreements. Botzet Decl., ¶¶ 6, 21. Rust has also completed a deficiency review and audit and rendered final determinations on all claim forms. *Id.*, ¶¶ 8-23.

### Deficiency Review

Rust's deficiency review has been conducted and completed according to the following standards:

- Rust received claim forms from potential class members and subsequently verified whether the claim forms were timely submitted and ensured that they were signed by the claimant or an appropriate representative;

- For claim forms that were deemed deficient or ineligible (*e.g.*, the claim form was incomplete with no ticket purchase information, the claim form was not signed, and/or no contract to authorize representation was included with the claim form), Rust mailed "Request for Information" letters to claimants, describing the defect(s) and what was required to cure the defect(s). Rust further indicated that the claim form may be denied if the identified defect(s) were not corrected by a certain date;

- To the extent a putative settlement class member submitted additional information in response to the deficiency notice, Rust subsequently reviewed and evaluated each response to the Request for Information to determine whether the response corrected the defect(s);

- Rust sent a final determination letter to advise claimants of the final finding of deficiency or cure, as the case may be; and

- For each round of settlement, Rust completed the deficiency review.

*Id.*, ¶¶ 8-11.

Through the deficiency review, Rust determined that 101 of 47,609 claims were invalid in connection with the Phase 1 claims period, 196 of 28,957 claims were invalid in connection with the Phase 2 claims period, and 553 of 19,549 claims were invalid in connection with Phase 3 claims period. *Id.*, ¶¶ 9, 11.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Pls.' Notice of Mot. and Mot. for Authorization to Distribute Net Settlement Funds; Mem. of Points and Authorities in Support Thereof; MDL No. 1913; Case No. 3:07-cv-05634-CRB      4

## Audit

Following the deficiency review, Rust conducted and completed an audit according to the following standards:

- All claim forms were subject to review and/or audit by Rust;
- Rust engaged in a typical audit and fraud detection campaign, including, for example, by sending audit or "Request for More Information" letters to claimants whose claimed tickets exceeded certain thresholds, or to claimants who submitted a claim form from the same address or email of another claimant;
- Rust reviewed and evaluated all responses to audit or "Request for More Information" letters to determine whether the response provided acceptable support for the claimed tickets. Acceptable support included (a) receipts showing ticket purchases, (b) cancelled checks, (c) credit card statements, (d) travel itineraries, (e) email confirmation of ticket purchases, and/or (f) affidavit or declaration attesting that the number of claimed tickets is accurate;
- In response to challenges encountered by class members due to the COVID pandemic, the initial audit response deadline of October 12, 2020 was extended to November 20, 2020, allowing class members additional time to gather and provide the documentation requested due to office closures, shelter in place orders, and delays in receiving mail; and
- Rust sent final determination letters to advise claimants of the final finding of eligibility. *Id.*, ¶¶ 12-19.

Through the audit, Rust determined 2,360 claims were ineligible due to (a) the failure to respond to the Request for Information letters or (b) the documentation submitted was inadequate to substantiate the claims submitted. *Id.*, ¶ 19.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

Pls.' Notice of Mot. and Mot. for Authorization to Distribute Net Settlement Funds; Mem. of Points and Authorities in Support Thereof; MDL No. 1913; Case No. 3:07-cv-05634-CRB    5

### Final Claim Totals

Among the 96,133 claims submitted, Rust determined that there are 66,650 unique claims. *Id.*, ¶¶ 6-7; Ex. D. Among the 66,370 unique claims remaining after 280 claims were withdrawn, Rust determined that there are 61,768 timely and valid claims totaling almost 30 million—29,929,759 to be exact—qualifying tickets. *Id.*, ¶¶ 6-7, 21(a), 23; Ex. D. Thus, after completion of the deficiency review and audit described above, Rust determined a total of 4,602 claims were invalid or ineligible due to one or more of the following reasons: (a) no ticket information was provided; (b) no timely response was received for requests for additional information; and (c) the flight(s) claimed were not part of any settlement classes. *Id.*, ¶ 22; Ex. D.

Exhibit A to the Botzet Declaration is a copy of the Notice of Final Determination for claims not eligible for payment. Exhibit B to the Botzet Declaration is a copy of the Notice of Final Determination for claims authorized for payment. Exhibit C to the Botzet Declaration summarizes the net settlement funds available for distribution to members of each settlement class as well as the ticket count and estimated payment amount per ticket by class. Exhibit D to the Botzet Declaration provides a statistical analysis of the resulting pro rata calculation.

Pursuant to the Northern District of California's Procedural Guidance on Class Action Settlements, within 21 days of the Court's order authorizing distribution of the net settlement funds, Class Counsel will submit a Post-Distribution Accounting detailing the status of distribution.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the motion and enter an order authorizing the distribution of the net settlement funds.

Dated: January 4, 2022                              Respectfully Submitted,

/s/ *Adam J. Zapala*
Adam J. Zapala (245748)
Elizabeth T. Castillo (280502)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010

LAW OFFICES COTCHETT, PITRE & MCCARTHY, LLP

Pls.' Notice of Mot. and Mot. for Authorization to Distribute Net Settlement Funds; Mem. of Points and Authorities in Support Thereof; MDL No. 1913; Case No. 3:07-cv-05634-CRB      6

Phone: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com

Michael P. Lehmann (77152)
Christopher L. Lebsock (184546)
Seth R. Gassman (311702)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
clebsock@hausfeld.com
sgassman@hausfeld.com

*Co-Lead Class Counsel for Plaintiffs*