

Jeffrey N. Leibell
**Chief Legal & Financial Officer**
(201) 853-1246
jleibell@frsco.com

**VIA OVERNIGHT COURIER**

January 21, 2021

Honorable Charles R. Breyer
Senior District Judge
United States District Court
   for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

**FILED**

**JAN 2 4 2022**

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

*In re Transpacific Passenger Air Transportation Antitrust Litigation*,
Civil Action No. 3:07-CV-05634-CRB, MDL No. 1913 (N.D. Cal.)

Supplemental Submission of Financial Recovery Services, LLC
in Support of Its Objection to
Plaintiffs' Motion for Authorization to Distribute Net Settlement Funds

Dear Judge Breyer:

    FRS is compelled to provide this supplemental submission to respond to inaccuracies in Plaintiffs' Reply in Support of Motion for Authorization to Distribute Net Settlement Funds, Doc. 1324 ("Pls.' Rep.").[1]

    Settlement Class Counsel's inaccuracies and FRS's corresponding clarifications of them are provided in the chart that follows. But before addressing them, it is important to recognize the fundamental dispute presented by FRS's Objection: FRS believes that as many Settlement Class Members as possible should participate in the recoveries provided by the Settlements; Settlement Class Counsel do not. They believe so strongly that Settlement Class Members that submitted the Excluded Phase 1 & 2 Submissions before Phase 3 deadlines while Rust was still processing proofs of claim and deficiency cures (the "Excluded Settlement Class Members")

---

[1] All terms with initial capitalization that are not defined herein have the meanings ascribed to them in the Objection of Financial Recovery Services, LLC to Plaintiffs' Motion for Authorization to Distribute Net Settlement Funds, Doc. 1323 ("FRS's Objection"; cited as "FRS Obj.")



Honorable Charles R. Breyer
January 21, 2021
Page 2

should be denied their full measure of recovery that, rather than take the merits head on, they cast aspersions at FRS and, more significantly, they have attempted to bar the courthouse door so that these objections – win or lose, the issue merits this Court's consideration – are not addressed by the Court. While, as explained below, Settlement Class Counsel's procedural arguments lack any merit, the fact that they are trying to prevent some of the Settlement Class Members from asking this Court to consider their objections speaks volumes. As Court-appointed Settlement Class Counsel, they are obligated to facilitate bringing matters like these to the Court for resolution. They had multiple opportunities dating back to 2019 to remedy this matter or to bring it to the Court, but they waited until their distribution motion so that they could use any delay caused by processing the Excluded Phase 1 and 2 Submissions as a basis to reject them. Another example of their lack of representation was their refusal to assist FRS, which, as they argue and FRS freely admits, is not a law firm and not practicing law, in the filing of its clients' objection:

- When FRS asked for assistance in the event its clients' objection was not docketed, Settlement Class Counsel refused.

- In response, FRS pointed out that "[c]lass members should not be compelled to incur the expense of retaining their own counsel admitted in N.D. Cal. to appear in the MDL for the sole purpose of objecting to what they believe is unfair treatment."

- FRS noted as well that, by "assur[ing] that the case docket reflects the objection submitted on behalf of class members that you represent," they were "not agreeing with the objection or supporting it; you're simply fulfilling your duty as class counsel."

- Settlement Class Counsel's vitriolic reply tries to justify their complete disregard of their duties by claiming that because FRS employs lawyers and is paid for its services, it must either file itself or intervene.

