Adam J. Zapala (245748)
Elizabeth T. Castillo (280502)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com

Michael P. Lehmann (77152)
Christopher L. Lebsock (184546)
Seth R. Gassman (311702)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
clebsock@hausfeld.com
sgassman@hausfeld.com

*Co-Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION**<br><br>**This Document Relates To:**<br><br>**ALL ACTIONS** | Civil Case No. 3:07-cv-05634-CRB<br><br>MDL No. 1913<br><br>**PLAINTIFFS' RESPONSE TO CLAIMANT MICHAEL F. CHEKIAN'S MOTION FOR ADDITIONAL TIME TO PROVIDE SUPPORTING DOCUMENTATION (ECF NO. 1339)** |

I.      INTRODUCTION

Despite Mr. Chekian receiving notice that his claims were subject to audit on March 31, 2022, and despite the Court ordering him to provide supporting documentation for his claims on May 20, 2022, Mr. Chekian has not provided *any* documentation to support the 32 tickets in his Phase 1 claim *or* the purported 256 tickets in his Phase 3 claim. Given that Plaintiffs' initial distribution of net settlement funds occurred on March 17, 2022 and that the Court-imposed deadline of four weeks for Mr. Chekian to provide supporting documentation has passed, the Court should deny Mr. Chekian's motion for additional time ("Mot."). ECF No. 1339. There is no "good cause" to indulge Mr. Chekian's dilatory request at this late stage of the distribution process, especially given his repeated representations that he had such information in his possession or that it was readily available.

II.     BACKGROUND

In his motion requesting that the Court allow his claim ("Original Motion") and in his reply in support thereof ("Original Reply"), Mr. Chekian asserted, "I reviewed the attorney declarations stating larger claims like mine were audited requesting back up proof (*which I have*), but I received nothing. ***I maintain meticulous digital and physical files regarding all matters.***" Original Mot. (ECF No. 1334) at Exs. C-D (emphasis added); Original Rep. (ECF No. 1336) at Ex. D (emphasis added). Indeed, he submitted declarations under penalty of perjury attaching exhibits referencing this statement in support of his Original Motion and Original Reply. *See*, *e.g.*, Original Mot. at 5-7; Original Rep. at 7-8.

At the May 20, 2022 hearing on Mr. Chekian's Original Motion, the Court ordered Plaintiffs to "email the letter outlining the required documentation" and required Mr. Chekian to provide Plaintiffs with "the information within four weeks from receipt of the letter." ECF No. 1338. The Court instructed Plaintiffs to "review the submission forthwith and notify Mr. Chekian and the Court re a determination of the claims." *Id.*

Pursuant to the Court's order, the claims administrator, Rust Consulting, Inc. ("Rust"), emailed a copy of the audit letter to Mr. Chekian on May 20, 2022.[1] Mr. Chekian acknowledges that he received the letter in his Motion. Mot. at 2. Four weeks from the receipt of the audit letter was June 17, 2022. Despite the passage of this time, Mr. Chekian has not provided *any* supporting documentation for *any* flight since the hearing and now seeks an *additional nine weeks* to provide it. *Id.* at 2.

Notably, the Motion reveals that Mr. Chekian has no supporting documentation whatsoever—whether in his digital or physical files—because his Motion seeks additional time "to prepare and serve discovery requesting documents from parties and non-parties to this case to prove up his Claim[.]" Mot. at 2. Some of his intended subpoena targets are "United Airlines, All Nippon Airlines, Asiana, Korean Airlines, American Express, Chase Bank, Bank of America and the U.S. Passport Agency/U.S. Department of State." *Id.*

### III. ARGUMENT

The Court should deny Mr. Chekian's Motion requesting additional time to provide supporting documentation for at least two reasons, which Plaintiffs set forth below.

Pursuant to Federal Rule of Civil Procedure ("Rule") 6(a), when an act must be done within a specified time, the Court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Products Liab. Litig.*, 895 F.3d 597, 619 (9th Cir. 2018), *cert. denied sub nom. Fleshman v. Volkswagen, AG*, 139 S. Ct. 2645 (2019) (holding the district court did not abuse its discretion in denying a late motion to opt-out where there was no excusable neglect). Here, Mr. Chekian has failed to show good cause—let alone, any cause—for the additional time to provide supporting documentation. The Court already provided him with four weeks to provide supporting documentation that he confirmed he has and allegedly "meticulously" maintains. No other claimant was allowed to submit late responses to

---

[1] Rust also mailed a copy of the audit letter to Mr. Chekian via FedEx 2Day® shipping on the same date.

1  audit letters except in two limited circumstances where there were documented international
2  mailing issues during the COVID-19 pandemic. ECF No. 1324-1 at ¶ 8. The Court already granted
3  an extension for Mr. Chekian. No further extension is warranted, particularly since it appears he
4  misrepresented to the Court that he has supporting documentation in his declarations.

5        Furthermore, even if the Court granted Mr. Chekian's Motion, he has not intervened in
6  this action pursuant to Rule 24 and is accordingly not a party to this litigation. As a non-party, he
7  cannot serve "subpoenas and/or requests for documents" (Mot. at 2) on parties and non-parties to
8  support his claim pursuant to Rules 34 and 45. *See* Fed. R. Civ. P. 24; Fed. R. Civ. P. 34 ("A
9  *party* may serve on any other party a request within the scope of Rule 26(b)") (emphasis added);
10 Fed. R. Civ. P. 45 ("The clerk must issue a subpoena, signed but otherwise in blank, to a *party*
11 who requests it.") (emphasis added). Non-parties do not have the right to engage in free-ranging
12 motion practice in district courts, such as seeking to alter what is effectively a Rule 16 case
13 scheduling order. *See, e.g., In re Homestore.com Inc.*, 225 F.R.D. 252, 254 (C.D. 2004)
14 ("Objectors are not even considered parties to the litigation unless and until they have successfully
15 moved to intervene in the lawsuit."). Mr. Chekian is an in pro se claimant, as listed in his signature
16 block on his pleadings in this litigation. In any event, discovery has long closed in this litigation
17 and thus, even assuming *arguendo*, he had moved to intervene to obtain party status, he would
18 also need to seek leave to alter the Rule 16 scheduling order issued in this litigation. Fed. R. Civ.
19 P. 16(b)(4); *see Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002)
20 (denying motion to modify scheduling order where moving party failed to demonstrate diligence
21 in complying with the dates set by the district court).

22 **IV.  CONCLUSION**

23       The Court, Plaintiffs, and Rust have reasonably accommodated Mr. Chekian, allowing
24 him to provide documentation to support his claims even though the audit response period long-
25 since closed and distribution of the net settlement funds has occurred. He has failed to do so
26 despite these reasonable accommodations. Plaintiffs respectfully request that the Court deny Mr.
27 Chekian's motion for additional time to provide supporting documentation.
28

Dated: June 20, 2022

/s/ Adam J. Zapala
Adam J. Zapala (245748)
Elizabeth T. Castillo (280502)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com

*Co-Lead Counsel for Plaintiffs*

Respectfully submitted,

/s/ Christopher L. Lebsock
Michael P. Lehmann (77152)
Christopher L. Lebsock (184546)
Seth R. Gassman (311702)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
clebsock@hausfeld.com
sgassman@hausfeld.com