| | |
|---|---|
| Adam J. Zapala (245748) | Michael P. Lehmann (77152) |
| Elizabeth T. Castillo (280502) | Christopher L. Lebsock (184546) |
| **COTCHETT, PITRE & McCARTHY, LLP** | Seth R. Gassman (311702) |
| 840 Malcolm Road | **HAUSFELD LLP** |
| Burlingame, CA 94010 | 600 Montgomery Street, Suite 3200 |
| Phone: (650) 697-6000 | San Francisco, CA 94111 |
| Fax: (650) 697-0577 | Phone: (415) 633-1908 |
| azapala@cpmlegal.com | Fax: (415) 358-4980 |
| ecastillo@cpmlegal.com | mlehmann@hausfeld.com |
| | clebsock@hausfeld.com |
| | sgassman@hausfeld.com |

*Co-Lead Counsel for Plaintiffs and the Classes*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION**<br><br>**This Document Relates To:**<br><br>**ALL ACTIONS** | Civil Case No. 3:07-cv-05634-CRB<br><br>MDL No. 1913<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SECONDARY DISTRIBUTION OF REMAINING SETTLEMENT FUNDS AND REQUEST FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, the Honorable Charles R. Breyer will determine whether to hold a hearing or decide a civil matter on the papers. Plaintiffs are available for hearing should the Court find it appropriate. Through this motion, Plaintiffs seek entry of an order authorizing a secondary distribution of the remaining settlement funds, additional claims administration expenses, and further attorneys' fees and reimbursement of expenses in connection with settlement administration. Plaintiffs' motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities in support thereof; the Declaration of Joel K. Botzet, a representative from the Court-appointed claims administrator, Rust Consulting, Inc. ("Botzet Decl."); the Declaration of Elizabeth T. Castillo ("Castillo Decl."); a proposed order; the Court's files and records in this matter; and such other matters as the Court may consider.

Dated: August 8, 2022                                                  Respectfully submitted,

/s/ Elizabeth T. Castillo                                               /s/ Christopher L. Lebsock
Adam J. Zapala (245748)                                          Michael P. Lehmann (77152)
Elizabeth T. Castillo (280502)                                   Christopher L. Lebsock (184546)
**COTCHETT, PITRE & McCARTHY, LLP**              Seth R. Gassman (311702)
840 Malcolm Road                                                     **HAUSFELD LLP**
Burlingame, CA 94010                                               600 Montgomery Street, Suite 3200
Phone: (650) 697-6000                                              San Francisco, CA 94111
Fax: (650) 697-0577                                                   Phone: (415) 633-1908
azapala@cpmlegal.com                                           Fax: (415) 358-4980
ecastillo@cpmlegal.com                                           mlehmann@hausfeld.com
                                                                                    clebsock@hausfeld.com
                                                                                    sgassman@hausfeld.com

*Co-Lead Counsel for Plaintiffs and the Classes*

---

Plaintiffs' Notice of Motion and Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses; MDL No. 1913; Case No. 3:07-cv-05634-CRB

1

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ....................................................................................................1

    A. Further Post-Distribution Accounting..........................................................1

    B. Mr. Chekian's Claims ..................................................................................2

    C. Rust's Claims Administration Budget .........................................................3

    D. Class Counsel's Lodestar and Expenses Since August 1, 2019 ..................3

        1. Motion Practice ................................................................................4

        2. Settlement Administration Work .....................................................5

        3. Unreimbursed Expenses ...................................................................5

III. ARGUMENT..........................................................................................................5

    A. A Secondary Distribution of the Remaining Settlement Funds Is Feasible and Appropriate ..................................................................................................6

    B. Class Counsel's Request for Reimbursement of Claims Administration and Litigation Expenses Is Justified ...................................................................7

        1. Rust's Expenses ................................................................................8

        2. Class Counsel's Expenses.................................................................8

    C. Class Counsel's Request for Additional Attorneys' Fees Is Appropriate..............9

IV. CONCLUSION.....................................................................................................12

Plaintiffs' Notice of Motion and Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses; MDL No. 1913; Case No. 3:07-cv-05634-CRB

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Bank of Am. Corp. Sec. Litig.*,
 No. 4:99-MD-1264-CEJ, 2015 WL 3440350 (E.D. Mo. May 28, 2015) ........................ 10

