**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** | Civil Case No. 3:07-cv-05634-CRB<br><br>MDL No. 1913 |
| **This Document Relates To:**<br><br>**ALL ACTIONS** | **DECLARATION OF JOEL K. BOTZET IN SUPPORT OF PLAINTIFFS' MOTION FOR SECONDARY DISTRIBUTION OF REMAINING SETTLEMENT FUNDS AND REQUEST FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** |

I, JOEL K. BOTZET, declares and states that:

1.      I am a Program Manager for Rust Consulting, Inc. ("Rust"), the Court-appointed Claims Administrator for the class action Settlement in this case. My business address is 625 Marquette Avenue, Suite 900, Minneapolis, Minnesota 55402-2469. My business telephone number is 612-359-2035. I am authorized to make this declaration on behalf of Rust.

2.      Rust has extensive experience in class action matters, having provided settlement administration services in class action lawsuits affecting millions of class members in cases involving employment, consumers, banking and financial services, property, insurance, securities, and products liability, among its more than 8,000 projects.

3.      Except as otherwise stated, I am fully familiar with and have personal knowledge of the matters stated in this declaration and am competent to testify about them if called upon to do so. I submit this declaration to provide the Court and the parties to the above-captioned action with information regarding Rust's claims administration work.

A.      **Further Post-Distribution Accounting**

4.      In anticipation of proceeding with a secondary distribution pursuant to the Court's order, Rust stopped permitting Class Members to cash checks as of July 31, 2022.

5.      Rust notes, however, that certain Class Members asked Rust to re-issue checks for various reasons since distribution occurred on March 17, 2022 (*e.g.*, they did not receive checks, they moved abroad). The re-issued checks have void dates in the future. For purposes of calculating the remaining settlement funds available for a secondary distribution, Rust assumes these Class Members have cashed their re-issued checks.

6.      As of this filing, the number and value of checks cashed or assumed cashed were 44,893 and $98,939,233.18, respectively. The number and value of uncashed checks were 16,216 and $5,448,087.41, respectively. The total amount of the remaining settlement funds available is therefore $5,448,087.41 before subtracting the hold back for Mr. Chekian (*see infra*).

**B.**     **Mr. Chekian's Claims**

7.     Pursuant to the Court's order at the July 6, 2022 hearing on Mr. Chekian's motion for additional time to provide supporting documentation, Rust held back $46,878.87 for Mr. Chekian from the remaining settlement funds—the maximum amount for which he would qualify if he provides adequate supporting documentation for all of his claimed qualifying tickets by September 30, 2022.

8.     Rust will review all supporting documentation provided by Mr. Chekian and make a final determination on his claim after that date.

9.     After holding back $46,878.87 for Mr. Chekian pursuant to the Court's order, the amount of the remaining settlement funds is approximately $5,401,208.54.

**C.**     **Rust's Claims Administration Budget**

10.     Rust anticipates incurring additional expenses of $125,921.00 in connection with the secondary distribution and a *cy pres* distribution, if necessary, at the end of the litigation. The additional expenses include administration costs in connection with the settlement website, toll-free number, distribution and tax reporting, distribution inquiry support, fees (*e.g.*, project management), and expenses (*e.g.*, post office box rental).

11.     Rust expects that claims administration through the secondary distribution and any *cy pres* distribution will take six months, which includes time for account reconciliation and communications with Class Members.

12.     Rust's additional claims administration expenses are reasonable given these expenses represent under 2.5% of remaining settlement funds of approximately $5,401,208.54.

13.     A true and correct copy of Rust's proposal for claims administration work through the end of the litigation is attached hereto as Exhibit A.

**D.**     **Proposed Secondary Distribution**

14.     Because there are sufficient funds available to perform a secondary distribution, Rust recommends that the Court authorize a secondary distribution to settlement class members

who cashed their checks and who would receive a minimum payment of $10 from the secondary distribution. A secondary distribution ensures that as much of the remaining settlement funds as possible are paid to settlement class members. The inclusion of a guaranteed minimum payment will encourage settlement class members to cash their checks by alleviating any concern that doing so would not be worthwhile.

15.    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 5th day of August 2022 in Minneapolis, Minnesota.

Joel K. Botzet

# EXHIBIT A



*Transpacific Air*
**Distribution Phase II**
**August 3, 2022**

### CLASS ACTION NOTICE AND SETTLEMENT SERVICES

Number of Payments                                    13,960

#### Administration Costs
| | |
|---|---|
| Website | $8,200 |
| Call Center | 10,922 |
| Distribution and Tax Reporting | 52,449 |
| Distribution Inquiry Support | 9,600 |
| Fees | 41,250 |
| Expenses | 3,500 |
| **Total Project Cost** | **$125,921** |