**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** | Civil Case No. 3:07-cv-05634-CRB<br><br>MDL No. 1913 |
| **This Document Relates To:**<br><br>**ALL ACTIONS** | **DECLARATION OF JOEL K. BOTZET IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SECONDARY DISTRIBUTION OF REMAINING SETTLEMENT FUNDS AND REQUEST FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** |

Declaration of Joel K. Botzet in Support of Plaintiffs' Reply in Support of Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses;

1    I, JOEL K. BOTZET, declares and states that:

2          1.      I am a Program Manager for Rust Consulting, Inc. ("Rust"), the Court-appointed

3    Claims Administrator for the class action Settlements in this case. My business address is 920

4    Second Avenue South, Suite 400, Minneapolis, Minnesota 55402. My business telephone number

5    is 612-359-2035. I am authorized to make this declaration on behalf of Rust.

6          2.      Rust has extensive experience in class action matters, having provided settlement

7    administration services in class action lawsuits affecting millions of class members in cases

8    involving antitrust, employment, consumers, banking and financial services, property, insurance,

9    securities, and products liability, among its more than 8,000 projects.

10          3.      Except as otherwise stated, I am fully familiar with and have personal knowledge

11    of the matters stated in this declaration and am competent to testify about them if called upon to

12    do so. I submit this declaration to provide the Court and the parties to the above-captioned action

13    with information responding to (1) the Objections to the Motion for Secondary Distribution of

14    Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses

15    (ECF No. 1353) and (2) the September 14, 2022 objection that was emailed to the Court and

16    Class Counsel from Scott Zaban (szaban@gmail.com) on behalf of claimant Kelly Overvold.

### A.      Objector Corp Xanadu's Claim

17          4.      Corp Xanadu (claim number 0000144970) filed a claim to each of the three rounds

18    of Settlements in this action online through the settlement website (www.airlinesettlement.com).

19    Corp Xanadu's contact information is:

20          First and Last Name: Corp Xanadu

21          Email: corpxanadu@phreakmail.com

22          Phone: (801) 823-1320

23          Address: 5042 Wilshire Boulevard #35581, Los Angeles, California 90036

24          5.      Corp Xanadu's claim includes the following tickets:

| Airline | Route | Date | Number of Tickets |
|---|---|---|---|
| American Airlines | USA to Tokyo | 2004 | 150 |
| Cathay Pacific Airways | USA to Tokyo | 2004 | 62 |

---

Declaration of Joel K. Botzet; MDL No. 1913; Case No. 3:07-cv-05634-CRB

| | USA to Tokyo | 01/01/2005 – 01/31/2005 | 10 |
|---|---|---|---|
| Delta Airlines | USA to Tokyo | 2008 | 90 |
| Japan Airlines | USA to Tokyo | 02/01/2005 – 12/31/2005 | 260 |
| | USA to Tokyo | 2006 | 270 |
| | USA to Tokyo | 2007 | 270 |
| United Airlines | USA to Tokyo | 2003 | 35 |
| | USA to Tokyo | 2003 | 190 |
| **Total** | | | 1,337 |

6.     Rust audited Corp Xanadu's claim because the audit threshold established for businesses was 1,000 or more tickets. Corp Xanadu did not support any of its claimed ticket purchases with actual invoices or other corporate records. Instead, Corp Xanadu's alleged 1,337 claimed tickets are supported by a one-page Affidavit, executed by the alleged Secretary of Corp Xanadu, Carlos Suica, on October 2, 2020 in response to Rust's September 20, 2020 audit letter. Rust initially approved the claim based on the signed Affidavit.

7.     Attached hereto as **Exhibit 1** is a true and correct copy of Corp Xanadu's Audit Response that includes Mr. Suica's Affidavit.

8.     Rust determined that Mr. Suica's Affidavit constituted acceptable support for Corp Xanadu's claim and approved the claim in its entirety.

