**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** | Civil Case No. 3:07-cv-05634-CRB <br><br> MDL No. 1913 |
| **This Document Relates To:** <br><br> **ALL ACTIONS** | **DECLARATION OF ELIZABETH T. CASTILLO IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SECONDARY DISTRIBUTION OF REMAINING SETTLEMENT FUNDS AND REQUEST FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** |

I, ELIZABETH T. CASTILLO, declare and state that:

1.  I am an attorney duly licensed to practice law in California and admitted to practice in this Court. I am an attorney with Cotchett, Pitre & McCarthy, LLP, Co-Lead Counsel for the Plaintiffs and the Classes ("Class Counsel"). The matters described herein are based on my personal knowledge and, if called as a witness, I could and would testify competently thereto. I make this declaration pursuant to 28 U.S.C. § 1746.

2.  I make this declaration in support of Plaintiffs' Reply in Support of Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses submitted herewith.

3.  On July 26, 2022, Class Counsel advised Rust to stop reissuing checks immediately and proceed with voiding uncashed original checks as of July 31, 2022 and uncashed reissued checks as of August 30, 2022 because they intended on filing a motion for secondary distribution of the remaining uncashed settlement funds shortly and needed to calculate the exact amount of the available funds.

4.  On the morning of August 26, 2022, a Nicaragua-based attorney, Karla Corea, who purportedly represents Corp Xanadu, emailed Class Counsel threatening legal action because Corp Xanadu did not receive the check that Rust sent to it on March 17, 2022. On the same day, a Pennsylvania-based attorney, John Allen Roth, who represents Corp Xanadu and filed the Objections on behalf of Corp Xanadu and David Gould, moved for leave to appear *pro hac vice* in the Action, which the Court granted (ECF No. 1352).

5.  Upon receiving Ms. Corea's email, Class Counsel immediately contacted Rust to gather any relevant facts set forth in Declaration of Joel K. Botzet submitted herewith.

6.  After learning that Corp Xanadu did not provide *any* documentation to support its 1,337 claimed tickets except for Mr. Suica's one-page Affidavit, Class Counsel began investigating Corp Xanadu's claims and Corp Xanadu itself given the number of questionable,

potentially fraudulent claimants requesting reissuance of checks since the filing of the Motion on August 8, 2022.

7. Regarding Corp Xanadu's claims, Class Counsel found them to be highly suspicious. For example:

- Corp Xanadu did not provide *a single receipt* showing a ticket purchase, *any* canceled check, *any* credit card statement, *any* travel itinerary, or *any* email confirmation of ticket purchases for its claimed 1,337 tickets over a five-year period, which is highly unusual for a business, particularly one that purportedly purchased tickets the tickets for its own use; and

- In investigating its claim, Class Counsel also learned that Corp Xanadu failed to provide origin or destination airports or travel dates for *any* of its alleged ticket purchases.

8. Regarding Corp Xanadu itself, Class Counsel also found it to be highly suspicious:

- Class Counsel could not find *any* online presence whatsoever, including on the California Secretary of State's California Business Search website (https://www.sos.ca.gov/business-programs/business-entities). While there appears to be a "Xanadu Corporation" that incorporated in 1987, the address associated with that entity does not correspond to the addresses Corp Xanadu provided to Rust and the entities otherwise appear to be unrelated;

- In addition to not being able to verify that Corp Xanadu exists at all, Class Counsel could find no records of actual employees employed by it. No one appears to have worked for Corp Xanadu, which raises the question of how it could have had over 1,000 claimed tickets over the relevant period;

- Further, in investigating the alleged purchases, Class Counsel determined that Corp Xanadu's claimed Wilshire Boulevard address is not associated with any actually operating business but is instead a private rental mailbox inside "Wilshire Mailbox," which appears to be a generic notary and shipping center in Los Angeles (*see below*);



- Class Counsel also investigated the alternative address that Corp Xanadu provided and found that it is also not associated with any operating business, let alone one named Corp Xanadu. Corp Xanadu's alleged current Santa Monica Boulevard address is associated with a virtual mailbox provider, "Earth Class Mail" (*see below*);



