# EXHIBIT A

**Elizabeth Castillo**

| | |
|---|---|
| **From:** | Elizabeth Castillo |
| **Sent:** | Friday, September 2, 2022 5:00 PM |
| **To:** | Karla Corea; 'office@jarothlaw.com' |
| **Cc:** | Adam Zapala; Christopher L. Lebsock; Seth R. Gassman; Michael P. Lehmann; Haan, Ann; Botzet, Joel; Krause, Jace; info@airlinesettlement.com |
| **Subject:** | RE: TransPacific Airline Claim 0000144970 |
| **Attachments:** | RE: TransPacific Airline Claim 0000144970 |

Dear Counsel,

We are following up on our August 26, 2022 email below requesting Corp Xanadu's company formation documents and Mr. Suica's availability for a conference by Zoom, which will help facilitate the validation of Corp Xanadu's claim for 1,337 tickets to the settlements in *In re Transpacific Passenger Air Transportation Antitrust Litigation*. As you are aware, the Court ordered us to file the reply in support of our motion for a secondary distribution of the remaining settlement funds by September 12, 2022. Mr. Roth's August 29, 2022 email to me stated that he intended to respond to our August 26, 2022 email by the end of the week (*i.e.*, today) (*see attached*). If we do not hear from you shortly, Rust will not be able to validate your claim and respond to your request for a check re-issue.

Thank you,
Liz Castillo

Elizabeth T. Castillo (profile)
**COTCHETT PITRE & McCARTHY LLP**
A LITIGATION LAW FIRM – SAN FRANCISCO, LOS ANGELES, NEW YORK, SEATTLE
840 Malcolm Road, Suite 200 | Burlingame, CA 94010
Phone: (650) 697-6000 | Fax: (650) 697-0577 | Email: ecastillo@cpmlegal.com

**CONFIDENTIALITY NOTICE**: This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. This email and any documents accompanying this email contain legally privileged and confidential information belonging to the sender. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this email communication is strictly prohibited. If you have received this email in error, please notify us immediately by telephone or email and permanently delete the email, any attachments, and all copies thereof from any networks, drives, cloud, or other storage media and please destroy any printed copies of the email or attachments. Neither this email nor the contents thereof are intended to nor shall create an attorney-client relationship between Cotchett, Pitre & McCarthy, LLP and the recipient(s), and no such attorney-client relationship shall be created unless established in a separate, written retainer agreement or by court order.

---

**From:** Elizabeth Castillo
**Sent:** Friday, August 26, 2022 8:05 PM
**To:** Karla Corea <k.corea@2-law.com>; office@jarothlaw.com
**Cc:** Adam Zapala <AZapala@cpmlegal.com>; Christopher L. Lebsock <clebsock@hausfeld.com>; Seth R. Gassman <sgassman@hausfeld.com>; Michael P. Lehmann <mlehmann@hausfeld.com>; Haan, Ann <ahaan@rustconsulting.com>; Botzet, Joel <jbotzet@rustconsulting.com>; Krause, Jace <KrauseJace@rustconsulting.com>; info@airlinesettlement.com
**Subject:** RE: TransPacific Airline Claim 0000144970

Dear Ms. Corea,

Thank you for emailing us regarding Corp Xanadu's claim no. 144970 to the settlements in *In re Transpacific Passenger Air Transportation Antitrust Litigation* earlier today. We immediately contacted the claims administrator, Rust Consulting, after receiving your email.

Rust confirmed that it sent the final determination letter to Corp Xanadu's address (5042 Wilshire Blvd #35581, Los Angeles, CA 90036) by USPS on September 22, 2021; USPS returned this letter as undeliverable with no forwarding address. Upon receiving an email from Carlos Suica on behalf of Corp Xanadu on October 11, 2021 indicating that Corp Xanadu did not receive a final determination letter and verifying that the Wilshire Boulevard address was correct, Rust replied to that email and included the final determination letter in the body of the email. On April 11, 2022, Rust mailed a check to Corp Xanadu's Wilshire Boulevard address by USPS; again, USPS returned this letter as undeliverable with no forwarding address. Pursuant to Rust's protocol on undeliverable mail, Rust sent all checks returned as undeliverable, including the check to Corp Xanadu, to Trace, which did not return a better or updated address for Corp Xanadu.

