Kelly Overvold
2020 Pennsylvania Ave NW #407
Washington, DC 20006
202-556-5220
Kelly.overvold@gmail.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION | Case No.: 07-cv-05634-CRB<br><br>MDL No. 1913<br><br>OBJECTIONS TO THE MOTION FOR SECONDARY DISTRIBUTION OF REMAINING SETTLEMENT FUNDS AND REQUEST FOR ATTORNEY FEES AND REIMBURSEMENT OF EXPENSES<br><br>(DOCKET ENTRY 1347) |

    Kelly Overvold ("Kelly") objects to the Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorney Fees and Reimbursement of Expenses.

**BACKROUND FACTS:**

    As this court is aware, the present litigation relates to airline tickets purchased for travel to destinations in Asia and Oceanic locations.

    According to Class Counsel, 16,216 checks were not cashed, of the 61,109 checks issued, an amount just over twenty-six percent (26.54%) either never reached claimants or arrived after the void date on the checks.

    Rush Consulting states on their website, "Top Claims Administrators by Number of Settlements" and "Top Claims Administrators by Aggregate Settlement Amount" and "With a decades-long history as a leading class action settlement administrator, our experience includes 8,000 complex and time-sensitive projects of all sizes and types."

    Based on Rust Consulting's own admission they have a long history of administering claims and knew or should have known that claimants addresses would change during the 7 year period in which claimants

(DOCKET ENTRY 1347) - 1

1  were able to lodge claims. Claimants provided email addresses during the claim lodging processes which would lead

2  them to believe that Rust Consulting would advise them of updates or notice of issuance of checks to claimants.

3  Kelly's partner received his settlement check in May 2022 at 2020 Pennsylvania Ave NW #407,

4  Washington, DC 20006 and upon waiting an additional time, Kelly contacted the settlement administrator on May

5  31, 2022 to request a replacement check.

6  On June 1, 2022 Rust Consulting responded stating a new check would be issued within four (4)

7  to eight (8) weeks. The check that Rust Consulting sent was issued fifty-seven (57) days or eight (8) weeks and one

8  (1) day after the request was approved.

9  The check was not received until early September with a void date of August 30, 2022, the check

10 was received after it was already void, the letter did not have a post mark to show date the United States Post Office

11 received it, only a metered stamp.

12 Based on Rust Consulting's extensive knowledge of handling claims and settlements they knew or

13 should have known that sending checks with 34 days of validity places an undue burden on the claimant and counts

14 on the United States Postal Service to deliver mail in a timely manner, something the entire country was made aware

15 during the 2020 Presidential Election should not be counted on.

16 Rust Consulting failed to actively provide notice to claimants that checks had been disbursed and

17 provide notice of a date that if a check is not received to contact the Settlement Administrator by mail or email to

18 request a replacement check. In short, Rust Consulting failed to provide fair notice to claimants of the disbursement

19 of checks and failed to resolve issues in a quick and timely manner.

20 **OBJECTOR:**

21 Objector Kelly is an individual resident of Washington, DC, USA. Kelly filed a timely claim and

22 the claim was approved in this case based on her personal and family travel. Kelly never received her First

23 Distribution payment. Kelly was only made aware of the failure to receive this payment due to her partner receiving

24 his payment. Kelly emailed Rust Consulting to request a check to be reissued, Rust Consulting failed to reissue the

25 check in a timely manner, taking over eight (8) weeks to reissue the check, when Rust Consulting knew it was

26 placing a deadline of July 31st to stop issuing checks and had a deadline of August 31st as the void deadline for the

27 check. Kelly has notified Rust Consulting that her replacement check arrived after the void date and was told "The

28 deadline to request a reissue has passed. Payments that have passed the void date on the check are no longer being

(DOCKET ENTRY 1347) - 2

1  accepted. We will mark your record that you have requested your payment to be reissued but there is no guarantee

2  that the payment will be reissued." This is not the fault of Kelly, it is the fault of the Class Counsel's failure to

3  properly provide notice to Class Members.

**DISCUSSION:**

I. **CLASS COUNSEL AND RUST CONSULTING BREACHED THEIR FIDUCIARY DUTY BY NOT NOTIFYING APPROVED CLAIMANTS THAT: (1) CHECKS WOULD BE DISBURSED; (2) CHECKS HAD BEEN DISBURSED; (3) CHECKS HAD BEEN RETURNED; and (4) CHECKS WERE NOT CASHED**

In this case, class members lodged claims between 2015 and 2019. There was no further communication from Class Counsel or Rust Consulting as to updates. In 2022, Class Counsel filed a motion to distribute funds to class members. A notice along with the motion was placed on the Airline Settlement website, however, emails were not sent to class members notifying them that payments were to be distributed, to update their addresses by a certain date to avoid returned payments, that checks had been distributed and a date in which if not received that claimants should request a reissuance.

As a result of the lack of communication with class members, 16,216 checks either did not reach the claimant, were not cashed, or were received after the void date written on the check, this is in excess of twenty-six (26) percent.

With due respect to Class Counsel, it appears that it benefited Class Counsel to not provide proper notification to claimants and Rust Consulting to not reissue checks in a timely manner as Class Counsel stands to receive 30% of the remaining funds as attorney fees if this motion is approved.

For this reason alone, Class Counsel's motion should be denied pending Rust Consulting contacting the 16,216 claimants that did not receive their funds and providing those claimants a way to update their mailing address and to provide fair notification of disbursement.

**CONCLUSION:**

Based on the above, the motion for second distribution and attorney fees must be denied. Rust Consulting must attempt to contact all claimants that did not receive or did not cash their check at the email addresses provided when filing an approved claim. Those claimants should be allowed the opportunity to update

1  their address to receive a reissued check and Rust Consulting must provide notice of the date the check is mailed and
2  a date in which if the reissued check is not received to contact the claims administrator for further assistance.

Dated 14 September 2022            Respectfully submitted,

_____
Kelly Overvold
Objector

(DOCKET ENTRY 1347) - 4