# EXHIBIT 7

| | |
|---|---|
| **From:** | Haan, Ann |
| **Sent:** | Tuesday, December 27, 2022 3:40 PM |
| **To:** | 'rsutton@xanaducorp.net' |
| **Cc:** | 'J A Roth'; Botzet, Joel; Krause, Jace |
| **Subject:** | Transpacific Settlement - Xanadu Corp Determination |

Mr. Sutton,

This email is to inform you of a clarification regarding the 144 American Airlines itineraries provided that were a factor in the final determination made by the Settlement Administrator that there is $0 due in settlement benefits.

The original claim submitted by Corp Xanadu was for 1,337 tickets to the settlements in *In re Transpacific Passenger Air Transportation Antitrust Litigation*. On September 30, 2022, at the request of Class Counsel, at the direction of the Court, and after new information came to light, additional information was requested to establish the legitimacy of Corp Xanadu's claim for 1,337 tickets to the settlements in *In re Transpacific Passenger Air Transportation Antitrust Litigation.*

**Final Determination:**
After further review of the claim, including the additional documentation submitted by Corp Xanadu on October 18, 2022 and December 1, 2022, the Settlement Administrator has determined that Corp Xanadu has not provided the documentation needed to support its claim and is therefore due $0 in settlement benefits.

The Settlement Administrator has made the foregoing determination based on a number of factors, including, but not limited, to the following:

- The 144 American Airlines itineraries provided for claimed ticket purchases between the dates of July 2015 and August 2015 did not verify that Corp Xanadu was the payor of the foregoing claimed ticket purchases. Thus, even though those purchases fell within a qualifying period for the settlement classes, Corp Xanadu provided no documentation (*e.g.*, bank statements) that it paid for such purchases;

- During an interview with Rich Sutton, Corp Xanadu's CEO, he informed us that the documents used to determine the number of tickets claimed for American Airlines and the other airlines were destroyed. Without this information the Settlement Administrator is unable to verify the methodology used to determine the number of ticket purchases claimed;

- Additionally, the Settlement Administrator requested the date when the foregoing documents were destroyed and information to explain the difference in the records maintained for the years 2002 – 2008 and 2009 – 2015, including the names of the employees that maintained the records for these two time periods. The requested information was never provided. Accordingly, the Settlement Administrator was not able to verify that the documentation ever existed to substantiate the ticket purchases claimed;

- Aside from the claimed purchases on American Airlines, Corp Xanadu provided **no documentation** of purchases for any travel on other qualifying airlines to substantiate its claims;

- The Settlement Administrator also asked Corp Xanadu to provide any marketing material and/or magazine ads for Xanadu Corp services to confirm the nature of Corp Xanadu's business, which Corp Xanadu has not provided;

- Finally, after Mr. Sutton represented that Corp Xanadu never owned any property in the United States, including vehicles, the Settlement Administrator asked Corp Xanadu to explain why it filed a claim and received a settlement payment in the Parking Heaters settlement in 2019 (this settlement paid monies to those who purchased an aftermarket parking heater for their commercial vehicles between October 1, 2007 and December 31, 2012). Corp Xanadu did not provide any explanation.

This final determination has been provided to Class Counsel who will inform the Court.

Please let me know if you have any questions.

Sincerely,

**Ann Haan, Sr. Project Manager**
**Rust Consulting, an Exela Technologies Brand**
E: ahaan@rustconsulting.com
O: +1 612.359.2881
920 2nd Ave S, Suite 400 | Minneapolis, MN 55402