John Allen Roth, Esq.
Law Office of J. Allen Roth
805 Alexandria Street S.
Latrobe PA  15650
jroth@jarothlaw.com
(724) 686-8003

*Counsel for Objectors David Gould and Xanadu Corp.*
*APPEARING PRO HAC VICE*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION . | ) Case No. 07-cv-05634-CRB ) ) MDL No. 1913 ) ) OBJECTORS' XANADU CORP. AND ) DAVID GOULD'S NOTICE OF MOTION ) AND MOTION PURSUANT TO F.R.Civ.P. ) 59(b) AND 60(b)(1) AND (6) FOR ) RECONSIDERATION OF ORDER DATED ) JANUARY 19, 2023 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, the Honorable Charles R. Breyer will determine whether to hold a hearing or decide a civil matter on the papers. Plaintiffs are available for hearing should the Court find it appropriate. Through this motion, Plaintiffs seek entry of an order authorizing a secondary distribution of the remaining settlement funds, additional claims administration expenses, and further attorneys' fees and reimbursement of expenses in connection with settlement administration. Plaintiffs' motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities in support thereof; the Objections of Xanadu Corp. and David Gould filed at Entry 1379; a proposed order; the Court's files and records in this matter; and such other matters as the Court may consider.

I.  **Memorandum of Points and Authorities**

Xanadu Corp. ("Xanadu") and David Gould ("Gould"), collectively "Objectors," by and through their undersigned counsel, *pro hac vice,* move this Court for reconsideration of the Order entered on January 19, 2023, at around 9:30 a.m. at Entry 1378.  The basis for the reconsideration is found at Entry 1379, incorporated by reference.

Specifically, this Court's Order made findings of fact and conclusions of law propounded by Class Counsel in the late afternoon on January 17, 2023 at Entry 1375.  The Notice by Class Counsel was filed January 16, 2023, a federal holiday (Dr. Martin Luther King day).  Certainly, it was not fairly possible for Objectors to submit their objections considering the scope of the factual findings that this Court adopted, unfairly, without a response.  Class Counsel and the Court's procedures unfairly deprived the Objectors of their due process right to notice and an opportunity to be heard.  Objectors obviously were working on the objections promptly and efficiently.  In fact, counsel was in the process of the final edit at the time this Court rendered the Order, which is why they were uploaded a few minutes after the Order.

Therefore, Rule 59, or Rule 60's surprise or excusable neglect procedures warrant this Court to vacate the Order.  Thereafter, the Court can reissue the Order as it deems fit after considering the timely the objections, which were filed less than a half hour after the Order.

WHEREFORE, Objectors Xanadu Corp and David Gould respectfully request that this Court grant reconsideration of the Order entered January 19, 2023, at Entry 1378.

                Respectfully submitted,

                */s/ J. Allen Roth, Esq.*

                _____
                J. Allen Roth, Esq.

                COUNSEL FOR OBJECTORS
                DAVID GOULD AND XANADU
                *PRO HAC VICE)*