Adam J. Zapala (245748)
Elizabeth T. Castillo (280502)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com

Michael P. Lehmann (77152)
Christopher L. Lebsock (184546)
Seth R. Gassman (311702)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
clebsock@hausfeld.com
sgassman@hausfeld.com

*Co-Lead Counsel for Plaintiffs and the Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION**<br><br>**This Document Relates To:**<br><br>**ALL ACTIONS** | Civil Case No. 3:07-cv-05634-CRB<br><br>MDL No. 1913<br><br>**PLAINTIFFS' OPPOSITION TO OBJECTORS CORP XANADU AND DAVID GOULD'S MOTION FOR RECONSIDERATION** |

## I. INTRODUCTION

On January 19, 2022, the Court entered an Order Granting Plaintiffs' Motion for Secondary Distribution of Remaining Settlement Funds (ECF No. 1378) ("Order"). Objectors Corp Xanadu and David Gould (together, "Objectors") subsequently moved the Court to reconsider the Order pursuant to Federal Rules of Civil Procedure ("Rules") 59(b) and 60(b)(1) (ECF No. 1380). The Court should deny the Objectors' Motion for Reconsideration ("Motion") because the Court has addressed the Objectors' arguments in its Order, and reconsideration would not change the analyses and findings in the Order.

As a procedural matter, the Motion is not a duly noticed motion pursuant to Civil Local Rule 7-2(b) and (d).[1] Plaintiffs therefore request that the Court strike the Motion. Plaintiffs will nevertheless address the substance of the Motion below.

## II. ARGUMENT

### A. The Court Should Deny Reconsideration Pursuant to Rule 59(b)

Rule 59(b) governs the time to file a motion for a new trial. Fed. R. Civ. P. 59(b). Rule 59(b) has no application here. There has been no trial in this litigation—on any issue. Indeed,

---

[1] Furthermore, the "notice" provided by the Objectors in the first paragraph of the Motion does not give notice of the relief that Objectors purportedly seek:

> PLEASE TAKE NOTICE THAT, the Honorable Charles R. Breyer will determine whether to hold a hearing or decide a civil matter on the papers. Plaintiffs are available for hearing should the Court find it appropriate. Through this motion, Plaintiffs seek entry of an order authorizing a secondary distribution of the remaining settlement funds, additional claims administration expenses, and further attorneys' fees and reimbursement of expenses in connection with settlement administration. Plaintiffs' motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities in support thereof; the Objections of Xanadu Corp. and David Gould filed at Entry 1379; a proposed order; the Court's files and records in this matter; and such other matters as the Court may consider.

Mot. at 1.

The Objectors are not the "Plaintiffs" in this antitrust class action and, as stated above, the Court already ruled on Plaintiffs' Motion for Secondary Distribution of Remaining Settlement Funds.

1  this litigation has been completely settled since December 2019, when the Court granted final approval of the last settlement (ECF No. 1318) and entered a final judgment as to the last Defendant (ECF No. 1319).

To the extent the Objectors ask the Court to construe its Motion as a motion to alter or amend the judgment pursuant to Rule 59(e), this Court has previously recognized that a Rule 59(e) motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law." *Bailey v. Diaz*, No. C 12-1414 CRB (PR), 2013 WL 6189183, at *1 (N.D. Cal. Nov. 25, 2013) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (*en banc*)). In *Bailey*, this Court also remarked that "a motion to reconsider is not a vehicle permitting the unsuccessful party to 'rehash' arguments previously presented, or to present 'contentions which might have been raised prior to the challenged judgment.'" *Bailey*, 2013 WL 6189183, at *1 (citing *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991)).

Here, the Objectors' Motion, which incorporates by reference their January 19, 2023 Objections (ECF No. 1379) improperly filed after the Court entered the Order (ECF No. 1378), repeat the same arguments from their September 7, 2022 Objections to Plaintiffs' Motion for Secondary Distribution of Remaining Settlement Funds (ECF No. 1353) and their statements at the November 4, 2022 hearing (ECF No. 1369). This Court already analyzed in detail their arguments in overruling the Objectors' objections. Order ¶¶ 2-6. The Objectors therefore fail to demonstrate any reason to justify altering or amending the Order on the ground that the Court failed to consider their objections.

