| | |
|---|---|
| Adam J. Zapala (245748) | Michael P. Lehmann (77152) |
| Elizabeth T. Castillo (280502) | Christopher L. Lebsock (184546) |
| **COTCHETT, PITRE & McCARTHY, LLP** | Seth R. Gassman (311702) |
| 840 Malcolm Road | **HAUSFELD LLP** |
| Burlingame, CA 94010 | 600 Montgomery Street, Suite 3200 |
| Phone: (650) 697-6000 | San Francisco, CA 94111 |
| Fax: (650) 697-0577 | Phone: (415) 633-1908 |
| azapala@cpmlegal.com | Fax: (415) 358-4980 |
| ecastillo@cpmlegal.com | mlehmann@hausfeld.com |
| | clebsock@hausfeld.com |
| | sgassman@hausfeld.com |

*Co-Lead Counsel for Plaintiffs and the Classes*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** | Civil Case No. 3:07-cv-05634-CRB <br><br> MDL No. 1913 |
| **This Document Relates To:** <br><br> **ALL ACTIONS** | **PLAINTIFFS' REQUEST FOR LEAVE TO FILE SUR-REPLY AND SUR-REPLY IN RESPONSE TO OBJECTORS XANADU CORP. AND DAVID GOULD'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION** |

Plaintiffs' Request for Leave to File Sur-Reply and Sur-Reply in Response to Objectors Xanadu Corp. and David Gould's Reply in Support of Motion for Reconsideration; MDL No. 1913; Case No. 3:07-cv-05634-CRB

## PLAINTIFFS' REQUEST FOR LEAVE TO FILE SUR-REPLY

Concerning supplementary materials, Local Rule 7-3(d) provides, "Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval" except in limited circumstances. L.R. 7-3(d). Plaintiffs respectfully request leave to file a sur-reply in response to Objectors Xanadu Corp. and David Gould's Reply in Support of the Motion for Reconsideration (ECF No. 1382) ("Reply"). A sur-reply is necessary and appropriate to briefly address (1) the alleged "additional factual details [that] came to light about the uncashed checks[,]" (2) the allegation that Class Counsel misrepresented facts to the Court, and (3) the alleged deficiencies regarding the settlement website (www.airlinesettlement.com). *See*, *generally*, Reply. If the Court grants leave to file a sur-reply, Plaintiffs request that the Court consider the sur-reply attached hereto.

Dated: January 23, 2023

Respectfully submitted,

*/s/ Elizabeth T. Castillo*
Adam J. Zapala
Elizabeth T. Castillo
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577

*/s/ Christopher L. Lebsock*
Michael P. Lehmann
Christopher L. Lebsock
Seth R. Gassman
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (415) 633-1908
Fax: (415) 358-4980

*Co-Lead Counsel for Plaintiffs and the Classes*

---

Plaintiffs' Request for Leave to File Sur-Reply and Sur-Reply in Response to Objectors Xanadu Corp. and David Gould's Reply in Support of Motion for Reconsideration; MDL No. 1913; Case No. 3:07-cv-05634-CRB

1

**PLAINTIFFS' SUR-REPLY**

**I.    The Settlement Payment to Corp Xanadu**

The Objectors argue the Court should reconsider its January 19, 2023 Order (ECF No. 1378) ("Order") because "additional factual details came to light about the uncashed checks." Reply at 1. Specifically, the Objectors contend that Corp Xanadu's settlement payment "was returned because Rust Consulting's system added several redundant lines of text pushing the City, State and Zip to the end making it undeliverable." *Id.* That is flatly wrong. As detailed in the Declaration of Joel K. Botzet in Support of Plaintiffs' Opposition to Objectors Xanadu Corp. and David Gould's Motion for Reconsideration, Rust mailed a check by USPS to Corp Xanadu's alleged Wilshire Boulevard address on March 17, 2022, which USPS returned as undeliverable with no forwarding address on April 11, 2022. Botzet Decl. ¶ 4 (ECF No. 1375). A true and correct copy of USPS undeliverable check attached as Exhibit 4 to the Botzet Declaration plainly reflects that delivery was attempted but that the recipient was "temporarily away":

> RETURN TO SENDER
> TEMPORARILY AWAY
> UNABLE TO FORWARD

*Id.*, Ex. 4. Furthermore, it is irrelevant whether Corp Xanadu received the inadvertently mailed settlement payment. The point is, as Rust has determined, Corp Xanadu did not establish that it had any qualifying purchases and is not entitled to share in any of the settlement proceeds. Order ¶¶ 2-5.

