Adam J. Zapala (245748)
Elizabeth T. Castillo (280502)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577
azapala@cpmlegal.com
ecastillo@cpmlegal.com

Michael P. Lehmann (77152)
Christopher L. Lebsock (184546)
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (415) 633-1908
Fax: (415) 358-4980
mlehmann@hausfeld.com
clebsock@hausfeld.com

*Co-Lead Counsel for Plaintiffs and the Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE TRANSPACIFIC PASSENGER AIR TRANSPORTATION ANTITRUST LITIGATION** | Civil Case No. 3:07-cv-05634-CRB<br><br>MDL No. 1913 |
| **This Document Relates To:**<br><br>**ALL ACTIONS** | **PLAINTIFFS' RESPONSE TO OBJECTION BY JEANETTE STEVENS T/A ELM CO. (ECF NO. 1406)** |

Plaintiffs' Response to Objection by Jeanette Stevens t/a Elm Co.;
MDL No. 1913; Case No. 3:07-cv-05634-CRB

## I. OVERVIEW

On May 9, 2025, Claimant Jeanette Stevens t/a Elm Co. filed a petition/objection seeking the Court to: (1) deny attorneys' fees to Class Counsel in connection with its re-examination of certain claims in early 2025; (2) enforce the Order Granting Plaintiffs' Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses (ECF No. 1378) ("Secondary Distribution Order");[1] (3) enjoin the Settlement Administrator, Rust Consulting, Inc. ("Rust"), and Co-Lead Class Counsel for Plaintiffs ("Class Counsel") from re-examining any previously approved claims in connection with the secondary distribution of the remaining net settlement funds anticipated to occur on or by July 1, 2025. Elm Co.'s Objection (ECF No. 1406). For the foregoing reasons, the Court should overrule this Objection.

## II. ARGUMENT

### A. Class Counsel Is Not Seeking Attorneys' Fees

Elm Co.'s Objection requests that the Court "[d]eny any further attorney fees based on these 2025 audits." Objection at 4. As an initial matter, Class Counsel is not seeking attorneys' fees in connection with its re-examination of certain claims earlier this year. As previously stated, "Class Counsel will not seek further attorneys' fees in this litigation after this motion." Plaintiffs' Motion for Secondary Distribution of Remaining Settlement Funds and Request for Attorneys' Fees and Reimbursement of Expenses (ECF No. 1347); Secondary Distribution Order ¶ 10(b). The Court should overrule Elm Co.'s request because Plaintiffs re-examined certain claims for the benefit of legitimate Settlement Class Members earlier this year and have no intention of seeking additional attorneys' fees in this matter.

---

[1] This request is similar to that of Claimant David Gould, whose Motion to Compel Prompt Compliance with the Second Distribution Order the Court denied on May 5, 2025 (ECF No. 1405).

Plaintiffs' Response to Objection by Jeanette Stevens t/a Elm Co.;   1
 MDL No. 1913; Case No. 3:07-cv-05634-CRB

### B.  The Secondary Distribution Will Occur On or By July 1, 2025

Elm Co.'s Objection requests that the Court "[e]nforce the prior order concerning the second-round pro rata distribution under the specific terms ordered and in the filings in February 2025[.]" Objection at 5. As noted, *supra* at note 1, Claimant David Gould recently moved to compel Rust and Class Counsel to promptly comply with the Secondary Distribution Order, which the Court denied on May 5, 2025 (ECF No. 1405). Specifically, this Court stated it was "satisfied with Plaintiffs' assertion that 'Plaintiffs and Rust anticipate making' the 'distribution on or before July 1, 2025." (ECF No. 1405). Furthermore, Plaintiffs do not know what Elm Co. means when it references "filings in February 2025[.]" No filing occurred in February 2025. *See*, *generally*, *In re Transpacific Passenger Air Transp. Antitrust Litig.*, Case No. 3:07-cv-05634. The Court should overrule Elm Co.'s request as the anticipated date of the Secondary Distribution remains unchanged from the date set forth above.

### C.  The Court Previously Authorized Rust and Class Counsel to Re-Examine Previously Approved Claims That Aroused Suspicion

Elm Co.'s Objection requests that the Court order Rust and Class Counsel to "cease any unauthorized reaudits of previously approved claims and pay out what is owed to timely claims that cashed their initial checks." Objection at 5. Contrary to Elm Co.'s representation, the Court authorized Rust and Class Counsel to "audit/re-examine" previously approved claims "consistent with their obligation to pay only qualified claimants." *See*, *e.g.*, Order Setting Hearing (ECF No. 1358) (allowing Rust and Class Counsel to re-examine Xanadu Corp.'s previously approved claim); Secondary Distribution Order ¶ 2 (overruling Xanadu Corp.'s objections because it failed to "establish that it had any qualifying purchases" based on Rust and Class Counsel's re-examination of its claim); Order Denying Motion for Reconsideration (ECF No. 1385) (remarking that Plaintiffs "list[ed] a number of reasons why Xanadu's claim aroused suspicion" and "[t]hose reasons amply justified re-auditing Xanadu's claims."). The Court should overrule Elm Co.'s

request as the Court has authorized Rust and Class Counsel to re-examine previously approved claims that aroused suspicion.