*See* Ex. 1 to Decl. Adam J. Zapala Re: Pls.' Reply Supp. Mot. Auth. Distrib. Net Settle. Funds, Doc. 1324-3. In their refusal to put this matter before the Court, Settlement Class Counsel have



Honorable Charles R. Breyer
January 21, 2021
Page 3

ignored their obligation to assure that class member issues that cannot be resolved without judicial intervention are presented to the Court for resolution. With that context in mind, FRS provides the following clarifications for the Court's consideration:

| Plaintiffs' Reply | FRS Supplemental Submission |
|---|---|
| FRS has "now" inserted itself. Pls.' Rep. 1:9-15. | FRS brought this issue to Settlement Class Counsel's attention no later than September 16, 2019, over two years ago.[2] Instead of addressing it then, or over one year ago in connection with FRS's September 10, 2020 Initial Letter, Settlement Class Counsel asked the Court not to address the matter until their distribution motion was filed. |
| Excluded Settlement Class Members must retain counsel and then move to intervene to bring their objections to this Court's attention. Pls.' Rep. 1:15-18, 4:11-12, 6:6-8. | Settlement Class Counsel have already conceded that FRS's clients' objections should be heard in connection with the distribution motion, and, contrary to their position, it is not the law in this or any circuit for class members seeking redress for the inequitable treatment of their proofs of claim to be compelled to intervene.[3] Contrary to Settlement Class Counsel's strawman, FRS is not seeking to become "[o]ne by or against whom a lawsuit is brought,"[4] and, therefore, it need not seek status as a party. "As the Court long ago explained, '[w]hen the term [to intervene] is used in reference to legal proceedings, it covers the right of one to interpose in, or become a party to, a proceeding already instituted.'"[5] Rather than interposing claims against the defendants, FRS is only fulfilling its contractual obligation to act on its clients' behalves by |

---

[2] See FRS's Initial Letter, Ex. 1.

[3] See FRS Obj. 1 n.1 (citing authority and quoting Settlement Class Counsel's Letter).

[4] U.S. ex rel. Eisenstein v. City of New York, New York, 556 U.S. 928, 933 (2009).

[5] Id. (quoting Rocca v. Thompson, 223 U.S. 317, 330 (1912) (emphasis added).


**FINANCIAL RECOVERY STRATEGIES**

Honorable Charles R. Breyer
January 21, 2021
Page 4

| Plaintiffs' Reply | FRS Supplemental Submission |
|---|---|
| | bringing their objections to the Court for consideration. |
| FRS did not submit with its objection information that demonstrates that its clients are Settlement Class Members. Pls.' Rep. 5:16-26. | Settlement Class Counsel do not argue that FRS's clients are not Settlement Class Members, nor could they, as the proof of claim that FRS submitted on behalf of each of the 82 clients at issue has been accepted in Phase 3. |
| FRS has not provided its authority to act on behalf of each of its clients. Pls.' Rep. 6:1-6. | Settlement Class Counsel and Rust are well-aware that, with each proof of claim that FRS submitted, FRS also provided each client's express written authorization for FRS to act on its behalf: Rust and Settlement Class Counsel have communicated with FRS throughout this administration; they could not have done so without violating their fiduciary duties unless they were satisfied that FRS had its clients' authority to act for them. |
| FRS may not bring to the Court's attention its clients' objections because FRS is a corporation, and it is not represented by counsel. Pls.' Rep. 4:13-5:15. | As stated above, FRS is not seeking to become a party. Not surprisingly, none of the out-of-circuit cases cited by Settlement Class Counsel concerned class members objecting to the denial of their proofs of claim. |
| FRS has not shown good cause. Pls.' Rep. 6:14-7:19, | Settlement Class Counsel misrepresent the issue presented by FRS's Objection, which is not whether FRS's clients have shown good cause for not meeting the interim Phase 1 and 2 deadlines, but, rather, whether those deadlines should be enforced.<br><br>Settlement Class Counsel asked this Court to approve, and the Court did approve, interim deadlines for the submission of Phase 1 and Phase 2 proofs of claim, and they themselves or Rust set interim deficiency cure |