*In re BankAmerica Corp. Sec. Litig.*,
 775 F.3d 1060 (8th Cir. 2015) .................................................................................... 10

*Camberis v. Ocwen Loan Servicing LLC*,
 No. 14-CV-02970-EMC, 2018 WL 6068999 (N.D. Cal. Nov. 20, 2018) ..................... 5, 6

*Corzine v. Whirlpool Corp.*,
 No. 15-cv-05764-BLF, 2019 WL 7372275 (N.D. Cal. Dec. 31, 2019) .............................. 9

*In re Diamond Foods, Inc., Sec. Litig.*,
 No. 11-CV-05386-WHA, 2015 WL 12942208 (N.D. Cal. Dec. 14, 2015) ....................... 7

*Harris v. Marhoefer*,
 24 F.3d 16 (9th Cir. 1994) ............................................................................................. 7

*Hester v. Vision Airlines, Inc.*,
 No. 2:09-CV-00117-RLH, 2017 WL 4227928 (D. Nev. Sept. 22, 2017) ........................ 6

*In re Initial Pub. Offering Sec. Litig.*,
 671 F. Supp. 2d 467 (S.D.N.Y. 2009) ............................................................................ 6

*In re Ins. Brokerage Antitrust Litig.*,
 297 F.R.D. 136 (D.N.J. 2013) ........................................................................................ 6

*Jones, et al. v. CertifiedSafety, Inc.*,
 No. 17-02229 (N.D. Cal. Feb. 15, 2022), ECF No. 237 .................................................. 7

*In re Lithium Ion Batteries Antitrust Litig.*,
 No. 4:13-md-02420-YGR, 2019 WL 3856413 (N.D. Cal. Aug. 16, 2019) ...................... 7

*In re Media Vision Tech. Sec. Litig.*,
 913 F. Supp. 1362 (N.D. Cal. 1995) ............................................................................... 7

*Mehling v. N.Y. Life Ins. Co.*,
 248 F.R.D. 455 (E.D. Pa. 2008) ..................................................................................... 6

*In re MRRM, P.A.*,
 404 F.3d 863 (4th Cir.2005) ......................................................................................... 10

Plaintiffs' Notice of Motion and Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses; MDL No. 1913; Case No. 3:07-cv-05634-CRB

ii

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ................................................................................ 7

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) ................................................................................................ 9

*In re Oracle Sec. Litig.*,
    131 F.R.D. 688 (N.D.Cal.1990) ........................................................................................... 9

*In re PaineWebber Ltd. P'ships Litig.*,
    999 F. Supp. 719 (S.D.N.Y. 1998) ..................................................................................... 10

*Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*,
    281 F. Supp. 3d 833 (N.D. Cal. 2017) ................................................................................. 9

*Schulein, et al., v. Petroleum Dev. Corp., et al.*,
    No. 8:11-cv-01891-JVS-AN (C.D. Cal. Mar. 14, 2016) ...................................................... 7

*Vincent v. Hughes Air West, Inc.*,
    557 F.2d 759 (9th Cir. 1977) ................................................................................................ 7

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) .............................................................................................. 9

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*,
    746 F. App'x. 655 (9th Cir. 2018) ........................................................................................ 9

Plaintiffs' Notice of Motion and Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses;
MDL No. 1913; Case No. 3:07-cv-05634-CRB

iii

**STATEMENT OF THE ISSUES TO BE DECIDED**

1.  Should the Court authorize a secondary distribution of the remaining settlement funds to settlement class members who cashed their checks and who would receive a minimum payment of $10 from the secondary distribution?

2.  Should the Court authorize additional claims administration expenses by Rust Consulting, Inc. ("Rust") and reimbursement of incurred litigation expenses by Class Counsel?

3.  Should the Court award further attorneys' fees in connection with settlement administration from the remaining settlement funds?

Plaintiffs' Notice of Motion and Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses; MDL No. 1913; Case No. 3:07-cv-05634-CRB

iv

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

At the July 6, 2022 hearing on claimant Michael Chekian's motion for additional time to provide supporting documentation for his claims (ECF No. 1339), the Court granted Mr. Chekian's motion and ordered him to provide the required documentation by September 30, 2022 (ECF No. 1343). The Court also (1) directed Plaintiffs to hold back $46,878.87 for Mr. Chekian in the event that he provides supporting documentation for his claims by September 30, 2022; (2) invited Plaintiffs to move for attorneys' fees and reimbursement of expenses incurred in connection with settlement administration; (3) ordered Plaintiffs to proceed with a secondary distribution of the remaining settlement funds; and (4) inquired about a potential *cy pres* distribution. Hr'g Tr. at 9:12-16 (Jul. 6, 2022). Plaintiffs hereby submit this motion pursuant to the Court's instructions at the hearing.