9.     On August 24, 2021, Rust sent a determination letter by USPS to Corp Xanadu's alleged Wilshire Boulevard address initially approving the claim, which USPS returned as undeliverable with no forwarding address on September 22, 2021.

10.     On October 11, 2021, Corp Xanadu emailed Rust indicating that it did not receive the determination letter and stating that the Wilshire Boulevard address was correct. Rust replied to the email and attached the determination letter.

11.     On March 17, 2022, Rust mailed a check in the amount of $603,831.08 by USPS to Corp Xanadu's alleged Wilshire Boulevard address, which USPS again returned as undeliverable with no forwarding address on April 11, 2022.

12.     On April 25, 2022, Rust sent the claimant names and addresses of all checks returned as undeliverable, including the check to Corp Xanadu, to a vendor to obtain an updated address through an automated process called "batch trace," which did not return a better or updated address for Corp Xanadu.

13.     On July 26, 2022, consistent with this Court's order at the July 6, 2022 hearing, Class Counsel advised Rust to stop reissuing checks immediately and proceed with voiding uncashed original checks as of July 31, 2022 and uncashed reissued checks as of August 30, 2022.

14.     On July 30, 2022, Mr. Suica emailed Rust indicating that Corp Xanadu did not receive a check and provided a new mailing address: 8605 Santa Monica Boulevard #10287, West Hollywood, California 90069. Rust did not process this request because it came after Class Counsel's request to stop reissuing checks on July 26, 2022.

15.     On August 24, 2022, Mr. Suica emailed Rust inquiring about reissuance of the check.

16.     With the exception of Mr. Suica's July 30, 2022 email, Rust answered Corp Xanadu's multiple emails regarding its claim status.

**B.     Objector David Gould's Claim**

17.     David Gould (claim number 0000139761) filed a claim to each of the three rounds of Settlements in this action online through the settlement website (www.airlinesettlement.com). Mr. Gould's claim included 96 tickets on various airlines, including eight *Satogaeri* tickets.

18.     The audit threshold established for individuals was 125 tickets or more and/or 50 or more tickets for each of the Japan (Fuel Surcharge) and/or *Satogaeri* Settlement Classes. As Mr. Gould's claimed tickets fell under the audit threshold, Rust did not audit him.

19.     On August 24, 2021, Rust mailed Mr. Gould a determination letter, initially approving his claim. On March 17, 2022, Rust mailed him a check for $6,733.21, which Mr. Gould cashed on May 31, 2022. There is no additional correspondence between Mr. Gould and Rust or Mr. Gould and Class Counsel.

**C.      Objector Kelly Overvold's Claim**

20.      Kelly Overvold (claim number 0000105324) filed a claim to rounds one and two of Settlements in this action online through the settlement website (www.airlinesettlement.com). Ms. Overvold's claim included 64 tickets on various airlines.

21.      As stated, *supra*, the audit threshold established for individuals was 125 tickets or more and/or 50 or more tickets for each of the Japan (Fuel Surcharge) and/or *Satogaeri* Settlement Classes. As Ms. Overvold's claimed tickets fell under the audit threshold, Rust did not audit her.

22.      On August 24, 2021, Rust mailed Ms. Overvold a determination letter, initially approving her claim. On March 17, 2022, Rust mailed her a check for $139.24 to the address provided on Ms. Overvold's claim form.

23.      On May 31, 2022, Ms. Overvold emailed Rust providing a change of address and requesting a check reissue. On June 1, 2022, Rust replied to her confirming that it had updated her address and submitted her request for a check reissue. In the reply, Rust stated, "You should allow a minimum of 4 – 8 weeks for the reissued check to be mailed." On July 27, 2022, Rust mailed the reissued check to Ms. Overvold's updated address; the check had a void date of August 30, 2022. On August 30, 2022, Rust determined that this reissued check remained uncashed and voided it.

24.      On September 14, 2022, Ms. Overvold emailed Rust requesting a check reissue. On the same day, Rust replied to Ms. Overvold stating that the deadline to request a check reissue had passed.