- Alleged representatives or agents (including alleged counsel) have alternatively (and contradictorily) referred to the company as Xanadu Corp;

- Corp Xanadu appears to lack a true corporate email system, which would be unusual for an entity that had the capacity to make over a 1,000 transpacific travel purchases over the relevant period. For example, the email contact information provided in connection with Corp Xanadu's claim is "corpxanadu@phreakmail.com." This is highly unusual by itself;

- Corp Xanadu's phone number ((801) 823-1320) is associated with a landline in Ogden, Utah;

- Corp Xanadu "use" of an alleged foreign attorney (Karla Corea), residing in Nicaragua, is unusual; and

- Finally, the fact that Corp Xanadu's determination letter and check were both returned, along with the request for a reissued check to be sent elsewhere is itself worthy of investigation.

9.  Given the preliminary findings above, on the evening of August 26, 2022, Class Counsel replied to Ms. Corea's email and included Mr. Roth, stating that they were investigating Corp Xanadu's claims. To facilitate validation of Corp Xanadu's claims, Class Counsel requested Ms. Corea and Mr. Roth provide Corp Xanadu's company formation documents showing that it is a bona fide company as well as Mr. Suica's availability by Zoom to discuss Corp Xanadu's business and claims to the settlements in this action. Class Counsel also followed up in this request on September 2, 2022.

10. On September 6, 2022, Mr. Roth flatly refused Class Counsel's request. While Corp Xanadu offered to provide the Court "under seal, a copy of his identification to demonstrate that he is the person who submitted the claim" (Objs. at fn. 3), this does not facilitate Class Counsel and Rust's validation of Corp Xanadu's claims. Class Counsel and Rust's concerns are with the legitimacy of Corp Xanadu and its claim to the settlements in this action—not with the identification of the person who filed the claim.

11. For the reasons set forth, *supra*, Plaintiffs are concerned Corp Xanadu may lack standing to object to the Motion. Class Counsel's investigation into the validity of Corp Xanadu's claims and Corp Xanadu itself—conducted after USPS returned Rust's check to Corp Xanadu as undeliverable with no forwarding address and upon receiving Ms. Corea's email threatening legal action—reveals that Corp Xanadu may not be a bona fide company and that Mr. Suica's Affidavit may be false. Class Counsel have sought verification of Corp Xanadu's proof of membership in at least one Settlement Class and have been repeatedly stymied.

12. At this time, without the additional requested information, Class Counsel recommend denying Corp Xanadu's claim in full given the significant and substantial red flags regarding its claimed purchases. Class Counsel cannot verify Xanadu's alleged purchases, let alone verify that such a company even exists. To be clear, it is certainly possible that its claims are legitimate, but until Corp Xanadu can provide additional information, Class Counsel cannot recommend approving and paying this claim.

13. Class Counsel requested attorneys' fees of 33%, and the Court granted 25%, in connection with the third and final round net settlement fund (*see* ECF Nos. 1307 at 1 (motion), ECF No. 1314 at 14 (order)). Even if the Court grants further attorneys' fees of $1 million, or 18.355%, from the remaining settlement funds of $5,448,087.41, this would only result in a fee award of 26.77% in connection with third and final round net settlement fund (*i.e.*, far less than the 33% noticed).

14. Attached hereto as Exhibit A is a true and correct copy of the primary email thread between Class Counsel and Corp Xanadu's counsel since August 26, 2022 (which does not include the emails below that Mr. Roth sent separately). This email thread also includes correspondence between Rust and Corp Xanadu between October 11, 2021 and August 24, 2022 (*see* pages 6-11).

15. Attached hereto as Exhibit B is a true and correct copy of Mr. Roth's August 29, 2022 email on behalf of Corp Xanadu to Class Counsel.

16. Attached hereto as Exhibit C is a true and correct copy of the secondary email thread between Class Counsel and Mr. Roth on behalf of Corp Xanadu between September 6, 2022 and September 9, 2022.

17. Exhibits A through C reflect all written communication between Class Counsel and Corp Xanadu as of this filing.

18. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 15th day of September 2022 in Burlingame, California.


           */s/ Elizabeth T. Castillo*
           Elizabeth T. Castillo