In conducting due diligence regarding Corp Xanadu's claim, we found that Corp Xanadu's Wilshire Boulevard address is associated with a private rental mailbox inside Wilshire Mailbox, a notary and shipping center in Los Angeles. You appear to be an attorney based in Nicaragua. Another attorney, John Allen Roth based in Pennsylvania, who purportedly represents Corp Xanadu, moved for leave to appear pro hac vice in the above-captioned action earlier today.

Rust is investigating the undeliverable mail issue with Corp Xanadu's Wilshire Boulevard address. To ensure that we share Rust's findings with the right person, please let us know if we should be providing updates to you, Mr. Roth, or Mr. Suica.

As Class Counsel, we are investigating Corp Xanadu's claim for 1,337 tickets, which contains no supporting documentation except a one-page affidavit signed by Mr. Suica. As you are aware, we have a duty to protect the interests of Settlement Class Members and ensure the distribution of settlement funds to eligible Settlement Class Members only. To facilitate our validation of Corp Xanadu's claim, (1) please send us Corp Xanadu's Articles of Incorporation and other such documents, including bylaws, demonstrating that it is a bona fide company. We ask for this information because, as you surely know, Corp Xanadu has almost no online presence; and (2) please provide a few days and time next week (*i.e.*, August 29, 2022 to September 2, 2022) that Mr. Suica is available for a conference by Zoom with us to discuss:

- Why USPS returned mail sent to Corp Xanadu's Wilshire Boulevard address on multiple occasions as undeliverable with no forwarding address;
- The nature of Corp Xanadu's business and its number of employees given Corp Xanadu's absence on the California Secretary of State's website and online generally; and
- More information regarding the airline tickets purchased that are referenced in Mr. Suica's October 2, 2020 Affidavit.

We look forward to hearing from you.

Liz Castillo

Elizabeth T. Castillo (profile)
**COTCHETT PITRE & McCARTHY LLP**
A LITIGATION LAW FIRM – SAN FRANCISCO, LOS ANGELES, NEW YORK, SEATTLE
840 Malcolm Road, Suite 200 | Burlingame, CA 94010
Phone: (650) 697-6000 | Fax: (650) 697-0577 | Email: ecastillo@cpmlegal.com

**CONFIDENTIALITY NOTICE**: This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. This email and any documents accompanying this email contain legally privileged and confidential information belonging to the sender. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this email communication is strictly prohibited. If you have received this email in error, please notify us immediately by telephone or email and permanently delete the email, any attachments, and all copies thereof from any networks, drives, cloud, or other storage media and please destroy any printed copies of the email or attachments. Neither this email nor the contents thereof are intended to nor shall create an attorney-client

relationship between Cotchett, Pitre & McCarthy, LLP and the recipient(s), and no such attorney-client relationship shall be created unless established in a separate, written retainer agreement or by court order.

---

**From:** Adam Zapala <AZapala@cpmlegal.com>
**Sent:** Friday, August 26, 2022 9:35 AM
**To:** Karla Corea <k.corea@2-law.com>
**Cc:** Christopher L. Lebsock <clebsock@hausfeld.com>; Michael P. Lehmann <mlehmann@hausfeld.com>; Seth R. Gassman <sgassman@hausfeld.com>; Elizabeth Castillo <ecastillo@cpmlegal.com>
**Subject:** RE: TransPacific Airline Claim 0000144970

Karla,

I'm not even sure I understand your position. We are not obligated to send class notice out every time a distribution is contemplated. That is not what Rule 23 requires. Our motions for distribution were posted on the website. Claims determinations were communicated to individual class members. That said, I cannot comment further because I don't know the individual situation with your client's claim. What I can say is that we responded to your inquiry promptly by contacting the claims administrator to determine the background, if any, on this claim. When we have more information about the claim, we will let you know. Thanks.