**B.  The Court Should Also Deny Reconsideration Pursuant to Rule 60(b)(1)**

Rule 60(b)(1) provides, "On motion and just terms, the court may relieve a ***party*** or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1) (emphasis

Plaintiffs' Opposition to Objectors Xanadu Corp. and David Gould's Motion for Reconsideration; MDL No. 1913; Case No. 3:07-cv-05634-CRB

2

1  added). A Rule 60(b)(1) motion "must show that the district court committed a specific error."
2  *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989) (internal citation omitted); *see also*
3  *Williams v. Las Vegas Metro Police Dept.*, No. 2:19-CV-01212-APG-EJY, 2020 WL 2045788,
4  at *6 (D. Nev. Apr. 8, 2020) (finding a party did not establish a basis for Rule 60(b)(1) relief
5  because he had "not demonstrated any error, the correction of which would have, or even may
6  have, changed the outcome of this case."). A Rule 60(b) motion for relief is left to the discretion
7  of the trial court. *Sch. Dist. No. 1J. Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262
8  (9th Cir. 1993).
9    Here, neither Objector is a named party to the litigation (*see*, *generally*, Pls.' Second
10 Amended Consolidated Class Action Compl. (ECF No. 741)) and, indeed, Objector Corp
11 Xanadu failed to establish that it had any qualifying purchases to be a settlement class member.
12 Order ¶¶ 2-5. Even if the Court deems the Objectors to be parties, the Objectors have not shown
13 that this Court committed a specific error in finding Corp Xanadu lacked standing to object and
14 in overruling the Objectors' objections, as required under *Straw*.
15   Moreover, even if the Court reconsiders its Order as Objectors suggest, its analysis and
16 findings would remain intact. The Objectors' arguments do not change the fact that Objector
17 Corp Xanadu is not a settlement class member. Further, there is no authority for the proposition
18 that a notice posted on the settlement website (www.airlinesettlement.com) is an insufficient
19 method of informing settlement class members when Class Counsel seek to invoke the Court's
20 jurisdiction ancillary to the claims administration process—in this case to seek authorization to
21 redistribute uncashed settlement funds. In fact, the Objectors received *actual notice* of the
22 proposed secondary distribution as well as the request for attorneys' fees and reimbursement of
23 expenses and filed objections, directly contradicting their argument that Plaintiffs and the claims
24 administrator, Rust Consulting, Inc., failed to provide reasonable notice of the relief sought from
25 the Court. The very first page of the settlement website reminds settlement class members to
26 "visit this website periodically for updates" precisely because it is unreasonable to require a
27
28

comprehensive notice program every time the Court's jurisdiction is invoked to finalize distribution of settlement proceeds. *See* https://airlinesettlement.com/eng/. Finally, the Court has previously recognized that Objectors' concerns about escheat are unfounded. Order ¶¶ 2-6. The Objectors have had their day in court. Reconsideration is not justified here.

### III.   CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request the Court deny Objectors Xanadu Corp. and David Gould's Motion for Reconsideration.

Dated: January 20, 2023                          Respectfully submitted,

/s/ Elizabeth T. Castillo                               /s/ Christopher L. Lebsock
Adam J. Zapala                                          Michael P. Lehmann
Elizabeth T. Castillo                                   Christopher L. Lebsock
**COTCHETT, PITRE & McCARTHY, LLP**                     Seth R. Gassman
840 Malcolm Road                                        **HAUSFELD LLP**
Burlingame, CA 94010                                    600 Montgomery Street, Suite 3200
Phone: (650) 697-6000                                   San Francisco, CA 94111
Fax: (650) 697-0577                                     Phone: (415) 633-1908
                                                        Fax: (415) 358-4980

*Co-Lead Counsel for Plaintiffs and the Classes*

Plaintiffs' Opposition to Objectors Xanadu Corp. and David Gould's Motion for Reconsideration; MDL No. 1913; Case No. 3:07-cv-05634-CRB

4