**II.   The Court's January 19, 2023 Order**

The Objectors also contend that the Court should reconsider its Order because the Order is based on an updated proposed order submitted by Plaintiffs (ECF No. 1377) at the Court's direction (ECF No. 1376). Specifically, the Objectors maintain that the updated proposed order allegedly includes "distorted information" about Corp Xanadu. Reply at 3. On the contrary, the updated proposed order merely reflects "Rust's conclusion as to Corp. Xanadu's claim[,]" as

Plaintiffs' Request for Leave to File Sur-Reply and Sur-Reply in Response to Objectors Xanadu Corp. and David Gould's Reply in Support of Motion for Reconsideration; MDL No. 1913; Case No. 3:07-cv-05634-CRB

1

requested by the Court (ECF No. 1376). Rust's conclusion as to Corp Xanadu's claim was based on Rust's examination of Corp Xanadu's claim over several months, which included a Zoom interview with Corp Xanadu's CEO, Rich Sutton, on November 1, 2022, and all documents and information provided by Corp Xanadu by November 30, 2022. Botzet Decl. ¶¶ 5-25, Exs.1-8. The Botzet Declaration was made under penalty of perjury. *Id.* ¶ 49. Neither Class Counsel nor Rust made any misrepresentations to the Court—through the updated proposed order or otherwise.

### III.     The Settlement Website

Additionally, the Objectors suggest that the Court should reconsider its January 19, 2023 Order because notice of Plaintiffs' Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses through the settlement website (www.airlinesettlement.com) was allegedly deficient. Reply at 4-5. Specifically, the Objectors state that Rust should have also provided notice by email to all claimants. *Id.* at 4. Neither Objector has standing to raise this objection. As mentioned, *supra*, Objector Corp Xanadu is not a settlement class member because it did not establish that it had any qualifying purchases. Order ¶¶ 2-5. Furthermore, while Objector Gould is a settlement class member, he received notice of Plaintiffs' Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses and filed an objection together with Corp Xanadu (ECF No. 1353). Mr. Gould's speculation that other settlement class members may have been harmed by inadequate notice is therefore irrelevant.

Moreover, as Plaintiffs have indicated before, Rust determined there was no efficiency or precedent for emailing or mailing motions to claimants when they are available on the settlement website. Botzet Decl. ¶ 37. The Objectors' assumption that Rust has all the email addresses of the persons who submitted claims in this case is also wrong; not all claimants provided email addresses. *Id.* ¶ 35. Additionally, doing what the Objectors suggest would have expended much of the remaining uncashed settlement funds. *Id.* ¶ 37.

//

//

Plaintiffs' Request for Leave to File Sur-Reply and Sur-Reply in Response to Objectors Xanadu Corp. and David Gould's Reply in Support of Motion for Reconsideration;
MDL No. 1913; Case No. 3:07-cv-05634-CRB

2

| | | |
|---|---|---|
| 1 | Dated: January 23, 2023 | Respectfully submitted, |
| 2 | /s/ Elizabeth T. Castillo | /s/ Christopher L. Lebsock |
| 3 | Adam J. Zapala | Michael P. Lehmann |
|   | Elizabeth T. Castillo | Christopher L. Lebsock |
| 4 | **COTCHETT, PITRE & McCARTHY, LLP** | Seth R. Gassman |
|   | 840 Malcolm Road | **HAUSFELD LLP** |
| 5 | Burlingame, CA 94010 | 600 Montgomery Street, Suite 3200 |
|   | Phone: (650) 697-6000 | San Francisco, CA 94111 |
| 6 | Fax: (650) 697-0577 | Phone: (415) 633-1908 |
| 7 |  | Fax: (415) 358-4980 |

*Co-Lead Counsel for Plaintiffs and the Classes*

---

Plaintiffs' Request for Leave to File Sur-Reply and Sur-Reply in Response to Objectors Xanadu Corp. and David Gould's Reply in Support of Motion for Reconsideration; MDL No. 1913; Case No. 3:07-cv-05634-CRB

3