### D. Elm Co.'s Claim Aroused Suspicion

Plaintiffs recently notified the Court, "Due to circumstances out of their control. . . this secondary distribution has been further delayed." Plaintiffs' Response to Objector and Claimant David Gould's Motion to Compel Prompt Compliance with the Second Distribution Order at 2. These circumstances caused Rust and Class Counsel to re-examine 17 previously approved claims, including Elm Co.'s claim, earlier this year because they aroused suspicion. Decl. of Joel K. Botzet ("Botzet Decl.") ¶ 4.

Specifically, Elm Co.'s claim aroused suspicion warranting re-examination for the following reasons: Like Xanadu Corp., in response to the initial audit in 2020, Elm Co. submitted a 1.5-page affidavit in support of its 1,782 claimed tickets, including 212 fuel surcharge tickets, which are U.S.-originating travel to Japan on JAL and ANA flights between February 1, 2005 and December 31, 2007 that included a fuel surcharge. *Id.* ¶ 5, Ex. 1 (Elm Co.'s response to Rust's initial audit in 2022). Elm Co. provided no other documentation, such as receipts showing ticket purchases, cancelled checks, credit card statements, travel itineraries, or email confirmation of ticket purchases. *Id.* ¶ 5.

Elm Co.'s number of claimed tickets, particularly fuel surcharge tickets, is suspicious because it is purportedly a Costa Rica company with a Costa Rica address.[2] *Id.* ¶ 6. Additionally, Rust was unable to confirm Elm Co.'s existence and likelihood of purchasing tickets. *Id.* Rust was also unable to find any online presence for Elm Co. or its Managing Director, Jeanette Stevens. *Id.* Elm Co.'s address does not appear on Google Maps. *Id.* Taken together, these facts suggest Elm Co.'s claim is fraudulent. *Id.*

---

[2] Elm Co.'s Objection lists its address as Elm, Apartado 10210-1000, San Jose, Costa Rica, SC 10102. Elm Co.'s Objection at 5-6.

Plaintiffs' Response to Objection by Jeanette Stevens t/a Elm Co.;  3
MDL No. 1913; Case No. 3:07-cv-05634-CRB

### E. Elm Co. Failed to Establish That It Had Any Qualifying Purchases

On March 24, 2025, to further deter potentially fraudulent claimants, Rust emailed and mailed Elm Co. requesting additional information to validate its claim as part of its re-examination of Elm Co.'s claim; Rust requested a response by April 24, 2025. Botzet Decl. ¶ 7, Ex. 2 (March 24, 2025 Audit Letter). The March 24, 2025 Audit Letter stated, "Failure to respond with the requested information by the deadline may result in ELM CO's claim being ineligible for the Secondary Distribution." *Id.* ¶ 7. Elm Co. failed to respond by that date. *Id.* On May 2, 2025, Rust emailed and mailed a final determination letter to Elm Co., stating that it is ineligible for the secondary distribution. *Id.* ¶ 7, Ex. 3 (May 2, 2025 Determination Letter). In response to Rust's email, Ms. Stevens replied, challenging Rust's re-examination of Elm Co.'s claim. *Id.* ¶ 7, Ex. 4 (Correspondence between Rust and Elm Co. from March 25, 2025 to May 6, 2025). She also failed to provide any additional information to validate Elm Co.'s claim. *Id.* ¶ 7.

Elm Co.'s Objection now raises an additional red flag. *Id.* ¶ 8. Rust and Class Counsel note that USPS Tracking for Elm Co.'s Objection indicates that the shipping label was created on May 6, 2025 and USPS took possession of the package in Flint, Michigan—nowhere near Costa Rica—on the same date.[3] *Id.* ¶ 8, Ex. 5 (Printout of USPS Tracking for Elm Co.'s Objection).

### III. CONCLUSION

The Court should overrule Elm Co.'s Objection because Class Counsel, as the Court-appointed Settlement Class Counsel, and Rust, as the Court-appointed Settlement Administrator, have the authority to re-examine suspicious claims; Class Counsel and Rust have an obligation to pay only qualified claimants; and Elm Co. failed to establish that it has any qualifying purchases. Elm Co. is not a Settlement Class Member and is not entitled to share in the secondary distribution to occur on or before July 1, 2025.

---

[3] USPS Tracking, USPS.COM, https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=3&text28777=&tLabels=9205590152661900220 0832731%2C%2C&tABt=false (last visited May 13, 2025) (showing USPS Tracking Statuses for Tracking Number: 9205590152661900220 0832731).

Plaintiffs' Response to Objection by Jeanette Stevens t/a Elm Co.;  4
  MDL No. 1913; Case No. 3:07-cv-05634-CRB

Dated: May 13, 2025

/s/ *Elizabeth T. Castillo*
Adam J. Zapala
Elizabeth T. Castillo
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Phone: (650) 697-6000
Fax: (650) 697-0577

*Co-Lead Counsel for Plaintiffs and the Classes*

Respectfully submitted,

/s/ *Christopher L. Lebsock*
Michael P. Lehmann
Christopher L. Lebsock
**HAUSFELD LLP**
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (415) 633-1908
Fax: (415) 358-4980