Honorable Charles R. Breyer
January 21, 2021
Page 5

| Plaintiffs' Reply | FRS Supplemental Submission |
|---|---|
|  | deadlines for those Phases.[6] As set forth in the notices, they always intended to wait until "the end of the case" to distribute the Settlement Funds, and, in each of their preliminary approval motions for the Settlements included in those Phases, Settlement Class Counsel explained why they were doing so, but, given that position, never explained why those interim deadlines were necessary. *See* Docs. 900, 921, 942, 1112, 1129 & 1130. As a result, and given that, other than the setting of those deadlines, all Phases were administered together, the interim deadlines served no purpose, but prejudice Excluded Settlement Class Members for the benefit of other Settlement Class Members ("Included Settlement Class Members"). |
|  | Settlement Class Counsel continue to offer no explanation for their arbitrary interim deadlines, nor do they suggest any benefit that those deadlines provided. Instead, they simply argue that deadlines are deadlines and that FRS, on its clients' behalves, has no right to seek redress from them,[7] and that, should the Court resolve the timelines matter in Excluded Settlement Class Members' favor, Included Settlement Class Members would be prejudiced.[8] Those "reasons" for treating Included Settlement Class Members more favorably than Excluded Settlement Class Members with identical claims against the defendants, and, therefore, equal entitlement to recover from the Settlements, are not the "legitimate considerations" |

---

[6] The 2018 Amendments codify this goal. *See* 4 Newberg §13:53, *Final approval criteria— Rule 23(e)(2)(C)(ii)* (Westlaw 2021) *quoted in, e.g., Moreno v. Beacon Roofing Supply, Inc.*, No. 19cv185, 2020 WL 3960481, at *5 (S.D. Cal. July 13, 2020).

[7] *See, e.g.*, Pls. Rep. 6:7-10 ("it would effectively render meaningless all interim deadlines approved by the Court").

[8] *See id.* 8:10-12 ("it now reopens claims administration, delays distribution, and further reduces payments to qualified claimants due to the additional claims administration expenses").



Honorable Charles R. Breyer
January 21, 2021
Page 6

| Plaintiffs' Reply | FRS Supplemental Submission |
|---|---|
| | that could permit treating Excluded Settlement Class Members differently than Included Settlement Class Members.[9] Settlement Class Counsel have admitted as much in their motions for preliminary approval.[10] |
| The Court may accept or reject late claims. Pls.' Rep. 7:1-8. | This point is not in dispute, and, in fact, it is FRS's position that it is this Court's prerogative to determine whether to allow or reject untimely claims and deficiency cures. Settlement Class Counsel, however, have attempted to usurp this Court's authority by depriving it of information that may be relevant to its decision. While it is commonplace in connection with distribution motions to advise the Court of the number of claims filed and the number of eligible units claimed in them both for timely and untimely claims, neither Settlement Class Counsel nor Rust did so. In fact, Rust unilaterally determined whether untimely claims should be allowed, though it advised the Court of that fact only in response to FRS's Objection.[11] What FRS seeks on its clients' behalves is this Court's determination, not Settlement Class Counsel's or Rust's unilateral decisions.<br><br>Even the limited precedent cited by Settlement Class Counsel does not support rejecting Excluded Phase 1 and 2 Submissions. In *Oxford Health Plans*, which Settlement Class Counsel cite because the Second Circuit affirmed a district court's rejection of untimely |

---

[9] *See* FRS Obj. 7-8 (citing cases).

[10] *See, e.g.*, Doc. 948, 8:18-28 ("When allocating funds, '[i]t is reasonable to allocate the settlement funds to class members based on the extent of their injuries or the strength of their claims on the merits.'") (quotation omitted; citing cases).

[11] *Compare* Supp. Decl. Joel K. Botzet Re: Claims Admin. & Distrib. Net Settle. Fund, Doc. 1324-1, ¶7 ("late submissions were not included in the calculation for payment") *with id.*, ¶8 ("In limited circumstances and working in coordination with Class Counsel, Rust made narrow exceptions to the deadlines for certain class members who showed good cause.").