## II.  BACKGROUND

### A.  Further Post-Distribution Accounting

On April 7, 2022, Plaintiffs submitted a Post-Distribution Accounting pursuant to various orders[1] and this District's Procedural Guidance for Class Action Settlements (ECF No. 1333). The Post-Distribution Accounting provided, *inter alia*, that Plaintiffs distributed the net settlement funds to qualifying settlement class members on March 17, 2022; that the net settlement funds were $104,388,254.38; that the initial distribution was $104,387,320.59 due to rounding to the nearest cent when calculating the *pro rata* share per qualified claim; and that the check void date was June 15, 2022. *Id.* at 1, 3. Plaintiffs could not provide the number and value of uncashed checks when they submitted the Post-Distribution Accounting because the check void date had not passed yet. *Id.* at 3. Plaintiffs stated they would provide a further

---

[1] *See* Order Granting Plaintiffs' Motion to Distribute Settlement Funds and Overruling Objection (ECF No. 1327); Order Granting Plaintiffs' Administrative Motion to Extend Deadline to Distribute Net Settlement Funds (ECF No. 1329); Order Granting Plaintiffs' Administrative Motion to Correct Declaration of Joel Botzet Re: Claims Administration and Distribution of Net Settlement Funds (ECF No. 1331).

Plaintiffs' Notice of Motion and Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses;
MDL No. 1913; Case No. 3:07-cv-05634-CRB

1

Case 3:07-cv-05634-CRB   Document 1347   Filed 08/08/22   Page 8 of 19

recommendation as to whether a secondary redistribution of the remaining settlement funds, or a *cy pres* award, is appropriate once the check void date passed. *Id.* at 3-4.

Given the pendency of Mr. Chekian's objection (ECF Nos. 1334, 1339), Plaintiffs continued to permit Class Members to cash checks after the check void date of June 15, 2022. Hr'g Tr. at 7:8-10 (Jul. 6, 2022). In anticipation of proceeding with a secondary distribution pursuant to the Court's order, however, Rust stopped permitting Class Members to cash checks as of July 31, 2022. Botzet Decl. ¶ 4.[2] As of this filing, the number and value of checks cashed or assumed cashed were 44,893 and $98,939,233.18, respectively. *Id.* ¶ 6. The number and value of uncashed checks were 16,216 and $5,448,087.41, respectively. *Id.* The total amount of the remaining settlement funds available is therefore $5,448,087.41 before subtracting the hold back for Mr. Chekian (*see infra*). *Id.*

      **B.**      **Mr. Chekian's Claims**

Pursuant to the Court's order at the July 6, 2022 hearing on Mr. Chekian's motion for additional time to provide supporting documentation, Rust held back $46,878.87 for Mr. Chekian from the remaining settlement funds—the maximum amount for which he would qualify if he provides adequate supporting documentation for all of his claimed qualifying tickets by September 30, 2022. Botzet Decl. ¶ 7. Rust will review all supporting documentation provided by Mr. Chekian and make a final determination on his claim after that date. *Id.* ¶ 8. Class Counsel will provide an update to the Court regarding the final determination on Mr. Chekian's claims. Castillo Decl. ¶ 3.

After holding back $46,878.87 for Mr. Chekian pursuant to the Court's order, the amount of the remaining settlement funds is $5,401,208.54. Botzet Decl. ¶ 9.