**D.      Scope of Rust's Claims Administration Work Generally**

25.      As the Claims Administrator, Rust is required to follow the terms of the Settlement Agreements and the claims administration process approved by the Court. The Distribution Plan approved by the Court ordered Rust to prepare and mail checks to qualified claimants in the amounts equal to their *pro rata* share of the Settlement Funds.

26.      During the distribution phase, the scope of Rust's services included the following:

1        a.      Calculate and distribute the initial payment distribution to Settlement Class

2                  Members that were determined to have approved claims;

3        b.      Remail payments returned as undeliverable with forwarding addresses.

4                  Payments returned by the U.S. Postal Service with forwarding addresses

5                  were flagged and the addresses were updated in Rust's database. Rust then

6                  reissued payments and mailed them to the updated addresses;

7        c.      Trace and remail payments returned as undeliverable with no forwarding

8                  addresses. Payments returned by the U.S. Postal Service with no

9                  forwarding addresses were flagged in Rust's database with this

10                 designation. As part of its normal practices, Rust then performed a batch

11                 trace through a vendor to locate updated addresses, as it did with Corp

12                 Xanadu without success. Alternative mailing addresses returned from trace

13                 were updated in Rust's database. Rust then reissued payments and mailed

14                 them to the updated addresses returned from trace; and

15       d.      Reissue payments upon request. Rust worked with Settlement Class

16                 Members who requested reissue payment requests, including assisting

17                 Settlement Class Members and financial institutions with the check

18                 cashing process.

19       27.    The claims administration of the Settlements began in 2015, prior to the common

20   use of email addresses and electronic payments in class action settlements. Therefore, settlement

21   communications via email were not part of the Settlement Class Member notification process and

22   electronic payment information was not part of the claim filing or settlement distribution

23   processes in this action.

24       28.    Tens of thousands of Settlement Class Members received notice of the settlements

25   in this action and filed claims, including Corp Xanadu, Mr. Gould, and Ms. Overvold.

26

27

28

29.     Rust sent determination letters by USPS to all claimants, including Corp Xanadu, Mr. Gould, and Ms. Overvold, and answered emails from claimants inquiring about their claim status.

30.     After the initial distribution on March 17, 2022, Rust received inquiries from claimants primarily residing outside of the United States who were experiencing difficulty cashing or depositing their checks. Rust, in consultation with Class Counsel, established a process for claimants who contacted Rust because they were unable to cash a physical check. For these claimants, Rust made payments via PayPal.

31.     During the claims administration process, Rust conducted all outreach to claimants by mail. This included mailing Request for Information letters to claimants with claims determined to be deficient or ineligible; Request for More Information letters in the audit process; and Notice of Determination Letters to all individuals and entities who filed claims and whose claims were not withdrawn. These letters were mailed to the most current address in the settlement database, whether provided on the claim form, by the claimant through email, phone, or mail, or through address trace.

32.     At the start of claims administration, before notices were mailed, Rust established an email address, info@airlinesettlement.com, for claimant inquiries. The email address was provided on all outbound communications to Settlement Class Members and available on the settlement website, www.airlinesettlement.com.

33.     Rust does not provide regular claim status updates to Settlement Class Members by email but does respond to Settlement Class Members' requests for claim status updates by email, phone, and mail upon request. Not all claimants provided an email address.

34.     As an experienced class action settlement claims administrator, Rust determined the best way to handle undeliverable checks is to utilize a "batch trace" process with a vendor as outlined in this declaration. Rust's email communications with Settlement Class Members were

limited to receiving and responding to email inquiries directed to Rust by Settlement Class Members.

35.     Neither the Court's orders regarding settlement distribution nor the Federal Rules of Civil Procedure require Rust to email each of the 96,133 individuals and companies that submitted claims in this action every time Plaintiffs file a motion. There is no efficiency or precedent for emailing or mailing motions to claimants when they are readily available on the settlement website. Furthermore, this would expend much of the remaining uncashed settlement funds.