Adam J. Zapala (Bio)
**COTCHETT PITRE & McCARTHY LLP**
**A LITIGATION LAW FIRM – SAN FRANCISCO, LOS ANGELES, NEW YORK, SEATTLE**
840 Malcolm Road, Suite 200 | Burlingame, CA 94010
Tel: (650) 697-6000 | Fax: (650) 697-0577 | Email: azapala@cpmlegal.com

**CONFIDENTIALITY NOTICE**: This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. This email and any documents accompanying this email contain legally privileged and confidential information belonging to the sender. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this email communication is strictly prohibited. If you have received this email in error, please notify us immediately by telephone or email and permanently delete the email, any attachments, and all copies thereof from any networks, drives, cloud, or other storage media and please destroy any printed copies of the email or attachments. Neither this email nor the contents thereof are intended to nor shall create an attorney-client relationship between Cotchett, Pitre & McCarthy, LLP and the recipient(s), and no such attorney-client relationship shall be created unless established in a separate, written retainer agreement or by court order.

---

**From:** Karla Corea <k.corea@2-law.com>
**Sent:** Friday, August 26, 2022 9:31 AM
**To:** Adam Zapala <AZapala@cpmlegal.com>
**Subject:** RE: TransPacific Airline Claim 0000144970

Attorney Zapala:

Would class counsel consent change the response deadline for 10 days?

If stipulated, we would file a simple motion asking to modify the response times because we just learned of the pending motion for second distribution. If class counsel won't stipulate, we'll have to go into arguments about notification to the interested parties as to the pending motion.

Karla Corea, Esq.

------- Original Message -------
On Friday, August 26th, 2022 at 12:07 PM, Karla Corea <k.corea@2-law.com> wrote:

Thank you for your response. The "unilateral" deadline isn't mean to be inconvenient or demanding, but is because your motion for second distribution and additional attorney fees has a return date of August 22 and a reply date of August 29. The only notice of this motion the class received was a posting on the website apparently on August 9, which a class member would have to literally be checking every day to receive notice and an opportunity to be heard. Our client emailed the class administrators BEFORE you filed your motion and that email was NOT ANSWERED. If they would have replied and advised that a motion was forthcoming, of course, it'd have been looked for.

If you are willing to consent to an extension of these deadlines, we're happy to work with you on the time needed. Otherwise, we feel the Court needs to be aware that there's an issue so it doesn't sign the Order considering the significant amount of money in this claim compared to what's left in the fund.

Karla Corea, Esq.

------- Original Message -------
On Friday, August 26th, 2022 at 11:05 AM, Adam Zapala <AZapala@cpmlegal.com> wrote:

Karla,

We will look into your contentions, but your unilateral deadline that we resolve things in a matter of hours after contacting us is unreasonable. I won't go into the other inaccuracies in your email. But we will be in contact with the claims administrator to determine what is going on. Thank you.

Adam J. Zapala (Bio)

**COTCHETT PITRE & McCARTHY LLP**
**A LITIGATION LAW FIRM – SAN FRANCISCO, LOS ANGELES, NEW YORK, SEATTLE**

840 Malcolm Road, Suite 200 | Burlingame, CA 94010

Tel: (650) 697-6000 | Fax: (650) 697-0577 | Email: azapala@cpmlegal.com

**CONFIDENTIALITY NOTICE**: This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. This email and any documents accompanying this email contain legally privileged and confidential information belonging to the sender. The information is intended only for the use

of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this email communication is strictly prohibited. If you have received this email in error, please notify us immediately by telephone or email and permanently delete the email, any attachments, and all copies thereof from any networks, drives, cloud, or other storage media and please destroy any printed copies of the email or attachments. Neither this email nor the contents thereof are intended to nor shall create an attorney-client relationship between Cotchett, Pitre & McCarthy, LLP and the recipient(s), and no such attorney-client relationship shall be created unless established in a separate, written retainer agreement or by court order.

---

**From:** Karla Corea <k.corea@2-law.com>
**Sent:** Friday, August 26, 2022 12:07 AM
**To:** Adam Zapala <AZapala@cpmlegal.com>; Elizabeth Castillo <ecastillo@cpmlegal.com>; mlehmann@hausfeld.com; clebsock@hausfeld.com
**Subject:** TransPacific Airline Claim 0000144970

You don't often get email from k.corea@2-law.com. Learn why this is important

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

We represent Corp. Xanadu which did not receive its payment for the above referenced claim. Despite the large amount, the claims administrator provided no notice to the client as to the status. The claims administrator ignored an email submitted in late July 2022.