Honorable Charles R. Breyer
January 21, 2021
Page 7

| Plaintiffs' Reply | FRS Supplemental Submission |
|---|---|
|  | claims, *see* Pls.' Rep. 7:1-5, the Court of Appeals did so *after* finding that the district court, as FRS asks this Court to do, weighed the equities. *See In re Oxford Health Plans, Inc.*, 383 Fed. App'x 43, 43-46 (2d Cir. 2010). And in *Krakauer*, which Settlement Class Counsel cite because the district court rejected late claims, *see* Pls.' Rep. 7:5-8, class counsel sought the acceptance of late claims, which the court rejected nevertheless because they were filed after a deadline that the court had already extended. *See Krakauer v. Dish Network LLC*, No. 1:14-CV-333, 2019 WL 3002883, at *2 (M.D. N.C. July 7, 2019). Settlement Class Counsel do not address any of the precedent cited in FRS's Objection and, in particular, cite no case in which a court refused to accept untimely deficiency cures. |
| Included Settlement Class Members would be prejudiced because their recovery would be reduced by the recoveries allocated to Excluded Settlement Class Members. Pls.' Rep. 7:25-8:8. | Settlement Class Counsel do not address any of the precedent cited in FRS's Objection (at 5, n.5), which shows that the overwhelming weight of authority is that reductions in the recovery of timely claimants that results from the inclusion of untimely ones does not constitute prejudice and would provide timely claimants with an unjustified windfall. Even the one case that they do cite states that "in the ordinary case there will be little prejudice or disruption caused by allowing a late-submitted claim."[12] |
| Prejudice to Included Settlement Class Members will result because it will now take Rust time to process the Excluded Phase 1 & 2 Submissions. Pls.' Rep. 8:5-24. | This argument strains credulity given that all of the claims at issue and all of the deficiency cures have already been processed in connection with Phase 3. And even if there were some delay, any inconvenience it causes to Included Settlement Class Member would pale in comparison to the prejudice to Excluded Settlement Class Members – that is, Settlement Class Members with the same rights as Included Settlement |

---

[12] *Oxford*, 383 Fed. App'x at 45.



Honorable Charles R. Breyer
January 21, 2021
Page 8

| Plaintiffs' Reply | FRS Supplemental Submission |
|---|---|
| | Class Members to participate in the Settlements – if they are excluded. Also, that delay is solely the result of Settlement Class Counsel's inexplicable refusal to have this issue resolved years ago. |
| Processing the Excluded Phase 1 & 2 Submissions will reduce the amount to be distributed by the cost of doing so. Pls.' Rep. 8:24-9:2. | The cost of claims processing is a legitimate cost that the Settlement Class must bear. All Settlement Class Members have the same substantive claims, and, therefore, have the same right to recover. Settlement Class Counsel also cite no case in support of this proposition. |

Far from being streamlined and carefully designed, Settlement Class Counsel's claims process more resembles a Gordian Knot with interim deadlines that have no purpose and provide no benefit. While they would have this Court believe that FRS is the proverbial "fly" in their "streamline[d] claims administration" ointment, Pls.' Rep. 8:1, we find ourselves here now, so many years after the Settlements were obtained, solely because of choices that Settlement Class Counsel made. They could have either (a) remediated the timeliness issue years ago by seeking leave of the Court to modify the claim submission deadlines and by modifying the deadlines that they set for deficiency cures,[13] or (b) sought years ago the Court's direction so that the timeliness matter would have been resolved; lastly, Settlement Class Counsel could have presented in their motion for distribution the facts relevant to Excluded Phase 1 and 2 Submissions so that *the Court* could determine whether they should be accepted. But they did nothing. Excluded Settlement Class Members should not be prejudiced by Settlement Class Counsel's failures to seek a resolution.

---

[13] As described above, Settlement Class Counsel had no problem unilaterally extending deadlines for some Settlement Class Members. *See* Doc. 1324, ¶8.



Honorable Charles R. Breyer
January 21, 2021
Page 9

Respectfully submitted,

Jeffrey N. Leibell

Enclosures

Copies (via email) to:  Adam J. Zapala, Esq. (AZapala@cpmlegal.com)
                        Christopher L. Lebsock, Esq. (clebsock@hausfeld.com)
Copy (via overnight courier) to: Clerk of the Court