---

[2] Certain Class Members asked Rust to re-issue checks for various reasons since distribution occurred (*e.g.*, they did not receive checks, they moved abroad). *Id.* ¶ 5. The re-issued checks have void dates in the future. *Id.* For purposes of calculating the remaining settlement funds available for a secondary distribution, Rust assumes these Class Members have cashed their re-issued checks. *Id.*

Plaintiffs' Notice of Motion and Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses; MDL No. 1913; Case No. 3:07-cv-05634-CRB

2

### C. Rust's Claims Administration Budget

Class Counsel engaged a recognized expert in class action claims administration, Rust, for purposes of administering claims to the settlements (*see*, *e.g.*, ECF No. 1297 at 13). Class Counsel and Rust developed, and the Court approved, the plan of allocation and claim forms for each of the three rounds of settlements (*see*, *e.g.*, ECF No. 1306). Rust estimated, and the Court authorized, claims administration expenses totaling $1,770,593 to date.[3]

Rust anticipates incurring additional expenses of $125,921.00 in connection with the secondary distribution, which includes administration costs (*i.e.*, settlement website, toll-free number, distribution and tax reporting, distribution inquiry support, fees, and expenses), and a *cy pres* distribution, if necessary, at the end of the litigation. Botzet Decl. ¶ 10. Rust expects that settlement administration through the secondary distribution and any *cy pres* distribution will take six months, which includes time for account reconciliation and communications with Class Members. *Id.* ¶ 11.

### D. Class Counsel's Lodestar and Expenses Since August 1, 2019

Class Counsel last moved for attorneys' fees and reimbursement of expenses in connection with the All Nippon Airways Ltd., Co. ("ANA") settlement on August 8, 2019 (ECF No. 1307). Taking into account the Court's attorneys' fees award on the ANA net settlement fund (ECF No. 1314 at 14) along with its previous fee awards in this litigation, Class Counsel's unreimbursed lodestar was $10,987,873.85 for work performed from March 28, 2008 through July 31, 2019, which amounts to a negative multiplier of -0.75. Castillo Decl. ¶ 17. Since moving for attorneys' fees and reimbursement of expenses on August 8, 2019, Class Counsel's unreimbursed lodestar and expenses have only increased. *Id.*

With respect to straight lodestar, Class Counsel have collectively spent 617.9 hours or collectively incurred a lodestar of $341,935.50 from August 1, 2019 through July 31, 2022. *Id.* ¶

---

[3] The Court authorized Plaintiffs to pay claims administration expenses to Rust from the settlement funds. *See* ECF Nos. 948-3 at 2, 1009 at 2 ($599,083 from the first round of settlements); 1130-3, 1252 at 2 ($771,510 from the second round of settlements); 1307-2 at ¶¶ 83-86, 1314 at 2 ($400,000 from the third round of settlements).

Plaintiffs' Notice of Motion and Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses; MDL No. 1913; Case No. 3:07-cv-05634-CRB

3

6, 10, Exs. A-B. Class Counsel has vetted this lodestar and excluded any time relating to administrative tasks or matters unrelated to claims administration. *Id.* Class Counsel also anticipates incurring additional lodestar through the secondary distribution proposed *infra*; a *cy pres* distribution, if necessary; any further motion practice by Mr. Chekian, including an appeal; and a further notice of post-distribution accounting. *Id.* ¶ 7. Class Counsel will not seek further attorneys' fees in this litigation after this motion. *Id.* Class Counsel provides a summary of their vetted lodestar as follows:

### 1. Motion Practice

Class Counsel has engaged in motion practice to ensure the accurate and timely processing of claims and to guarantee the fair and reasonable distribution of net settlement funds across settlement class members. Castillo Decl. ¶ 8. Class Counsel's motion practice since August 1, 2019 include:

- Moving for and receiving authorization to distribute the net settlement funds;
- Filing post-distribution accounting to comply with the Court's orders and this District's Procedural Guidance for Class Action Settlements;
- Moving for scheduling changes when complications in the claims process arose;
- Reviewing and responding to Financial Recovery Services' ("FRS'") letter to the Court seeking to submit late claims and retroactively apply supporting documentation to late and deficient claims;
- Reviewing and responding to FRS's objection to the distribution of the net settlement funds;
- Reviewing and responding to Mr. Chekian's motion to allow his claim; and
- Reviewing and responding to Mr. Chekian's motion for an extension to provide supporting documentation for his claims. *Id.*

Plaintiffs' Notice of Motion and Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses;
MDL No. 1913; Case No. 3:07-cv-05634-CRB

4

### 2. Settlement Administration Work

In addition to motion practice, Class Counsel has been actively overseeing and collaborating with Rust on settlement administration, as the Court would expect. Castillo Decl. ¶ 9. Class Counsel's settlement administration tasks since August 1, 2019 include:

- Weekly or monthly meetings with Rust to discuss the status of claims processing and myriad issues raised by various claimants, including third-party filers with large claims;
- Reviewing and editing deficiency, audit, and final determination letters;
- Providing updates for the settlement website (www.airlinesettlement.com) and toll-free number (1-800-439-1781); and
- Corresponding with claimants, such as businesses like FRS and individuals like Mr. Chekian. *Id.*

### 3. Unreimbursed Expenses

With respect to expenses, Class Counsel collectively incurred unreimbursed expenses of $4,876.85 from August 1, 2019 through July 31, 2022. Castillo Decl. *Id.* ¶ 11, 13, Exs. C-D. These expenses relate to the storage of documents through the final termination of this action, including any appeals, pursuant to the protective order (ECF No. 404); legal research; service of documents; and administrative costs, such as photocopies, postage, and mileage reimbursement. *Id.* Class Counsel anticipates incurring additional expenses through the end of the litigation but will not seek reimbursement of these expenses after this motion. *Id.* ¶ 12.

## III. ARGUMENT

Through this motion, Plaintiffs seek (1) authorization for a secondary distribution of the remaining settlement funds; (2) authorization for reimbursement of Rust's additional claims administration expenses and Class Counsel's further litigation expenses; and (3) an award of attorneys' fees for work performed in connection with claims administration and settlement distribution.

Plaintiffs' Notice of Motion and Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses; MDL No. 1913; Case No. 3:07-cv-05634-CRB        5

### A. A Secondary Distribution of the Remaining Settlement Funds Is Feasible and Appropriate

"Federal courts have broad discretionary powers in shaping equitable decrees for distributing unclaimed class action funds." *Camberis v. Ocwen Loan Servicing LLC*, No. 14-CV-02970-EMC, 2018 WL 6068999, at *3 (N.D. Cal. Nov. 20, 2018) (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990)). A secondary distribution provides class members an additional opportunity to claim the remaining uncashed settlement funds. *See Camberis*, 2018 WL 6068999, at *3 (citing *Keepseagle v. Vilsack*, 118 F. Supp. 3d 98, 117 (D.D.C. 2015) (noting that "as a general matter, 'a court's goal in distributing class action damages is to get as much of the money to the class members in as simple a manner as possible'"). "[R]edistribution of unclaimed class action funds to existing class members is proper and preferred" because it "ensures that 100% of the [settlement] funds remain in the hands of class members" and because "class settlements rarely 'pay individual class members the full value of their claims[.]'" *Hester v. Vision Airlines, Inc.*, No. 2:09-CV-00117-RLH, 2017 WL 4227928, at *2 (D. Nev. Sept. 22, 2017) (quoting William B. Rubenstein, <u>Newberg on Class Actions</u>, § 12.30 (5th ed. 2015)).

Because there are sufficient funds available to perform a secondary distribution, Plaintiffs recommend that the Court authorize a secondary distribution to settlement class members who cashed their checks and who would receive a minimum payment of $10 from the secondary distribution. Botzet Decl. ¶ 14. A secondary distribution ensures that as much of the remaining settlement funds as possible are paid to settlement class members. *Id.* The inclusion of a guaranteed minimum payment will encourage settlement class members to cash their checks by alleviating any concern that doing so would not be worthwhile. *Id.* Courts have repeatedly approved class action settlements featuring minimum settlement payments for class members. *See, e.g.*, *In re Ins. Brokerage Antitrust Litig.*, 297 F.R.D. 136, 143 (D.N.J. 2013) ($10 minimum); *In re Initial Pub. Offering Sec. Litig.*, 671 F. Supp. 2d 467, 498 (S.D.N.Y. 2009) ($10 minimum); *Mehling v. N.Y. Life Ins. Co.*, 248 F.R.D. 455, 463-64 (E.D. Pa. 2008) ($50 minimum).

Depending on the amounts that the Court authorizes for Rust's additional claims administration expenses and Class Counsel's attorneys' fees and reimbursement of expenses, the amount of the remaining settlement funds available for a secondary distribution is up to $5,401,208.54 (*i.e.*, the amount of the remaining settlement funds less the hold back for Mr. Chekian). Botzet Decl. ¶ 9. If there are any further remaining settlement funds after the secondary distribution, Plaintiffs assume such funds will be economically infeasible to distribute and will propose an appropriate *cy pres* recipient with approval from the Court after the check void date for this secondary distribution and final resolution of Mr. Chekian's claims. Castillo Decl. ¶ 5.