36.     Since Plaintiffs moved for secondary distribution of the remaining settlement funds on August 8, 2022, Rust has received 16 e-mails with questionable, potentially fraudulent, requests for reissuance of checks. Each of these emails are in substantially the same form and same language. They request that Rust reissue a check for under $10,000 and "split the check into two checks or issue a check in the amount for $9,500" because the claimant "cannot cash a check and walk out of the bank with more than $10,000 in cash." Each of these claimants list their address as different units in various apartment complexes on West Duarte Road in Arcadia, California, or as post office boxes in Southern California. Accordingly, Rust has been carefully reviewing these check reissue requests and verifying the legitimacy of the claimants and their claims. To verify the legitimacy of these claims, Rust is in the process of seeking interviews from each of these claimants in connection with their requests for reissuance of checks. These interviews will seek explanations from these claimants regarding their alleged purchases and will seek to understand (1) why they all have similar addresses or post office box addresses, (2) why they have substantively identical emails, and (3) why they disclosed the appearance of attempts to circumvent federal law requiring banks to report cash transactions of $10,000 or more pursuant to the Currency and Foreign Transactions Reporting Act, among other fraud prevention inquiries. Rust will conduct the interviews and evaluate the results of the interviews and reissue requests with Class Counsel as needed.

**E.      Rust's Process for Undeliverable Checks**

37.      Between 2015 and February 28, 2022, 1,289 claimants contacted Rust with a change of address. Rust updated those addresses in the settlement database. Indeed, after Ms. Overvold emailed Rust providing a change of address and requesting a check reissue on May 31, 2022, Rust replied on June 1, 2022, confirming that it had updated Ms. Overvold's address and submitted her request for a check reissue that was mailed on July 27, 2022.

38.      After the distribution as some checks were returned as undeliverable, Rust used the unique barcode printed on each check to identify the claimant record in the settlement database. Rust imaged the returned checks and flagged them as undeliverable in the settlement database. Rust included a code that indicated whether the Post Office had included a forwarding address, and if so, keyed the indicated address in the settlement database. For checks returned as undeliverable without forwarding addresses, Rust created files of names and last known addresses that were sent to a vendor to obtain an updated address through the automated "batch trace" process describe above. Rust uses vendors commonly used by class action administrators to return a better or updated address for those whose checks were returned as undeliverable. A check was re-mailed if an updated address was obtained.

39.      During the distribution phase, Rust traced 5,444 undeliverable checks. For those, 3,391 alternative addresses were returned and checks were remailed. Of these remailed checks, 2,314 were cashed.

40.      As of August 3, 2022, 16,216 checks in the amount of $5,448,087.41 or 5% of the initial amount distributed remain uncashed. Of those, 3,337 checks do not have mailable addresses.

**F.      Settlement Website**

41.      At the start of the claims administration, Rust established the settlement website, www.airlinesettlement.com, in 10 languages. Prior to sending notice for Phase 2 in June 2018, the website was changed to provide information in four languages: English, Japanese, Traditional

Chinese, and Simplified Chinese. Prior to sending notice for Phase 3 in July 2019, the website was changed to provide information in three languages: English, Japanese, and Traditional Chinese. Rust provided status updates through the initial distribution on March 17, 2022 in these languages on the website.

42.     On April 8, 2022, Rust posted the Notice of Post-Distribution Accounting to the Court Documents page of the settlement website.

43.     On August 9, 2022, Rust posted the documents related to the Motion for Secondary Distribution to the Court Documents page of the settlement website.

44.     The Court Documents page is linked to the English, Chinese, and Japanese pages of the settlement website. Rust updated the settlement status on the English home page of the website when these documents were posted. The home pages for other languages were not updated when there were no changes to the Commonly Asked Questions.

**G.      Rust's Experience in Similar Actions**

45.     In a similar airline antitrust litigation matter, such as *In re Korean Air Lines Co., Ltd. Antitrust Litigation*, MDL No. 1891, No. 2:07-cv-05107-SJO-AGR (C.D. Cal.), Rust followed a similar distribution plan that did not include sending reminder notifications to Settlement Class Members who did not cash their settlement payments.