You provided zero notice to the class other than a notice on your website of your motion for a second distribution along with attorney fees for yourselves.

You could have easily emailed class members and notified them of this pending motion. In addition, the claims administrator could have easily contacted our client if there was a delivery problem with their check.

If you will not resolve our clients claim today, our client will: (1) Appear in the action, (2) Ask to file an objection out of time, and (3) Object and APPEAL the failure to pay our cliient for their approved claim.

We need to hear from you by 3:00 p.m. Pacific Time or we must file the motion.

K. Corea, Esq.

Attorney for Corp. Xanadu

----------------

## determination letter?

To info@airlinesettlement.com on 2021-10-11 17:01

Details

Hello,

I am writing on behalf of Corp Xanadu. Transpacific settlement claim number 0000144970.

Shouldn't we have received a determination letter? The settlement website refers to determination letters being sent prior to distribution of settlement payments.

We have not received ours.

The company's address as provided at the time of entering its claims remains active, which is:

Corp Xanadu
5042 Wilshire Blvd #35581
Los Angeles, CA 90036

If you could proceed and send the determination letter via reply email here, that would suffice.

Carlos Suica
Secretary

---

Thank you for your inquiry. Your letter was returned to us as "Return to Sender/Not Deliverable As Addressed/Mailbox closed or Unknown" by the USPS.

Below is a copy of the determination letter sent to you via USPS on August 24, 2021.

NOTICE OF CLAIM FINAL DETERMINATION for Class Member ID 146338

We have received and processed the Claim Form(s) that you filed in the Transpacific Airline Settlement along with any supporting documentation you may have provided at our request. Upon reviewing the claim and purchase information provided below are the ticket counts that qualify for each of the settlement classes:

| Settlement Class | QualifiedTicketCount |
|---|---|
| JAL Settlement Class: | |
| Air France/Singapore Airlines/Vietnam Airlines Settlement Class: | |
| Thai Airways Settlement Class: | |
| Malaysian Air Settlement Class: | |
| Cathay Pacific Airways/Qantas Settlement Class: | |
| ANZ Settlement Class: | |
| EVA/China Airlines Settlement Class: | |
| PAL Settlement Class: | |
| Settlement Class III (passenger air transportation originating in the U.S. that included at least one segment to Asia/Oceania from a Defendant between January 1, 2000 and December 1, 2016) | |

Japan Settlement Class (Fuel Surcharge):

*Satogaeri* Settlement Class:

This letter is for informational purposes only and you do not need to do anything in response. The ticket totals are the basis for calculating the settlement benefits for which you are entitled. More information including the Settlement Class definitions is located on the website www.airlinesettlement.com.

Sincerely,

Settlement Administrator Transpacific Air Settlement PO Box 2209 Faribault, MN 55021-1609 info

@
air
lin
es
ett
le
m
en
t.c
o
m

----------------------

## Re: determination letter?

To airlinesettlement on 2022-07-30 18:28

Details

Hello,

I write once again regarding Transpacific settlement claim number 0000144970.

We still haven't received our settlement check.

We have now relocated our offices. As such I will appreciate it if you will send the company's settlement payment to the following address:

Corp Xanadu
8605 Santa Monica Blvd #10287
West Hollywood, CA 90069

Please confirm receipt of this email and let me know when we can expect to receive the payment. Furthermore, please see that the settlement check is payable ONLY to the name of the company: CORP XANADU -- and that no company officer's name is included on the check. Including a company officer's name will make it a 2-party check and will make it much more complicated for the company to negotiate the payment.

Sincerely,

Carlos Suica
Corp Xanadu

------------------------------

# Re: determination letter?



To airlinesettlement on 2022-08-24 09:34

Details

Hello,

I am not finding any reply from you regarding the below reissue request. Can you confirm if the settlement payment was sent to the new address or if not when we might expect to receive it?

Sincerely,

Carlos Suica
Corp Xanadu