### B. Class Counsel's Request for Reimbursement of Claims Administration and Litigation Expenses is Justified

Courts reimburse attorneys prosecuting class claims on a contingent basis for "reasonable expenses that would typically be billed to paying clients in non-contingency matters," *i.e.*, costs like claims administration which are "incidental and necessary to the effective representation of the Class." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008); *see also Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994); *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 773 (9th Cir. 1977). Reimbursable costs include, *inter alia*, those for consultants, service of process, transcripts, computer research, photocopies, postage, and telephone/fax. *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1366 (N.D. Cal. 1995).

Furthermore, courts in this Circuit have authorized the payment of additional claims administration expenses to the claims administrator post-distribution. *See* Stipulation and Order Regarding Uncashed Check Funds ¶ 18, *Jones, et al. v. CertifiedSafety, Inc.*, No. 17-02229 (N.D. Cal. Feb. 15, 2022), ECF No. 237 (authorizing payment to claims administrator for additional services arising from the reissuance of checks from the remaining amount of uncashed checks); *In re Diamond Foods, Inc., Sec. Litig.*, No. 11-CV-05386-WHA, 2015 WL 12942208, at *1 (N.D. Cal. Dec. 14, 2015) (authorizing payment to claims administrator for additional services above the amount previously authorized by the court in connection with the administration and distribution of the settlement fund); *In re Lithium Ion Batteries Antitrust Litig.*, No. 4:13-md-

Plaintiffs' Notice of Motion and Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses; MDL No. 1913; Case No. 3:07-cv-05634-CRB

7

02420-YGR, 2019 WL 3856413, at *9 (N.D. Cal. Aug. 16, 2019), *vacated in part*, No. 19-16855, 2020 WL 1481643 (9th Cir. Jan. 30, 2020), and *aff'd*, 853 F. App'x 56 (9th Cir. 2021) (unpublished) (same); Civ. Min. – General § 2.2, *Schulein, et al., v. Petroleum Dev. Corp., et al.*, No. 8:11-cv-01891-JVS-AN (C.D. Cal. Mar. 14, 2016), ECF No. 315 (same).

### 1. Rust's Expenses

Here, the Court previously authorized claims administration expenses to Rust totaling $1,770,593. *See*, *supra*, at 3, fn. 3. Rust anticipates incurring additional expenses of $125,921.00. Botzet Decl. ¶ 10. The additional expenses relate to Rust's anticipated work through the secondary distribution proposed *supra* and a *cy pres* distribution, if necessary, at the end of the litigation. *Id.* The Corrected Declaration of Joel K. Botzet (ECF No. 1330-1) in support of Plaintiffs' Motion for Authorization to Distribute Net Settlement Funds (ECF No. 1322) details Rust's claims administration work leading up to the initial distribution. Exhibit A to the Botzet Declaration submitted herewith itemizes Rust's anticipated claims administration expenses through the end of the litigation. Botzet Decl., Ex. A.

Rust's additional claims administration expenses of $125,921.00, which include the anticipated expenses of effectuating a secondary distribution and *cy pres* distribution, are reasonable given these expenses represent under 2.5% of remaining settlement funds. *Id.* ¶ 12. Plaintiffs request the Court to authorize Rust's additional claims administration expenses from the remaining settlement funds.

### 2. Class Counsel's Expenses

Class Counsel requests reimbursement of out-of-pocket litigation expenses of $4,876.85 from August 1, 2019 through July 31, 2022 that were reasonably and necessarily incurred and for which they have not been previously reimbursed. Castillo Decl. ¶ 11. In summary, these expenses relate to the storage of documents through the final termination of this action, including any appeals, pursuant to the protective order (ECF No. 404); legal research; service of documents; and administrative costs, such as photocopies, postage, and mileage reimbursement. *Id.* Class Counsel provides a breakdown of the expenses in Exhibits C-D to the Castillo Declaration. *Id.*,

Plaintiffs' Notice of Motion and Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses; MDL No. 1913; Case No. 3:07-cv-05634-CRB

8

Exs. C-D. Class Counsel anticipates incurring additional expenses through the end of the litigation but will not seek reimbursement of those expenses after this motion. *Id.* ¶ 12.