46.     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 15th day of September 2022 in Minneapolis, Minnesota.

Joel K. Botzet

# Exhibit 1

5823

*CORR*



- UAA - 8 - 1130

*0000146338*

CORP XANADU
CARLOS SUICA
6042 WILSHIRE BLVD # 35581
LOS ANGELES CA  90036-4305

FOR OFFICIAL USE ONLY

07

Page 1 of 2

☐ If the pre-printed information to the left is not correct or if there is no pre-printed information, please check the box and complete the information below:

Name: _____

Address: _____

City: _____

State: _____ Zip Code: ____ ____ ____ ____

# REQUEST FOR THIRD ROUND INFORMATION FORM

Listed on the next page is the purchase information you provided for the Japan, *Satogaeri*, and Settlement Class III Classes with the claim form deadline of April 1, 2020.

Return this form with the documentation for the tickets purchased. Adequate documentation may consist of receipts showing your purchases, cancelled checks or credit card statements, travel itineraries, e-mail confirmation of a ticket purchase, and/or other documentation to support your claim. Feel free to redact or "black out" information pertaining to unrelated transactions or other personal financial information.

Please return the completed Audit Form(s) with your documentation of purchases to the address listed above by October 12, 2020.

Sign and Date

I (we) declare under penalty of perjury, that the documentation provided with this letter is true and correct to the best of my knowledge and represents the tickets I purchased from January 1, 2000 to December 1, 2016. I understand that my Claim may be subject to audit verification and Court review.

_____     10/02/2020
Claimant Signature                                                      Date

Carlos Suica
_____
Print Name/Capacity of person signing

4109678-000035-02-05-00








8-1130

*0000146338*

## Purchase Information

Provide documentation for the total number of tickets listed below that were purchased from a Defendant or Co-Conspirator that included at least one flight segment originating in the U.S. to Asia or Oceania (Australia, New Zealand or the Pacific Islands) from January 1, 2000 through December 1, 2016.

| Column 1 | Column 2 |
|---|---|
| Airline that sold you ticket for travel | Number of Tickets that were Purchased for One-Way or Roundtrip Travel Originating in the United States |
| AMERICAN AIRLINES | 150 |
| CATHAY PACIFIC AIRWAYS | 72 |
| DELTA AIRLINES | 90 |
| JAPAN AIRLINES (JAL) | 800 |
| UNITED AIRLINES | 225 |

---

[1] China Airlines is the airline based in Taiwan.  It should not be confused with Air China, based in the People's Republic of China.

4109678?-000035-02-05-00

‖‖‖‖‖‖‖‖‖‖‖‖‖ - UAA - 8 - 1130

*0000146338*

CORP XANADU
CARLOS SUICA
5042 WILSHIRE BLVD # 35581
LOS ANGELES CA  90036-4305

FOR OFFICIAL USE ONLY

07

Page 1 of 2

☐ If the pre-printed information to the left is not correct
or if there is no pre-printed information, please check
the box and complete the information below:

Name: _____

Address: _____

City: _____

State: _____  Zip Code: ____ ____ ____ ____ ____

# REQUEST FOR SECOND ROUND INFORMATION FORM

Listed on the next page is the purchase information you provided for the ANZ, EVA/China Airlines, and PAL Settlement
Classes with the claim form deadline of December 21, 2018.

Return this form with the documentation for the tickets purchased. Adequate documentation may consist of receipts showing
your purchases, cancelled checks or credit card statements, travel itineraries, e-mail confirmation of a ticket purchase,
and/or other documentation to support your claim. Feel free to redact or "black out" information pertaining to unrelated
transactions or other personal financial information.

Please return the completed Audit Form(s) with your documentation of purchases to the address listed above by

October 12, 2020.