### C.     Class Counsel's Request for Additional Attorneys' Fees Is Appropriate

Courts in the Ninth Circuit award fees in common fund cases under either the "percentage-of-recovery" method or the "lodestar" method. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). However, "the primary basis of the fee award remains the percentage method," with the lodestar used "as a cross-check on the reasonableness of a percentage figure." *Id.* at 1050, n.5. This Court followed the percentage-of-the-recovery method in awarding fees for the prior three rounds of settlements (ECF Nos. 1009, 1252, 1314). Regardless of which method is chosen, the Ninth Circuit encourages "a cross-check using the other method." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015).

Courts in this District have awarded attorneys' fees for class counsel's post-settlement work—including hours that will be spent in the future. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, 746 F. App'x. 655, 659 (9th Cir. 2018) (holding that "[t]he district court did not err in including projected time in its lodestar cross-check; the court reasonably concluded that class counsel would, among other things, defend against appeals and assist in implementing the settlement"); *Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 281 F. Supp. 3d 833, 856 (N.D. Cal. 2017) (including "125 anticipated future hours" to be spent on "communicating with the settlement administrator and responding to inquiries from class members" in the lodestar calculation); *Corzine v. Whirlpool Corp.*, No. 15-cv-05764-BLF, 2019 WL 7372275, at *11 (N.D. Cal. Dec. 31, 2019) (including "an estimate of 250 hours for future work to complete Settlement's claims process through 2026" in the lodestar calculation). These district courts ultimately granted attorneys' fees based on a percentage of the settlement fund that included anticipated post-settlement work to assess the reasonableness of the percentage calculation. *Clean Diesel*, 746 F. App'x at 659; *Reyes*, 281 F. Supp. 3d at 861; *Corzine*, 2019 WL 7372275, at *12; *see also In re Oracle Sec. Litig.*, 131 F.R.D. 688, 692 (N.D.Cal.1990) ("[I]t is inherently illogical for lawyers to undertake litigation on the basis of the

Plaintiffs' Notice of Motion and Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses;
MDL No. 1913; Case No. 3:07-cv-05634-CRB

9

risks and rewards they perceive at the beginning, yet be compensated on the basis of the risks and rewards the *court* perceives at the end of the litigation.").

      Similarly, other courts outside of this District have found that post-settlement legal work and monitoring is a compensable activity for which counsel is entitled to a reasonable fee. *In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060, 1068 (8th Cir. 2015). In fact, courts around the country have awarded attorneys' fees consistent with this rationale. *See, e.g., In re Bank of Am. Corp. Sec. Litig.*, No. 4:99-MD-1264-CEJ, 2015 WL 3440350, at *2 (E.D. Mo. May 28, 2015) (awarding attorneys' fees for class counsel's post-settlement work, including two additional rounds of distribution, in light of the "extraordinary complexity and length of the post-settlement proceedings."); *In re PaineWebber Ltd. P'ships Litig.*, 999 F. Supp. 719, 725 (S.D.N.Y. 1998) (awarding multiplier of lodestar for future benefits including claims administration); *In re MRRM, P.A.*, 404 F.3d 863, 869 (4th Cir. 2005) (allocating part of the fee award to post-settlement work in recognizing that counsel "continues to perform significant services on behalf of the class").

      Class Counsel understand their fiduciary duty to look after the best interests of class members and have carried out that duty throughout the 12 years of active litigation and the almost three years of post-settlement administration work. Consequently, post-settlement, Class Counsel have engaged in extensive motion practice to ensure the accurate and timely processing of claims and to guarantee the fair and reasonable distribution of net settlement funds across settlement class members. *See, supra,* at § II(D)(1); Castillo Decl. ¶ 8 (listing Class Counsel's post-settlement motion practice work). Class Counsel have also been actively overseeing and collaborating with Rust on claims administration and settlement distribution. *See, supra,* at § II(D)(2); Castillo Decl. ¶ 9 (listing Class Counsel's settlement administration work).