Sign and Date

I (we) declare under penalty of perjury, that the documents provided with this letter is true and correct to the best of my knowledge
and represents the tickets I purchased from January 1, 2000 to the December 1, 2016. I understand that my Claim may be subject
to audit verification and Court review.

_Carl. S—_                                                10/02/2020
Claimant Signature                                                   Date

Carlos Suica, Secretary
Print Name/Capacity of person signing

41096787-000035-03-05-00





 8-1130

*0000146338*

## Purchase Information

Provide documentation for the total number of tickets listed below that were purchased from a Defendant or Co-Conspirator where at least one flight segment was between the U.S and Asia or Oceania (Australia, New Zealand or the Pacific Islands) from January 1, 2000 through the Effective Date.

| Column 1 | Column 2 | Column 3 |
|---|---|---|
| Airline that sold you ticket for travel | Total Number of Tickets Purchased for travel between the U.S. and Asia/Oceania | Number of Tickets Identified in Column 2 that were Purchased for One-Way or Roundtrip Travel Originating in the United States |
| AMERICAN AIRLINES | 150 | 150 |
| CATHAY PACIFIC AIRWAYS | 72 | 72 |
| DELTA AIRLINES | 90 | 90 |
| UNITED AIRLINES | 225 | 225 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## Purchase Information (continued)

With respect to claims concerning travel on Asiana Airlines and/or Korean Airlines where at least one flight segment was between the U.S. and Asia or Oceania (Australia, New Zealand or the Pacific Islands) from January 1, 2000 through the Effective Date, provide documentation for the tickets claimed in the following section:

| Column 1 | Column 2 | Column 3 | Column 4 | Column 5 |
|---|---|---|---|---|
| Airline that sold you ticket for travel | Total Number of Tickets Purchased for travel between the U.S. and Asia/Oceania | Number of Tickets Identified in Column No. 2 that were Purchased for One-Way or Roundtrip Travel Originating in the United States | Number of Tickets Identified in Column No. 3 where the Republic of Korea was the destination | Number of Tickets Identified in Column No. 2 that were Purchased for One-Way or Roundtrip Travel Originating in the Republic of Korea |
| Asiana Airlines | | | | |
| Korean Airlines | | | | |

___

[2] China Airlines is the airline based in Taiwan. It should not be confused with Air China, based in the People's Republic of China.

41096787-000035-03-05-00

~ UAA - 8 - 1180

*0000146338*

CORP XANADU
CARLOS SUICA
5042 WILSHIRE BLVD #35581
LOS ANGELES CA 90036-4305

FOR OFFICIAL USE ONLY

07

Page 1 of 2

☐ If the pre-printed information to the left is not correct or if there is no pre-printed information, please check the box and complete the information below:

Name: _____

Address: _____

City: _____

State: _____ Zip Code: ____ ____ ____ ____

## REQUEST FOR FIRST ROUND INFORMATION FORM

Listed on the next page is the purchase information you provided for the Qantas, Cathay Pacific, and Thai Airlines Settlement Classes with the claim form deadline of October 13, 2015 and the JAL, Air France, Singapore Airlines, Vietnam Airlines, and Malaysian Air Settlement Classes with the claim form deadline of April 3, 2018.

Return this form with the documentation for the tickets purchased. Adequate documentation may consist of receipts showing your purchases, cancelled checks or credit card statements, travel itineraries, e-mail confirmation of a ticket purchase, and/or other documentation to support your claim. Feel free to redact or "black out" information pertaining to unrelated transactions or other personal financial information.

Please return the completed Audit Form(s) with your documentation of purchases to the address listed above by

October 12, 2020.

Sign and Date

I (we) declare under penalty of perjury, that the documentation provided with this letter is true and correct to the best of my knowledge and represents the tickets I purchased from January 1, 2000 to the Effective Date.