      In the nearly three years post-settlement, Class Counsel have expended 617.9 hours or incurred a lodestar of $341,935.50 from August 1, 2019 through July 31, 2022. Castillo Decl. ¶ 6. Class Counsel have vetted this lodestar to ensure that it only includes work related to claims administration and settlement distribution. *Id.* Class Counsel provides their total hours and lodestar, computed at historical rates, from August 1, 2019 through July 31, 2022 as Exhibits A

Plaintiffs' Notice of Motion and Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses;
MDL No. 1913; Case No. 3:07-cv-05634-CRB

10

and B to the Castillo Declaration. *Id.*, Exs. A-B. Class Counsel anticipates incurring additional lodestar through the secondary distribution proposed *supra*; a *cy pres* distribution, if necessary, at the end of the litigation; any further motion practice by Mr. Chekian, including an appeal; and a further notice of post-distribution accounting. *Id.* ¶ 7. Class Counsel will not seek further attorneys' fees in this litigation. *Id.* Class Counsel asks the Court to award attorneys' fees of $1 million, or 18.355%, from the remaining settlement funds of $5,448,087.41. *Id.* ¶ 14. This request for attorneys' fees in connection with claims administration and settlement distribution is modest and reasonable—not only in the context of the remaining settlements funds but in the context of the substantial work performed by Class Counsel over the last 15 years and the substantial monetary benefit to the class. As background, Class Counsel has received a cumulative negative multiplier of -0.75 based on work performed through July 31, 2019. *Id.* ¶ 16. Class Counsel's unreimbursed lodestar was $10,987,873.85 for work performed through July 31, 2019. *Id.* Since August 1, 2019, Class Counsel's unreimbursed lodestar and expenses have only increased through final approval, claims administration, and motion practice. *Id.*

The additional $1 million in attorneys' fees would result in a cumulative negative multiplier of -0.77 based on work performed through July 31, 2022—and less than that if the Court takes into consideration Class Counsel's anticipated work through the secondary distribution, *cy pres* distribution, potential further motion practice by Mr. Chekian, and a further post-distribution accounting. *Id.* ¶ 17. This means for each lodestar dollar that Class Counsel reasonably expended on the litigation, Class Counsel would only receive up to 77 cents. *Id.* Class Counsel's unreimbursed lodestar would be $10,329,809.36 for work through July 31, 2022 and more than that through the end of this litigation. *Id.*

Regardless of the amount of the attorneys' fees and reimbursement of costs and expenses that the Court may award, there will be sufficient funds available to perform a secondary distribution of the remaining settlement funds to settlement class members who cashed their checks and who would receive a minimum payment of $10 from the secondary distribution. The

Plaintiffs' Notice of Motion and Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses;
MDL No. 1913; Case No. 3:07-cv-05634-CRB

11

following table outlines the allocation of the remaining settlement funds if the Court grants all the requested relief in this motion:

|  | Amount | Percent of Remaining Net Settlement Funds |
|---|---|---|
| Remaining Settlement Funds | $5,448,087.41 | 100% |
| Holdback for Mr. Chekian | $46,878.87 | 0.860% |
| Additional Claims Administration Expenses | $125,921.00 | 2.311% |
| Reimbursement of Litigation Expenses | $4,876.85 | 0.090% |
| Further Attorneys' Fees | $1,000,000.00 | 18.355% |
| Total Amount of Secondary Distribution | $4,270,410.69 | 78.384% |

As the table above shows, if the Court grants all the relief requested in this motion, over 78% of the remaining settlement funds will return to the pockets of qualified settlement class members. Castillo Decl. ¶ 4.

IV.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) authorize additional claims administration expenses by Rust and reimbursement of incurred litigation expenses by Class Counsel, (2) award further attorneys' fees in connection with settlement administration, and (3) authorize a secondary distribution of the remaining settlement funds less the holdback of $46,878.87 for Mr. Chekian, less any additional claims administration expenses for Rust and reimbursement of litigation expenses for Class Counsel authorized by the Court, and less any further attorneys' fees awarded by the Court.

Dated: August 8, 2022                          Respectfully submitted,

/s/ Elizabeth T. Castillo                      /s/ Christopher L. Lebsock
Adam J. Zapala                                 Michael P. Lehmann
Elizabeth T. Castillo                          Christopher L. Lebsock
**COTCHETT, PITRE & McCARTHY, LLP**            Seth R. Gassman
840 Malcolm Road                               **HAUSFELD LLP**
Burlingame, CA 94010                           600 Montgomery Street, Suite 3200

Plaintiffs' Notice of Motion and Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses; MDL No. 1913; Case No. 3:07-cv-05634-CRB

12

Phone: (650) 697-6000  San Francisco, CA 94111
Fax: (650) 697-0577  Phone: (415) 633-1908
  Fax: (415) 358-4980

*Co-Lead Counsel for Plaintiffs and the Classes*