_____          10/02/2020
Claimant Signature                                                Date

Carlos Suica, Secretary
Print Name/Capacity of person signing

41096787-000035-04-05-00





Corp Xanadu
5042 Wilshire Blvd #35581, Los Angeles, CA  90036

## AFFIDAVIT

I, Carlos Suica, do hereby declare the following as being true and correct under penalties of perjury under the laws of the United States this 2nd day of October, 2020:

1. That I am the Secretary of Corp Xanadu, am duly authorized to act on behalf thereof, and further am knowledgeable with regards to the company's claim in re: the Transpacific Air Transportation Litigation.

2. That I received correspondence from TRANSPACIFIC AIR SETTLEMENT - 4422 regarding our claim number 0000144970 which gives a response deadline of October 12.

3. That between January 1, 2000 and December 1, 2016 we made purchases of the following transpacific airline tickets that qualify under the Transpacific Air Settlements in the U.S. District Court for the Northern District of California:

   One hundred and fifty (150) transpacific airline tickets from the USA to Tokyo on American Airlines:
   - i)   One hundred and fifty (150) during 2004

   Seventy two (72) transpacific airline tickets from the USA to Tokyo on Cathay Pacific Airways:
   - i)   Sixty two (62) during 2004
   - ii)  Ten (10) between Jan 1, 2005 and Jan 31, 2005

   Ninety (90) transpacific airline tickets from the USA to Tokyo on Delta Airlines:
   - i)   Ninety (90) during 2008

   Eight hundred (800) transpacific airline tickets from the USA to Tokyo on Japan Airlines, all of which paid a fuel surcharge:
   - i)    Two hundred and sixty (260) between Feb 1, 2005 and Dec 31, 2005
   - ii)   Two hundred and seventy (270) during 2006
   - iii)  Two hundred and seventy (270) during 2007

   Two hundred and twenty five (225) transpacific airline tickets from the USA to Tokyo on United Airlines:
   - i)   Thirty five (35) during 2002
   - ii)  One hundred and ninety (190) during 2003

4. None of the airline tickets were purchased for resale purposes.  All purchases were made for our own use and qualify under the Settlements.

on behalf of Corp Xanadu

CARLOS SUICA
Secretary


8-1130
*0000146338*

## Purchase Information

Provide documentation for the total number of tickets listed below that were purchased from a Defendant or Co-Conspirator where at least one flight segment originated in the U.S. to Asia or Oceania (Australia, New Zealand or the Pacific Islands), and the purchase was made between January 1, 2000 and December 1, 2016.

| Column 1 | Column 2 |
|---|---|
| Airline that sold you ticket for travel | Number of Tickets that were Purchased for One-Way or Roundtrip Travel Originating in the United States |
| CATHAY PACIFIC AIRWAYS | 72 |
| JAPAN AIRLINES (JAL) | 800 |

Provide documentation for the tickets claimed in the following section that you purchased from All Nippon Airways and/or Japan Airlines where at least one flight segment meets the criteria of the Japan Settlement Class or *Satogaeri* Settlement Class (defined above):

| Column 1 | Column 2 | Column 3 |
|---|---|---|
| Airline that sold you ticket for travel | Number of Tickets Identified above that you Purchased between February 1, 2005 and December 31, 2007 and paid a Fuel Surcharge | Number of Tickets Identified above that you Purchased between January 1, 2000 and April 1, 2006 for an eligible *Satogaeri* Fare |
| All Nippon Airways | | |
| Japan Airlines | 800 | 0 |

---

¹ China Airlines is the airline based in Taiwan. It should not be confused with Air China, based in the People's Republic of China.

000035

OCT 2 1 2020

FIRST-CLASS MAIL
US POSTAGE
**PAID**
PALATINE, IL
PERMIT #459

XANADU
5042 WILSHIRE BLVD # 35581
LOS ANGELES, CA 90036-4305

TRANSPACIFIC AIRLINE
PO BOX 2209
FARIBAULT, MN 55021-1609



USPS CERTIFIED MAIL

9207 1902 3589 0900 0006 5237 74

41096787-000035-05-05-00



USPS CERTIFIED MAIL

5502181609 B050